FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC -6 PM 3: 22

1  PAUL D. STOCKLER, ESQ.
   **PAUL D. STOCKLER LAW OFFICE**
2  1309 W. 16th Ave.
   Anchorage, AK 99501
3  (907) 277-8564/(907) 272-4877 (FAX)

4

   C. PATRICK STOLL, State Bar No. 166917
5  **HERRIG, VOGT & STOLL, LLP**
   4210 Douglas Boulevard, Suite 100
6  Granite Bay, CA 95746-5902
   (916) 960-1000/(916) 960-1005 FAX
7
   Attorneys for SPENCER ROCK PRODUCTS, INC. and
8  ROBERT A. LAPORE

9
                   IN THE UNITED STATES DISTRICT COURT
10                     FOR THE DISTRICT OF ALASKA

11 | UNITED STATES OF AMERICA for the    ) CASE NO.: A98-009 CIV (HRH)
   | use of NORTH STAR TERMINAL &        )
12 | STEVEDORE COMPANY, d/b/a Northern   )
   | Stevedoring & Handling, and NORTH   ) **SPENCER ROCK AND LAPORE'S**
13 | STAR TERMINAL & STEVEDORE           ) **AMENDED ANSWER TO NORTH**
   | COMPANY, d/b/a Northern Stevedoring &) **STAR'S AMENDED COMPLAINT**
14 | Handling, on its own behalf,        )
                                         )
15 |         Plaintiffs,                 )
                                         )
16 |                                     )
   |    and                              )
17 |                                     )
   | UNITED STATES OF AMERICA for the    )
18 | use of SHORESIDE PETROLEUM, INC.,   )
   | d/b/a Marathon Fuel Services, and   )
19 | SHORESIDE PETROLEUM, INC., d/b/a    )
   | Marathon Fuel Services, on its own behalf, )
20 |                                     )
   |         Intervening Plaintiffs      )
21 |                                     )
   |    and                              )
22 |                                     )
   | METCO, INC.                         )
23 |                                     )
   |         Intervening Plaintiff,      )
24 |                                     )
   |    vs.                              )
25 |                                     )
   | NUGGET CONSTRUCTION, INC.;          )
26 | SPENCER ROCK PRODUCTS, INC.;        )
   | UNITED STATES FIDELITY AND          )
27 | GUARANTY COMPANY; and ROBERT        )
   | A. LAPORE,                          )
28 |                                     )
   |         Defendants.                 )
   |_____)

419

COMES NOW Defendants SPENCER ROCK PRODUCTS, INC (hereinafter "SPENCER" and ROBERT A. LAPORE (hereinafter "LAPORE"), who hereby file their amended answer and affirmative defenses to the Amended Complaint of the North Star Terminal & Stevedore Company d/b/a Northern Stevedoring & Handling (hereinafter "NORTH STAR") as follows:

### PARTIES

1. In answering Paragraph 1 of the Amended Complaint, SPENCER and LAPORE are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein, except that SPENCER and LAPORE admit that NORTH STAR provided services for the project in this case.

2. In answering Paragraph 2 of the Amended Complaint, SPENCER and LAPORE admit all the allegations therein.

3. In answering Paragraph 3 of the Amended Complaint, SPENCER and LAPORE admit all the allegations therein.

4. In answering Paragraph 4 of the Amended Complaint, SPENCER and LAPORE admit all the allegations therein.

5. In answering Paragraph 5 of the Amended Complaint, SPENCER and LAPORE admit all the allegations therein, except those asserted in the second sentence, which they deny.

### JURISDICTION

6. In answering Paragraph 6 of the Amended Complaint, SPENCER and LAPORE admit the allegations contained in said paragraph.

### GENERAL ALLEGATIONS

7. In answering Paragraph 7 of the Amended Complaint, SPENCER and LAPORE deny entering into a contract with plaintiff, and are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in the first sentence of said paragraph, and on that basis deny each and every allegation contained therein. They admit all other allegations in said paragraph.

8. In answering Paragraph 8 of the Amended Complaint, SPENCER and LAPORE deny

the allegations as to their alleged actions or inactions, and are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein, except the allegations asserted in the last two sentences of said paragraph, which they admit.

