FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC 15  AM 11: 23

Michael W. Sewright
BURR, PEASE & KURTZ
810 N Street
Anchorage, AK  99501-3293
Telephone:    (907) 276-6100
Fax No.:       (907) 258-2530
Attorneys for North Star

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a Northern Stevedoring & Handling, and NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a Northern Stevedoring & Handling, on its own behalf,<br><br>          Plaintiffs,<br><br>   and<br><br>UNITED STATES OF AMERICA for the use of SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Services, and SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Services, on its own behalf,<br><br>          Intervening Plaintiffs,<br><br>   and<br><br>METCO, INC.,<br><br>          Intervening Plaintiff,<br><br>   vs.<br><br>NUGGET CONSTRUCTION, INC.; SPENCER ROCK PRODUCTS, INC.; UNITED STATES FIDELITY AND GUARANTY COMPANY; and ROBERT A. LAPORE,<br><br>          Defendants. | Case No. A98-009 CIV (HRH)<br><br>**MOTION TO COMPEL DISCOVERY** |

BURR, PEASE
& KURTZ
PROFESSIONAL CORPORATION
810 N STREET
ANCHORAGE, AK 99501
(907) 276-6100

H 421

MOTION TO COMPEL DISCOVERY
*North Star v. Nugget, et al.;* Case No. A98-009 CIV (HRH)
Page 1 of 12

45-40/#81060

## I. RELIEF SOUGHT

The Plaintiff and Use-Plaintiff North Star Terminal and Stevedore Company

("North Star") hereby moves for a court order compelling discovery from defendant

Nugget Construction, Inc. ("Nugget"). Specifically, North Star requests that the Court

order Nugget to provide North Star and the other plaintiff/use-plaintiff claimants in this

matter with complete disclosures and answers and the production of documents in

accordance with: (1) Federal Rule of Civil Procedure 26(a)(1)(D) (requiring production

of insurance agreements as part of initial disclosures); (2) North Star's First Set of

Discovery Interrogatory Nos. 2, 3 and 5 and Request for Production Nos. 3, 4, 5, 6, 7 and

8 propounded to the defendants on October 6, 2005; and (3) North Star's Notice of

Taking Rule 30(b)(6) Deposition of Nugget dated October 20, 2005 and conducted

November 16, 2005.

The information and documents required by that discovery provision and those

requests which Nugget refused to provide and which are the subject matter of this motion

relate to (1) Nugget's financial condition and (2) Nugget's insurance agreements and

policies and claims against insurance, including insurance defense and indemnity

agreements. In addition, North Star moves that the Court order resumption of that Rule

30(b)(6) deposition of Nugget in order to inquire into the aforestated information, which

Nugget refused to provide at that deposition held November 16, 2005.

This motion is supported by Federal Rule of Civil Procedure 37 and other

pertinent law and analysis contained in this memorandum. A copy of the pertinent

BURR, PEASE
& KURTZ
A PROFESSIONAL CORPORATION
810 N STREET
ANCHORAGE, AK 99501
(907) 276-6100

portions of Nugget's aforementioned Rule 26(a)(1) Disclosures is attached hereto as Exhibit 1. The pertinent portions of North Star's aforementioned written Discovery Requests and Nugget's Answers thereto are attached as Exhibit 2. North Star's aforementioned Rule 30(b)(6) Deposition Notice is attached as Exhibit 3. Pertinent excerpts of the transcribed testimony of Nugget's designee John Smithson at the deposition in which he and Nugget's counsel again refused to provide that information and related documents are attached as Exhibit 4.

In accordance with Federal Rule of Civil Procedure 37(a)(2)(A) and (B), undersigned counsel certifies that North Star has in good faith conferred and attempted to confer with Nugget and its attorneys in an effort to secure the information and material requested without court action. This certification is further supported by the latest written communications on that subject attached hereto as Exhibit 5. Regrettably, court action is necessary.

## II.    APPLICABLE RULES

Federal Rule of Civil Procedure 26(a)(1)(D) is pertinent to this motion. Federal Rules of Civil Procedure 37(a)(2), (3), (4)(a), and 37(b), which provide for a motion in the event of failure to make disclosure or cooperate in discovery and expenses and sanctions in relation to that motion, are also pertinent. In addition, Federal Civil Rules 30(b)(5) and 30(b)(6), 33 and 34 apply.

## III.    THE REQUESTED INFORMATION ABOUT NUGGET'S FINANCIAL CONDITION IS DISCOVERABLE.

North Star's Amended Complaint on file includes a claim for punitive damages

BURR, PEASE
& KURTZ
. PROFESSIONAL CORPORATION
810 N STREET
ANCHORAGE, AK 99501
(907) 276-6100

MOTION TO COMPEL DISCOVERY
*North Star v. Nugget, et al.;* Case No. A98-009 CIV (HRH)
Page 3 of 12                                                                45-40/#81060

against Nugget based on state law. *See* North Star's Amended Complaint dated August 31, 2005 ¶39 at p. 24. The financial information regarding Nugget sought by North Star's Interrogatory Nos. 2 and 3 and Request for Production Nos. 3-7 propounded to Nugget and also at the Rule 30(b)(6) deposition of Nugget is certainly relevant to that claim. *See* Exh. 2 at pp. 6-15; Exh. 3 at p. 3 ¶2; Exh. 4 at pp. 14-21. *See also CEH, Inc. v. FV SEAFARER*, 153 F.R.D. 491, 498-99 (D.R.I. 1994) (pretrial discovery of defendants' financial information required in relation to claim for punitive damages); *Norcon, Inc. v. Kotowski*, 971 P.2d 158, 173-177 (Alaska 1999) (setting out relevant considerations for punitive damages under Alaska law, including defendants' financial condition). It is also reasonably calculated to lead to the discovery of admissible evidence. *Id.*; *cf.* Fed.R.Civ.P. 26(b)(1).

