FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC 27 PM 3:51

Traeger Machetanz, Esq.
Gloria Ho, Esq.
OLES MORRISON RINKER & BAKER, LLP
745 Fourth Avenue, Suite 502
Anchorage, AK  99501-2136
Telephone:  (907) 258-0106
Telecopier:  (907) 258-5519

Attorneys for Nugget Construction Co.,
     Inc., and USF&G, Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a NORTHERN STEVEDORING & HANDLING, and NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a Northern Stevedoring & Handling, on its own behalf,<br><br>Plaintiffs,<br>and<br><br>UNITED STATES OF AMERICA for the use of SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Service, and SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Service, on its own behalf,<br><br>Intervening Plaintiffs,<br>and<br><br>METCO, INC.,<br><br>Intervening Plaintiff,<br><br>vs.<br><br>NUGGET CONSTRUCTION, INC.; SPENCER ROCK PRODUCTS, INC.,; UNITED STATES FIDELITY AND GUARANTY COMPANY; and ROBERT A. LAPORE,<br><br>Defendants. | No. A98-009 CIV (HRH)<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>DEFENDANT NUGGET CONSTRUCTION, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF AND USE-PLAINTIFF NORTH STAR TERMINAL AND STEVEDORING COMPANY'S MOTION TO COMPEL DISCOVERY |

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

424

Defendant Nugget Construction, Inc. ("Nugget") submits this memorandum in opposition to Plaintiff and Use-Plaintiff North Star Terminal and Stevedoring Company's ("North Star") Motion to Compel Discovery.

## I. NUGGET'S FINANCIAL CONDITION

A. North Star's Discovery Requests are Overly Broad and Unduly Burdensome

North Star is engaging in a costly and disruptive fishing expedition of Nugget's privileged, confidential, and proprietary financial information. Through its discovery requests, North Star seeks to know all Nugget financial information from 1996 to present, i.e., asset, property and account receivables, financial and tax statements, total gross net income, gross revenue, pre-tax profit, equity per year. *See* attached Exhibit A, Nugget's Responses to North Star's First Set of Discovery Requests, pp. 14-23. The burden of these discovery requests and the intrusiveness into Nugget's financial affairs is both enormous and unwarranted.

Nugget opposes North Star's motion to compel the discovery of Nugget's financial condition. North Star's basis

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Defendant Nugget Construction, Inc.'s Memorandum
in Opposition to Plaintiff and Use-Plaintiff
North Star Terminal and Stevedoring Company's
Motion To Compel Discovery -- Page 2 of 18

for obtaining Nugget's financial information is the remote possibility of obtaining a punitive damages award. However, North Star has provided absolutely no evidence to meet the clear and convincing standard under either the pre-1997 or post-1997 punitive damages statute to warrant the discovery of Nugget's financial information.

The Court should restrain North Star's unfettered probing into Nugget's financial information. Fed. R. Civ. P. 26(b)(1) provides in pertinent part that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." The 2000 changes to Rule 26(b)(1) narrowed the scope of discovery to allow the discovery of unprivileged facts "relevant to the claim or defense of any party," as opposed to the prior rule allowing discovery of facts "relevant to the subject matter involved in the pending action." Additionally, Fed. R. Civ. P. 26(b)(2) provides that the Court may limit discovery to the extent that discovery requests do not meet the relevancy standard or are unreasonably cumulative, duplicative, burdensome, or expensive. North Star's discovery regarding Nugget's financial condition

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Defendant Nugget Construction, Inc.'s Memorandum
in Opposition to Plaintiff and Use-Plaintiff
North Star Terminal and Stevedoring Company's
Motion To Compel Discovery -- Page 3 of 18

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

clearly are unreasonably burdensome given the narrow basis upon which North Star's motion rests.

B.  <u>A Prerequisite Showing of Liability for Punitive Damages is Required Before Pretrial Discovery of Financial Information is Allowed.</u>

At the time North Star asserted its claims for punitive damages, the Alaska punitive damages statute, effective August 7, 1997, limited the circumstances under which evidence of a defendant's financial condition could be discovered and admitted.  *See* AS 09.17.020.  Since North Star's punitive damages claim accrued after August 7, 1997,[1] the post-1997 punitive damages statute applies in this case.  That statute expressly authorized a bifurcation of the liability and punitive damages phases of trial.  Thus, the evidence of a defendant's wealth is not discoverable or admissible until *after* the trier of fact has determined the defendant's liability for punitive damages.  The Legislature made it explicitly clear that prima

---

[1] North Star did not assert its punitive damages claim until August 31, 2005. Presumably, North Star was unaware of the existence of these claims until shortly before that time, otherwise they would be time barred if North Star was aware of the punitive damages claims at the time of initial filing yet failed to assert such claims.  Consequently, given North Star's presumed lack of knowledge of the basis for such claims, North Star's right to assert a punitive damages claim did not arise until after the 1997 amendments.

