**D R A F T**
01/11/06 4:50 PM
Page 1

Michael W. Sewright
BURR, PEASE & KURTZ
810 N Street
Anchorage, AK  99501-3293
Telephone:  (907) 276-6100
Fax No.:  (907) 258-2530
Attorneys for North Star

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a Northern Stevedoring & Handling, and NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a Northern Stevedoring & Handling, on its own behalf,<br><br>            Plaintiffs,<br>  and<br><br>UNITED STATES OF AMERICA for the use of SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Services, and SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Services, on its own behalf,<br><br>            Intervening Plaintiffs,<br>  and<br><br>METCO, INC.,<br><br>            Intervening Plaintiff,<br>  vs.<br><br>NUGGET CONSTRUCTION, INC.; SPENCER ROCK PRODUCTS, INC.; UNITED STATES FIDELITY AND GUARANTY COMPANY; and ROBERT A. LAPORE, | Case No. A98-009 CIV (HRH)<br><br>**STIPULATED PROTECTIVE<br>ORDER** |

---

Stipulated Protective Order            1 of 15            Exhibit 2
*North Star Terminal & Stevedore Co., et al v. Nugget Construction et al*
Case No. A98-009 CV            45-40 / #81469

**D R A F T**
01/11/06 4:50 PM
Page 2

Defendants.

In order to expedite and facilitate the discovery process in this matter, the parties, through their respective counsel of record, hereby Stipulate and Agree and request that the Court HEREBY ORDER as follows:

1. During the course of this litigation the parties may designate information or documents as confidential and the production, discovery, disclosure and use of such information and documents shall be governed by this Order.

2. The types of matters or items that may be designated as confidential are: (1) information that is or may be contained in or conveyed by oral deposition, other pretrial testimony, or in documents or other tangible things (hereinafter "information") and (2) documents and other tangible things that are or may be subject to a disclosure, request for production or subpoena (hereinafter "documents"). Information and documents may be designated as confidential in the following areas:

(a) Accounting matters, audits, taxes, financial matters or statements, income records, revenue or income projections, financial data regarding assets, liabilities or net worth, profit and loss statements, balance sheets, income statements, payroll and time records, tax returns and schedules, W-2's, bank account registers, statements and ledgers, and copies of checks;

**D R A F T**
01/11/06 4:50 PM
Page 3

(b) Employment and job personnel information, files, and records, including employee evaluations, compensation and social security numbers;

(c) Proprietary information or data;

(d) Information or documents that are kept confidential or are required to be kept confidential by an agreement between any party and any third persons or entities;

(e) Information or documents that are confidential by law;

(f) Customer or client information as to which a reasonable expectation of privacy exists.

3. Information and documents falling within the above categories, and designated by the parties as confidential, shall be governed by this Protective Order. A party may challenge the confidential designation for information or documents on the grounds that they do not fall within the above categories or that such information or documents are not or have not been kept confidential. In such event, the burden of proving confidentiality rests on the party that has made the designation. The parties shall attempt to resolve between themselves any disputes about the proper classification of information or materials as confidential before submitting such matters to the Court. If the parties are unable to resolve disputes, any party may file an appropriate motion with the Court, which motion shall proceed in the ordinary fashion. However, the information and documents in dispute shall be treated as confidential under this Protective Order until

the Court rules on the motion. No party shall be obligated to challenge the propriety of a confidential designation at the time the designation is made; subject to further order of the Court, a challenge may be made at any time up to the deadline for filing discovery-related motions or at such later time as is reasonable if the designation is made at or near the deadline for such motions or afterwards.

4. To designate documents or written materials as confidential, the designating party shall give clear written notice of that designation such as to enable specific identification of each document or material or place the legend "CONFIDENTIAL" on the documents or materials, individually or as a category, unless the documents are already covered by a confidentiality or protective order in this action preceding the date of this Order. Discovery provided by a party or non-party may be designated as confidential by any party.

5. With respect to testimony elicited during any deposition or other pretrial hearing, whenever counsel for any party deems that a question or line of questioning calls for or has resulted in the disclosure of information that should be treated as confidential, said counsel may designate on the record prior to or following such disclosure that the testimony is confidential. In the event that any person who is not authorized under paragraph 7 below to receive confidential documents or information is present and is not the witness being examined or the court reporter recording the

**D R A F T**
01/11/06 4:50 PM
Page 5

proceedings, such person shall be excluded from those portions of the proceeding in which confidential matters are disclosed.

      6.    In addition to the above method of designating confidential documents, materials, and/or testimony, counsel for any party may designate all or any portion of such matter or testimony which has already been produced or taken in this case before the entry of this Order as confidential by serving a written notice to that effect on all other parties.

