IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

```
UNITED STATES OF AMERICA for the   )
use of NORTH STAR TERMINAL &       )
STEVEDORE COMPANY, d/b/a Northern  )
Stevedoring & Handling, and NORTH  )
STAR TERMINAL & STEVEDORE COMPANY, )
d/b/a Northern Stevedoring & Hand- )
ling, on its own behalf,           )
                                   )
                Plaintiffs,        )
     and                           )
                                   )
UNITED STATES OF AMERICA for the   )
use of SHORELINE PETROLEUM, INC.,  )
d/b/a Marathon Fuel Service, and   )
SHORELINE PETROLEUM, INC., d/b/a   )
Marathon Fuel Service, on its own  )
behalf,                            )
                                   )
           Intervening Plaintiffs, )
                                   )
     and                           )
                                   )   No. A98-0009-CV (HRH)
METCO, INC.,                       )
                                   )
           Intervening Plaintiff,  )
                                   )       O R D E R
     vs.                           )
                                   )   Motion to Compel
NUGGET CONSTRUCTION, INC.; SPENCER )      Discovery
ROCK PRODUCTS, INC.; UNITED STATES )
FIDELITY AND GUARANTY COMPANY; and )
ROBERT A. LAPORE,                  )
                                   )
                Defendants.        )
_____)
```

Plaintiff North Star moves for an order compelling certain discovery.[1] The intervening plaintiffs join in the motion.[2]

---

[1]   Clerk's Docket No. 421.

[2]   Clerk's Docket No. 422.

- 1 -

The motion is opposed by defendants. Oral argument is unnecessary as to this motion.

Plaintiffs seek full and complete disclosure/discovery responses with respect to defendants' insurance agreements (Fed. R. Civ. P. 26(a)(1)(D)), Northstar's first discovery interrogatories, Nos. 2, 3, and 5, and requests for production, Nos. 3, 4, 5, 6, 7 and 8, and a Rule 30(b)(6) deposition of defendant Nugget. The motion is granted in its entirety. Nugget shall provide full and complete disclosure as sought by plaintiffs through its Interrogatories Nos. 2, 3, and 5, Requests for Production Nos. 3 through 8, and by Rule 30(b)(6) deposition or a conventional deposition of Nugget's insurance broker. The parties shall enter into the stipulated confidentiality order that Northstar proffers.

Relying upon AS 09.17.020, Nugget contends that much of the discovery sought by the plaintiffs at this time is premature. As Nugget points out, AS 09.17.020(e) precludes discovery of evidence relevant to the amount of a punitive damage claim "until after the fact finder has determined that an award of punitive damages is allowed...." That statute has no application to this case for two reasons. Section .020 does not apply with respect to claims accruing before the effective date of that statute, August 7, 1997. <u>Norcon, Inc. v. Kotowski</u>, 971 P.2d 158, 175 n.21 (Alaska 1999). The facts upon which plaintiffs' punitive damages claim in this case is founded took place well before August 7, 1997. Moreover, discovery and the timing of discovery is a matter of procedural law governed by the Federal Rules of Civil Procedure.

The timing of discovery is not a substantive matter as to which local law is applicable.

Nugget argues that Rule 26, Federal Rules of Civil Procedure, as currently formulated, restricts discovery to matters not privileged which are "relevant to the claim ... of any party...." Admittedly, discovery is not as broad today as it once was. However, the financial worth and stability of a defendant is, in the view of this court, highly relevant to the claims asserted by the plaintiffs. If such information were not generally discoverable, there would be a huge impediment to the pretrial settlement of civil litigation. Were discovery so restricted, defendants could keep plaintiffs embroiled in protracted litigation such as this while the defendant business wastes away, by accident or design, to the great detriment of the civil justice system that depends substantially upon the willingness and ability of parties to make reasonably full disclosures of their respective situations such that intelligent judgments as regards how and when cases should be settled may be made.

Nugget contends that its insurance policies and claims data should not be produced because, it asserts, there is no coverage for any claim made by the plaintiffs here. As plaintiffs point out, the insurance broker and the insured are not always the best judges of whether or not coverage is available. The court deems Nugget to have discharged its disclosure responsibility under Rule 26(a)(1)(D), but that does not end the matter. It is by no means beyond the realm of possibility that Nugget had the benefit of a liability policy that could afford coverage as regards one or

more of the claims asserted by the plaintiffs. Therefore, plaintiffs are entitled to the production of any and all of Nugget's insurance policies which afford any type of third-party liability coverage; and the plaintiffs are entitled to follow up on that discovery if they choose, either through a continuation of plaintiffs' Rule 30(b)(6) deposition of Nugget or a deposition of Nugget's insurance broker.

Nugget points out that its principal is not in the best of health. The court is confident that counsel for plaintiffs can and will be sensitive to this situation and will make all necessary, reasonable accommodations as regards a Rule 30(b)(6) deposition of Nugget's principal. In this regard, it does appear to the court that Nugget has not produced the person most knowledgeable of matters into which plaintiffs desired and were entitled to inquire through a Rule 30(b)(6) deposition. In addition, plaintiffs may depose Nugget's insurance broker.

Dated at Anchorage, Alaska, this <u>18th</u> day of January, 2006.

/s/ H. Russel Holland
United States District Judge

<u>IMMEDIATE NOTIFICATION</u>
<u>IS REQUESTED</u>