Michael W. Sewright
BURR, PEASE & KURTZ
810 N Street
Anchorage, AK  99501-3293
Telephone:   (907) 276-6100
Fax No.:       (907) 258-2530
Attorneys for North Star

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a Northern Stevedoring & Handling, and NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a Northern Stevedoring & Handling, on its own behalf, | |
| Plaintiffs, | |
| and | Case No. A98-009 CIV (HRH) |
| UNITED STATES OF AMERICA for the use of SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Services, and SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Services, on its own behalf, | **STIPULATED PROTECTIVE ORDER** |
| Intervening Plaintiffs, | |
| and | |
| METCO, INC., | |
| Intervening Plaintiff, | |
| vs. | |
| NUGGET CONSTRUCTION, INC.; SPENCER ROCK PRODUCTS, INC.; UNITED STATES FIDELITY AND GUARANTY COMPANY; and ROBERT A. LAPORE, | |
| Defendants. | |

In order to expedite and facilitate the discovery process in this matter, the parties, through their respective counsel of record, hereby Stipulate and Agree and request that the Court HEREBY ORDER as follows:

1.  During the course of this litigation the parties may designate information or documents as confidential and the production, discovery, disclosure and use of such information and documents shall be governed by this Order.

2.  The types of matters or items that may be designated as confidential are: (1) information that is or may be contained in or conveyed by oral deposition, other pretrial testimony, or in documents or other tangible things (hereinafter "information") and (2) documents and other tangible things that are or may be subject to a disclosure, request for production or subpoena (hereinafter "documents" or "document"). Information and documents may be designated as confidential in the following areas:

    (a)  Accounting matters, audits, taxes, financial matters or statements, income records, revenue or income projections, financial data regarding assets, liabilities or net worth, profit and loss statements, balance sheets, income statements, payroll and time records, tax returns and schedules, W-2's, bank account registers, statements and ledgers, and copies of checks;

    (b)  Employment and job personnel information, files, and records, including employee evaluations, compensation and social security numbers;

    (c)  Proprietary information or data;

        (d)       Information or documents that are kept confidential or are required to be kept confidential by an agreement between any party and any third persons or entities;

        (e)       Information or documents that are confidential by law;

        (f)       Customer or client information as to which a reasonable expectation of privacy exists.

        3.       Information and documents falling within the above categories, and designated by the parties as confidential, shall be governed by this Protective Order. A party may challenge the confidential designation for information or documents on the grounds that they do not fall within the above categories or that such information or documents are not or have not been kept confidential. In such event, the burden of proving confidentiality rests on the party that has made the designation. The parties shall attempt to resolve between themselves any disputes about the proper classification of information or materials as confidential before submitting such matters to the Court. If the parties are unable to resolve disputes, any party may file an appropriate motion with the Court, which motion shall proceed in the ordinary fashion. However, the information and documents in dispute shall be treated as confidential under this Protective Order until the Court rules on the motion. No party shall be obligated to challenge the propriety of a confidential designation at the time the designation is made; subject to further order of the Court, a challenge may be made at any time up to the deadline for filing discovery-related motions or at such later time as is reasonable if the designation is made at or near

_____
Stipulated Protective Order       3 of 13
*North Star Terminal & Stevedore Co., et al v. Nugget Construction et al*
Case No. A98-009 CV       45-40 / #81469 v.2

the deadline for such motions or afterwards. Neither do any of the parties waive the right to claim or designate a document or information confidential, according to the terms of this Protective Order, that has been produced or obtained prior to the date of this Protective Order, or that is inadvertently disclosed without being marked or designated confidential.

      4.      To designate documents or written materials as confidential, the designating party shall give clear written notice of that designation such as to enable specific identification of each document or material or place the legend "CONFIDENTIAL" on the documents or materials, individually or as a category, unless the documents are already covered by a confidentiality or protective order in this action preceding the date of this Order. Discovery provided by a party or non-party may be designated as confidential by any party.

