Michael W. Sewright
BURR, PEASE & KURTZ
810 N Street
Anchorage, AK  99501-3293
Telephone:     (907) 276-6100
Fax No.:        (907) 258-2530
Attorneys for North Star

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA
## AT ANCHORAGE

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a Northern Stevedoring & Handling, and NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a Northern Stevedoring & Handling, on its own behalf,<br><br>                Plaintiffs,<br>     and<br><br>UNITED STATES OF AMERICA for the use of SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Service, and SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Service, on its own behalf,<br><br>              Intervening Plaintiffs,<br>     and<br><br>METCO, INC.,<br><br>              Intervening Plaintiff,<br>     vs.<br><br>NUGGET CONSTRUCTION, INC.; SPENCER ROCK PRODUCTS, INC.; UNITED STATES FIDELITY AND GUARANTY COMPANY; and ROBERT A. LAPORE,<br><br>              Defendants. | Case No. 3:98-cv-009-HRH<br><br>**NORTH STAR'S OPPOSITION TO DEFENDANT NUGGET CONSTRUCTION'S MOTION TO EXTEND DEADLINE FOR EXPERT <u>REPORTS</u>** |

NORTH STAR'S OPPOSITION TO DEFENDANT
NUGGET CONSTRUCTION'S MOTION TO EXTEND
DEADLINE FOR EXPERT REPORTS
*United States ex rel. North Star, et al.  v. Nugget
Construction, et al.,* A98-009 CIV (HRH)
Page 1 of 14                                        45-40/#82276

During the afternoon of February 14, 2006, defendant Nugget Construction, Inc. ("Nugget") filed a motion to extend this Court's deadline for exchanging reports and other information required as to retained experts by Federal Rule of Civil Procedure 26(a)(2).  Clerk's Docket No. 442.

Plaintiff and Use-Plaintiff North Star Terminal and Stevedore Company ("North Star") strongly opposes that motion.  North Star understands that the other claimants herein, Plaintiff-Intervenors Shoreside Petroleum, Inc. ("Shoreside") and Metco, Inc. ("Metco") are also filing their opposition to Nugget's motion.

Nugget's motion should be denied.  Nugget does not show good cause, or any cause, for departing from the February 14 deadline which was specified in this Court's Order and agreed to by all parties herein, including Nugget and United States Fidelity and Guaranty Company ("USF&G").  As will be shown, Nugget's purported reason for breaking its stipulation and this Court's Order, without prior notice, is a weak and disingenuous excuse.  It is unbelievable.  It is unsupported by demonstrated fact, or even a sworn affidavit.

In addition, granting Nugget's request would prejudice the three claimants. Nugget's actions in relation to the subject matter of that motion have already prejudiced the claimants.  Those actions are only the latest instance of such prejudice, delay, and high expense due to defendants' machinations embroiling these plaintiffs "in protracted

litigation." *Cf.,* this Court's Order dated January 18, 2006 compelling discovery (Clerk's Docket No. 430 at 3). Such abuse of the civil justice system must stop. *Id.*

Certainly, the proposal presented by Nugget's motion does not at all benefit the plaintiff claimants in this case. They already served their expert report and otherwise complied with this Court's pretrial Order on February 14. They have no further expert report to exchange, and they are against any extension of the March 31 discovery deadline which Nugget proposes. Nugget and USF&G already have the report of the claimants' retained expert, of which they can now take advantage, because the plaintiffs complied with the promises of the parties and this Court's Order. Excusing Nugget and USF&G's noncompliance, as proposed in Nugget's motion, only hurts the plaintiffs.

This Court no doubt is very familiar with the protracted history of this case, including the fact that discovery has already been held once in the case several years ago. Suffice it to say that after almost eight years of litigation, including two appeals, all parties, in response to this Court's Order that they do so (Clerk's Docket No. 401), stipulated to a detailed timetable for pretrial deadlines in this case in a report to the Court dated October 11, 2005. *See* Clerk's Docket No. 414. Both Nugget and USF&G were represented in that agreement by the same law firm making the present motion for Nugget.

