**Subject:** Re: Nugget Noncompliance
**From:** "Michael W. Sewright" <mws@bpk.com>
**Date:** Fri, 17 Feb 2006 22:18:39 -0900
**To:** Herbert A Viergutz <barmar@gci.net>
**CC:** Tom Krider <Krider@OLES.com>, "Steven J. Shamburek" <shamburek@gci.net>, Pat Stoll <cps@hvslaw.com>, Paul Stockler <paulstockler@aol.com>

Herb,

It has taken me awhile to respond to your attached email because of other matters in this case related mostly to Nugget's document omissions, but your strong accusations warrant a response, even at this late hour.

What you characterize as trying to work with us we perceive as trying to work with you and USF&G's other counsel in this case, Oles Morrison, and it isn't working. In a pretrial report to the court October 11, 2005, all parties, including USF&G, agreed to a detailed timetable for pretrial in this case which the Court accepted the next day stating: "The parties are not at liberty to change the agreed upon dates by stipulation, and the court will not change this calendar except for good cause shown." Among other things, that report and order provided for taking Rule 30(b)(6) depositions of the three plaintiffs and two defendants, including USF&G, during the weeks of November 14 - December 12, 2005 (at the initial suggestion of Oles Morrison's attorney, I might add). It also provided for the close of all discovery no later than March 31, 2006. All counsel and parties were placed on notice of that schedule and the duty to comply with it, including the responsibility to reserve sufficient time in their schedules to meet it.

In compliance with that order, on October 20, 2005 North Star scheduled the 30(b)(6) depositions of Nugget and USF&G for November 16 and 17, respectively, in Anchorage. That gave those defendants and their sole legal counsel then, Oles Morrison, almost a month's notice. As I recall nary an objection was heard until after you entered the case on November 7 as to just one claim against USF&G, and then you and Oles Morrison insisted USF&G was selecting as its 30(b)(6) designee someone new to the matter in Baltimore MD, Janice Smith, who you personally would not allow to be deposed locally, at least when scheduled, or telephonically, and only if you were personally present in Maryland. You added that your schedule also did not permit you to be available, after coming into the case late, and you insisted on being present. At your and Oles Morrison's late insistence, as reflected in correspondence, that deposition was postponed, because you left no choice. I did not want it to be, and said so. You personally disallowed it, and that is the truth.

At the same time we requested taking the deposition of Jane Poling, the former USF&G Claims Specialist who had apparently been most involved with the claims, is also in Baltimore and who you also insisted on representing. But you said neither she nor Ms. Smith could be made available until mid-January. Later, as I recall, you said they couldn't be available then but could be made available in February or March well before the close of discovery in this case.

Then when you and I talked about two weeks ago you let me know that you had filled your schedule with depositions in another case three days every week through the end of March, either Mon-Wed or Wed-Fri, except the week of March 6, and that you would also be away with your family March 17-26 for Spring Break. You advised you also object to any deposition occurring when you can not be present. When I later asked as to the availability of USF&G's designee and Ms. Poling to be deposed

Exhibit __7__
__1__ of __5__

the week of March 6, you informed me neither was available that week "on such short notice", that you would not allow either deposition to be done telephonically, and could not possibly travel to Maryland to attend them given your other deposition and travel commitments. You confirmed that in an email to me Feb 13. You said you did "not object" to taking their depositions in Maryland in April or May, but that is after the close of discovery and there are other matters due in this case right after that in order to be timely, according to the Court's Order. In addition, I made plans months ago to be away all April until the 24th of that month, having believed counsel and the Court that there would be no depositions that month. I understand Mr. Shamburek has similar plans for at least the first half of April. I will then be taking the last week of that month, upon my return, to complete motions, as is also provided for in the parties' pretrial agreement and Court Order.

Meanwhile, Mr. Krider, who advised on February 1 that he will now be handling the case from Seattle for "Nugget" and Oles Morrison, as I think the ninth new attorney doing so from that firm, has said he is unavailable to take depos this month except Thursday of one week, Wednesday of another week, and one-half Monday and Tuesday of the last week (2/27-28), and that no other attorney from that firm is available to attend depositions, including Mr. Machetanz who has been in the case in recent years including attending the 30(b)(6) depositions taken of North Star, Shoreside and Metco in November and early December.

Mr. Shamburek and I, on the other hand, have kept our schedules mostly free this month and March (and January if you had requested) to accommodate the discovery requirements of this case, including those of the defendants, in accordance with the Court's Order. I think the only significant period of time either of us will be unavailable is me during the same March 17-26 period you will be gone, with my family for Spring Break vacation like you, as I told you and other counsel before.

