Michael W. Sewright
BURR, PEASE & KURTZ
810 N Street
Anchorage, AK 99501-3293
Telephone: (907) 276-6100
Fax No.: (907) 258-2530
Attorneys for North Star

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA
AT ANCHORAGE

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a Northern Stevedoring & Handling, and NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a Northern Stevedoring & Handling, on its own behalf,<br><br>　　　　　　　Plaintiffs,<br>　　and<br><br>UNITED STATES OF AMERICA for the use of SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Service, and SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Service, on its own behalf,<br><br>　　　　　　　Intervening Plaintiffs,<br>　　and<br><br>METCO, INC.,<br><br>　　　　　　　Intervening Plaintiff,<br>　　vs.<br><br>NUGGET CONSTRUCTION, INC.; SPENCER ROCK PRODUCTS, INC.; UNITED STATES FIDELITY AND GUARANTY COMPANY; and ROBERT A. LAPORE,<br><br>　　　　　　　Defendants. | Case No. 3:98-cv-009-HRH<br><br>**AFFIDAVIT OF COUNSEL IN SUPPORT OF NORTH STAR'S OPPOSITION TO DEFENDANT NUGGET CONSTRUCTION'S MOTION TO EXTEND DEADLINE FOR <u>EXPERT REPORTS</u>** |

BURR, PEASE & KURTZ
A PROFESSIONAL CORPORATION
810 N STREET
ANCHORAGE, AK 99501
(907) 276-6100

STATE OF ALASKA           )
                          ) ss.
THIRD JUDICIAL DISTRICT   )

Michael W. Sewright, being first duly sworn, states as follows:

1. I am an attorney at the law firm of Burr, Pease & Kurtz with personal knowledge of the subject matter of this affidavit except where otherwise noted. I submit this affidavit in support of North Star's Opposition to Defendant Nugget Construction's Motion to Extend Deadline for Expert Reports (hereinafter "Opposition") also dated today and being filed herewith.

2. Exhibit 1 attached to that Opposition is a true and correct copy of the 14-page Expert Report of William Grant Callow dated February 14, 2006 and served upon counsel for other parties to this litigation by Mr. Shamburek that same day.

3. Exhibit 2 attached to that Opposition is a true and correct one-page exchange of emails between me and attorney Tom Krider on February 14, 2006 at the times recorded there.

4. Exhibit 3 attached to that Opposition is a true and correct copy of a one-page letter from attorney Herbert A. Viergutz to myself and other counsel listed there, by facsimile transmission on February 14, 2006. That correspondence contains a tagline at the bottom of the page indicating that it was transmitted at 2:42 p.m. that day. However, I in fact received that letter just before 2:00 p.m. that day, after it was received and docketed by my office, meaning it was instead transmitted at probably 1:42 p.m. that day

BURR, PEASE
& KURTZ
A PROFESSIONAL CORPORATION
810 N STREET
ANCHORAGE, AK 99501
(907) 276-6100

AFFIDAVIT OF COUNSEL
*United States ex rel. North Star, et al. v. Nugget Construction,*
*et al.*, A98-009 CIV (HRH)          Page 2 of 5                    45-40/#82314

and that Mr. Viergutz's office had failed to set its facsimile time clock back an hour this past Fall to account for the time change. That assumption was confirmed on February 28, 2006, when I received another telefax letter from Mr. Viergutz at 4:30 p.m., after docketing by this office, meaning it would have actually been received about 4:18 p.m. The tagline at the bottom of that letter reads 5:18 p.m. A true and correct copy of that letter is attached as Exhibit 1 to this affidavit. My email response to that letter at 5:04 p.m. that same day, showing I received the letter before then, is attached as Exhibit 2 to this affidavit.

5. Mr. Shamburek served Mr. Callow's expert report attached as Exhibit 1 to North Star's Opposition on this office by hand delivery at 2:48 p.m. on February 14, 2006. It was logged in at that time. I understand from Mr. Shamburek that he hand-delivered that report here immediately after hand-delivering it to Mr. Viergutz's office, at a little after 2:30 p.m., meaning that Mr. Viergutz's February 14, 2006 letter attached as Exhibit 3 to North Star's Opposition, in which Mr. Viergutz identified Mr. George for the first time, came before Mr. Viergutz's receipt or awareness of Mr. Callow's report or designation.

