**Subject:** Re: Nugget 30 (b)(6) Depositions and Discovery documents
**From:** "Michael W. Sewright" <mws@bpk.com>
**Date:** Mon, 06 Feb 2006 17:40:25 -0900
**To:** Tom Krider <Krider@OLES.com>
**CC:** "Steven J. Shamburek" <shamburek@gci.net>, "Herbert A. Viergutz" <barmar@gci.net>, Paul Stockler <paulstockler@aol.com>, Pat Stoll <cps@hvslaw.com>

Tom,

Thanks for calling awhile ago and letting me know the types of financial and insurance documents you reviewed and are returning to Anchorage for our review. I understand those docs, generally speaking, are: audited financial statements 1996-2002; tax returns for about the same period of time, including at least some schedules; and insurance documents Nugget provided for 2001, 2002 and 2005. You expect theose documents to be returned to Anchorage by tomorrow. You thought there are about 4" of insurance docs and 4-5" of financial statements and tax returns you reviewed.

You indicated those are all the insurance documents Nugget provided from its records, but will check further with Nugget including its insurance broker(s) mentioned and relied on by Mr. Smithson at the last 30(b)(6) depo of Nugget. We have to have all those court-ordered documents and interrogatory and production answers this week, whether we take the continued 30(b)(6) depo next week as originally discussed or even the following week   I reminded you the court also ordered identification of the broker(s) and the opportunity to take their deposition, as part of the 30(b)(6) deposition or otherwise. Please do so right away.

You said that you understand that the post-2002 financials and tax returns are with another attorney in Anchorage but those will be obtained for us soon. I asked that you or your Anchorage office try to do so by Wednesday so that we can look at all the docs at the same time. We at least need them this week.

We also talked about scheduling continuation of the Rule 30(b)(6) deposition. You told me Cliff Terwilliger may be designated to appear at that depo, rather than John Terwilliger, the person Mr. Smithson identified as most knowledgeable on financial isuues and, along with the broker, insurance coverage issues. I let you know we will want to take John Terwilliger's deposition anyway, including on those issues, and also Randy Randolph's. I told you Steve Shamburek is intending to notice John Terwilliger's individual deposition to start the morning after continuation of the 30(b)(6) depo, to avoid repeat trips out of consideration of Nugget's concern for Mr. Terwilliger's health also addressed in Judge Holland's January 18 Order. You said you could come up for February 16 next week, but not the next day, a Friday. The Monday following that is President's Day, but you said you could come up after that that week, as long as you were back in Seattle the following Friday for a trip you have to make.

Therefore, we are looking at taking the Nugget 30(b)(6) and John Terwilliger depositions here starting February 16 and continuing or starting them Feb 22-23, and taking Randy Randolph's deposition during the same trip(s). If it is to be one trip, as you prefer, it should be Feb 22-23. You assume your firm will be representing Mr. Randolph at that deposition and will check his availability. You asked that we identify new areas of questioning for him not covered at his deposition in 1998, in order to avoid a possible motion for protective order. I am copying other counsel in the case with this email and that request.

I let you know I talked with Mr. Goodwill who is leaving next week with his family for Mexico and too busy to be deposed before then, but is returning March 13 and can be deposed later that week or the week of March 27. The week of March 20 is Spring Break for the schools up here and Mr. Goodwill, and Mr. Viergutz and I too, are unavailable then.

I told you I had checked with Mr. Shamburek and Mr. Viergutz as to their availability for depos the next two months. All three of us are available right now the following days: February 16 & 17, but you repeated today you can't be here the 17th; February 22-24 as addressed already above; February 27-28 (and possibly March 1-3; I think Herb said he has some other depos those three days but I'm not sure --Herb, please advise); the entire week of March 6; March 16; and March 27-28. The chief conflict is other depos Mr. Viergutz is already scheduled to attend. Looking now at that schedule, it looks like you will want to schedule Mr. Goodwill's deposition for March 16, 27 or 28. Try to give me one of those dates right away, and I will try to confirm it with Mr. Goodwill right away and advise everyone, before he leaves for Mexico. I recommend the 16th or 28th, so he can drive to Anchorage from Seward or we can drive to Seward other than on a weekend. He will insist on it.

