Traeger Machetanz, Esq.
OLES MORRISON RINKER & BAKER, LLP
745 Fourth Avenue, Suite 502
Anchorage, AK  99501-2136
Telephone:  (907) 258-0106
Telecopier:  (907) 258-5519

Attorneys for Nugget Construction Co., Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a NORTHERN STEVEDORING & HANDLING, and NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a Northern Stevedoring & Handling, on its own behalf,<br><br>　　　　　　　　　Plaintiffs,<br>and<br><br>UNITED STATES OF AMERICA for the use of SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Service, and SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Service, on its own<br><br>　　　Intervening Plaintiffs,<br>　　and<br><br>METCO, INC.,<br><br>　　　Intervening Plaintiff,<br><br>　　vs.<br><br>NUGGET CONSTRUCTION, INC.; SPENCER ROCK PRODUCTS, INC.,; UNITED STATES FIDELITY AND GUARANTY COMPANY; and ROBERT A. LAPORE,<br><br>　　　　　　　　　Defendants. | No. A98-009 CIV (HRH)<br><br>DEFENDANT NUGGET CONSTRUCTION'S MOTION TO QUASH SUBPOENAS TO GREG POYNER AND L.D. "RANDY" RANDOLPH AND FOR A PROTECTIVE ORDER LIMITING DISCOVERY |

COMES NOW, Defendant Nugget Construction, Inc. by and through its counsel of record, Oles Morrison Rinker & Baker LLP, seeking an order from the court quashing subpoenas issued by Plaintiff North Star to Greg Poyner and L.D. "Randy" Randolph and for a protective order precluding further discovery of these individuals.

### I.   BACKGROUND AND ARGUMENT

**A.   Plaintiffs May Not Retake The Depositions Of Messrs. Poyner And Randolph Without Leave Of The Court.**

On February 28, 2006, Plaintiff North Star issued subpoenas for Greg Poyner, Defendant Nugget's General Manager, and L.D. "Randy" Randolph, Nugget's former project manager, demanding their presence for depositions on March 9 and 10, respectively. Because both individuals have previously been deposed in this matter, and because Plaintiffs have failed to obtain leave of the court pursuant to Fed. R. Civ. Pro. 30 (a) (2) (B) (*Dixon v. Certainteed Corp.* 164 F.R.D. 685, 690 (D.Kan. 1996) (counts will generally not allow a second deposition absent good cause), Plaintiffs are precluded from retaking the requested depositions.

On February 6, 2006, counsel for North Star informed Nugget's counsel that North Star wished to redepose Mr. Randolph before the close of discovery. This request was confirmed by North Star's

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
DEFENDANT NUGGET CONSTRUCTION'S MOTION TO
QUASH SUBPOENAS -- Page 2 of 9

counsel in an e-mail of the same date. That same e-mail restated Nugget's position that it required an explanation as to why the retaking of Mr. Randolph's deposition was justified or it would seek a protective order precluding the deposition.

Having inquired as to Mr. Randolph's general availability for depsoition, on February 8, 2006, Nugget's counsel sent an e-mail to all counsel that stated in part: "I will also reiterate my objection to his depo being retaken unless we get an agreement on its scope before hand." Then again on February 10, Nugget's counsel e-mailed everyone and stated: "In addition, I have yet to receive any justification for reopening his deposition, which needs to be resolved before his deposition is taken. Please provide me with your proposed scope of inquiry and reasons for reopening it so that we can work toward an agreement on that issue."

As of February 14, 2006, Plaintiffs had not provided any justification for reopening Mr. Randolph deposition, so Nugget's counsel again inquired via e-mail:

> I have not heard any more about Randy's situation, so I don't know whether he is available on the 28th.
> However, I still have not been provided any information regarding the scope of the inquiry or any justification for reopening the deposition. Absent an agreement on the scope of the deposition before hand, I will have no choice but to move to quash, which will

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
DEFENDANT NUGGET CONSTRUCTION'S MOTION TO
QUASH SUBPOENAS -- Page 3 of 9

> likely delay getting these depositions wrapped up. Please provide me with your basis for reopening Randolph's deposition as soon as possible, so that we can put this issue behind us.

On February 16, 2006, North Star indicated for the first time that it wished to redepose Mr. Randolph because of documents that had been produced in the litigation since his first deposition. Because the only truly new documents disclosed since the original exchanges at the outset of the litigation were the financial documents the court compelled be produced in January, on February 20, Nugget objected to Mr. Randolph being deposed to inquire into those documents, as Mr. Randolph was never an employee of Nugget's and therefore was not privy to the financial condition of Nugget. North Star responded on February 21 that it was not intending to focus on the financial documents,[1] but instead was relying on the electronic files that had been produced in 2005 and issues set forth in its Second Discovery Requests (which will be discussed below).

On February 28, 2006, North Star issued a deposition and document subpoena to Mr. Randolph requiring him to appear on the previously agreed to date of March 10, 2006. In addition, it also

---

[1] Plaintiffs recently deposed Nugget's Vice President, who was designated the person with the most knowledge regarding the financial information, during the continuation of the 30 (b)(6) deposition.

U.S. ex rel. North Star, et al. v. Nugget Construction, et al.
Case No. A98-009 CIV (HRH)
DEFENDANT NUGGET CONSTRUCTION'S MOTION TO
QUASH SUBPOENAS -- Page 4 of 9

subpoenaed Mr. Poyner, Nugget's General Manager, for a deposition on March 9, 2006.[2] After reviewing the subpoenas and the electronic documents purportedly being relied on by North Star to justify its reopening of Mr. Randolph's deposition, Nugget's counsel e-mailed North Star's counsel and pointed out that there was no new information contained in electronic files that was not available to North Star when it first deposed both of the individuals, and that given the lack of meaningful testimony to be elicited, asked that the depositions be stricken.

