of Discovery.

4. Recently, Plaintiff's counsel complained when the undesigned indicated he would be Renoticing Mr. Callow for deposition the morning of March 27, 2006, rather than as scheduled in the afternoon, thus allegedly seeking an undue advantage, by the undersigned proceeding to take Mr. Callow's deposition prior to that of Mr. George. Later, the undersigned received an e-mail from Plaintiff's counsel who said it would be impossible to Notice up the deposition of Mr. George since he had yet to receive a Report. As a courtesy to opposing counsel, and not wanting an "undue advantage", the undersigned will not alter the deposition date and time for Mr. Callow, i.e., March 27, 2006 at 1:00 p.m., as the last thing he wants is for Plaintiff's counsel to be prejudiced. Plaintiffs can easily Notice the deposition of Mr. George for 9:00 a.m. on March 27, 2006 and, therefore, both depositions can easily be completed prior to the close of Discovery. There should be no issue on this matter, but the undersigned felt it incumbent upon him to respond to Plaintiff's Oppositions relating to this issue, in an effort to bring this matter to its appropriate and proper close. Let us get on with the case and cease haggling over these nonsensical procedural issues.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

Dated this _10_ day of March, 2006.

_____
Herbert A. Viergutz

SUBSCRIBED AND SWORN TO before me this _10_ day of March, 2006.

_____
Notary Public in and for Alaska
My Commission Expires: _11-17-06_

BAROKAS MARTIN & TOMLINSON
1029 West Third, Suite 280
Anchorage, Alaska 99501
Phone: (907) 276-8010
Fax: (907) 276-5334

3