Herbert A. Viergutz, Esq.
Barokas Martin & Tomlinson
1029 West Third, Suite 280
Anchorage, AK 99501
Phone: (907) 276-8010
Facsimile: (907) 276-5334

Attorneys for United States Guaranty Company

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA AT ANCHORAGE**

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a NORTHERN STEVEDORING & HANDLING, and NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a NORTHERN STEVEDORING & HANDLING, on its own behalf,<br><br>    Plaintiffs,<br><br>    and<br><br>UNITED STATES OF AMERICA for the use of SHORESIDE PETROLEUM, INC., d/b/a MARATHON FUEL SERVICE, and SHORESIDE PETROLEUM, INC., d/b/a MARATHON FUEL SERVICE, on its own behalf,<br><br>    Intervening Plaintiffs,<br><br>    and<br><br>METCO, INC.,<br><br>    Intervening Plaintiff,<br><br>    vs.<br><br>NUGGET CONSTRUCTION, INC.; SPENCER ROCK PRODUCTS, INC.; UNITED STATES FIDELITY AND GUARANTY COMPANY; and ROBERT A. LAPORE,<br><br>    Defendants. | No. 3:98-cv-9 (HRH) |

**LIMITED REPLY BY UNITED STATES FIDELITY AND GUARANTY COMPANY TO SHORESIDE'S, METCO'S AND NORTH STAR'S OPPOSITIONS TO NUGGET'S MOTION TO EXTEND DEADLINE FOR EXPERT REPORT**

Plaintiff's, Shoreside and Metco's referenced pleading, at page 2, paragraphs 1 and 2, and footnote 1, allege that USF&G's rebuttal Expert Report to be filed on or before

1

March 16, 2006, is somehow untimely.  That assertion is patently false.  The Report and Proposed Calendar of Counsel Following Conference in Accordance with Court's Order dated August 11, 2005, at page 3, paragraph 3 states "the final witness list and the identification of lay and expert witnesses and related information in accordance with federal rules of civil procedure 26(a)(2) and 26(a) (3)(A) shall be served and filed by all parties by or before February 14, 2006."  The Court accepted, at Docket 415, through Order dated October 12, 2005, that Report.   In accordance with that Order, Defendant, USF&G, filed its Witness List on February 14, 2006. Mr. John George, Defendant's expert, was listed on that Witness List filed by USF&G.  By pleading of USF&G the following day, February 15, 2006, the undersigned, at Docket No. 450, notified the parties of the intent of USF&G, pursuant to Federal Rule of Civil Procedure 26(a)(2)(C), that said expert, John George, would be filing his rebuttal Expert Report on or before its due date, March 16, 2006.  In that Notice, at Docket No. 450, the undersigned also notified all counsel of record that he intended to take the deposition of Shoreside's "expert",  Mr. Callow, on March 27, 2006, and that USF&G would make available USF&G's expert, John George, for deposition on even date, or the date subsequent thereto.  Hence, no extension to the Discovery deadline is necessary.  (See relevant pleadings and e-mails attached hereto as Exhibit A.)

      The undersigned certainly does not believe, nor can it be seriously contended, that the Report filed by Mr. Sewright dated October 11, 2005, at Docket No. 414, prohibited any party from forwarding a rebuttal Expert Report within 30 days of receiving an Expert Report from an opposing party.  In fact, the Report specifically states that the related information shall be filed <u>in accordance with Federal Rule of Civil Procedure 26(a)(2)</u>, which provides at (C), for the forwarding of a rebuttal Expert Report within 30 days after the disclosure made by the other party.  How could a rebuttal Expert Report even be contemplated in Mr. Sewright's Report when the potential need for a rebuttal Report could not be evaluated when Expert Reports were not even due for over four months hence?  How can Mr.

Sewright claim prejudice, at page 3 of his Opposition, when a rebuttal Expert Report can never be forwarded prior to receiving the initial Expert Report?   Certainly, a party would not give up its right to file a rebuttal Expert Report having not yet even received the initial Expert Report of an opposing party.  Plaintiff's position is ludicrous, to say nothing of flying in the face of the Rules.  The parties specifically agreed to comply with the Rules in the Report forwarded by Mr. Sewright on October 11, 2005.   The case law supports Defendant=s position in that the expert Disclosures should be sufficiently <u>in advance of Trail</u> that opposing parties have a reasonable opportunity to prepare for effective cross examination <u>and perhaps arrange for expert testimony from other witnesses</u>. *Southern Union Company v. Southwest Gas Corp.*, 180 F. Supp. 2nd 1021, 1059-60 (D. Ariz. 2002). If the expert testimony is purely to contradict or rebut testimony disclosed by another party, then the disclosure must be made within 30 days after the disclosures by the other party. *Primus v. United States*, 389 F. 3rd 231, 234 (1st Cir. 2004); and *Callahan v. A.E.V., Inc.*, 182 F 3rd 237, 259 (3rd Cir. 1999).  In the event this Court interprets the Rule that leave may be necessary in order for Defendant, USF&G to disclose its Expert Report consistent with Federal Rule of Civil Procedure 26(a)(2)(C), then such leave is herein sought, and should appropriately be granted. *Nyama v. Ashcroft*, 357 F. 3rd 812, 816 (8th Circuit 2004); and *Eckelkamb v. Beste*, 315 F. 3rd 863, 872 (8th Cir. 2002).  An appropriate Order is lodged with the Court.

    The undersigned also submits a personal Affidavit in support of this Reply, filed herewith.

    Dated this 10th day of March, 2006.

                              s/ Herbert A. Viergutz
                              _____
                              Barokas Martin & Tomlinson
                              1029 West Third, Suite 280
                              Anchorage, AK 99501
                              Phone:  (907) 276-8010 Facsimile:  (907) 276-5334
                              barmar@gci.net
                              Alaska Bar No. 8506088

**CERTIFICATE OF SERVICE**
I HEREBY CERTIFY that a copy of this document was served by electronic notification on this 10th day of March, 2006, to:

Michael W. Sewright, Esq.
Burr, Pease & Kurtz
810 N Street
Anchorage, AK  99501

Paul Stockler, Esq.
1309 West 16th Avenue
Anchorage, AK  99501

Traeger Machetanz, Esq/Tom Krider, Esq.
Oles Morrison Rinker & Baker, LLP
745 4th Avenue, Suite 502
Anchorage, AK 99501-2136

Steven J. Shamburek, Esq.
Law Office of Steven J. Shamburek
425 G Street, Suite 630
Anchorage, AK  99501-5872

s/ Herbert A. Viergutz