Herbert A. Viergutz, Esq.
Barokas Martin & Tomlinson
1029 West Third, Suite 280
Anchorage, AK 99501
Phone: (907) 276-8010
Facsimile: (907) 276-5334

Attorneys for United States Guaranty Company

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT ANCHORAGE**

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a NORTHERN STEVEDORING & HANDLING, and NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a NORTHERN STEVEDORING & HANDLING, on its own behalf, <br><br>Plaintiffs, <br><br>and <br><br>UNITED STATES OF AMERICA for the use of SHORESIDE PETROLEUM, INC., d/b/a MARATHON FUEL SERVICE, and SHORESIDE PETROLEUM, INC., d/b/a MARATHON FUEL SERVICE, on its own behalf, <br><br>Intervening Plaintiffs, <br><br>and <br><br>METCO, INC., <br><br>Intervening Plaintiff, <br><br>vs. <br><br>NUGGET CONSTRUCTION, INC.; SPENCER ROCK PRODUCTS, INC.; UNITED STATES FIDELITY AND GUARANTY COMPANY; and ROBERT A. LAPORE, <br><br>Defendants. | No. 3:98-cv-9 (HRH) |

**AFFIDAVIT OF COUNSEL**

BAROKAS MARTIN & TOMLINSON
1029 West Third, Suite 280
Anchorage, Alaska 99501
Phone: (907) 276-8010
Fax: (907) 276-5334

1

STATE OF ALASKA       )
                      ) ss.
THIRD JUDICIAL DISTRICT )

Herbert A. Viergutz, being first duly sworn upon oath, deposes and states as follows:

1. I am counsel of record for Defendant, USF&G, as regards bad faith allegations contained within Plaintiff's Complaint.

2. I thoroughly reviewed the Report and Proposed Calendar of Counsel Following Conference in Accordance with Court Order Dated August 11, 2005, filed by Mr. Sewright on October 11, 2005, at Docket No. 414, and the Court's resulting Order re: Case Status dated October 12, 2005, at Docket 415. I never even once read that Report, at paragraph 3, and the resulting Court Order, to prohibit counsel for any party from filing a rebuttal Expert Report in accordance with Federal Rule of Civil Procedure 26(a)(2)(C).

3. Counsel for Plaintiffs cannot possibly claim prejudice regarding closure of Discovery, as the undersigned provided notice of his intent to file a rebuttal Expert Report from the witness disclosed on USF&G's Witness List filed the day prior, pursuant to the Rules. At that early time, the undesigned also agreed to have his Expert, John George, deposed on March 27, 2005, prior to the close of Discovery, on March 31, 2006. That would allow counsel no less than 11 days to review the rebuttal Expert Report, which will be forwarded consistent with Federal Rule of Civil Procedure 26(a)(2)(C), on or before March 16, 2006. The undersigned will be working daily between March 17 and March 24, contrary to assertions by Mr. Sewright. Mr. Sewright would have been well advised to consider the Rules and associated deadlines prior to calendaring vacation time one week prior to the close

of Discovery.

4. Recently, Plaintiff's counsel complained when the undesigned indicated he would be Renoticing Mr. Callow for deposition the morning of March 27, 2006, rather than as scheduled in the afternoon, thus allegedly seeking an undue advantage, by the undersigned proceeding to take Mr. Callow's deposition prior to that of Mr. George. Later, the undersigned received an e-mail from Plaintiff's counsel who said it would be impossible to Notice up the deposition of Mr. George since he had yet to receive a Report. As a courtesy to opposing counsel, and not wanting an "undue advantage", the undersigned will not alter the deposition date and time for Mr. Callow, i.e., March 27, 2006 at 1:00 p.m., as the last thing he wants is for Plaintiff's counsel to be prejudiced. Plaintiffs can easily Notice the deposition of Mr. George for 9:00 a.m. on March 27, 2006 and, therefore, both depositions can easily be completed prior to the close of Discovery. There should be no issue on this matter, but the undersigned felt it incumbent upon him to respond to Plaintiff's Oppositions relating to this issue, in an effort to bring this matter to its appropriate and proper close. Let us get on with the case and cease haggling over these nonsensical procedural issues.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

Dated this __10__ day of March, 2006.

Herbert A. Viergutz

SUBSCRIBED AND SWORN TO before me this __10__ day of March, 2006.

Notary Public in and for Alaska
My Commission Expires: __11-17-06__

BAROKAS MARTIN & TOMLINSON
1029 West Third, Suite 280
Anchorage, Alaska 99501
Phone: (907) 276-8010
Fax: (907) 276-5334

3

**CERTIFICATE OF SERVICE**
I HEREBY CERTIFY that a copy of this document was served by electronic notification on this 10th day of March, 2006, to:

Michael W. Sewright, Esq.
Burr, Pease & Kurtz
810 N Street
Anchorage, AK 99501

Paul Stockler, Esq.
1309 West 16th Avenue
Anchorage, AK 99501

Tom Krider, Esq.
Traeger Machetanz, Esq
Oles Morrison Rinker & Baker, LLP
745 4th Avenue, Suite 502
Anchorage, AK 99501-2136

Steven J. Shamburek, Esq.
Law Office of Steven J. Shamburek
425 G Street, Suite 630
Anchorage, AK 99501-5872

s/ Herbert A. Viergutz
_____

BAROKAS MARTIN & TOMLINSON
1029 West Third, Suite 280
Anchorage, Alaska 99501
Phone: (907) 276-8010
Fax: (907) 276-5334

4