Steven J. Shamburek
Alaska Bar No. 8606063
LAW OFFICE OF STEVEN J. SHAMBUREK
425 G Street, Suite 630
Anchorage, Alaska 99501
(907) 522-5339 Direct
(907) 522-5393 Fax

Attorney for Plaintiffs
Shoreside Petroleum, Inc.,
d/b/a Marathon Fuel Service
and Metco, Inc.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a Northern Stevedoring & Handling, and NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a Northern Stevedoring & Handling, on its own behalf,<br><br>        Plaintiffs,<br><br>    and<br><br>UNITED STATES OF AMERICA for the use of SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Service, and SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Service, on its own behalf,<br><br>        Intervening Plaintiffs,<br><br>    and<br><br>METCO, INC.,<br><br>        Intervening Plaintiff,<br><br>    vs.<br><br>NUGGET CONSTRUCTION, INC.; SPENCER ROCK PRODUCTS, INC.; UNITED STATES FIDELITY AND GUARANTY COMPANY; and ROBERT A. LAPORE,<br><br>        Defendants. | **METCO'S DISCOVERY RESPONSES**<br><br><br><br><br><br><br><br><br><br><br>Case No. A98-0009-CV (HRH) |

1

EXHIBIT 2
Page 1 of 69

COMES NOW Metco, Inc. ("Metco" or "Claimant"), by and through counsel, and provides the following discovery responses to Nugget Construction, Inc. and USF&G's first discovery requests.

Response To Interrogatory No. 1:  Metco was always aware that Nugget Construction was involved because it was Nugget's barge. Metco was not actually loading the barge.  Metco was moving the rock away from the siding with loaders so that the Alaska Railroad could bring down another load and Metco trucked the rock down to a loading box at the Nugget barge.  Metco was loading the rock on both Metco trucks and also Bob LaPore's trucks.  Metco beefed up one of our trucks to haul rock.  Bob LaPore's trucks were not too good and he asked us to fix flats, fix oil leaks and keep the trucks running the best we could.  Metco knew the Homer project was a bonded job by the federal government and knew that Nugget was the prime contractor, so Metco wasn't worried at first when Bob LaPore was slow in paying.  Metco could look to the bond for payment.

Frank Dieckgraeff talked to Randy Randolph one time and he expressed that he wanted us to do everything we could to help Bob LaPore with the rock as he felt he was overwhelmed.  Barbara Dieckgraeff talked to Randy Randolph on June 27 about Spencer's failure to pay and he admitted that Spencer had not been paid by Nugget.  At that time, Barbara Dieckgraeff faxed to Randy Randolph the invoices that had been sent to Spencer Rock through June 11 seeking payment.

EXHIBIT 2
Page 2 of 69

Metco notes the statements of Randy Randolph, the central individual who worked with both Nugget and Spencer. He admitted: "The [Support] Agreement was a consensual agreement between Nugget and SRP, and SRP was free to disavow it at any point during the project. The Agreement lasted a limited duration, **specifically between April and July 1997,** and SRP did not disavow the Agreement during that duration." [ER 325, Affidavit of Lynn D. ("Randy") Randolph dated May 14, 2002, p. 2, para. 2 (Emphasis added)].

In addition, Nugget frankly admits this undisputed fact in an Opening Brief filed with the Ninth Circuit in 2003. **"Thus, in March or April 1997 (ER 107), Nugget began providing support services to Spencer Rock pursuant to a Support Agreement formally executed on April 15, 1997. (ER 7-10.)"** (Emphasis added). Nugget Opening Brief, p. 11 at ll. 9 - 11.

In addition, the deposition referenced by Nugget in Nugget's Opening Brief in the Ninth Circuit refers to the deposition of Randy Randolph taken on October 30, 1998. He stated:

Q. Was Nugget Construction providing Nugget employees and/or equipment to Spencer Rock in the Spencer Quarry prior to April 23, 1997, which is the date of this support agreement?

