Traeger Machetanz, Esq.
OLES MORRISON RINKER & BAKER, LLP
745 Fourth Avenue, Suite 502
Anchorage, AK  99501-2136
Telephone:  (907) 258-0106
Telecopier:  (907) 258-5519

Attorneys for Nugget Construction Co.,
    Inc., and USF&G, Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a NORTHERN STEVEDORING & HANDLING, and NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a Northern Stevedoring & Handling, on its own behalf,<br><br>              Plaintiffs,<br>    and<br><br>UNITED STATES OF AMERICA for the use of SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Service, and SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Service, on its own behalf,<br><br>              Intervening Plaintiffs,<br>    and<br><br>METCO, INC.,<br><br>              Intervening Plaintiff,<br><br>    vs.<br><br>NUGGET CONSTRUCTION, INC.; SPENCER ROCK PRODUCTS, INC.,; UNITED STATES FIDELITY AND GUARANTY COMPANY; and ROBERT A. LAPORE,<br><br>              Defendants. | No. A98-009 CIV (HRH)<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>AFFIDAVIT OF<br>L.D. "RANDY" RANDOLPH<br>IN SUPPORT OF NUGGET'S<br>MOTION FOR SUMMARY JUDGMENT<br>ON METCO'S STATE LAW CLAIMS |

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

STATE OF ALASKA        )
                       )
                       )

      L.D. "Randy" RANDOLPH, being first duly sworn upon oath, deposes and states as follows:

      1.    I am the owner of LDR Engineering Services, Inc. LDR was hired by Nugget Construction, Inc. to perform Project Management services for Nugget on the Homer Spit repair and extension project. During all times relevant to the events at issue in the present litigation, I acted in that capacity on behalf of Nugget. I am over the age of eighteen and am competent to testify in this matter.

      2.    On or about September 28, 1996, the U.S. Corps of Engineers ("USCOE") awarded Nugget Contract DACW85-96-C-0020 to repair and extend the Homer Spit in Seward, Alaska (the "Project"). Attached hereto as Exhibit 1 is a true and correct copy of Contract No. DACW85-96-C-0020. USF&G provided a payment bond on the Project. Attached hereto as Exhibit 2 is a true and correct copy of Payment Bond 99-0120-50298-96-5.

      3.    On January 15, 1997, Nugget entered into a Material Contract with Spencer Rock for the supply and transport of armor, toe and filter stone rock from the Spencer Quarry, located in Seward, Alaska, to a barge docked in Seward. Attached hereto as Exhibit 3 is a true and correct copy of the Material Contract, December 18, 1996. Between the Spencer Quarry and the Seward dock, the rock traveled in

U.S. ex rel. North Star, et al. v. Nugget Construction, et al.
Case No. A98-009 CIV (HRH)
Affidavit of L.D. "Randy" Randolph -- Page 2 of 7

...

four distinct segments. First, after blasting, rocks were gathered and loaded into trucks at the Spencer Quarry. These trucks transported the rock from the Spencer Quarry to the Alaska Railroad Corporation ("ARRC") station, where the rock was loaded into ARRC rail cars. This work was performed by Spencer Rock. Second, the rock traveled by ARRC rail car to Seward, where it was unloaded from the rail cars onto a "siding" at the ARRC rail yard in Seward. Third, the rock was transported by truck from the siding at the ARRC rail yard in Seward to the Seward dock. This is the segment in which Metco performed its work. Fourth, and finally, the rock was loaded by North Star into "skip boxes" and from the boxes at the Seward dock onto barges, which carried the rock to the Homer Spit.

4.  Spencer Rock commenced performance on or about January 15, 1997. In April 1997, Nugget became concerned that Spencer Rock was not producing enough quantities of conforming rock for the Project. First, Nugget visited the Spencer Quarry and found large stockpiles of nonconforming rock. Second, Spencer Rock's major pieces of equipment for operating the Spencer Quarry had been repossessed by Spencer Rock's bank. In light of these developments, in early April 1997, Spencer Rock approached Nugget for assistance in carrying out Spencer Rock's duties under the Material Contract. Spencer Rock and Nugget subsequently executed a Support Agreement on April 23, 1997. Attached hereto as Exhibit 4 is a true and correct copy of the Support Agreement, April 23, 1997. Per this agreement, the parties agreed that, in exchange for Nugget's support of Spencer Rock's work under

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Affidavit of L.D. "Randy" Randolph -- Page 3 of 7

the Material Contract, Nugget would recover from Spencer Rock, or "backcharge," the amounts owed to Nugget by Spencer Rock per the Material Contract.

