**MARATHON FUEL SERVICE**
(A SUBSIDIARY OF SHORESIDE PETROLEUM, INC.)
P.O. BOX 229 · SEWARD, ALASKA 99664-0229
PHONE (907) 224-3171 · FAX (907) 224-3060
TEXACO PETROLEUM PRODUCTS, RACOR & FRAM FILTERS

No. 023081

SOLD TO: Spencer Rock
DATE: 6/23/97

CASH ☐   CHARGE ☒   DELIVERED ☐   CREDIT CARD ☐
CHECK ☐

| P.O. NO. | CUSTOMER NO. | PACKAGES NO. / KIND | | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|
| | | 1 | 5A | | 28 50 |
| | | | | | |
| | | | | SUB TOTAL | |
| | | | | SALES TAX | 1 43 |
| | | | | INVOICE TOTAL | 29 93 |

SIGNATURE X Bob LaLone

All accounts payable on 10th of month following date of purchase. Past due accounts are subject to 1½% per month interest on the unpaid balance.

All product safety data sheets available

EXHIBIT 1
Page 101 of 116

NUGGET 009150

**MARATHON FUEL SERVICE**
A SUBSIDIARY OF SHORESIDE PETROLEUM, INC.
P.O. BOX 229 - SEWARD, ALASKA 99664-0229
PHONE (907) 224-3171 - FAX (907) 224-3060
TEXACO PETROLEUM PRODUCTS, RACOR & FRAM FILTERS

No. 023192
DATE 6-25-97

SOLD TO: Spruce Rock

| PACKAGES NO. / KIND | UNIT PRICE | AMOUNT |
|---|---|---|
| 2.5 | 24.75 | 49.50 |

SUB TOTAL: 49.50
SALES TAX: 2.06
INVOICE TOTAL: 51.56

SIGNATURE X MSy

ALL ACCOUNTS PAYABLE ON 10th OF MONTH FOLLOWING DATE OF PURCHASE. PAST DUE ACCOUNTS ARE SUBJECT TO 1½% PER MONTH INTEREST ON THE UNPAID BALANCE.

ALL PRODUCT SAFETY DATA SHEETS AVAILABLE

EXHIBIT 1
Page 102 of 116

NUGGET 009151

**MARATHON FUEL SERVICE, INC.**
A SUBSIDIARY OF SHORESIDE PE[?]
P.O. BOX 229 • SEWARD, ALASKA 99664-0229
PHONE (907) 224-3171 • FAX (907) 224-3060
TEXACO PETROLEUM PRODUCTS, RACOR & FRAM FILTERS

**No. 023052**

DATE: 6/14/97

SOLD TO: Spenser B. Rock

CHARGE ☒

| PACKAGES NO. | KIND | UNIT PRICE | AMOUNT |
|---|---|---|---|
| 3 | 5# | 27.50 | 83 50 |
| 2 | 1# | 13.95 | 27 90 |

| | |
|---|---|
| SUB TOTAL | 116 40 |
| SALES TAX | 5 82 |
| INVOICE TOTAL | 122 22 |

SIGNATURE X M Sm[?]

ALL ACCOUNTS PAYABLE ON 10th OF MONTH FOLLOWING DATE OF PURCHASE. PAST DUE ACCOUNTS ARE SUBJECT TO 1½% PER MONTH INTEREST ON THE UNPAID BALANCE.

ALL PRODUCT SAFETY DATA SHEETS AVAILABLE

EXHIBIT 1
Page 103 of 116

NUGGET 009152

Steven J. Shamburek
Alaska Bar No. 8606063
FARLEIGH & SHAMBUREK
601 West Fifth Avenue, Suite 810
Anchorage, Alaska 99501
(907) 274-6641
(907) 272-6875 FAX

Attorneys for Plaintiff
Shoreside Petroleum, Inc.,
d/b/a Marathon Fuel Service

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Service, and SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Service, on its own behalf,<br><br>Plaintiffs,<br><br>vs.<br><br>NUGGET CONSTRUCTION, INC.; SPENCER ROCK PRODUCTS, INC.; UNITED STATES FIDELITY AND GUARANTY COMPANY; and ROBERT A. LAPORE,<br><br>Defendants. | Case No. A98-009 CV (HRH) |

