| PAYMENT BOND | DATE BOND EXECUTED (Must be same or later than date of contract) | FORM APPROVED OMB NO. |
|---|---|---|
| (See Instructions on Page 2) 99-0120-50298-96-5 | September 28, 1996 | 9000-0045 |

Public reporting burden for this collection of information is estimated to average 25 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the FAR Secretariat (VRS), Office of Federal Acquisition Policy, GSA, Washington, D.C. 20405; and to the Office of Management and Budget, Paperwork Reduction Project (9000-0045), Washington, D.C. 20503.

**PRINCIPAL** (Legal name and business address)
Nugget Construction, Inc.
8726 Corbin Drive
Anchorage AK 99507

**TYPE OF ORGANIZATION** ("X" one)
☐ INDIVIDUAL   ☐ PARTNERSHIP
☐ JOINT VENTURE   ☒ CORPORATION

**STATE OF INCORPORATION**
Alaska

**SURETY(IES)** (Name(s) and business address(es))
United States Fidelity and Guaranty Company
4220 "B" Street
Anchorage AK 99503

**PENAL SUM OF BOND**

| MILLION(S) | THOUSAND(S) | HUNDRED(S) | CENTS |
|---|---|---|---|
| 1 | 351 | 396 | 64 |

**CONTRACT DATE**: September 28, 1996
**CONTRACT NO.**: DACW85-96-C-0020

**OBLIGATION:**

We, the Principal and Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit of liability is indicated, the limit of liability is the full amount of the penal sum.

**CONDITIONS:**

The above obligation is void if the Principal promptly makes payment to all persons having a direct relationship with the Principal or a subcontractor of the Principal for furnishing labor, material or both in the prosecution of the work provided for in the contract identified above, and any authorized modifications of the contract that subsequently are made. Notice of those modifications to the Surety(ies) are waived.

**WITNESS:**

The Principal and Surety(ies) executed this payment bond and affixed their seals on the above date.

**PRINCIPAL**

| | 1. | 2. | 3. | |
|---|---|---|---|---|
| Signature(s) | [signature] (Seal) | (Seal) | (Seal) | CORPORATE SEAL |
| Name(s) & Title(s) (Typed) | 1. Richard Harris, Executive Vice President, General Manager | 2. | 3. | |

**INDIVIDUAL SURETY(IES)**

| | 1. | 2. | |
|---|---|---|---|
| Signature(s) | (Seal) | | (Seal) |
| Name(s) (Typed) | 1. | 2. | |

**CORPORATE SURETY(IES)**

| S U R E T Y A | Name & Address | United States Fidelity and Guaranty Company 4220 "B" Street Anchorage AK 99503 | STATE OF INC. MD | LIABILITY LIMIT $ 100% | |
|---|---|---|---|---|---|
| | Signature(s) | 1. [signature] | 2. | | CORPORATE SEAL |
| | Name(s) & Title(s) (Typed) | 1. James L. Ferguson, Attorney-in-Fact | 2. | | |

NSN 7540-01-152-8061
PREVIOUS EDITION NOT USABLE   Expiration Date: 09/30/95
SG-1817/EP 2/94

25-205
Page 1 of 2

STANDARD FORM 25-A (REV. 1-90)
Prescribed by GSA
FAR (48 CFR) 53.228(c)   PRINTED IN U.S.A

NUGGET 017951

EXHIBIT 2
Page 1 of 3

12

## CORPORATE SURETY(IES) (Continued)

| SURETY B | Name & Address | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
|---|---|---|---|---|---|
| | Signature(s) | 1. | 2. | | |
| | Name(s) & Title(s) (Typed) | 1. | 2. | | |

| SURETY C | Name & Address | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
|---|---|---|---|---|---|
| | Signature(s) | 1. | 2. | | |
| | Name(s) & Title(s) (Typed) | 1. | 2. | | |

| SURETY D | Name & Address | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
|---|---|---|---|---|---|
| | Signature(s) | 1. | 2. | | |
| | Name(s) & Title(s) (Typed) | 1. | 2. | | |

| SURETY E | Name & Address | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
|---|---|---|---|---|---|
| | Signature(s) | 1. | 2. | | |
| | Name(s) & Title(s) (Typed) | 1. | 2. | | |

| SURETY F | Name & Address | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
|---|---|---|---|---|---|
| | Signature(s) | 1. | 2. | | |
| | Name(s) & Title(s) (Typed) | 1. | 2. | | |

| SURETY G | Name & Address | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
|---|---|---|---|---|---|
| | Signature(s) | 1. | 2. | | |
| | Name(s) & Title(s) (Typed) | 1. | 2. | | |

## INSTRUCTIONS

1. This form, for the protection of persons supplying labor and material, is used when a payment bond is required under the Act of August 24, 1935, 49 Stat. 793 (40 U.S.C. 270a-270e). Any deviation from this form will require the written approval of the Administrator of General Services.

2. Insert the full legal name and business address of the Principal in the space designated "Principal" on the face of the form. An authorized person shall sign the bond. Any person signing in a representative capacity (e.g., an attorney-in-fact) must furnish evidence of authority if that representative is not a member of the firm, partnership, or joint venture, or an officer of the corporation involved.

