# NUGGET CONSTRUCTION, INC.
8726 Corbin Drive
Anchorage, Alaska 99507

## MATERIAL CONTRACT

| | |
|---|---|
| General Contract No. | DACW85-96-C-0020 |
| NCI Job No. | 611 |
| Material Contract No. | 611SRP |

THIS AGREEMENT, issued this **18th** day of **December, 19 96**. by and between:

| | |
|---|---|
| Name | **Spencer Rock Products** |
| Address | **P.O. Box 244063** |
| City, State, Zip | **Anchorage, Alaska 99524** |
| Telephone No. | **907-563-1405** |
| Facsimile No. | **907-563-1458** |
| Fed ID No. | |

Hereinafter called the Seller, and Nugget Construction, Inc., hereinafter called the Contractor.

WITNESSETH:

- Section 1

The Seller agrees to furnish all materials set forth in Section 2 hereof necessary in the construction of:

| | |
|---|---|
| Name of Project | **Homer Spit Repair and Extension** |
| Owner of Project | **U.S. Army Corps of Engineers** |
| Location of Project | **Homer, Alaska** |

In accordance with this Material Contract the CONTRACT DOCUMENTS, BIDDING DOCUMENTS, AMENDMENT NO.(S) 001 & 002 all of which shall be considered part of this Agreement by reference thereto. The Seller agrees that the material supplied will be in strict accordance with the plans, specifications and criteria and will be subject to inspection and acceptance by the supervising authority to determine conformance thereto.

- Section 2

It is agreed that the materials to be furnished by the seller are as follows:

- **Armor Stone 43,000 Tons**
- **Filter Stone 16,000 Tons**
- **Toe Stone 9,000 Tons**

EXHIBIT 3
Page 1 of 4

These quantities are approximate and may vary depending on the actual amount of material required at the project site. Pricing for overruns or underruns will be subject to the provisions of the prime contract.

- Section 3

All material furnished under this Agreement is to be furnished F.O.B.:

**Contractor provided barge deck, Seward Alaska**

Deliver schedule shall be:

**Starting on approximately March 15, 1997, in Seward, Alaska, at the rate of 3,500 tons per barge load. Delivery shall be continuous at the rate of 3,500 tons approximately every 5 days for a period of approximately 100 days or until the required amount of material has been delivered.**

Contractor shall inspect all materials at the Spencer Quarry and notify Seller of any apparent defects. Satisfactory performance shall be contingent upon timely written approval of both parties of the following material samples, shop drawings, and submittals:

**All samples and testing required in Specification Section 02270.**

All data, manufacturer's information, certifications, testing, et al, will be submitted in nine copies. One copy will be returned to the Seller.

- Section 4

The Contractor agrees to pay the Seller for the material as follows:

- **Armor Stone @ $22.50/Ton**
- **Filter Stone @ $22.50/Ton**
- **Toe Stone @ $22.50/Ton**

subject to additions and deductions agreed to in writing by Contractor and Seller for changes as may result from operations of Contractor's contract with the Owner. Terms of payment are as follows:

**Within 7 days of receipt of payment from owner for invoices received for properly stored materials billing as specified in General Contract. Reference contract clause I.57 52.232-0005 Payments Under Fixed Price Construction Contracts. All stockpiled material to be clearly marked with general contract number and Nugget Construction job number.**

No payment on account shall operate as an approval and acceptance of materials furnished, or any part thereof.

- Section 5

In the event of any breach of contract, lien, claim or other liability asserted against the Contractor by a third party arising out of the Seller's performance hereunder, the Contractor shall have the

EXHIBIT 3
Page 2 of 4

right to retain out of any payments due or becoming due to the Seller in the amount sufficient to protect the Contractor from damages resulting therefrom, until the situation has been eliminated or adjusted by the Seller.

**The materials will be inspected and accepted by Nugget Construction at the Spencer site prior to shipment.**

- Section 6

Seller warrants the material to be in accordance with the plans and specifications and be free from defects at time of delivery.

- Section 7

Consideration of extension of time shall be contingent upon written request for such extension by the Seller within three working days of Seller's good faith determination that there will be a delay.

- Section 8

In the event the Seller fails to comply with the provisions herein and fails to commence corrective measures immediately, or to notify the Contractor for the reason for the delay and to submit to the Contractor a satisfactory plan for such corrective measures after seven days notice by the Contractor.

- Section 9

The Seller shall obtain and pay, except as provided otherwise in the specifications, for all patent rights, permits, licenses, tests and official inspections necessary to his performance under this Agreement, and shall comply with all laws, ordinances, taxes and regulations bearing on the production of his material and the furnishing thereof.

- Section 10

The Seller shall indemnify the Contractor against and save him harmless from any and all claims, suits or liability for injuries to property, injury to persons, including death, and from any other claims, suits or liability on account of any negligent act or omission of the Seller, or any of his officers, agents, employees or servants.

- Section 11

The Seller shall not assign or contract any portion of the production necessary for this contract without the prior written consent of the Contractor. Seller shall not assign the proceeds of this contract without the prior written permission from the Contractor, excluding assignment to a financial institution.

- Section 12

In any case of litigation between parties concerning this Material Contract, including trial and appellate proceedings, reasonable attorney's fees shall be awarded to the prevailing party. The venue for any such action shall be in the courts of the State of Alaska, Anchorage, Alaska.

EXHIBIT 3
Page 3 of 4

Material Contract
Page 4

## Section 13

Extra costs for lifting nets, if any, will be mutually agreed upon by both parties.

Signed:                                Signed:

Nugget Construction, Inc.              **Spencer Rock Products**

By _____Ed Randolph_____   By _____Robert A. LaPoe_____

Date ___15 JAN 97___       Date ___Jan 15, 1997___

_____ 1/15/97

EXHIBIT 3
Page 4 of 4