Michael W. Sewright
BURR, PEASE & KURTZ
810 N Street
Anchorage, AK  99501-3293
Telephone:    (907) 276-6100
Fax No.:       (907) 258-2530
Attorneys for North Star

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a Northern Stevedoring & Handling, and NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a Northern Stevedoring & Handling, on its own behalf,<br><br>     Plaintiffs,<br> and<br><br>UNITED STATES OF AMERICA for the use of SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Services, and SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Services, on its own behalf,<br><br>     Intervening Plaintiffs,<br> and<br><br>METCO, INC.,<br><br>     Intervening Plaintiff,<br> vs.<br><br>NUGGET CONSTRUCTION, INC.; SPENCER ROCK PRODUCTS, INC.; UNITED STATES FIDELITY AND GUARANTY COMPANY; and ROBERT A. LAPORE,<br><br>     Defendants. | Case No. 3:98-cv-009-HRH<br><br>**MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT AGAINST USF&G UPON ITS AFFIRMATIVE DEFENSES** |

Motion and Memorandum for Summary Judgment
Against USF&G Upon Its Affirmative Defenses
*North Star Terminal & Stevedore Co., et al v. Nugget Construction et al*
Case No. A98-009 CV
Page 1 of 8

45-40 / #83308

Plaintiff and Use Plaintiff North Star Terminal & Stevedore Company ("North Star") hereby moves for summary judgment, pursuant to Federal Rule of Civil Procedure 56, against the entirety of the affirmative defenses of Defendant United States Fidelity & Guaranty Company ("USF&G") herein. This motion is supported by this memorandum including affidavit and accompanying exhibits, and the court file herein. A proposed Order is being submitted herewith.

## RELEVANT BACKGROUND AND FACTS

On or about September 21, 2005, within the 20 days to do so required by specific Order of this Court, defendants USF&G and Nugget Construction, Inc. ("Nugget") collectively filed their Answer and Affirmative Defenses to North Star's Amended Complaint. *See* Clerk's Docket Nos. 401, 409 & 412. They did so by and through the law firm which at that time represented both of those parties as to all claims being asserted, Oles Morrison Rinker & Baker LLP. Clerk's Docket No. 412.[1] In that Answer and Affirmative Defenses, those two defendants collectively asserted 16 affirmative defenses. *Id.* at 16-21.[2]

---

[1] The two defendants were collectively referred to in that filing as Nugget. Clerk's Docket No. 412 at 2.

[2] At the same time Nugget and USF&G, collectively through the Oles Morrison Rinker & Baker firm, filed identical affirmative defenses, in word and number, in response to the amended complaints of the intervenor plaintiffs and use plaintiffs Shoreside Petroleum, Inc. and Metco, Inc., *see* Clerk's Docket Nos. 406, 407, 411 & 413 meaning that if North Star is entitled to summary judgment upon those defenses as urged herein, then those claimants would also appear to be entitled to summary judgment.

Motion and Memorandum for Summary Judgment
Against USF&G Upon Its Affirmative Defenses
*North Star Terminal & Stevedore Co., et al v. Nugget Construction et al*
Case No. A98-009 CV                                          45-40 / #83308
Page 2 of 8

Subsequently, on or about November 7, 2005, Oles Morrison Rinker & Baker and the Law Office of Barokas Martin & Tomlinson moved to substitute Barokas Martin & Tomlinson as attorney of record for USF&G solely upon the bad faith allegations asserted against that defendant in the amended pleadings. *See* Clerk's Docket No. 418. The Court granted that motion on November 29, 2005. *Id.* As that motion and Order provide (*id.*), and as those law firms have since repeatedly acknowledged, Oles Morrison Rinker & Baker LLP has continued to represent USF&G as to all other claims asserted in this matter against that defendant.

On or about December 8, 2005, USF&G, insofar as represented by Barokas Martin & Tomlinson, purported to lodge a tardy Notice of Forwarding Additional Affirmative Defense to the three claimants' amended complaints herein, without seeking or obtaining leave of the court and contrary to the court rules and the Court's Order in this case. Clerk's Docket No. 420. *See also* Clerk's Docket No. 401, at 5 (Court Order setting pleading deadlines); Fed. R. Civ. P. 15(a); Alaska USDC Local Rule 15.1. *Cf.* Local Rule 1.3. There USF&G asserted, without more, that "[P]laintiff's and Intervening Plaintiff's state law claims against [USF&G] are barred by the Statute of Limitations; by this Court lacking jurisdiction to adjudicate said claims; and by said parties waiving any rights they may have had to bring such claims as alleged in their Amended Complaints." Clerk's Docket No. 420.

