Michael W. Sewright
BURR, PEASE & KURTZ
810 N Street
Anchorage, AK  99501-3293
Telephone:     (907) 276-6100
Fax No.:        (907) 258-2530
Attorneys for North Star

2nd
NO DOCKET DATE _____
DOCKETED wf 3-20-06

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA
## AT ANCHORAGE

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a Northern Stevedoring & Handling, and NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a Northern Stevedoring & Handling, on its own behalf,<br><br>                    Plaintiffs,<br>          and<br><br>UNITED STATES OF AMERICA for the use of SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Service, and SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Service, on its own behalf,<br><br>                    Intervening Plaintiffs,<br>          and<br><br>METCO, INC.,<br><br>                    Intervening Plaintiff,<br>          vs.<br><br>NUGGET CONSTRUCTION, INC.; SPENCER ROCK PRODUCTS, INC.; UNITED STATES FIDELITY AND GUARANTY COMPANY; and ROBERT A. LAPORE,<br><br>                    Defendants. | Case No. A98-009 CIV (HRH)<br><br>**NORTH STAR'S SECOND SET OF DISCOVERY REQUESTS TO DEFENDANT UNITED STATES FIDELITY & GUARANTY COMPANY** |

BURR, PEASE
& KURTZ
PROFESSIONAL CORPORATION
810 N STREET
ANCHORAGE, AK 99501
(907) 276-6100

NORTH STAR'S SECOND SET OF DISCOVERY REQUESTS
 TO DEFENDANT USF&G
*United States ex rel. North Star, et al.  v. Nugget Construction, et al.*, A98-009 CIV (HRH)
Page 1 of 9                                                                    45-40/#82045

Exhibit ___/___
___/___ of ___9___

Pursuant to Federal Rules of Civil Procedure 26, 33 and 34, Plaintiff/Use –

Plaintiff North Star Terminal and Stevedore Company (hereinafter "North Star")

propounds the following discovery requests to United States Fidelity and Guaranty

Company, the above-named defendant in this action, to be answered in writing within

thirty (30) days of service in accordance with the above-referenced rules.

Any reference in these discovery requests to "you", "your", or "yourself"

refers to the above-named defendant in this lawsuit including each of its agents,

representatives and attorneys, and each person acting or purporting to act on the behalf

of that defendant.

As used herein, the words "document" and "documents," or the reference

to any type of document or documents, shall mean the original and any copy, regardless

of origin or location, of any book, pamphlet, periodical, letter, memorandum, telegram,

facsimile, email, report, record, study, handwritten note, map, drawing, working paper,

chart paper, graph, index, tape, daily sheet, diary, data or processing card, computer-

stored record, business record, financial record, accounting record, correspondence, or

any other written, recorded, transcribed, punched, taped, electronically stored, filmed,

photographed or graphic matter, however produced or reproduced, to which you have or

have had access to.

BURR, PEASE
& KURTZ
PROFESSIONAL CORPORATION
810 N STREET
NCHORAGE, AK 99501
(907) 276-6100

NORTH STAR'S SECOND SET OF DISCOVERY REQUESTS
TO DEFENDANT USF&G
*United States ex rel. North Star, et al. v. Nugget Construction, et al.,* A98-009 CIV (HRH)
Page 2 of 9                                                         45-40/#82045

Exhibit ___/___
___2___ of ___9___

As used herein, the term "representative" means any and all agents, employees, servants, officers, directors, attorneys, or other persons acting or purporting to act on behalf of the person in question including the above-named defendant.

As used herein, the term "person" means any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments, and other units therein, and shall include, but not be limited to, a public or private corporation, company, partnership, joint venture, voluntary or unincorporated association, organization, proprietorship, other business, trust estate, governmental agency, commission, bureau or department.

As used herein, the terms "identification", "identify", or "identity", when used in reference to:

(a)    A natural individual:  requires you to state his or her full name and residential and business addresses and telephone numbers;

(b)    A corporation, company, or other business, entity or organization: requires you to state its full name and any names under which it does business, its state of formation, the address of its principal place of business, the addresses of all of its offices in Alaska, the identity of the person or persons who own, operate and/or control it, and its telephone numbers;

BURR, PEASE
& KURTZ
PROFESSIONAL CORPORATION
810 N STREET
ANCHORAGE, AK 99501
(907) 276-6100

NORTH STAR'S SECOND SET OF DISCOVERY REQUESTS
TO DEFENDANT USF&G
*United States ex rel. North Star, et al.  v. Nugget Construction, et al.,* A98-009 CIV (HRH)
Page 3 of 9                                                                     45-40/#82045

Exhibit ___/___
___3___ of ___9___

(c)    A document or thing: requires you to specifically and sufficiently describe each such item so that it may be located and/or inspected in order to confirm the existence of the item described.

The provisions of Federal Rules of Civil Procedure 26, 33 and 34 apply in all respects to these discovery requests.

INTERROGATORY NO. 6: State the date on which United States Fidelity and Guaranty Company or any of the St. Paul Insurance Companies and/or any of their employees, officers or directors first became a client of the Oles Morrison Rinker & Baker law firm, by that or any other name, and state the name and nature of that representation including client and court case name and court case number if any.

ANSWER:

INTERROGATORY NO. 7: State all other times, by date that United States Fidelity and Guaranty Company or any of the St. Paul Insurance Companies and/or any of their employees, officers or directors has been a client of the Oles Morrison Rinker & Baker law firm, by that or any other name, and state the name and nature of each of those representations including client and court case name and court case number if any.

BURR, PEASE
& KURTZ
PROFESSIONAL CORPORATION
810 N STREET
ANCHORAGE, AK 99501
(907) 276-6100

NORTH STAR'S SECOND SET OF DISCOVERY REQUESTS
TO DEFENDANT USF&G
*United States ex rel. North Star, et al. v. Nugget Construction, et al.,* A98-009 CIV (HRH)
Page 4 of 9                                                                 45-40/#82045

Exhibit ___1___
___4___ of ___9___

ANSWER:

INTERROGATORY NO. 8:  State the date on which United States Fidelity and Guaranty Company or any of the St. Paul Insurance Companies and/or any of their employees, officers or directors was first used or designated as an expert witness or consultant for the Oles Morrison Rinker & Baker law firm , by that name or any other name, or any of its clients, and state the name and nature of that representation including client and court case name and court case number if any.

ANSWER:

INTERROGATORY NO. 9:  State all other times, by date, that United States Fidelity and Guaranty Company or any of the St. Paul Insurance Companies and/or any of their employees, officers or directors has been used or designated as an expert witness or consultant for the Oles Morrison Rinker & Baker law firm, by that or any other name, or any of its clients, and state the name and nature of each of those representations including client and court case name and court case number if any.

BURR, PEASE
& KURTZ
PROFESSIONAL CORPORATION
810 N STREET
ANCHORAGE, AK 99501
(907) 276-6100

NORTH STAR'S SECOND SET OF DISCOVERY REQUESTS
TO DEFENDANT USF&G
*United States ex rel. North Star, et al.  v. Nugget Construction, et al.,* A98-009 CIV (HRH)
Page 5 of 9                                                                45-40/#82045

Exhibit ___/___
_5_ of _9_

ANSWER:

INTERROGATORY NO. 10:  Describe in full detail each factual basis which supports, or tends to support, the allegations in each of the affirmative defenses stated in your Answer and Affirmative Defenses dated September 21, 2005 to North Star's Amended Complaint.

ANSWER:

INTERROGATORY NO. 11:  Completely describe the subject and contents of the information relevant to this case held by each person listed on your final witness list due February 14, 2006, herein.

ANSWER:

BURR. PEASE
& KURTZ
PROFESSIONAL CORPORATION
810 N STREET
NCHORAGE, AK 99501
(907) 276-6100

NORTH STAR'S SECOND SET OF DISCOVERY REQUESTS
TO DEFENDANT USF&G
*United States ex rel. North Star, et al.  v. Nugget Construction, et al.*, A98-009 CIV (HRH)
Page 6 of 9
45-40/#82045

Exhibit _____/_____
_6_ of _9_

<u>INTERROGATORY NO. 12</u>:  Specifically state the subject matter and content of the anticipated testimony of each witness listed on your final witness list due February 14, 2006, herein.

<u>ANSWER</u>:

<u>REQUEST FOR PRODUCTION NO. 11</u>:  Produce any and all unprivileged documents reflecting or otherwise relating to the information requested by Interrogatory Nos. 6 through 12 propounded above.

<u>ANSWER</u>:

DATED:  February 14, 2006.

BURR, PEASE & KURTZ
Attorneys for North Star

By _____
Michael W. Sewright
Alaska Bar # 7510090

BURR, PEASE
& KURTZ
PROFESSIONAL CORPORATION
810 N STREET
ANCHORAGE, AK 99501
(907) 276-6100

NORTH STAR'S SECOND SET OF DISCOVERY REQUESTS
TO DEFENDANT USF&G
*United States ex rel. North Star, et al.  v. Nugget Construction, et al.,* A98-009 CIV (HRH)
Page 7 of 9

45-40/#82045

Exhibit  /
7  of  9

## OATH

United States Fidelity and Guaranty Company, does hereby swear, under oath, that the foregoing answers to discovery requests are true to the best of its knowledge and belief.

UNITED STATES FIDELITY AND
GUARANTY COMPANY

By:_____ (signature)
Printed Name: _____
Its: _____ (title)


SUBSCRIBED AND SWORN to before me this _____ day of _____, 2006.


