Herbert A. Viergutz, Esq.
Barokas Martin & Tomlinson
1029 West Third, Suite 280
Anchorage, AK 99501
Phone:  (907) 276-8010
Facsimile:  (907) 276-5334

Attorneys for United States Fidelity and Guaranty Company

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA AT ANCHORAGE**

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a NORTHERN STEVEDORING & HANDLING, and NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a NORTHERN STEVEDORING & HANDLING, on its own behalf, <br><br> Plaintiffs, <br><br> and <br><br> UNITED STATES OF AMERICA for the use of SHORESIDE PETROLEUM, INC., d/b/a MARATHON FUEL SERVICE, and SHORESIDE PETROLEUM, INC., d/b/a MARATHON FUEL SERVICE, on its own behalf, <br><br> Intervening Plaintiffs, <br><br> and <br><br> METCO, INC., <br><br> Intervening Plaintiff, <br><br> vs. <br><br> NUGGET CONSTRUCTION, INC.; SPENCER ROCK PRODUCTS, INC.; UNITED STATES FIDELITY AND GUARANTY COMPANY; and ROBERT A. LAPORE, <br><br> Defendants. | No. 3:98-cv-9 (HRH) |

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS CLAIM FOR PUNITIVE DAMAGES**

I.

**FACTS RELEVANT TO THIS MOTION**

USF&G incorporates by reference the facts set forth in Nugget Construction Inc.'s Motion for Summary Judgment against Metco, Inc. Plaintiffs' punitive damage allegation is found at paragraphs 39 of their Amended Complaints. These allegations were not contained in the Plaintiffs' Original Complaints filed in 1998. Punitive damages are inappropriate in this case and are subject to disposition through summary judgment dismissal.

II.

**STANDARD FOR GRANTING SUMMARY JUDGMENT**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." If the party moving for summary judgment meets its initial burden of identifying the portions of the materials on file it believes demonstrate the absence of any genuine issue of material fact, the non-moving party may not rely on the mere allegations in the pleadings to preclude the entry of summary judgment. Instead, the non-moving party must set forth "<u>specific facts</u> showing that there is a genuine issue for trial." Federal Rule of Civil Procedure 56(e) (emphasis added)

The United States Supreme Court has suggested that there is a subjective aspect to consideration of a motion for summary judgment.

> If the defendant in a run-of-the-mill civil case moves for summary judgment or for a directed verdict based on the lack of proof of a material fact, the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the

> plaintiff is entitled to a verdict - - whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the <u>onus</u> of proof is imposed.

<u>Anderson v. Liberty Lobby, Inc.</u> 106 S. Ct. 2505 (1986) at 2512.

This provides the pattern and mold against which the form and substance of USF&G's Motion, and any Opposition, are tested:

> First, the Court has made it clear that the non-moving party will bear the burden of proof at trial as to an <u>element essential to its case</u>, and if that party fails to make a showing sufficient to establish a genuine dispute of fact with respect to the <u>existence of that element</u>, then summary judgment is appropriate. Second, to withstand a motion for summary judgment, the non-moving party must show that there is "genuine factual issues that properly can be resolved only by a finder of fact because <u>they may reasonably be resolved in favor of either party</u>." (emphasis added). Finally, if the factual context makes the non-moving party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial. No longer can it be argued that any disagreement about a material fact precludes the use of summary judgment.

<u>California Architecture & building Products, Inc., v. Franciscan Ceramics, Inc.</u>, 818 F. 2d 1466, (9th Cir. 1987), at 1468 (emphasis added).

Thus, to avoid summary judgment, Plaintiffs must bring forth significant probative evidence which is relevant to dispute a factual issue which is truly material to this litigation. <u>O.S.C. Corp., v. Apple Computer, Inc.</u>, 601 F. Supp. 1274, Aff. 793 F. 2d 1464 (D.C. Cal. 1985); <u>Richards v. Nielson Freight Lines</u>, 602 F. Supp. 1224 (D.C. Cal 1985). Not only do the Plaintiffs have the burden to raise genuine issues of material fact, they must also produce significant evidence to establish such genuine issues of material fact. They must do more than simply show that there is some physical doubt as to the material facts.

