Traeger Machetanz, Esq.
Thomas R. Krider, Esq.
OLES MORRISON RINKER & BAKER, LLP
745 Fourth Avenue, Suite 502
Anchorage, AK  99501-2136
Telephone:  (907) 258-0106
Telecopier:  (907) 258-5519

Attorneys for Nugget Construction Co.,Inc.,
and USF&G, Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a NORTHERN STEVEDORING & HANDLING, and NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a Northern Stevedoring & Handling, on its own behalf,<br><br>    Plaintiffs,<br>and<br><br>UNITED STATES OF AMERICA for the use of SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Service, and SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Service, on its own behalf,<br><br>    Intervening Plaintiffs,<br>and<br><br>METCO, INC.,<br><br>    Intervening Plaintiff,<br><br>vs.<br><br>NUGGET CONSTRUCTION, INC.; SPENCER ROCK PRODUCTS, INC.,; UNITED STATES FIDELITY AND GUARANTY COMPANY; and ROBERT A. LAPORE,<br><br>    Defendants. | No. A98-009 CIV (HRH)<br><br><br><br><br><br><br><br><br><br>MEMORANDUM IN SUPPORT OF NUGGET CONSTRUCTION, INC.'S AND UNITED STATES FIDELITY & GUARANTY CO., INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST SHORESIDE PETROLEUM, INC. |

Pursuant to Federal Rule of Civil Procedure 56, Defendant Nugget Construction, Inc. ("Nugget") respectfully moves for summary judgment on claims alleged by Intervening Plaintiff/Use-Plaintiff Shoreside Petroleum, Inc. ("Shoreside"), in support of any and all entitlement to damages sought in its Amended Complaint filed September 22, 2005[1] that were incurred in fact prior to the Support Agreement between Nugget and Spencer Rock Products, Inc. ("Spencer Rock") that was executed on or about April 23, 1997.  As Nugget demonstrates herein, there is no genuine issue as to any material fact and Nugget is entitled to summary judgment as a matter of law.

## Introduction

As a consequence of the Ninth's Circuit's earlier decision in this matter, Shoreside amended its complaint to revamp its claims under the federal Miller Act, as well as add a host of claims under Alaska state law.  As amended, Shoreside's complaint now alleges that Spencer Rock became a "strawman" of Nugget, and that the contractual relationship between Nugget and Spencer Rock permits a "telescoping" to Shoreside, as a consequence of the Support Agreement.  Shoreside's Amended Complaint, Sept. 22, 2005, ¶ 18.  Significantly, this is Shoreside's sole remaining theory for recovery under the Miller Act, a

---

[1] To the extent that Shoreside asserts state law claims against Nugget's surety, United States Fidelity & Guaranty Company ("USF&G"), USF&G moves for partial summary judgment on all grounds raised by Nugget herein.

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Memorandum in Support of Nugget Construction, Inc.'s Motion for Summary Judgment Against Shoreside-- Page 1 of 9

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

theory which Shoreside also attempts to extend, directly and indirectly, to several of Shoreside's state law claims.[2]

The instant motion is directed at Shoreside's remaining strawman theory of recovery under the federal Miller Act, as well as its related claims under Alaska state law, in connection with damages that Shoreside seeks to recover that were incurred prior to the execution of the Support Agreement between Nugget and Spencer Rock on or about April 23, 1997. Specifically, Shoreside has not alleged any fact or introduced any evidence that purports to reduce Spencer Rock to a strawman of Nugget prior the execution of the Support Agreement, or that would otherwise permit a telescoping of the relationship between Nugget and Spencer Rock to create an implied-in-fact contract between Nugget and Shoreside prior to the execution of the Support Agreement. As discussed below, this is consistent with the Court's prior express holdings in this matter. Consequently, for the reasons stated herein, Nugget is entitled to partial summary judgment as a matter of law.

---

[2] All of Shoreside's state law claims, including those claims that are based on the same or similar facts as Shoreside's Miller Act claims, are the object of Nugget's motion for summary judgment against Shoreside filed April 24, 2006.

