Michael W. Sewright
BURR, PEASE & KURTZ
810 N Street
Anchorage, AK  99501-3293
Telephone:    (907) 276-6100
Fax No.:       (907) 258-2530
Attorneys for North Star

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a Northern Stevedoring & Handling, and NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a Northern Stevedoring & Handling, on its own behalf,<br><br>      Plaintiffs,<br> and<br><br>UNITED STATES OF AMERICA for the use of SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Services, and SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Services, on its own behalf,<br><br>      Intervening Plaintiffs,<br> and<br><br>METCO, INC.,<br><br>      Intervening Plaintiff,<br> vs.<br><br>NUGGET CONSTRUCTION, INC.; SPENCER ROCK PRODUCTS, INC.; UNITED STATES FIDELITY AND GUARANTY COMPANY; and ROBERT A. LAPORE,<br><br>      Defendants. | Case No. 3:98-cv-009-HRH<br><br>**MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT OR FOR DETERMINATION OF LAW OF THE CASE AGAINST NUGGET AND USF&G ON THE BASIS OF CONTRACT BY AGENCY** |

Plaintiff and Use Plaintiff North Star Terminal & Stevedore Company

Motion and Memorandum for Summary Judgment or for Determination
Law Of The Case Against Nugget And USF&G On The Basis Of
Contract By Agency
*North Star Terminal & Stevedore Co., et al v. Nugget Construction et al*
Case No. A98-009 CV      45-40 / #83376
Page 1 of 7

("North Star") hereby moves for summary judgment, pursuant to Federal Rule of Civil Procedure 56, or, alternatively, for a court determination on the law of this case, due to the existence of a contract by agency between Nugget and North Star, both under the federal Miller Act and Alaska law.

This motion and memorandum are based on previous summary judgment filings with this court on an issue of law not previously reached by this court; specifically, North Star's previous filings at Clerk's Docket No. 282 North Star Memo for Summary Judgment dated April 8, 2002 pps. 29-33, Clerk's Docket No. 300 North Star's Reply Memo dated May 31, 2002 pps. 2-21, Clerk's Docket No. 306 North Star's Supplemental Authorities dated July 26, 2002, and Clerk's Docket No. 315 North Star's Motion and Memorandum for Reconsideration dated September 9, 2002, including the exhibits and facts addressed there and in this Court's Order - Motions for Summary Judgment dated August 30, 2002 (Clerk's Docket No. 310). Those prior filings are incorporated herein in their entirety by reference and hereinafter referred to collectively as "prior filings".

The "telescoping" or strawman cause of action under the Miller Act applied by this Court in its August 30, 2002 Order (Clerk's Docket No. 310) and by the Ninth Circuit Court of Appeals in its March 3, 2005 decision (Clerk's Docket No. 383) has been established as applicable to this case.

However, other causes of action which were urged by the claimants in

Motion and Memorandum for Summary Judgment or for Determination
Law Of The Case Against Nugget And USF&G On The Basis Of
Contract By Agency
*North Star Terminal & Stevedore Co., et al v. Nugget Construction et al*
Case No. A98-009 CV                                                45-40 / #83376
Page 2 of 7

those district court proceedings almost four years ago, but not reached by this court when it applied that telescoping remedy, should also be determined applicable.

In those prior filings, North Star particularly urged application of a breach of contract by agency theory of recovery against Nugget and USF&G under the Miller Act and state law. It requested summary judgment upon that cause of action on the basis that Nugget, through its control and overreaching with respect to Spencer's affairs and its interception of funds for itself otherwise owed Spencer, became Spencer's principal, thus liable to North Star for the acts of its agent, especially those of which Nugget took advantage such as Spencer's arrangements with North Star. In support, North Star cited and discussed, *inter alia*, the seminal case of *A. Gay Jenson Farms Company v. Cargill, Inc.*, 309 N.W. 2d 285 (Minn. 1981), Restatement (Second) of Agency §§ 14 O and 208, and *Save Way Oil Company v. Mehlman*, 496 N.Y.S. 2d 537 (N.Y. App. Div. 1985), and compared those cases to this case. North Star also asserted that Nugget was liable to it under other, similar legal principals recognized in Alaska and federal law including the doctrine of equitable subordination.

This Court found merit in those arguments in its August 30, 2002 Order. Clerk's Docket No. 310 at 23-24. After referencing North Star's argument and the *Cargill* decision, it concluded:

_____

Motion and Memorandum for Summary Judgment or for Determination
Law Of The Case Against Nugget And USF&G On The Basis Of
Contract By Agency
*North Star Terminal & Stevedore Co., et al v. Nugget Construction et al*
Case No. A98-009 CV                                                                      45-40 / #83376
Page 3 of 7

> This court is persuaded that the substantive principles behind finding an agency relationship from the facts in *Cargill* are very similar to the [federal telescoping] principle which the court adopts and applies in this instance. Like Cargill in the Minnesota case, Nugget controlled Spencer Rock completely and to its own advantage. Nugget took over virtually all aspects of the work that Spencer Rock had contracted with it to perform.

*Id*. at 24. The district court concluded that it was "inclined under the circumstances to find that a principal/agent relationship existed between Nugget and Spencer" by virtue of Nugget's control over Spencer. *Id*. The court stated it declined to do so only because it considered Nugget an "undisclosed" principal and considered it "unanswered" whether "contracts entered into by an agent [can] be construed as binding an undisclosed principal" under Alaska or federal law. *Id*.

