Steven J. Shamburek
Alaska Bar No. 8606063
LAW OFFICE OF STEVEN J. SHAMBUREK
425 G Street, Suite 630
Anchorage, Alaska 99501
(907) 522-53**39** Direct
(907) 522-53**93** Fax

Attorney for Plaintiffs
Shoreside Petroleum, Inc.,
d/b/a Marathon Fuel Service
and Metco, Inc.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a Northern Stevedoring & Handling, and NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a Northern Stevedoring & Handling, on its own behalf,<br><br>            Plaintiffs,<br><br>    and<br><br>UNITED STATES OF AMERICA for the use of SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Service, and SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Service, on its own behalf,<br><br>            Intervening Plaintiffs,<br><br>    and<br><br>METCO, INC.,<br><br>            Intervening Plaintiff,<br><br>    vs.<br><br>NUGGET CONSTRUCTION, INC.; SPENCER ROCK PRODUCTS, INC.; UNITED STATES FIDELITY AND GUARANTY COMPANY; and ROBERT A. LAPORE,<br><br>            Defendants. | **SHORESIDE'S THIRD SUPPLEMENTAL DISCOVERY RESPONSE**<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Case No. A98-0009-CV (HRH) |

1

COMES NOW Shoreside Petroleum, Inc., d/b/a Marathon Fuel Service ("Shoreside" or "Claimant"), by and through counsel, and provides the following third supplemental discovery response to Nugget Construction, Inc.'s ("Nugget") and USF&G's ("USF&G") first discovery requests.

Shoreside joins in and incorporates by reference Metco's Supplemental Discovery response dated November 28, 2005.

Shoreside adds the following discussion at the outset of the response:

> Nugget completed and submitted a Credit Application to Shoreside that is the same or similar to the Credit Application completed and submitted by Trecon and also by Spencer Rock Products to Shoreside. Thus, Shoreside had a direct contractual relationship with Nugget. As asserted in prior pleadings, Shoreside is looking directly to Nugget for payment and for attorney's fees, interest and costs in bringing and maintaining this action. Shoreside has asserted this argument as part of its claims without any decision from the District Court to date.

Shoreside adds the following sentences to the end of the first paragraph:

> If Nugget did back charge or assert a claim for compensation or indemnification against Spencer Rock and Robert LaPore in the state court case for the goods provided and services performed by the three claimants in this lawsuit, then Nugget holds the funds it received from the U.S. Government attributable to those services which it claimed against Spencer Rock and Robert LaPore in trust for the three claimants. If Nugget settled with Spencer Rock and Robert LaPore for less than recovery of the full amounts for these goods and services including appropriate attorney's fees and interest, Nugget did so without the consent and/or approval of the respective claimants and remains liable to the claimants for the full sums.

Shoreside adds the following paragraph to the last paragraph

of the response.

    USF&G knew or should have known that Nugget was requesting progress payments from the United States Government through the Corps of Engineers in violation of Nugget's contract with the Corps and after written reminder of its obligations by the Corps of Engineers. The Corps expressly stated that Nugget could not request progress payments if it was withholding any payments to suppliers and subcontractors. The obligation to pay did not depend on the narrower definitions of suppliers and subcontractors in the Miller Act.

    USF&G knew or should have known that Nugget was secretly structuring its transactions so that Nugget could deceive the Corps of Engineers and the three claimants regarding the actual relationship between and obligations of Nugget and Spencer Rock. USF&G should have inquired into the reasons that Nugget was engaging in this deception and subterfuge.

    USF&G knew or should have known that Oles, Morrison may have been involved in structuring the transactions to create a straw man relationship with Spencer Rock and a hollow shell constituting a subterfuge under the Miller Act in order to seek to excuse Nugget's willful non-payment to the three claimants.

    USF&G appears to have relied exclusively or primarily on representations from Oles, Morrison, Nugget's attorneys, regarding the facts and the defenses of Nugget and of USF&G. USF&G should have undertaken its own independent investigation of the facts and law and its own analysis and handling of the claims.

    After the lawsuits were filed, Nugget filed a motion to declare that this federal project was not a federal project. USF&G did not file an opposition or any response to the Nugget motion. USF&G provided Miller Act bonding for a federal project and should have filed an opposition or response to the Nugget motion because Nugget's motion was contrary to the unchallenged facts including the written statements of the Corps of Engineers. The claimants expended additional attorney's fees to challenge and defeat the unfounded Nugget motion.

    The decision by the District Judge in this case finding that Spencer Rock Products was a subcontractor to Nugget under the Miller Act was and is a correct

interpretation of the relevant decisions of the United States Supreme Court.  USF&G also agreed or should have agreed that the decision was correct as a matter of law based on the same decisions.  However, USF&G joined with Nugget and appealed the decision of the District Court.  Nugget's election to appeal was a shrewd gamble that proved fortuitous for Nugget based on the brief, unpublished decision of the Ninth Circuit panel citing no Supreme Court authority.  The decision of the Ninth Circuit is in conflict with settled Supreme Court authority.  There were and are substantial costs to the claimants to defend the appeal and to continue this litigation after remand.

Shoreside reserves the right to amend and/or develop this response if and after Nugget and USF&G release documents that are currently marked as privileged and/or after additional disclosures and discovery.

DATED this ___ day of December, 2005 at Anchorage, Alaska.

THE LAW OFFICE OF STEVEN J. SHAMBUREK
Attorney for Plaintiff
Shoreside Petroleum, Inc., d/b/a Marathon Fuel Service and Metco, Inc.

By:_____
         Steven J. Shamburek
         ABA:  8606063

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the ____ day of December, 2005, a copy of the foregoing was served by mail upon the following:

Gloria Y. Ho, Esq.
Oles Morrison Rinker & Baker LLP
745 W. 4th Avenue, Suite 502
Anchorage, Alaska  99501

Mr. Herbert A. Viergutz, Esq.
Barokas Martin & Tomlinson
1029 W. 3rd Ave., Suite 280
Anchorage, Alaska  99501

Paul Stockler, Esq.
Law Offices of Paul Stockler
1309 W. 16th Avenue
Anchorage, Alaska  99501

Michael W. Sewright, Esq.
Burr, Pease & Kurtz

```
810 N Street
Anchorage, AK  99501
```
_____
Steven J. Shamburek