Affidavit of John Dennis Stacey

STATE OF CALIFORNIA        )
                           ) ss:
COUNTY OF _ALAMEDA_        )

I, John Dennis Stacey, under oath, say:

My name is John Dennis "Dennis" Stacey. I am the President of Chugach Rock Corporation (CRC), P.O. Box 91219, Anchorage, Alaska 99509, a corporation in good standing. I have been the President of CRC since it was formed in 1991. I make these statements based on personal knowledge in the capacity of President of Chugach Rock Corporation.

CRC managed business activities for the owners of the Spencer Glacier Pit and Quarry mineral materials permit from 1991-1997. The mineral materials permit was issued by the United States Forest Service (USFS) to Spruce Sand & Gravel Inc.

CRC contracted with various contractors to operate the pit and quarry resource during 1991-1997. TRECON INC. (TRECON) was the operator during 1991-1994. Spencer Rock Products Inc. (SRPI) was the operator during 1995-1997.

TRECON sold its quarry assets to SRPI around the end of 1994. Greg Poynor and L.D. (Randy) Randolph were employees or consultants to TRECON. Both Poynor and Randolph are believed to have become employees or consultants to Nugget Construction Inc. (NUGGET).

Randolph is also believed to have been a consultant to SRPI on the purchase of TRECON's quarry assets.

CRC was forced to sue TRECON to collect payment of overdue royalties in about 1994. TRECON eventually paid the royalty due in settlement of the lawsuit. Both Poynor and Randolph knew of the royalty lawsuit and that royalties were due when material was taken from the quarry.

During 1994, Spruce Sand & Gravel Inc. was negotiating a critical amendment to the term of its mineral material permit with the USFS. This information was privy to only a few parties, including Poynor and Randolph. Suddenly out of nowhere, NUGGET sent a letter to the Forest Service

expressing interest in operating the quarry. I presume this insider information came from TRECON's management team, which included Poynor and Randolph. (Exhibit 1)

In or about 1997 SRPI contracted with NUGGET to supply rock for the Homer Spit project. Once required royalty payments became overdue, CRC contacted SRPI, NUGGET, the US Army Corps of Engineers, and United States Fidelity and Guaranty Company (USF&G), NUGGET's bonding company, regarding the payment. SRPI was involved in litigation with NUGGET and could not pay since they had not been paid by NUGGET. NUGGET took the position that royalties were not recoverable under the Miller Act and that NUGGET had no responsibility to pay CRC, and USF&G agreed. CRC billed SRPI and NUGGET approximately $94,000 for royalty due as of March 1998 on the removed rock. (Exhibit 2)

The non-payment response is a familiar pattern coming from former TRECON management, including Poynor and Randolph. It is another attempt by the Poynor and Randolph team to take rock from the Spencer Quarry without payment. I believe this was a hostile takeover attempt to obtain the operating rights to the quarry held by CRC or its operator.

Spruce Sand & Gravel Inc. paid all of the royalties due to the US Forest Service, despite not having received payment from SRPI or NUGGET for its billings.

I am attaching true and correct copies of: 1. Letter from NUGGET to USFS (Exhibit 1), 2. Letter from CRC to United States Fidelity and Guaranty Company dated 12 March 1998. (Exhibit 2, note: page 4 includes the Spencer Rock Products, Inc. business card of L.D. "Randy" Randolph). These exhibits were obtained from CRC's business records.

John Dennis Stacey
President: Chugach Rock Corporation

Subscribed and sworn to before me this 1 day of May 2006.

Notary Public in and for California
My Commission Expires: 8-2-08

RENEE' M. MOREHEAD
COMM. # 1505123
NOTARY PUBLIC – CALIFORNIA
ALAMEDA COUNTY
My Comm. Expires AUG 02, 2008

# NUGGET CONSTRUCTION, INC.

GENERAL CONTRACTOR
2205 RAVENWOOD AVENUE
FAIRBANKS, ALASKA  99709-4542
(907) 479-8673   FAX 479-9585

March 2, 1994

Bruce VanZee, Forest Supervisor
Chugiak National Park
3301 C Street, Suite 300
Anchorage, Alaska 99503-3998

Re:  Land lease for rock extraction (Quarry)

Bruce,

As per my conversation with Fred Prenge and Cliff Fox, we would like to officially announce our interest in the Spencer and the Whittier Quarry for rock excavation.

