Herbert A. Viergutz, Esq.
Barokas Martin & Tomlinson
1029 West Third, Suite 280
Anchorage, AK 99501
Phone: (907) 276-8010
Facsimile: (907) 276-5334

Attorneys for United States Fidelity and Guaranty Company

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a NORTHERN STEVEDORING & HANDLING, and NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a NORTHERN STEVEDORING & HANDLING, on its own behalf,<br><br>  Plaintiffs,<br><br>    and<br><br>UNITED STATES OF AMERICA for the use of SHORESIDE PETROLEUM, INC., d/b/a MARATHON FUEL SERVICE, and SHORESIDE PETROLEUM, INC., d/b/a MARATHON FUEL SERVICE, on its own behalf,<br><br>Intervening Plaintiffs,<br><br>    and<br><br>METCO, INC.,<br><br>  Intervening Plaintiff,<br><br>    vs.<br><br>NUGGET CONSTRUCTION, INC.; SPENCER ROCK PRODUCTS, INC.; UNITED STATES FIDELITY AND GUARANTY COMPANY; and ROBERT A. LAPORE,<br><br>  Defendants. | No. 3:98-cv-9 (HRH) |

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS STATE LAW CLAIMS RE: STATUTE OF LIMITATIONS**

1

I.

**FACTS RELEVANT TO THIS MOTION**

The construction project underlying these proceedings was performed in 1997 and concluded in 199_. Plaintiffs filed their Complaints in January, 1998. The only claims raised were brought under the Federal Miller Act Statutes. On August 31, 2005, over 7 ½ years later, plaintiffs amended their complaint to add various state law claims that are separate and distinct form the claims raised pursuant to the Federal Miller Act. There is no dispute that the state law claims all arise out of the construction project which was performed in 1997 and concluded in 199_. These claims are time barred by both the tort and contract statutes of limitations (A.S. 09.10.070 -tort claims, A.S. 09.10.050 - contract claims) and defendant is entitled to the entry of summary judgment in its favor as to all of these claims.

Plaintiffs do not contest that the conduct that underlies the allegations occurred before August 7, 1997." See North Star Terminal and Stevedore Company ("North Star") Reply to Opposition to North Star's Motion to Compel Discovery.[1] At page 3 North Star stated that "Nugget's tortious offenses supporting the punitive damages claims occurred during the Spring and Summer of 1977 [1997] (before August 7, 1997) . . ." At Page 5 they state that "in this case, Nugget's offenses and North Star's losses giving rise to such claims as alleged in North Star's Amended Complaint <u>occurred</u> and therefore <u>accrued</u> before August 7, 1997." Finally at page 6 North Star further states: "At least in that instance, and probably in all instances, the date for accrual of the case remains the date the offense and injury first occurred, not the date the Plaintiff actually filed its Complaint, or first 'asserted' the claim, or amended its complaint to assert the claim." Clearly, North Star, Shoreside, and Metco admit that the accrual date for their state law claims is prior to August 7, 1997,

---

[1] Although the Objection to the Motion was filed by North Star Terminal and Stevedore Company ("North Star"), Plaintiffs Shoreside Petroleum Inc. ("Shoreside") and Metco, Inc. ("Metco") filed a Joinder to this objection. Thus all admissions are binding upon all three plaintiffs.

over 8 years before the State law claims were first raised.

Additionally, contrary to North Star's assertion, the Court's order of August 11, 2005 permitting the Amendment did not conclude as a matter of law that the statute of limitations had not expired. The issue of the validity of the substance of the amendment was not before the court. The only ruling entered by the court was to simply grant the procedural request to amend.

Under either the two-year tort statute of limitations or six year contract statutes of limitations Plaintiff's claims are barred, and accordingly must be dismissed.

## II.
## STANDARD FOR GRANTING SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." If the party moving for summary judgment meets its initial burden of identifying the portions of the materials on file it believes demonstrate the absence of any genuine issue of material fact, the non-moving party may not rely on the mere allegations in the pleadings to preclude the entry of summary judgment. Instead, the non-moving party must set forth "<u>specific facts</u> showing that there is a genuine issue for trial." Federal Rule of Civil Procedure 56(e) (emphasis added)

The United States Supreme Court has suggested that there is a subjective aspect to consideration of a motion for summary judgment.

