Traeger Machetanz, Esq.
Thomas R. Krider, Esq.
OLES MORRISON RINKER & BAKER, LLP
745 Fourth Avenue, Suite 502
Anchorage, AK  99501-2136
Telephone:  (907) 258-0106
Telecopier:  (907) 258-5519

Attorneys for Nugget Construction Co., Inc.,
and USF&G, Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a NORTHERN STEVEDORING & HANDLING, and NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a Northern Stevedoring & Handling, on its own behalf,<br><br>　　　　　　Plaintiffs,<br>　　and<br><br>UNITED STATES OF AMERICA for the use of SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Service, and SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Service, on its own behalf,<br><br>　　　　　　Intervening Plaintiffs,<br>　　and<br><br>METCO, INC.,<br><br>　　　　　　Intervening Plaintiff,<br><br>　　vs.<br><br>NUGGET CONSTRUCTION, INC.; SPENCER ROCK PRODUCTS, INC.,; UNITED STATES FIDELITY AND GUARANTY COMPANY; and ROBERT A. LAPORE,<br><br>　　　　　　Defendants. | No. A98-009 CIV (HRH)<br><br><br><br><br><br><br><br><br><br><br><br><br>MEMORANDUM IN OPPOSITION OF NORTH STAR'S MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT AGAINST USF&G UPON ITS AFFIRMATIVE DEFENSES |

Introduction

In its Motion for Summary Judgment Against USF&G Upon Its Affirmative Defenses ("Motion"), North Star seeks to strike USF&G's Affirmative Defenses via Fed. R. Civ. Pro. 56, rather than properly address the issue pursuant to Rule 37. It has done so, we must presume, because it wished to avoid the obligation to (1) meet and confer in good faith, and (2) first obtain an order compelling supplementation of USF&G's interrogatory responses before bringing a motion to strike USF&G's pleadings. North Star has made no effort to accomplish either of these requirements before bringing this Motion.

Beyond the procedural deficiencies in North Star's Motion, the fact remains that North Star's assertion that USF&G failed to provide any response to the Interrogatories is false. USF&G adopted the Responses provided by Nugget in its own Response to the same interrogatory, which is what is typically done in matters of this type. Of the two "Surety" Affirmative Defenses Nugget did not answer, neither requires further explanation, as both are a purely legal matter, with one simply reserving the surety's right to its principal's Defenses.

North Star's Motion is procedurally, legally and factually flawed, such that the motive for bringing it must be questioned. The Motion is so groundless that its only purpose appears to be to require USF&G to expend resources answering it. Based on the arguments set forth below, North Star's Motion should be summarily denied.

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Memorandum in Support of Nugget Construction, Inc.'s Motion for Summary Judgment Against Shoreside-- Page 1 of 13

## Factual Background

In February 2006, North Star propounded similar sets of interrogatories on Nugget and USF&G respectively.  In response, Oles Morrison provided to North Star Nugget's answers and Barokas Martin separately provided USF&G's answers.  One of the interrogatories that appeared on both discovery requests sought the factual basis for each of the Affirmative Defenses asserted in Defendants' Answer.  This is the only interrogatory that is at issue in the present Motion.

Because North Star ignores in its Motion the actual response provided by Nugget to the inquiry on Affirmative Defenses, it is provided in its entirety herein (emphasis added):

> Defendant Nugget incorporates herein its General Objections stated above.  In addition, Nugget objects to this interrogatory as it is duplicative given the extensive deposition testimony taken in this matter that covers many of the inquiries made herein.
>
> Affirmative Defense No. 1:  Plaintiff asks Nugget to provide the facts constituting the absence of a contract between itself and Plaintiff; i.e. it seeks to have Nugget prove a negative.  To do so, Nugget refers Plaintiff to the totality of the discovery taken in this case, including the depositions of Nugget's and Plaintiff's personnel.  From that discovery, it is evident that there was never a "meeting of the minds" between the parties required to form a contractual relationship.
>
> Affirmative Defense No. 2:  The fact that Plaintiff was a second-tier supplier to a material supplier was decided in the 9th Circuit decision dated September 27, 2001.
>
> Affirmative Defense No. 3:  With regard to Nugget and not USF&G, this Affirmative Defense is withdrawn.
>
> Affirmative Defense No. 4:  This Affirmative Defense presents a legal question under the Miller Act.  To the extent Plaintiff's claims are not covered under the Act and the cases interpreting it, they are not recoverable under the Miller Act cause of

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Memorandum in Support of Nugget Construction, Inc.'s Motion for Summary Judgment Against Shoreside-- Page 2 of 13

**OLES MORRISON RINKER & BAKER LLP**
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

action set forth in Plaintiff's complaint (e.g. tort claims, punitive damages, attorneys' fees, etc.).

