John L. George & Associates
3328 Fritz Cove Road
Juneau Alaska 99801

North Star Terminal & Stevedoring, et al v. Nugget Construction Inc. et al.

Expert rebuttal opinion of John L. George

This case involves a construction project for the United States Army Corps of Engineers for work done on the Homer Spit. Nugget Construction Inc. (Nugget) was the general contractor on the project. The terms of the contract required Nugget to file a Miller Act payment bond with the United States Army Corps of Engineers to guarantee payment to its suppliers' and subcontractors. Nugget obtained the required bond from United States Fidelity and Guaranty (USF&G). The project was completed and now claims are being made against Nugget and USF&G by North Star Terminal & Stevedoring, Metco Inc. and Shoreside Petroleum for amounts they claim they are owed as suppliers or subcontractors to Nugget. Nugget disputes that North Star Terminal & Stevedoring, Metco Inc. and Shoreside Petroleum are suppliers or subcontractors to Nugget and maintains that they are not entitled to payment from Nugget or Nugget's Miller Act payment bond. The claims are in litigation. North Star Terminal & Stevedoring, Metco Inc. and Shoreside Petroleum assert that USF&G, as issuer of the Miller Act payment bond, acted in bad faith for nonpayment, nonsettlement and/or refusal to discuss settlement of claims made against Nugget and the bond. I have been asked to opine on the propriety of USF&G's handling of these claims against the Miller Act payment bond. I have reviewed the expert opinion of William Grant Callow and other documents provided to me by Barokas Martin & Tomlinson in reaching my opinion.

A Miller Act payment bond is a financial guarantee for payment of legitimate claims of subcontractors and suppliers who are precluded from placing liens on property of the federal government. A bond is not an insurance policy and claims are handled differently from insurance claims. Unlike insurance which covers claims arising out of fortuitous events, a surety company issuing a Miller Act payment bond is more akin to a cosigner on a loan. If the principal (contractor) fails to perform the obligations covered by the bond, the contractor and surety company are jointly and severally liable for payment. In the construction industry it is standard practice for a surety company to require the principal as partial consideration for issuing a payment bond to execute indemnity agreements by which the principal agrees to indemnify the surety against any loss it may incur as a result of writing the bond on the principal's behalf. Nugget and USF&G entered into such an indemnity agreement. In the instant case, under the indemnity agreement, USF&G has the right to unilaterally settle claims against the bond so long as they do so in good faith. Because of the indemnity agreement, the surety has an implied duty to protect the interests of the principal as well as their own. It is standard practice in the industry, when the legitimacy of claims are challenged by the principal, to allow the principal to defend those claims so long as they have reasonable grounds to do so and also defend the interests of the surety. Nugget continually and consistently asserted to USF&G that the claims were without merit. USF&G made inquiry into the merits of the

claims from Nugget and received explanatory letters from attorneys representing Nugget. USF&G must place great weight and reliance on the investigation and representations made by attorneys for Nugget in determining whether or not to unilaterally settle claims against the bond. This reliance does not constitute bad faith. That Nugget exercises it's right to defend against the asserted claims does not constitute bad faith on the part of USF&G.

In dispute is whether North Star Terminal & Stevedoring, Metco Inc. and Shoreside Petroleum are a subcontractor or supplier to Nugget eligible to recover under the Miller Act payment bond or a supplier to a supplier of materials not entitled to recovery under the terms of the bond. In the instant case the surety is faced with the classic dilemma of divided responsibilities to the claimants who insist they are owed money and the principal who insists that the claims lack merit. Because USF&G holds an indemnity from Nugget, any payments USF&G makes are made with funds ultimately recoverable from Nugget. Nugget's attorneys have undertaken defense of the claims made against Nugget and the bond by North Star Terminal & Stevedoring, Metco Inc. and Shoreside Petroleum. Nugget has agreed to indemnify USF&G for any losses arising out of issuing the bond. In the documents that I have reviewed, attorneys, representing USF&G under a tender of defense, have shown that there are reasonable grounds to deny the claims in question. Denial of claims when there are reasonable grounds to do so does not constitute bad faith. So long as payment of these claims is in dispute and unresolved by the courts, Nugget and USF&G are not legally obligated to honor these claims. USF&G would be acting in bad faith toward Nugget if it settled claims for which Nugget asserts reasonable defenses, considering that surety would recover the settlement amounts from Nugget under the indemnity agreement.

In my opinion USF&G has acted reasonably and in accordance with normal surety industry practices in handling these claims and has not acted in bad faith as alleged by North Star Terminal & Stevedoring, Metco Inc. and Shoreside Petroleum.

Dated this 10th day of March, 2006

John L. George

**John L. George**
3328 Fritz Cove Road
Juneau Alaska 99801
Tel.907 789-0172  Fax 907 789-6964

1988 – Present          Consultant and Lobbyist

1984 – 1988
Director, Alaska Division of Insurance. Responsible for regulating insurance companies and insurance producers in the State of Alaska. Duties included oversight of all division employees and their work product, acting as hearing officer and setting insurance regulatory policy for the State.

1976 – 1984
Deputy Director, Alaska Division of Insurance. Under the Director of Insurance, responsible for regulating insurance companies and insurance producers in Alaska. Duties included conducting investigations, acting as hearing officer, performing insurance company financial reviews and budget preparation.

1973 – 1976
Risk Manager, State of Alaska. Administered insurance programs, self-insurance programs and loss control programs for all State agencies.

1971 – 1973
Assistant Risk Manager, Santa Fe International. Responsible for claims administration, premium allocations, policy review, surety bond compliance and management of joint venture insurance programs.

1969 – 1971
Insurance Assistant, Signal Oil and Gas Company. Responsible for claims handling and claim review, obtaining and filing surety bonds with government agencies, instructing employees on claims filing procedures and assisting with the implementation of a nationwide self-insurance program.

1980 – 2001
Capital City Fire Rescue. Firefighter, State certified fire instructor, retiring as District Volunteer Fire Chief in 2002.

Education
1969 BS degree in Finance, Insurance and Real Estate from California Polytechnic University, Pomona California.