1    Traeger Machetanz, Esq.
     Thomas R. Krider, Esq.
2    OLES MORRISON RINKER & BAKER LLP
     745 Fourth Avenue, Suite 502
3    Anchorage, Alaska 99501
     Telephone:  907-258-0106
4    Facsimile:  907-277-8001

5

     Attorneys for Defendant Nugget Construction, Inc.
6

                 **IN THE UNITED STATES DISTRICT COURT**
7                  **FOR THE DISTRICT OF ALASKA**
                        **AT ANCHORAGE**
8

9    UNITED STATES OF AMERICA for the use
     of NORTH STAR TERMINAL & STEVEDORE
10   COMPANY, d/b/a Northern Stevedoring &
     Handling, and NORTH STAR TERMINAL &
11   STEVEDORE COMPANY, d/b/a Northern       Case No. A98-009 CIV (HRH)
     Stevedoring & Handling, on its own
12   behalf,

                 Plaintiffs,       NUGGET'S RESPONSES TO
13      and                    NORTH STAR'S SECOND SET OF
                                DISCOVERY REQUESTS TO
14   UNITED STATES OF AMERICA for the use  DEFENDANT NUGGET
     of SHORESIDE PETROLEUM, INC., d/b/a  CONSTRUCTION, INC.
15   Marathon Fuel Service, and SHORESIDE
     PETROLEUM, INC., d/b/a Marathon Fuel
16   Service, on its own behalf,

17                 Intervening Plaintiffs,
        and
18

     METCO, INC.,
19

                 Intervening Plaintiff,
20      vs.

21   NUGGET CONSTRUCTION, INC.; SPENCER
     ROCK PRODUCTS, INC.; UNITED STATES
22   FIDELITY AND GUARANTY COMPANY; and
     ROBERT A. LAPORE,
23

                Defendants.
24

25   **NUGGET'S RESPONSES** TO NORTH STAR'S SECOND SET OF DISCOVERY
     REQUESTS TO DEFENDANT NUGGET CONSTRUCTION, INC.
     *United States ex rel. North Star, et al.  v. Nugget Construction,*
     *et al., A98-009 CIV (HRH)*
     Page 1 of 17                  45-40/#82043
     P-TRK Responses to North Star's Second Discovery Requests_032006_993100002.doc

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519



COPY

Exhibit B
Page 1 of 17

1

2          Pursuant to Federal Rules of Civil Procedure 26, 33

3    and 34, Plaintiff/Use –Plaintiff North Star Terminal and

4    Stevedore Company (hereinafter "North Star") propounds the

5    following discovery requests to Nugget Construction, Inc., the

6    above-named defendant in this action, to be answered in writing

7    within thirty (30) days of service in accordance with the above-

8    referenced rules.

9          Any reference in these discovery requests to "you",

10   "your", or "yourself" refers to the above-named defendant in

11   this lawsuit including each of its agents, representatives and

12

13   attorneys, and each person acting or purporting to act on the

14   behalf of that defendant.

15          As used herein, the words "document" and "documents,"

16   or the reference to any type of document or documents, shall

17   mean the original and any copy, regardless of origin or

18   location, of any book, pamphlet, periodical, letter,

19   memorandum, telegram, facsimile, email, report, record, study,

20   handwritten note, map, drawing, working paper, chart paper,

21   graph, index, tape, daily sheet, diary, data or processing

22   card, computer-stored record, business record, financial

23

24   record, accounting record, correspondence, or any other

25

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

**NUGGET'S RESPONSES** TO NORTH STAR'S SECOND SET OF DISCOVERY
REQUESTS TO DEFENDANT NUGGET CONSTRUCTION, INC.
*United States ex rel. North Star, et al.  v. Nugget Construction,*
*et al.*, A98-009 CIV (HRH)
Page 2 of 17                                    45-40/#82043
P-TRK Responses to North Star's Second Discovery Requests 032006 993100002.doc

1    written, recorded, transcribed, punched, taped, electronically

2    stored, filmed, photographed or graphic matter, however

3    produced or reproduced, to which you have or have had access

4    to.

5            As used herein, the term "representative" means any

6    and all agents, employees, servants, officers, directors,

7    attorneys, or other persons acting or purporting to act on

8    behalf of the person in question including the above-named

9    defendant.

