Traeger Machetanz, Esq.
Thomas R. Krider, Esq.
OLES MORRISON RINKER & BAKER, LLP
745 Fourth Avenue, Suite 502
Anchorage, AK  99501-2136
Telephone:  (907) 258-0106
Telecopier:  (907) 258-5519

Attorneys for Nugget Construction Co., Inc.,
and USF&G, Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a NORTHERN STEVEDORING & HANDLING, and NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a Northern Stevedoring & Handling, on its own behalf,<br><br>        Plaintiffs,<br>   and<br><br>UNITED STATES OF AMERICA for the use of SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Service, and SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Service, on its own behalf,<br><br>        Intervening Plaintiffs,<br>   and<br><br>METCO, INC.,<br><br>        Intervening Plaintiff,<br><br>   vs.<br><br>NUGGET CONSTRUCTION, INC.; SPENCER ROCK PRODUCTS, INC.,; UNITED STATES FIDELITY AND GUARANTY COMPANY; and ROBERT A. LAPORE,<br><br>        Defendants. | No. A98-009 CIV (HRH)<br><br><br><br><br><br><br><br><br><br><br><u>MEMORANDUM IN OPPOSITION OF METCO'S AND SHORESIDE'S MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT AGAINST AND DETERMINATION OF LAW REGARDING NUGGET CONSTRUCTION</u> |

# Introduction

In their Motion for Summary Judgment ("Motion") against Nugget, Metco and Shoreside ask the court to ignore the Ninth Circuit's prior decisions in this case establishing that (1) Spencer Rock Products was a supplier and not a subcontractor, (2) there was no express contract between either Metco or Shoreside and Nugget, (3) there is an issue of fact with regard to whether Nugget converted Spencer into a "strawman" such that a federal implied-in-fact contract was established. These prior decisions render meaningless the first two "legal basis" for dispositive relief sought in the Motion. As to the third "legal basis" presented in the Motion, the baseless nature of Metco's and Shoreside's state law claims is thoroughly discussed in Nugget's Motions for Summary Judgment on those issues.

Rather than establish that there are no genuine issues of material fact on a specific claim or point of law in this case, Metco and Shoreside instead seek summary judgment on ostensibly equitable grounds; arguing that they are "little guys" and that Defendants are being "macho" in refusing to settle. The term "fraud" is tossed around like a Frisbee without any attempt to establish a single element of such a claim. Never mind the fact that there is no cause of action involving fraud even alleged in this case. Metco and Shoreside go so far as to insinuate that Nugget's attorneys are part of some grand civil conspiracy because they drafted a letter on behalf of their client and represented its interest to the best of their

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Memorandum in Support of Nugget Construction, Inc.'s Motion for Summary Judgment Against Shoreside-- Page 1 of 14

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

ability.  Under Metco's and Shoreside's view of the world, every lawyer who successfully advocates on behalf of his or her client is guilty of conspiring with the client to defraud someone.  This assertion is as preposterous as it is offensive to every member of the bar.[1]

Finally, Metco and Shoreside take offense to the fact that Nugget did not pay them the sums demanded when it would have cost Nugget less to have simply paid the amounts demanded at the outset.  Basically, these plaintiffs are upset that Nugget refused to give into their "litigation extortion" and pay them when they are not entitled.  At the beginning of this lawsuit there was a legitimate debate over whether Spencer Rock was a supplier or a subcontractor.  That question was resolved by the Ninth Circuit, which decided it in Nugget's favor.  At that point, this matter should have ended.  Instead, the plaintiffs have spent years and unconscionable amounts of money chasing windmills and concocting bogeyman conspiracy theories.  Metco and Shoreside object to the amount of money Nugget has spend defending itself against unfounded claims, but the real question here is how do Metco and Shoreside justify spending eight years chasing $30,000 and $50,000 respectfully.  All three plaintiffs erroneously believe that they were

---

[1] The Motion essentially threatens Nugget with the disqualification of its lawyers at trial, casting its threat as a requirement that might come from the bench.  If Metco and/or Shoreside truly believe there is a basis for disqualifying Oles Morrison, they should be required to bring such a motion now and not at trial when Nugget would surely be prejudiced by a disqualification.

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Memorandum in Support of Nugget Construction, Inc.'s Motion for Summary Judgment Against Shoreside-- Page 2 of 14

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

covered by the Miller Act, and have continued to drag Nugget through this interminable process despite the Ninth Circuit telling them years ago that they were wrong.

