Traeger Machetanz, Esq.
Thomas R. Krider, Esq.
OLES MORRISON RINKER & BAKER, LLP
745 Fourth Avenue, Suite 502
Anchorage, AK  99501-2136
Telephone:  (907) 258-0106
Telecopier:  (907) 258-5519

Attorneys for Nugget Construction Co.,Inc.,
and USF&G, Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a NORTHERN STEVEDORING & HANDLING, and NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a Northern Stevedoring & Handling, on its own behalf, <br><br>    Plaintiffs, <br> and <br><br>UNITED STATES OF AMERICA for the use of SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Service, and SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Service, on its own behalf, <br><br>    Intervening Plaintiffs, <br> and <br><br>METCO, INC., <br><br>    Intervening Plaintiff, <br><br> vs. <br><br>NUGGET CONSTRUCTION, INC.; SPENCER ROCK PRODUCTS, INC.,; UNITED STATES FIDELITY AND GUARANTY COMPANY; and ROBERT A. LAPORE, <br><br>    Defendants. | No. A98-009 CIV (HRH) <br><br><br><br><br><br><br><br><u>NUGGET CONSTRUCTION, INC.'S AND UNITED STATES FIDELITY & GUARANTY CO., INC.'S MEMORANDUM IN OPPOSITION TO NORTH STAR TERMINAL & STEVEDORE CO.'S MOTION FOR SUMMARY JUDGMENT OR DETERMINATION OF LAW OF THE CASE AGAINST NUGGET & USF&G ON THE BASIS OF CONTRACT BY AGENCY</u> |

Pursuant to Federal Rule of Civil Procedure 56, Defendant Nugget Construction, Inc. ("Nugget") respectfully submits its Opposition to North Star Terminal & Stevedore Co.'s ("North Star") Motion for Summary Judgment or for Determination of Law of the Case Against Nugget and USF&G On the Basis of Contract by Agency. The Ninth Circuit previously held that North Star may not prevail against Nugget on summary judgment under the federal Miller Act. In addition, North Star is not entitled to summary judgment as a matter of law under Alaska state law. Accordingly, Nugget respectfully requests that the Court deny North Star's motion in its entirety.

## Introduction

North Star's latest motion complains that the Court should render "a determination of the law of this case, due to the existence of a contract by agency between Nugget and North Star, both under the federal Miller Act and Alaska law." Importantly, North Star seeks recovery within two separate and distinct legal frameworks. The first is under the federal Miller Act, which will allow the imposition of "an implied-in-fact, direct contractual relationship between [North Star] and Nugget, the primary contractor, if [North Star] demonstrate[s] 'subterfuge, collusion between [Nugget and Spencer Rock] or circumstances indicating the interposition of [Spencer Rock as a] strawm[an], presumably for the purpose of insulating [Nugget and its surety company] from extensive Miller Act liability." *United States ex rel. North Star Terminal & Stevedore Co., et al. v. Nugget Construction, Inc., et al.*, 126 Fed. Appx. 348, 351 (9th Cir 2005).

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Nugget Construction, Inc's Memorandum in Opposition to North Star & Stevedore's Motion for Summary Judgment Against Nugget-- Page 1 of 12

The second is under Alaska state law, under which "an agency relation exists only if there has been a manifestation of the principal to the agent that the agent may act on his account and consent by the agent so to act." *Harris v. Keys*, 948 P.2d 460, 464 (Alaska 1997) (citations omitted) (relying upon, *inter alia*, Restatement (Second) of Agency § 15).

Significantly, the Ninth Circuit previously determined that North Star may not prevail against Nugget under the federal Miller Act "strawman" cause of action because there was insufficient evidence to support North Star's assertion that Spencer Rock was a strawman of Nugget. *See United States ex rel. North Star Terminal & Stevedore Co., et al. v. Nugget Construction, Inc., et al.*, 126 Fed. Appx. 348, 351 (9th Cir 2005). North Star's current motion, which purports to set forth a federal cause of action under an "agency" theory is, in fact, no more than a recycled recitation of the "strawman" arguments that were previously unsuccessful before the Ninth Circuit. Consequently, North Star may not now have a second bite at the apple by again attempting to prevail against Nugget under the Miller Act on summary judgment with those very same arguments.