9. In answering Paragraph 9 of the Amended Complaint, SPENCER and LAPORE admit that the billings have not been paid by these defendants. SPENCER and LAPORE admit that work on the Homer Spit Repair and Extension Project has been finished by Nugget and that Nugget has been fully paid for that work. SPENCER and LAPORE are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

10. In answering Paragraph 10 of the Amended Complaint, SPENCER and LAPORE are without sufficient knowledge or information to form a belief as to the truth of the allegations regarding Nugget contained in said paragraph, and on that basis deny each and every allegation contained therein. Defendants deny all the allegations contained in paragraph 10 as to SPENCER and LAPORE.

11. In answering Paragraph 11 of the Amended Complaint, SPENCER and LAPORE are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

12. In answering Paragraph 12 of the Amended Complaint, SPENCER and LAPORE are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

### CAUSES OF ACTION

### MILLER ACT CLAIMS

13. In answering Paragraph 13 of the Amended Complaint, SPENCER and LAPORE reassert their corresponding responses to the incorporated paragraphs.

14. In answering Paragraph 14 of the Amended Complaint, SPENCER and LAPORE admit all allegations therein.

15. In answering Paragraph 15 of the Amended Complaint, SPENCER and LAPORE

1 | admit all allegations therein.

2 |     16. In answering Paragraph 16 of the Amended Complaint, SPENCER and LAPORE
3 | admit that NORTH STAR provided labor, material, services and equipment to Nugget, and are
4 | without sufficient knowledge or information to form a belief as to the truth of the remaining
5 | allegations contained in said paragraph, and on that basis deny each and every allegation
6 | contained therein.

7 |     17. In answering Paragraph 17 of the Amended Complaint, SPENCER and LAPORE
8 | assert that these allegations concern other parties only and thus do not require a response by
9 | SPENCER and LAPORE.

10 |     18. In answering Paragraph 18 of the Amended Complaint, SPENCER and LAPORE
11 | assert that the first sentence is comprised solely of legal conclusions, and thus does not require a
12 | response. SPENCER and LAPORE are without sufficient knowledge or information to form a
13 | belief as to the truth of the allegations contained in the second sentence of said paragraph, and on
14 | that basis deny each and every allegation contained therein. They admit all other allegations in
15 | Paragraph 18.

16 |     19. In answering Paragraph 19 of the Amended Complaint, SPENCER and LAPORE
17 | admit all allegations therein.

18 |     20. In answering Paragraph 20 of the Amended Complaint, SPENCER and LAPORE
19 | admit all allegations therein.

20 |     21. In answering Paragraph 21 of the Amended Complaint, SPENCER and LAPORE
21 | admit all allegations therein.

22 |     22. In answering Paragraph 22 of the Amended Complaint, SPENCER and LAPORE
23 | admit all allegations therein.

24 |     23. In answering Paragraph 23 of the Amended Complaint, SPENCER and LAPORE are
25 | without sufficient knowledge or information to form a belief as to the truth of the allegations
26 | contained in said paragraph, and on that basis deny each and every allegation contained therein.

27 | <center>STATE LAW CLAIMS</center>

28 |     24. In answering Paragraph 24 of the Amended Complaint, SPENCER and LAPORE

1 reassert their corresponding responses to the incorporated paragraphs.

2     25. In answering Paragraph 25 of the Amended Complaint, SPENCER and LAPORE
3 assert that this paragraph is comprised solely of a recitation of the nature of claims, and thus does
4 not require a response.

## BREACH OF CONTRACT

6     26. In answering Paragraph 26 of the Amended Complaint, SPENCER and LAPORE
7 reassert their corresponding responses to the incorporated paragraphs. They deny the allegations
8 contained in the second and third sentences, and the last two sentences, of Paragraph 26. They
9 are without sufficient knowledge or information to form a belief as to the truth of the allegations
10 contained in the remainder of said paragraph, and on that basis deny each and every allegation
11 contained therein.

## PROMISSORY ESTOPPEL

13     27. In answering Paragraph 27 of the Amended Complaint, SPENCER and LAPORE
14 reassert their corresponding responses to the incorporated paragraphs. They are without
15 sufficient knowledge or information to form a belief as to the truth of the allegations contained in
16 the remainder of said paragraph, and on that basis deny each and every allegation contained
17 therein.

## QUASI-CONTRACT

19     28. In answering Paragraph 28 of the Amended Complaint, SPENCER and LAPORE
20 reassert their corresponding responses to the incorporated paragraphs. They are without
21 sufficient knowledge or information to form a belief as to the truth of the allegations contained in
22 the remainder of said paragraph, and on that basis deny each and every allegation contained
23 therein.