Despite those points being brought to its attention, Nugget has totally refused to provide that information, or the requested documents which would disclose it. It has instead objected and continued to object, through its attorneys and Mr. Smithson, who signed Nugget's responses to those written discovery requests and testified as Nugget's designee at the Rule 30(b)(6) deposition. *See* Exh. 2 at pp. 6-15, 18-19; Exh. 4 at pp. 1-21, 29; & Exh. 5, attached hereto. In its objections to those discovery requests and deposition questioning, and in subsequent correspondence, Nugget has argued that AS 09.17.020(e) provides that unless the discovery of information or evidence of the defendant's financial condition is relevant to another issue in the case, it may not be conducted until after the fact finder has determined that the plaintiff is entitled to an

BURR. PEASE
& KURTZ
PROFESSIONAL CORPORATION
810 N STREET
ANCHORAGE. AK 99501
(907) 276-6100

award of punitive damages. *Id.*

However, that analysis fails.

First, the punitive damages claim and tortious causes of action which support it accrued during the spring and summer of 1997, well before the August 7, 1997 effective date of AS 09.17.020. North Star provided its services, and Nugget committed the torts against it, before then. That statute is therefore inapplicable according to the Alaska Legislature and the Alaska Supreme Court. *Norcon, Inc.,* 971 P.2d at 175-77 incl. n.21.

Nugget's counsel have contended there is a "plausible" argument otherwise, relying on this Court's order dated January 22, 2003. *See* Clerk's Docket No. 356 & attached Exhibit 5 at p. 3. In that Order this Court held that the Miller Act causes of action in this case did not accrue until after August 7, 1997, given the 90-day "waiting period" in the Miller Act as to claims arising under that Act. Clerk's Docket No. 356 at pp. 10-12.

However, Nugget's argument fails to distinguish between Miller Act claims and supplemental state law claims brought in the same action pursuant to this Court's supplemental jurisdiction, 28 USC §1367. In its aforementioned Order, this Court expressly stated it was dealing there only with a Miller Act cause of action. Clerk's Docket No. 356 at p. 12 nn.27&28. As the Ninth Circuit Court of Appeals has previously made clear, federal law applies to Miller Act claims. *See, e.g., K-W Industries v. National Surety Corp.*, 855 F.2d 640, 642-44 (9th Cir. 1988). On the other hand, state law, such as that stated in *Kotowski,* applies to state law claims filed in federal district

BURR, PEASE
& KURTZ
A PROFESSIONAL CORPORATION
810 N STREET
ANCHORAGE, AK 99501
(907) 276-6100

MOTION TO COMPEL DISCOVERY
*North Star v. Nugget, et al.;* Case No. A98-009 CIV (HRH)
Page 5 of 12                                                                    45-40/#81060

court supplemental to a Miller Act claim. *Id.* *Accord, Alvarez v. Insurance Co. of North America*, 667 F.Supp. 689 (N. D. Cal. 1987). Even Nugget seems to recognize that, by citing an Alaska statute on the subject of punitive damages in an effort to thwart discovery in this case.

North Star's Amended Complaint separately sets forth its federal claims coming under the Miller Act (*see* Amended Complaint at pp. 8-13) and its claims based on state law coming within this Court's supplemental jurisdiction (*Id.* at ¶6 p. 4 & pp. 13-24). North Star's punitive damages claim is stated among those state law claims. *Id.* at p. 24 ¶39. Therefore, state law determines the accrual date for that claim, as it does for the tort claims based on state law also stated in that Amended Complaint. There is no 90-day "waiting period" as to those claims. The accrual date, as to North Star's state law claims, is before August 7, 1997, which is before the effective date of AS 09.17.020. Clerk's Docket No. 356 at p. 11 incl. n.25. Therefore, according to the *Norcon* decision, AS 09.17.020 is inapplicable to those claims.

Second, even were that statute applicable, it would not preclude present discovery of the information sought. AS 09.17.020 provides that, unless relevant to some other issue in the case, evidence of a defendant's financial condition and other factors relevant to the determination of the amount of punitive damages shall be introduced only after the fact finder has made a determination at trial of the defendant's outrageous conduct warranting an award of punitive damages. However, that statute does not provide that *discovery* of the defendant's financial condition and other information factoring into the

BURR, PEASE
& KURTZ
PROFESSIONAL CORPORATION
810 N STREET
ANCHORAGE, AK 99501
(907) 276-6100

award of punitive damages can only be had after the fact finder finds as fact the conduct warranting such an award.

Nugget's interpretation, that the discovery must wait until after determination of the outrageous behavior at trial, would lead to absurd results and be in violation of this Court's pretrial order. Should the jury in this case, having made the determination of outrageous behavior, then have to wait weeks and perhaps months while Nugget then allows discovery of its financial condition and that is then evaluated? Should that jury then have to be reconvened to determine the amount of punitive damages based on that and other related evidence, only after its memory of Nugget's outrageous behavior has perhaps faded? Discovery is simply discovery. It is not the presentation of evidence at trial. That is a wholly different matter. According to the pretrial order in this case discovery is supposed to close March 31, 2006, well before the trial in this case.

Nugget's argument also fails to recognize that ***discovery*** is a procedural matter governed in the federal courts by the Federal Rules of Civil Procedure. *Germann*, 153 F.R.D. at 497-98. Thus, state discovery practices are usually irrelevant. *Id.* As the court in *Germann* stated:

> Under Fed.R.Civ.P. 26(b)(1), a party is entitled to discovery of any non-privileged matter which is relevant to the subject matter involved in the pending action. Information concerning the defendants' finances is relevant in this case because it can be considered in determining punitive damages.
>
> \*       \*       \*
>
> To require a *prima facie* showing of entitlement to punitive damages before the completion of discovery would be to ignore one purpose of discovery – to locate evidence to support a claim before trial.
>
> \*       \*       \*

BURR, PEASE
& KURTZ
A PROFESSIONAL CORPORATION
810 N STREET
ANCHORAGE, AK 99501
(907) 276-6100

MOTION TO COMPEL DISCOVERY
*North Star v. Nugget, et al.;* Case No. A98-009 CIV (HRH)
Page 7 of 12                                                          45-40/#81060

> Furthermore, to deny discovery of net worth until plaintiffs can make a showing of a *prima facie* case at trial would only lead to delay and confusion while plaintiffs digest the information.