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Defendant Nugget Construction, Inc.'s Memorandum
in Opposition to Plaintiff and Use-Plaintiff
North Star Terminal and Stevedoring Company's
Motion To Compel Discovery -- Page 4 of 18

facie proof of a defendant's liability for punitive damages is required before a defendant's wealth or financial condition may be discovered. *See generally* AS 09.17.020 and *specifically* AS 09.17.020(e).

North Star suggests that the statute allows for the discovery of a defendant's wealth prior to the finding of punitive damages liability. On the contrary, the statute unambiguously provides that "**discovery** of evidence that is relevant to the amount of punitive damages to be determined under (c)(3) or (6) of this section **may not be conducted until after** the fact finder has determined that an award of punitive damages is allowed . . . ." Further, North Star's concerns that post-discovery of a defendant's wealth would lead to absurd results is unfounded. The statute directly addresses this concern by providing that

> the court may issue orders as necessary, including directing the parties to have the information relevant to the amount of punitive damages to be determined under (c)(3) or (6) of this section available for production **immediately at the close of the initial trial** in order to minimize the delay between the initial trial and the separate

U.S. ex rel. North Star, et al. v. Nugget Construction, et al.
Case No. A98-009 CIV (HRH)
Defendant Nugget Construction, Inc.'s Memorandum
in Opposition to Plaintiff and Use-Plaintiff
North Star Terminal and Stevedoring Company's
Motion To Compel Discovery -- Page 5 of 18

proceeding to determine the amount of punitive damages.

Moreover, consideration of the financial condition of a party is a relevant factor in a claim for punitive damages only *after* the plaintiff proves by clear and convincing evidence that the wrongdoer's conduct was outrageous. In *Sturm, Ruger & Co., Inc., v. Day*, 594 P.2d 38, 46-49 (Alaska 1979), overruled on other grounds, *Dura Corp. v. Harned*, 703 P.2d 396 (Alaska 1985), the court found that punitive damages were awardable in a strict liability case if a plaintiff met the clear and convincing evidentiary standard. The court considered the wealth of a defendant as a relevant factor that bears on the excessiveness of a punitive damages award *only after* sufficient evidence sustained a jury's award of punitive damages. *Id.* at 47-48. Hence, there is no reason why North Star should have discovery of Nugget's financial condition until after the trier of fact has determined if punitive damages are appropriate.

North Star cites cases in its motion to justify obtaining Nugget's privileged, confidential, and proprietary financial information that fail to address the clear limitation

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Defendant Nugget Construction, Inc.'s Memorandum
in Opposition to Plaintiff and Use-Plaintiff
North Star Terminal and Stevedoring Company's
Motion To Compel Discovery -- Page 6 of 18

on discovery of financial information contained in the applicable Alaska statute. Moreover, North Star misconstrues the punitive damages discussion in *Norcon Inc. v. Kotowski*, 971 P.2d 158, 173-177 (Alaska 1999). The *Norcon* court dealt with the issues of whether there was sufficient evidence to present the question of punitive damages to the jury, and whether the jury's award of punitive damages was excessive and required remittitur. *Id.* at 173. The jury had already rendered a verdict on punitive damages before the court allowed the jury to consider the amount of the award. Thus, the defendant's financial condition as discussed in *Norcon* was a factor to be considered *after* the defendant was found liable for punitive damages.

The pre-1997 and post-1997 punitive damages statute requires a prerequisite showing of liability before consideration of financial information is allowed. Thus, the Court should deny North Star's motion to compel Nugget's financial information based on the unequivocal language of the

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Defendant Nugget Construction, Inc.'s Memorandum
in Opposition to Plaintiff and Use-Plaintiff
North Star Terminal and Stevedoring Company's
Motion To Compel Discovery -- Page 7 of 18

punitive damages statute and to promote the legislative intent of the statute.[2]

C. North Star Has Not Shown Prejudice

North Star asserts that the pre-1997 punitive damages statute is applicable in this lawsuit because the accrual date of North Star's state law claims occurred prior to August 7, 1997. However, North Star's argument ignores that its punitive damages claims were filed well after AS 09.17.020 went into effect. North Star's contention of the inapplicability of the post-1997 statute is misplaced since its state law actions accrued after August 7, 1997, as pointed out above.