      7.    Confidential information and documents shall be disclosed, disseminated, made available or otherwise communicated only to:

      (a)    The legal counsel of record for the parties in this action, their respective associates, clerks, secretaries, legal assistants, and stenographic personnel;

      (b)    Any court hearing this action and its clerks, secretaries, legal assistants, and stenographic personnel (in any filings with the court confidential information and documents shall be sealed);

      (c)    Subject to the provisions of paragraph 9 hereafter, outside consultants or experts employed by any party or counsel to assist in the preparation for trial or in the trial of this action;

_____
Stipulated Protective Order    5 of 15    Exhibit 2
*North Star Terminal & Stevedore Co., et al v. Nugget Construction et al*
Case No. A98-009 CV    45-40 / #81469

**D R A F T**
01/11/06 4:50 PM
Page 6

  (d) Subject to the provisions of paragraph 9 hereafter, the parties to this action and/or the management, in-house counsel, officers, and members of the boards of directors of the parties in this action; and

  (e) Such other persons as hereafter may be designated by written stipulation of all parties to this action filed with the Court, or designated by further order of the Court after a motion by any party to this action.

  8. Counsel of record retained by the parties shall at all times have and retain physical custody and control over confidential documents and information that are obtained from other parties. Counsel for each party shall be responsible for ensuring that such confidential documents and information are not used, disclosed, disseminated, made available, or otherwise communicated in violation of the terms of this Order. Counsel shall keep such confidential documents and information in secure files and permit only persons listed in paragraph 7 to have access to the files. Counsel shall maintain a listing of all persons to whom such confidential documents and information have been disclosed and the listing shall be available for inspection by the attorneys of record for any other party. The requirements of this paragraph 8 pertain only to confidential documents and information obtained from other parties. Each party may store and handle its own confidential documents and information in any manner it deems appropriate.

  9. No outside consultant or expert shall be given access to any confidential documents or information until the counsel seeking to disclose such

---

Stipulated Protective Order  6 of 15  Exhibit 2
*North Star Terminal & Stevedore Co., et al v. Nugget Construction et al*
Case No. A98-009 CV  45-40 / #81469

confidential document or information ensures that the following conditions have been met:

  (a) That this Order has been read and understood by the person to whom the disclosure will be made; and

  (b) That the person to whom disclosure will be made has signed a confidentiality agreement in the form attached hereto as Exhibit A. The signed agreement need not be served on opposing parties nor filed with the Court but shall be retained by counsel and be available for inspection by other counsel upon request.

  No party to this action, or officer, management employee, in-house counsel, or member of the board of directors of any party in this action, shall be given access to any confidential documents or information until the counsel seeking to disclose such confidential document or information ensures that this Order has been read and understood by the person to whom the disclosure will be made.

  10. The provisions herein pertaining to outside consultants and experts shall not be deemed to constitute a waiver of any of the provisions of Rule 26 of the Federal Rules of Civil Procedure.

  11. All copies of any deposition or other transcript that includes portions designated as confidential information, and any exhibits to transcripts that may have been designated as confidential documents, shall be subject to the provisions of this Order.

Stipulated Protective Order  7 of 15  Exhibit 2
*North Star Terminal & Stevedore Co., et al v. Nugget Construction et al*
Case No. A98-009 CV  45-40 / #81469

**D R A F T**
01/11/06 4:50 PM
Page 8

Any court reporter who reports or transcribes testimony in this action at a deposition shall execute an agreement in the form of Exhibit A hereto, acknowledging that he or she has read this Protective Order and agrees to be bound by the terms and provisions hereof. Copies of any transcript, reporter's notes or any other transcription records of any testimony or exhibits to a deposition designated as confidential and marked as such shall only be provided or disclosed to persons authorized to receive confidential information and documents under the terms of paragraph 7 hereof.

12. No person, firm, corporation or other entity subject to this Protective Order shall disclose, disseminate, make available or otherwise communicate confidential documents or information to any person, firm, corporation or other entity not expressly authorized by this Order to receive such confidential documents or information. In addition, no party, attorney, person, firm, corporation or other entity shall use any confidential documents or information obtained through the discovery process in this action for any purpose other than preparation for trial, pre-trial motions (with the confidential documents and/or information sealed), trial, or any appeal of this action. Use of any confidential documents or information obtained through discovery for any business, competitive, governmental, political, public relations, or educational purpose or function is expressly prohibited hereunder. However, nothing in this Order shall preclude any party or attorney from utilizing information which comes into its possession outside of the discovery process in this action.

13. All confidential documents and information filed with the Court for any purpose shall be filed in a sealed envelope or other container marked on the outside with the title of the action, identification of each item within, and a statement substantially as follows:

> 'Confidential information -- subject to Protective Order. This item shall not be opened except as ordered by the Court.'

All such documents and things so filed with the court shall be treated in accordance with the provisions of this Order.

14. At the conclusion of this litigation in this Court (including any appeal and retrial), all materials, documents and information which are confidential as set out in this order, and any and all copies thereof, shall be returned to the party that produced them or provided the information, or to that party's counsel; or all parties having them shall certify in writing to their complete destruction. In addition, all summaries or other materials containing, referencing or disclosing information contained in such confidential materials, documents and/or deposition testimony, and all copies thereof, shall either be returned to the party producing the document or material or providing the information or be destroyed (and their destruction certified).