      5.      With respect to testimony elicited during any deposition or other pretrial hearing, whenever counsel for any party deems that a question or line of questioning calls for or has resulted in the disclosure of information that should be treated as confidential, said counsel may designate on the record prior to or following such disclosure that the testimony is confidential. In the event that any person who is not authorized under paragraph 7 below to receive confidential documents or information is present and is not the witness being examined or the court reporter recording the proceedings, such person shall be excluded from those portions of the proceeding in which confidential matters are disclosed.

---
Stipulated Protective Order    4 of 13
*North Star Terminal & Stevedore Co., et al v. Nugget Construction et al*
Case No. A98-009 CV    45-40 / #81469 v.2

6. In addition to the above method of designating confidential documents, materials, and/or testimony, counsel for any party may designate all or any portion of such matter or testimony which has already been produced or taken in this case before the entry of this Order as confidential by serving a written notice to that effect on all other parties.

7. Confidential information and documents shall be disclosed, disseminated, made available or otherwise communicated only to:

(a) The legal counsel of record for the parties in this action, their respective associates, clerks, secretaries, legal assistants, and stenographic personnel;

(b) Any court hearing this action and its clerks, secretaries, legal assistants, and stenographic personnel (in any filings with the court confidential information and documents shall be sealed);

(c) Subject to the provisions of paragraph 9 hereafter, outside consultants or experts employed by any party or counsel to assist in the preparation for trial or in the trial of this action;

(d) Subject to their agreement to the provisions of this Protective Order, the parties to this action including the management, in-house counsel, officers, and members of the boards of directors of the parties in this action; and

(e) Such other persons as hereafter may be designated by written

stipulation of all parties to this action filed with the Court, or designated by further order of the Court after a motion by any party to this action.

8. Counsel of record retained by the parties shall at all times have and retain physical custody and control over confidential documents and information that are obtained from other parties. Counsel for each party shall be responsible for ensuring that such confidential documents and information are not used, disclosed, disseminated, made available, or otherwise communicated in violation of the terms of this Order. Counsel shall keep such confidential documents and information in secure files and permit only persons listed in paragraph 7 hereof to have access to the files. Counsel shall maintain a listing of all persons outside their office to whom they have disclosed any such confidential documents or information and that listing shall be available for inspection by the attorneys of record for any other party. The requirements of this paragraph 8 pertain only to confidential documents and information obtained from other parties. Each party may store and handle its own confidential documents and information in any manner it deems appropriate.

9. No outside consultant or expert shall be given access to any confidential documents or information until the counsel seeking to disclose such confidential document or information ensures that the person to whom disclosure will be made has signed a confidentiality agreement in the form attached hereto as Exhibit A. The signed agreement need not be served on opposing parties nor filed with the Court but

_____

Stipulated Protective Order                6 of 13
*North Star Terminal & Stevedore Co., et al v. Nugget Construction et al*
Case No. A98-009 CV                                                    45-40 / #81469 v.2

shall be retained by counsel and be available for inspection by other counsel upon request.

        10.    The provisions herein pertaining to outside consultants and experts shall not be deemed to constitute a waiver of any of the provisions of Rule 26 of the Federal Rules of Civil Procedure, including that Rule's disclosure provisions pertaining to such persons.

        11.    All copies of any deposition or other transcript that includes portions designated as confidential information, and any exhibits to transcripts that may have been designated as confidential documents, shall be subject to the provisions of this Order. Copies of any transcript, reporter's notes or any other transcription records of any testimony or exhibits to a deposition designated as confidential and marked as such shall only be provided or disclosed to persons authorized to receive confidential information and documents under the terms of paragraph 7 hereof.