This Court accepted those agreed-upon terms the next day, in an Order firmly stating: "The parties are <u>not at liberty</u> to change the agreed upon dates by stipulation, and

NORTH STAR'S OPPOSITION TO DEFENDANT
NUGGET CONSTRUCTION'S MOTION TO EXTEND
DEADLINE FOR EXPERT REPORTS
*United States ex rel. North Star, et al.  v. Nugget
Construction, et al.,* A98-009 CIV (HRH)
Page 3 of 14                                                         45-40/#82276

the court will <u>not</u> change this calendar <u>except for good cause shown</u>."  Clerk's Docket

No. 415 at 2 (emphasis added).

Among other things, that calendar specifically provided:  "The final witness list

and the identification of lay and <u>expert</u> witnesses <u>and related information in accordance</u>

<u>with Federal Rules of Civil Procedure 26(a)(2)</u> and 26(a)(3)(A) shall be served and filed

<u>by all parties by or before February 14, 2006</u>."  Clerk's Docket No. 414 at 3 (emphasis

added).

Federal Rule of Civil Procedure (26(a)(2) expressly provides:

**Disclosure of Expert Testimony.**
 (A)  In addition to the disclosures required by paragraph (1), a party shall
disclose to other parties the identity of any person who may be used at trial to
present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.

 (B)  Except as otherwise stipulated or directed by the court, <u>this disclosure shall,</u>
<u>with respect to a witness who is retained or specially employed to provide expert</u>
<u>testimony in the case</u> or whose duties as an employee of the party regularly
involve giving expert testimony, <u>be accompanied by a written report prepared and</u>
<u>signed by the witness.  The report shall contain a complete statement of all</u>
<u>opinions to be expressed and the basis and reasons therefor; the data or other</u>
<u>information considered by the witness in forming the opinions; any exhibits to be</u>
<u>used as a summary of or support for the opinions; the qualifications of the witness,</u>
<u>including a list of all publications authored by the witness within the preceding ten</u>
<u>years; the compensation to be paid for the study and testimony; and a listing of</u>
<u>any other cases in which the witness has testified as an expert at trial or by</u>
<u>deposition within the preceding four years.</u>

 (C)  <u>These disclosures shall be made at the times and in the sequence directed</u>
<u>by the court.  In the absence of other directions from the court</u> or stipulation by the
parties, the disclosures shall be made at least 90 days before the trial date or the
date the case is to be ready for trial or, if the evidence is intended solely to
contradict or rebut evidence on the same subject matter identified by another party

---

NORTH STAR'S OPPOSITION TO DEFENDANT
NUGGET CONSTRUCTION'S MOTION TO EXTEND
DEADLINE FOR EXPERT REPORTS
*United States ex rel. North Star, et al.  v. Nugget*
*Construction, et al.,* A98-009 CIV (HRH)
Page 4 of 14                                         45-40/#82276

under paragraph (2)(B), within 30 days after the disclosure made by the other party.  The parties shall supplement these disclosures when required under subdivision (e)(1).

(Emphasis added).

Relying upon that stipulation and the Court's Order, the claimants in this case, including North Star, timely identified and served the written report of their retained expert witness, Grant Callow, and also served and filed their detailed final witness list. They did so on February 14, 2006, in full compliance with that Court Order and stipulation and Federal Rule of Civil Procedure 26(a)(2), quoted above, and also Rule 26(a)(3)(A).  *See* Clerk Docket Nos. 414 at 3, 415, 444, 445 and 446[1], and Expert Report of William Grant Callow dated February 14, 2006 (attached hereto as Exhibit 1).

The defendants did not comply.  They filed only cursory witness lists.  More significantly for purposes of this opposition, they served no expert reports.