Here's the rest of the situation. In addition to not being allowed to take the deposition of USF&G or of Ms. Poling, we have not been allowed to complete much of the 30(b)(6) deposition of Nugget we should have been allowed to complete November 16. That is due to Oles Morrison's poorly taken objections and refusals to permit discovery, failure to produce the Nugget person "most knowledgeable of matters into which plaintiffs desired and were entitled to inquire through a Rule 30(b)(6) deposition", etc., as set out in the Court's January 18, 2006 Order. Even a month after that Court Order granting the motion to compel which we were forced to make, we have not received much of the documents and information from Nugget the Court ordered there, partly due to Mr. Krider's late entry into the case and unfamiliarity with it or his clients, need to have documents shipped to him for preview first in Seattle, etc.

Neither did we receive the Rule 26(a)(2) expert reports and related information due February 14 under the October 11 agreement and October 12 Order, from either USF&G or Nugget. Instead, we received an email and fax from Mr. Krider and yourself on Feb 14, saying for the first time that Nugget and USF&G wanted another month or more to submit all that, just before the close of discovery when you know I will be on vacation.

Meanwhile, Nugget & USF&G were allowed to take the Rule 30(b)(6) deposition of my client, North Star, on November 21, 2005, precisely as they scheduled, and also the 30(b)(6) deposiions of Mr. Shamburek's clients, Metco and Shoreside, by December 2, also as scheduled. In other words, the defendants have taken all three of the 30(b)(6) depositions they set, when set and within the period agreed upon and provided by the Court, whereas the plaintiffs, who set their two 30(b)(6) depos first, have not been allowed to take or complete even one.

Exhibit __7__
__2__ of __5__

    The defendants also provided their detailed expert report and related information on February 14, as ordered by the Court, and have otherwise timely complied with that Order in all respects. The defendants have complied with it in no respect.

    If bringing this true situation to your attention "insults" you, then think how Mr. Shamburek and I and our clients feel. We have been the ones spending the inordinate amounts of time and money jumping through the hoops, to little avail, while the defendants keep us "embroiled in protracted litigation . . . to the great detriment of the civil justice system", to quote again from the Court's January 18 Order. Now the defendants, in clear disregard of the Court's Orders, want more time to do so again.

    We will seek enforcement of the parties' October 11 agreement and the Court's October 12 pretrial Order governing this case, particularly in light of this case's protracted history already.

    - M. Sewright


Herbert A Viergutz wrote:

> I have tried to work with you on the USF&G depositions. Remember, the issue
> was them traveling to Alaska as a courtesy. Neither will be traveling to
> Alaska as a courtesy on such short Notice, and I insist that those
> depositions not be telephonic. You will need to go to Baltimore, but you
> can not expect people to be available to suit only your schedule. I am very
> upset over your latest e-mail and I find it insulting. I did not disallow
> anything and your statement to the contrary is a lie. If you want to work
> something out reasonabley then I will. Otherwise, I will
> be as confrontational as you have unilaterally decided to become.-----
> Original Message -----
> From: "Michael W. Sewright" <mws@bpk.com>
> To: "Tom Krider" <Krider@OLES.com>
> Cc: "Steve Shamburek" <shamburek@gci.net>; "Herbert Viergutz"
> <barmar@gci.net>; "Pat Stoll" <cps@hvslaw.com>; "Paul Stockler"
> <paulstockler@aol.com>; "Traeger Machetanz" <Machetanz@Oles.com>
> Sent: Thursday, February 16, 2006 4:36 PM
> Subject: Nugget Noncompliance
>
>
>
>    Tom,
>
>    We have preliminarily reviewed the new documents recently produced
> by you and your client Nugget in response to Judge Holland's January 18
> Order compelling discovery and find them very inadequate.
>
>    The insurance documents produced were broker's insurance proposal
> packages for the periods 12/31/05 - 12/31/06, 2/7/03 - 12/31/03, and
> 12/31/01 - 12/31/02. Only the 2/7/03 - 12/31/03 package appears to
> contain any actual policies or insurance agreements, and even that
> appears incomplete. The more relevant periods 1/1/04 - 12/31/05 and
> 1/1/96 - 12/30/01 also ordered by the court are missing altogether, even
> as unhelpful proposals. There were no documents reflecting claims made
> against insurance arising out of this lawsuit including tenders to
> carriers or correspondence between Nugget or Willis or insurance
> companies whatsoever on that subject including whether any defense or
> indemnity coverage is being provided by insurance.