6. Exhibit 4 attached to that Opposition constitutes true and accurate copies of email correspondence among attorneys in this case on February 14 and 15, 2006.

7. Exhibit 5 attached to North Star's Opposition constitutes true and correct copies of email correspondence among attorneys in this case during the period January 31 through February 8, 2006.

BURR, PEASE
& KURTZ
A PROFESSIONAL CORPORATION
810 N STREET
ANCHORAGE, AK 99501
(907) 276-6100

AFFIDAVIT OF COUNSEL
*United States ex rel. North Star, et al. v. Nugget Construction,*
*et al.*, A98-009 CIV (HRH)                Page 3 of 5                45-40/#82314

8. Exhibit 6 to that Opposition is a true and correct copy of Nugget Construction, Inc.'s Expert Designation dated December 27, 2005.

9. Exhibit 7 attached to that Opposition constitutes true and correct copies of email correspondence among attorneys in this case on February 16 and 17, 2006. Also attached to this affidavit as Exhibit 3 are true and correct copies of email correspondence among attorneys in this case dated November 3-6, 2005, shortly after Mr. Viergutz advised he would be entering an appearance in the case for defendant United States Fidelity and Guaranty Company. Included within that correspondence attached hereto as Exhibit 3 is Mr. Shamburek's November 6, 2005 email to Mr. Viergutz placing him and other counsel in the case on notice of the discovery deadlines in this case and their responsibility to adhere to those deadlines, especially given the circumstances and long history in the case and the Court's firm pretrial Order applying to all parties.

10. Consistent with that pretrial Order and stipulation (Clerk's Docket Nos. 414 & 415), I devoted my attention to this case, including meeting the deadlines set. I kept my schedule sufficiently open and flexible to accommodate discovery by all parties in this case and to meet the pretrial deadlines. During the first week of February, after this Court's January 18 Order compelling discovery and the submittal and acceptance of a Protective Order agreeable to defense counsel (Clerk's Docket Nos. 430 & 432-434), I also contacted all counsel in the case to coordinate common availability dates and assurances for scheduling depositions for the coming two months, before discovery closes. That is reflected in correspondence. *See* Exhibit 4 attached hereto. I forewent

BURR, PEASE
& KURTZ
A PROFESSIONAL CORPORATION
810 N STREET
ANCHORAGE, AK 99501
(907) 276-6100

AFFIDAVIT OF COUNSEL
*United States ex rel. North Star, et al. v. Nugget Construction,*
*et al.*, A98-009 CIV (HRH)     Page 4 of 5                    45-40/#82314

any vacation time, other than a day or two, for the past six months. Instead, I scheduled vacation for March 17-26, in order to spend time out of town with family during the local school Spring Break. *Id.* That is a period Mr. Viergutz will also be away with family. *Id.* We informed each other and other counsel of that several weeks ago. *Id.*

11. In addition, I made plans months ago to take time away from work the first three weeks of April, after the close of discovery in this case, to fly in construction supplies and complete a dwelling on a remote site I own in the mountains 60 miles across the inlet from Anchorage. That project has been planned for over a year. It must be completed then. Mr. Shamburek has told me he plans to be Outside attending to his parents for a similar period of time in April. I have also made plans to be in California for two weeks in May surrounding Mother's Day to spend time with my elderly mother and extended family.

12. I made those plans and planned for this case in reliance on the deadlines previously stipulated by the parties and ordered by the Court, including the disclosure and discovery deadlines. Changing those deadlines now, because the defendants did not plan or take those deadlines seriously, will prejudice me and my client.

_____
Michael W. Sewright

SUBSCRIBED AND SWORN to before me this 3rd day of March, 2006.

_____
NOTARY PUBLIC FOR ALASKA
My commission expires: 4-21-09

BURR, PEASE
& KURTZ
A PROFESSIONAL CORPORATION
810 N STREET
ANCHORAGE, AK 99501
(907) 276-6100

AFFIDAVIT OF COUNSEL
*United States ex rel. North Star, et al. v. Nugget Construction,*
*et al.,* A98-009 CIV (HRH)   Page 5 of 5                    45-40/#82314