Also, looking at that schedule, it becomes clear to me we must be assured we can take the "Nugget" 30(b)(6) and individual depositions either Feb 16 and/or Feb 22-23 as outlined above. Otherwise, we run into time constraints. So please get back to me right away about those dates, including Mr. Randolph's availability, and let us know your availability on the other days too for any other depositions parties may decide to take.

Let me know if I missed anything. Thanks for the call.

- Mike


Tom Krider wrote:

> Mike,
>
> The documents will be shipped to me today, which means they should be back in Anchorage on Tuesday for your review/copying. I will gladly call you on Monday after I've had a chance to look at them to let you know what they contain. Believe me, if I had resources in our Anchorage office to prevent having to send this stuff to Seattle, I would have done so. Unfortunately, Gloria's absence has left us quite short handed. For now, everything will be essentially running through me in Seattle.
>
> As to the re-commencing of the 30(b)(6) deposition, it is my understanding that the only issues not covered by John Smithson dealt with "defendant's financial condition and arrangements" as set forth in item 2 of the Notice and issues involving insurance coverage referenced in item 4, as those were objected to pending the court's ruling on the motion to compel. Am I correct in that understanding? If not, please let me know what other issues you believe have not been addressed, as it is likely that there is more than one person required to address some of these topics. Thanks.
>
> Tom

Exhibit __4__
__1__ of __2__

**Subject:** Re: depositions
**From:** "Michael W. Sewright" <mws@bpk.com>
**Date:** Wed, 01 Mar 2006 09:13:05 -0900
**To:** Herbert A Viergutz <barmar@gci.net>
**CC:** "Steven J. Shamburek" <shamburek@gci.net>

Herb:

I did not "dictate" that we keep the week of March 6 open for depositions in this case. Rather, I took the trouble, unlike you or your co-counsel, to contact all counsel weeks ago to determine common dates in February and March not already scheduled for something else, so that we would have some common dates. Although entering the case late, as to one client and one claim, you insisted on being present at all depositions. You also proved to have the least open schedule, having pretty much filled it up with depositions in another case despite the clear, firm order in this case closing discovery on March 31. The week of March 6 was the only week you still had entirely open and I requested that you and other counsel in the case keep it open for depos in this case. I did not dictate that; your schedule did.

As to the "courtesy" you speak of, you unilaterally noticed the deposition of Grant Callow for the afternoon of March 17, and then March 27, without checking with anyone as to their availability. Now you want to change it to the morning of the 27th, just as unilaterally, in order to accommodate your person's changing schedule and position yourself to take Mr. Callow's deposition first, after having already received, and had ample opportunity to review, his timely report first -- something we have been denied as to Mr. George, by you.

- M. Sewright

Herbert A Viergutz wrote:

> What good would it have done to tell you I had Court obligations on the 9th. You would have just complained that I did not keep the entire week open, as you dictated. I do not have that luxury of endlessly keeping an entire week open. In fact, I tried to accomodate by setting all court appearances for one day. On the 9th I move from Judge Tan to Judge Gleason to Judge Joannides. If you want to call my secretary to get the case numbers to make sure I am not fabricating please do so. I have now had the opportunity to fully review Mr. Callow's report and am certain I can complete his deposition the morning of the 27th. Mr. George will be present and you may take his deposition immediately following Mr. Callow's should you so desire. Mr. George will not be available on the 28th as previously indicated. I always try to provide proper notice as a courtesy. Finally, perhaps Mr. Shanburek would be so kind as to provide a working fax number so that we don't have a continuing problem.

```
--
Michael W. Sewright
Burr, Pease & Kurtz
810 N Street, Anchorage AK 99501
(907) 276-6100
http://www.bpk.com
```

****************************************************************
CONFIDENTIALITY NOTICE:   This transmission (including all attachments)

Exhibit  4
2  of  2