On March 2, 2006, counsel for North Star declined to strike the motions and instead stated that it intended to inquire into any matters that has been discovered since the first depositions were taken. However, North Star did not cite a single example of what was unavailable to it when the depositions were first taken, other than the electronic files produced last Fall and some irrelevant documents recently requested. Thus, Plaintiffs merely appear to be on a costly, unsupportable, fishing expedition. As such, Nugget objects to the retaking of either Mr. Poyner's or Mr. Randolph's deposition.

---

[2] Plaintiffs indicated that they may wish to depose Mr. Poyner regarding the electronic documents, but there had been no correspondence confirming this interest prior to the issuance of the subpoena.

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
DEFENDANT NUGGET CONSTRUCTION'S MOTION TO
QUASH SUBPOENAS -- Page 5 of 9

### B. Plaintiffs Seek Irrelevant And/Or Attorney Client Information From Mr. Randolph.

Attached to the subpoena commanding Mr. Randolph's Mach 10, 2006 deposition is a list of documents he is expected to bring. The list includes a demand that Mr. Randolph produce "Any and all records or other documents requested by Request for Production No. 11 insofar as referring to Interrogatory Nos. 6 through 11 set forth in North Star's Second Set of Discovery Requests to Defendant Nugget Construction, Inc. dated February 14, 2006." Interrogatories 6 through 9 relate to questions as to Oles Morrison Rinker & Baker LLP's attorney/client relationship with Mr. Randolph in his private capacity and with questions about whether Mr. Randolph had served as an expert working for Oles Morrison Rinker & Baker for clients other than Nugget. Interrogatories 10 and 11 relate to Nugget's attorney/client relationship with Oles Morrison Rinker & Baker on matters other than the present suit. The subpoena attachment also seeks documents relating to "the employment and/or contractual arrangements between L.D. "Randy" Randolph or LDR Engineering Services, on the one hand, and the Oles Morrison Rinker & Baker law firm (by that or any other name), …, on the other hand."

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
DEFENDANT NUGGET CONSTRUCTION'S MOTION TO
QUASH SUBPOENAS -- Page 6 of 9

None of these inquiries is proper, as they are irrelevant to the present litigation, are not likely to lead to the discovery of admissible evidence, and seek attorney client privileged information. Because any relationship between Mr. Randolph and Oles Morrison are either privileged or irrelevant, Nugget and Mr. Randolph move to quash these document damands.

### C. Nugget Seeks A Protective Order To Preclude Further Discovery Of Messrs. Poyner And Randolph.

Because of the nature and extended timeframes associated with this case, Nugget was amenable to reopening the deposition of Mr. Randolph, provided Plaintiffs could articulate a reasonable basis for doing so. However, despite numerous requests that they provide such an explanation for reopening the deposition, they have never articulated one valid reason to justify the cost and burden of redeposing Mr. Poyner or Mr. Randolph. Instead, Plaintiffs' subpoenas appear to be nothing more than an attempt to obtain a second bite at the apple for both of these witnesses, which is cumulative, duplicative, burdensome, and expensive, and therefore, improper. Plaintiffs reliance on the production of electronic documents is insufficient to justify redeposing these individuals unless they can demonstrate that there is something that was not available to them in the hardcopies previously

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
DEFENDANT NUGGET CONSTRUCTION'S MOTION TO
QUASH SUBPOENAS -- Page 7 of 9

produced. Counsel for North Star's generic statement that there has been lots of discovery since the original depositions, thereby justifiing retaking these two, is too vague and open ended to provide a legitimate reason to force Nugget and these witnesses to be subjected to a second inquiry.

It is still possible that an agreement can be reached with regard to the scope of appropriate testimony for Messrs. Poyner and Randolph prior the the currently scheduled depositions. However, in the event the parties are unable to agree to allow the depositions to go forward, Nugget asks this court for a protective order precluding Plaintiffs from conducting any further discovery of Messrs. Poyner and Randolph. In addition, Nugget also seeks a protective order precluding Plaintiffs from inquiring into Mr. Randolph's independent relationship with Oles Morrison Rinker & Baker.

DATED this 6th day of March, 2006.

By: s/Traeger Machetanz
Traeger Machetanz
machetanz@oles.com
Alaska Bar No. 8411127
745 West 4th Avenue, Suite 502
Anchorage, AK 99501
Phone: (907) 258-0106
Fax:  (907) 258-5519

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
DEFENDANT NUGGET CONSTRUCTION'S MOTION TO
QUASH SUBPOENAS -- Page 8 of 9

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of March, 2006, a true and correct copy of the foregoing was served electronically via ECF on:

Michael W. Sewright, Esq.
mws@bpk.com
Burr, Pease & Kurtz
810 N Street
Anchorage, AK  99501

Steven J. Shamburek, Esq.
shamburek@gci.net
Law Office of Steven J. Shamburek
425 G Street, Suite 630
Anchorage, AK  99501-5872

Paul Stockler, Esq.
paulstockler@aol.com
1309 West 16th Avenue
Anchorage, AK  99501

Herbert A. Viergutz, Esq.
barmar@gci.net
Barokas Martin & Tomlinson
1029 West Third, Suite 280
Anchorage, AK 99501

and by U.S. mail on:

C. Patrick Stoll, Esq.
Herrig Vogt & Stoll LLP
4210 Douglas Bay Blvd., Suite 100
Granite Bay, CA 95746-5902

OLES MORRISON RINKER & BAKER LLP


By: s/Traeger Machetanz



P-TRK Mot to Quash Subpoenas 030605 99310.0002.doc


*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
DEFENDANT NUGGET CONSTRUCTION'S MOTION TO
QUASH SUBPOENAS -- Page 9 of 9

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519