A. Yes

Q. And when did that type of cost to Nugget first occur?

A. Late March, early April.

[ER 107, p. 121, ll. 1 - 7 (Emphasis added)]

3

EXHIBIT 2
Page 3 of 69

In addition, the Court found that Mr. Randolph was involved with both Nugget and Spencer. The Court found:

> Other significant undisputed facts in the record show that Nugget was ideally situated to take over operations at the Spencer quarry. For five years preceding his position as Nugget's project manager, Lynn D. Randolph worked as the project manager and job estimator in the Spencer quarry under its previous owner, Trecon (for whom Nugget's general manager and corporate secretary Greg Poyner also worked as a general manager). Randolph also worked as senior engineer, bid estimator, and project manager for Spencer after Robert LaPore purchases the quarry in 1994. In fact, prior to the Homer Spit project, Randolph worked for Nugget as a consultant, bid estimator, and project manager at the same time he worked for LaPore at Spencer. According to Randolph and LaPore, most of the calculations resulting in Spencer's pricing to Nugget on the Homer Spit bid were prepared by Randolph as a bid estimator and consultant for Spencer (while he also worked as a project manager for Nugget).

[ER 334 at l. 11 - 335, l. 6]

In response to a letter from Metco seeking payment, the Corps states in pertinent part in a letter to Nugget dated August 16, 1997 (RRO/33):

> SUBJECT: Letter from METCO, Incorporated, Contract DACW85-96-C-0020, Homer Spit Repair and Extension, Homer, Alaska
>
> . . .
>
> Attached is a letter we received from METCO, Incorporated, dated July 31, 1997, regarding non-payment for work that they have conducted for the above project. METCO states that they have not been paid for loading rock from the rail cars to the barges in Seward.
>
> . . .
>
> METCO's letter claims that Spencer Quarry has not paid them because Spencer Quarry has not received payment from Nugget Construction.
>
> . . .

We remind you that under Contract Clause I.55, Payments Under Fixed-Price Construction Contracts, Paragraph c.3 states: "This request for progress payment does not include any amounts which the prime contractor intends to withhold or retain from a subcontractor or supplier in accordance with the terms and conditions of the subcontract."

In response to two letters from Nugget, the Corps states in pertinent part in a letter to Nugget in August, 1997 (RRO/40):

SUBJECT:   Spencer Quarry, Contract DACW85-96-C-0020, Homer Spit Repair and Extension, Homer, Alaska

. . .

We acknowledge receipt of Serial Letter 611-19, dated August 6, 1997 and Serial Letter 611-21, dated August 11, 1997.   We do not necessarily agree that Spencer Rock Products is only a "vendor" for Miller Act purposes.

Based on the supporting costs that you outlined in Serial Letter 611-21, it appears that Nugget Construction has assumed full responsibility for operations at Spencer Quarry for the subject project. Therefore, as primary operator at Spencer Quarry, we believe Nugget Construction is responsible for prompt payment to suppliers and subcontractors who contracted with Spencer Rock Products on this project.

We request that you clarify what support and project management services Nugget Construction provided to Spencer Rock Products to account for the support cost that you have shown in Serial Letter 611-21.   Further, please provide information showing what work, if any, has been performed by Spencer Rock Products under its subcontract with Nugget Construction.

The letter states that it was courtesy copied to "United States Fidelity and Guarantee Co., Attn:   Bill Wells, 4220 B Street, Anchorage, AK   99503."   USF&G was on clear written notice. Nugget was preoccupied with the status of Spencer Rock. However, the Corps of Engineers notes that Nugget was obligated "not to request for progress payments that which you intend to withhold from a subcontractor or supplier."   Nugget may have been

5

EXHIBIT 2
Page 5 of 69

successful in the first appeal to the Ninth Circuit in characterizing Spencer Rock Products as a supplier rather than a subcontractor. However, that does not relieve Nugget of paying all the suppliers and subcontractors pursuant to this contract as construed by the agency charged with administering the contract. Nugget continued to request progress payments and nonetheless withheld payment to the three claimants. Documents from the Corps noted as RRO/33, RRO/38, RRO/40, RRO/44, RRO/48 and Nugget documents 611-11, 611-21, 611-25, 611-30 and 611/33 are also responsive.

The following individuals have possible information: John Terwilliger, Randy Randolph, Greg Poyner, John Smithson and Bob Fox with Nugget Construction; Robert LaPore, Vernon Rush, Herschell Hall and Randy Randolph with Spencer Rock Products; Jane Bennett Poling and perhaps Janice Smith with USF&G; Douglas Lechner and Ron Niebrugge with Shoreside; Frank Dieckgraeff, Barbara Dieckgraeff and Dave Dieckgraeff with Metco; Jack Goodwill and Jeff Bentz and others with North Star; John Dennis Stacey with Chugach Rock Corporation; and the individuals who worked with the U.S. Army Corps of Engineers on the Homer Project. Their respective addresses and contact numbers are noted in prior discovery responses and disclosures.