5. Nugget entered into the Support Agreement with Spencer Rock to ensure that its performance on its contract with the Federal Government would not suffer from anticipated difficulties in Spencer Rock's performance of its contract with Nugget. There was no other purpose. The Support Agreement thus memorialized an arrangement between Nugget and Spencer Rock in which the parties in effect agreed to modify the Material Contract such that Nugget would be fairly compensated for its assistance to Metco, nothing more.

6. Nugget's support efforts to Spencer Rock were provided exclusively to Spencer Rock. Nugget never offered or provided its support services to Metco, Shoreside or North Star.

7. During the third segment of work (transport of rock from the railcar to the dockside), Nugget never provided support services, in the way of manpower, equipment, trucks, loaders, direction or otherwise, to Metco. Further, Nugget's support services never extended to the fourth segment, which involved the loading of rocks from the skip boxes onto the barges. Although I was present to facilitate loading of rock from the skip boxes to the barges, this would have occurred in the normal course even if the Support Agreement had never been executed. Metco never sought Nugget's guidance, direction or assistance during the course of Metco's performance.

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Affidavit of L.D. "Randy" Randolph -- Page 4 of 7

8.  The total amount of rock that Spencer Rock was contractually obligated to transport, and that was in fact transported with Nugget's assistance, from the Spencer Quarry to the Nugget barges in Seward was equal to ten barge loads.

9.  On May 8, 1997 Nugget paid Spencer Rock $147,184.66 the first two barge loads of rock and, between May 8, 1997 and August 8, 1997, Nugget paid Spencer Rock an additional $50,000, totaling $197,184.66.

10. Based on the total quantity of rock delivered for the project at the rates and terms set forth in the Material Contract, the total value of rock produced by Spencer Rock was $1,623,892.50. Nugget's costs associated with rendering assistance to Spencer Rock pursuant to the Support Agreement were $1,878,138. In addition, as a direct result of Spencer Rock's failure to provide rock that conformed to the Material Contract, Nugget incurred additional expenses in excess of $1,213,380. Thus, the total amount of costs and expenses that Nugget incurred resulting from its dealings with Spencer Rock exceeded the amount that Nugget agreed to pay Spencer Rock under the Material Contract by $1,664,811.

11. During the course of Metco's performance, I had a conversation with Frank Dieckgraeff, most likely at the Seward dock, during which I urged Metco to support Spencer Rock during the course of performance on the project. With the exception of this one conversation, there were no other communications, verbal, written,

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Affidavit of L.D. "Randy" Randolph -- Page 5 of 7

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

Case 3:98-cv-00009-TMB   Document 479   Filed 04/24/2006   Page 6 of 7

express, implied or otherwise, between any representative of Nugget and any representative of Metco during the course of Metco's performance on the Project.

12. Nugget never made any oral or written promise to be contractually bound to Metco. Moreover, Nugget never exhibited any conduct to manifest the intent to be contractually bound to Metco.

13. Neither I nor anyone at Nugget ever indicated to Metco that Nugget would cover Spencer Rock's outstanding debts to Metco.

14. There was never any express agreement between Nugget and Mr. LaPore that Mr. LaPore or Spencer Rock would act as Nugget's agent in the prosecution of Spencer Rock's work under the Material Contract. Further, there was never a manifestation on the part of Nugget that Spencer Rock may act on Nugget's account.

15. Nugget's payments for work under the Material Contract, which included the work that Metco performed for Spencer Rock, were made exclusively to Spencer Rock and never to Metco.

FURTHER your affiant saith not.

_____
L.D. RANDOLPH

SUBSCRIBED AND SWORN to before me this 20th day of April, 2006.

OFFICIAL SEAL
TERESA R. FOECHTERLE
NOTARY PUBLIC, STATE OF ALASKA
My Commission Expires: March 10, 2009

Printed Name: Teresa R. Foechterle
NOTARY PUBLIC in and for the State of Alaska, residing at Wasilla
My Appointment Expires March 10, 2009

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Affidavit of L.D. "Randy" Randolph -- Page 6 of 7

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106  Fax (907) 258-5519

P JAD Randolph Affidavit Metco MSJ State Law 99310.0002

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Affidavit of L.D. "Randy" Randolph -- Page 7 of 7