### AFFIDAVIT OF DOUG LECHNER

STATE OF ALASKA       )
                      ) ss.
THIRD JUDICIAL DISTRICT )

DOUG LECHNER, being first duly sworn, deposes and states as follows:

Affidavit of Doug Lechner
Page 1

Ex. 4  Date 12-2-05
Witness Lechner
S. WARNICK 907-258-7100

EXHIBIT 1
Page 104 of 116

Exhibit 1
Page 1 of 6

1. I am the Vice President of Marketing for Shoreside Petroleum, Inc., d/b/a Marathon Fuel Service.

2. Shoreside Petroleum, Inc. through its affiliate company Marathon Fuel Service commenced supplying Spencer Rock's fuel and lubricants for its quarry at Spencer Pit and also for its unloading operations in Seward during early spring of 1997.

3. In June, 1997, I received a phone call from Randy Randolph, the head project engineer/coordinator for Nugget Construction's Homer Armor Rock project.

4. Mr. Randolph told me that Nugget Construction was taking over for Spencer Rock and that all future fuel and lube purchases were to be billed directly to Nugget Construction.

5. I told him that Spencer Rock owed Shoreside Petroleum, Inc., d/b/a Marathon Fuel Service for past purchases and that Shoreside Petroleum, Inc., d/b/a Marathon Fuel Service sought payment from Spencer Rock or Nugget Construction.

6. Mr. Randolph stated that Nugget Construction would not pay for past purchases by Spencer Rock and that Spencer Rock would have to pay for those purchases.

7. We continued fueling the equipment as requested by Nugget Construction and billed all invoices to Nugget Construction's account.

8. At the very beginning of this project and prior to that, I had several conversations with Randy Randolph on behalf of Spencer Rock.

Affidavit of Doug Lechner
Page 2

EXHIBIT 1
Page 105 of 116

Exhibit 1
Page 2 of 6

9. He was looking for quotations on fuel and other items pertaining to the very same job that Spencer Rock was doing.

10. It was somewhat unclear as to exactly what his relationship was to Spencer Rock and I was led to believe that he was personally and financially involved with Spencer Rock.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
DOUG LECHNER

SUBSCRIBED AND SWORN to before me this 30th day of July, 1998.

_____
NOTARY PUBLIC in and for Alaska
My Commission Expires: 12/18/2000

LAW OFFICES OF
FARLEIGH & SHAMBUREK
SUITE 810
801 WEST FIFTH AVENUE
ANCHORAGE, ALASKA 99501-2263
(907) 274-6841

Affidavit of Doug Lechner
Page 3

EXHIBIT 1
Page 106 of 116

Exhibit 1
Page 3 of 6



# SHORESIDE PETROLEUM, INC.

CORPORATE OFFICE
P.O. BOX 1189  700 PORT AVENUE
SEWARD, ALASKA 99664-1189
PHONE (907) 224-8040  FAX (907) 224-8047

August 28, 1997

Mr. Doug Wood
US. Army Corp of Engineers
Richardson Residence office
Box 898
Anchorage, Ak. 99506-0898

Re: Homer Spit repair & extension project # DACW 85-96-0020

Dear Doug,

The following is a synopsis of our phone conversation regarding nonpayment of invoices from a subcontractor on the Homer spit extension & repair.

Nugget Construction is currently under contract to the Corp. of Engineers to supply rock for the Homer Spit project. One of their subcontractors, Spencer Rock, is in arrears to our company, Marathon Fuel, which is a wholly owned subsidiary of Shoreside Petroleum, Inc., for $ 53,062.93 (statement is attached). As you can see on the statement, they are 5 months past due and to this date, we have not recieved any payment since March. It is our understanding that this is a bonded job and that the General Contractor, Nugget Construction, is responsible to ensure that all 2nd tier contractors, such as Spencer Rock, are paying their suppliers for all work performed under this contract. We would appreciate notification (or whatever is customary in this situation) to the general contractor informing them of this non payment of goods recieved.