3. (a) Corporations executing the bond as sureties must appear on the Department of the Treasury's list of approved sureties and must act within the limitation listed therein. Where more than one corporate surety is involved, their names and addresses shall appear in the spaces (Surety A, Surety B, etc.) headed "CORPORATE SURETY(IES)." In the space designated "SURETY(IES)" on the face of the form, insert only the letter identification of the sureties.

(b) Where individual sureties are involved, a completed Affidavit of Individual Surety (Standard Form 28) for each individual surety, shall accompany the bond. The Government may require the surety to furnish additional substantiating information concerning its financial capability.

4. Corporations executing the bond shall affix their corporate seals. Individuals shall execute the bond opposite the word "Corporate Seal", and shall affix an adhesive seal if executed in Maine, New Hampshire, or any other jurisdiction requiring adhesive seals.

5. Type the name and title of each person signing this bond in the space provided.

NUGGET 017952

13

1282481

## United States Fidelity and Guaranty Company
**Power of Attorney**
No. 109732


U S F+G

Know all men by these presents: That **United States Fidelity and Guaranty Company**, a corporation organized and existing under the laws of the State of Maryland and having its principal office at the City of Baltimore, in the State of Maryland, does hereby constitute and appoint Richard L. Richmond, James L. Ferguson, Christin M. Sweet and John D. Wheatley

of the City of Anchorage, State of Alaska its true and lawful Attorney(s)-in-Fact, each in their separate capacity if more than one is named above, to sign its name as surety to, and to execute, seal and acknowledge any and all bonds, undertakings, contracts and other written instruments in the nature thereof on behalf of the Company in its business of guaranteeing the fidelity of persons; guaranteeing the performance of contracts; and executing or guaranteeing bonds and undertaking required or permitted in any actions or proceedings allowed by law.

In Witness Whereof, the said **United States Fidelity and Guaranty Company**, has caused this instrument to be sealed with its corporate seal, duly attested by the signatures of its Vice President and Assistant Secretary, this 16th day of February, A.D. 1996.

United States Fidelity and Guaranty Company,

(Signed) By _____ Vice President

(Signed) By _____ Assistant Secretary

State of Maryland )
                  ) SS:
Baltimore City    )

On this 16th day of February, A.D. 1996, before me personally came Gary A. Wilson, Vice President of **United States Fidelity and Guaranty Company**, and Thomas J. Fitzgerald, Assistant Secretary of said Company, with both of whom I am personally acquainted, who being by me severally duly sworn, said, that they, the said Gary A. Wilson and Thomas J. Fitzgerald were respectively the Vice President and the Assistant Secretary of the said **United States Fidelity and Guaranty Company**, the corporation described in and which executed the foregoing Power of Attorney; that they each knew the seal of said corporation; that the seal affixed to said Power of Attorney was such corporate seal, that it was so affixed by order of the Board of Directors of said corporation, and that they signed their names thereto by like order as Vice President and Assistant Secretary, respectively, of the Company.

My Commission expires the 1st day of August A.D. 19 98.

(Signed) By _____ Notary Public

This Power of Attorney is granted under and by authority of the following Resolutions adopted by the Board of Directors of the **United States Fidelity and Guaranty Company** on September 24, 1992:

Resolved, that in connection with the fidelity and surety insurance business of the Company, all bonds, undertakings, contracts and other instruments relating to said business may be signed, executed, and acknowledged by persons or entities appointed as Attorney(s)-in-Fact pursuant to a Power of Attorney issued in accordance with these resolutions. Said Power(s) of Attorney for and on behalf of the Company may and shall be executed in the name and on behalf of the Company, either by the Chairman, or the President, or an Executive Vice President, or a Senior Vice President, or a Vice President or an Assistant Vice President, jointly with the Secretary or an Assistant Secretary, under their respective designations. The signature of such officers may be engraved, printed or lithographed. The signature of each of the foregoing officers and the seal of the Company may be affixed by facsimile to any Power of Attorney or to any certificate relating thereto appointing Attorney(s)-in-Fact for purposes only of executing in and attesting bonds and undertakings and other writings obligatory in the nature thereof, and, unless subsequently revoked and subject to any limitations set forth therein, any such Power of Attorney or certificate bearing such facsimile signature or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by such facsimile signature and facsimile seal shall be valid and binding upon the Company with respect to any bond or undertaking to which it is validly attached.

Resolved, That Attorney(s)-in-Fact shall have the power and authority, unless subsequently revoked and , in any case, subject to the terms and limitations of the Power of Attorney issued to them, to execute and deliver on behalf of the Company and to attach the seal of the Company to any and all bonds and undertakings, and other writings obligatory in the nature thereof, and any such instrument executed by such Attorney(s)-in Fact shall be as binding upon the Company as if signed by an Executive Officer and sealed and attested to by the Secretary of the Company.

I, Thomas J. Fitzgerald, an Assistant Secretary of the **United States Fidelity and Guaranty Company**, do hereby certify that the foregoing are true excerpts from the Resolutions of the said Company as adopted by its Board of Directors on September 24, 1992 and that these Resolutions are in full force and effect.

I, the undersigned Assistant Secretary of the **United States Fidelity and Guaranty Company**, do hereby certify that the foregoing Power of Attorney is in full force and effect and has not been revoked.

In Testimony Whereof, I have hereunto set my hand and the seal of the United States Fidelity and Guaranty Company,

on this 28th day of September, 19 96

_____ Assistant Secretary

FS 3(5-95)

EXHIBIT 2
Page 3 of 3
NUGGET 017953

14