On February 14, 2006, North Star propounded its Second Set of Discovery

Motion and Memorandum for Summary Judgment
Against USF&G Upon Its Affirmative Defenses
*North Star Terminal & Stevedore Co., et al v. Nugget Construction et al*
Case No. A98-009 CV                                                                                   45-40 / #83308
Page 3 of 8

Requests to Defendant United States Fidelity & Guaranty Company demanding, *inter alia*, that USF&G describe in detail each factual basis supporting or tending to support each of its (properly) alleged affirmative defenses and, further, that it produce the documents reflecting or otherwise relating to the factual bases for those defenses. *See* Exhibit 1 attached hereto at pp. 1-2 and 6-7 (Interrogatory No. 10 and Request for Production No. 11). Those discovery requests were served upon both the Oles Morrison Rinker & Baker and Barokas Martin & Tomlinson law firms. *Id*. at 9. At the same time, North Star propounded a Second Set of Discovery Requests to Nugget requesting the same descriptive information and production of documents as to Nugget's affirmative defenses. *See* Exhibit 2 attached hereto at pp. 1-2 and 8-9 (Interrogatory No. 14 and Request for Production No. 11). Those discovery requests were also served upon the Oles Morrison Rinker & Baker law firm, Nugget's sole attorneys in this case. *Id*. at 11.

     USF&G's only response to those discovery requests was on March 16, 2006, through attorney Herbert A. Viergutz and the law firm of Barokas Martin & Tomlinson. *See* Exhibit 3 at pp. 4-7. That response to the interrogatory seeking the factual basis of each of USF&G's affirmative defenses, rather than providing factual basis, chiefly referenced a forthcoming Response from Nugget to the similar discovery request which had been propounded to that defendant through the Oles Morrison Rinker & Baker law firm. *Id*. at 4-5. In that March 16 response by Barokas Martin & Tomlinson, USF&G also simply denied that it committed bad faith and alleged that the "Statute of

Motion and Memorandum for Summary Judgment
Against USF&G Upon Its Affirmative Defenses
*North Star Terminal & Stevedore Co., et al v. Nugget Construction et al*
Case No. A98-009 CV     45-40 / #83308
Page 4 of 8

Limitations" expired on the claims asserted "by Plaintiff against Defendant" before the amended complaints filed in 2005, as also alleged in Mr. Viergutz's lodged "Notice" but not in any Answer properly filed with this court. *Id.* USF&G also asserted that it had previously produced documents, without specification. *Id.* at 6.

Nugget eventually responded, on March 20, 2006 through Oles Morrison Rinker & Baker LLP, to those discovery requests propounded to it. That Response was expressly made only on behalf of Nugget Construction, Inc., and not at all on behalf of USF&G. *See* Exhibit 4 attached hereto. It did not state any factual basis for any defense asserted as to USF&G. *Id*. at 11-13.

Therefore, no factual bases have been provided for any affirmative defenses asserted on USF&G's behalf, regardless of when asserted, by which law firm, or whether properly or improperly.

DISCUSSION

As was noted in a previous Order on motions for summary judgment entered by this Court in this case, summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See* August 30, 2002 Order – Motions for Summary Judgment, Clerk's Docket No. 310 at 15, *citing* Federal Rule of Civil Procedure 56(c) and *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). As the Court also correctly noted in that August 30, 2002 Order, although the moving party

---

Motion and Memorandum for Summary Judgment
Against USF&G Upon Its Affirmative Defenses
*North Star Terminal & Stevedore Co., et al v. Nugget Construction et al*
Case No. A98-009 CV                                    45-40 / #83308
Page 5 of 8

> bears the initial responsibility of informing the district court of the basis for its motions and demonstrating the absence of a material issue of fact . . . Once the moving party meets this burden, summary judgment is mandated unless the non-moving party sets forth specific facts which sufficiently rebut the moving party's contentions and disclose the existence of a genuine issue of material fact.