_____
NOTARY PUBLIC FOR _____
My commission expires:_____

BURR, PEASE
& KURTZ
PROFESSIONAL CORPORATION
610 N STREET
ANCHORAGE, AK 99501
(907) 276-6100

NORTH STAR'S SECOND SET OF DISCOVERY REQUESTS
TO DEFENDANT USF&G
*United States ex rel. North Star, et al. v. Nugget Construction, et al.,* A98-009 CIV (HRH)
Page 8 of 9

45-40/#82045

Exhibit ___/___
___8___ of ___9___

CERTIFICATE OF SERVICE

I certify that on the ___14th___ day of February
2006, a copy of the foregoing was served by
**U.S. Mail** on:

Traeger Machetanz, Esq.
Thomas Krider, Esq.
OLES MORRISON & RINKER
745 W. 4th Ave., Suite 502
Anchorage, AK 99501

Steven J. Shamburek, Esq.
425 G Street, Suite 630
Anchorage, AK 99501-5872

C. Patrick Stoll, Esq.
HERRIG VOGT & STOLL LLP
4210 Douglas Blvd., Ste. 100
Granite Bay, CA 95746-5902

Paul D. Stockler, Esq.
1309 W. 16th Ave
Anchorage, AK 99501

Herbert A. Viergutz, Esq.
Barokas Martin & Tomlinson
1029 W. 3rd Ave., Suite 280
Anchorage, AK 99501

_Teresa Wilson_
Teresa Wilson

BURR, PEASE
& KURTZ
PROFESSIONAL CORPORATION
810 N STREET
NCHORAGE, AK 99501
(907) 276-6100

NORTH STAR'S SECOND SET OF DISCOVERY REQUESTS
TO DEFENDANT USF&G
*United States ex rel. North Star, et al. v. Nugget Construction, et al.,* A98-009 CIV (HRH)
Page 9 of 9                                                          45-40/#82045

Exhibit ___1___
___9___ of ___9___

Michael W. Sewright
BURR, PEASE & KURTZ
810 N Street
Anchorage, AK  99501-3293
Telephone:     (907) 276-6100
Fax No.:     (907) 258-2530
Attorneys for North Star

NO DOCKET DATE _____
DOCKETED _____ 3-20-06

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA
## AT ANCHORAGE

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a Northern Stevedoring & Handling, and NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a Northern Stevedoring & Handling, on its own behalf,<br><br>       Plaintiffs,<br><br>   and<br><br>UNITED STATES OF AMERICA for the use of SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Service, and SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Service, on its own behalf,<br><br>       Intervening Plaintiffs,<br><br>   and<br><br>METCO, INC.,<br><br>       Intervening Plaintiff,<br><br>   vs.<br><br>NUGGET CONSTRUCTION, INC.; SPENCER ROCK PRODUCTS, INC.; UNITED STATES FIDELITY AND GUARANTY COMPANY; and ROBERT A. LAPORE,<br><br>       Defendants. | Case No. A98-009 CIV (HRH)<br><br><br>**NORTH STAR'S SECOND SET OF DISCOVERY REQUESTS TO DEFENDANT NUGGET CONSTRUCTION, INC.** |

BURR, PEASE
& KURTZ
PROFESSIONAL CORPORATION
810 N STREET
ANCHORAGE, AK 99501
(907) 276-6100

NORTH STAR'S SECOND SET OF DISCOVERY REQUESTS
TO DEFENDANT NUGGET CONSTRUCTION, INC.
*United States ex rel. North Star, et al.  v. Nugget Construction, et al.*, A98-009 CIV (HRH)
Page 1 of 11

45-40/#82043

Exhibit _2_
_1_ of _11_

Pursuant to Federal Rules of Civil Procedure 26, 33 and 34, Plaintiff/Use –
Plaintiff North Star Terminal and Stevedore Company (hereinafter "North Star")
propounds the following discovery requests to Nugget Construction, Inc., the above-
named defendant in this action, to be answered in writing within thirty (30) days of
service in accordance with the above-referenced rules.

Any reference in these discovery requests to "you", "your", or "yourself"
refers to the above-named defendant in this lawsuit including each of its agents,
representatives and attorneys, and each person acting or purporting to act on the behalf
of that defendant.

As used herein, the words "document" and "documents," or the reference
to any type of document or documents, shall mean the original and any copy, regardless
of origin or location, of any book, pamphlet, periodical, letter, memorandum, telegram,
facsimile, email, report, record, study, handwritten note, map, drawing, working paper,
chart paper, graph, index, tape, daily sheet, diary, data or processing card, computer-
stored record, business record, financial record, accounting record, correspondence, or
any other written, recorded, transcribed, punched, taped, electronically stored, filmed,
photographed or graphic matter, however produced or reproduced, to which you have or
have had access to.

BURR, PEASE
& KURTZ
PROFESSIONAL CORPORATION
810 N STREET
ANCHORAGE, AK 99501
(907) 276-6100

NORTH STAR'S SECOND SET OF DISCOVERY REQUESTS
TO DEFENDANT NUGGET CONSTRUCTION, INC.
*United States ex rel. North Star, et al. v. Nugget Construction, et al.,* A98-009 CIV (HRH)
Page 2 of 11

45-40/#82043

Exhibit  2
2 of 11

As used herein, the term "representative" means any and all agents, employees, servants, officers, directors, attorneys, or other persons acting or purporting to act on behalf of the person in question including the above-named defendant.

As used herein, the term "person" means any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments, and other units therein, and shall include, but not be limited to, a public or private corporation, company, partnership, joint venture, voluntary or unincorporated association, organization, proprietorship, other business, trust estate, governmental agency, commission, bureau or department.

As used herein, the terms "identification", "identify", or "identity", when used in reference to:

(a)    A natural individual:  requires you to state his or her full name and residential and business addresses and telephone numbers;

(b)    A corporation, company, or other business, entity or organization: requires you to state its full name and any names under which it does business, its state of formation, the address of its principal place of business, the addresses of all of its offices in Alaska, the identity of the person or persons who own, operate and/or control it, and its telephone numbers;

BURR, PEASE
& KURTZ
PROFESSIONAL CORPORATION
810 N STREET
ANCHORAGE, AK 99501
(907) 276-6100

NORTH STAR'S SECOND SET OF DISCOVERY REQUESTS
TO DEFENDANT NUGGET CONSTRUCTION, INC.
*United States ex rel. North Star, et al.  v. Nugget Construction, et al.,* A98-009 CIV (HRH)
Page 3 of 11

45-40/#82043

Exhibit _2_
_3_ of _11_

(c)    A document or thing: requires you to specifically and sufficiently

describe each such item so that it may be located and/or inspected in order to

confirm the existence of the item described.

The provisions of Federal Rules of Civil Procedure 26, 33 and 34 apply in

all respects to these discovery requests.

INTERROGATORY NO. 6: State the first date on which L. D. "Randy"

Randolph or LDR Engineering Services first became a client of the Oles Morrison Rinker

& Baker law firm, by that name or any other name, and state the name and nature of that

representation including the court case name and court case number if any.

ANSWER:

INTERROGATORY NO. 7: State all other times, by date, Randy Randolph

or LDR Engineering Services has been a client of the Oles Morrison Rinker & Baker law

firm, by that or any other name, and state the name and nature of each of those

representations including the court case name and court case number if any.

ANSWER:

BURR, PEASE
& KURTZ
PROFESSIONAL CORPORATION
810 N STREET
ANCHORAGE, AK 99501
(907) 276-6100

NORTH STAR'S SECOND SET OF DISCOVERY REQUESTS
TO DEFENDANT NUGGET CONSTRUCTION, INC.
*United States ex rel. North Star, et al. v. Nugget Construction, et al., A98-009 CIV (HRH)*
Page 4 of 11                                                    45-40/#82043

Exhibit _2_
_4_ of _11_

INTERROGATORY NO. 8:  State the date on which L. D. "Randy" Randolph or LDR Engineering Services was first used or designated as an expert witness or consultant for the Oles Morrison Rinker & Baker law firm, by that name or any other name, or any of its clients in any matter and state the name and nature of that representation, including the court case name and court case number if any.

ANSWER:

INTERROGATORY NO. 9:  State all other times, by date, Randy Randolph or LDR Engineering Services has been used or designated as an expert witness or consultant for the Oles Morrison Rinker & Baker law firm, by that or any other name, or any of its clients in any matter and state the name and nature of each of those representations, including the court case name and court case number if any.

ANSWER:

BURR, PEASE
& KURTZ
PROFESSIONAL CORPORATION
810 N STREET
.NCHORAGE, AK 99501
(907) 276-6100

NORTH STAR'S SECOND SET OF DISCOVERY REQUESTS
TO DEFENDANT NUGGET CONSTRUCTION, INC.
*United States ex rel. North Star, et al.  v. Nugget Construction, et al.,* A98-009 CIV (HRH)
Page 5 of 11                                                                    45-40/#82043

Exhibit _____2_____
___5___ of ___11___

INTERROGATORY NO. 10:  State the date on which Nugget Construction, Inc. and/or any of its employees, officers or directors first became a client of the Oles Morrison Rinker & Baker law firm, by that or any other name, and state the name and nature of that representation including client and court case name and court case number if any.

ANSWER:

INTERROGATORY NO. 11:  State all other times, by date, Nugget Construction, Inc. and/or any of its employees, officers or directors has been a client of the Oles Morrison Rinker & Baker law firm, by that or any other name, and state the name and nature of each of those representations including client and court case name and court case number if any.

ANSWER:

BURR, PEASE
& KURTZ
PROFESSIONAL CORPORATION
810 N STREET
ANCHORAGE. AK 99501
(907) 276-6100

NORTH STAR'S SECOND SET OF DISCOVERY REQUESTS
TO DEFENDANT NUGGET CONSTRUCTION, INC.
*United States ex rel. North Star, et al.  v. Nugget Construction, et al.*, A98-009 CIV (HRH)
Page 6 of 11

45-40/#82043

Exhibit _2_
_6_ of _11_

INTERROGATORY NO. 12:  State the date on which Nugget Construction, Inc. and/or any of its employees, officers or directors was first used or designated as an expert witness or consultant for the Oles Morrison Rinker & Baker law firm , by that name or any other name, or any of its clients, and state the name and nature of that representation including client and court case name and court case number if any.

ANSWER:

INTERROGATORY NO. 13:  State all other times, by date, Nugget Construction, Inc. and/or any of its employees, officers or directors has been used or designated as an expert witness or consultant for the Oles Morrison Rinker & Baker law firm, by that or any other name, or any of its clients, and state the name and nature of each of those representations including client and court case name and court case number if any.