### III.
### PUNTIVE DAMAGES ARE INAPPROPRIATE IN A SURETY CASE

Punitive Damages are wholly inappropriate in this case and plaintiffs' claim for such must be dismissed. The purpose for imposing punitive damages is not served by allowing the claim for punitive damages to proceed in this case. As a matter of law, the conduct of USF&G does not rise to the level of outrageousness that warrants an award of punitive

damage.

Punitive damages serve two ostensible purposes: (i) to punish the person doing the wrong, and (ii) to deter him and others from repeating the wrong. Chizmar v. Mackie, 896 P.2d 196, 209 (Alaska 1995); State Farm Mutual v. Weiford, 831 P.2d 1264, 1266 (Alaska 1992); and Alaska Placer Co. v. Lee, 553 P.2d 54, 61 (Alaska 1976). A claim for punitive damages does not, however, broaden the range of actionable wrongs. Haskins v. Shelden, 558 P.2d 487, 492 (Alaska 1976).

> When examining a defendant's conduct to determine whether punitive damages are appropriate, it should make no difference that the party is wealthy or impoverished, or insured rather than uninsured. Either the conduct is reprehensible enough to warrant punitive damages, or it is not.

American National Watermatress Corp. v. Manville, 642 P.2d 1330 (Alaska 1982).

With respect to an award of punitive damages, AS 09.17.020 provides, in relevant part, as follows:

> (b) the fact finder may make an award of punitive damages only if the plaintiff proves by clear and convincing evidence that the defendant's conduct
>
> (1) was outrageous, including acts done with malice or bad motive; or
>
> (2) evidenced reckless indifference to the interest of another person. (Emphasis added.)

Alaska's hesitance to award punitive damages is reflected by adoption of the "clear and convincing" standard of proof. Chizmar v. Mackie, 896 P.2d 196, 209 (Alaska 1995); Alaska Marine Pilots v. Hendsoch, 950 P.2d 98 (Alaska 1997).

In accordance with the above, to justify an award of punitive damages, the plaintiff must prove, by a clear and convincing evidence, that the defendant's "conduct was outrageous, such as acts done with malice, bad motive, or reckless indifference to the interests of another." Sturm, Roger & Co., Inc. v. Day, 594 P.2d 38, 46 (Alaska 1979); Lee Houston & Assoc., Ltd. v. Racine, 806 P.2d 848, 856 (Alaska 1991); and State Farm Fire &

Gas Co., v. Nicholson, 777 P.2d 1152, 1158 (Alaska 1989).

Merely acting in a negligent manner, or committing an intentional act, does not rise to the level of conduct warranting an award of punitive damage. Johnson & Higgins of Alaska, Inc. v. Blomfield, 907 P.2d 1371, 1376 (Alaska 1995) (court refused to instruct the jury on punitive damages); and Alyeska Pipeline Serv. Co. v. O'Kelley, 645 P.2d 767, 773-774 (Alaska 1982). Where there is no evidence that gives rise to an inference of actual malice, or conduct sufficiently outrageous to be deemed equivalent to actual malice, punitive damages are inappropriate. Lee Houston, supra, at 856; and Hayes v. Xerox Corp., 718 P.2d 929, 935 (Alaska 1986).

Significantly, Alaska does not allow punitive damages in breach of contract actions. Lee Houston, supra, at 856. USF&G submits that this case is entirely a breach of contact action, and nothing more. This is not a case where punitive damages could be awarded based upon an independent tort. Great Western Savings Bank v. George W. Easley Co., 778 P.2d 569, 580 (Alaska 1989); Arco Alaska, Inc. v. Akers 753 P.2d 1150, 1153 (Alaska 1988); Walt v. State, 751 P.2d 1345, 1354; Lee Houston, supra; and Wein Air Alaska v. Bubbel, 723 P.2d 627, 630-31 (Alaska 1986). The policy behind the rule is that:

> [t]he purpose of awarding contract damages is to compensate the injured party . . . For this reason, courts in contract cases do not award damages to punish the party in breach or to serve as an example to others unless the conduct constituting the breach is also a tort for which punitive damages are recoverable.