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Memorandum in Support of Nugget Construction, Inc.'s Motion for Summary
Judgment Against Shoreside-- Page 2 of 9

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

## Argument[3]

A. SUMMARY JUDGMENT STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure instructs that a motion for summary judgment shall be "rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there are no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Federal summary judgment procedure requires the piercing through the pleadings and their adroit craftsmanship to reach the substance of the claim. *See, e.g., Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial. *See id.* Accordingly, "an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

---

[3] Because the instant motion and Nugget's Motion for Summary Judgment against Shoreside filed April 24, 2006 arise out of the same operative facts and circumstances, Nugget hereby incorporates by reference its Statement of Facts and accompanying affidavits set forth in its April 24, 2006 Motion for Summary Judgment rather than repeat such facts in their entirety herein.

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Memorandum in Support of Nugget Construction, Inc.'s Motion for Summary Judgment Against Shoreside-- Page 3 of 9

B.  SHORESIDE MAY NOT RECOVER DAMAGES THAT WERE ALLEGEDLY INCURRED PRIOR TO THE EXECUTION OF THE SUPPORT AGREEMENT BECAUSE SHORESIDE HAS FAILED TO ALLEGE FACTS ESTABLSHING SUCH ENTITLEMENT

Shoreside's Amended Complaint, which seeks $53,501.01 in damages for fuel and lubrication services rendered in connection with the Homer Spit Project (the "Project"), refers repeatedly and expressly to the Support Agreement as the factual basis for its federal Miller Act claim, *see* Shoreside's Amended Complaint, ¶¶ 18-21, as well as for several of its state law claims. *See, e.g., id.*, ¶¶ 29 (Agency), 33 (Misrepresentation and Nondisclosure), 36 (Equitable Subordination), 37 (Constructive Trust). As alleged by Shoreside, the Support Agreement "allowed Nugget to intercept and pay itself first from the government payments that it was otherwise obligated to pay Spencer for that rock work." *Id.*, ¶ 18. Shorside alleges further that, "[t]hrough its same so-called 'support' agreement with Spencer and its other acts, conduct and purposeful omissions, Nugget became the undisclosed, but very real, principal of Spencer, thereby directly obligating Nugget (and USF&G as well) to pay Shoreside according to the specific terms of the Shoreside contract entered into by Spencer and assumed by Nugget/USF&G." *Id.*, ¶ 20.

Here, it is undisputed that the bulk of Shoreside's damages were incurred incident to the delivery of the second and third of "three separate railcar loads of fuel and other petroleum products [delivered] to Spencer Rock at the quarry site. The first was delivered on February 4, 1997. The second was delivered on April 8,

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Memorandum in Support of Nugget Construction, Inc.'s Motion for Summary Judgment Against Shoreside-- Page 4 of 9

1997. The third was delivered on May 21, 1997." *Id.* at 12-13. Shoreside invoiced Spencer Rock for these three deliveries $24,028.73, $21,503.30 and $21,278.53 respectively, and Spencer Rock paid Shoreside in full for the first delivery. *See id.* at 13.

In its August 30, 2002 decision in the above captioned matter, the Court set forth the basis for liability under the federal Miller Act:

> [W]here there is "subterfuge, collusion between the prime contractor and subcontractor or circumstances indicating the interposition of straw men, presumably for the purpose of insulating the prime contractor and surety company from extensive Miller Act liability[,]" the "paper subcontractor" can be ignored in the chain of parties. Fidelity & Deposit Co. of Maryland v. Harris, 360 F.2d 402, 410 (9th Cir. 1966). This results in a court "telescoping" the otherwise too remote contractual relationship directly to the prime contractor. *Id.* In other words, a direct contractual relationship with a prime contractor can be implied from the prime contractor's acts despite the existence of an intermediary entity which is found to be nothing more than a straw man.

*United States of America d/b/a North Star Terminal & Stevedore Co., et al. v. Nugget Construction, Inc., et al.*, Slip Op. No. A98-0009-CV (filed Aug. 30, 2002), at 19.

Independent of the arguments raised in Nugget's April 24, 2006 motion for summary judgment against Shoreside on its state law claims, and independent of the arguments that Nugget will make in opposition to Shoreside's federal Miller Act claims, Shoreside is not entitled to damages for losses that were incurred before the execution of the Support Agreement on or about April 23, 1997, because Shoreside has

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Memorandum in Support of Nugget Construction, Inc.'s Motion for Summary Judgment Against Shoreside-- Page 5 of 9

failed to allege any fact to support the existence of a "direct contractual relationship," *id.*, under the Miller Act, as well as an implied-in-fact contract under Alaska state law, which requires all of the elements of an express contract and, significantly, an intent to be bound. *See Reeves v. Alyeska Pipeline Serv. Co.*, 926 P.2d 1130, 1140 (Alaska 1996).