In a motion for reconsideration requesting the district court to revise that part of its order and recognize this second basis for legal liability, North Star answered that question. It demonstrated that in its Order the one Alaska case the Court had cited, *Jensen v. Alaska Valuation Service, Inc.*, 688 P.2d 161, 165 (Alaska 1984), had been misapplied and that under both federal law and Alaska law the *Cargill* analysis finding the undisclosed principal (Nugget) liable should be applied to this case. Clerk's Docket No. 315 (also clarified at Clerk's Docket No. 316).

This Court declined to grant reconsideration, however, based on its determination that consideration of "an alternative theory upon which the use plaintiff might have prevailed" was unnecessary at that time. Clerk's Docket No. 317.

---
Motion and Memorandum for Summary Judgment or for Determination
Law Of The Case Against Nugget And USF&G On The Basis Of
Contract By Agency
*North Star Terminal & Stevedore Co., et al v. Nugget Construction et al*
Case No. A98-009 CV                                                                 45-40 / #83376
Page 4 of 7

The Court is now requested to apply that alternative basis for Nugget and USF&G's liability as the law of the case entitling North Star to summary judgment against those defendants. The prior filings establish no genuine issue of material fact on that point, and discovery in recent months has not disestablished it.

As the U.S. Army Corps of Engineers and this Court recognized long ago, by taking over the Spencer Quarry and the work that Nugget had previously contracted to have Spencer Rock Products do and make arrangements to do (including with the present claimants), Nugget stepped into the shoes and in effect became Spencer. *See* Clerk's Docket No. 310 at 12, 19-22. It thus became fully responsible for prompt payment to suppliers and subcontractors under those contract arrangements and terms which Nugget claims the claimants initially had with Spencer. *Id.*

The consequences of applying this alternative agency ground for liability are significant. Under it, Spencer's express contract with North Star becomes the express contract of Nugget, the principal. *Cargill,* 309 N.W 2d at 291-93. That is the result irrespective of Nugget's alleged ignorance of the specific terms of those arrangements, as was the case in *Cargill*, and as Nugget professes was the case with Spencer. *Id.*

What results is a direct relationship with the prime contractor, as principal, owing to the principles of agency. Even if it be assumed, as this Court once did (Clerk's Docket No. 310 at 5), that Spencer did not act as an agent of Nugget when it initially entered into its contractual arrangements with North Star in January 1997, that contract covered North

---

Motion and Memorandum for Summary Judgment or for Determination
Law Of The Case Against Nugget And USF&G On The Basis Of
Contract By Agency
*North Star Terminal & Stevedore Co., et al v. Nugget Construction et al*
Case No. A98-009 CV                                                                                                45-40 / #83376
Page 5 of 7

Star's future services. Before those services were used Nugget and Spencer entered into their secretive relationship-altering "support" arrangements whereby Nugget took control. At that point, Nugget became bound as principal to Spencer's arrangements with North Star. *Id.* As the Restatement of Agency provides:

> The point at which the creditor becomes a principal is that at which he assumes *de facto* control over the conduct of his debtor, whatever the terms of the former contract with his debtor may be.

Comment a to Restatement (Second) of Agency § 14 O 1958; *Cargill*, 309 N.W. 2d at 291.

Nugget has argued before that it did not "assent" to those pre-existing arrangements, but under the principal-by-control basis for recovery the principal's "assent" is unnecessary or implied. *Cargill*, 309 N.W. 2d at 290-91. In this case Nugget's "assent" is also supplied by its conduct and control, or at least by its silence and material omissions in dealing with the claimants, including its abnormal secrecy. *Cf.*, Restatement (Second) of Contracts, §§ 4, 19 (1981)(including Comments and Illustrations).

As a result, Nugget was in a direct contractual relationship with North Star on at least this basis and is liable for breach of the express contractual arrangements made with North Star.

Accordingly, the Court is requested to grant North Star summary judgment against Nugget and USF&G, the surety on the payment bond, on the foregoing basis, or at least

---
Motion and Memorandum for Summary Judgment or for Determination
Law Of The Case Against Nugget And USF&G On The Basis Of
Contract By Agency
*North Star Terminal & Stevedore Co., et al v. Nugget Construction et al*
Case No. A98-009 CV                                                                 45-40 / #83376
Page 6 of 7

to determine that law and cause of action as being applicable to them in this case.

Respectfully submitted at Anchorage, Alaska, on May 1, 2006.

s/ Michael W. Sewright
Burr, Pease & Kurtz
810 N Street
Anchorage, Alaska 99501
Phone: (907) 276-6100
Fax: (907) 258-2530
E-mail: bpk@bpk.com
Alaska Bar No. 7510090

CERTIFICATE OF SERVICE
I certify that on the 1st day of May, 2006, a copy MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT OR FOR DETERMINATION OF LAW OF THE CASE AGAINST NUGGET AND USF&G ON THE BASIS OF CONTRACT BY AGENCY of the foregoing was served electronically to:

   Steven S. Shamburek, Esq.
   Traeger Machetanz, Esq.
   Paul D. Stockler
   Herbert A. Viergutz
   C. Patrick Stoll, Esq.

   s/ Michael W. Sewright

Motion and Memorandum for Summary Judgment or for Determination Law Of The Case Against Nugget And USF&G On The Basis Of Contract By Agency
*North Star Terminal & Stevedore Co., et al v. Nugget Construction et al*
Case No. A98-009 CV
Page 7 of 7

45-40 / #83376