Nugget is a Native owned Alaskan Company with 22 years experience in State and Federal contracting. We are financially strong and take our interests seriously. Please feel free to contact us anytime if you have any questions.

Thank You,

Richard Harris
Contracts Mgr.
Nugget Construction, Inc.
344-8365 Anch.
479-8673 Fbks.

cc:  Fred Prenge
     Cliff Fox

EXHIBIT  1
Page  1  of  1

**CHUGACH ROCK CORPORATION**
P. O. Box 91219 / Anchorage, Alaska / 99509 - 1219
Phone (907) 277 - 4423   Fax (907) 279 - 6084

12 March 1998

Jane Bennett Poling, Esquire
Surety Claims Specialist
United States Fidelity and Guaranty Co.
P. O. Box 1138
Baltimore, MD 21203-1138

<u>CERTIFIED MAIL RRR: Z  129  534  076</u>

<u>Re.: Nugget Construction, Inc., Payment bond claim</u>
Claim No.: 9901-S-209083-01-1
Bond No.: 99-0120-50298-96-5 (payment and performance)
Homer Spit (Alaska) Project, U. S. Army Corps of Engineers

Dear Ms. Poling:

I have just received your letter dated February 17 regarding the above claim. The letter was postmarked February 20. I have no idea why it took so long to arrive, but I am responding promptly as you requested, regarding our claim for payment.

Nugget has cited <u>Woods Construction Co. vs. Pool Construction Co.</u>, 348 F2d 687 (1965) in an attempt to allege that Chugach Rock Corporation is not a materialman pursuant to the Miller Act, and thus is not entitled to make a valid claim on Nugget's Miller Act bonds. Nugget's reliance on that case is misplaced, as it is very different from the present situation where Nugget itself took rock from our quarry directly to its jobsite to prosecute work on the prime contract.

Spencer Rock Products Inc., a sub-contractor for Nugget Construction, issued the purchase order to Chugach for the rock. Spencer and Nugget both shipped rock from Spencer Quarry to the jobsite. After Spencer began quarrying rock, its operations were taken over by Nugget (see enclosed Support Agreement). At that point Nugget became <u>directly</u> responsible for payment for all rock removed from the quarry for the prime contract.

Some of the key management of Nugget Construction, (L. D. Randolph and Greg Poynor), were well aware of Chugach Rock's agreement with Spencer Rock and the requirement to pay for materials which were taken. Mr. Randolph has a hidden 20% interest in Spencer Rock and he helped Spencer prepare its bid for this job (see enclosure). Thus the General Contractor's management were directly involved and had constructive knowledge of the requirement to make payment for materials which were shipped to prosecute work on the prime contract, and they knew of Chugach Rock's right to claim on the bonds. <u>By its actions, Nugget implicitly accepted Spencer's obligations to pay for the rock it took to its job from the quarry under a validly issued Purchase Order for its prime contract.</u>

Nugget, stepped into the sub-contractor's role in operating the quarry, and Nugget and its surety must accept the payment obligations for the quarry material shipped to the project. Nugget has asserted offsetting claims against Spencer Rock and for this reason

CRC/USF&G 3/12/98                                                                                                           <u>1</u>

EXHIBIT  2
Page  1  of  7

it has not paid Spencer, however Nugget does not have any offsetting claims against Chugach Rock, and the set-off defense is not available. Chugach must be paid and it is entitled to receive payment from Nugget's surety bond.

Your letter requested more information regarding the quantities of rock supplied. Chugach has submitted billings to Spencer, Nugget and USF&G for materials furnished to the project. The billings state with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied (Miller Act 40 USCS §270b(a). The billings are substantially accurate, and reflect the *minimum amounts* of rock which Chugach believes were shipped from the quarry for the referenced project. Spencer Rock has stated that Nugget Construction was systematically overloading railcars with rock shipped from the site, and that it cannot rely on Nugget's shipping reports for accurate quantities. Chugach Rock believes that the surveyed quantities of rock provide the most accurate method of ascertaining *minimum* quantities. This is the quantity of rock which Nugget has billed the Owner for.