> If the defendant in a run-of-the-mill civil case moves for summary judgment or for a directed verdict based on the lack of proof of a material fact, the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the

plaintiff is entitled to a verdict - - whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the <u>onus</u> of proof is imposed.

<u>Anderson v. Liberty Lobby, Inc.</u> 106 S. Ct. 2505 (1986) at 2512.

This provides the pattern and mold against which the form and substance of USF&G's Motion, and any Opposition, are tested:

> First, the Court has made it clear that the non-moving party will bear the burden of proof at trial as to an <u>element essential to its case</u>, and if that party fails to make a showing sufficient to establish a genuine dispute of fact with respect to the <u>existence of that element</u>, then summary judgment is appropriate. Second, to withstand a motion for summary judgment, the non-moving party must show that there is "genuine factual issues that properly can be resolved only by a finder of fact because <u>they may reasonably be resolved in favor of either party</u>." (emphasis added). Finally, if the factual context makes the non-moving party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial. No longer can it be argued that any disagreement about a material fact precludes the use of summary judgment.

<u>California Architecture & building Products, Inc., v. Franciscan Ceramics, Inc.</u>, 818 F. 2d 1466, (9th Cir. 1987), at 1468 (emphasis added).

Thus, to avoid summary judgment, Plaintiffs must bring forth significant probative evidence which is relevant to dispute a factual issue which is truly material to this litigation. <u>O.S.C. Corp., v. Apple Computer, Inc.</u>, 601 F. Supp. 1274, Aff. 793 F. 2d 1464 (D.C. Cal. 1985); <u>Richards v. Nielson Freight Lines</u>, 602 F. Supp. 1224 (D.C. Cal 1985). Not only do the Plaintiffs have the burden to raise genuine issues of material fact, they must also produce significant evidence to establish such genuine issues of material fact. They must do more than simply show that there is some physical doubt as to the material facts.

III.

**A.   <u>THE STATUTE OF LIMITATIONS HAVE RUN ON THE TORT AND CONTRACT CAUSES OF ACTION</u>.**

Time limitations assure fresh evidence at trial by establishing certain time limits for all civil actions. <u>Haakanson v. Wakefield Seafoods, Inc.</u>, 600 P. 2d 1087 (Alaska 1979). The limitation provides a reasonable, but definitely limited, time for the bringing of an

action, after which the matter is put to rest.  Byrne v. Ogle, 488 P. 2d 716 (Alaska 1971). Statutes of limitations also encourage promptness in the commencement of actions, and thus avoid the injustice which may attend the prosecution of stale claims.  Ogle, supra; McCracken v. David, 560 P. 2d 771 (Alaska 1977); and Johnson v. City of Fairbanks, 583 P. 2d 181 (Alaska 1978).  Statutes of limitations attempt to protect against the difficulties caused by loss of evidence, faded memories, and disappearing witnesses.  McCracken, supra. The state law claims raised for the first time more than 8 years after completion of the project can be no more than an after thought by the plaintiffs.  The additional state law claims against USF&G fall into two distinctly different kinds, i.e., claims sounding in contract, and claims sounding in tort.  The statutes of limitations have run on all of Plaintiff's state law claims in this lawsuit.  Both categories of claims must be dismissed through summary judgment based upon the applicable statute of limitations.

**B.    THE TORT STATUTE OF LIMITATIONS.**

The statute of limitations for tort claims is two years.  A.S. 09.10.070.  Alaska follows the "discovery rule" in holding that the tort statute of limitations "does not begin to run until the claimant discovers or reasonably should have discovered the existence of the elements essential to the cause of action".  Russell v. Municipality of Anchorage, 743 P. 2d 372 (Alaska 1987).  The parties have an obligation to exercise due diligence by attempting to discover the facts.  Alaska Tae Woong Venture, Inc., v. Westwood Seafoods, 963 P. 2d 1055 (1998); and Mine Safety Appliance Co., v. Stiles, 756 P. 2d 288 (Alaska 1988). Under the discovery rule, the relevant inquiry is the date when Plaintiffs reasonably should have known of the facts supporting the cause of action.  Greater Area, Inc., v. Bookman, 657 P. 2d 828, 829-30 (Alaska 1982).