Affirmative Defense No. 5:  With regard to Nugget and not USF&G, this Affirmative Defense is withdrawn.

Affirmative Defense No. 6:  With regard to Nugget and not USF&G, the Affirmative Defense relating to "unclean hands" is withdrawn.  As to the Defense of laches, Plaintiff's waited seven years from the time the events on the project occurred before it amended its complaint to incorporate numerous causes of action that had not been previously brought.  The statute of limitations had long ago run on these claims and it is now difficult to reconstruct all of the events surrounding the project.

Affirmative Defense No. 7:  With regard to Nugget and not USF&G, this Affirmative Defense is withdrawn.

Affirmative Defense No. 8:  Plaintiff's personnel have testified that it was its policy to invoice on a weekly basis for work performed and that 30 days later it would expect payment.  On this project, Plaintiff continued to work in spite of the fact that it did not receive timely payment from Spencer Rock Products for the work Plaintiff had performed.  By continuing to provide Spencer Rock Products services in the face of non-payment, Plaintiff failed to mitigate its damages.  In addition, Plaintiff did not inform Nugget timely of Spencer Rock Product's failure to make timely payment.  Once it did so and Nugget informed Plaintiff that Nugget was not responsible for Plaintiff's payments, Plaintiff ceased performing work and incurring additional expenses.

Affirmative Defense No. 9:  See response to Affirmative Defense No. 8.  In addition, Plaintiff's contract was with Spencer Rock Products.  To the extent Plaintiff was owed money and not paid, the responsibility for that lays with Spencer Rock Products. This is especially true with regard to the first two barges of material loaded by Plaintiff, as Spencer Rock Products had been paid as provided for in the contract by Nugget for that effort.

Affirmative Defense No. 10:  With regard to Nugget and not USF&G, this Affirmative Defense is withdrawn.

Affirmative Defense No. 11:  See response to Affirmative Defense No. 8.

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Memorandum in Support of Nugget Construction, Inc.'s Motion for Summary Judgment Against Shoreside-- Page 3 of 13

> **Affirmative Defense No. 12: This Affirmative Defense is on behalf of USF&G, and therefore, this Interrogatory must be addressed to it.**
>
> **Affirmative Defense No. 13: See response to Affirmative Defense No. 12.**
>
> Affirmative Defense No. 14: To the extent Plaintiff's claims arise in contract, punitive damages are legally barred.
>
> Affirmative Defense No. 15: See response to Affirmative Defense No. 8.
>
> Affirmative Defense No. 16: Plaintiff's contract was with Spencer Rock Products, not Nugget. As such, Spencer Rock Products is responsible for making payment to Plaintiff for any work performed. Spencer Rock Products was paid $147,000 by Nugget for the first two loads of rock, which funds Spencer Rock Product refused to use to pay its suppliers. To avoid having to pay its suppliers, Spencer Rock Products intentionally mislead those suppliers by telling them that it had received no money from Nugget. Spencer Rock Products also failed to inform its suppliers that its entitlement to further payment from Nugget would likely be reduced because of Spencer Rock Product's inability to produce the required rock for the project and the necessity of Nugget supplementing Spencer Rock Product's work force and equipment. Any harm caused to Plaintiff on this project was the result of Spencer Rock Product's duplicity in dealing with both Plaintiff and Nugget.

In answering the same Interrogatory posed to USF&G, it responded by adopting Nugget's position on the Affirmative Defenses:

> See Response of Defendant, Nugget Construction, Inc., to a similar Discovery Request as Answering Defendant was also being represented by Oles Morrison Rinker & Baker on the date the Affirmative Defenses were forwarded on behalf of both Defendants. …

Motion, Sewright Aff., Ex. 3, Answer to Interrogatory No. 10, pp. 3-4.