10           As used herein, the term "person" means any natural

11   individual in any capacity whatsoever or any entity or

12   organization, including divisions, departments, and other units

13   therein, and shall include, but not be limited to, a public or

14   private corporation, company, partnership, joint venture,

15   voluntary or unincorporated association, organization,

16   proprietorship, other business, trust estate, governmental

17   agency, commission, bureau or department.

18           As used herein, the terms "identification",

19   "identify", or "identity", when used in reference to:

20

21

22

23

24

**NUGGET'S RESPONSES** TO NORTH STAR'S SECOND SET OF DISCOVERY
REQUESTS TO DEFENDANT NUGGET CONSTRUCTION, INC.
*United States ex rel. North Star, et al.  v. Nugget Construction,
et al., A98-009 CIV (HRH)*
Page 3 of 17                                    45-40/#82043
P-TRK Responses to North Star's Second Discovery Requests 032006 993100002.doc

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106  Fax: (907) 258-5519

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

    (a)  A natural individual:  requires you to state his or her full name and residential and business addresses and telephone numbers;

    (b)  A corporation, company, or other business, entity or organization:  requires you to state its full name and any names under which it does business, its state of formation, the address of its principal place of business, the addresses of all of its offices in Alaska, the identity of the person or persons who own, operate and/or control it, and its telephone numbers;

    (c)  A document or thing:  requires you to specifically and sufficiently describe each such item so that it may be located and/or inspected in order to confirm the existence of the item described.

    The provisions of Federal Rules of Civil Procedure 26, 33 and 34 apply in all respects to these discovery requests.

## GENERAL OBJECTIONS

1.   Defendant objects to the form of Plaintiff's pleading insofar as it imposes duties beyond those required under Rules 33 and 34.

2.   Defendant objects to all instructions and definitions to the extent they enlarge upon, supersede, or in any way modify the rules of discovery as set forth in CR 26, CR 33 and CR 34.

NUGGET'S RESPONSES TO NORTH STAR'S SECOND SET OF DISCOVERY
REQUESTS TO DEFENDANT NUGGET CONSTRUCTION, INC.
*United States ex rel. North Star, et al.  v. Nugget Construction,*
*et al.,* A98-009 CIV (HRH)
Page 4 of 17
                            45-40/#82043
P-TRK Responses to North Star's Second Discovery Requests 032006 993100002.doc

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

3.     Defendant     objects     to     Plaintiff's     requests     for
production   to   the   extent   that   they   seek   documents   that   are
inadmissible   and   are   not   relevant   to   the   subject   matter   of   this
action,   or   are   not   reasonably   calculated   to   lead   to   the
discovery of admissible evidence.

4.     Defendant   objects   to   Plaintiff's   interrogatories   and
requests   for   production   of   documents   to   the   extent   that   they
impose an undue burden on the responding party.

5.     Defendant   objects   to   Plaintiff's   interrogatories   and
requests   for   production   of   documents   to   the   extent   that   they
seek   information   that   is   protected   by   the   attorney-client
privilege and work product doctrine.

6.     Defendant     objects     to     Plaintiff's     interrogatories
insofar   as   they   are   directed   to   knowledge   of   persons   or   entities
not   subject   to   control   of   the   responding   party   at   the   time   when
these answers were prepared.

7.     Defendants object to Plaintiff's discovery requests to
the   extent   they   seek   information   not   pertinent   to   the   present
litigation   involving   the   breach   of   the   parties'   settlement
agreement.


INTERROGATORY NO. 6:   State the first date on which L.

D. "Randy" Randolph or LDR Engineering Services first became a

client of the Oles Morrison Rinker & Baker law firm, by that

name or any other name, and state the name and nature of that

representation including the court case name and court case

number if any.

NUGGET'S RESPONSES TO NORTH STAR'S SECOND SET OF DISCOVERY
REQUESTS TO DEFENDANT NUGGET CONSTRUCTION, INC.
*United States ex rel. North Star, et al.   v. Nugget Construction,
et al.*, A98-009 CIV (HRH)
Page 5 of 17                                        45-40/#82043
P-TRK Responses to North Star's Second Discovery Requests 032006 993100002.doc

1        ANSWER:

2    Defendant Nugget incorporates herein its General Objections
     stated above. In addition, Nugget objects to this
3    Interrogatory, as it is directed at entities that are neither a
     party to this litigation nor legally affiliated with Nugget.
4    Further, this Interrogatory is duplicative, as Plaintiff has
     made this inquiry directly of Mr. Randolph during his second
5    deposition.