The present Motion is simply an example of Metco and Shoreside attempting to take yet another bite at the apple. Unfortunately for Nugget, it again has to respond to an ill-prepared, unsupported Motion that arguably fails to satisfy the requirements of Rule 11, given its unabashed attempt to re-argue issues already decided by the Ninth Circuit. For these, and the reasons set forth below, Metco's and Shoreside's Motion should be denied.

### Factual Background

In support of its Opposition to Metco's and Shoreside's Motion, Nugget incorporates herein the factual recitations and accompanying affidavits in Nugget's Summary Judgment Motions against each parties' state law claims. *See* Docket Nos. 477,478,479,481,482 and 483.

### Argument

A.  Summary Judgment Standard

As a threshold matter, Metco and Shoreside have utterly failed to meet their burden of either production or persuasion as required before the court can consider granting a motion for summary judgment. Rule 56(c) of the Federal Rules of Civil Procedure instructs that a motion for summary judgment shall be "rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Memorandum in Support of Nugget Construction, Inc.'s Motion for Summary Judgment Against Shoreside-- Page 3 of 14

file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Federal summary judgment procedure requires the piercing through the pleadings and their adroit craftsmanship to reach the substance of the claim. *See, e.g., Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

In the present Motion, Metco and Shoreside have included an irrelevant affidavit from a third-party, deposition testimony from its own witnesses, and incorporated the full breadth of its prior interrogatory responses from their summary judgment motion against USF&G ("USF&G Motion") as the factual basis in support thereof. This regurgitation of the allegations set forth in their respective Complaints is insufficient to establish their entitlement to summary disposition of these matters.

> Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed. 265 (1986). Nowhere in the Motion do Metco and Shoreside attempt to state for the court what issues are uncontroverted, or more importantly, which facts are even applicable to the legal issues they raise. Other

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Memorandum in Support of Nugget Construction, Inc.'s Motion for Summary Judgment Against Shoreside-- Page 4 of 14

than the inapposite affidavit of John Dennis Stacey[2] and the short deposition excerpts of their own witnesses, Metco and Shoreside have supplied not one citation for its numerous "factual" assertions. They essentially ask the court and Nugget to wade through the pages and pages of interrogatory responses in an effort to ascertain what is relevant to the present Motion. Without properly cited and admissible evidence accompanying the Motion, it becomes nothing more than counsel's argument, which fails to satisfy the burdens set forth in *Celotex* for the movant to establish the absence of a genuine issue of material fact. *Id.* Metco's and Shoreside's failure in this fundamental element of any summary judgment motion is sufficient grounds to deny the Motion.

B.  <u>The Interrogatory Responses Provided In Metco's And Shoreside's Motion Against USF&G, And Incorporated In The Present Motion, Do Not Contain Admissible Evidence, And Therefore, Should Be Stricken.</u>

Although interrogatory responses are appropriate for use in either establishing or defeating issues of fact in a summary judgment motion, those responses must first meet the requirements for admissibility of an affidavit (*See* MOORE'S FEDERAL PRACTICE 3D, § 56.14[2][b]); i.e., the interrogatory responses must be made on

---

[2] Metco and Shoreside include Mr. Stacey's affidavit in the Motion without ever establishing its relevance to the claims at issue in this matter, or to the arguments presented therein. In addition to being irrelevant, Mr. Stacey's affidavit contains numerous statements for which he does not appear to have personal knowledge or are simply his opinion, as he only "believes" or "presumes" certain events described therein. For these reasons, Mr. Stacey's affidavit should be stricken. *Columbia Pictures Industries, Inc. v. Professional Real Estate Investors, Inc.*, 944 F.2d 1525, 1529 (9th Cir. 1991).

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Memorandum in Support of Nugget Construction, Inc.'s Motion for Summary Judgment Against Shoreside-- Page 5 of 14

personal knowledge and not contain inadmissible hearsay.  *Columbia Pictures Industries, Inc. v. Professional Real Estate Investors, Inc.*, 944 F.2d 1525, 1529 (9th Cir. 1991).  Because the interrogatory responses provided by Metco and Shoreside in support of the Motion are replete with unsupported factual allegations and substantial amounts of inadmissible hearsay, those responses should be stricken.