Similarly, North Star may not prevail against Nugget on summary judgment under Alaska state law because this Court has previously held that "[u]nder Alaska law . . . contracts entered into by an agent cannot be construed as binding an undisclosed principal." *See United States ex rel. North Star Terminal & Stevedore Co., et al. v. Nugget*

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Nugget Construction, Inc's Memorandum in Opposition to North Star & Stevedore's Motion for Summary Judgment Against Nugget-- Page 2 of 12

*Construction, Inc., et al.*, Slip Op. No. A98-0009-CV (filed Aug. 30, 2002) ("August 30, 2002 Order"), at 24, n. 38.  This is the established law of the case, which precludes the granting of North Star's Motion.  Regardless, even if it were not the law of the case, Spencer Rock never became the agent of Nugget under Alaska state law, and North Star has not introduced any genuine issue of material fact to indicate otherwise.  Consequently, because North Star is not entitled so summary judgment as a matter of law that Spencer Rock became an agent of Nugget under Alaska state law, North Star's motion should be denied.

I.  <u>NORTH STAR'S MOTION FOR SUMMARY JUDGMENT UNDER THE MILLER ACT MUST BE DENIED BECAUSE THE NINTH CIRCUIT HAS PREVIOUSLY DETERMINED THAT NORTH STAR FAILED TO DEMONSTRATE SPENCER ROCK WAS THE STRAWMAN OF NUGGET</u>

On August 30, 2002, this Court granted partial summary judgment to North Star, finding that:

> Whether deeming Spencer a 'straw' party or deeming Nugget as stepping into the shoes of Spencer, once Nugget took over for Spencer as its own material supplier, North Star, Shoreside and Metco directly supplied Nugget with labor, equipment and services.  Accordingly, it would be contrary to the remedial purposes of the Miller Act to ignore that and to deny the plaintiffs a cause of action under the Act.

August 30, 2002 Order at 23-24.  The Ninth Circuit subsequently reversed the Court's decision and remanded "for further proceedings to determine whether Nugget (and Spencer Rock) engaged in conduct sufficient to create a direct contractual relationship between Nugget and appellees."  *United States ex rel. North Star Terminal & Stevedore*

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Nugget Construction, Inc's Memorandum in Opposition to North Star & Stevedore's Motion for Summary Judgment Against Nugget-- Page 3 of 12

*Co., et al. v. Nugget Construction, Inc., et al.*, 126 Fed. Appx. 348, 351 (9th Cir 2005).

In rendering this decision, the Ninth Circuit specifically considered and rejected North Star's argument that:

> This Court should exercise its *de novo* review to uphold and enlarge upon the district court's grant of summary judgment to North Star by applying this alternative basis to Nugget and USF&G's liability. It should particularly do so if it declines to uphold the district court's application of the federal "telescoping" basis for recovery in this case or otherwise determines that application of this alternative basis for recovery enlarges North Star's monetary recovery, including its entitlement to attorney's fees, late charges and/or interest.

Opening Brief for Appellee/Cross-Appellant North Star/North Star Ex Rel., May 19, 2003 ("Opening Brief") at 34 (attached hereto as Ex. 1). The "alternative basis to Nugget and USF&G's liability" to which North Star referred in its Opening Brief is precisely the same theory on which North Star now moves for summary judgment, namely that *Jensen v. Alaska Valuation Service, Inc.*, 688 P.2d 161 (Alaska 1984) had been misapplied by this Court and that, "under both federal law and Alaska law, the *Cargill* [*i.e., A. Gay Jensen Farms Co. v. Cargill, Inc.*, 309 N.W.2d 285 (Minn. 1981)] analysis finding the undisclosed principal (Nugget) liable should be applied to this case." North Star's Motion and Memorandum for Summary Judgment or for Determination of Law of the Case Against Nugget and USF&G On the Basis of Contract by Agency ("North Star's Motion") at 4. Indeed, if one compares North Star's current motion with North Star's May 19, 2003 Opening Brief before the