## AGENCY

25     29. In answering Paragraph 29 of the Amended Complaint, SPENCER and LAPORE
26 reassert their corresponding responses to the incorporated paragraphs. They are without
27 sufficient knowledge or information to form a belief as to the truth of the allegations contained in
28 the last two sentences of said paragraph, and on that basis deny each and every allegation

1  contained therein. They admit the remaining allegations.

## DETRIMENTAL RELIANCE

30. In answering Paragraph 30 of the Amended Complaint, SPENCER and LAPORE reassert their corresponding responses to the incorporated paragraphs. SPENCER and LAPORE admit that Nugget took charge of NORTH STAR's loading activities; that Nugget refuse to pay SPENCER and LAPORE; that Nugget rendered SPENCER and LAPORE unable to pay NORTH STAR; that SPENCER and LAPORE have not paid NORTH STAR; and are informed and believe, and thereon admit, that NORTH STAR was aware that Randy Randolph was working with SPENCER and LAPORE, and also had worked or was working with Nugget. SPENCER and LAPORE are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis cannot admit them.

## UNJUST ENRICHMENT AND RESTITUTION

31. In answering Paragraph 31 of the Amended Complaint, SPENCER and LAPORE reassert their corresponding responses to the incorporated paragraphs. SPENCER and LAPORE deny that North Star conferred a benefit upon them. SPENCER and LAPORE are informed and believe, and thereon admit, that Nugget was paid by the Federal Government for work and services rendered by NORTH STAR. SPENCER and LAPORE deny that they have been unjustly enriched. They are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis deny them.

## QUANTUM MERUIT

32. In answering Paragraph 32 of the Amended Complaint, SPENCER and LAPORE reassert their corresponding responses to the incorporated paragraphs. They are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

## MISREPRESENTATION AND NONDISCLOSURE

33. In answering Paragraph 33 of the Amended Complaint, SPENCER and LAPORE reassert their corresponding responses to the incorporated paragraphs. SPENCER and LAPORE

deny that they made any misrepresentations, nondisclosures, or omissions of material fact to anyone, and deny that they made any representations or disclosures falsely, deceitfully, or fraudulently or with any knowing or deliberate intent to deceive anyone. They are without sufficient knowledge or information to admit the truth of the allegations contained in said paragraph as to the remaining defendants, and on that basis deny them.

### NEGLIGENCE

34. In answering Paragraph 34 of the Amended Complaint, SPENCER and LAPORE reassert their corresponding responses to the incorporated paragraphs. They deny that they misled anyone. They are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis deny those allegation contained therein.

### TORTIOUS INTERFERENCE OF NORTH STAR'S AGREEMENTS AND PROSPECTIVE ECONOMIC ADVANTAGE AND CONTRACTUAL OR BUSINESS OPPORTUNITIES

35. In answering Paragraph 35 of the Amended Complaint, SPENCER and LAPORE reassert their corresponding responses to the incorporated paragraphs. SPENCER and LAPORE admit that Nugget knew, or should have known, of SPENCER's arrangements with NORTH STAR for NORTH STAR to provide services in connection with the Homer Spit project. SPENCER and LAPORE admit that Nugget exerted control and overreaching with respect to SPENCER and LAPORE's operations. SPENCER and LAPORE admit that Nugget improperly intercepted and rechanneled funds to itself which would otherwise have been available to SPENCER and LAPORE to pay NORTH STAR and other similarly situated creditors. They are without sufficient knowledge or information to admit the truth of the remaining allegations contained in said paragraph, and on that basis deny them.

### EQUITABLE SUBORDINATION

36. In answering Paragraph 36 of the Amended Complaint, SPENCER and LAPORE reassert their corresponding responses to the incorporated paragraphs. They admit that Nugget unfairly used its power and control over SPENCER and LAPORE to intercept funds otherwise due SPENCER. They also admit that Nugget was paid by the federal government for what

1  NORTH STAR did in connection with the Homer Spit Project. They are without sufficient
2  knowledge or information to form a belief as to the truth of the remaining allegations contained
3  in said paragraph, and on that basis deny each and every allegation contained therein.