*Id.*, 153 F.R.D. at 498-99 (citations omitted).

In addition, as counsel for Shoreside and Metco has previously pointed out, the financial information sought by plaintiffs' discovery requests is also pertinent to concerns about the financial viability of Nugget to satisfy a judgment in this case, including a possible dissipation of assets, and whether it might instead enter into bankruptcy, which is also relevant to settlement issues. *See* Exh. 4 at pp. 27-28 & Exh. 5 at pp. 1-2. At the recent Rule 30(b)(6) deposition of Nugget, its designee, Mr. Smithson, testified that he knows nothing about Nugget's financial condition. He also testified that any financial information would have to be obtained from Nugget's 100% owner, John Terwilliger, who is unwell according to Nugget and "available on a very limited basis", but Mr. Smithson testified Mr. Terwilliger is well enough to come into the office. *See* Exh. 4 at pp. 8-9a, 14-15, 21. *See also* Exh. 2 at pp. 15-16 (Nugget's answer to Interrogatory No. 4).

As a practical matter, the collectability of a judgment is a highly relevant matter, as is a realistic appraisal of the case's settlement value. As the court in *Germann* noted:

> Additionally, knowledge of defendants' net worth may be of value to both sides in making a realistic appraisal of the case, and may lead to settlement and avoid protracted litigation.

153 F.R.D. at 499. *See also Holliman v. Redman Dev. Corp.*, 61 F.R.D. 488, 490-91 (D.S.C. 1973). The protracted history of this case and resulting expense is itself some

BURR, PEASE
& KURTZ
PROFESSIONAL CORPORATION
810 N STREET
ANCHORAGE, AK 99501
(907) 276-6100

MOTION TO COMPEL DISCOVERY
*North Star v. Nugget, et al.*; Case No. A98-009 CIV (HRH)
Page 8 of 12                                                                45-40/#81060

basis for the aforementioned concerns and heightened relevancy of that information in this case.

## IV.   THE REQUESTED INFORMATION ABOUT NUGGET'S INSURANCE IS DISCOVERABLE.

Federal Civil Rule 26(a)(1)(D) expressly requires that a defendant produce, for inspection and copying as part of its initial disclosures required by that Rule, and without awaiting a discovery request: "*any* insurance agreement under which any person carrying on an insurance business *may* be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimbursed for payments made to satisfy the judgment." *See* Fed. R.Civ.P. 26(a)(1)(D) (Emphasis added). The Advisory Committee Notes to that Rule provide:

> Subparagraph (D) replaces subdivision (b)(2) of Rule 26, and provides that liability insurance policies be made available for inspection and copying. The last two sentences of that subdivision have been omitted as unnecessary, not to signify any change of law.

Under that rule, as with the prior rule, whether the insurer or the defendant believes there is coverage under the policies does not affect discoverability. *See* 8 Wright, Miller & Marcus, Federal Practice and Procedure, §2010 at p. 186 (1994 ed.)   As is also stated in the Advisory Committee Notes to former Rule 26(b)(2):

> Disclosure is required when the insurer "may be liable" on part or all of the judgment. *Thus, an insurance company must disclose even when it contests liability under the policy*, and such disclosure does not constitute a waiver of its claim.

*Id.* at n.22 (emphasis added). As earlier noted, promulgation of Rule 26(a)(1)(D) in 1993 represented "no change in the law" in that respect; it simply transformed the discovery of

BURR, PEASE
& KURTZ
PROFESSIONAL CORPORATION
810 N STREET
ANCHORAGE, AK 99501
(907) 276-6100

those policies, including reinsurance agreements, into a mandatory initial disclosure requirement. *Id.* at p. 187; *Potomac Electric Power v. California Union Insurance*, 136 F.R.D. 1, 2 (D.C.D.C. 1990).

In its initial Disclosures provided pursuant to Rule 26(a)(1) and this Court's October 12, 2005 pretrial Order (Clerk's Docket Nos. 415 & 414), Nugget simply stated the position that any insurance agreements it has are "Not applicable as to Plaintiffs' Miller Act or state law claims" and produced none. *See* Exh. 1 at p. 3. In answer to North Star's Interrogatory No. 5 and Request for Production No. 8, which requested those policies and identification of the "person or persons" most knowledgeable regarding them, Nugget again took the position that there are no "applicable" insurance agreements, and stated further that "if any insurance agreement were applicable to this lawsuit, then John Terwilliger would be the person with the most knowledge on such insurance agreement." *See* Exh. 2 at pp. 16-17. At Nugget's Rule 30(b)(6) deposition in which that information was again requested, Mr. Smithson, appearing instead of Mr. Terwilliger, testified that Nugget had insurance policies, but he had been told the policies are inapplicable. *See* Exh. 3 at p. 3 ¶¶3-4; Exh. 4 at pp. 21-25. At that deposition and subsequently he and Nugget's legal counsel identified the insurance agent for Nugget as the source for that information. *See* Exh. 4 at pp. 23-25; Exh. 5 at p. 1.