Furthermore, even if the Court did not apply AS 09.17.020, North Star has failed to make any showing of any need to learn of Nugget's financial conditions at this point in time. Other than for purposes of evaluating an appropriate

---

[2] The legislative intent of the 1997 amendment further supports the interpretation of the punitive damages statute: to provide for reasonable, but not excessive, punitive damage awards against tortfeasors sufficient to deter conduct and practices that harm innocent Alaskans while not hampering a positive business environment by allowing excessive penalties. (Am § 10 ch 26 SLA 1997, Section 1, paragraph (2)). Further, Chapter 26, Section 48 provides that AS 09.17.020(e) has the effect of amending Rule 26, Alaska Rules of Civil Procedure, by limiting discovery in certain actions.

U.S. ex rel. North Star, et al. v. Nugget Construction, et al.
Case No. A98-009 CIV (HRH)
Defendant Nugget Construction, Inc.'s Memorandum
in Opposition to Plaintiff and Use-Plaintiff
North Star Terminal and Stevedoring Company's
Motion To Compel Discovery -- Page 8 of 18

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

penalty if punitive damages are imposed, North Star wants Nugget's financial information to ascertain Nugget's ability to satisfy a judgment in this case and contends that it is worried about Nugget's financial resources being dissipated. *See* North Star's Motion to Compel, p. 8 of 12. North Star fails to cite any law that renders financial information discoverable to assist a party in preparing for the future collectability of a judgment. The purpose of pretrial discovery is to prepare for trial of issues, not to uncover assets that might be applied toward the satisfaction of a judgment. *See Clauss v. Danker*, 264 F. Supp. 246 (S.D.N.Y. 1967).

North Star also seeks Nugget's financial information to evaluate the case's settlement value. *See* North Star's Motion to Compel, p. 8 of 12. North Star's discovery of Nugget's wealth is irrelevant to settlement and is not an appropriate basis for seeking discovery. Moreover, Nugget has continuously maintained that North Star's claims are spurious and unsubstantiated. The discovery of Nugget's financial resources absent actual factual basis for the award of punitive damages would unnecessarily invade Nugget's confidential and

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Defendant Nugget Construction, Inc.'s Memorandum
in Opposition to Plaintiff and Use-Plaintiff
North Star Terminal and Stevedoring Company's
Motion To Compel Discovery -- Page 9 of 18

proprietary rights. Therefore, there is absolutely no need for North Star to engage in the pretrial discovery of Nugget's financial conditions.

North Star's requests for Nugget's financial information are premature and unnecessary at this time. North Star will not be prejudiced if it obtains such information after the liability phase of trial. The Court can allow the parties to engage in expedited discovery on North Star's punitive damage claims, including information related to Nugget's wealth and financial condition, before resuming trial on the punitive damage claims. Such an approach saves the judicial system time, and preserves the confidential and proprietary rights of Nugget.

## II. NUGGET'S INSURANCE INFORMATION

### A. Insurance and Indemnity Agreements

North Star moves to compel the production of Nugget's insurance agreements. Nugget does not dispute Federal Civil Rule 26(a)(1)(D) allows for the inspection and copying of insurance agreements that may be liable to satisfy part or all of a judgment. However, this is a claim for economic loss, not

U.S. ex rel. North Star, et al. v. Nugget Construction, et al.
Case No. A98-009 CIV (HRH)
Defendant Nugget Construction, Inc.'s Memorandum
in Opposition to Plaintiff and Use-Plaintiff
North Star Terminal and Stevedoring Company's
Motion To Compel Discovery -- Page 10 of 18

property damage, personal injury, or wrongful death. Consequently, there are not any insurance policies that apply to this type of claim.