15. All parties and their counsel have stipulated to the entry of this Order and thereby agreed and acknowledged that violation of any provision of this Protective Order permits the imposition of sanctions against the violator, which sanctions

may include monetary penalties or the exercise of the Court's contempt power.  Each party shall also have the right to pursue any claim it may have against the other party who may misuse confidential documents or information obtained through the discovery process in this action.  This Order shall continue to be binding after the conclusion of this lawsuit.  Notwithstanding the conclusion of this litigation, the Court shall retain jurisdiction to enforce the provisions of this Protective Order and to make such amendments, modifications and conditions hereto as may be appropriate.

16. Neither the entry of this Order nor the parties' stipulation to the entry of this Order shall affect the right of any party to object to discovery on any other permissible ground, including but not limited to the attorney-client privilege and attorney work product doctrine.  All parties reserve their right to object to any reference to or the admissibility of the confidential documents, materials, or testimony at trial for any reason other than confidentiality, and subject to limiting instructions to protect their confidentiality at trial, and further reserve their right to object to any witness relying on or testifying about confidential documents at trial on grounds other than confidentiality and subject to limiting instructions.  Neither the entry of this Order nor this stipulation shall affect the parties' rights to make such objections or request such instructions.

STIPULATED AND AGREED:

BURR, PEASE & KURTZ
Attorneys for North Star Terminal
 & Stevedore Company

**D R A F T**
01/11/06 4:50 PM
Page 11

DATED: January ___, 2006          By _____
                                   Michael W. Sewright
                                     Alaska Bar # 7510090


                                   OLES MORRISON RINKER & BAKER LLP
                                   Attorneys for Nugget Construction & USF&G


DATED: January ___, 2006          By _____
                                   Traeger Machetanz
                                     Alaska Bar #8411127


                                   BAROKAS MARTIN & TOMLINSON
                                   Co-Counsel for USF&G


DATED: January ___, 2006          By _____
                                   Herbert A. Viergutz
                                     Alaska Bar #8506088

_____
Stipulated Protective Order                 11 of 15                    Exhibit 2
*North Star Terminal & Stevedore Co., et al v. Nugget Construction et al*
Case No. A98-009 CV                                                 45-40 / #81469

**D R A F T**
01/11/06 4:50 PM
Page 12

                                        Attorney for Shoreside Petroleum, Inc.
                                         and Metco, Inc.

DATED: January ___, 2006                    By _____
                                               Steven J. Shamburek
                                                 Alaska Bar #8606063


                                        Attorney for Robert A. LaPore and
                                        Spencer Rock Products

DATED: January ___, 2006                    By _____
                                                 Paul D. Stockler
                                                 Alaska Bar #8606032


                                        HERRIG VOGT & STOLL LLP
                                        Co-Counsel for Robert A. LaPore and
                                        Spencer Rock Products

DATED: January ___, 2006                    By _____
                                                 C. Patrick Stoll

_____
Stipulated Protective Order                12 of 15                Exhibit 2
*North Star Terminal & Stevedore Co., et al v. Nugget Construction et al*
Case No. A98-009 CV                                                       45-40 / #81469

# PROTECTIVE ORDER

IT IS SO ORDERED.

DATED: _____, 2006.

_____
HONORABLE H. RUSSEL HOLLAND
U.S. District Court Judge

**D R A F T**
01/11/06 4:50 PM
Page 14

# EXHIBIT A

## AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER

I, _____ [name], of

_____ [address], am currently employed by

_____ [employer's name], of

_____ [employer's address], and I hereby acknowledge that I have both received and read a copy of the Stipulated Protective Order entered by the Court in *United States of America for the use of North Star Terminal & Stevedore Company, d/b/a Northern Stevedoring & Handling, and North Star Terminal & Stevedore Company, d/b/a Northern Stevedoring & Handling, on its own behalf, Plaintiffs, and United States of America for the use of Shoreside Petroleum, Inc., d/b/a Marathon Fuel Services, and Shoreside Petroleum, Inc., d/b/a Marathon Fuel Services, on its own behalf, Intervening Plaintiffs, and Metco, Inc., Intervening Plaintiff, vs. Nugget Construction, Inc.; Spencer Rock Products, Inc.; United States Fidelity and guaranty Company; and Robert a. LaPore, Defendants,* in the U.S. District Court for the District of Alaska, Case No. A 98-009 Civil.  I hereby represent and state that I understand the terms and provisions of that Protective Order and agree to be bound by all terms and provisions of that Protective Order.  I also agree to be subject to the jurisdiction of the United States District Court for the District of Alaska for purposes of enforcing said Protective Order, including monetary penalties, contempt of court citations, or other appropriate sanctions, for any violations of that Protective Order.

**D R A F T**
01/11/06 4:50 PM
Page 15

DATED:_____   _____
                                   [Signature]