        12.    No person, firm, corporation or other entity subject to this Protective Order shall disclose, disseminate, make available or otherwise communicate confidential documents or information to any person, firm, corporation or other entity not expressly authorized by this Order to receive such confidential documents or information.  In addition, no party, attorney, person, firm, corporation or other entity shall use any confidential documents or information obtained through the discovery process in this action for any purpose other than preparation for trial, pre-trial motions (with the confidential documents and/or information sealed), trial, or any appeal of this action.  Use

_____
Stipulated Protective Order        7 of 13
*North Star Terminal & Stevedore Co., et al v. Nugget Construction et al*
Case No. A98-009 CV        45-40 / #81469 v.2

of any confidential documents or information obtained through discovery for any business, competitive, governmental, political, public relations, or educational purpose or function is expressly prohibited hereunder. However, nothing in this Order shall preclude any party or attorney from utilizing information which comes into its possession outside of the discovery process in this action.

        13. All confidential documents and information filed with the Court for any purpose shall be filed in a sealed envelope or other container marked on the outside with the title of the action, identification of each item within, and a statement substantially as follows:

> 'Confidential information -- subject to Protective Order. This item shall not be opened except as ordered by the Court.'

All such documents and things so filed with the court shall be treated in accordance with the provisions of this Order.

        14. At the conclusion of this litigation in this Court (including any appeal and retrial), all materials, documents and information which are confidential as set out in this order, and any and all copies thereof, shall be returned to the party that produced them or provided the information, or to that party's counsel; or all parties having them shall certify in writing to their complete destruction. In addition, all summaries or other materials containing, referencing or disclosing information contained in such confidential materials, documents and/or deposition testimony, and all copies thereof, shall either be returned to the party producing the document or material or providing the information or be destroyed (and their destruction certified).

---

Stipulated Protective Order      8 of 13
*North Star Terminal & Stevedore Co., et al v. Nugget Construction et al*
Case No. A98-009 CV      45-40 / #81469 v.2

15. All parties and their counsel have stipulated to the entry of this Order and thereby agreed and acknowledged that violation of any provision of this Protective Order permits the imposition of sanctions against the violator, which sanctions may include monetary penalties or the exercise of the Court's contempt power. Each party shall also have the right to pursue any claim it may have against the other party who may misuse confidential documents or information obtained through the discovery process in this action. This Order shall continue to be binding after the conclusion of this lawsuit. Notwithstanding the conclusion of this litigation, the Court shall retain jurisdiction to enforce the provisions of this Protective Order and to make such amendments, modifications and conditions hereto as may be appropriate.

16. Neither the entry of this Order nor the parties' stipulation to the entry of this Order shall affect the right of any party to object to discovery on any other permissible ground, including but not limited to the attorney-client privilege and attorney work product doctrine. All parties reserve their right to object to any reference to or the admissibility of the confidential documents, materials, or testimony at trial for any reason other than confidentiality, and subject to limiting instructions to protect their confidentiality at trial, and further reserve their right to object to any witness relying on or testifying about confidential documents at trial on grounds other than confidentiality and subject to limiting instructions. Neither the entry of this Order nor this stipulation shall affect the parties' rights to make such objections or request such instructions.

STIPULATED AND AGREED:

                                        BURR, PEASE & KURTZ
                                        Attorneys for North Star Terminal
                                         & Stevedore Company

DATED: January ___, 2006                By _____
                                                        Michael W. Sewright
                                                           Alaska Bar # 7510090

                                        OLES MORRISON RINKER & BAKER LLP
                                        Attorneys for Nugget Construction & USF&G

DATED: January ___, 2006                By _____
                                                          Traeger Machetanz
                                                           Alaska Bar #8411127

                                        BAROKAS MARTIN & TOMLINSON
                                        Co-Counsel for USF&G

DATED: January ___, 2006                By _____
                                                          Herbert A. Viergutz
                                                           Alaska Bar #8506088

                                        Attorney for Shoreside Petroleum, Inc.
                                        and Metco, Inc.