Instead, for the first time late in the morning of February 14, Nugget's counsel emailed other counsel in the case that the report of Nugget's expert would not be ready on time.  *See* Exhibit 2, attached hereto.  It gave as its purported reason "the delay" in "completing" Jack Goodwill's deposition and requested that the parties stipulate to an

---

[1] Docket No. 444 is the final witness list filed by Shoreside and Metco incorporating the final witness list filed by North Star, which is Docket No. 446 (the corrected signature to that electronic filing is at Docket No. 448).  Docket No. 445 is the claimants' timely notice of designation of expert and service of expert report of Mr. Callow.  Mr. Callow is also identified in the witness list filed on February 14 by North Star incorporated by the other claimants.

NORTH STAR'S OPPOSITION TO DEFENDANT
NUGGET CONSTRUCTION'S MOTION TO EXTEND
DEADLINE FOR EXPERT REPORTS
*United States ex rel. North Star, et al.  v. Nugget
Construction, et al.,* A98-009 CIV (HRH)
Page 5 of 14                                                45-40/#82276

extension of the deadline for exchanging expert reports to March 24, 2006 -- a delay of almost 40 days placing the exchange of reports just seven days before the March 31, 2006 cutoff for discovery.  *Id.*  Nugget's counsel also proposed extending that cutoff date.  *Id.*

Undersigned counsel immediately responded in writing, stating North Star's unwillingness to stipulate to the requested extension as follows:

> "I am unwilling to stipulate as you request to extend the exchange of expert reports due today.  I think you give a weak excuse, on very short notice.  I don't think it is the real reason.  You first mentioned you wanted to take the deposition of Jack Goodwill 13 days ago, at the same time as depositions of Nugget personnel I had already let you know I wanted to set for 2/16 and 2/17 in accordance with the Court's Order compelling discovery [dated January 18, 2006].  I let you know February 6 Mr. Goodwill was leaving on a trip and would be gone until the week of March 13, and as it turned out we wouldn't have been able to take his depo anyway after the depos I was scheduled to take, and then postponed, because you advised you were unavailable the 17th.  This is first time you have suggested that your expert needs that deposition in order to do an expert report – the same day that report is due, and even if you had been able to take that deposition on the 16th or 17th it would not have been after the due date for the report.  I don't buy it."

*See* Exhibit 2.

That afternoon Nugget filed its pending motion.[2]  There Nugget gives Mr.

_____

[2] Nugget's motion is the only motion for extension of time pending.  Although Nugget's legal counsel signed the motion as counsel both for Nugget and USF&G, the motion itself is made only on behalf of Nugget.  Rather than file a motion, USF&G's other attorney, Mr. Viergutz, simply faxed a letter on February 14 listing John George as an expert for USF&G and announcing that Mr. George's report would not be ready until March 17, 2006.  *See* Exhibit 3 attached hereto.  When claimants' counsel objected to that action, Mr. Viergutz then submitted a "Notice" on behalf of USF&G with the court,

Goodwill's "unavailability" to be deposed as "hoped" for by it during the first half of last month as its sole reason for being "unable" to submit an expert report on time and for disobeying and disrupting the carefully constructed pretrial schedule stipulated to by the parties and ordered by this Court.

Nugget's purported justification is without basis. It is a ruse. There are several problems with it.

First, Nugget's new legal counsel, Mr. Krider, first mentioned on February 1, 2006 that he wanted to take Mr. Goodwill's deposition -- at the same time as North Star was already scheduling depositions ordered by this Court in its January 18, 2006 Order compelling discovery, for February 16 and 17. *See* Clerk's Docket No. 430 and correspondence attached hereto as Exhibit 5, at pp. 1-3.