Exhibit __7__
__3__ of __5__

Your suggestion has been that I subpeona the documents from Willis in conjunction with a deposition of that company and who you represent is Nugget's broker/agent there, Mr. Ferguson, and I have responded I will try to do that for February 27 and requested you inform Willis and Mr. Ferguson, with whom you have been in contact, of that.  But the responsibility to provide those documents according to the Court's Order, including all insurance agreements and policies, is yours and your client's, not mine or Willis's by a separate depo, and not for the first time at that depo after I take recommencement of your client's 30(b)(6) depo.  Read Judge Holland's Order.  It is quite clear and firm as to where the responsibility lies. Willis is your client's agent/broker.  I do not think your client or your firm has been diligent or forthright as to all the insurance documents your client has as ordered by the Court -- it should at least have more policies -- and complete copies of all of the documents requested should be in Willis's possession anyway (as you represented they are in your email to me two days ago), meaning it was and remains your and your client's responsibility to get copies for me from Willis as part of Nugget's production responsibilites before the depos.  Read the Order.

The presently scheduled depos of your client, Mr. Terwilliger, and Mr. Ferguson will stay as we have scheduled, on February 22 and 27.  We can no longer be rescheduling depositions given your and Mr. Viergutz's schedules, and I assume you have informed Mr. Ferguson at Willis of his depo the 27th, as I requested.  I will notice it to start at 9am.

However, I expect you to provide me with all copies of the requested insurance documents Willis has by tomorrow, or Monday 2/20, or Tuesday morning 2/21 at the latest.  Even at that I may request expenses and sanctions, and if I don't get the documents timely we will likely be looking at a third recommencement of that  deposition.  I should not have to be spending my time and my client's money reminding you of your and your client's responsibilities.

I also intend to set the depos of Willis and of Willis' Bill Wells for February 27 and 28 following Mr. Ferguson, and Mr. Randolph too, and if any of that doesn't work for the week of March 6 starting March 6 at 9am.  Among the reasons for recommencing Mr. Randolph's deposition are all the new documents Nugget has produced for the first time (and those I had to obtain elsewhere) since Nugget's document production in 1998, just before his deposition then, including the almost 500 pages Nugget 018296-781 just produced, and the subject matter of my client's second set of discovery requests Tuesday.

I am intending to take at least a couple more depos the week of March 6 that I will name shortly, including depos of Mr. Viergutz's named witnesses that were supposed to be part of USF&G's previously scheduled 30(b)(6) depo he would not allow when scheduled and now says are unavailable along with him until after March 31.  I and my client are not interested in extending discovery or any other provision of Judge Holland's clear, firm pretrial order based on your or Mr. Viergutz's conflicts, your remoteness or newness to the case, failure to abide by court orders, etc.  I will move for expenses and sanctions instead,  including the preclusion of evidence and witnesses as warranted by the circumstances.

I will address the financial info just produced by Nugget later separately, so I can get this correspondence to you right away and you can obtain the documents.  Thanks.

    - M. Sewright


--

Michael W. Sewright

Exhibit 7
4 of 5

```
Burr, Pease & Kurtz
810 N Street, Anchorage AK 99501
(907) 276-6100
http://www.bpk.com

*********************************************************************
CONFIDENTIALITY NOTICE:  This transmission (including all attachments) is

intended only for the use of the named addressee(s), and may contain
information that is privileged or exempt from disclosure under applicable
law.  If you are not the named addressee(s), you are hereby notified that
any use, dissemination, distribution or copying of this transmission is
STRICTLY PROHIBITED.  If you have received this transmission in error,
please destroy it and notify us immediately at (800) 474-4275 or (907)
276-6100.


*********************************************************************




--

Michael W. Sewright
Burr, Pease & Kurtz
810 N Street, Anchorage AK 99501
(907) 276-6100
http://www.bpk.com

*********************************************************************
CONFIDENTIALITY NOTICE:  This transmission (including all attachments)
is intended only for the use of the named addressee(s), and may contain
information that is privileged or exempt from disclosure under
applicable law.  If you are not the named addressee(s), you are hereby
notified that any use, dissemination, distribution or copying of this
transmission is STRICTLY PROHIBITED.  If you have received this
transmission in error, please destroy it and notify us immediately at
(800) 474-4275 or (907) 276-6100.
*********************************************************************
```

Exhibit 7
5 of 5