Response To Interrogatory No. 2: Nugget was a large construction company that dictated the activities of Spencer Rock/Robert LaPore almost from the outset of the relationship. Nugget created a secret Support Agreement that effectively gave Nugget complete control of Spencer Rock/Robert LaPore and the

EXHIBIT 2
Page 6 of 69

Homer Project.    Nugget required that the terms of the support agreement not be disclosed to the U.S. Corps of Engineers or to the claimants.    Nugget did not pay Spencer Rock which precluded Spencer Rock from paying the three claimants.    Nugget knew or should have known that this was the likely consequence of its actions and inactions.

See the Responses To Interrogatory Nos. 1.

Response To Interrogatory No. 3:    See    the    Responses    To Interrogatory Nos. 1 and 2.

Response To Interrogatory No. 4:    Spencer Rock, North Star, Shoreside and Metco were actively involved in the prosecution of the Homer Project as major suppliers of goods and providers of services.    Nugget knew about the identity and activities of each of these entities almost from the outset of the Homer Project. Nugget knew or should have known that the three claimants were providing goods and performing services in reliance on the Miller Act bond and the incentive it provides for payment.    Nugget owed a duty of care not to act negligently toward the claimants. Nugget acted negligently and carelessly in its dealing with and treatment of the three claimants.    USF&G was aware of the non-payment at a time when Nugget continued to request progress payments in direct contravention of the terms of the contract between Nugget and the Corps.    Absent some documents or disclosures to the contrary, USF&G did nothing other than request proofs of claim from the three claimants.

Response To Interrogatory No. 5:    Claimant already proved its contract-based damages and was awarded judgment for those damages

EXHIBIT 2
Page 7 of 69

by the court in 1999. In reaching this conclusion, the court also found that the goods were provided and the services performed for the benefit of the Homer Project. Those findings were not challenged on appeal and thus any challenge has been waived. <u>Kesselring v. F/T Arctic Hero</u>, 95 F.3d 23, 24-25 (9th Cir. 1996). The amount of the damages for the other causes of action may be more substantial. The actual attorney's fees expended may be awarded as damages based on the conduct of the defendants including fraud, misrepresentation, negligence, and/or breach of the covenant of good faith and fair dealing. These additional damages may also be awarded against USF&G under state law causes of action. Claimant also seeks punitive damages in a sum of $1,000,000.000 as deemed appropriate by the trier of fact. The claim for punitive damages arose prior to August 7, 1997 and thus is governed by the statute in effect prior to the amendment. Everyone involved in the Homer Project has some information pertinent to the performance of the work and the computation of the damages.

<u>Response To Request For Production No. 1</u>: Claimant incorporates all the documents that were disclosed previously including documents attached to prior motions, oppositions, and replies.

<u>Response To Request For Production No. 2</u>: See the Response To Interrogatory No. 5. Metco is seeking the additional sum of $1858.50 for overtime payments and is producing documents supporting that request. Metco is forwarding the time cards for its employees showing the hours and work performed.

<u>Response To Request For Production No. 3</u>: Metco notes that it

EXHIBIT 2
Page 8 of 69

charged Spencer Rock $50 for sales tax during this time, $25 for May and $25 for June, because of the $500 cap for the Kenai Peninsula Borough.  The letter to Doug Wood with the Corps of Engineers with the attachments dated July 31, 1997 is also responsive.  The letter from the Corps of Engineers dated August 22, 1997 is also responsive.

Response To Request For Production No. 4:  There is no written agreement.

Response To Request For Production No. 5:   Claimant has already produced any notes, correspondence, memoranda or communications it sent or received during the prosecution of the Homer Project. Claimants agreed early in the this case to cooperate in the pursuit of the claims and coordinate their activities with the understanding and expectation that any notes, correspondence, memoranda or communications produced or exchanged are protected by the joint defense privilege, the attorney/client privilege and/or other common law privileges.  See Federal Rule of Evidence 503 generally and subsections (a)(5) and (b)(3) specifically.  P. No.5 & No. 7

Metco kept in touch with Doug Lechner of Shoreside Petroleum and Jack Goodwill of North Star Terminal & Stevedore Company. Metco became aware that its bills were also in arrears.  Metco is producing copies of written communications between Metco and others and any notes between Metco and others.