We look forward to resolving this matter as quickly and efficiently as possible. If you need more information or have any questions, please feel free to call me anytime at 224-3171 (direct). Thank you for your assistance!

Sincerely,

Doug Lechner, VP/Marketing
Shoreside Petroleum, Inc.

enclosures

EXHIBIT 1
Page 107 of 116

Exhibit __1__
Page __4__ of __6__

**NUGGET CONSTRUCTION, INC.**

8726 Corbin Drive
Anchorage, Alaska 99507
(907) 344-8365
Fax (907) 522-2786
e mail nci@alaska.net

September 19, 1997

Mr. Doug Lechner
Vice President/Marketing
Shoreside Petroleum, Inc.
P.O. Box 1189
Seward, Alaska 99664-1189

RECEIVED: SEP 22 1997
EXCEPTIONS: _____
CC: Ron n. 9-22-97
CONTROLLER:
PAYMENT A__:
PAID:

RE: Homer Spit Repair and Extension Project

Dear Mr. Lechner,

The Department of the Army, U.S. Army Engineer District, Alaska, has forwarded to us a copy of your August 28, 1997 letter to Mr. Doug Wood in connection with services and/or material that Shoreside Petroleum's wholly-owned subsidiary, Marathon Fuel, allegedly provided to Spencer Rock Products, Inc. in connection with the above-referenced Project. We have responded directly to the Corps, but wanted to correct an erroneous allegation you had in your letter.

You allege that Spencer Rock is a subcontractor to Nugget. This is not correct. Spencer Rock Products has never been a subcontractor to Nugget on the Homer Spit project. Instead, Spencer served as a material supplier. This is conformed by the Agreement between Nugget and Spencer, a copy of which we provide for your consideration. Spencer was not required to perform any work on site. In fact, assuming its material met the requirements of the prime contract, Spencer's obligation terminated when it delivered the specified rock "F.O.B. Contractor Provided Barge Deck, Seward, Alaska." We believe that Spencer Rock Products is properly characterized as a "material supplier" on the Homer Spit Project, rather than a "subcontractor."

Moreover, to the best of our knowledge, even though this is a bonded project, Nugget Construction is not responsible to ensure that any supplier to a supplier is paid for work performed under the contract. Instead, as we understand it, the second-tier supplier must look solely to the first-tier supplier for payment.

As you may know, there is a dispute ongoing between Spencer Rock Products and Nugget concerning the amount, if any, due and owing to Spencer Rock Products. Nevertheless, we

EXHIBIT 1
Page 108 of 116

Exhibit 1
Page 5 of 6

September 19, 199?
Mr. Doug Lechner
Page 2

wanted to send you this letter to let you know that Nugget does not believe it or its bonding company is responsible to pay for any services and/or material you may have provided to Spencer in connection with the Homer Spit Project in light of the relationship between Spencer and Nugget.

I am sorry that our response could not be more favorable. However, I am sure you can understand why Nugget cannot volunteer to pay obligations of our suppliers to their suppliers when it is not required to.

Sincerely,
Nugget Construction, Inc.

Greg Poynor
General Manager


cc:   Oles Morrison and Rinker
      Thomas Johnson, P.E. USACE

EXHIBIT 1
Page 109 of 116

Exhibit 1
Page 6 of 6

```
1  D.K. "Kirby" Wright, Jr., Esq.
2  Hintze & Wright
   1901 One Union Square
3  600 University Street
   Seattle, WA  98101-1129
4  Telephone:  (206) 587-0822
5  Fax:        (206) 587-0823
6
7  Attorneys for Defendants
   Spencer Rock Products, Inc.
   and Robert A. LaPore
8
9
```