*See* Clerk's Docket No. 310 at 15-16 (citations omitted). *Accord, Far Out Productions, Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001); 10A Wright Miller & Kane, Federal Practice & Procedure, § 2727 at 467-471 (1998 ed.) (discussing *Celotex Corp.* and shifting the burden of producing admissible facts in order to defeat summary judgment on an issue upon the nonmoving party where that party bears the burden of proof upon that issue at trial, as in the case of affirmative defenses).

In this case, USF&G has simply *alleged* affirmative defenses in general terms, partly in accordance with and partly in violation of the applicable Court Order and rules, but without providing the factual basis to support any of those claims, and in particular any facts supported by admissible evidence as is its burden under Federal Rule of Civil Procedure 56. *Id.* Indeed, it has not provided any factual basis after repeatedly requested to do so, formally and informally.[3]

---

[3]   In addition to those formal discovery requests propounded to USF&G on February 14, 2006, *see, e.g.*, attorney Shamburek's correspondence to Mr. Viergutz dated April 4, 2006, copied to Mr. Krider, and attached hereto as Exhibit 5, wherein USF&G counsel were reminded, in the first paragraph thereof:

> North Star's recent discovery requests ask USF&G at Interrogatory Number 10 to "[d]escribe in full detail each factual basis which supports, or tends to support, the allegations in each of the affirmative defenses stated in your Answer and Affirmative Defenses dated September 21, 2005 to North Star's Amended Complaint." In its

Motion and Memorandum for Summary Judgment
Against USF&G Upon Its Affirmative Defenses
*North Star Terminal & Stevedore Co., et al v. Nugget Construction et al*
Case No. A98-009 CV                                                                                      45-40 / #83308
Page 6 of 8

Accordingly, under to the applicable law and circumstances just presented, North Star is entitled to summary judgment against any and all affirmative defenses of defendant USF&G.[4]

Respectfully submitted at Anchorage, Alaska, on May 1, 2006.

s/ Michael W. Sewright
Burr, Pease & Kurtz
810 N Street
Anchorage, Alaska 99501
Phone: (907) 276-6100
Fax: (907) 258-2530
E-mail: bpk@bpk.com
Alaska Bar No. 7510090

---

response dated March 14, 2006, USF&G does not state any factual basis to support any of its affirmative defenses. USF&G does not provide a factual basis to challenge the claims of bad faith maintained by the claimants or to support the statute of limitations defense advanced by USF&G. Therefore, the claimants and court can conclude that USF&G by its own responses admits that there is no factual basis underpinning its defenses.

*See also* Mr. Viergutz's response thereto attached hereto as Exhibit 6.

[4]     In addition, should the Court permit USF&G in opposition to this motion to present some factual basis for its defenses supported by admissible evidence which the Court determines sufficient to defeat summary judgment, then at that time the Court should also compel USF&G to provide all factual bases and responsive documents through complete answers to North Star's Interrogatory 10 and Request for Production 11 propounded to it, together with costs, fees and sanctions in the Court's discretion, pursuant to Federal Rule of Civil Procedure 37. In conjunction therewith, undersigned counsel certifies that it and Mr. Shamburek have sought to confer with defense counsel on those subjects in accordance with that rule. *See, e.g.*, Exhibits 5, 6, and 7 attached hereto.

Motion and Memorandum for Summary Judgment
Against USF&G Upon Its Affirmative Defenses
*North Star Terminal & Stevedore Co., et al v. Nugget Construction et al*
Case No. A98-009 CV                                                                 45-40 / #83308
Page 7 of 8

CERTIFICATE OF SERVICE
I certify that on the 1st day of May, 2006, a copy of the foregoing MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT AGAINST USF&G UPON ITS AFFIRMATIVE DEFENSES was served electronically to:

   Steven S. Shamburek, Esq.
   Traeger Machetanz, Esq.
   Paul D. Stockler
   Herbert A. Viergutz
   C. Patrick Stoll, Esq.

   s/ Michael W. Sewright

Motion and Memorandum for Summary Judgment
Against USF&G Upon Its Affirmative Defenses
*North Star Terminal & Stevedore Co., et al v. Nugget Construction et al*
Case No. A98-009 CV    45-40 / #83308
Page 8 of 8