ANSWER:

BURR, PEASE
& KURTZ
PROFESSIONAL CORPORATION
810 N STREET
ANCHORAGE, AK 99501
(907) 276-6100

NORTH STAR'S SECOND SET OF DISCOVERY REQUESTS
TO DEFENDANT NUGGET CONSTRUCTION, INC.
*United States ex rel. North Star, et al.  v. Nugget Construction, et al., A98-009 CIV (HRH)*
Page 7 of 11                                                    45-40/#82043

Exhibit _2_
_7_ of _11_

INTERROGATORY NO. 14: Describe in full detail each factual basis which supports, or tends to support, the allegations in each of the affirmative defenses stated in your Answer and Affirmative Defenses dated September 21, 2005 to North Star's Amended Complaint.

ANSWER:

INTERROGATORY NO. 15: Completely describe the subject and contents of the information relevant to this case held by each person listed on your final witness list due February 14, 2006, herein.

ANSWER:

BURR, PEASE
& KURTZ
PROFESSIONAL CORPORATION
810 N STREET
ANCHORAGE, AK 99501
(907) 276-6100

NORTH STAR'S SECOND SET OF DISCOVERY REQUESTS
TO DEFENDANT NUGGET CONSTRUCTION, INC.
*United States ex rel. North Star, et al.  v. Nugget Construction, et al.,* A98-009 CIV (HRH)
Page 8 of 11                                                                    45-40/#82043

Exhibit ___2___
___8___ of ___11___

INTERROGATORY NO. 16:  Specifically state the subject matter and content of the anticipated testimony of each witness listed on your final witness list due February 14, 2006, herein.

ANSWER:

REQUEST FOR PRODUCTION NO. 11:  Produce any and all unprivileged documents reflecting or otherwise relating to the information requested by Interrogatory Nos. 6 through 16 propounded above.

ANSWER:

DATED:   February 14, 2006.

BURR, PEASE & KURTZ
Attorneys for North Star

By _____
Michael W. Sewright
Alaska Bar # 7510090

BURR, PEASE
& KURTZ
PROFESSIONAL CORPORATION
810 N STREET
NCHORAGE, AK 99501
(907) 276-6100

NORTH STAR'S SECOND SET OF DISCOVERY REQUESTS
TO DEFENDANT NUGGET CONSTRUCTION, INC.
*United States ex rel. North Star, et al.  v. Nugget Construction, et al.*, A98-009 CIV (HRH)
Page 9 of 11                                                          45-40/#82043

Exhibit  2
9  of  11

## OATH

Nugget Construction, Inc., does hereby swear, under oath, that the

foregoing answers to discovery requests are true to the best of its knowledge and belief.

NUGGET CONSTRUCTION, INC.

By:_____ (signature)
Printed Name: _____
Its: _____ (title)


SUBSCRIBED AND SWORN to before me this _____ day of _____,

2006.


_____
NOTARY PUBLIC FOR _____
My commission expires:_____

BURR, PEASE
& KURTZ
PROFESSIONAL CORPORATION
810 N STREET
ANCHORAGE, AK 99501
(907) 276-6100

NORTH STAR'S SECOND SET OF DISCOVERY REQUESTS
TO DEFENDANT NUGGET CONSTRUCTION, INC.
*United States ex rel. North Star, et al. v. Nugget Construction, et al.,* A98-009 CIV (HRH)
Page 10 of 11                                          45-40/#82043

Exhibit   2
10  of   11

CERTIFICATE OF SERVICE

I certify that on the ___14th___ day of February
2006, a copy of the foregoing was served by
**U.S. Mail** on:

Traeger Machetanz, Esq.
Thomas Krider, Esq.
OLES MORRISON & RINKER
745 W. 4th Ave., Suite 502
Anchorage, AK 99501

Steven J. Shamburek, Esq.
425 G Street, Suite 630
Anchorage, AK 99501-5872

C. Patrick Stoll, Esq.
HERRIG VOGT & STOLL LLP
4210 Douglas Blvd., Ste. 100
Granite Bay, CA 95746-5902

Paul D. Stockler, Esq.
1309 W. 16th Ave
Anchorage, AK 99501

Herbert A. Viergutz, Esq.
Barokas Martin & Tomlinson
1029 W. 3rd Ave., Suite 280
Anchorage, AK 99501


_____
Teresa Wilson

BURR. PEASE
& KURTZ
PROFESSIONAL CORPORATION
810 N STREET
ANCHORAGE. AK 99501
(907) 276-6100

NORTH STAR'S SECOND SET OF DISCOVERY REQUESTS
TO DEFENDANT NUGGET CONSTRUCTION, INC.
*United States ex rel. North Star, et al. v. Nugget Construction, et al.,* A98-009 CIV (HRH)
Page 11 of 11

45-40/#82043

Exhibit ___2___
___11___ of ___11___

1    Herbert A. Viergutz, Esq.
       **BAROKAS MARTIN & TOMLINSON**

2    1029 West Third, Suite 280
       Anchorage, AK 99501

3    Phone: 907-276-8010
       Fax: 907-276-5334

4    Counsel for USF&G

**RECEIVED**

MAR 1 7 2006

NO ~~~~~~~~

DOCKETED

BUBB, PEASE & KURTZ

5             **IN THE UNITED STATES DISTRICT COURT**

6       **FOR THE DISTRICT OF ALASKA AT ANCHORAGE**

7

8    UNITED STATES OF AMERICA for the use of NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a NORTHERN STEVEDORING & HANDLING, and NORTH

9    STAR TERMINAL & STEVEDORE COMPANY, d/b/a NORTHERN STEVEDORING & HANDLING, on its own

10    behalf,

11              Plaintiffs,

12        and

13    UNITED STATES OF AMERICA for the use of SHORESIDE PETROLEUM, INC., d/b/a MARATHON FUEL SERVICE,

14    and SHORESIDE PETROLEUM, INC., d/b/a MARATHON FUEL SERVICE, on its own behalf,

15                                     No. A98-009 CIV (HRH)

16             Intervening Plaintiffs,

17        and

18    METCO, INC.,

19             Intervening Plaintiff,

20        vs.

21    NUGGET CONSTRUCTION, INC.; SPENCER ROCK PRODUCTS, INC.; UNITED STATES FIDELITY AND

22    GUARANTY COMPANY; and ROBERT A. LAPORE,

23         Defendants.

24    **UNITED STATES FIDELITY AND GUARANTY COMPANY'S RESPONSES TO**

25    **PLAINTIFFS NORTH STAR TERMINAL & STEVEDORE COMPANY'S SECOND SET OF DISCOVERY REQUESTS**

26

27

28                               1

BAROKAS MARTIN & TOMLINSON
1029 West Third, Suite 280
Anchorage, Alaska 99501
Phone: (907) 276-8010
Fax: (907) 276-5334

Exhibit _3_
_1_ of _7_

1 | Herbert A. Viergutz, Esq.
BAROKAS MARTIN & TOMLINSON
2 | 1029 West Third, Suite 280
Anchorage, AK 99501
3 | Phone: 907-276-8010
Fax: 907-276-5334
4 | Counsel for USF&G

5    COME NOW the Defendant, United States Fidelity and Guaranty Company, herein

6 (hereinafter "USF&G"), by and through their undersigned counsel, Barokas Martin &

7 Tomlinson, and herein responds to Plaintiff, North Star Terminal & Stevedore Company,

8 (hereinafter "North Star"), Second Set of Discovery Requests as follows:

9                    **GENERAL OBJECTIONS**

10    A.    Responding Party objects to the extent that any Discovery Request seeks

11 discovery of documents or information protected by the attorney-client privilege, the work

12 product doctrine, or any other recognized legal privilege.

13    B.    Responding Party objects to the extent that any Discovery Request (i) seeks

14 information not reasonably calculated to lead to discovery of admissible evidence, (ii) is

15 over broad or unduly burdensome, and/or (iii) is vague or ambiguous.

16    C.    Responding Party objects to the extent that any Discovery Request calls for

17 information that may reasonably be derived or ascertained from the parties' business

18 records (as produced in discovery) or from an examination, audit or inspection of those

19 records.

20    D.    Responding Party objects to the extent that any Discovery Request, or its

21 accompanying instructions, call for information or details beyond what is required under the

22 Alaska Rules of Civil Procedure.

23    E.    Responding Party objects to the extent that any Discovery Request seeks

24 information within North Star's own possession or control.

25    F.    Responding Party objects to these Discovery Requests to the extent that

26 they call for a level of detail beyond the reasonable scope of Discovery and which is more

27 appropriate for discovery by depositions.

28                              2

Exhibit  3
2 of 7

1 | Herbert A. Viergutz, Esq.
  | BAROKAS MARTIN & TOMLINSON
2 | 1029 West Third, Suite 280
  | Anchorage, AK 99501
3 | Phone: 907-276-8010
  | Fax: 907-276-5334
4 | Counsel for USF&G

5       G.    The following Responses to North Star's Discovery Requests are made

6   subject to the foregoing objections which are incorporated into each and every answer.

7   **RESPONSES TO REQUEST FOR PRODUCTION AND INTERROGATORIES**

8   INTERROGATORY NO. 6: State the date on which United States Fidelity and guaranty

9   Company or any of the St. Paul Insurance Companies and/or any of their employees,

10  officers or directors first became a client of Oles Morrison Rinker & Baker law firm, by that

11  or any other name, and state the name and nature of that representation including client

12  and court case name and court case name and court case number if any.

13  RESPONSE:        Documents responsive to this Discovery Request have previously

14  been produced.  The date the firm entered an appearance would be the date that the

15  formal representation began as regards the instant litigation.

16  INTERROGATORY NO. 7: State all other times, by date the United States Fidelity and

17  Guaranty Company or any of the St. Paul Insurance Companies and/or any of their

18  employees, officers or directors have been a client of Oles Morrison Rinker & Baker law

19  firm, by that or any other name, and state the name and nature of each of their

20  representations including client and court case name and court case number if any.