Wein Air Alaska, supra, at 631; quoting Restatement (Second) of Contracts Section 355, Comment a (1981).

For example, in Alaska Northern Devel., Inc. v. Alyeska Pipeline Serv. Co., 666 P.2d 33 (Alaska 1983) which involved an agreement to sell surplus parts, the Appellate court upheld the trial court ruling striking the claim for punitive damages. After agreeing to the essential terms and signing the letter of intent, defendant's owner committee rejected the agreement. Plaintiff brought suit for breach of contract and sought punitive damages. The

appellate court upheld the trial court ruling striking punitive damages, since there was no "evidence that would give rise to an 'inference of actual malice or conduct sufficiently outrageous to be deemed equivalent to actual malice.'" at 41, quoting <u>Alyeska Pipeline</u>, <u>supra</u>, 645 P.2d at 774.

> Since punitive damages are assessed as an example and warning to others, and a primary concern of law is payment of just compensation for the wrong done, punitive damages are not favored in law. They are to be allowed only with caution and within narrow limits.

<u>Alaska Placer Co.</u>, <u>supra</u>, at 61; and Chizmar, supra, at 210.

Alaska's lead position has been followed nationally. <u>BMW of North America, Inc. v. Gore</u>, 116 S.Ct. 1589 (1996); <u>Pivot Point International, Inc. v. Charlene Products, Inc.</u>, 932 F.Supp. 220 (N.D. Ill. 1996); and <u>Zazu Designs v. L'Oreal, S.A.</u>, 979 F.2d 499 (7th Cir. 1992).

> While the determination of such conduct is a question of fact, where there is no evidence that gives rise to an inference of actual malice or conduct sufficiently outrageous to be deemed equivalent to actual malice, <u>the trial court need not submit the punitive damages issued to the jury</u>.

<u>Alaska Northern</u>, <u>supra</u>, at 40. (Emphasis added.)

As a matter of law, the conduct alleged by the plaintiffs does not rise to the level where punitive damages are warranted. The authorities are in agreement that punitive damages are not favored in the law, and therefore are to be narrowly confined. Such is the case at bar. There exists absolutely no evidence whatsoever to establish by a preponderance of the evidence, much less by clear and convincing evidence, that USF&G's conduct was outrageous, such as acts done with malice, bad motive, or reckless indifference to the interests of others. In this case, there exists absolutely no evidence whatsoever that USF&G's actions warrant an instruction providing for an award of punitive damages. To the contrary, the actions of USF&G belie any contention that it acted with the requisite malicious intent such as to justify punitive damages. Accordingly, summary

judgment in its favor as to the plaintiff's claims of punitive damages is required.

## IV.

## CONCLUSION

The Court should dismiss this claim by summary judgment, and request is herein made for said relief.

Dated this 1st day of May, 2006.

/s Herbert A. Viergutz
_____
Barokas Martin & Tomlinson
1029 West Third, Suite 280
Anchorage, AK 99501
Phone:  (907) 276-8010Facsimile:  (907) 276-5334
**barmar@gci.net**
Alaska Bar No. 8506088

**CERTIFICATE OF SERVICE**
I HEREBY CERTIFY that a copy of this document
was served by electronic notification on this 1st
day of May, 2006, to:

Michael W. Sewright, Esq.
Burr, Pease & Kurtz
810 N Street
Anchorage, AK  99501

Paul Stockler, Esq.
1309 West 16th Avenue
Anchorage, AK  99501

Traeger Machetanz, Esq/Tom Krider, Esq.
Oles Morrison Rinker & Baker, LLP
745 4th Avenue, Suite 502
Anchorage, AK 99501-2136

Steven J. Shamburek, Esq.
Law Office of Steven J. Shamburek
425 G Street, Suite 630
Anchorage, AK  99501-5872

/s Herbert A. Viergutz