> This is consistent with the Court's prior findings:
>
> Although at the time of contract with plaintiffs Spencer was not a "paper" party, the terms of the support agreement, and Nugget's acts subsequent to it, rendered it so.  By virtue of the support agreement and Nugget's own subsequent actions, Nugget stepped into the shoes of Spencer, acting from that point onward as its own material supplier, directly accepting and using the labor, equipment, and services provided by North Star, Shoreside and Metco.

*Id.* at 19-20.  The Court also held that:  "It is undisputed that at the time Spencer negotiated with [Shoreside], Spencer acted completely on its own behalf.  There are no facts in the record supporting the inference that Spencer acted as an agent of Nugget at the time Spencer hired . . . Shoreside." *Id.* at 5.  Moreover, the Court found that "LaPore admits that Spencer ordered and is responsible to pay for the first two shipments from Shoreside." *Id.* at 14.

Although the consequence of Nugget's actions subsequent to the execution of the Support Agreement remain the subject of dispute, the record is unequivocally clear in its absence of any fact or allegation that would support Shoreside's entitlement to damages from Nugget that were incurred prior to the execution of the Support Agreement.

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Memorandum in Support of Nugget Construction, Inc.'s Motion for Summary Judgment Against Shoreside-- Page 6 of 9

Specifically, Shoreside's allegations and the clear record are absent any evidence that Spencer Rock was converted to a "paper party" prior to the execution of the Support Agreement, or that an implied-in-fact contractual relationship between Nugget and Shoresdide was created prior to the execution of the Support Agreement, or that Spencer Rock or Mr. LaPore ever became an agent of Nugget prior to the execution of the Support Agreement.

Moreover, because Shoreside did not appeal the findings in the Court's August 30, 2002 decision consistent with the foregoing conclusions, it has waived its right to do so going forward. *See Kesserling v. Arctic Hero*, 95 F.3d 23, 24-25 (9th Cir. 1996) ("Since appellant failed to raise this issue in its first appeal, it is waived.").

### Conclusion

Because there is no basis for liability under the federal Miller Act or Alaska state law for alleged damages incurred prior to the execution of the Support Agreement on or about April 23, 1997, Nugget is entitled to partial summary judgment as a matter of law in connection with any and all of Shoreside's claims for damages incurred prior to April 23, 1997.

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Memorandum in Support of Nugget Construction, Inc.'s Motion for Summary Judgment Against Shoreside-- Page 7 of 9

Dated: May 1, 2006                OLES MORRISON RINKER & BAKER LLP
                                  Attorneys for Nugget Construction,
                                  Inc., and United States
                                  Fidelity and Guaranty Co.


                                  By: s/Thomas R. Krider
                                     Thomas R. Krider
                                     krider@oles.com
                                     Washington Bar No. 29490
                                     745 West 4th Avenue, Suite 502
                                     Anchorage, AK 99501
                                     Phone: (907) 258-0106
                                     Fax:   (907) 258-5519

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Memorandum in Support of Nugget Construction, Inc.'s Motion for Summary
Judgment Against Shoreside-- Page 8 of 9

CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of May, 2006, a true and correct copy of the foregoing was served

electronically, via ECF on:

Michael W. Sewright, Esq.
mws@bpk.com
Burr, Pease & Kurtz
810 N Street
Anchorage, AK  99501

Steven J. Shamburek, Esq.
shamburek@gci.net
Law Office of Steven J. Shamburek
425 G Street, Suite 630
Anchorage, AK  99501-5872

Paul Stockler, Esq.
paulstockler@aol.com
1309 West 16th Avenue
Anchorage, AK  99501

Herbert A. Viergutz, Esq.
barmar@gci.net
Barokas Martin & Tomlinson
1029 West Third, Suite 280
Anchorage, AK 99501

and by U.S. Mail on:

C. Patrick Stoll, Esq.
Herrig Vogt & Stoll LLP
4210 Douglas Bay Blvd., Suite 100
Granite Bay, CA 95746-5902

OLES MORRISON RINKER & BAKER LLP


By:  s/Thomas R. Krider



P JAD Memo in Support of MSJ Shoreside Pre Support Agremnt 99310.0002.doc

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Memorandum in Support of Nugget Construction, Inc.'s Motion for Summary Judgment Against Shoreside-- Page 9 of 9

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519