The Army Corps of Engineers has informed Chugach Rock Corporation that there is a substantial quantity of rock material from the Spencer quarry at the Homer jobsite which does not meet specifications and which was not included in the quantity survey letter from the Corps dated 11/24/97. It is Nugget's responsibility to pay for this non-conforming material. Nugget quarried the material, it inspected and accepted it prior to shipment, and it took the material from the quarry to prosecute work under the prime contract. If the material did not meet specs after delivery that is the fault of Nugget, for it accepted the material at the quarry railspur. Chugach Rock is entitled to be paid for all rock taken from the quarry site to prosecute work on the Homer job regardless of whether it was used on the Homer project or not.

> In order to recover it is not required of a materialman that he prove that his materials were actually used in work of prime contract, but only that in good faith he reasonably believed that materials were so intended; and where materialman gave proper notice to prime contractor within ninety days of furnishing material under reasonable belief that material was to be so used in work project, he was entitled to recover therefor although material was not used on such project. *U. S. for Westinghouse Electric Supply Co. v. Enderbrock-White Co.* (1960, CA4 Bs) 275 F2d 57, 39 CCH LC ¶ 66256, 79 ALR2d 836.

Based upon Nugget's reports to Bob LaPore, Spencer Rock reported 87,173 tons of rock were extracted in its Third Quarter Extraction Report to Chugach Rock, (item 5 of my letter of 11/10/97). The in-place survey which Nugget submitted in November 1997 indicates a quantity of approximately 90,465 tons of material which have been accepted for the project, (item 3 of my letter of 12/1/97). The quantity in the stockpile of out-of-spec material has never been accounted for. Chugach Rock has billed the project for 101,376 tons of rock based upon the project plans. Chugach Rock's billings comply with the substantial accuracy requirements for filing a Miller Act claim.

Spencer Rock has stated that some rock fell off of over-loaded railcars, other rock that exceeded barge capacity was left in Seward and that it believes that Nugget has sold some of the out-of-spec rock to local projects in Homer. Nugget's employees told Spencer Rock that Nugget shipped 2,000 tons more rock than it estimated the project would require in order to cover anticipated shortfalls. With these quantities unaccounted for it not possible for Chugach Rock to make a closer estimate of the total quantities shipped by Nugget than what it has given. At the minimum we have 87,173 tons documented by Spencer Rock's Third Quarter Extraction Report, and the 90,465 tons in the quantity survey.

Chugach Rock would prefer an amicable resolution of this matter and is willing to consider an adjustment in the quantities which it has billed for if Nugget will agree to make payment and provide satisfactory documentation that the billed quantities are in error. However, to date Nugget has not offered to do this and instead has asserted that it has no responsibility at all to pay for the rock materials which it took from our quarry and which it has sold for its benefit. Please advise us regarding your principal's position on this matter as soon as possible.

This correspondence and all prior or subsequent communications are made with express reservation all rights and remedies that may be available to Chugach Rock Corporation at law or in equity under the terms and provisions of the payment and performance bonds and contract the documents.

Sincerely,

*J. Dennis Stacey* (signature)

J. Dennis Stacey
President

enclosure:
Letter dedicating 20% of Spencer Rock stock to L. D. Randolph
Support Agreement
Statement of Account, March 1998

EXHIBIT 2
Page 3 of 7

CRC/USF&G 3/12/98

3

Rock   Sand   Gravel
Drill & Blasting

1301 Dowling #109
P.O. Box 244063
Anchorage, Alaska 99524
Phone 907-563-1405
Fax   907-563-1458

L.D. "Randy" Randolph, PE
Senior Engineer, Project Manager

November 30, 1994

ASSIGNMENT OF STOCK

Let it be known to all men, That I Robert A. La Pore do hereby dedicate 20% of my Spencer Rock Products, Inc. Stock to Mr. Randy Randolph for services to be renderd to Spencer Rock for biding projects and helping with the quarry planing and operations.

Sincerely  *Robert A. La Pore*
Robert A. La pore, President

EXHIBIT __A__
Page __1__ of __1__

SPI   EXHIBIT __2__
Page __4__ of __7__

## SUPPORT AGREEMENT

This Agreement by and between Nugget Construction, Inc., hereinafter NCI, and Spencer Rock Products, hereinafter SRP, is for the providing of labor and equipment support to SRP by NCI in the production of certain specified rock materials at the Spencer Glacier Quarry.