By Plaintiffs' own admissions, they were aware of the essential elements involved in the state law claims prior to August 7, 1997.  Since there exist undisputed facts that indicate when Plaintiff's reasonably should have known of the cause of action, the Court

must dispose of this question as a matter of law. Russell, supra, 376. The definition of when an action is "commenced" is governed by Alaska Rule of Civil Procedure 3, which states that "a civil action is commenced by filing a complaint with the court". Chiei v. Stein, 561 P. 2d 1216 (Alaska 1977). The basis of Plaintiffs state law tort claims, i.e., misrepresentation and nondisclosure; negligence; tortious interference with agreements and prospective economic advantage and contractual or business opportunities; equitable subordination; constructive trust; bad faith; and punitive damages were known or should have been known, through reasonable investigation, prior to August 7, 1997. As such, they all must be dismissed.

C.   **THE CONTRACT STATUTE OF LIMITATIONS**.

The statute of limitations for contract claims was six years at the time these causes of action accrued. A.S. 09.10.050. See, Bibo v. Jeffrey's Restaurant, 770 P. 2d 290 (Alaska 1989). Howarth v. First National Bank of Anchorage, 540 P. 2d 486, 490-91 (Alaska 1975) states as follows:

> Under the General Rule, the six-year statute starts to run at the time of the actual breach of contract, rather then the time damages from the breach are incurred . . . The statute of limitations begins to run in contract causes of action from the time the right of action accrues. This is usually the time of the breach of the agreement, rather than the time that the actual damages are sustained as a consequence of the breach. The contract action actually accrues or arises when there is an existing right to sue for the breach of the contract. Ordinarily, a cause of action for breach of contract occurs as soon as the promissor fails to do the thing contracted for, and the statute of limitations begins to run at such time. It is not material that the injury from the breach is not suffered until afterward, the commencement of a limitation being contemporaneous with the origin of the cause of action.

More recent Supreme Court Opinions state that a cause of action does not begin at the time where a Plaintiff could have first maintained the action, but rather begins when the breach occurs and the injury sustained. Hanson v. Kake Travel Corp., 939 P. 2d 1320, 1325 (Alaska 1997); and Gudenau & Co., Inc., v. Steeney Ins., Inc., 736 P. 2d 763, 770 (Alaska 1987). The statute of limitations commences on the date a debt is immediately

due and owing.  <u>North Am. Trading & Transp. Co., v. Byrne</u>, 4 Alaska 26 (1910).  Under any of these standards, in the instant action, the statute of limitations long ago expired.

The statute of limitations for contract claims was six years at the time these causes of action accrued.  The Plaintiff's contract claims are as follows: breach of contract; promissory estoppel; quasi-contract; agency; detrimental reliance; unjust enrichment and restitution; and quantum meruit.  Plaintiff's contract claims alleged in their Amended Complaints, as is the case with their tort claims, are non-specific.  Hence, it remains unclear what contract USF&G was alleged to have breached, if any.  The only potential contract in existence to which USF&G was a party are the performance and payment bonds, which pre-date the project at issue.  Assuming, for purpose of this motion only that a contract exists (which USF& G denies) all of the Plaintiffs' contract causes of action are all untimely, and should be dismissed by summary judgment.

## IV.

## CONCLUSION

Based upon the applicable tort and/or contract statutes of limitations, the Plaintiff's state law causes of action must be dismissed, and request is herein respectfully made for this Court to grant summary judgment to USF&G dismissing all of Plaintiff's state law claims.

Dated this 1st day of May, 2006.

/s Herbert A. Viergutz
_____
Barokas Martin & Tomlinson
1029 West Third, Suite 280
Anchorage, AK 99501
Phone:  (907) 276-8010 Facsimile:  (907) 276-5334
barmar@gci.net
Alaska Bar No. 8506088

**CERTIFICATE OF SERVICE**
I HEREBY CERTIFY that a copy of this document
was served by electronic notification on this 1st day
of May, 2006, to:

Michael W. Sewright, Esq.
Burr, Pease & Kurtz
810 N Street
Anchorage, AK  99501

Paul Stockler, Esq.
1309 West 16th Avenue
Anchorage, AK  99501

Traeger Machetanz, Esq/Tom Krider, Esq.
Oles Morrison Rinker & Baker, LLP
745 4th Avenue, Suite 502
Anchorage, AK 99501-2136

Steven J. Shamburek, Esq.
Law Office of Steven J. Shamburek
425 G Street, Suite 630
Anchorage, AK  99501-5872

/s Herbert A. Viergutz