In addition to not citing to the court the Nugget's Responses adopted by USF&G, North Star fails to set forth the only Affirmative Defenses Nugget did not specifically answer, Nos. 12 and 13 (which are

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Memorandum in Support of Nugget Construction, Inc.'s Motion for Summary Judgment Against Shoreside-- Page 4 of 13

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

highlighted above in Nugget's responses), as they relate exclusively to the surety. Those Affirmative Defenses are:

> 12. Assuming, arguendo, that North Star is in privity with Nugget, the Surety has no liability in excess of the penal sum of the bond.
>
> 13. Assuming, arguendo, that North Star is in privity with nugget, the Surety is entitled to assert and hereby asserts on its own behalf and for its own benefit all defenses that could be asserted by its principal, whether or not such defenses are actually asserted by its principal.

Given the nature of these two Affirmative Defenses, what "factual basis" does North Star believe are necessary to support them? The correct answer is: there are none. Affirmative Defense No. 12 is simply a legal proposition that the surety cannot be liable for more than the penal sum of the bond. Except to the extent that this Affirmative Defense may apply to the separate "bad faith" claim brought by plaintiffs against USF&G (which it does not), this Defense requires no further explanation. However, even if such an explanation was required, USF&G's position with regard to the bad faith claims are presented in the remainder of its response to Interrogatory No. 10:

> … The only independent claim forwarded by Defendants against Answering Defendants is one based on bad faith. There exists absolutely no evidence of any bad faith of Answering Defendant. Answering Defendant has no obligation to settle the litigation independent from its principal, and chose not to do so. This is not bad faith. There exists no intelligible articulated claim for bad faith against Answering Defendant outside this specific allegation. The matter will be addressed in a Summary Judgment Motion, as will the Amended Affirmative Defense of Statute of Limitations forwarded by the undersigned, as the Statute of Limitations expired on the claims asserted by Plaintiff against Defendant long before Plaintiff's Amended Complaints dated August 31, 2005.

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Memorandum in Support of Nugget Construction, Inc.'s Motion for Summary Judgment Against Shoreside-- Page 5 of 13

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

As to Affirmative Defense No. 13, it says exactly what USF&G did in its Response to Interrogatory No. 10—adopt the principal's, Nugget's, Affirmative Defenses as the surety's. Again, there is nothing more to be said to support this Defense.

The first time North Star ever raised the issue of its displeasure with USF&G's discovery responses was on April 27, 2006, two business days before filing the present Motion, which also happened to be the deadline for all dispositive motions in this case. In counsel's e-mail on the subject, he ended with the statement: "Please consider this our meet and confer under the federal rules on this matter, if I do not hear from you as requested." *See* Motion, Sewright Aff., Ex. 7.

North Star, however, fails to be candid with the tribunal in its presentation of all of the relative evidence on this issue. On the morning after North Star's e-mail, counsel for Nugget responded as follows:

> It is unclear to me what specific complaint you have with regard to the Discovery Responses provided by Nugget on March 20, 2006. You indicate that you believe Nugget has provided insufficient factual basis for several of its affirmative defenses, but you fail to specify which Responses you believe are inadequate and/or why you believe them to be so. This lack of specificity does not satisfy the "meet and confer" obligations under the Federal Rules, and Nugget is not required to supplement what it already believes are adequate responses without further explanation on your part.
>
> As to the USF&G Responses, I will discuss the issue with Herb and one of us will bet [sic] back to you.

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Memorandum in Support of Nugget Construction, Inc.'s Motion for Summary
Judgment Against Shoreside-- Page 6 of 13

Despite this acknowledgement by Defendants that North Star was raising an issue with regard to discovery responses, North Star brought its Motion without ever discussing its concerns with either counsel for USF&G.

### Argument

A. North Star Seeks Summary Judgment As A Way Of Avoiding Compliance With Rule 37.

North Star's Motion is nothing more than an attempt to strike USF&G's Affirmative Defenses as a sanction for what it believes to be inadequate responses to an interrogatory it propounded. North Star makes no attempt to articulate how or why Rule 56 is applicable to its request. The only explanation lies in the fact that North Star wishes to avoid the process required under Rule 37 before a court can impose a sanction as severe as striking a party's defenses.

That North Star realizes the overreaching nature of its Motion is demonstrated by the inclusion of footnote 4 in the Motion, which asks the court, should it determine that Summary Judgment is not warranted, to compel USF&G's response to the interrogatory. Of course, a motion pursuant to Rule 37 (a) (2) (B)—a motion to compel—is the appropriate remedy when a party is dissatisfied with the adequacy of an interrogatory response, not a motion for summary judgment or even a motion for sanctions under Rule 37 (b).