6

7        INTERROGATORY NO. 7:  State all other times, by date,

8    Randy Randolph or LDR Engineering Services has been a client of

9    the Oles Morrison Rinker & Baker law firm, by that or any other

10   name, and state the name and nature of each of those

11   representations including the court case name and court case

12   number if any.

13

14       ANSWER:

15   Defendant Nugget incorporates herein its General Objections
     stated above. In addition, Nugget objects to this
16   Interrogatory, as it is directed at entities that are neither a
     party to this litigation nor legally affiliated with Nugget.
17   Further, this Interrogatory is duplicative, as Plaintiff has
     made this inquiry directly of Mr. Randolph during his second
18   deposition.

19

20       INTERROGATORY NO. 8:  State the date on which L. D.

21   "Randy" Randolph or LDR Engineering Services was first used or

22   designated as an expert witness or consultant for the Oles

23   Morrison Rinker & Baker law firm, by that name or any other

24   name, or any of its clients in any matter and state the name and

25   NUGGET'S RESPONSES TO NORTH STAR'S SECOND SET OF DISCOVERY
     REQUESTS TO DEFENDANT NUGGET CONSTRUCTION, INC.
     *United States ex rel. North Star, et al.  v. Nugget Construction,*
     *et al.*, A98-009 CIV (HRH)
     Page 6 of 17
     P-TRK Responses to North Star's Second Discovery Requests 032006 993100002.doc                45-40/#82043

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106  Fax: (907) 258-5519

1    nature of that representation, including the court case name and

2    court case number if any.

3

4        ANSWER:

5    Defendant Nugget incorporates herein its General Objections
     stated above.    In addition, Nugget objects to this
6    Interrogatory, as it is directed at entities that are neither a
     party to this litigation nor legally affiliated with Nugget.
7    Further, this Interrogatory is duplicative, as Plaintiff has
     made this inquiry directly of Mr. Randolph during his second
8    deposition.

9
         INTERROGATORY NO. 9:  State all other times, by date,
10
     Randy Randolph or LDR Engineering Services has been used or
11
     designated as an expert witness or consultant for the Oles
12
     Morrison Rinker & Baker law firm, by that or any other name, or
13
     any of its clients in any matter and state the name and nature
14
     of each of those representations, including the court case name
15
     and court case number if any.
16

17
         ANSWER:
18
     Defendant Nugget incorporates herein its General Objections
19   stated above.    In addition, Nugget objects to this
     Interrogatory, as it is directed at entities that are neither a
20   party to this litigation nor legally affiliated with Nugget.
     Further, this Interrogatory is duplicative, as Plaintiff has
21   made this inquiry directly of Mr. Randolph during his second
     deposition.
22

23

24

25
     NUGGET'S RESPONSES TO NORTH STAR'S SECOND SET OF DISCOVERY
     REQUESTS TO DEFENDANT NUGGET CONSTRUCTION, INC.
     United States ex rel. North Star, et al.  v. Nugget Construction,
     et al., A98-009 CIV (HRH)
     Page 7 of 17
     P-TRK Responses to North Star's Second Discovery Requests 032006 993100002.doc      45-40/#82043

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

INTERROGATORY NO. 10: State the date on which Nugget Construction, Inc. and/or any of its employees, officers or directors first became a client of the Oles Morrison Rinker & Baker law firm, by that or any other name, and state the name and nature of that representation including client and court case name and court case number if any.

ANSWER:

Defendant Nugget incorporates herein its General Objections stated above. In addition, Nugget objects to this Interrogatory, as it calls for attorney-client privileged information, and is duplicative, as Plaintiff has made this inquiry during its multiple 30(b)(6) depositions of Nugget. Without waiving any of its objections, Nugget refers Plaintiff to the deposition testimony for the response to this inquiry, and provides the following information:

The first time Nugget retained Oles Morrison was in 1996 and related to the bid protest that was filed by another bidder on the project that is at issue in the present litigation.