Unfortunately, the Motion's failure to identify the specific factual assertions it relies upon makes it nearly impossible for Nugget to identify which statements in the interrogatory responses require being stricken.  Because of Metco's and Shoreside's initial failure, Nugget should not bear the burden of identifying every offending statement.  Nevertheless, Nugget does provide the following example of objectionable statements in the Motion:

- "In response to a letter from Metco seeking payment, the Corps states in pertinent part in a letter to Nugget dated August 16, 1997 …" USF&G Motion, p. 4.  The letter from the Corps to Nugget is hearsay and Metco's personal knowledge regarding the letter is not established.  The letters from the Corps included in the Interrogatory Response contain opinions of the Corps and do not represent facts supporting the present Motion.

- "Nugget was preoccupied with the status of Spencer Rock.  However, the Corps of Engineers notes that Nugget was obligated 'not to request for progress payments that which you intend to withhold from a subcontractor or supplier.'  Nugget may have been successful in the first appeal to the Ninth Circuit in characterizing Spencer Rock Products as a supplier rather than a subcontractor.  However, that does not relieve Nugget of paying all the suppliers and subcontractors pursuant to this contract as construed by the agency charged with administrating the contract." USF&G Motion, p. 6.  The statement contains no factual information based on either Metco's or Shoreside's personal knowledge.  At best, the statements are speculative opinions, and are not admissible.

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Memorandum in Support of Nugget Construction, Inc.'s Motion for Summary Judgment Against Shoreside-- Page 6 of 14

- "Nugget was a large construction company that dictated the activities of Spencer Rock/Robert LaPore almost from the outset of the relationship." USF&G Motion, p. 6. Neither Metco no Shoreside were privy to the relationship between Nugget and Spencer Rock, and therefore, could not have personal knowledge of such. This is merely an allegation without supporting facts.

- "Nugget created a secret Support Agreement that effectively gave Nugget complete control of Spencer Rock/Robert LaPore and the Homer Project." USF&G Motion, p. 6. See previous objection.

- "Nugget required that the terms of the support agreement not be disclosed to the U.S. Corps of Engineers or to the claimants." USF&G Motion, p. 6. See previous objection.

- "Nugget knew or should have known that the three claimants were providing goods and performing services in reliance on the Miller Act bond and the incentive it provides for payment." USF&G Motion, p. 7. This statement is pure conjecture; particularly, as the only statements by Nugget or its representative, Randy Randolph, were to the opposite affect—that the claimants were not covered under the bond.

- "Nugget owed a duty of care not to act negligently and carelessly in its dealing with and treatment of the three claimants." USF&G Motion, p. 7. This is simply an allegation without any facts supporting the assertion of a duty.

- "… Nugget and Spencer then entered into an oral support agreement in late March, 1997." USF&G Motion, p. 10. Neither Metco no Shoreside were privy to the relationship between Nugget and Spencer Rock, and therefore, could not have personal knowledge of such. This is merely an allegation without supporting facts.

- "Nugget imposed an adhesion contract on Spencer and afforded itself the absolute right to run the Spencer Quarry and bring an action against Spencer for the type of claims asserted by the three claimants in this case. In addition, the three claimants are third-party beneficiaries of this Support Agreement." USF&G Motion, p. 10. Neither Metco no Shoreside were privy to the relationship between Nugget and Spencer Rock, and therefore, could not have personal knowledge of such. This is merely an allegation without supporting facts.

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Memorandum in Support of Nugget Construction, Inc.'s Motion for Summary Judgment Against Shoreside-- Page 7 of 14

- "USF&G knew or should have known of the problems Nugget was creating with respect to the claimants in this case by the summer of 1997. However, Nugget may have withheld and/or deliberately concealed some of this information and its secretive arrangements with Spencer from USF&G much like it did the claimants and the Corps of Engineers." USF&G Motion, p. 13.  This statement is purely speculative and without any personal knowledge on the part of Metco and Shoreside.

- "Nugget appears to have structured all of its activities from the outset with the goal of using Spencer Rock as a shield to avoid paying North Star, Shoreside, and Metco." USF&G Motion, P. 16.  This statement is merely an allegation without any factual support.

Suffice it to say that this is but a meager sampling of the inadmissible assertions from the interrogatory responses upon which Metco and Shoreside attempt to construct their basis for summary judgment. In addition to these incorporated by reference, Metco's and Shoreside's Motion contains further unsupported assertions, including the following:

- "At the same time that Nugget was taking the Spencer Quarry from Spencer Rock, Nugget was using Spencer Rock as a strawman and a shield to attempt to avoid payment of obligations related to the completion of the Homer Project."