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Nugget Construction, Inc's Memorandum in Opposition to North Star & Stevedore's Motion for Summary Judgment Against Nugget-- Page 4 of 12

Ninth Circuit, one sees that North Star appears to have merely copied and pasted large sections from its Opening Brief into its current motion, which North Star then altered with minor changes to syntax. *Compare* Opening Brief for Appellee/Cross-Appellant North Star/North Star Ex Rel., May 19, 2003 ("Opening Brief") at 31-34 *with* North Star's Motion at 3-6.

The Ninth Circuit declined to uphold the district court's application of the federal telescoping basis for recovery and, significantly, did not accept North Star's invitation to uphold and enlarge upon the district court's granting of summary judgment in favor of North Star. By doing so, the Ninth Circuit effectively rejected North Star's "alternative theory" and, specifically, its interpretation of *Cargill*. *Id.; see United States ex rel. North Star Terminal & Stevedore Co., et al.*, 126 Fed. Appx. at 351.

Consequently, the Ninth Circuit's decision renders North Star's Motion seeking summary judgment under the Miller Act entirely improper. North Star failed to prevail once before on summary judgment under its strawman theory under the Miller Act. North Star should not now be permitted to prevail on summary judgment simply by slapping an "agency" label at the head of recycled arguments that were previously and unsuccessfully pressed in support its strawman-theory Miller Act claims before the Ninth Circuit. Accordingly, North's Star's motion for a determination of law of this case due to the

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Nugget Construction, Inc's Memorandum in Opposition to North Star & Stevedore's Motion for Summary Judgment Against Nugget-- Page 5 of 12

existence of a contract by agency between Nugget and North Star under the federal Miller Act should be denied.

II. NUGGET IS NOT ENTITLED TO SUMMARY JUDGMENT AS A MATTER OF LAW THAT THERE EXISTED A CONTRACT BY AGENCY BETWEEN NUGGET AND NORTH STAR UNDER ALASKA STATE LAW

   A. North Star's Motion Requests That the Court Reverse Itself and Reject the Standing Law of This Case

The Court August 30, 2002 Order provided that: "There are no facts in the record supporting the inference that Spencer acted as an agent of Nugget at the time Spencer hired North Star." *See United States ex rel. North Star Terminal & Stevedore Co., et al. v. Nugget Construction, Inc., et al.*, Slip Op. No. A98-0009-CV (filed Aug. 30, 2002) ("August 30, 2002 Order"), at 5.  The Court further held that, "plaintiffs have not supplied, nor is the court aware of any federal common law addressing the effect of an undisclosed principal," and, further, that, "[u]nder Alaska law . . . contracts entered into by an agent cannot be construed as binding an undisclosed principal." *Id.* at 24 n. 38 (citing *Jensen v. Alaska Valuation Service, Inc.*, 688 P.2d 161, 165 (Alaska 1984).  The Court rendered these findings following a lengthy analysis of *Cargill*, and, in particular, North Star's contention that the facts of *Cargill* should be construed to impose contractual liability upon Nugget by virtue of an agency relationship between Nugget and Spencer Rock, despite the fact that Nugget was an undisclosed principal.

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Nugget Construction, Inc's Memorandum in Opposition to North Star & Stevedore's Motion for Summary Judgment Against Nugget-- Page 6 of 12

Undeterred by the Court's rejection of its reading of *Cargill*, North Star sought reconsideration of the issue, asserting that "Defendants Should Also Be Held Liable as an Undisclosed Principal," and, again, relying primarily upon *Cargill*. The Court concluded, as it had once before, that "[t]he instant motion does not demonstrate that there is a legal or factual error in the outcome of this case. The court declines to reconsider its order of August 30, 2002, for purposes of considering an alternative theory upon which the use plaintiff might have prevailed." *United States ex rel. North Star Terminal & Stevedore Co., et al. v. Nugget Construction, Inc., et al.*, Slip Op. No. A98-0009-CV (filed Sept. 13, 2002), at 2.