### CONSTRUCTIVE TRUST

5      37. In answering Paragraph 37 of the Amended Complaint, SPENCER and LAPORE
6  reassert their corresponding responses to the incorporated paragraphs. SPENCER and LAPORE
7  admit that Nugget exerted control over SPENCER and LAPORE. They also admit that Nugget
8  unfairly obtained a preferential position to money from the Federal Government for work done
9  by NORTH STAR in connection with the Homer Spit Project, and that Nugget should not, in
10  equity and good conscience, be allowed to hold and enjoy such funds. SPENCER and LAPORE
11  are without sufficient knowledge or information to form a belief as to the truth of the remaining
12  allegations contained in said paragraph, and on that basis deny each and every allegation
13  contained therein.

### BAD FAITH

15      38. In answering Paragraph 38 of the Amended Complaint, SPENCER and LAPORE are
16  without sufficient knowledge or information to form a belief as to the truth of the allegations
17  contained in said paragraph, and on that basis deny each and every allegation contained therein.

### PUNITIVE DAMAGES

19      39. In answering Paragraph 39 of the Amended Complaint, SPENCER and LAPORE are
20  without sufficient knowledge or information to admit the truth of the allegations regarding other
21  defendants contained in said paragraph, and on that basis deny them. SPENCER and LAPORE
22  deny all the allegations regarding themselves.

### FIRST AFFIRMATIVE DEFENSE

24      SPENCER and LAPORE allege that NORTH STAR'S Amended Complaint fails to state
25  a claim against these defendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

27      Defendants are informed and believe, and based upon such information and belief allege,
28  that third parties, and not these defendants, caused the damages, if any, as alleged by NORTH

1  STAR.

### THIRD AFFIRMATIVE DEFENSE

Defendants allege that NORTH STAR'S claims are barred by the equitable defense of laches and unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

Defendants allege that NORTH STAR failed to mitigate its damages, if any, thereby barring plaintiff from recovering any damages to the extent they could have been reduced or avoided.

### FIFTH AFFIRMATIVE DEFENSE

Defendants allege that the intervening and/or supervening intentional acts or negligent acts of NORTH STAR and/or one or more third parties, other than Defendants, were responsible for and proximately contributed to the damages alleged to have been sustained by NORTH STAR, if any such damages were sustained by NORTH STAR, and that any damage awarded to NORTH STAR hereunder should be recoverable from each party only in direct proportion to the respective degree of fault attributed to each such party.

### SIXTH AFFIRMATIVE DEFENSE

Defendants allege that NORTH STAR has waived any rights alleged in the Amended Complaint.

WHEREFORE, SPENCER and LAPORE pray:

1. That NORTH STAR take nothing by way of the Amended Complaint;
2. For costs and expenses of litigation;
3. For such other relief as the court deems just and proper.

Dated: December 5, 2005         HERRIG, VOGT & STOLL, LLP

*/s/ CPStoll*
C. PATRICK STOLL
California Bar #166917

Dated:                                            **PAUL D. STOCKLER LAW OFFICE**

*[signature: Paul D. Stockler]*

PAUL D. STOCKLER
Alaska Bar #8606032
Attorneys for SPENCER ROCK
PRODUCTS, INC. and
ROBERT A. LAPORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a NORTHERN STEVEDORING & HANDLING, and NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a NORTHERN STEVEDORING & HANDLING, on it own behalf,<br><br>    Plaintiffs,<br><br>and<br><br>UNITED STATES OF AMERICA for the use of SHORESIDE PETROLEUM, INC., d/b/a MARATHON FUEL SERVICE, on its own behalf,<br><br>    Intervening Plaintiffs,<br><br>and<br><br>METCO, INC.,<br><br>    Intervening Plaintiff,<br><br>vs.<br><br>NUGGET CONSTRUCTION, INC.; SPENCER ROCK PRODUCTS, INC.; UNITED STATES FIDELITY AND GUARANTY COMPANY; and ROBERT A. LAPORE,<br><br>    Defendants. | No. A98-009 CIV (HRH) |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was delivered via Hand delivery this ____ day of _____ 2005.

Certificate of Service

- 1 -

Traeger Machetanz, Esq.
Oles Morrison Rinker & Baker, L.L.P.
745 West Fourth Avenue, Suite 502
Anchorage, AK 99501-2136

Michael W. Sewright, Esq.
Burr, Pease & Kurtz
810 N Street
Anchorage, AK 99501

Steven J. Shamburek, Esq.
Law Office of Steven J. Shamburek
425 G Street, Suite 630
Anchorage, AK 99501

Mr. Herbert A Viergutz, Esq.
Barokas Martin & Tomlinson
1029 W. 3rd Ave., Suite 280
Anchorage, AK 99501

_/s/ Linda Lopez_

Certificate of Service

- 2 -