As previously pointed out, a party must allow discovery of its insurance agreements, including but not limited to comprehensive general liability policies, regardless of whether it or its insurance agent or insurer believes coverage exists as to

BURR, PEASE
& KURTZ
PROFESSIONAL CORPORATION
810 N STREET
ANCHORAGE, AK 99501
(907) 276-6100

particular claims. As counsel for Shoreside and Metco has pointed out in previous correspondence to Nugget's attorneys, the rule "does not allow one party unilaterally to make a decision regarding coverage" and whether it is "applicable". *See* Exh. 5 at p. 2. As Mr. Shamburek has noted: "Nugget may not recognize coverage, although the claimants and the court would." *Id.* As this Court well knows, disagreements and disputes over whether insurance policy coverage exists are a common subject in virtually every court, including the opinions of the Alaska Supreme Court and no doubt every federal circuit court. Undersigned counsel and other attorneys in this law firm and the courts have previously found coverage in policies where an insurer or other party did not. That is not an uncommon phenomenon. The rule provides that all insurance policies which *may* provide coverage be provided, not just those agreements a party or its insurance agent unilaterally determines are "applicable".

Accordingly, all of the requested insurance agreements, for the entire applicable period 1996 to present, should be produced, as should any information and documents regarding Nugget claims against insurance, which were also requested (Exh. 3 at p. 2), as those would be evidence of "applicability". Further, Nugget's "insurance agent" on which it has relied should be identified and made to testify at recommencement of the Rule 30(b)(6) deposition of Nugget if requested, as one of those persons now being identified as "most knowledgeable" regarding those policies. So too should John Terwilliger, because identified by Nugget and Mr. Smithson as "most knowledgeable" both on the subject of insurance and on the subject of Nugget's financial condition,

BURR, PEASE
& KURTZ
A PROFESSIONAL CORPORATION
810 N STREET
ANCHORAGE, AK 99501
(907) 276-6100

including its indemnity agreement with USF&G, its surety. *See* Exh. 2 at pp. 15-17, Exh.

4 at pp. 21-22.

## V.    CONCLUSION

Accordingly, the requested discovery should be ordered. A proposed Order

providing the requested relief accompanies this Motion.

Dated at Anchorage, Alaska, this _14th_ day of December 2005.

BURR, PEASE & KURTZ
Attorneys for the North Star

By _____
Michael W. Sewright
Alaska Bar No. 7510090

CERTIFICATE OF SERVICE
I certify that on the _15_ day of December, 2005, a
copy of the above and foregoing **MOTION TO
COMPEL DISCOVERY** was served by **Hand
Delivery** on:

Traeger Machetanz, Esq.              Herbert A. Viergutz
Gloria Y. Ho, Esq.                   Barokas Martin & Tomlinson
OLES MORRISON & RINKER               1029 W. 3rd Ave., Suite 280
745 West Fourth Avenue, Suite 502    Anchorage, AK 99501
Anchorage, AK 99501


And by **mail on:**

Steven J. Shamburek, Esq.
425 G Street, Suite 630
Anchorage, AK 99501-5872             C. Patrick Stoll, Esq.
                                     HERRIG VOGT & STOLL LLP
                                     4210 Douglas Blvd., Ste. 100
                                     Granite Bay, CA 95746-5902

Paul D. Stockler, Esq.
1309 W. 16th Ave
Anchorage, AK 99501

BURR, PEASE
& KURTZ
A PROFESSIONAL CORPORATION
810 N STREET
ANCHORAGE, AK 99501
(907) 276-6100

_____
Brooks Holborn

MOTION TO COMPEL DISCOVERY
*North Star v. Nugget, et al.;* Case No. A98-009 CIV (HRH)
Page 12 of 12                                        45-40/#81060

1  Traeger Machetanz, Esq.
   OLES MORRISON RINKER & BAKER, LLP
2  745 Fourth Avenue, Suite 502
   Anchorage, AK  99501-2136
3  Telephone:  (907) 258-0106
   Telecopier:  (907) 258-5519
4
   Attorneys for Nugget Construction Co.,
5  Inc., and USF&G, Defendants

6              IN THE UNITED STATES DISTRICT COURT

7           FOR THE DISTRICT OF ALASKA AT ANCHORAGE

8  UNITED STATES OF AMERICA for the   )
   use of NORTH STAR TERMINAL &       )
9  STEVEDORE COMPANY, d/b/a NORTHERN  )
   STEVEDORING & HANDLING, and NORTH  )    No. A98-009 CIV (HRH)
10 STAR TERMINAL & STEVEDORE COMPANY, )
   d/b/a Northern Stevedoring &       )
11 Handling, on its own behalf,       )
                                      )
12            Plaintiffs,             )
        and                           )
13                                    )
   UNITED STATES OF AMERICA for the   )
14 use of SHORESIDE PETROLEUM, INC.,  )
   d/b/a Marathon Fuel Service, and   )
15 SHORESIDE PETROLEUM, INC., d/b/a   )
   Marathon Fuel Service, on its own  )
16 behalf,                            )
                                      )
17          Intervening Plaintiffs,   )
        and                           )
18                                    )
   METCO, INC.,                       )
19                                    )
           Intervening Plaintiff,     )
20                                    )
        vs.                           )    RULE 26(a)(1) SECOND
21                                    )    SUPPLEMENTAL DISCLOSURES
                                      )    BY DEFENDANTS NUGGET
22 NUGGET CONSTRUCTION, INC.; SPENCER )    CONSTRUCTION, INC., AND
   ROCK PRODUCTS, INC.,; UNITED       )    UNITED STATES FIDELITY
23 STATES FIDELITY AND GUARANTY       )    AND GUARANTY COMPANY
   COMPANY; and ROBERT A. LAPORE,     )
24                                    )
             Defendants.              )
25 _____)

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

Exhibit  1
      1  of  4

Defendants Nugget Construction, Inc., ("Nugget") and the United States Fidelity and Guaranty Company ("USF&G") by and through their attorneys, Oles Morrison Rinker & Baker LLP, pursuant to Rules 26(a)(1) and 26(e) of the Federal Rules of Civil Procedure, hereby provide their second supplemental disclosures, which supplement their initial disclosures dated July 8, 1998, and their first supplemental disclosures dated October 18, 2005:

*(A)    Identity of each individual likely to have discoverable information in support of claims or defenses.*

Nugget's and USF&G's Initial Disclosures dated July 8, 1998, are supplemented herein:

1.    **B.(1)(a):** Mr. John Terwilliger is recovering from adverse health problems, and will be available on a very limited basis to provide information on the transactions between (a) Nugget Construction Inc., Spencer Rock Products and Robert LaPore on the Homer Spit Repair and Extension Project;(b) Nugget Construction Inc., U.S. Army Corps of Engineers and USF&G on the Homer Spit Repair and Extension Project; and (c) Nugget

*U.S. ex rel. North Star, et al. v. Nugget Construction, et. al.*
A98-009 CIV (HRH)
Rule 26(a) Second Supplmental Disclosures By Defendants
Nugget Construction, Inc. and United States Fidelity and
Guaranty Company -- Page 2 of 11

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106    Fax: (907) 258-5519

Exhibit _____1_____
_2_ of _4_

| DESCRIPTION | LABEL (Process of Bates numbering) |
|---|---|
| Manila Folder | 711 – NCI VS SRP FILE #8 |
| Manila Folder | 711 – SPENCER vs NCI FILE #9 |
| Manila Folder | 711 – NCI vs. SRP FILE #10 |
| Manila Folder | 711 – NCI vs. SRP FILE #11 |
| Manila Folder | 711 – NCI vs. SRP FILE #12 |
| Manila Folder | 711 – NCI vs. SRP FILE #13 |
| Manila Folder | 611 – HOMER SPIT REPAIR CORR. WITH COUNCIL FILE #6 |

*(C)   Computation of damages.*

Nugget's and USF&G's damages in this litigation consist of attorneys fees and costs in their defense against Plaintiffs' s claims under the Federal Miller Act, and Alaska state law.  At present, the extent of damages is unknown. Nugget and USF&G reserve the right to supplement the computation of damages, and to disclose non-privileged evidentiary material on which such computation is based prior to trial, or as and when appropriate.

*(D) Insurance agreement(s) which may be liable to satisfy part or all of a judgment.*

Not applicable as to Plaintiffs' Miller Act or state law claims.

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
A98-009 CIV (HRH)
Rule 26(a) Second Supplmental Disclosures By Defendants
Nugget Construction, Inc. and United States Fidelity and
Guaranty Company -- Page 10 of 11

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

Exhibit   1
3   of   4

Dated:  October _26_, 2005    OLES MORRISON RINKER & BAKER LLP
                              Attorneys for Nugget Construction,
                              Inc., and United States Fidelity
                              and Guaranty Co.


                              By: _____
                                  Traeger Machetanz
                                  Alaska Bar No. 8411127


P-GYH 085 DISC 2nd Supp 102505

            CERTIFICATE OF SERVICE

I hereby certify that on this _26TH_
day of October, 2005, a true and correct
copy of the foregoing was mailed to:

Michael W. Sewright, Esq.
Burr, Pease & Kurtz
810 N Street
Anchorage, AK  99501

Steven J. Shamburek, Esq.
Law Office of Steven J. Shamburek
425 G Street, Suite 630
Anchorage, AK  99501-5872

Paul Stockler, Esq.
1309 West 16th Avenue
Anchorage, AK  99501

C. Patrick Stoll, Esq.
Herrig Vogt & Stoll LLP
4210 Douglas Bay Blvd., Suite 100
Granite Bay, CA 95746-5902

OLES MORRISON RINKER & BAKER LLP

By: _____
    Karin Gustafson

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
A98-009 CIV (HRH)
Rule 26(a) Second Supplmental Disclosures By Defendants
Nugget Construction, Inc. and United States Fidelity and
Guaranty Company -- Page 11 of 11

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

Exhibit _1_
_4_ of _4_

1   Traeger Machetanz, Esq.
    OLES MORRISON RINKER & BAKER, LLP
2   745 Fourth Avenue, Suite 502
    Anchorage, AK  99501-2136
3   Telephone:  (907) 258-0106
    Telecopier:  (907) 258-5519
4
    Attorneys for Nugget Construction Co.,
5   Inc., and USF&G, Defendants

6
                IN THE UNITED STATES DISTRICT COURT
7
             FOR THE DISTRICT OF ALASKA AT ANCHORAGE
8
    UNITED STATES OF AMERICA for the  )
9   use of NORTH STAR TERMINAL &      )
    STEVEDORE COMPANY, d/b/a NORTHERN )
10  STEVEDORING & HANDLING, and NORTH )   No. A98-009 CIV (HRH)
    STAR TERMINAL & STEVEDORE COMPANY,)
11  d/b/a Northern Stevedoring &      )
    Handling, on its own behalf,      )
12                                    )
                 Plaintiffs,          )
13        and                         )
                                      )
14  UNITED STATES OF AMERICA for the  )
    use of SHORESIDE PETROLEUM, INC., )
15  d/b/a Marathon Fuel Service, and  )
    SHORESIDE PETROLEUM, INC., d/b/a  )
16  Marathon Fuel Service, on its own )   NUGGET'S RESPONSES TO
    behalf,                           )   NORTH STAR'S FIRST
17                                    )   SET OF DISCOVERY
                 Intervening Plaintiffs, ) REQUESTS
18        and                         )
                                      )
19  METCO, INC.,                      )
                                      )
20               Intervening Plaintiff, )
                                      )
21        vs.                         )
                                      )
22  NUGGET CONSTRUCTION, INC.; SPENCER)
    ROCK PRODUCTS, INC.,; UNITED      )
23  STATES FIDELITY AND GUARANTY      )
    COMPANY; and ROBERT A. LAPORE,    )
24                                    )
                 Defendants.          )
25  _____)

RECEIVED

NOV 1 0 2005

BUBB, PEASE & KURTZ

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska  99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

Exhibit  2
    1  of  20

COMES NOW Defendant Nugget Construction, Inc.,

("Nugget") and makes the following responses to North Star's

First Set of Discovery Requests to Defendant Nugget

Construction, Inc.