Nugget indicated in its Rule 26(a)(1)(D) disclosure that it has no insurance agreement applicable to North Star's Miller Act or state law claims. Nugget also revealed in its discovery responses that there are no documents referencing any insurance agreement pertinent to North Star's claims. In effect, Nugget does not possess any agreement or policy under which an insurance business may be liable to satisfy any judgment which might be entered against it in this case. The federal rules do not require Nugget to produce more than it has already provided pursuant to its mandatory disclosure obligation. The federal rules also do not entitle North Star to scrutinize all insurance agreements that Nugget may have in order to make its own determination regarding potential coverage.

Nevertheless, John Smithson testified on behalf of Nugget that he would confirm with Nugget's insurance carrier whether any policies dating back from 1997 might provide

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Defendant Nugget Construction, Inc.'s Memorandum
in Opposition to Plaintiff and Use-Plaintiff
North Star Terminal and Stevedoring Company's
Motion To Compel Discovery -- Page 11 of 18

coverage to the Homer Spit Project. *See* Attached Exhibit B, p. 81, lines 13-22. Nugget's counsel also agreed that any insurance policies or agreements which might cover North Star's allegations will be forwarded to North Star's counsel. *See* Attached Exhibit B, p. 79, lines 18-25; p. 80, lines 1-13. Moreover, when Nugget made its Fed. R. Civ. P. 26(a)(1)(D) Second Supplemental Disclosures on October 26, 2005, and responded to North Star's discovery requests on November 8, 2005, that to the best of Nugget's knowledge and belief at those times, there were no known insurance agreements that would cover North Star's numerous claims. Nugget specifically stated that it would supplement its responses should new or different information become known through discovery. However, to date, North Star has failed to develop a basis why Nugget's insurance policies would provide coverage for the claims asserted by North Star.

B.  Other Insurance Information and Documents

Although Nugget agrees to disclose any applicable insurance agreements, Nugget contests the disclosure requested in North Star's overbroad and sweeping demand for "any

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Defendant Nugget Construction, Inc.'s Memorandum
in Opposition to Plaintiff and Use-Plaintiff
North Star Terminal and Stevedoring Company's
Motion To Compel Discovery -- Page 12 of 18

information and documents regarding Nugget claims against insurance." *See* North Star's Motion to Compel, page 11 of 12, lines 14-15. North Star is not entitled to any of Nugget's insurance information and documents, including "claims against insurance," to the extent they contain personal and financial information or have no relation to the claims and defenses asserted in this case. The Advisory Committee Notes on Fed. R. Civ. P. 26(b)(2) clearly state the limitations on the disclosure of insurance coverage: that insurance should be distinguished from any other facts concerning a defendant's financial status: (1) because insurance is an asset created specifically to satisfy the claim; (2) because the insurance company ordinarily controls the litigation; (3) because the information about coverage is available only from defendant or his insurer; and (4) because disclosure does not involve a significant invasion of privacy.

Further, the Advisory Committee comments that "the insurance application may contain personal and financial information concerning the insured, discovery of which is beyond the purpose of this provision," and that "in no instance does

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Defendant Nugget Construction, Inc.'s Memorandum
in Opposition to Plaintiff and Use-Plaintiff
North Star Terminal and Stevedoring Company's
Motion To Compel Discovery -- Page 13 of 18

disclosure make the facts concerning insurance coverage admissible in evidence." *See also* Fed. R. Evid. 411.[3] As North Star correctly points out, Fed. R. Civ. P. 26(a)(1)(D) replaces subdivision (b)(2) of Rule 26, but such change does not signify any change of law. *See* North Star's Motion to Compel, page 9 of 12. As such, North Star's discovery of Nugget's insurance information should be limited so as to prevent North Star from invading Nugget's confidential personal and financial information. Nugget requests the Court deny North Star's efforts to obtain insurance information beyond that which is allowed under the federal rules.

C.   Deposition Testimony of Insurance Information

In addition, Nugget requests the Court to reject North Star's demand to depose Nugget's insurance agent and John Terwilliger as part of Nugget's continuing 30(b)(6) deposition. First, nowhere in the federal rules is Nugget required to offer

---

[3] Federal Rule of Evidence 411: Liability Insurance: Evidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongfully. This rule does not require the exclusion of evidence of insurance against liability when offered for another purpose, such as proof of agency, ownership, or control, or bias or prejudice of a witness.