DATED: January ___, 2006                By _____
                                                          Steven J. Shamburek
                                                           Alaska Bar #8606063

_____
Stipulated Protective Order        10 of 13
*North Star Terminal & Stevedore Co., et al v. Nugget Construction et al*
Case No. A98-009 CV                                                                                     45-40 / #81469 v.2

                Attorney for Robert A. LaPore and
                Spencer Rock Products

DATED: January ___, 2006        By _____
                Paul D. Stockler
                 Alaska Bar #8606032
                Also signing for

                HERRIG VOGT & STOLL LLP
                Co-Counsel for Robert A. LaPore and
                Spencer Rock Products

_____
Stipulated Protective Order     11 of 13
*North Star Terminal & Stevedore Co., et al v. Nugget Construction et al*
Case No. A98-009 CV                      45-40 / #81469 v.2

## **PROTECTIVE ORDER**

IT IS SO ORDERED.

DATED: _____, 2006.

                                                                       _____
                                                                       HONORABLE H. RUSSEL HOLLAND
                                                                        U.S. District Court Judge

_____
Stipulated Protective Order            12 of 13
*North Star Terminal & Stevedore Co., et al v. Nugget Construction et al*
Case No. A98-009 CV                                                           45-40 / #81469 v.2

**EXHIBIT A**

**<u>AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER</u>**

I, _____ [name], of _____

_____[address], am currently employed by

_____ [employer's name], of _____

_____[employer's address], and I hereby acknowledge that I have both received and read a copy of the Stipulated Protective Order entered by the Court in *United States of America for the use of North Star Terminal & Stevedore Company, d/b/a Northern Stevedoring & Handling, and North Star Terminal & Stevedore Company, d/b/a Northern Stevedoring & Handling, on its own behalf, Plaintiffs, and United States of America for the use of Shoreside Petroleum, Inc., d/b/a Marathon Fuel Services, and Shoreside Petroleum, Inc., d/b/a Marathon Fuel Services, on its own behalf, Intervening Plaintiffs, and Metco, Inc., Intervening Plaintiff, vs. Nugget Construction, Inc.; Spencer Rock Products, Inc.; United States Fidelity and guaranty Company; and Robert a. LaPore, Defendants,* in the U.S. District Court for the District of Alaska, Case No. A 98-009 Civil. I hereby represent and state that I understand the terms and provisions of that Protective Order and agree to be bound by all terms and provisions of that Protective Order. I also agree to be subject to the jurisdiction of the United States District Court for the District of Alaska for purposes of enforcing said Protective Order, including monetary penalties, contempt of court citations, or other appropriate sanctions, for any violations of that Protective Order.

DATED:_____   _____
                                                                  [Signature]

_____

Stipulated Protective Order        13 of 13
*North Star Terminal & Stevedore Co., et al v. Nugget Construction et al*
Case No. A98-009 CV        45-40 / #81469 v.2

CERTIFICATE OF SERVICE

I certify that on the 31th day of January, 2006, a copy of the above and foregoing **STIPULATED PROTECTIVE ORDER including attachment** was served **electronically** to Steven S. Shamburek and by **mail** on:

| | |
|---|---|
| Traeger Machetanz, Esq.<br>Gloria Y. Ho, Esq.<br>OLES MORRISON & RINKER<br>745 West Fourth Avenue, Suite 502<br>Anchorage, AK  99501 | Herbert A. Viergutz<br>Barokas Martin & Tomlinson<br>1029 W. 3rd Ave., Suite 280<br>Anchorage, AK 99501 |
| Paul D. Stockler, Esq.<br>1309 W. 16th Ave<br>Anchorage, AK 99501 | C. Patrick Stoll, Esq.<br>HERRIG VOGT & STOLL LLP<br>4210 Douglas Blvd., Ste. 100<br>Granite Bay, CA  95746-5902 |

s/ Michael W. Sewright

_____

Stipulated Protective Order
*North Star Terminal & Stevedore Co., et al v. Nugget Construction et al*
Case No. A98-009 CV

45-40 / #81469 v.2