---

on February 15 or 16, taking the unusual position that a report by March 16 or 17 from the expert designated by Mr. Viergutz would be "timely", as a "rebuttal expert". *See* Clerk's Docket No. 450, Clerk's electronic Notification of filing and Docket Text dated February 16, 2006, and the exchange of emails among counsel attached hereto as Exhibit 4. In its February 16, 2006 Notification, the clerk linked Mr. Viergutz's Notice (Docket No. 450) to Nugget's previous Motion (Docket No. 442), although Mr. Viergutz's Notice emphasizes that Nugget's motion is made only on behalf of Nugget, not USF&G. Mr. Viergutz's Notice, which is not a motion, has been objected to by counsel for the claimants for that reason and other reasons, also reflected in Exhibit 4. In addition, as is shown by the affidavit of undersigned counsel being filed herewith, Mr. Viergutz's telefaxed correspondence (Exhibit 3) was sent and received at 1:42 p.m., not 2:42 p.m. as its incorrect tagline indicates. That letter was sent before the claimants had even identified Mr. Callow or served his report. Mr. Viergutz's effort subsequent to that letter to label Mr. George a "rebuttal" expert is both unsupported and unacceptable. *See* discussion contained in Exhibit 4 attached hereto and the Affidavit of undersigned counsel accompanying this Opposition.

Two, Mr. Krider, who would have to travel from Seattle to Anchorage for those depositions, stated he was unavailable on February 17, saying he had to attend a meeting in Seattle that morning. Exhibit 5 at 1-3.  Therefore, there would have only been enough time on February 16 to take the depositions of the Nugget personnel already ordered by this Court.  *Id.*

Three, when contacted on such short notice, Mr. Goodwill, who lives in Seward, was already scheduled to leave for Mexico on a long-awaited vacation with his family for a month and was too busy for a deposition before he left.  Exhibit 5 at 4.

Four, Nugget had months to schedule the deposition of Mr. Goodwill, who it clearly knew about given Mr. Goodwill's two prior affidavits in this case (*see* Clerk's Docket Nos. 75, 96 & 97), but it did not do so.  It also failed to depose him during the first discovery period in this case, in 1998.

Five, even if Mr. Goodwill could have been deposed on February 16, or afterwards, as Nugget unilaterally "hoped", that deposition would have been taken, and certainly transcribed, after the date expert reports were due according to the parties' stipulation and this Court's firm pretrial Order.  Clerk's Docket Nos. 414 and 415.

Six, Nugget has made absolutely no showing that its expert, Mr. Millikin, had to have the deposition of Mr. Goodwill, North Star's former manager in Seward, in order to submit a report "on practices and contractual relationships between owners and general contractors and lower tier subcontractors and suppliers on federal projects, including

NORTH STAR'S OPPOSITION TO DEFENDANT
NUGGET CONSTRUCTION'S MOTION TO EXTEND
DEADLINE FOR EXPERT REPORTS
*United States ex rel. North Star, et al.  v. Nugget
Construction, et al.,* A98-009 CIV (HRH)
Page 8 of 14                                                    45-40/#82276

without limitation, the handling of pay estimates and payments, back charges and subcontractor and supplier default", which is all that was disclosed regarding Mr. Millikin in Nugget's December 27, 2005 Expert Designation, attached hereto as Exhibit 6. Nugget has made no showing whatsoever that Mr. Goodwill, who had already submitted two extensive affidavits in this case in 1998 and 1999, has any information on that subject matter. Certainly, Nugget has not shown that what information Mr. Goodwill has is critical to that general subject.

Seven, as even Nugget stated in its Expert Designation (Exhibit 6), Nugget could have submitted Mr. Millikin's report while also "[reserving] the right to supplement its expert designation and testimony if additional or corrective information may become known [later] through discovery" -- such as whatever Mr. Goodwill might testify to at his deposition. Federal Rule of Civil Procedure 26(a)(2) specifically allows for such supplementation, or as Mr. Callow stated at page 12 of his 14-page report (Exhibit 1): "This report is subject to further amendment as other discovery documents and information are brought to my attention."