Response To Request For Production No. 6:   There is no written agreement.

Response To Request For Production No. 7:   See the Response To

EXHIBIT 2
Page 9 of 69

Request For Production No. 5.

Response To Request For Production No. 8:    There is no written agreement.

Response To Request For Production No. 9:    Copies    of    the billings presented by Metco to Spencer Rock have been produced. Bob LaPore objected to the overtime that we charged him for our operators and drivers.  His objection was verbal.  We showed him where he was obligated to pay overtime to his drivers.  We did credit him with the overtime, but he could not pay the billings for the regular time any way as he had not been paid by Nugget. Any other communications are privileged for reasons similar to those  in  the  Response  To  Request  For  Production  No.  5. Notwithstanding this objection, claimant is not aware of any responsive documents.

Response To Request For Production No. 10:    There is no written agreement.

Response To Request For Production No. 11:    Any    communications are privileged for reasons similar to those in the Response To Request For Production No. 5.   Notwithstanding this objection, claimant is not aware of any responsive documents.

Response To Request For Production No. 12:    Claimant    objects that this request is overbroad and burdensome.  Without waiving these  objections,  claimant  responds  that  it  has  produced documents to all the parties in a timely manner throughout this litigation regarding the indicia of work it performed on the Homer Project. Metco continued to fax invoices to Nugget because it was the prime contractor.  See the Response To Interrogatory

EXHIBIT 2
Page 10 of 69

No. 5.

<u>Response To Request For Production No. 13</u>:     See the Response To Request For Production No. 12.

<u>Response To Request For Production No. 14</u>:     There are no known photographs.

<u>Response To Request For Production No. 15</u>:     See the Response To Interrogatory No. 5.

<u>Response To Request For Production No. 16</u>:     Claimant     objects that this question is overbroad.  Notwithstanding this objection, claimant incorporates all the documents previously produced.

<u>Response To Request For Production No. 17</u>:     Claimant     is     not aware of any responsive documents.

<u>Response To Request For Production No. 18</u>:     Claimant     objects that this question is overbroad.  Notwithstanding this objection, claimant incorporates all the documents previously produced.

<u>Response To Request For Production No. 19</u>:     All     of     Metco's agreements with Bob LaPore of Spencer Rock for the work with the rock were verbal except for the actual billings for the work which reflected the terms and conditions of the agreement. Copies of the billings have been produced previously.

<u>Response To Request For Production No. 20</u>:     Claimant     objects that this question is overbroad.  Notwithstanding this objection, claimant incorporates all the documents previously produced.

The foregoing objections to these discovery requests were made on the recommendation and advice of the undersigned.

11

EXHIBIT 2
Page 11 of 69

DATED this 14th day of November, 2005 at Anchorage, Alaska.

THE LAW OFFICE OF STEVEN J. SHAMBUREK
Attorney for Plaintiff
Shoreside Petroleum, Inc., d/b/a Marathon
Fuel Service and Metco, Inc.


By: _Steven J. Shamburek_
    Steven J. Shamburek
    ABA: 8606063

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 14th day of November, 2005, a copy of the foregoing was served by mail upon the following:

Gloria Y. Ho, Esq.
Oles Morrison Rinker & Baker LLP
745 W. 4th Avenue, Suite 502
Anchorage, Alaska  99501

Paul Stockler, Esq.
Law Offices of Paul Stockler
1309 W. 16th Avenue
Anchorage, Alaska  99501

Michael W. Sewright, Esq.
Burr, Pease & Kurtz
810 N Street
Anchorage, AK  99501


_Steven J. Shamburek_
Steven J. Shamburek

EXHIBIT 2
Page 12 of 69

VERIFICATION

STATE OF _Alaska_____ )
                                    ) ss
COUNTY OF _3,0 Judicial Dist._ )

I, _Barbara Dieckgraeff_, being first duly sworn upon oath, depose and state that:  I am the _Secretary/Treasurer_ of Plaintiff/Use-Plaintiff Metco, Inc., in the above-captioned action.  I have read the foregoing responses to Defendants Nugget Construction Company, Inc., and United States Fidelity and Guaranty Company discovery requests, know the contents thereof, and believe the same to be true and complete.