RECEIVED
FEB 1 2 1999
OMR & B, Anch.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT ANCHORAGE

```
UNITED STATES OF AMERICA for    )
the use of NORTH STAR TERMINAL  )
& STEVEDORE COMPANY, d/b/a      )
NORTHERN STEVEDORING & HANDLING;)
and NORTH STAR TERMINAL &       )
STEVEDORE COMPANY d/b/a NORTHERN)
STEVEDORING & HANDLING on its   )
own behalf,                     )
                                )
            Plaintiffs,         )
       vs.                      )
                                )
NUGGET CONSTRUCTION, INC.;      )
SPENCER ROCK PRODUCTS, INC.;    )
UNITED STATES FIDELITY AND      )
GUARANTY COMPANY; and ROBERT A. )
LAPORE,                         )
                                )  Case No. A98 009 CIV (HRH)
            Defendants.         )
_____)
```

Ex. 5  Date 12·2·05
Witness Lechner
S. [illegible] 907-258-7100

AFFIDAVIT OF ROBERT A. LAPORE
SUPPORTING OPPOSITION TO SHORESIDE/MARATHON'S
MOTION FOR SUMMARY JUDGMENT

AFFIDAVIT OF ROBERT A. LAPORE - 1

Lapore/Northstar/0047.

Hintze & Wright
Attorneys at Law
600 University Street, Suite 1901
Seattle, WA 98101
(206) 587-0822 Telephone
(206) 587-0823 Fax

EXHIBIT 1
Page 110 of 116

STATE OF MINNESOTA         )
                           ) ss.
COUNTY OF RAMSEY           )

I, Robert A. LaPore, being first duly sworn, depose and state:

1. I am over the age of eighteen, a citizen of the United States, and competent to testify to the matters stated herein. I make this affidavit based upon personal knowledge.

2. I am the President of Spencer Rock Products, Inc. ("Spencer Rock"). I make this affidavit in support of the opposition to Shoreside/Marathon's motion for summary judgment.

3. Spencer Rock ordered two railcars of fuel from Shoreside/Marathon for the Homer Spit project. The first was ordered and paid for. The second was ordered in April, 1997, and has not yet been paid for.

4. Spencer Rock acknowledges that it owes Shoreside/Marathon for the railcar of fuel ordered in April, 1997. I believe the amount owed to be approximately $21,503.30.

//

//

AFFIDAVIT OF ROBERT A. LAPORE - 2
Lapore/Northstar/0047.f

Hintze & Wright
Attorneys at Law
600 University Street, Suite 1901
Seattle, WA 98101
(206) 587-0822 Telephone
(206) 587-0823 Fax

EXHIBIT 1
Page 111 of 116

5. No other material was ordered by Spencer Rock. Mr. Randy Randolph ordered all remaining railcars of fuel on behalf of Nugget Construction Co., Inc.

6. Once Nugget Construction Co., Inc. became involved in the pit through the support agreement, Spencer Rock had no control over Nugget, the ordering of the fuel, or the running of the pit whatsoever.

FURTHER YOUR AFFIANT SAYETH NAUGHT

DATED this _10_ day of February, 1999.

_____
ROBERT A. LAPORE

SUBSCRIBED and SWORN to before me this _10th_ day of _FEBURARY_, 19_99_.



_____
NOTARY PUBLIC in and for the State of Minnesota, residing at: _RAMSEY COUNTY_
My Commission Expires:
_JAN 31, 2000_

AFFIDAVIT OF ROBERT A. LAPORE - 3
Lapore/Northstar/0047.;

EXHIBIT 1
Page 112 of 116

Hintze & Wright
Attorneys at Law
600 University Street, Suite 1901
Seattle, WA 98101
(206) 587-0822 Telephone
(206) 587-0823 Fax


## CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing was sent by Federal Express overnight delivery service this 11th day of February, 1999 to the following:

Mr. Michael W. Sewright
Burr, Pease & Kurtz
810 N Street
Anchorage, AK 99501-3293

Mr. William K. Renno
Mr. John Lukjanowicz
Oles Morrison Rinker & Baker, LLP
745 West Fourth Avenue, Suite 502
Anchorage, AK 99501