21  RESPONSE:        This Interrogatory is much too broad and unduly burdensome to

22  respond to as Defendant has no idea if any employee's, officers, or former directors have

23  ever been clients of the firm.  The firm may have previously provided representation to

24  Answering Defendant with regard to bond claims.  The claims are made under the name

25  of the principal and it is extremely difficult to determine particular firms representing

26  Answering Defendant on any specific occasions. Answering Defendant is conducting a

27  search of its records in an attempt tempt to more fully respond to this Interrogatory.

28                                      3

Exhibit   3
3   of  7

1  Herbert A. Viergutz, Esq.
   BAROKAS MARTIN & TOMLINSON
2  1029 West Third, Suite 280
   Anchorage, AK 99501
3  Phone: 907-276-8010
   Fax: 907-276-5334
4  Counsel for USF&G

5  <u>INTERROGATORY NO. 8</u>:  State the date on which United States Fidelity and Guaranty

6  Company or any of the St. Paul Insurance Companies and/or any of their employees,

7  officers or directors was first used or designated as an expert witness or consultant for the

8  Oles Morrison Rinker & Baker law firm, by that name and nature of that representation

9  including client and court case name and court case number if any.

10  <u>RESPONSE</u>:          Answering Defendant does not provide consultation or expert witness

11  services and, therefore, has never been employed by said firm in that capacity.  Answering

12  Defendant cannot possibly know if any employees, officers or former directors served as

13  an expert witness or consultant for said firm in their individual capacity outside their

14  employment with Answering Defendant.

15  <u>INTERROGATORY NO. 9</u>: State all other times, by date, that United States Fidelity and

16  Guaranty Company or any of the St. Paul Insurance Companies and/or any of their

17  employees, officers or directors has been used or designated as an expert witness or

18  consultant for the Oles Morrison Rinker & Baker law firm, by that or any other name, or any

19  of its clients, and state the name and nature of each of those representations including

20  client and curt case name and court case number if any.

21  <u>RESPONSE</u>:          See Response to Interrogatory No. 8.

22  <u>INTERROGATORY NO. 10</u>: Describe in full detail each factual basis which supports, or

23  tends to support, the allegations in each of the affirmative defenses stated in your Answer

24  and Affirmative Defenses dated September 21, 2005 to North Star's Amended Complaint.

25  <u>RESPONSE</u>:          See Response of Defendant, Nugget Construction, Inc., to a similar

26  Discovery Request as Answering Defendant was also being represented by Oles Morrison

27  Rinker & Baker on the date the Affirmative Defenses were forwarded on behalf of both

28                                          4

Exhibit  3
  4  of  7

Herbert A. Viergutz, Esq.
BAROKAS MARTIN & TOMLINSON
1029 West Third, Suite 280
Anchorage, AK 99501
Phone: 907-276-8010
Fax: 907-276-5334
Counsel for USF&G

Defendants.  The only independent claim forwarded by Defendants against Answering

Defendants is one based on bad faith.  There exists absolutely no evidence of any bad

faith of Answering Defendant.  Answering Defendant has no obligation to settle the

litigation independent from its principal, and chose not to do so.  This is not bad faith.

There exists no intelligible articulated claim for bad faith against Answering Defendant

outside this specific allegation.  The matter will be addressed in a Summary Judgment

Motion, as will the Amended Affirmative Defense of Statute of Limitations forwarded by the

undersigned, as the Statute of Limitations expired on the claims asserted by Plaintiff

against Defendant long before Plaintiff's Amended Complaints dated August 31, 2005.

INTERROGATORY NO. 11: Completely describe the subject and contents of the

information relevant to this case held by each person listed on your final witness list due

February 14, 2006, herein.

RESPONSE:        See Response to Interrogatory No. 12.

INTERROGATORY NO. 12: Specifically state the subject matter and content of the

anticipated testimony of each witness listed on your final witness list due February 14,

2006, herein.

RESPONSE:        See General Objections.  This Discovery Request calls for a level of

detail beyond the reasonable scope of Discovery and which is more appropriate for

Discovery by depositions.  This Discovery Request calls for information or details which is

beyond what is required under the Alaska Rules of Civil Procedure.

REQUEST FOR PRODUCTION NO. 11: Produce any and all unprivileged documents

reflecting or otherwise relating to the information requested by Interrogatory No. 6 through

12 propounded above.

5

Exhibit    3
5  of   7

Herbert A. Viergutz, Esq.
BAROKAS MARTIN & TOMLINSON
1029 West Third, Suite 280
Anchorage, AK 99501
Phone: 907-276-8010
Fax: 907-276-5334
Counsel for USF&G

1
2
3
4

5   RESPONSE:        Any and all documents, including those which are privileged, have

6   previously been produced by Answering Defendant. Answering Defendant is outraged that

7   it went through the process of waiving the privilege and providing all documents, to no

8   avail, as Plaintiffs continue in their bad faith conduct of proceeding against Answering

9   Defendant for a bad faith cause of action when Plaintiff's own bad faith conduct drives this

10  instant litigation. Appropriate Motions for attorney fees will be filed.

11          Dated this _____ day of March, 2006.

12

13                      Herbert A. Viergutz, Alaska Bar No. 8506088

14                                  **OATH**

15          United States Fidelity and Guaranty Company, does hereby swear, under oath, that
    the foregoing answers to discovery requests are true to the best of its knowledge and
16  belief.

17          Dated this 14th day of March, 2006.

18                              United States Fidelity and Guaranty Company

19
                                By: _____
20                              Printed Name: _Janice S. Smith_
                                Its: _Bond Claim Counsel_     (title)
21

22          SUBSCRIBED AND SWORN TO before me this 14th day of March, 2006.

23                      _____
                        Notary Public in and for _State of Maryland_
24                      My Commission Expires: _01-01-07_

25

26

27

28                              :6

                                Exhibit _3_
                                _6_ of _7_

1  Herbert A. Viergutz, Esq.
   BAROKAS MARTIN & TOMLINSON
2  1029 West Third, Suite 280
   Anchorage, AK 99501
3  Phone: 907-276-8010
   Fax: 907-276-5334
4  Counsel for USF&G

5

6      Dated this __16__ day of March, 2006.

7

8      Herbert A. Viergutz, Alaska Bar No.  8506088

9                    **OATH**

10     United States Fidelity and Guaranty Company, does hereby swear, under oath, that
   the foregoing answers to discovery requests are true to the best of its knowledge and
11 belief.

12     Dated this _____ day of March, 2006.

13                    United States Fidelity and Guaranty Company

14

15     By: _____
       Printed Name:_____
16     Its: _____ (title)

17     SUBSCRIBED AND SWORN TO before me this ____ day of March, 2006.

18

19     _____
       Notary Public in and for _____
       My Commission Expires: _____

20 **CERTIFICATE OF SERVICE**
   I HEREBY CERTIFY that a true
   copy of the above was mailed on
21 the __16__ day of March, 2006, to:

   Michael W. Sewright, Esq.
22 Burr, Pease & Kurtz
   810 N Street
   Anchorage, AK  99501
23 Steven J. Shamburek, Esq.
   Law Office of Steven J. Shamburek
   425 G Street, Suite 630
24 Anchorage, AK  99501-5872

   Paul Stockler, Esq.
25 1309 West 16th Avenue
   Anchorage, AK  99501

26 Tom Krider, Esq.
   Traeger Machetanz, Esq.
   Oles Morrison Rinker & Baker, LLP
27 745 4th Avenue, Suite 502
   Anchorage, AK 99501-2136

28 Herbert A. Viergutz

                         :7

Exhibit __3__
7 of 7

1   Traeger Machetanz, Esq.
    Thomas R. Krider, Esq.
2   OLES MORRISON RINKER & BAKER LLP
    745 Fourth Avenue, Suite 502
3   Anchorage, Alaska 99501
    Telephone:  907-258-0106
4   Facsimile: 907-277-8001

5

6   Attorneys for Defendant Nugget Construction, Inc.

7             **IN THE UNITED STATES DISTRICT COURT**
                **FOR THE DISTRICT OF ALASKA**
8                       **AT ANCHORAGE**

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a Northern Stevedoring & Handling, and NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a Northern Stevedoring & Handling, on its own behalf, | Case No. A98-009 CIV (HRH) |
|                Plaintiffs,<br>     and | NUGGET'S RESPONSES TO NORTH STAR'S SECOND SET OF DISCOVERY REQUESTS TO DEFENDANT NUGGET CONSTRUCTION, INC. |
| UNITED STATES OF AMERICA for the use of SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Service, and SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Service, on its own behalf, | |
|             Intervening Plaintiffs,<br>     and | |
| METCO, INC., | |
|             Intervening Plaintiff,<br>     vs. | |
| NUGGET CONSTRUCTION, INC.; SPENCER ROCK PRODUCTS, INC.; UNITED STATES FIDELITY AND GUARANTY COMPANY; and ROBERT A. LAPORE, | |
|          Defendants. | |

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106  Fax: (907) 258-5519

**NUGGET'S RESPONSES** TO NORTH STAR'S SECOND SET OF DISCOVERY
REQUESTS TO DEFENDANT NUGGET CONSTRUCTION, INC.
*United States ex rel. North Star, et al.  v. Nugget Construction,
et al.,* A98-009 CIV (HRH)
Page 1 of 17                       45-40/#82043
P-TRK Responses to North Star's Second Discovery Requests 032006 993100002.doc

ORIGINAL

Exhibit ___4___
___1___ of ___17___

Pursuant to Federal Rules of Civil Procedure 26, 33 and 34, Plaintiff/Use -Plaintiff North Star Terminal and Stevedore Company (hereinafter "North Star") propounds the following discovery requests to Nugget Construction, Inc., the above-named defendant in this action, to be answered in writing within thirty (30) days of service in accordance with the above-referenced rules.

Any reference in these discovery requests to "you", "your", or "yourself" refers to the above-named defendant in this lawsuit including each of its agents, representatives and attorneys, and each person acting or purporting to act on the behalf of that defendant.