The rock being produced is for the fulfillment of SRP's Material Agreement to supply certain quarry materials for NCI's construction contract with the U.S. Army Corps of Engineers, Alaska District, hereinafter Owner, project more particularly known as Homer Spit Repair and Extension, Contract No. DACW85-96-C-0020.

NCI shall keep a separate accounting of the costs associated with said support and charge an additional G&A expense fee. NCI agrees not to charge a profit on such costs. NCI shall deduct from the partial pay estimates earned by SRP sufficient funds to keep the account of SRP current with the goal of minimizing any impact on SRP funds for their payment of lines of credit.

In no way can this Support Agreement be construed as a subcontract between the parties. SRP agrees to indemnify and save harmless NCI and the Owner and their respective employees, agents, licensees and representatives from and against any and all suits, claims, actions, losses, costs, penalties and damages of whatsoever kind of nature (including, without limitation, court costs, expenses and reasonable attorney's fees) arising out of injuries to or death of any and all persons (including without limitation to the Owner, NCI and any subcontractor and property of their respective employees, agents, licensees and representatives), or damage to or destruction of property (including, without limitation, property of the Owner, NCI or any subcontractor and property of their respective employees, agents, licensees and representatives) in any manner by, resulting from, incident to, connected with or growing out of the performance of this Support Agreement, unless caused solely by the negligent acts or omission of the NCI. If it becomes necessary for the NCI to take legal action to enforce any term or condition contained in this section, SRP shall be liable to the NCI for all costs incurred in such legal action including reasonable attorney's fees.

AGREED TO this 23rd day of APRIL , 1997.

_____       _____
Nugget Construction, Inc.                              Spencer Rock Products

EXHIBIT 2
Page ___ of ___

SPE000076

EXHIBIT 2

**CHUGACH ROCK CORPORATION**
P. O. Box 91219 / Anchorage, Alaska / 99509 - 1219
Phone (907) 277 - 4423   Fax (907) 279 - 6084

## ACCOUNT STATEMENT

12 March 1998

BOB LAPORE
SPENCER ROCK PRODUCTS, INC.
P. O. Box 244063
Anchorage, AK 99524

ph. 563-1405

Re.:  Homer Spit Material:

CURRENT BALANCE:

HOMER SPIT ROCK (prior month's balance)  $ 92,301.$^{72}$

        interest at 1.$^{50}$ %/mo.        1,384.$^{53}$

        BALANCE DUE                $ 93,686.$^{25}$

NOTE: ENTIRE ACCOUNT BALANCE IS SERIOUSLY OVERDUE. A PORTION OF THE BALANCE IS OVER 210 DAYS LATE. PLEASE SEND PAYMENT IMMEDIATELY!!!

EXHIBIT  2
Page  6  of  7

Z 129 534 076

**US Postal Service**
**Receipt for Certified Mail**
No Insurance Coverage Provided.

e Bennett Poling, Esquire
Surety Claims Specialist
United States Fidelity and Guaranty
P. O. Box 1138
Baltimore, MD 21203-1138

| Postage | $ |
|---|---|
| Certified Fee | |
| Special Delivery Fee | |
| Restricted Delivery Fee | |
| Return Receipt Showing to Whom & Date Delivered | |
| Return Receipt Showing to Whom, Date, & Addressee's Address | |
| TOTAL Postage & Fees | $3.00 |
| Postmark or Date | 3/13/98 |

PS Form 3800, April 1995

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

Is your RETURN ADDRESS completed on the reverse side?

3. Article Addressed to:
Jane Bennett Poling, Esquire
Surety Claims Specialist
United States Fidelity and Guaranty Co.
P. O. Box 1138
Baltimore, MD 21203-1138

4a. Article Number
Z 129 534 076

4b. Service Type
☐ Registered  ☒ Certified
☐ Express Mail  ☐ Insured
☐ Return Receipt for Merchandise  ☐ COD

7. Date of Delivery
MAR 18 1998

5. Received By: (Print Name)

6. Signature: (Addressee or Agent)
X  J Wolf

8. Addressee's Address (Only if requested and fee is paid)

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery
Consult postmaster for fee.

PS Form 3811, December 1994   Domestic Return Receipt

Thank you for using Return Receipt Service.

EXHIBIT _____
Page _1_ of _1_