In this case, USF&G provided a response to Interrogatory No. 10, in which it adopted Nugget's response with regard to the Affirmative Defenses and stated its position with regard to its defenses against

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Memorandum in Support of Nugget Construction, Inc.'s Motion for Summary Judgment Against Shoreside-- Page 7 of 13

the bad faith claim.  Under this circumstance, North Star must bring a motion seeking to compel supplementary responses if it finds these answers insufficient (which, as explained below, they were not).  With the exception of Footnote 4 in the Motion, North Star has never sought to compel further information in USF&G's responses, and until two business days before filing its Motion never even communicated its concerns to counsel for USF&G.

Moreover, even if the court were to convert North Star's Summary Judgment Motion to a motion to compel, North Star has failed to make a good faith effort to comply with its "meet and confer" obligation under Rule 37 (a) (2) (B).  North Star initially relies on a letter sent from Metco's and Shoreside's counsel to counsel for USF&G as evidence that North Star met and conferred with regard to its propounded discovery responses.  *See* Motion, Sewright Aff., Ex. 5.  However, whether the party seeking to compel discovery can rely on another party's complaints regarding discovery satisfies a meet and confer obligation is doubtful, and North Star cites no authority to support such a proposition.  However, even if Mr. Shamburek's letter constitutes a "meet and confer," which it does not, *Soto v. City of Concord*, 162 F.R.D. 603, 622-23 (N.D.Cal. 1995)(letter insufficient to satisfy meet and confer duty), the only objection raised therein relates to the explanation of the defenses to the bad faith and statute of limitation defenses, not those provided by Nugget and

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Memorandum in Support of Nugget Construction, Inc.'s Motion for Summary Judgment Against Shoreside-- Page 8 of 13

adopted by USF&G.  Thus, there is not a whisper of concern over the remainder of the USF&G responses until April 27, 2006.

In Mr. Sewright's e-mail of April 27, 2006 e-mail, North Star suffers from the same misunderstanding as forms the basis for this Motion; i.e. North Star's failure to recognize USF&G's adoption of Nugget's Interrogatory Response on the issue of Affirmative Defenses. This misunderstanding highlights the reason why the Rules require a "meet and confer" before filing a motion to compel.  North Star's misunderstanding is readily rectifiable through a mere discussion between counsel and/or a clarification in USF&G's Response to the Interrogatory.  Because North Star never made an attempt to discuss this misunderstanding with either counsel for USF&G, no such illumination has been provided.  This is not USF&G's fault; the burden of complying with the meet and confer obligation falls squarely on North Star's shoulders.

B.  <u>The Sanction Sought By North Star Is Inappropriate Absent USF&G's Failure To Comply With An Order To Compel.</u>

Rule 37 (b) (2) provides that a court may strike out pleadings if "a party fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule."  Prior to imposing the severe sanctions provide for in Rule 37 (b), there must first have been a violation of a court order.  *United States v. One 1987 BMW 325*, 985 F.2d 655, 660-61 (1st Cir. 1993) (improper to strike party's claim absent violation of an order compelling discovery).

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Memorandum in Support of Nugget Construction, Inc.'s Motion for Summary Judgment Against Shoreside-- Page 9 of 13

As discussed above, North Star has never sought an order to compel USF&G to supplement its discovery responses. As such, it has no basis for asking this court to strike USF&G's Affirmative Defenses, and its Motion, for either summary judgment or for Rule 37 sanctions, should be denied. North Star's attempt to have sanctions levied against USF&G without complying with either the good faith "meet and confer" requirement or obtaining a motion to compel by itself should entitle USF&G to fees for having to respond to this baseless request.

C. <u>North Star's Misnamed Motion For Summary Judgment Is Without Merit</u>

At first blush, the thrust of North Star's Motion is an attempt to strike USF&G's Affirmative Defenses because it somehow was denied information necessary to the prosecution of its claims. However, the fact that North Star failed to even mention the Affirmative Defenses it believes require supplementation belies its feigned interest in additional discovery. In its Motion, North Star simply relies on its belief that USF&G's adoption of Nugget's Interrogatory Responses never happened, and therefore, USF&G provided no Responses at all. This conveniently absolves North Star of any obligation to specifically set forth its objections to USF&G's Responses. Given that those Responses were perfectly adequate, North Star's avoidance of that issue is understandable.