INTERROGATORY NO. 11: State all other times, by date, Nugget Construction, Inc. and/or any of its employees, officers or directors has been a client of the Oles Morrison Rinker & Baker law firm, by that or any other name, and state the name and nature of each of those representations including client and court case name and court case number if any.

**NUGGET'S RESPONSES** TO NORTH STAR'S SECOND SET OF DISCOVERY REQUESTS TO DEFENDANT NUGGET CONSTRUCTION, INC.
*United States ex rel. North Star, et al. v. Nugget Construction, et al.,* A98-009 CIV (HRH)
Page 8 of 17                                                    45-40/#82043
P-TRK Responses to North Star's Second Discovery Requests 032006 993100002.doc

1

ANSWER:

2

Defendant Nugget incorporates herein its General Objections stated above. In addition, Nugget objects to this Interrogatory, as it calls for attorney-client privileged information, and is duplicative, as Plaintiff has made this inquiry during its multiple 30(b)(6) depositions of Nugget. Without waiving any of its objections, Nugget refers Plaintiff to the deposition testimony for the response to this inquiry, and provides the following information:

3

4

5

6

7

The first time Nugget retained Oles Morrison was in 1996 and related to the bid protest that was filed by another bidder on the project that is at issue in the present litigation.

8

9

Oles Morrison represented Nugget in the Alaska State Court case in which Nugget brought suit against Spencer Rock Products to recover its damages on the project that is at issue in the present litigation. Case No. 3AN-97-9509 Civil.

10

11

Oles Morrison represented Nugget before the Armed Services Board of Contract Appeal (Appeal of Nugget Construction, Inc., under Contract No. DACA85-99-C-0017) with regard to a termination for convenience claim on a project for the Army on St. Lawrence Island, AK.

12

13

14

15

16

17

INTERROGATORY NO. 12: State the date on which Nugget

18

Construction, Inc. and/or any of its employees, officers or

19

directors was first used or designated as an expert witness or

20

consultant for the Oles Morrison Rinker & Baker law firm, by

21

that name or any other name, or any of its clients, and state

22

the name and nature of that representation including client and

23

court case name and court case number if any.

24

25

**NUGGET'S RESPONSES** TO NORTH STAR'S SECOND SET OF DISCOVERY
REQUESTS TO DEFENDANT NUGGET CONSTRUCTION, INC.
*United States ex rel. North Star, et al. v. Nugget Construction,
et al.*, A98-009 CIV (HRH)
Page 9 of 17                                                    45-40/#82043
P-TRK Responses to North Star's Second Discovery Requests 032006 993100002.doc

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106    Fax: (907) 258-5519

Exhibit B
Page 9 of 17

ANSWER:

Defendant Nugget incorporates herein its General Objections stated above. In addition, Nugget objects to this Interrogatory, as it calls for attorney-client privileged information, and is duplicative, as Plaintiff has made this inquiry during its multiple 30(b)(6) depositions of Nugget. Without waiving any of its objections, Nugget refers Plaintiff to the deposition testimony for the response to this inquiry.

INTERROGATORY NO. 13: State all other times, by date, Nugget Construction, Inc. and/or any of its employees, officers or directors has been used or designated as an expert witness or consultant for the Oles Morrison Rinker & Baker law firm, by that or any other name, or any of its clients, and state the name and nature of each of those representations including client and court case name and court case number if any.

ANSWER:

Defendant Nugget incorporates herein its General Objections stated above. In addition, Nugget objects to this Interrogatory, as it calls for attorney-client privileged information, and is duplicative, as Plaintiff has made this inquiry during its multiple 30(b)(6) depositions of Nugget. Without waiving any of its objections, Nugget refers Plaintiff to the deposition testimony for the response to this inquiry.

INTERROGATORY NO. 14: Describe in full detail each factual basis which supports, or tends to support, the allegations in each of the affirmative defenses stated in your

NUGGET'S RESPONSES TO NORTH STAR'S SECOND SET OF DISCOVERY
REQUESTS TO DEFENDANT NUGGET CONSTRUCTION, INC.
*United States ex rel. North Star, et al. v. Nugget Construction,
et al.*, A98-009 CIV (HRH)
Page 10 of 17
P-TRK Responses to North Star's Second Discovery Requests 032006 993100002.doc

45-40/#82043

Exhibit B
Page 10 of 17

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

1    Answer and Affirmative Defenses dated September 21, 2005 to

2    North Star's Amended Complaint.

3              ANSWER:

4    Defendant Nugget incorporates herein its General Objections
5    stated above.  In addition, Nugget objects to this interrogatory
     as it is duplicative given the extensive deposition testimony
6    taken in this matter that covers many of the inquiries made
     herein.