- "The 'Support Agreement' is the merger and acquisition agreement."

- "Spencer Rock was little more than a captive entity or a wholly controlled subsidiary of Nugget from the outset of the work undertaken by the three claimants on the Homer Project in late March, 1997."

- "Nugget did not have a meeting of the minds because it sought to withhold material information and defraud the claimants by its actions, statements, letters and contracts."

Because Metco and Shoreside have failed to identify any kernels of admissible information that might be found among the bushels of

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Memorandum in Support of Nugget Construction, Inc.'s Motion for Summary Judgment Against Shoreside-- Page 8 of 14

unsupported, speculative chaff in its interrogatory responses and "factual" assertions in its Motion, the entirety of those responses should be stricken.

C. <u>Neither Metco Nor Shoreside Were Ever In Contractual Privity with Nugget For The Goods And Services At Issue In This Litigation, And Therefore, Have No Rights Under The Miller Act</u>

In their Motion, Metco and Shoreside for the first time allege that they were in direct contractual privity with Nugget. That this court and the Ninth Circuit have both previously concluded that there was no express contract between the claimants and Nuggets appears to bother them not an iota. *See* District Court's August 30, 2002 Order ("It is undisputed that at the time Spencer negotiated with each of these parties, Spencer acted completely on its own behalf. There are no facts in the record supporting the inference that Spencer acted as an agent of Nugget at the time Spencer hired North Star, Shoreside, or Nugget."); Ninth Circuit's March 2005 Order ("The appellees never entered into express contracts with Nugget, and we have already held that Spencer Rock acted not as a subcontractor but as a materialman on this project."). Nor do they appear to be bothered by their own previous deposition testimony contradicting this assertion: Metco: "Q: And during this period of time until you last provided services on the 26th, you believed you had a contract with Spencer? A. Yes. And you had no contract negotiations with Nugget? A. No, we didn't contract with Nugget." Krider Aff., Ex. 1, Dieckgraeff Dep., p. 32, ln. 5-11. Shoreside: "Q. So in other words, in your mind, your contract was

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Memorandum in Support of Nugget Construction, Inc.'s Motion for Summary Judgment Against Shoreside-- Page 9 of 14

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

with Spencer Rock, but you had a bond in place in case Spencer Rock failed to pay you. Is that a fair summary? A. I think that's a fair assessment." Krider Aff., Ex. 2, Lechner Dep., p. 24, ln. 8-11.

With respect to Metco, the Motion provides no new theory for establishing a direct contractual relationship between it and Nugget. Rather, Metco appears to hope to ride on Shoreside's coattails in this approach. As such, its position should be summarily dismissed.

Shoreside, on the other hand, at least makes an attempt to concoct an argument that there was privity with Nugget, although it does so with a certain tortured logic. Shoreside's argument goes like this: (1) Shoreside had a credit agreement with Spencer Rock, (2) Shoreside also had a credit agreement with Nugget, thus, (3) the delivery of goods to Spencer Rock create a contract between Shoreside and both Spencer and Nugget. It proffers this position despite its deposition testimony in which it admits the goods and services were ordered by Spencer Rock, invoiced to Spencer Rock, and that it only looked to Nugget for payment of those goods and services because there was a bond in place.

The fact that Shoreside contracted separately with Nugget for goods and services on other projects and for goods and services at a later time for the Homer project does not in any way create a contractual relationship between Shoreside and Nugget for the goods and services ordered by Spencer Rock that are the subject of this litigation.

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Memorandum in Support of Nugget Construction, Inc.'s Motion for Summary Judgment Against Shoreside-- Page 10 of 14

D.  Metco's And Shoreside's Request For A Finding Of A Federal Implied In Fact Contract Is Without Basis

It is very strange indeed that Metco and Shoreside would think it reasonable to bring a motion for summary judgment on the issue of whether Spencer Rock Products was a "strawman" under a federal implied-in-fact contract theory; particularly given that this issue was already determined by the Ninth Circuit to contain issues of fact. There is no new evidence pointed to by Metco and Shoreside to indicate that the universe of facts is now resolved such that summary judgment is warranted. Nor is there any explanation as to why they are entitled to bring this motion a second time. If Metco and Shoreside wish to overturn the Ninth Circuit's decision on this issue, this certainly is not the appropriate place to do so.