To be sure, if the Court believed that North Star's interpretation of *Cargill* should prevail over controlling Alaska law, it would have indicated as such in the either its August 30, 2002 Order, or its September 13, 2002 Order denying North Star's motion for reconsideration, in which the Court's attention was focused exclusively upon this issue. As the Court pointed out in its August 30, 2002 Order, there is no controlling federal law on the issue of liability of an undisclosed principal. The conspicuous absence of federal law in North Star's Motion confirms this point. Moreover, despite North Star's assertions to the contrary, there is absolutely no reason why *Cargill*, a Minnesota state law case, should take precedence over *Jensen*, which is controlling Alaska law, the latter of which establishes that "contracts entered into by an agent cannot be

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Nugget Construction, Inc's Memorandum in Opposition to North Star & Stevedore's Motion for Summary Judgment Against Nugget-- Page 7 of 12

construed as binding on an undisclosed principal." August 30, 2002 Order at 24 n. 38.

The Court's foregoing statement represents the law of the case. North Star's Motion seeks a reversal of this law of the case, and its attempt to style its motion as seeking relief under an "alternative theory" that the Court has not yet fully considered, when, in fact, the Court has twice previously passed judgment on this "alternative theory," is as transparent as it is specious.

B. <u>Spencer Rock Never Became The Agent of Nugget and North Star Has Not Raised Any Genuine Issue of Material Fact to the Contrary</u>

Nothwithstanding the absence of any rule of procedure that would allow North Star to file its motion, which essentially seeks reconsideration of the Court's September 13, 2002 Order denying North Star's prior motion for reconsideration, North Star has deliberately muddied the procedural waters by filing a separate motion on its agency theory of recovery under Alaska state law on May 1, 2006, or just two days after Nugget filed a motion seeking summary judgment on this very issue.[1] As a result North Star has imposed upon the Court the confusing and tedious task of addressing two motions for summary judgment on the same issue at the same time. This is most clearly

---

[1] Given the redundancy and procedural impropriety of North Star's Motion, Nugget respectfully requests that, in lieu of a denial, the Court immediately strike North Star's Motion in its entirety pursuant to Fed. R. Civ. P. 12(f), which empowers the court to strike "any insufficient defense or any redundant, immaterial, impertinent or scandalous matter."

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Nugget Construction, Inc's Memorandum in Opposition to North Star & Stevedore's Motion for Summary Judgment Against Nugget-- Page 8 of 12

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

evidenced by "North Star's Opposition and Cross-Motion to Nugget and USF&G's April 28, 2006 Motion for Summary Judgment Against North Star," filed just two days ago, on May 17, 2006, which recites, yet again, the same arguments to which Nugget responds in the instant motion, urging the Court that "the *Cargill* analysis . . . should be applied to this case, both under state law and under the Miller Act." North Star's Opposition and Cross-Motion to Nugget and USF&G's April 28, 2006 Motion for Summary Judgment Against North Star, May 17, 2006 at 45.

Rather than repeat the arguments raised in its April 28, 2006 Motion for Summary Judgment Against North Star, Nugget respectfully directs the Court's attention to the facts and arguments stated therein and, specifically, the arguments at pages 39-44, which respond to the allegations in North Star's Amended Complaint regarding its agency theory of recovery under Alaska state law and which Nugget herein incorporates by reference.

In short, North Star believes that the Court's reading of *Jensen* is wrong and that *Cargill* should be considered controlling law. As stated previously, this would require the Court to reverse its previous holding that "contracts entered into by an agent cannot be construed as binding an undisclosed principal." August 30, 2002 Order at 24 n. 38. North Star has not introduced any authority that was not previously considered by the Court (twice) and, as such, the Court should not now acquiesce to North Star's request.