## GENERAL OBJECTIONS

1.    Nugget objects to all instructions and

definitions in North Star's First Set of Discovery Requests to

the extent that they enlarge upon, supersede, or in any way

modify the rules of discovery as set forth in Fed. R. Civ.

P. 26, 33, and 34.

2.    Nugget objects to all instructions and

definitions in North Star's First Set of Discovery Requests to

the extent they are intended, or can be construed, to expand or

modify Nugget's obligations, responsibilities, or duties beyond

the scope of the Federal Rules of Civil Procedure.

3.    Nugget objects to North Star's interrogatories

and requests for production of documents to the extent that they

seek information or documentation that is (a) not relevant to

the subject matter of this lawsuit; (b) not reasonably

calculated to lead to the discovery of admissible evidence; (c)

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
A98-009 CIV (HRH)
Nugget's Responses to North Star's First
Set of Discovery Requests -- Page 2 of 31

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106  Fax: (907) 258-5519

Exhibit 2
2 of 20

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

1  unreasonably cumulative or duplicative, or is obtainable from

2  another source that is more convenient, less burdensome, or less

3  expensive; (d) overbroad or unduly burdensome; or (e) vague or

4  ambiguous.

5

6      4.    Nugget objects to North Star's interrogatories

7  and requests for production of documents to the extent that they

8  seek information or documentation that is protected by the

9  attorney-client privilege, the attorney work-product doctrine,

10 or otherwise immune from discovery under any other recognized

11 legal privilege.  Nugget expressly reserves all attorney-client,

12 work-product and other legally recognized privileges under the

13 Federal Rules of Civil Procedure and the Federal Rules of

14 Evidence.

15

16     5.    Nugget objects to North Star's interrogatories

17 and requests for production of documents insofar as they are

18 directed to the knowledge of persons or entities not subject to

19 Nugget's control at the time when these responses were prepared.

20

21     6.    Nugget objects to North Star's interrogatories

22 and requests for production of documents to the extent that they

23 seek information or documentation previously disclosed or

24

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
A98-009 CIV (HRH)
Nugget's Responses to North Star's First
Set of Discovery Requests -- Page 3 of 31

Exhibit __2__
__3__ of __20__

produced to North Star or to its counsel by the other named

parties in this lawsuit, whether produced in response to

discovery requests or otherwise.

7.    Nugget objects to North Star's requests for

production of documents insofar as they impose an undue burden

on Nugget to produce documents (a) at other than a reasonable

time and place; (b) that are not in existence; (c) that require

Nugget to assemble documents in a manner different from which

they are kept in the ordinary course of business; or (d) that is

not presently in the possession, custody, or control of Nugget.

8.    Nugget objects to North Star's interrogatories

insofar as the response can be derived or ascertained by North

Star as easily as it can by Nugget from Nugget's document

production, consistent with the provisions of Fed. R. Civ.

P. 33(d).

9.    Nugget objects to North Star's requests for

production of documents to the extent that they (a) do not set

forth, either by individual item or by category, the items to be

inspected and described with reasonable particularity or (b)

request Nugget to select or categorize documents in a manner

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
A98-009 CIV (HRH)
Nugget's Responses to North Star's First
Set of Discovery Requests -- Page 4 of 31

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

Exhibit __2__
__4__ of __20__

that would require Nugget to disclose opinions, conclusions, thought processes, or mental impressions of its attorneys and thus violating the work-product doctrine. *See* Fed. R. Civ. P. 26(b)(3) and 34(b); *Hickman v. Taylor*, 329 U.S. 495 (1947).

10. Nugget objects to North Star's First Set of Discovery Requests to the extent it is intended, or can be construed, to call upon Nugget to relinquish custody and control of its documents or to reproduce documents at its own expense.

11. Nugget specifically reserves the right to object, as appropriate, to any of the documents produced in response to North Star's First Set of Discovery Requests, as evidence at any trial in this matter or for any other purpose.

12. Subject to the foregoing general objections, which are incorporated by reference into each individually numbered interrogatory and request for production propounded by North Star in its First Set of Discovery Requests, Nugget provides the following responses:

INTERROGATORY NO. 1: State the present or, if the present is not known to you, the last known address and telephone numbers for each of the anticipated witnesses named on

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
A98-009 CIV (HRH)
Nugget's Responses to North Star's First
Set of Discovery Requests -- Page 5 of 31

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

Exhibit 2
5 of 20

1    INTERROGATORY NO. 2:  Identify, by category and dollar

2    value, any and all of your assets, including but not limited to

3    property and account receivables, for any and all parts of the

4    period January 1, 1996 through present, and by supplementation,

5    up to the date of trial herein.

6

7    ANSWER: Nugget specifically objects to this

8    interrogatory as it seeks information that is (a) overly broad

9    and unduly burdensome; (b) not a contested issue in the lawsuit;

10   (c) wholly irrelevant to the subject matter of this lawsuit; and

11   (d) not reasonably calculated to lead to the discovery of

12   admissible evidence.  Nugget further objects to this

13   interrogatory to the extent it seeks privileged, confidential or

14   proprietary information.

15

16

17   Moreover, Nugget objects on the basis that this

18   interrogatory is premature at this time with respect to North

19   Star's punitive damages claim.  A.S. 09.17.020(e) specifically

20   provides that unless the evidence is relevant to another issue

21   in the case, the discovery of evidence that is relevant to the

22   amount of punitive damages to determine (a) the amount of

23   financial gain the defendant gained or expected to gain as a

24   result of the defendant's conduct, or (b) the defendant's

25   *U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
A98-009 CIV (HRH)
Nugget's Responses to North Star's First
Set of Discovery Requests -- Page 14 of 31

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106    Fax: (907) 258-5519

Exhibit __2__
__6__ of __20__

1  financial condition <u>may not</u> be conducted until after the fact

2  finder has determined that an award of punitive damages is

3  allowed under the clear and convincing standard.  A.S.