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Defendant Nugget Construction, Inc.'s Memorandum
in Opposition to Plaintiff and Use-Plaintiff
North Star Terminal and Stevedoring Company's
Motion To Compel Discovery -- Page 14 of 18

the insurance carrier, its agents, employees, or representatives to testify as Nugget's 30(b)(6) designee. The rule is clear and simple: where a 30(b)(6) notice is propounded on a private corporation, "the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf . . . ." The insurance agent is not an officer, director, or managing partner of Nugget and has no corporate affiliation with Nugget by any stretch of the imagination. If North Star seeks Nugget's insurance agent to testify on Nugget's insurance matters, then it has other available means to procure the testimony, i.e., Fed. R. Civ. P. 30(a)(1) or 31(a)(1).

Second, even if Nugget could offer John Terwilliger as a 30(b)(6) deponent, Mr. Terwilliger's deteriorating health conditions continue to hinder his availability and capacity to testify in this case. North Star's callous insistence on Mr. Terwilliger's testimony blatantly ignores his vulnerable state of health. Should North Star continue to persist on Mr. Terwilliger's testimony, then Nugget will seek a protective order under Fed. R. Civ. P. 26(c) and seek sanctions under Fed.

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Defendant Nugget Construction, Inc.'s Memorandum
in Opposition to Plaintiff and Use-Plaintiff
North Star Terminal and Stevedoring Company's
Motion To Compel Discovery -- Page 15 of 18

R. Civ. P. 37(a)(4). And should the Court require Nugget to produce a deponent to testify on its insurance matters, Nugget requests that the Court limit the testimony to the remaining time allowed for North Star's recommencement of its 30(b)(6) deposition so as not to exceed the seven (7) hour maximum afforded under Fed. R. Civ. P. 30(d)(2).

### III. EXPENSES INCURRED IN OPPOSING NORTH STAR'S MOTION TO COMPEL AND CONCLUSION

Pursuant to Fed. R. Civ. P. 37(a)(4)(B), Nugget requests that it be awarded its reasonable costs and expenses incurred in opposing North Star's Motion to Compel. In the alternative, should the court grant in part or deny in part North Star's motion, that the court "apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just matter" pursuant to Federal Rule of Civil Procedure 37(a)(4)(C). For all the foregoing reasons, the Court should deny North Star's Motion to Compel Discovery and award Nugget its reasonable costs expended on opposing North Star's motion.

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Defendant Nugget Construction, Inc.'s Memorandum
in Opposition to Plaintiff and Use-Plaintiff
North Star Terminal and Stevedoring Company's
Motion To Compel Discovery -- Page 16 of 18

1  Dated: December 27, 2005    OLES MORRISON RINKER & BAKER LLP
                                Attorneys for Nugget Construction,
2                                 Inc., and United States
                                  Fidelity and Guaranty Co.
3

4
                                By: _____
5                                   Traeger Machetanz
6                                   Alaska Bar No. 8411127
                                    Gloria Ho
7                                   Alaska Bar No. 0507064

8
   P-GYH 092 OPP mot to compel 122205
9

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Defendant Nugget Construction, Inc.'s Memorandum
in Opposition to Plaintiff and Use-Plaintiff
North Star Terminal and Stevedoring Company's
Motion To Compel Discovery -- Page 17 of 18

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

CERTIFICATE OF SERVICE

I hereby certify that on this 27TH day of December, 2005, a true and correct copy of the foregoing was mailed/hand delivered, as indicated, to:

Michael W. Sewright, Esq. - **via hand delivery**
Burr, Pease & Kurtz
810 N Street
Anchorage, AK 99501

Steven J. Shamburek, Esq. - **via hand delivery**
Law Office of Steven J. Shamburek
425 G Street, Suite 630
Anchorage, AK 99501-5872

Paul Stockler, Esq. - **via hand delivery**
1309 West 16th Avenue
Anchorage, AK 99501

C. Patrick Stoll, Esq. - **via U.S. Mail**
Herrig Vogt & Stoll LLP
4210 Douglas Bay Blvd., Suite 100
Granite Bay, CA 95746-5902

Herbert A. Viergutz, Esq. - **via hand delivery**
Barokas Martin & Tomlinson
1029 West Third, Suite 280
Anchorage, AK 99501

OLES MORRISON RINKER & BAKER LLP

By: _____
    Karin Gustafson

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Defendant Nugget Construction, Inc.'s Memorandum
in Opposition to Plaintiff and Use-Plaintiff
North Star Terminal and Stevedoring Company's
Motion To Compel Discovery -- Page 18 of 18

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519