Nugget's last-minute, unsupported attempt to justify its motion is no justification at all. Rather, it becomes painfully evident that Nugget is using the Goodwill "unavailability" excuse as an afterthought, upon realizing on February 14 that its expert designated on December 27 had not prepared a report as required (and perhaps not even started it). The only alternative conclusion is that if Nugget's expert had prepared a

NORTH STAR'S OPPOSITION TO DEFENDANT
NUGGET CONSTRUCTION'S MOTION TO EXTEND
DEADLINE FOR EXPERT REPORTS
*United States ex rel. North Star, et al.  v. Nugget
Construction, et al.,* A98-009 CIV (HRH)
Page 9 of 14                                                    45-40/#82276

report, he and Nugget decided not to submit it when due and used the "hoped for"
deposition of Mr. Goodwill as an excuse to withhold the report.  Either way, Nugget is in
serious noncompliance.  So too is USF&G.

        Also disturbing is the cavalier attitude demonstrated by Nugget and USF&G.
Despite this Court's very clear warning in its pretrial Order that "The parties are not at
liberty to change the agreed upon dates by stipulation, and the court will not change this
calendar except for good cause shown" (Clerk's Docket No. 415 at 2), Nugget and
USF&G and their legal counsel have simply taken it upon themselves to try to change
those dates at the last minute, without permission and without showing good cause.
What the defendants and their legal counsel only assert, without evidence and only at the
last minute, can also be dismissed without evidence.  It is Nugget's burden to <u>show</u> good
cause for protracting this litigation further, as is sought by its motion, and it has not done
so.  It is not the plaintiffs' burden to show good cause does not exist, but they have done
so.

        Neither has Nugget shown that the plaintiffs will not be prejudiced by Nugget's
requested extension.  In fact the plaintiffs will be prejudiced.  Undersigned counsel and
Mr. Shamburek and their clients, believing that the parties' stipulation and the Court's
October 12 pretrial Order mean what they say, have prepared accordingly.  That includes
the timely submittal of expert reports and the close of discovery by the end of this month.
They have kept their schedules flexible and mostly open the past few months, in order to

NORTH STAR'S OPPOSITION TO DEFENDANT
NUGGET CONSTRUCTION'S MOTION TO EXTEND
DEADLINE FOR EXPERT REPORTS
*United States ex rel. North Star, et al.  v. Nugget*
*Construction, et al.,* A98-009 CIV (HRH)
Page 10 of 14                                                    45-40/#82276

complete discovery this month as ordered, and have repeatedly asked other counsel in the case to do the same, but other counsel have not. *See* Exhibit 7 attached hereto (a sampling of correspondence among counsel), together with the affidavit of undersigned counsel being submitted herewith. The claimants have made their witnesses available to be deposed on time, as scheduled, but have had their own deposition attempts stymied, as evidenced in part by the Court's January 18, 2006 Order compelling discovery (Clerk's Docket No. 430) and in Exhibit 7 attached hereto.

The claimants have abided by the Court's pretrial Order, and have planned accordingly. They have counted on discovery closing on March 31 in an orderly and nonprejudicial fashion. That does not mean finally getting expert reports from the defendants on March 27, as is now sought by Nugget in its motion and proposed order, or even by March 17 as unilaterally "noticed" by Mr. Viergutz in his correspondence. As is set forth in the affidavit of undersigned counsel being filed in conjunction with this Opposition, both undersigned counsel and Mr. Shamburek have long had plans to be gone and unavailable for the first three weeks or so of April, immediately following the agreed-upon close of discovery in this case. They plan to then return and complete and file motions in the case by the end of April, as also stipulated to and specified in the Court's pretrial Order. Clerk's Docket Nos. 414 & 415. Undersigned counsel has also made plans to be in California for two weeks in May surrounding Mother's Day to spend

NORTH STAR'S OPPOSITION TO DEFENDANT
NUGGET CONSTRUCTION'S MOTION TO EXTEND
DEADLINE FOR EXPERT REPORTS
*United States ex rel. North Star, et al. v. Nugget
Construction, et al.,* A98-009 CIV (HRH)
Page 11 of 14                                                    45-40/#82276

time with his elderly mother and extended family.[3]