Name: _Barbara Dieckgraeff_

Title: _Secretary/Treasurer_

SUBSCRIBED AND SWORN to before me this _14_ day of _Nov_ _____, 2005.



_Dawn M. Kratz_
Notary Public in and for _Seward, AK_
My Commission Expires: _July 26, 2007_

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106  Fax: (907) 258-0109

U.S. ex rel. North Star, et al. v. Nugget Construction, et al.
A98-009 CIV (HRH)
Nugget Construction, Inc. and United States Fidelity and Guaranty Company's First Set of Discovery Requests to Plaintiff/Use-Plaintiff Metco, Inc. -- Page 25 of 26

EXHIBIT 2
Page 13 of 69

RICHARDSON RESIDENT OFFICE
DEPARTMENT OF THE ARMY
U.S. ARMY ENGINEER DISTRICT, ALASKA
P.O. BOX 898
ANCHORAGE, ALASKA 99506-0898

(C)

OFFICIAL BUSINESS

99664=9701

Metco, Inc.
HCR 64 Box 300
Seward, AK 99664-9701

EXHIBIT 2
Page 14 of 69

# NUGGET CONSTRUCTION, INC.
ENVIRONMENTAL and CIVIL CONSTRUCTION

L. D. "Randy" Randolph, P. E.
Senior Engineer

(907) 344-8365                         Fax (907) 522-2786
8726 Corbin Dr.  •  Anchorage, Alaska   99507

EXHIBIT 2
Page 15 of 69

DATE _5/3/97_    **DAILY TIME CARD**    *Metco*    SA10220

Employee's Name _David_

| CUSTOMER | Job Location | Machine No. | Job Description | Type of Product | Loads yds. | HRS | Office use only |
|---|---|---|---|---|---|---|---|
| Tang | R R CARS. | KW 4 | gravic | D-1 | 2 scals | 1 | (T) |
| Spencer Rock | R R Dock | 966 89 #101 | Loading trucks | | | 8 ½ | (T) |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | TOTAL HOURS | | | | |

DATE _5-3-97_    **DAILY TIME CARD**    *Metco*    OFFICE USE ONLY    SA10221

Employee's Name _Doug Jewell_

| CUSTOMER | Job Location | Machine No. | Job Description | Type of Product | Loads yds. | HRS | Office use only |
|---|---|---|---|---|---|---|---|
| Spencer Rock | City Dock | 870 GMC #84 | Rock Hall | Rip Rap. | N/A | 13 ½ | (T) |
| Shop | | | Fuel | | | ½ | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

EXHIBIT 2
Page 16 of 69

DATE 5/4/97    **DAILY TIME CARD**    *Metco*    OFFICE USE ONLY

Employee's Name Jim Pipkin    $10248

| CUSTOMER | Job Location | Machine No. | Job Description | Type of Product | Loads yds. | HRS | Office use only |
|---|---|---|---|---|---|---|---|
| Spencer Rock | Switch Yard | Lo-966 | Cood Trucks | | | 11 | (T) |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | TOTAL HOURS | 11 | |

DATE 5-4-97    **DAILY TIME CARD**    *Metco*    OFFICE USE ONLY

Employee's Name G. WININGS    $10215

| CUSTOMER | Job Location | Machine No. | Job Description | Type of Product | Loads yds. | HRS | Office use only |
|---|---|---|---|---|---|---|---|
| Spencer Rock | Rail Yard | Lo-966 | load trucks | | | 7 | (T) |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

EXHIBIT 2
Page 17 of 69

TOTAL HOURS    7

DATE 5-4-97   **DAILY TIME CARD**   *Metco*   OFFICE USE ONLY   SU10391

Employee's Name Elliard

| CUSTOMER | Job Location | Machine No. | Job Description | Type of Product | Loads yds. | HRS | Office use only |
|----------|-------------|-------------|-----------------|-----------------|-----------|-----|-----------------|
| SPENCER ROCK | RAILROAD DOCK | TRK GMC | HAUL RIP RAP | | | 7.5 | 7.5 |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