Mr. Steven J. Shamburek
Farleigh & Shamburek
405 West 36th Avenue, Suite 210
Anchorage, AK 99503-5872

Mr. George M. Kapolchok
Attorney at Law
1215 West 8th Avenue
Anchorage, AK 99501

_____
Yvonne Szehner
Secretary to D.K. "Kirby" Wright, Jr.

EXHIBIT 1
Page 113 of 116

AFFIDAVIT OF ROBERT A. LAPORE - 4
Lapore/Northstar/0047.pld

Hintze & Wright
Attorneys at Law
600 University Street, Suite 1901
Seattle, WA 98101
(206) 587-0822 Telephone
(206) 587-0823 Fax

Steven J. Shamburek
Alaska Bar No. 8606063
FARLEIGH & SHAMBUREK
405 West 36th Avenue Suite 210
Anchorage, Ak. 99503
(907) 274-6641
(907) 272-6875 FAX

Attorneys for Plaintiff
Shoreside Petroleum, Inc.,
d/b/a Marathon Fuel Service

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA for the Use of SHORESIDE PETROLEUM, INC., d/b/a/ Marathon Fuel Service, on its own behalf, <br><br> Plaintiffs, <br><br> vs. <br><br> NUGGET CONSTRUCTION, INC.; SPENCER ROCK PRODUCTS, INC.; UNITED STATES FIDELITY AND GUARANTY COMPANY; and ROBERT A. LAPORE, <br><br> Defendants. | Case No. A98-009 CV (HRH) |

### Affidavit of Doug Lechner

STATE OF ALASKA         )
                        ) ss.
THIRD JUDICIAL DISTRICT )

I, DOUG LECHNER, being first duly sworn, deposes and states as follows:

1. I am the Vice President of Marketing for Shoreside Petroleum, Inc., d/b/a Marathon Fuel Service.

EXHIBIT 1
Page 114 of 116

2. During 1997 Spencer Rock Products, Inc., under the ownership of Robert A. LaPore, purchased a total of three rail tank cars of diesel fuel and other products from Shoreside Petroleum, Inc., d/b/a Marathon Fuel Service.

3. Robert A. LaPore called me personally and ordered all three of these rail tank car deliveries of diesel fuel over the phone at our office located at 604 Port Avenue, Seward, Ak..

4. Robert A. LaPore spoke directly to me on every occasion he ordered fuel.

5. The dates of the rail tank car purchases made by Robert A. LaPore are as follows:

**Purchase #1:** February 4, 1997 invoice #123712 in the amount of $ 24,028.73 (paid in full)
**Purchase #2:** April 8, 1997 invoice #123738 in the amount of $ 21,503.30 (not paid)
**Purchase #3:** May 21, 1997 invoice #123746 in the amount of $ 21,278.53 (not paid)

6. Immediately upon completion of each individual rail tank car billing, a copy of the invoice was faxed directly to Spencer Rock Product's office.

7. A statement which itemized all rail tank car deliveries of diesel fuel and any other items purchased were mailed every month to Spencer Rock Product's office.

8. Until the affidavit written by Robert A. LaPore on February 10, 1999, there has never been a phone call, correspondence, inquiry or dispute regarding any incorrect billing of the third rail car or any other item purchased from Shoreside Petroleum, Inc., d/b/a Marathon Fuel Service by Robert A. Lapore.

EXHIBIT 1
Page 115 of 116

Exhibit   1
Page   2   of   3

9. One must certainly question why it would take any prudent small business person (especially one in financial trouble) almost two years to notice an invoice in the amount of $ 21, 278.53 that was allegedly charged to their account by mistake!

FURTHER YOUR AFFIANT SAYETH NAUGHT.

*Doug Lechner*

SUBSCRIBED AND SWORN TO BEFORE ME THIS 18th day of February, 1999.

NOTARY PUBLIC in and for Alaska
My Commission Expires: 12-18-2000

EXHIBIT 1
Page 116 of 116

Exhibit 1
Page 3 of 3