As used herein, the words "document" and "documents," or the reference to any type of document or documents, shall mean the original and any copy, regardless of origin or location, of any book, pamphlet, periodical, letter, memorandum, telegram, facsimile, email, report, record, study, handwritten note, map, drawing, working paper, chart paper, graph, index, tape, daily sheet, diary, data or processing card, computer-stored record, business record, financial record, accounting record, correspondence, or any other

NUGGET'S RESPONSES TO NORTH STAR'S SECOND SET OF DISCOVERY
REQUESTS TO DEFENDANT NUGGET CONSTRUCTION, INC.
*United States ex rel. North Star, et al.  v. Nugget Construction, et al.*, A98-009 CIV (HRH)
Page 2 of 17                                     45-40/#82043
P-TRK Responses to North Star's Second Discovery Requests 032006 993100002.doc

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106    Fax: (907) 258-5519

Exhibit ___4___
___2___ of ___17___

written, recorded, transcribed, punched, taped, electronically stored, filmed, photographed or graphic matter, however produced or reproduced, to which you have or have had access to.

As used herein, the term "representative" means any and all agents, employees, servants, officers, directors, attorneys, or other persons acting or purporting to act on behalf of the person in question including the above-named defendant.

As used herein, the term "person" means any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments, and other units therein, and shall include, but not be limited to, a public or private corporation, company, partnership, joint venture, voluntary or unincorporated association, organization, proprietorship, other business, trust estate, governmental agency, commission, bureau or department.

As used herein, the terms "identification", "identify", or "identity", when used in reference to:

**NUGGET'S RESPONSES** TO NORTH STAR'S SECOND SET OF DISCOVERY
REQUESTS TO DEFENDANT NUGGET CONSTRUCTION, INC.
*United States ex rel. North Star, et al.  v. Nugget Construction,
et al.*, A98-009 CIV (HRH)
Page 3 of 17                                    45-40/#82043
P-TRK Responses to North Star's Second Discovery Requests 032006 993100002.doc

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

Exhibit  4
3  of  17

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106    Fax: (907) 258-5519

1       (a)  A natural individual:  requires you to state his

2   or her full name and residential and business addresses

3   and telephone numbers;

4       (b)  A corporation, company, or other business,

5   entity or organization:  requires you to state its full

6   name and any names under which it does business, its state

7   

8   of formation, the address of its principal place of

9   business, the addresses of all of its offices in Alaska,

10  the identity of the person or persons who own, operate

11  and/or control it, and its telephone numbers;

12      (c)  A document or thing:  requires you to

13  specifically and sufficiently describe each such item so

14  that it may be located and/or inspected in order to

15  confirm the existence of the item described.

16  

17      The provisions of Federal Rules of Civil Procedure

18  26, 33 and 34 apply in all respects to these discovery

19  requests.

20                    GENERAL OBJECTIONS

21      1.  Defendant objects to the form of Plaintiff's pleading
insofar as it imposes duties beyond those required under Rules

22  33 and 34.

23      2.  Defendant objects to all instructions and definitions
to the extent they enlarge upon, supersede, or in any way modify

24  the rules of discovery as set forth in CR 26, CR 33 and CR 34.

25  **NUGGET'S RESPONSES** TO NORTH STAR'S SECOND SET OF DISCOVERY
REQUESTS TO DEFENDANT NUGGET CONSTRUCTION, INC.
*United States ex rel. North Star, et al.  v. Nugget Construction,
et al.*, A98-009 CIV (HRH)
Page 4 of 17                                      45-40/#82043
P-TRK Responses to North Star's Second Discovery Requests 032006 993100002.doc

Exhibit   4
   4  of   17

1

2      3.    Defendant    objects    to    Plaintiff's    requests    for
production to the extent that they seek documents that are
3      inadmissible and are not relevant to the subject matter of this
action, or are not reasonably calculated to lead to the
4      discovery of admissible evidence.

5      4.    Defendant objects to Plaintiff's interrogatories and
requests for production of documents to the extent that they
6      impose an undue burden on the responding party.

7      5.    Defendant objects to Plaintiff's interrogatories and
requests for production of documents to the extent that they
8      seek  information  that  is  protected  by  the  attorney-client
privilege and work product doctrine.
9

10     6.    Defendant    objects    to    Plaintiff's    interrogatories
insofar as they are directed to knowledge of persons or entities
11     not subject to control of the responding party at the time when
these answers were prepared.
12

13     7.    Defendants object to Plaintiff's discovery requests to
the extent they seek information not pertinent to the present
14     litigation  involving  the  breach  of  the  parties'  settlement
agreement.
15

16

17     INTERROGATORY NO. 6:  State the first date on which L.

18     D. "Randy" Randolph or LDR Engineering Services first became a

19
20     client of the Oles Morrison Rinker & Baker law firm, by that

21     name or any other name, and state the name and nature of that

22     representation including the court case name and court case

23     number if any.

24

25
**NUGGET'S RESPONSES** TO NORTH STAR'S SECOND SET OF DISCOVERY
REQUESTS TO DEFENDANT NUGGET CONSTRUCTION, INC.
*United States ex rel. North Star, et al.  v. Nugget Construction,
et al.*, A98-009 CIV (HRH)
Page 5 of 17                                    45-40/#82043
P-TRK Responses to North Star's Second Discovery Requests 032006 993100002.doc

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

Exhibit  4
5 of 17

1

### ANSWER:

2  Defendant Nugget incorporates herein its General Objections
stated above. In addition, Nugget objects to this
3  Interrogatory, as it is directed at entities that are neither a
party to this litigation nor legally affiliated with Nugget.
4  Further, this Interrogatory is duplicative, as Plaintiff has
made this inquiry directly of Mr. Randolph during his second
5  deposition.

6

7  **INTERROGATORY NO. 7:** State all other times, by date,

8  Randy Randolph or LDR Engineering Services has been a client of

9  the Oles Morrison Rinker & Baker law firm, by that or any other

10  name, and state the name and nature of each of those

11  representations including the court case name and court case

12  number if any.

13

14  ### ANSWER:

15  Defendant Nugget incorporates herein its General Objections
stated above. In addition, Nugget objects to this
16  Interrogatory, as it is directed at entities that are neither a
party to this litigation nor legally affiliated with Nugget.
17  Further, this Interrogatory is duplicative, as Plaintiff has
made this inquiry directly of Mr. Randolph during his second
18  deposition.

19

20  **INTERROGATORY NO. 8:** State the date on which L. D.

21  "Randy" Randolph or LDR Engineering Services was first used or

22  designated as an expert witness or consultant for the Oles

23  Morrison Rinker & Baker law firm, by that name or any other

24  name, or any of its clients in any matter and state the name and

25  NUGGET'S RESPONSES TO NORTH STAR'S SECOND SET OF DISCOVERY
REQUESTS TO DEFENDANT NUGGET CONSTRUCTION, INC.
*United States ex rel. North Star, et al.  v. Nugget Construction,
et al.*, A98-009 CIV (HRH)
Page 6 of 17                                    45-40/#82043
P-TRK Responses to North Star's Second Discovery Requests 032006 993100002.doc

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106    Fax: (907) 258-5519

Exhibit _4_
_6_ of _17_

1  nature of that representation, including the court case name and

2  court case number if any.

3

4      ANSWER:

5  Defendant Nugget incorporates herein its General Objections
   stated above.     In addition, Nugget objects to this
6  Interrogatory, as it is directed at entities that are neither a
   party to this litigation nor legally affiliated with Nugget.
7  Further, this Interrogatory is duplicative, as Plaintiff has
   made this inquiry directly of Mr. Randolph during his second
8  deposition.

9      INTERROGATORY NO. 9:  State all other times, by date,

10  Randy Randolph or LDR Engineering Services has been used or

11  designated as an expert witness or consultant for the Oles

12  Morrison Rinker & Baker law firm, by that or any other name, or

13  any of its clients in any matter and state the name and nature

14  of each of those representations, including the court case name

15

16  and court case number if any.

17

18      ANSWER:

19  Defendant Nugget incorporates herein its General Objections
   stated above.     In addition, Nugget objects to this
20  Interrogatory, as it is directed at entities that are neither a
   party to this litigation nor legally affiliated with Nugget.
21  Further, this Interrogatory is duplicative, as Plaintiff has
   made this inquiry directly of Mr. Randolph during his second
22  deposition.

23

24

25  **NUGGET'S RESPONSES** TO NORTH STAR'S SECOND SET OF DISCOVERY
   REQUESTS TO DEFENDANT NUGGET CONSTRUCTION, INC.
   *United States ex rel. North Star, et al.  v. Nugget Construction,
   et al.*, A98-009 CIV (HRH)
   Page 7 of 17                              45-40/#82043
   P-TRK Responses to North Star's Second Discovery Requests 032006 993100002.doc

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

Exhibit  4
7  of  17

1    INTERROGATORY NO. 10:  State the date on which Nugget

2    Construction, Inc. and/or any of its employees, officers or

3    directors first became a client of the Oles Morrison Rinker &

4    Baker law firm, by that or any other name, and state the name

5    and nature of that representation including client and court

6    case name and court case number if any.

7

8        ANSWER:

9    Defendant Nugget incorporates herein its General Objections
     stated above.      In  addition,  Nugget  objects  to  this
10   Interrogatory,  as  it  calls  for  attorney-client  privileged
     information,  and is duplicative,  as Plaintiff has made this
11   inquiry  during  its  multiple  30(b)(6)  depositions of Nugget.
     Without waiving any of its objections, Nugget refers Plaintiff
12   to the deposition testimony for the response to this inquiry,
     and provides the following information:
13
     The first time Nugget retained Oles Morrison was in 1996 and
14   related to the bid protest that was filed by another bidder on
     the project that is at issue in the present litigation.
15

16

17   INTERROGATORY NO. 11:  State all other times, by date,

18   Nugget Construction, Inc. and/or any of its employees, officers

19   or directors has been a client of the Oles Morrison Rinker &

20   Baker law firm, by that or any other name, and state the name

21   and nature of each of those representations including client and

22   court case name and court case number if any.