While a plain reading of USF&G's Response dispenses with North Star's argument that USF&G did not provided one, let there be no mistake that USF&G, as it reserved the right to do in its pleadings,

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Memorandum in Support of Nugget Construction, Inc.'s Motion for Summary Judgment Against Shoreside-- Page 10 of 13

adopts the responses provided by its principal. As such, there is no valid argument that USF&G "failed" to answer the propounded Interrogatory.

As discussed above, the only Affirmative Defenses that were not answered by Nugget (and as such, not adopted by USF&G) relate to two issues that are purely legal, the limitation to the penal sum of the bond and the surety's right to its principal's defenses. North Star has made no showing that either of these require factual support, or that the lack of an answer providing said support is grounds to strike them from USF&G's Answer.

With regard to North Star's complaint regarding the adequacy of USF&G's Affirmative Defenses relating to "bad faith" and statute of limitation, the Response sufficiently explains USF&G's position regarding each. The fact remains that on the "bad faith" Affirmative Defense, North Star has asked USF&G to prove a negative; i.e. prove the lack of evidence for bad faith. As also mentioned in the Response, the issue would be dealt with in greater detail by motion, which has now happened. This is similarly true for the issue of the statute of limitation—a motion is now pending.

## Conclusion

North Star has attempted an end-run around the Federal Rules of Civil Procedure by concocting a motion for summary judgment out of a simple discovery dispute. Although the court could theoretically ignore the title of the Motion and treat it as a discovery motion, it

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Memorandum in Support of Nugget Construction, Inc.'s Motion for Summary Judgment Against Shoreside-- Page 11 of 13

should decline to do so, because North Star has also failed to properly pursue this matter under Rule 37. North Star made only a last minute, half hearted, not in good faith, attempt to "meet and confer" on this matter, which should preclude it from even seeking a motion to compel. More importantly, the sanction North Star seeks—the striking of USF&G's Affirmative Defenses—requires North Star to first obtain an order compelling the discovery it seeks. As no such order exists, North Star's requested sanction is premature.

Finally, as the record demonstrates, there is no deficiency in USF&G's Response to the propounded Interrogatory. First, USF&G fully adopted the Responses provided by Nugget. Second, those Responses not provided by Nugget required no "factual basis" to be maintained. Third, USF&G's Responses relating to "bad faith" and statute of limitation were fully adequate and each is now the subject of a motion before the court.

Based on all of the foregoing, North Star's Motion should be denied.

Dated: May 11, 2006
OLES MORRISON RINKER & BAKER LLP
Attorneys for Nugget Construction, Inc., and United States Fidelity and Guaranty Co.

By: s/Thomas R. Krider
Thomas R. Krider
krider@oles.com
Washington Bar No. 29490
745 West 4th Avenue, Suite 502
Anchorage, AK 99501
Phone: (907) 258-0106
Fax:   (907) 258-5519

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Memorandum in Support of Nugget Construction, Inc.'s Motion for Summary Judgment Against Shoreside-- Page 12 of 13

CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of May, 2006, a true and correct copy of the foregoing was served

electronically, via ECF on:

Michael W. Sewright, Esq.
mws@bpk.com
Burr, Pease & Kurtz
810 N Street
Anchorage, AK  99501

Steven J. Shamburek, Esq.
shamburek@gci.net
Law Office of Steven J. Shamburek
425 G Street, Suite 630
Anchorage, AK  99501-5872

Paul Stockler, Esq.
paulstockler@aol.com
1309 West 16th Avenue
Anchorage, AK  99501

Herbert A. Viergutz, Esq.
barmar@gci.net
Barokas Martin & Tomlinson
1029 West Third, Suite 280
Anchorage, AK 99501

C. Patrick Stoll, Esq.
cps@hvslaw.com
Herrig Vogt & Stoll LLP
4210 Douglas Bay Blvd., Suite 100
Granite Bay, CA 95746-5902

OLES MORRISON RINKER & BAKER LLP


By:  s/Thomas R. Krider



P-TRK Opposition to North Star Affirmative Defense MSJ 99310.0002.doc


*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Memorandum in Support of Nugget Construction, Inc.'s Motion for Summary Judgment Against Shoreside-- Page 13 of 13

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519