7
     Affirmative Defense No. 1:  Plaintiff asks Nugget to provide the
8    facts constituting the absence of a contract between itself and
     Plaintiff; i.e. it seeks to have Nugget prove a negative.  To do
9    so, Nugget refers Plaintiff to the totality of the discovery
     taken in this case, including the depositions of Nugget's and
10   Plaintiff's personnel.  From that discovery, it is evident that
     there was never a "meeting of the minds" between the parties
11   required to form a contractual relationship.

12   Affirmative Defense No. 2:  The fact that Plaintiff was a
     second-tier supplier to a material supplier was decided in the
13   9th Circuit decision dated September 27, 2001.

14   Affirmative Defense No. 3:  With regard to Nugget and not USF&G,
     this Affirmative Defense is withdrawn.
15
     Affirmative Defense No. 4:  This Affirmative Defense presents a
16   legal question under the Miller Act.  To the extent Plaintiff's
     claims are not covered under the Act and the cases interpreting
17   it, they are not recoverable under the Miller Act cause of
     action set forth in Plaintiff's complaint (e.g. tort claims,
18   punitive damages, attorneys' fees, etc.).

19   Affirmative Defense No. 5:  With regard to Nugget and not USF&G,
     this Affirmative Defense is withdrawn.
20
     Affirmative Defense No. 6:  With regard to Nugget and not USF&G,
21   the Affirmative Defense relating to "unclean hands" is
     withdrawn.  As to the Defense of laches, Plaintiff's waited
22   seven years from the time the events on the project occurred
     before it amended its complaint to incorporate numerous causes
23   of action that had not been previously brought.  The statute of
     limitations had long ago run on these claims and it is now
24

25   NUGGET'S RESPONSES TO NORTH STAR'S SECOND SET OF DISCOVERY
     REQUESTS TO DEFENDANT NUGGET CONSTRUCTION, INC.
     *United States ex rel. North Star, et al.  v. Nugget Construction,*
     *et al.*, A98-009 CIV (HRH)
     Page 11 of 17                              45-40/#82043
     P-TRK Responses to North Star's Second Discovery Requests 032006 993100002.doc

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106  Fax: (907) 258-5519

1    difficult to reconstruct all of the events surrounding the project.

2

3    Affirmative Defense No. 7:  With regard to Nugget and not USF&G, this Affirmative Defense is withdrawn.

4    Affirmative Defense No. 8:  Plaintiff's personnel have testified that it was its policy to invoice on a weekly basis for work

5    performed and that 30 days later it would expect payment.  On this project, Plaintiff continued to work in spite of the fact

6    that it did not receive timely payment from Spencer Rock Products for the work Plaintiff had performed.  By continuing to

7    provide Spencer Rock Products services in the face of non-payment, Plaintiff failed to mitigate its damages.  In addition,

8    Plaintiff did not inform Nugget timely of Spencer Rock Product's failure to make timely payment.  Once it did so and Nugget

9    informed Plaintiff that Nugget was not responsible for Plaintiff's payments, Plaintiff ceased performing work and

10   incurring additional expenses.

11   Affirmative Defense No. 9:  See response to Affirmative Defense No. 8.  In addition, Plaintiff's contract was with Spencer Rock

12   Products.  To the extent Plaintiff was owed money and not paid, the responsibility for that lays with Spencer Rock Products.

13   This is especially true with regard to the first two barges of material loaded by Plaintiff, as Spencer Rock Products had been

14   paid as provided for in the contract by Nugget for that effort.

15   Affirmative Defense No. 10:  With regard to Nugget and not USF&G, this Affirmative Defense is withdrawn.

16

17   Affirmative Defense No. 11:  See response to Affirmative Defense No. 8.

18   Affirmative Defense No. 12:  This Affirmative Defense is on behalf of USF&G, and therefore, this Interrogatory must be

19   addressed to it.