Because of Metco's and Shoreside's flagrant disregard for the Ninth Circuit's prior holding on this very issue, Nugget should be entitled to terms for having to respond to this argument, as there can be no valid justification for this motion under Rule 11 (b).

E.  Metco's And Shoreside's State Law Claims Are Without Merit And Should Be Dismissed

As fully set forth in Nugget's summary judgment motions against Metco and Shoreside on their state law claims, there is no legal or factual basis for any of those claims. Because, here again, Metco and Shoreside have failed to properly establish their factual basis for granting this motion, it is nearly impossible to fully respond herein. Therefore, rather than attempt to divine the basis for this request,

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Memorandum in Support of Nugget Construction, Inc.'s Motion for Summary Judgment Against Shoreside-- Page 11 of 14

Nugget will simply incorporate herein the entirety of its motions against Metco and Shoreside, which are more than sufficient to defeat this portion of their Motion.

F. North Star's Joinder Is Untimely And Fatally Flawed In The Same Manner As The Underlying Motion

On May 9, 2006, a full eight days after the dispositive motion cutoff, North Star filed a Joinder to Metco's and Shoreside's Motion. If the pleading has been a simple "North Star hereby joins in Metco's and Shoreside's Motion," Nugget would have no objection. However, because North Star seeks to provide substantive support for its entitlement to summary judgment, the Joinder is untimely and improper.

In addition to being untimely, North Star's Joinder suffers from the same defects as the underlying Motion with regard to complying with Rule 56. There is no indication which claims North Star's purported facts apply to and no analysis explaining how those facts entitle it to judgment as a matter of law.

Substantively, there is nothing in the North Star Joinder that alters the defects in the Motion described above. As such, North Star's Joinder should also be denied. However, to the extent necessary, Nugget also incorporates herein its motion for summary judgment against North Star and accompanying affidavits as opposition to this Motion. *See* Docket Nos. 489, 490 and 491.

Conclusion

Metco's and Shoreside's Motion is nothing more than a blatant attempt to force Nugget to expend additional resources defending

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Memorandum in Support of Nugget Construction, Inc.'s Motion for Summary Judgment Against Shoreside-- Page 12 of 14

against the on-going "litigation extortion" being perpetrated by plaintiffs in this matter. This can be the only reasonable conclusion given (1) the lack of any meaningful attempt to establish the absence of a genuine issue of material fact as required under Rule 56, and (2) the brazen disregard for the Ninth Circuit decisions previously rendered in this case, which held that there was no direct contract between Nugget and plaintiffs and that there was a genuine issue of fact regarding the existence of a federal implied-in-fact contract. Based on the foregoing, Metco's and Shoreside's Motion should be denied.

Dated: May 18, 2006  OLES MORRISON RINKER & BAKER LLP
Attorneys for Nugget Construction, Inc., and United States Fidelity and Guaranty Co.

By: s/Thomas R. Krider
Thomas R. Krider
krider@oles.com
Washington Bar No. 29490
745 West 4th Avenue, Suite 502
Anchorage, AK 99501
Phone: (907) 258-0106
Fax:   (907) 258-5519

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Memorandum in Support of Nugget Construction, Inc.'s Motion for Summary Judgment Against Shoreside-- Page 13 of 14

CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of May, 2006, a true and correct copy of the foregoing was served

 electronically, via ECF on:

Michael W. Sewright, Esq.
mws@bpk.com
Burr, Pease & Kurtz
810 N Street
Anchorage, AK  99501

Steven J. Shamburek, Esq.
shamburek@gci.net
Law Office of Steven J. Shamburek
425 G Street, Suite 630
Anchorage, AK  99501-5872

Paul Stockler, Esq.
paulstockler@aol.com
1309 West 16th Avenue
Anchorage, AK  99501

Herbert A. Viergutz, Esq.
barmar@gci.net
Barokas Martin & Tomlinson
1029 West Third, Suite 280
Anchorage, AK 99501

C. Patrick Stoll, Esq.
cps@hvslaw.com
Herrig Vogt & Stoll LLP
4210 Douglas Bay Blvd., Suite 100
Granite Bay, CA 95746-5902

OLES MORRISON RINKER & BAKER LLP


By:  s/Thomas R. Krider



P-TRK Opposition to Metco and Shoreside MSJ 99310.0002.doc


*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Memorandum in Support of Nugget Construction, Inc.'s Motion for Summary Judgment Against Shoreside-- Page 14 of 14

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106    Fax: (907) 258-5519