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Nugget Construction, Inc's Memorandum in Opposition to North Star & Stevedore's Motion for Summary Judgment Against Nugget-- Page 9 of 12

Even if the Court should reverse itself, which it should not, and, in so doing, find that an undisclosed principal may be liable for contracts entered into by its agent, the Court should nevertheless deny North Star's Motion because, under Alaska law, Spencer Rock never was an agent of Nugget. In Alaska, an agency relationship shall be deemed to exist only upon the presence numerous and specific factual conditions underlying that relationship, none of which are present in the relationship between Nugget and Spencer Rock. Nugget's April 28, 2006 Motion for Summary Judgment Against North Star sets forth in detail the facts supporting its argument that there was never an agency relationship between Nugget and Spencer Rock, none of which are disputed by North Star. Accordingly, Nugget is entitled to summary judgment as a matter of law for the reasons set forth in its April 28, 2006 Motion Against North Star, and North Star's current motion should be denied.

## Conclusion

The Ninth Circuit previously held that North Star may not recover against Nugget under the Miller Act on a "strawman" cause of action on summary judgment. North Star's current motion, which requests the Court to find the "existence of a contract by agency between Nugget and North Star," is nothing more than a recycled and repackaged presentation of its strawman arguments that the Ninth Circuit found wholly unconvincing. Consequently, North Star's motion for summary judgment under the federal Miller Act must be denied.

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Nugget Construction, Inc's Memorandum in Opposition to North Star & Stevedore's Motion for Summary Judgment Against Nugget-- Page 10 of 12

Similarly, the law of the case establishes that, in Alaska, a contract entered into by an agent cannot be construed as binding on an undisclosed principal. North Star is asking this Court, for a third time, to reverse this law of the case. There is no procedural basis for such a request and, as such, the Court should not entertain it. Even if the Court should reverse itself and hold that, under Alaska law, contracts entered into by an agent may be construed as binding as an undisclosed principal, the undisputed facts establish that there was never an agency relationship between Nugget and Spencer Rock. Consequently, North Star is not entitled to summary judgment as a matter of law that there existed a contract by agency between Nugget and North Star under Alaska law.

Dated:  May 19, 2006          OLES MORRISON RINKER & BAKER LLP
                              Attorneys for Nugget Construction,
                              Inc., and United States
                              Fidelity and Guaranty Co.

                              By: s/Thomas R. Krider
                                  Thomas R. Krider
                                  krider@oles.com
                                  Washington Bar No. 29490
                                  745 West 4th Avenue, Suite 502
                                  Anchorage, AK 99501
                                  Phone: (907) 258-0106
                                  Fax:   (907) 258-5519

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Nugget Construction, Inc's Memorandum in Opposition to North Star &
Stevedore's Motion for Summary Judgment Against Nugget-- Page 11 of 12

CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of May, 2006, a true and correct copy of the foregoing was served

electronically, via ECF on:

Michael W. Sewright, Esq.
mws@bpk.com
Burr, Pease & Kurtz
810 N Street
Anchorage, AK  99501

Steven J. Shamburek, Esq.
shamburek@gci.net
Law Office of Steven J. Shamburek
425 G Street, Suite 630
Anchorage, AK  99501-5872

Paul Stockler, Esq.
paulstockler@aol.com
1309 West 16th Avenue
Anchorage, AK  99501

Herbert A. Viergutz, Esq.
barmar@gci.net
Barokas Martin & Tomlinson
1029 West Third, Suite 280
Anchorage, AK 99501

C. Patrick Stoll, Esq.
cps@hvslaw.com
Herrig Vogt & Stoll LLP
4210 Douglas Bay Blvd., Suite 100
Granite Bay, CA 95746-5902

OLES MORRISON RINKER & BAKER LLP


By:  s/Thomas R. Krider


P JAD Opp to North Star Agency MSJ rev 2 99310 0002


*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Nugget Construction, Inc's Memorandum in Opposition to North Star & Stevedore's Motion for Summary Judgment Against Nugget-- Page 12 of 12

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106    Fax: (907) 258-5519