4  09.17.020(e) further provides that the court may issue orders

5  directing the parties to have the information relevant to the

6  amount of punitive damages to determine the defendant's

7  financial or expected gain as a result of defendant's conduct,

8  or the defendant's financial condition available for production

9  at the close of the initial trial.

10

11

12  REQUEST FOR PRODUCTION NO. 3:  Produce any and all

13  documents supporting your representation of assets which you

14  were requested to identify by Interrogatory No. 2.

15

16  ANSWER: Nugget specifically objects to this request as

17  it seeks documentation that is (a) overly broad and unduly

18  burdensome; (b) not a contested issue in the lawsuit; (c) wholly

19  irrelevant to the subject matter of this lawsuit; and (d) not

20  reasonably calculated to lead to the discovery of admissible

21  evidence.  Nugget further objects to this request to the extent

22  it seeks privileged, confidential, or proprietary information.

23

24

25
*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
A98-009 CIV (HRH)
Nugget's Responses to North Star's First
Set of Discovery Requests -- Page 15 of 31

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

Exhibit __2__
__7__ of __20__

1    Moreover, Nugget objects on the basis that this

2    interrogatory is premature at this time with respect to North

3    Star's punitive damages claim. A.S. 09.17.020(e) specifically

4    provides that unless the evidence is relevant to another issue

5    in the case, the discovery of evidence that is relevant to the

6    amount of punitive damages to determine (a) the amount of

7    financial gain the defendant gained or expected to gain as a

8    result of the defendant's conduct or (b) the defendant's

9    financial condition may not be conducted until after the fact

10   finder has determined that an award of punitive damages is

11   allowed under the clear and convincing standard.   A.S.

12   09.17.020(e) further provides that the court may issue orders

13   directing the parties to have the information relevant to the

14   amount of punitive damages to determine the defendant's

15   financial or expected gain as a result of defendant's conduct,

16   or the defendant's financial condition available for production

17   at the close of the initial trial.

18       REQUEST FOR PRODUCTION NO. 4:   Produce your complete

19   federal income tax returns, including all schedules, attachments

20   and amendments, for the tax years 1996 through present and, by

21   supplementation, up to the date of trial herein.

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
A98-009 CIV (HRH)
Nugget's Responses to North Star's First
Set of Discovery Requests -- Page 16 of 31

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

Exhibit ___2___
_8_ of _20_

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

1    ANSWER:  Nugget specifically objects to this request

2    as it seeks documentation that is (a) overly broad and unduly

3    burdensome; (b) not a contested issue in the lawsuit; (c) wholly

4    irrelevant to the subject matter of this lawsuit; and (d) not

5    reasonably calculated to lead to the discovery of admissible

6    evidence.  Nugget further objects to this request to the extent

7    it seeks privileged, confidential or proprietary information.

8

9    Moreover, Nugget objects on the basis that this

10   interrogatory is premature at this time with respect to North

11   Star's punitive damages claim. A.S. 09.17.020(e) specifically

12   provides that unless the evidence is relevant to another issue

13   in the case, the discovery of evidence that is relevant to the

14   amount of punitive damages to determine (a) the amount of

15   financial gain the defendant gained or expected to gain as a

16   result of the defendant's conduct or (b) the defendant's

17   financial condition may not be conducted until after the fact

18   finder has determined that an award of punitive damages is

19   allowed under the clear and convincing standard.  A.S.

20   09.17.020(e) further provides that the court may issue orders

21   directing the parties to have the information relevant to the

22   amount of punitive damages to determine the defendant's

23

24

25
U.S. ex rel. North Star, et al. v. Nugget Construction, et al.
A98-009 CIV (HRH)
Nugget's Responses to North Star's First
Set of Discovery Requests -- Page 17 of 31

Exhibit __2__
__9__ of __20__

1  financial or expected gain as a result of defendant's conduct or

2  the defendant's financial condition available for production at

3  the close of the initial trial.

4

5      REQUEST FOR PRODUCTION NO. 5: Produce all of your

6  financial statements and related records in any way evidencing

7  your financial condition for the periods January 1, 1996,

8  through present and, by supplementation, up to the date of trial

9  herein.

10

11      ANSWER: Nugget specifically objects to this request as

12  it seeks documentation that is (a) overly broad and unduly

13  burdensome; (b) not a contested issue in the lawsuit; (c) wholly

14  irrelevant to the subject matter of this lawsuit; and (d) not

15  reasonably calculated to lead to the discovery of admissible

16  evidence.  Nugget further objects to this request to the extent

17  it seeks privileged, confidential or proprietary information.

18

19      Moreover, Nugget objects on the basis that this

20  interrogatory is premature at this time with respect to North

21  Star's punitive damages claim.  A.S. 09.17.020(e) specifically

22  provides that unless the evidence is relevant to another issue

23  in the case, the discovery of evidence that is relevant to the

24

25
*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
A98-009 CIV (HRH)
Nugget's Responses to North Star's First
Set of Discovery Requests -- Page 18 of 31

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

Exhibit  __2__
__10__ of __20__

amount of punitive damages to determine (a) the amount of
financial gain the defendant gained or expected to gain as a
result of the defendant's conduct or (b) the defendant's
financial condition <u>may not be conducted until after</u> the fact
finder has determined that an award of punitive damages is
allowed under the clear and convincing standard.  A.S.
09.17.020(e) further provides that the court may issue orders
directing the parties to have the information relevant to the
amount of punitive damages to determine the defendant's
financial or expected gain as a result of defendant's conduct,
or the defendant's financial condition available for production
at the close of the initial trial.