Those plans and the plaintiffs' timely disclosures were made in reliance on this Court's order and the closure of discovery on March 31.  That Order and the related stipulation of counsel provide for an integrated timetable for pretrial activities in this case, including filing and deciding motions following that close of discovery and setting trial.  Nugget's unjustified proposal will set that schedule back, possibly for months.  As just noted, plaintiffs' discovery efforts in this case have already been interrupted, discouraged and restricted by Nugget.  The defendants should not be encouraged in their quest for delay, or allowed to snub their noses at a lawful order of this Court, by granting them the last-minute, unsupported alteration of the pretrial schedule which they request through Nugget's motion.  The Court's Order, on which the plaintiffs have relied, must have meaning.  Defense counsel should not be free to break it, whenever and however they choose.

Every additional month this case drags on costs the claimants thousands of dollars, including legal expenses, in a case that should have been resolved eight years ago.  Much

---

[3] In addition, undersigned counsel and Mr. Viergutz have previously notified each other and other counsel in this case that they will be unavailable on trips with their families for Spring Break, March 17-26, 2006.  That being the case, dropping an expert report on undersigned counsel and his client on March 16 or 17, as Mr. Viergutz leaves on vacation, may be easy for Mr. Viergutz, but it would be very hard on undersigned counsel and his client, and unjust, especially if Mr. Viergutz and his client expect us to be ready to depose his proffered expert on Monday, March 27, which he also proposes.  *See* accompanying Affidavit of Counsel.

NORTH STAR'S OPPOSITION TO DEFENDANT
NUGGET CONSTRUCTION'S MOTION TO EXTEND
DEADLINE FOR EXPERT REPORTS
*United States ex rel. North Star, et al.  v. Nugget
Construction, et al.,* A98-009 CIV (HRH)
Page 12 of 14                                    45-40/#82276

of that expense is being incurred simply trying to get counsel for the defendants to agree on discovery arrangements. *See ,e.g.,* Exhibit 7. That protracted litigation and expense must stop. Discovery must close in this case on March 31, 2006, in accordance with the parties' prior stipulation and this Court's Order dated October 12, 2005, Clerk's Docket Nos. 414 and 415. Extending time as Nugget seeks, just to suit its whims, after the claimants have already timely submitted their expert's report and otherwise complied with this Court's Order, would be unfair and prejudicial to those claimants. It would be the wrong result.

Accordingly, Nugget's motion should be denied, Nugget sanctioned, and its designated expert, Mr. Millikin, precluded from issuing a late report or testifying.

Dated at Anchorage, Alaska, on March 3, 2006.

> s/ Michael W. Sewright
> Burr, Pease & Kurtz
> 810 N Street
> Anchorage, Alaska 99501
> Phone: (907) 276-6100
> Fax: (907) 258-2530
> E-mail: bpk@bpk.com
> Alaska Bar No. 7510090

_____
NORTH STAR'S OPPOSITION TO DEFENDANT
NUGGET CONSTRUCTION'S MOTION TO EXTEND
DEADLINE FOR EXPERT REPORTS
*United States ex rel. North Star, et al. v. Nugget*
*Construction, et al.,* A98-009 CIV (HRH)
Page 13 of 14                                        45-40/#82276

CERTIFICATE OF SERVICE

    I certify that on the 3rd day of March 2006, a copy of the foregoing NORTH STAR'S OPPOSITION TO DEFENDANT NUGGET CONSTRUCTION'S MOTION TO EXTEND DEADLINE FOR EXPERT REPORTS was served electronically to:

    Steven S. Shamburek, Esq.
    Traeger Machetanz, Esq.
    Paul D. Stockler
    Herbert A. Viergutz
    C. Patrick Stoll, Esq.

    s/ Michael W. Sewright

---

NORTH STAR'S OPPOSITION TO DEFENDANT
NUGGET CONSTRUCTION'S MOTION TO EXTEND
DEADLINE FOR EXPERT REPORTS
*United States ex rel. North Star, et al.  v. Nugget
Construction, et al.,* A98-009 CIV (HRH)
Page 14 of 14                                                    45-40/#82276