TOTAL HOURS  7.5

---

DATE 5-4-97   **DAILY TIME CARD**   *Metco*   OFFICE USE ONLY   SU10383

Employee's Name DOUG JEWELL

| CUSTOMER | Job Location | Machine No. | Job Description | Type of Product | Loads yds. | HRS | Office use only |
|----------|-------------|-------------|-----------------|-----------------|-----------|-----|-----------------|
| SPENCER Rock | City Dock | GMC | Rock Hall | Pit Rmp. | N/A | 14 | 8 6 |
| SHOP | | | Fuel | | | 1/2 | 5 |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

EXHIBIT 2
Page 18 of 69

TOTAL HOURS  14 1/2

Bob Laplore
asked us to fix tires
& fix oil leaks on
their trucks

EXHIBIT 2
Page 19 of 69

DATE 5-4-99

**DAILY TIME CARD**

Employee's Name _James Unrein_

Metco

OFFICE USE ONLY

SU
8A 0247

| CUSTOMER | Job Location | Machine No. | Job Description | Type of Product | Loads yds. | HRS | Office use only |
|---|---|---|---|---|---|---|---|
| Forveer Rock | SHop | | Fix tires, ADJusted | | | 7.75 | 1.15 ☉ |
| | | Lo DO | fuel | | | 1/4 | .c |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | TOTAL HOURS | | | 8 | |

EXHIBIT 2
Page 20 of 69

DATE 5-7-17

**DAILY TIME CARD**

*Metco*

OFFICE USE ONLY

A 10275

Employee's Name _James Imorris_

| CUSTOMER | Job Location | Machine No. | Job Description | Type of Product | Loads yds. | HRS | Office use only |
|----------|--------------|-------------|-----------------|-----------------|------------|-----|-----------------|
| | | Lo 120 | fuel Lube | | | .5 | |
| | | Lo 966 | fuel Lube | | | .5 | |
| | | Sch633 | fuel Lube | | | .75 | |
| | | ScRCRU | Lube | | | .75 | |
| | | DOZD9H | fuel Lube | | | .75 | |
| Spencer Rock | Shop | | work on GMC truck and International truck | | | 5.75 | 5.75 |
| | Shop yard | | clean up drain oil outa tank | | | 1.25 | |
| | | Bko 510 | fuel Lube | | | 1/4 | |
| | | Lo 125C | fuel Lube | | | .5 | |
| | | Bko200 | fuel Lube | | | .5 | |
| | | Lo 90 | fuel Lube | | | 1/4 | |
| | | TRk kw4 | fuel Lube | | | 1/4 | |

TOTAL HOURS ~~11.3~~
12

*Metco*

25%

SEWARD, ALASKA
224-3151

Spencer Rock

5 gal 30w 4.72 gallon
5 gal 80/90 Gear Lube 7.81 gallon
10 gal Antifreeze 6.43 gallon
5 small tire patches .63¢ each
4 12 volt 1157 bulbs each .73¢ each
6 oz proclass tractor oil Leak Dye 1.03 bottle
4 tubes of Grease 1.47 each 1.80 bottle

EXHIBIT 2
Page 21 of 69

DATE 5-13-97

**DAILY TIME CARD**

*Metco*

OFFICE ONLY

M 10287

Employee's Name James Unruim

| CUSTOMER | Job Location | Machine No. | Job Description | Type of Product | Loads yds. | HRS | Office use only |
|----------|--------------|-------------|-----------------|-----------------|------------|-----|-----------------|
| | | BK6200 | service fuel lube | | | .75 | |
| | | TRk kw4 | fuel Lube Air tires | | | .5 | |
| | | TRk kw3 | Lube Air tires | | | .5 | |
| | | TRk 6mc | Lube | | | .5 | |
| | | TRk 126 | Lube | | | 1/4 | |
| Spencer Rock | | | find oil Leak Steam clean Engine | | | 2.5 | 2.5 (J) |
| | SHop | | clean up | | | 2 | |
| | | Franks truck | change Starter | | | 1 | |
| | BARBS car | | fuel Lube | | | .5 | |
| | Yard | | chak fuel tanks | | | -1/4 | |
| | | | | | | | |
| | | | | | | | |