23

24

25   NUGGET'S RESPONSES TO NORTH STAR'S SECOND SET OF DISCOVERY
     REQUESTS TO DEFENDANT NUGGET CONSTRUCTION, INC.
     *United States ex rel. North Star, et al.  v. Nugget Construction,
     et al.*, A98-009 CIV (HRH)
     Page 8 of 17                              45-40/#82043
     P-TRK Responses to North Star's Second Discovery Requests 032006 993100002.doc

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106    Fax: (907) 258-5519

Exhibit  4
8  of  17

1   ANSWER:

2   Defendant Nugget incorporates herein its General Objections
    stated above.    In   addition,   Nugget   objects   to   this
3   Interrogatory, as it calls for attorney-client privileged
    information, and is duplicative, as Plaintiff has made this
4   inquiry during its multiple 30(b)(6) depositions of Nugget.
    Without waiving any of its objections, Nugget refers Plaintiff
5   to the deposition testimony for the response to this inquiry,
    and provides the following information:
6
    The first time Nugget retained Oles Morrison was in 1996 and
7   related to the bid protest that was filed by another bidder on
    the project that is at issue in the present litigation.
8
    Oles Morrison represented Nugget in the Alaska State Court case
9   in which Nugget brought suit against Spencer Rock Products to
    recover its damages on the project that is at issue in the
10  present litigation.   Case No. 3AN-97-9509 Civil.

11  Oles Morrison represented Nugget before the Armed Services Board
    of Contract Appeal (Appeal of Nugget Construction, Inc., under
12  Contract No. DACA85-99-C-0017) with regard to a termination for
    convenience claim on a project for the Army on St. Lawrence
13  Island, AK.

14

15

16

17  INTERROGATORY NO. 12:   State the date on which Nugget

18  Construction, Inc. and/or any of its employees, officers or

19  directors was first used or designated as an expert witness or

20  consultant for the Oles Morrison Rinker & Baker law firm, by

21  that name or any other name, or any of its clients, and state

22  the name and nature of that representation including client and

23  court case name and court case number if any.

24

25  NUGGET'S RESPONSES TO NORTH STAR'S SECOND SET OF DISCOVERY
    REQUESTS TO DEFENDANT NUGGET CONSTRUCTION, INC.
    *United States ex rel. North Star, et al.  v. Nugget Construction,
    et al.*, A98-009 CIV (HRH)
    Page 9 of 17                                45-40/#82043
    P-TRK Responses to North Star's Second Discovery Requests 032006 993100002.doc

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

Exhibit 4
9 of 17

1

2    ANSWER:

Defendant Nugget incorporates herein its General Objections
stated above.    In addition, Nugget objects to this
Interrogatory, as it calls for attorney-client privileged
information, and is duplicative, as Plaintiff has made this
inquiry during its multiple 30(b)(6) depositions of Nugget.
Without waiving any of its objections, Nugget refers Plaintiff
to the deposition testimony for the response to this inquiry.

6

7    INTERROGATORY NO. 13:  State all other times, by date,

8    Nugget Construction, Inc. and/or any of its employees, officers

9    or directors has been used or designated as an expert witness or

10   consultant for the Oles Morrison Rinker & Baker law firm, by

11   that or any other name, or any of its clients, and state the

12   name and nature of each of those representations including

13   client and court case name and court case number if any.

14

15   ANSWER:

16   Defendant Nugget incorporates herein its General Objections
stated above.    In addition, Nugget objects to this
17   Interrogatory, as it calls for attorney-client privileged
information, and is duplicative, as Plaintiff has made this
18   inquiry during its multiple 30(b)(6) depositions of Nugget.
Without waiving any of its objections, Nugget refers Plaintiff
19   to the deposition testimony for the response to this inquiry.

20

21   INTERROGATORY NO. 14:  Describe in full detail each

22   factual basis which supports, or tends to support, the

23   allegations in each of the affirmative defenses stated in your

24

25   **NUGGET'S RESPONSES** TO NORTH STAR'S SECOND SET OF DISCOVERY
REQUESTS TO DEFENDANT NUGGET CONSTRUCTION, INC.
*United States ex rel. North Star, et al.  v. Nugget Construction,
et al.*, A98-009 CIV (HRH)
Page 10 of 17                                    45-40/#82043
P-TRK Responses to North Star's Second Discovery Requests 032006 993100002.doc

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

Exhibit  4
10  of  17

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

1  Answer and Affirmative Defenses dated September 21, 2005 to

2  North Star's Amended Complaint.

3       ANSWER:

4  Defendant Nugget incorporates herein its General Objections
5  stated above.  In addition, Nugget objects to this interrogatory
   as it is duplicative given the extensive deposition testimony
6  taken in this matter that covers many of the inquiries made
   herein.

7
8  Affirmative Defense No. 1:  Plaintiff asks Nugget to provide the
   facts constituting the absence of a contract between itself and
   Plaintiff; i.e. it seeks to have Nugget prove a negative.  To do
9  so, Nugget refers Plaintiff to the totality of the discovery
   taken in this case, including the depositions of Nugget's and
10 Plaintiff's personnel.  From that discovery, it is evident that
   there was never a "meeting of the minds" between the parties
11 required to form a contractual relationship.

12 Affirmative Defense No. 2:   The fact that Plaintiff was a
   second-tier supplier to a material supplier was decided in the
13 9th Circuit decision dated September 27, 2001.

14 Affirmative Defense No. 3:  With regard to Nugget and not USF&G,
   this Affirmative Defense is withdrawn.
15
   Affirmative Defense No. 4:   This Affirmative Defense presents a
16 legal question under the Miller Act.   To the extent Plaintiff's
   claims are not covered under the Act and the cases interpreting
17 it, they are not recoverable under the Miller Act cause of
   action set forth in Plaintiff's complaint (e.g. tort claims,
18 punitive damages, attorneys' fees, etc.).

19 Affirmative Defense No. 5:  With regard to Nugget and not USF&G,
   this Affirmative Defense is withdrawn.
20
   Affirmative Defense No. 6:  With regard to Nugget and not USF&G,
21 the Affirmative Defense relating to "unclean hands" is
   withdrawn.  As to the Defense of laches, Plaintiff's waited
22 seven years from the time the events on the project occurred
   before it amended its complaint to incorporate numerous causes
23 of action that had not been previously brought.  The statute of
   limitations had long ago run on these claims and it is now
24

25 NUGGET'S RESPONSES TO NORTH STAR'S SECOND SET OF DISCOVERY
   REQUESTS TO DEFENDANT NUGGET CONSTRUCTION, INC.
   United States ex rel. North Star, et al.  v. Nugget Construction,
   et al., A98-009 CIV (HRH)
   Page 11 of 17                              45-40/#82043
   P-TRK Responses to North Star's Second Discovery Requests 032006 993100002.doc

Exhibit 4
11 of 17

1  difficult to reconstruct all of the events surrounding the
   project.
2
   Affirmative Defense No. 7:  With regard to Nugget and not USF&G,
3  this Affirmative Defense is withdrawn.

4  Affirmative Defense No. 8:  Plaintiff's personnel have testified
   that it was its policy to invoice on a weekly basis for work
5  performed and that 30 days later it would expect payment.  On
   this project, Plaintiff continued to work in spite of the fact
6  that it did not receive timely payment from Spencer Rock
   Products for the work Plaintiff had performed.  By continuing to
7  provide Spencer Rock Products services in the face of non-
   payment, Plaintiff failed to mitigate its damages.  In addition,
8  Plaintiff did not inform Nugget timely of Spencer Rock Product's
   failure to make timely payment.  Once it did so and Nugget
9  informed Plaintiff that Nugget was not responsible for
   Plaintiff's payments, Plaintiff ceased performing work and
10 incurring additional expenses.

11 Affirmative Defense No. 9:  See response to Affirmative Defense
   No. 8.  In addition, Plaintiff's contract was with Spencer Rock
12 Products.  To the extent Plaintiff was owed money and not paid,
   the responsibility for that lays with Spencer Rock Products.
13 This is especially true with regard to the first two barges of
   material loaded by Plaintiff, as Spencer Rock Products had been
14 paid as provided for in the contract by Nugget for that effort.

15 Affirmative Defense No. 10:  With regard to Nugget and not
   USF&G, this Affirmative Defense is withdrawn.
16
   Affirmative Defense No. 11:  See response to Affirmative Defense
17 No. 8.

18 Affirmative Defense No. 12:  This Affirmative Defense is on
   behalf of USF&G, and therefore, this Interrogatory must be
19 addressed to it.

20 Affirmative Defense No. 13:  See response to Affirmative Defense
   No. 12.
21
   Affirmative Defense No. 14:  To the extent Plaintiff's claims
22 arise in contract, punitive damages are legally barred.

23 Affirmative Defense No. 15:  See response to Affirmative Defense
   No. 8.
24

25 **NUGGET'S RESPONSES** TO NORTH STAR'S SECOND SET OF DISCOVERY
   REQUESTS TO DEFENDANT NUGGET CONSTRUCTION, INC.
   *United States ex rel. North Star, et al.  v. Nugget Construction,*
   *et al.*, A98-009 CIV (HRH)
   Page 12 of 17                              45-40/#82043
   P-TRK Responses to North Star's Second Discovery Requests 032006 993100002.doc

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

Exhibit  4
12 of  17

1   Affirmative Defense No. 16:   Plaintiff's contract was with
    Spencer Rock Products, not Nugget.   As such, Spencer Rock
2   Products is responsible for making payment to Plaintiff for any
    work performed.   Spencer Rock Products was paid $147,000 by
3   Nugget for the first two loads of rock, which funds Spencer Rock
    Product refused to use to pay its suppliers.   To avoid having to
4   pay its suppliers, Spencer Rock Products intentionally mislead
    those suppliers by telling them that it had received no money
5   from Nugget.   Spencer Rock Products also failed to inform its
    suppliers that its entitlement to further payment from Nugget
6   would likely be reduced because of Spencer Rock Product's
    inability to produce the required rock for the project and the
7   necessity of Nugget supplementing Spencer Rock Product's work
    force and equipment.   Any harm caused to Plaintiff on this
8   project was the result of Spencer Rock Product's duplicity in
    dealing with both Plaintiff and Nugget.