20   Affirmative Defense No. 13:  See response to Affirmative Defense No. 12.

21

22   Affirmative Defense No. 14:  To the extent Plaintiff's claims arise in contract, punitive damages are legally barred.

23   Affirmative Defense No. 15:  See response to Affirmative Defense No. 8.

24

25   NUGGET'S RESPONSES TO NORTH STAR'S SECOND SET OF DISCOVERY
     REQUESTS TO DEFENDANT NUGGET CONSTRUCTION, INC.
     *United States ex rel. North Star, et al.  v. Nugget Construction,*
     *et al.,* A98-009 CIV (HRH)
     Page 12 of 17                               45-40/#82043
     P-TRK Responses to North Star's Second Discovery Requests 032006 993100002.doc

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

1   Affirmative Defense No. 16:     Plaintiff's contract was with
    Spencer Rock Products, not Nugget.   As such, Spencer Rock
2   Products is responsible for making payment to Plaintiff for any
    work performed.   Spencer Rock Products was paid $147,000 by
3   Nugget for the first two loads of rock, which funds Spencer Rock
    Product refused to use to pay its suppliers.   To avoid having to
4   pay its suppliers, Spencer Rock Products intentionally mislead
    those suppliers by telling them that it had received no money
5   from Nugget.   Spencer Rock Products also failed to inform its
    suppliers that its entitlement to further payment from Nugget
6   would likely be reduced because of Spencer Rock Product's
    inability to produce the required rock for the project and the
7   necessity of Nugget supplementing Spencer Rock Product's work
    force and equipment.   Any harm caused to Plaintiff on this
8   project was the result of Spencer Rock Product's duplicity in
    dealing with both Plaintiff and Nugget.

9

10

11          INTERROGATORY NO. 15:   Completely describe the subject

12   and contents of the information relevant to this case held by

13   each person listed on your final witness list due February 14,

14   2006, herein.

15

16          ANSWER:

17   Defendant Nugget incorporates herein its General Objections
     stated above.    Nugget also objects to this Interrogatory as
18   overbroad, unduly burdensome, cumulative, duplicative, seeking
     attorney-client information, the information can be obtained
19   from a source that is more convenient and less expensive, and
     Plaintiff has had ample opportunity over the last eight years to
20   obtain the information sought.    Nugget has previously provided
     witness disclosures describing the information relating to this
21   case possessed by each witness.    Subsequently, Plaintiff has
     taken the deposition of the key witnesses listed on Nugget's
22   trial witness list.     For the information know to those
     witnesses, Nugget refers Plaintiff to the deposition transcripts
23   for those witnesses.    As to those individuals who work for
     Plaintiffs that Nugget included in its final witness list,
24   Plaintiffs certainly have a better ability to ascertain what
     those individuals know about the events surrounding this case

25   **NUGGET'S RESPONSES** TO NORTH STAR'S SECOND SET OF DISCOVERY
     REQUESTS TO DEFENDANT NUGGET CONSTRUCTION, INC.
     *United States ex rel. North Star, et al.  v. Nugget Construction,*
     *et al.,* A98-009 CIV (HRH)
     Page 13 of 17
     P-TRK Responses to North Star's Second Discovery Requests 032006 993100002.doc                45-40/#82043

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

1  than Nugget does.  Further, much of the information relating to
2  this matter is contained in the documents produced by all
   parties in this litigation.

3

4       INTERROGATORY NO. 16:  Specifically state the subject

5  matter and content of the anticipated testimony of each witness

6  listed on your final witness list due February 14, 2006, herein.

7       ANSWER:

8  Defendant Nugget incorporates herein its General Objections
9  stated above.  In addition, this Interrogatory seeks attorney-
   client information and work product.  The information as to
10 which each witness will testify regarding is a decision made by
   counsel based in his/her mental impressions of the subject
11 matter and the legal strategies involved in trying the case.  As
   such, they are not subject to discovery.  Fed. R. Civ. Pro. 26
12 (b)(3).  In addition, as Defendant in this matter, Nugget's
   case-in-chief will be dictated in some degree by what Plaintiffs
13 put forth in their case and by what issues remain after
   dispositive motions and motions in limine are ruled upon, which
14 means the expected testimony of Nugget's witnesses is not yet
   fully ascertainable.