REQUEST FOR PRODUCTION NO. 6:  Produce documents
accurately stating the total gross net income, from all sources,
received by you in the years 1996 through present and, by
supplementation, up to the date of trial herein.

ANSWER:  Nugget specifically objects to this request
as it seeks documentation that is (a) overly broad and unduly
burdensome; (b) not a contested issue in the lawsuit; (c) wholly
irrelevant to the subject matter of this lawsuit; and (d) not
reasonably calculated to lead to the discovery of admissible

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
A98-009 CIV (HRH)
Nugget's Responses to North Star's First
Set of Discovery Requests -- Page 19 of 31

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106    Fax: (907) 258-5519

Exhibit ___2___
__11__ of __20__

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106  Fax: (907) 258-5519

1    evidence.   Nugget further objects to this request to the extent

2    it seeks privileged, confidential or proprietary information.

3

4         Moreover, Nugget objects on the basis that this

5    interrogatory is premature at this time with respect to North

6    Star's punitive damages claim. A.S. 09.17.020(e) specifically

7    provides that unless the evidence is relevant to another issue

8    in the case, the discovery of evidence that is relevant to the

9    amount of punitive damages to determine (a) the amount of

10   financial gain the defendant gained or expected to gain as a

11   result of the defendant's conduct or (b) the defendant's

12   financial condition <u>may not be conducted until after</u> the fact

13   finder has determined that an award of punitive damages is

14   allowed under the clear and convincing standard.   A.S.

15   09.17.020(e) further provides that the court may issue orders

16   directing the parties to have the information relevant to the

17   amount of punitive damages to determine the defendant's

18   financial or expected gain as a result of defendant's conduct,

19   or the defendant's financial condition available for production

20   at the close of the initial trial.

21

22        <u>INTERROGATORY NO. 3</u>:   State your dollar amounts of

23   gross revenue, pre-tax net profit, and equity per year for the

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
A98-009 CIV (HRH)
Nugget's Responses to North Star's First
Set of Discovery Requests -- Page 20 of 31

Exhibit    2
12   of   20

period 1996 through present and, by supplementation, up to the
date of trial herein.

ANSWER:  Nugget specifically objects to this
interrogatory as it seeks information that is (a) overly broad
and unduly burdensome; (b) not a contested issue in the lawsuit;
(c) wholly irrelevant to the subject matter of this lawsuit; and
(d) not reasonably calculated to lead to the discovery of
admissible evidence.  Nugget further objects to this
interrogatory to the extent it seeks privileged, confidential,
or proprietary information.

Moreover, Nugget objects on the basis that this
interrogatory is premature at this time with respect to North
Star's punitive damages claim.  A.S. 09.17.020(e) specifically
provides that unless the evidence is relevant to another issue
in the case, the discovery of evidence that is relevant to the
amount of punitive damages to determine (a) the amount of
financial gain the defendant gained or expected to gain as a
result of the defendant's conduct or (b) the defendant's
financial condition may not be conducted until after the fact
finder has determined that an award of punitive damages is
allowed under the clear and convincing standard.  A.S.

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
A98-009 CIV (HRH)
Nugget's Responses to North Star's First
Set of Discovery Requests -- Page 21 of 31

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106  Fax: (907) 258-5519

Exhibit __8__
__13__ of __20__

1  09.17.020(e) further provides that the court may issue orders

2  directing the parties to have the information relevant to the

3  amount of punitive damages to determine the defendant's

4  financial or expected gain as a result of defendant's conduct,

5  or the defendant's financial condition available for production

6  at the close of the initial trial.

7

8  REQUEST FOR PRODUCTION NO. 7:  Produce any and all

9  documents supporting your representations of gross revenue, pre-

10  tax net profit, and equity which you were requested to state by

11  Interrogatory No. 3.

12

13  ANSWER: Nugget specifically objects to this request as

14  it seeks documentation that is (a) overly broad and unduly

15  burdensome; (b) not a contested issue in the lawsuit; (c) wholly

16  irrelevant to the subject matter of this lawsuit; and (d) not

17  reasonably calculated to lead to the discovery of admissible

18  evidence.  Nugget further objects to this request to the extent

19  it seeks privileged, confidential or proprietary information.

20

21  Moreover, Nugget objects on the basis that this

22  interrogatory is premature at this time with respect to North

23  Star's punitive damages claim.  A.S. 09.17.020(e) specifically

24

25  *U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
A98-009 CIV (HRH)
Nugget's Responses to North Star's First
Set of Discovery Requests -- Page 22 of 31

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

Exhibit  _2_
_14_ of _20_

1    provides that unless the evidence is relevant to another issue

2    in the case, the discovery of evidence that is relevant to the

3    amount of punitive damages to determine (a) the amount of

4    financial gain the defendant gained or expected to gain as a

5    result of the defendant's conduct or () the defendant's

6    financial condition may not be conducted until after the fact

7    finder has determined that an award of punitive damages is

8    allowed under the clear and convincing standard.   A.S.

9    09.17.020(e) further provides that the court may issue orders

10   directing the parties to have the information relevant to the

11   amount of punitive damages to determine the defendant's

12   financial or expected gain as a result of defendant's conduct,

13   or the defendant's financial condition available for production

14   at the close of the initial trial.

15   INTERROGATORY NO. 4:   Identify the person or persons

16   most knowledgeable regarding the subject matter of Interrogatory

17   numbers 2 and 3 and Request for Production Nos. 3-7 herein,

18   including your tax returns and financial statements, records and

19   status (including net worth and operating capital) during all

20   parts of the period from January 1, 1996, through present and,

21   by supplementation, up to the date of trial in this matter.

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*:
A98-009 CIV (HRH)
Nugget's Responses to North Star's First
Set of Discovery Requests -- Page 23 of 31

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

Exhibit __2__
__15__ of __20__