TOTAL HOURS | 8.75

---

DATE 5-13-97

**DAILY TIME CARD**

*Metco*

OFFICE USE ONLY

M 10417

Employee's Name DON SUTHERLAND

| CUSTOMER | Job Location | Machine No. | Job Description | Type of Product | Loads yds. | HRS | Office use only |
|----------|--------------|-------------|-----------------|-----------------|------------|-----|-----------------|
| LUDECK | HOSP | KW4 | HAUL OUT | FILL | | 4 | ✓ |
| SPENCER | RR Dock | TKGMC | Rock TO Dock | Rock | | 5 | 1 (P) |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

EXHIBIT 2
Page 22 of 69

TOTAL HOURS

DATE 5-13-97

**DAILY TIME CARD**

Employee's Name Elland

*Metco*

OFFICE USE ONLY

M10424

| CUSTOMER | Job Location | Machine No. | Job Description | Type of Product | Loads yds. | HRS | Office use only |
|---|---|---|---|---|---|---|---|
| SPENCER ROCK PROD | R.R. DOCK | TRK GMC | HAUL ROCK 0530-1100 1200-1700 2330-2400 | | | 11 | 3 T |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

TOTAL HOURS  11

---

DATE 5-13-97
Doug Jewell

**DAILY TIME CARD**

Employee's Name Doug Jewell

*Metco*

OFFICE USE ONLY

M10433

| CUSTOMER | Job Location | Machine No. | Job Description | Type of Product | Loads yds. | HRS | Office use only |
|---|---|---|---|---|---|---|---|
| SPENCER | R+R | | OPERATOR EXC 6 AM TO 11 AM — 5 12 NON TO 5 PM — 5 6 PM TO 11 PM — 5 | | | 15 | 7 T |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

EXHIBIT 2

TOTAL HOURS

DATE 10/13/99

**DAILY TIME CARD**

Employee's Name _Dawn_

*Metco*

M10415

OFFICE USE ONLY

| CUSTOMER | Job Location | Machine No. | Job Description | Type of Product | Loads yds. | HRS | Office use only |
|---|---|---|---|---|---|---|---|
| Zybec | Hospital | K44 | House East | | 15 Load | 5 | ✓ |
| Woods | Out of Vault | I2c | Cement | 6 ¾ | 16 | 4 | Ⓣ |
| Purol Covers Sewonsen | Won Song | Incom O Tarlon | Device Count | | | ½ | Ⓟ |
| Woody Coats | Nest Rory | 350 JD Incom | Device Count | | | ½ | ✓ |
| S Penel Rock | RR Line | L120 | Fix your mess | | | 2 | Ⓣ |
| Spencer Rock | RR Cars | 966 | Load Cars | | | 3 ½ | Ⓣ |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | **TOTAL HOURS** | | | |

EXHIBIT 2
Page 24 of 69

12 of 50

**DAILY TIME CARD**

DATE S____ 97

Employee's Name Elland

*Metco*

Jᵘ10300

| CUSTOMER | Job Location | Machine No. | Job Description | Type of Product | Loads yds. | HRS | Office use only |
|---|---|---|---|---|---|---|---|
| SPENCER ROCK PROD. | AK. RR. DOCK | TRKGMC | HAUL 2400-0300 12-3 am 0530-1100 530am-11am 2100-2900 9:pm-11:pm | | } | 10.5 | 7.5 3✓ (T) |
| | SHOP | TRKGMC | MODIFY, REPAIR DUMP BOX CUT + WELD | | | 1 | |
| AK. RAILROAD | PORT AVE | LO966 | LOAD TRK w/DUFF | | | 1 | 1 (T) |
| " | " | TRKKW4 | HAUL AWAY DUFF NOON TO 4:00 | | | 3 | 3 (T) |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | TOTAL HOURS | | 15.5 | |

---

DATE 5-14-97

Employee's Name DON SUTHERLAND

**DAILY TIME CARD**

*Metco*

Jᵘ10418

OFFICE USE ONLY

| CUSTOMER | Job Location | Machine No. | Job Description | Type of Product | Loads yds. | HRS | Office use only |
|---|---|---|---|---|---|---|---|
| ZUDECK | HOSPITAL | KW 4 | HAUL OUT | FILL | | 4½ | ✓ |
| SPENCER | RR DOCK | TRKGMC | HAUL ROCK 12 noon - 5 pm 6 pm - 9 pm | ROCK | | 8 | (T) |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

EXHIBIT 2
Page 25 of 69

TOTAL HOURS 17½