9

10

11      INTERROGATORY NO. 15:   Completely describe the subject

12  and contents of the information relevant to this case held by

13  each person listed on your final witness list due February 14,

14  2006, herein.

15

16      ANSWER:

17  Defendant Nugget incorporates herein its General Objections
    stated above.   Nugget also objects to this Interrogatory as
18  overbroad, unduly burdensome, cumulative, duplicative, seeking
    attorney-client information, the information can be obtained
19  from a source that is more convenient and less expensive, and
    Plaintiff has had ample opportunity over the last eight years to
20  obtain the information sought.   Nugget has previously provided
    witness disclosures describing the information relating to this
21  case possessed by each witness.   Subsequently, Plaintiff has
    taken the deposition of the key witnesses listed on Nugget's
22  trial witness list.   For the information know to those
    witnesses, Nugget refers Plaintiff to the deposition transcripts
23  for those witnesses.   As to those individuals who work for
    Plaintiffs that Nugget included in its final witness list,
24  Plaintiffs certainly have a better ability to ascertain what
    those individuals know about the events surrounding this case

25  **NUGGET'S RESPONSES** TO NORTH STAR'S SECOND SET OF DISCOVERY
    REQUESTS TO DEFENDANT NUGGET CONSTRUCTION, INC.
    *United States ex rel. North Star, et al. v. Nugget Construction,*
    *et al.,* A98-009 CIV (HRH)
    Page 13 of 17                              45-40/#82043
    P-TRK Responses to North Star's Second Discovery Requests 032006 993100002.doc

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

Exhibit   4
13 of 17

1  than Nugget does.  Further, much of the information relating to
2  this matter is contained in the documents produced by all
   parties in this litigation.

3

4      INTERROGATORY NO. 16:  Specifically state the subject

5  matter and content of the anticipated testimony of each witness

6  listed on your final witness list due February 14, 2006, herein.

7      ANSWER:

8  Defendant Nugget incorporates herein its General Objections
9  stated above.  In addition, this Interrogatory seeks attorney-
   client information and work product.  The information as to
10 which each witness will testify regarding is a decision made by
   counsel based in his/her mental impressions of the subject
11 matter and the legal strategies involved in trying the case.  As
   such, they are not subject to discovery.  Fed. R. Civ. Pro. 26
12 (b)(3).   In addition, as Defendant in this matter, Nugget's
   case-in-chief will be dictated in some degree by what Plaintiffs
13 put forth in their case and by what issues remain after
   dispositive motions and motions in limine are ruled upon, which
14 means the expected testimony of Nugget's witnesses is not yet
   fully ascertainable.

15

16      REQUEST FOR PRODUCTION NO. 11:  Produce any and all

17 unprivileged documents reflecting or otherwise relating to the

18 information requested by Interrogatory Nos. 6 through 16

19 propounded above.

20      ANSWER:

21 Defendant Nugget incorporates herein its General Objections
22 stated above.  Without waiving its objections, Nugget has
   previously produced all relevant, non-privileged documents to
23 Plaintiffs.  Thus, Nugget objects to this Request as being
   duplicative and unduly burdensome.

24

25 **NUGGET'S RESPONSES** TO NORTH STAR'S SECOND SET OF DISCOVERY
   REQUESTS TO-DEFENDANT NUGGET CONSTRUCTION, INC.
   *United States ex rel. North Star, et al.  v. Nugget Construction,*
   *et al.*, A98-009 CIV (HRH)
   Page 14 of 17                                45-40/#82043
   P-TRK Responses to North Star's Second Discovery Requests 032006 993100002.doc

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106    Fax: (907) 258-5519

Exhibit  4
14 of 17

1

2    DATED:    March 20, 2006.

3                                BURR, PEASE & KURTZ
                                 Attorneys for North Star
4

5

6                           By _____
                                 Michael W. Sewright
7                                Alaska Bar # 7510090

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    **NUGGET'S RESPONSES** TO NORTH STAR'S SECOND SET OF DISCOVERY
      REQUESTS TO DEFENDANT NUGGET CONSTRUCTION, INC.
      *United States ex rel. North Star, et al.  v. Nugget Construction,*
      *et al., A98-009 CIV (HRH)*
      Page 15 of 17                                    45-40/#82043
      P-TRK Responses to North Star's Second Discovery Requests 032006 993100002.doc

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

Exhibit  4
15 of 17

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## ATTORNEY VERIFICATION

In accordance with Rule 33 (b) (2), I hereby verify that the foregoing objections to the requested discovery are consistent with the Federal Rules of Civil Procedure and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law.

Thomas R. Krider, WSBA #29490
Pro Hac Vice
Attorney for Defendant Nugget
Construction, Inc.

## OATH

Nugget Construction, Inc., does hereby swear, under oath, that the foregoing answers to discovery requests are true to the best of its knowledge and belief.

NUGGET CONSTRUCTION, INC.

By:
(signature)
Printed Name: JOHN W SMITHSON
Its: PROJECT MGR
(title)

SUBSCRIBED AND SWORN to before me this 20 day of

March , 2006.

NOTARY PUBLIC FOR _____
My commission expires: _____

My Commission Expires
November 5, 2009

NUGGET'S RESPONSES TO NORTH STAR'S SECOND SET OF DISCOVERY
REQUESTS TO DEFENDANT NUGGET CONSTRUCTION, INC.
*United States ex rel. North Star, et al. v. Nugget Construction,
et al.,* A98-009 CIV (HRH)
Page 16 of 17                                      45-40/#82043
F-TRX Responses to North Star's Second Discovery Requests 032006 993100002

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

Exhibit    4
16 of 17

1

2     CERTIFICATE OF SERVICE

3     I certify that on the 20th day
      of March 2006, a copy of the
4     foregoing was served by **U.S.
      Mail** on:
5
      Michael W. Sewright
6     BURR PEASE & KURTZ
      810 "N" Street
7     Anchorage, AK 99501

8     Steven J. Shamburek, Esq.
      425 G Street, Suite 630
9     Anchorage, AK  99501-5872

10    C. Patrick Stoll, Esq.
      HERRIG VOGT & STOLL LLP
11    4210 Douglas Blvd., Ste. 100
      Granite Bay, CA  95746-5902
12
13    Paul D. Stockler, Esq.
      1309 W. 16th Ave
14    Anchorage, AK 99501

15    Herbert A. Viergutz, Esq.
      Barokas Martin & Tomlinson
16    1029 W. 3rd Ave., Suite 280
      Anchorage, AK 99501

17

18    _Catt awell_

19    Catherine A. Melland

20

21

22

23

24

25    **NUGGET'S RESPONSES** TO NORTH STAR'S SECOND SET OF DISCOVERY
      REQUESTS TO DEFENDANT NUGGET CONSTRUCTION, INC.
      _United States ex rel. North Star, et al.  v. Nugget Construction,
      et al._, A98-009 CIV (HRH)
      Page 17 of 17                               45-40/#82043
      P-TRK Responses to North Star's Second Discovery Requests 032006 993100002.doc

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

Exhibit  _4_
_17_ of _17_

SHAMBUREK LAW OFFICE, LLC DBA
LAW OFFICE OF

# STEVEN J. SHAMBUREK

SUITE 630
425 G STREET
ANCHORAGE, ALASKA
99501
shamburek@gci.net
www.shamburek.com

DIRECT:       (907) 522-5339
CELL PHONE: (907) 250-0044

FACSIMILE: (907) 522-5393

NO DOCUMENT DATE *wef*
DOCKETED

**RECEIVED**

APR 0 6 2006

**BUBB, PEASE & KURTZ**

April 4, 2006

Mr. Herbert A. Viergutz, Esq.
Barokas Martin & Tomlinson
1029 W. 3rd Avenue, Suite 280
Anchorage, Alaska  99501

Dear Herb:

North Star's recent discovery requests ask USF&G at Interrogatory Number 10 to "[d]escribe in full detail each factual basis which supports, or tends to support, the allegations in each of the affirmative defenses stated in your Answer and Affirmative Defenses dated September 21, 2005 to North Star's Amended Complaint." In its response dated March 14, 2006, USF&G does not state any factual basis to support any of its affirmative defenses. USF&G does not provide a factual basis to challenge the claims of bad faith maintained by the claimants or to support the statute of limitations defense advanced by USF&G. Therefore, the claimants and court can conclude that USF&G by its own responses admits that there is no factual basis underpinning its defenses.

The reference to a statute of limitations defense in your discovery responses is also unsupported by the record. When the three complaints were first filed in 1998, the claimants did not know how USF&G had handled and mishandled their claims. USF&G's treatment and mistreatment of the claims did not emerge until recently. Many of the documents were first disclosed last November, 2005. USF&G did not waive its asserted privilege and produce other documents and correspondence until January, 2006. The acts of bad faith continue to this day. The statute of limitations for torts is two years; the statute will not expire until the breaches cease.

The expert report of William Grant Callow, produced to the defendants on February 14, 2006, discusses the legal import of USF&G's activity and inactivity. The recent decision of the Ninth Circuit finds in pertinent part that there is evidence of subterfuge. Thus, USF&G has known since March, 2005 that there is evidence of subterfuge by Nugget and yet it has not fulfilled its duties. When USF&G should have investigated and seriously considered paying the claims, its records indicate that it breached and disregarded its duties. The actions and inactions

Exhibit  5
1  of  4

continue to this day and are more egregious because USF&G now has more knowledge of Nugget's activities and misrepresentations to it. USF&G's recent statements and actions ratify and reaffirm its bad faith.