15

16      REQUEST FOR PRODUCTION NO. 11:  Produce any and all

17 unprivileged documents reflecting or otherwise relating to the

18 information requested by Interrogatory Nos. 6 through 16

19 propounded above.

20      ANSWER:

21
22 Defendant Nugget incorporates herein its General Objections
   stated above.  Without waiving its objections, Nugget has
23 previously produced all relevant, non-privileged documents to
   Plaintiffs.  Thus, Nugget objects to this Request as being
   duplicative and unduly burdensome.

24

25 NUGGET'S RESPONSES TO NORTH STAR'S SECOND SET OF DISCOVERY
   REQUESTS TO DEFENDANT NUGGET CONSTRUCTION, INC.
   *United States ex rel. North Star, et al.  v. Nugget Construction,
   et al.*, A98-009 CIV (HRH)
   Page 14 of 17                              45-40/#82043
   P-TRK Responses to North Star's Second Discovery Requests 032006 993100002.doc

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

Exhibit B
Page 14 of 17

1

2    DATED:    March 20, 2006.

3                              BURR, PEASE & KURTZ
                               Attorneys for North Star
4

5

6    By _____
          Michael W. Sewright
7         Alaska Bar # 7510090

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   **NUGGET'S RESPONSES** TO NORTH STAR'S SECOND SET OF DISCOVERY
     REQUESTS TO DEFENDANT NUGGET CONSTRUCTION, INC.
     *United States ex rel. North Star, et al.  v. Nugget Construction,*
     *et al., A98-009 CIV (HRH)*
     Page 15 of 17                                    45-40/#82043
     P-TRK Responses to North Star's Second Discovery Requests 032006 993100002.doc

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

**ATTORNEY VERIFICATION**

In accordance with Rule 33 (b) (2), I hereby verify that the foregoing objections to the requested discovery are consistent with the Federal Rules of Civil Procedure and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law.

Thomas R. Krider, WSBA #29490
Pro Hac Vice
Attorney for Defendant Nugget
Construction, Inc.

**OATH**

Nugget Construction, Inc., does hereby swear, under oath,

that the foregoing answers to discovery requests are true to the

best of its knowledge and belief.

NUGGET CONSTRUCTION, INC.

By: _____
       (signature)
Printed Name: JOHN W SMITHSON
Its: PROJECT MGR
       (title)

SUBSCRIBED AND SWORN to before me this 20 day of

March, 2006.

_____
NOTARY PUBLIC FOR _____
My commission expires: _____
          My Commission Expires
          November 5, 2009

NUGGET'S RESPONSES TO NORTH STAR'S SECOND SET OF DISCOVERY
REQUESTS TO DEFENDANT NUGGET CONSTRUCTION, INC.
*United States ex rel. North Star, et al. v. Nugget Construction,
et al., A98-009 CIV (HRH)*
Page 16 of 17                                         45-40/#82043
P-TEK Responses to North Star's Second Discovery Requests 032006 993100002

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106    Fax: (907) 258-5519

CERTIFICATE OF SERVICE

I certify that on the 20th day
of March 2006, a copy of the
foregoing was served by **U.S.
Mail** on:

Michael W. Sewright
BURR PEASE & KURTZ
810 "N" Street
Anchorage, AK 99501

Steven J. Shamburek, Esq.
425 G Street, Suite 630
Anchorage, AK  99501-5872

C. Patrick Stoll, Esq.
HERRIG VOGT & STOLL LLP
4210 Douglas Blvd., Ste. 100
Granite Bay, CA  95746-5902

Paul D. Stockler, Esq.
1309 W. 16th Ave
Anchorage, AK 99501

Herbert A. Viergutz, Esq.
Barokas Martin & Tomlinson
1029 W. 3rd Ave., Suite 280
Anchorage, AK 99501

_Catherine A. Melland_

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

**NUGGET'S RESPONSES** TO NORTH STAR'S SECOND SET OF DISCOVERY
REQUESTS TO DEFENDANT NUGGET CONSTRUCTION, INC.
_United States ex rel. North Star, et al.  v. Nugget Construction,
et al._, A98-009 CIV (HRH)
Page 17 of 17
45-40/#82043
P-TRK Responses to North Star's Second Discovery Requests 032006 993100002.doc