The court in <u>Alvarez v. Insurance Co. of North America</u>, 667 F.Supp. 689, 696 (N.D. Cal. 1987) anticipates the seminal Ninth Circuit decision in <u>K-W Industries</u> issued in 1988. The decision notes the applicability of 31 C.F.R. Section 223.18, among other provisions. <u>Id.</u> The regulation states in pertinent part: "Every company shall promptly honor its bonds naming the United States or one of its agencies or instrumentalities as obligee." This and other regulations establish the duties.

Nugget and USF&G have done little to resolve the case other than make a total offer of $35,000.00 to the three claimants for the first time in June, 2005. The offer is a benchmark of bad faith, because the sum is a little more that merely the pre-judgment interest on Metco's claim alone. USF&G's recent offer to settle with all three claimants for one dollar ($1.00) in light of the findings and record to date is another act of bad faith. USF&G is on the retrograde.

The District Court found that Mr. Randolph, the signatory on both the "Material Agreement" and "Support Agreement" on behalf of Nugget, was involved with Nugget, Spencer and Trecon. The District Court found:

> Other significant undisputed facts in the record show that Nugget was ideally situated to take over operations at the Spencer quarry. For five years preceding his position as Nugget's project manager, Lynn D. Randolph worked as the project manager and job estimator in the Spencer quarry under its previous owner, Trecon (for whom Nugget's general manager and corporate secretary Greg Poyner also worked as a general manager). Randolph also worked as senior engineer, bid estimator, and project manager for Spencer after Robert LaPore purchased the quarry in 1994. In fact, prior to the Homer Spit project, Randolph worked for Nugget as a consultant, bid estimator, and project manager at the same time he worked for LaPore at Spencer. According to Randolph and LaPore, most of the calculations resulting in Spencer's pricing to Nugget on the Homer Spit bid were prepared by Randolph as a bid estimator and consultant for Spencer (while he also worked as a project manager for Nugget).

(Excerpts of Record p. 334 at l. 11 - 335, l. 6 in the second appeal to the Ninth Circuit). A copy of a business card stating that Mr. Randolph works for Spencer, another one stating that he works for Nugget, and another one stating that he works for LDR have been produced in this litigation. None of the cards state any periods of employment and/or limitation on his engagement on them.

Exhibit <u>5</u>
<u>2</u> of <u>4</u>

At his recent deposition, Mr. Randolph testified that for many years he has agreed to assist contractors asserting a claim or legal issue on a project only if they agree to use one of three or four attorneys he specifies. He testified that his first choice is the Oles, Morrison law firm and that he steered Nugget Construction to the law firm in 1996 to handle the bid protest related to the Homer Project. The law firm has continued to represent Nugget, and then USF&G, in this litigation. He also stated that he steers clients to you. You and your law firm entered its appearance for USF&G to defend the bad faith claims asserted against USF&G. This development is of great concern. Has USF&G obtained the independent evaluation it owes the three claimants under the payment bond and applicable laws and regulations? Do your and your firm's connections with Mr. Randolph, who is at the center of the controversy and conspiracy, taint any neutral evaluation you can provide? Is USF&G aware of that relationship and apparent conflict? Will it become aware of the them for the first time at trial or through this letter?

The USF&G files include statements by Mr. James Ferguson, USF&G's and Nugget's agent and broker, that USF&G will let Nugget take care of things. One facsimile cover sheet dated September 2, 1997 signed by Mr. Ferguson states that Spencer Rock is a "Vender" not a "Sub." That conclusion is contradicted by the applicable Supreme Court decisions in MacEvoy (1944) and F.D. Rich (1974) on the facts in this case. These two cases are discussed in the files recently produced by USF&G. (USF&G 001640 - 001646). The claimants discussed and the District Judge relied on these two Supreme Court decisions. Oles, Morrison and USF&G advanced a Ninth Circuit case, Aetna Casualty (1992), on appeal and was fortunate to draw the author of that decision, Judge T.G. Nelson, on the panel that addressed the matter. The other two members of the panel deferred to his prior decision rather than Supreme Court authority. At times in the practice of law, personal deference does trump stare decisis. The Supreme Court likely would have reversed. However, the Supreme Court very rarely accepts a petition for certiorari in a Miller Act case so that option was expensive and extremely tenuous.

USF&G has ignored another basis for liability that the claims by the claimants arise from a direct contractual relationship with Nugget. Shoreside received the same signed Credit Application from Nugget that it received from Spencer Rock Products. The District Court previously found that the Shoreside Credit Application created a direct contractual relationship and provided a contractual basis for an award of attorney's fees. Shoreside had done work for Nugget prior to April, 1997 and subsequent to the termination of work billed initially to Spencer Rock Products during the summer of 1997. This issue was briefed to but not addressed by the District Court in 1999. North Star also claims a direct contractual relationship with Nugget which was discussed in recent depositions.

Mr. Ferguson expressed surprise at his deposition on March 8 with the allegations in North Star's Amended Complaint filed last

Exhibit _5_
_3_ of _4_

year.   He stated that he was not aware of the allegations until
the previous weekend.  He had not investigated the allegations at
the time but suggested that he would review them.   He was
provided copies, through counsel, of the Shoreside and Metco
Amended Complaints on March 9.  Mr. Ferguson was asked about the
detailed letter from Mr. J. Dennis Stacey with Chugach Rock
Corporation to Ms. Jane Bennett Poling with USF&G dated March 18,
1998 that explicated Nugget's fraudulent conduct and efforts to
take over the Spencer Quarry.   USF&G was aware of the fraud and
subterfuge and still refused to undertake or fulfill its duties.

Claimants already proved their contract-based damages and
were awarded judgment for those damages by the court in 1999.  In
reaching this conclusion, the District Court also found that the
goods were provided and the services performed for the use and
benefit of the Homer Project.  These findings and others were not
challenged on appeal.  Any challenge has been waived.  <u>Kesselring
v. F/T Arctic Hero</u>, 95 F.3d 23, 24-25 (9th Cir. 1996).  On this
basis, USF&G should have paid the three claims with some interest
at a minimum back in 1999 if not earlier.

You threaten to bring a motion for attorney's fees.  The
claimants can also bring a motion for attorney's fees.  Your
statements in letters and discovery responses appear to be
written for client consumption.  The "macho man" stuff may not
play well in Federal Court which requires more decorum and
propriety.

If you have any questions or a serious desire to resolve
this matter on behalf of your client, please contact me or Mr.
Sewright.   Thank you for your attention to this matter.   Best
wishes.

THE LAW OFFICE OF STEVEN J. SHAMBUREK

By:  _Steven J. Shamburek_
Steven J. Shamburek

CC:  Michael W. Sewright, Esq.
Thomas R. Krider, Esq.
Douglas R. Davis, Esq.

Exhibit  5
4 of 4

LAW OFFICE

# BAROKAS MARTIN & TOMLINSON

LARRY L. BAROKAS, P.S.
DALE R. MARTIN, P.S.
JOHN R. TOMLINSON, JR.
FRANKLIN L. DENNIS
MICHAEL A. GALLETCH
LAURA KLEISLE
GREGORY FULLERTON

1029 West Third, Suite 280
ANCHORAGE, ALASKA 99501
(907) 276-8010
FAX (907) 276-5334

BARMAR @ GCI.NET

RESIDENT COUNSEL, ALASKA OFFICE
HERBERT A. VIERGUTZ

April 10, 2006

**Via Facsimile No. 277-9883**

Steven J. Shamburek, Esq.
Law Office of Steven J. Shamburek
425 G Street, Suite 630
Anchorage, AK  99501-5872

    **Re:   North Star v. Nugget Construction, et.al.**

Dear Mr. Shamburek:

    Your letter dated April 4, 2006, strikes me as one that could well have been drafted for presentation in a film with its subject being paranoia.  Your letter is unworthy of a response but will be addressed under the Court Order through the filing of appropriate Motion practice.

        Sincerely,

        Herbert A. Viergutz

HAV/sbj

Noncompliance

**Subject:** Noncompliance
**From:** "Michael W. Sewright" <mws@bpk.com>
**Date:** Thu, 27 Apr 2006 13:08:08 -0800
**To:** Herbert Viergutz <barmar@gci.net>, Tom Krider <Krider@OLES.com>
**CC:** Steve Shamburek <shamburek@gci.net>

    With the deadline for motions looming, I am wondering if your clients will be providing complete responsive disclosures to my client's second set of discovery requests propounded on February 14, 2006, as required by Federal Civil Rules 26 and 37. Please let me know and provide the disclosures before the deadline grows much closer. Among other things, I am concerned about Nugget's failure to give sufficient factual bases for several of the affirmative defenses it is still making and, even more, USF&G's failure to provide any factual basis for defenses. USF&G's only response on that point was dated March 16 and received March 17 from Mr. Viergutz. That response chiefly referenced a forthcoming Response to a similar discovery request propounded to Nugget, through the Oles Morrison law firm which also represents USF&G. In Mr. Viergutz's response USF&G also simply denied it committed bad faith and alleged that the "Statute of Limitations" expired on the claims asserted "by Plaintiff against Defendant" before the Amended Complaint. Nugget's eventual Response through Oles Morrison, which was expressly made only on behalf of Nugget and dated March 20 and received March 22, did not state any factual basis for any defense asserted as to USF&G. Therefore, we are left with no factual bases being provided.

    Please consider this our meet and confer under the federal rules on this matter, if I do not hear from you as requested.

    Thank you.

    M. Sewright

--

Michael W. Sewright
Burr, Pease & Kurtz
810 N Street, Anchorage AK 99501
(907) 276-6100
http://www.bpk.com

*************************************************************
CONFIDENTIALITY NOTICE: This transmission (including all attachments) is intended only for the use of the named addressee(s), and may contain information that is privileged or exempt from disclosure under applicable law. If you are not the named addressee(s), you are hereby notified that any use, dissemination, distribution or copying of this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please destroy it and notify us immediately at (800) 474-4275 or (907) 276-6100.
*************************************************************

Exhibit __7__
__/__ of __/__

4/28/2006 2:04 PM