Traeger Machetanz, Esq.
Thomas R. Krider, Esq.
OLES MORRISON RINKER & BAKER, LLP
745 Fourth Avenue, Suite 502
Anchorage, AK  99501-2136
Telephone:  (907) 258-0106
Telecopier:  (907) 258-5519

Attorneys for Nugget Construction Co.,Inc.,
and USF&G, Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT ANCHORAGE

UNITED STATES OF AMERICA for the      )
use of NORTH STAR TERMINAL &          )
STEVEDORE COMPANY, d/b/a NORTHERN     )
STEVEDORING & HANDLING, and NORTH     )    No. A98-009 CIV (HRH)
STAR TERMINAL & STEVEDORE COMPANY,    )
d/b/a Northern Stevedoring &          )
Handling, on its own behalf,          )
                                      )
              Plaintiffs,             )
        and                           )
                                      )
UNITED STATES OF AMERICA for the      )
use of SHORESIDE PETROLEUM, INC.,     )
d/b/a Marathon Fuel Service, and      )
SHORESIDE PETROLEUM, INC., d/b/a      )
Marathon Fuel Service, on its own     )
behalf,                               )    REPLY IN SUPPORT OF
                                      )    NUGGET CONSTRUCTION,
              Intervening Plaintiffs, )    INC.'S AND UNITED STATES
        and                           )    FIDELITY & GUARANTY
                                      )    CO., INC.'S MOTION FOR
METCO, INC.,                          )    SUMMARY JUDGMENT AGAINST
                                      )    METCO, INC. AND SHORESIDE
              Intervening Plaintiff,  )    PETROLEUM, INC.
                                      )
        vs.                           )
                                      )
NUGGET CONSTRUCTION, INC.; SPENCER    )
ROCK PRODUCTS, INC.,; UNITED          )
STATES FIDELITY AND GUARANTY          )
COMPANY; and ROBERT A. LAPORE,        )
                                      )
              Defendants.             )
_____)

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

## Introduction

"The purpose of summary judgment, which has been described as having a 'special niche' in litigation, is to 'pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required.'" MOORE'S FEDERAL PRACTICE 3D, § 56.02 (citing *Wynne v. Tufts Univ. School of Medicine,* 976 F.2d 791, 794 (1st Cir. 1992), *cert. denied,* 507 U.S. 1030 (1993). In their Opposition to Nugget's dual motions for summary judgment ("Motions") against Metco's and Shoreside's state law claims, Metco and Shoreside fail to move beyond the "allegations" contained in their respective complaints and establish "proof" that they have viable claims against Nugget and USF&G.

In the simplest terms, Metco and Shoreside take no issue with any of the law provided by Nugget in its Motions. More importantly, however, Metco and Shoreside fail to provide any <u>evidence</u> to affirmatively establish the factual predicates required for them to sustain their state law causes of action or create a genuine issue of material fact that would require that the Motions be denied.

Instead, Metco and Shoreside continue to spin their delusions of "conspiracies" and "fraud" in the apparent hope that these baseless assertions will be sufficient to distract the court's attention from their failure to adequately oppose Nugget's Motions.

Perhaps most disturbing are the wholly fabricated ad hominem attacks on Nugget's counsel asserting that Oles Morrison either

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Reply in Support of Nugget Construction, Inc.'s Motion for Summary
Judgment Against Metco and Shoreside-- Page 1 of 23

orchestrated, perpetrated or participated in a conspiracy to defraud
Metco, Shoreside, and/or North Star. Plaintiffs offer letters drafted
with the assistance of Oles Morrison for purposes of defending Nugget
as proof. Plaintiffs have provided no evidence that Nugget intended
to defraud anyone, so how is it possible that its lawyers did?
Certainly, counsel preparing or assisting a client with the drafting
of a letter does not create a conspiracy to defraud, and plaintiffs
cite no evidence or support to the contrary. This conclusion is
especially true when the position presented on Nugget's behalf — that
Spencer Rock was a supplier and not a subcontractor — was upheld by
the Ninth Circuit.

Again, it is important to emphasize that there is not a scintilla
of evidence to support claimants' assertion that Nugget entered into
its arms-length transactions with Spencer Rock with the intention of
(1) engaging in a conspiracy, (2) defrauding claimants, and/or (3)
losing over $1.5 million in supporting Spencer Rock's contractual
obligations (a fact that plaintiffs continue to ignore). Finally, the
question of Nugget's intentions when entering into its transactions
with Spencer Rock are _immaterial_ to the pending state law claims; that
question is only material to the federal implied-in-fact contract
question, which is not the subject of Nugget's Motions.

The time has come to put an end to claimants' attempts to
perpetuate their unsupportable allegations of state law claims,
including the unfounded demand for punitive damages. As Metco and

_U.S. ex rel. North Star, et al. v. Nugget Construction, et al._
Case No. A98-009 CIV (HRH)
Reply in Support of Nugget Construction, Inc.'s Motion for Summary
Judgment Against Metco and Shoreside-- Page 2 of 23

Shoreside have utterly failed to supply facts supporting their state law claims or to create any genuine issue of material fact as to the evidence provided by Nugget, Nugget is entitled to judgment as a matter of law on all state law claims.  Therefore, Nugget's Motions should be granted.

## I.    STATEMENT OF FACTS

### A.    METCO'S AND SHORESIDE'S "FACTUAL DISCUSSION"

The section of Metco's and Shoreside's Opposition purporting to contain its "factual discussion" for purposes of responding to Nugget's Motions is little more than a lengthy extension of counsel's unsupported arguments from previous pleadings Metco and Shoreside have filed in this litigation.  However, counsel's arguments alone are insufficient to defeat a motion for summary judgment.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249-252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  Nowhere within this Section is there a single piece of admissible evidence supported by "the pleadings, depositions, answers to interrogatories, admissions on file" or any affidavits that establishes any of the various state law causes of action or that contradicts the facts set forth in Nugget's Motions.  *See* Fed. R. Civ. Pro. 56 (c).  As a result, Nugget's facts are unchallenged and can be accepted as true for purposes of these Motions.

### 1.    Nugget's Activities And Inactivities

There is no attempt made by Metco and Shoreside to produce admissible evidence to support any of the contentions made in this section of their Opposition.  The only attempt to reference something

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Reply in Support of Nugget Construction, Inc.'s Motion for Summary
Judgment Against Metco and Shoreside-- Page 3 of 23

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

from the record is the inclusion of excerpts from purported letters from the Army Corps of Engineers to Nugget.  These letters have not been provided to the Court, authenticated or properly attached to an affidavit or deposition testimony.  Thus, they cannot be considered as part of the court's deliberation on the Motions.[1]  However, even if considered by the court, they provide no support to Metco's and Shoreside's state law claims.  Nugget's submission of pay applications and its discourse with the Corps regarding the Spencer Rock backcharges have no relevance to whether there was a contractual relationship between Nugget and plaintiffs, or whether Nugget was guilty of negligence on this project.[2]

Metco and Shoreside baldly assert that it is common construction industry practice to require a material supplier to post a payment bond to protect sub-suppliers.  Plaintiffs offer no authority for this proposition, no doubt because, as a practical matter, such a position is nonsensical.  Why would the general contractor pay the premium required for the material supplier to post a bond to protect sub-tier suppliers that have no Miller Act recourse against the general

---

[1] Metco and Shoreside have utterly failed to properly present their evidence in accordance with the strictures set forth in *Orr v. Bank of America*, 285 F.3d 764 (9th Cir. 2002) (unauthenticated documents cannot be considered in a summary judgment motion).  In particular, the letters from the Corps have not been authenticated, or even provided, and therefore have no evidentiary value.

[2] The issue of Spencer Rock's backcharges was well known to the Corps and at no time did the Corps require Nugget to alter its pay applications because of that issue.  Thus, despite plaintiffs' attempts to portray the backcharges as some injustice being perpetrated upon the Corps, after a series of letters explaining that Nugget was acting properly with regard to Spencer Rock and its sub-suppliers, the Corps took no further action on this subject.

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Reply in Support of Nugget Construction, Inc.'s Motion for Summary
Judgment Against Metco and Shoreside-- Page 4 of 23

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106    Fax: (907) 258-5519

contractor in any event?  This would only unnecessarily raise the general contractor's price to the government and put it at risk of losing the job.  The Miller Act clearly sets forth the allocation of risk when it comes to sub-tier materialmen—i.e., for those entities, the statute considers them too remote for bond protection and they may look only to the first-tier supplier for payment.  This is precisely the case with the claimants in this matter.

    2.   <u>Shoreside's Activities</u>

    To support its factual assertions with regard to Shoreside's state law claims, Shoreside primarily relies on the deposition testimony of its own witness to promote its new found theory that it supplied the goods and services at issue in this litigation under two contracts simultaneously.  Shoreside's argument goes like this: (1) Shoreside had a credit agreement with Spencer Rock, (2) Shoreside also had a credit agreement with Nugget, thus, (3) the delivery of goods to Spencer Rock create a contract between Shoreside and Spencer Rock <u>and</u> between Shoreside and Nugget.  This unprecedented "dual contracts" theory is belied by Shoreside's own deposition testimony.

    At no point in his deposition does Mr. Lechner, Shoreside's 30(b)(6) designee, state that there was a direct contractual relationship between Shoreside and Nugget for the goods and services provided to Spencer Rock.  All Shoreside does in its Opposition is attempt to argue an inference that such a relationship existed, despite the testimony to the contrary.  The true nature of Shoreside's understanding of its contractual relationship for this project,

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Reply in Support of Nugget Construction, Inc.'s Motion for Summary
Judgment Against Metco and Shoreside-- Page 5 of 23

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

however, is summed up by the following testimony from Shoreside's vice

president and 30(b)(6) deponent:

> Q.    So in other words, in your mind, your contract was with
>        Spencer Rock, but you had a bond in place in case Spencer
>        Rock failed to pay you.  Is that a fair summary?
>
> A.    I think that's a fair assessment."

Nugget Motion Against Shoreside (Docket No. 481), Krider Aff., Ex. 1,

Lechner Dep., p. 24, ln. 8-11 (Docket No. 482).

Even the leading testimony Mr. Lechner provided to his counsel

during his deposition, which Shoreside cites in its Opposition,

confirms that Shoreside believed its contract to be with Spencer Rock,

and only Spencer Rock:

> Q.    And at the time of this contract, who did you understand
>        you would be providing fuel to at the Spencer pit?
>
> A.    For the Spencer pit project, Spencer Rock was supposedly
>        going to be doing rock work out there at the quarry, and
>        that's who we'd be delivering the fuel to for this
>        initial part of the project.
>
> Q.    Who did you understand would be paying for the fuel
>        delivered at the Spencer Rock quarry?
>
> A.    At the time, Spencer Rock was the company that we were
>        billing the invoices to.  But we did know that Nugget
>        Construction was the general contractor.
>
> Q.    During the initial contact for the delivery of the rock—
>        or the delivery of fuel to the quarry, did Mr. LaPore or
>        Mr. Randolph ever indicate that Nugget was going to
>        guarantee payment of the billings to Spencer Rock for the
>        fuel?
>
> A.    The only thing that was mentioned about Nugget's payment
>        was when Bob LaPore said he was getting paid by Nugget to
>        pay for his – for the portion of fuel – he'd be paying
>        directly – being paid directly by Nugget.
>
>        ***

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Reply in Support of Nugget Construction, Inc.'s Motion for Summary
Judgment Against Metco and Shoreside-- Page 6 of 23

> Q.    (by Shoreside's counsel) In response to some questions
>        from Mr. Machetanz you were talking about the credit
>        practices.  Is it possible that credit was extended in
>        this case because Shoreside was confident it would be
>        paid from one of the parties that it could look to for
>        payment?
>
> A.    Well, again, I'll repeat what I've said all along, is, we
>        did look to the general contractor, as a bonded project,
>        for payment.

Metco and Shoreside Opposition, pp. 11-12, 19-20 (objection omitted).[3]

The statement that Shoreside looked to Nugget, as the general contactor on a bonded project, for ultimate payment is a far cry from Shoreside believing there was a direct contractual relationship between Nugget and Shoreside for the goods and services provided to Spencer Rock.  Nothing in Mr. Lechner's deposition testimony supports Shoreside's state law claims.  Moreover, Shoreside's feeble attempt to concoct its "dual-contract" theory is without a shred of factual or legal support and, in fact, is defeated by the evidence, including the testimony of its own corporate designee, on which Shoreside so strenuously relies.

3.    Metco's Activities

Remarkably, on pages 22-23 of its Opposition, Metco takes no exception to Nugget's facts as set forth in the Motions.  More importantly, Metco's statements alleging additional facts to those presented by Nugget fail to establish any of the elements required to maintain Metco's state law claims.  Metco fails to offer a single statement demonstrating either a direct contractual relationship

---

[3] Nugget renews its objections to the testimony provided in the deposition excerpts as specified therein.

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Reply in Support of Nugget Construction, Inc.'s Motion for Summary
Judgment Against Metco and Shoreside-- Page 7 of 23

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106    Fax: (907) 258-5519

between Metco and Nugget on the project, or that Metco relied on any action of Nugget. Instead, all of the relevant references in this section relate to Metco's contract with Spencer Rock. Indeed, Metco's only argument, the significance of which the Ninth Circuit considered and dismissed, is that Metco made the erroneous assumption that it would be covered by Nugget's bond.

For purposes of the court's consideration of Metco's Opposition, Metco has truly provided <u>no</u> evidence, as none of its statements are in the form required under Rule 56. Fed. R. Civ. P. 56; *Orr v. Bank of America, supra.* Thus, in the absence of any substantive argument, and because Metco has utterly failed to adhere to the procedural requirements of either *Celotex* or *Orr*, the Court has no choice but to grant Nugget's Motion against Metco.

II.    <u>Legal Argument</u>

A.    <u>SUMMARY JUDGMENT STANDARD OF REVIEW</u>

Rule 56(c) of the Federal Rules of Civil Procedure instructs that a motion for summary judgment shall be "rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there are no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Federal summary judgment procedure requires the piercing through the pleadings and their adroit craftsmanship to reach the substance of the claim. *See, e.g., Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Reply in Support of Nugget Construction, Inc.'s Motion for Summary
Judgment Against Metco and Shoreside-- Page 8 of 23

**OLES MORRISON RINKER & BAKER LLP**
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106    Fax: (907) 258-5519

Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial. *See id.* Accordingly, "an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

The Supreme Court addressed a nearly identical situation to the one presented in Metco's and Shoreside's Opposition — i.e., one in which the plaintiff failed to provide evidence supporting the essential elements of its claim — in the case of *Celotex v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The Court held:

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Id.* at 322-23.

As was the case with the plaintiff in *Celotex*, Metco and Shoreside bear the burden of proof at trial with regard to their state law claims. Also similar to the *Celotex* plaintiff, Metco's and Shoreside's respective inability to produce evidence establishing a

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Reply in Support of Nugget Construction, Inc.'s Motion for Summary
Judgment Against Metco and Shoreside-- Page 9 of 23

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

factual basis for their claims renders those state law claims subject to summary dismissal. "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and we think it should be interpreted in a way that allows it to accomplish this purpose." *Id.* at 323-24. That is precisely what this Court should do with respect to plaintiffs' state law claims.[4]

B.   METCO'S AND SHORESIDE'S LEGAL DISCUSSION SECTION DOES NOT PROVIDE ANY BASIS FOR DENYING THE MOTIONS

Given Metco's and Shoreside's failure to produce any evidence supporting the essential elements for their state law claims, it is not surprising that they did not provide any citation to the records in this case in support of their legal positions. Instead, Metco and Shoreside do little more than repeat for the Court the same legal authority set forth in Nugget's Motions and then recite conclusory statements in lieu of actual facts to support their claims. Nugget's and USF&G's Motions establish a factual record that not only proves the absence of material facts supporting plaintiffs' claims, but also that contradicts the assertions made in the respective Amended Complaints. The deponents for both Metco and Shoreside acknowledge that their contracts were with Spencer Rock, and not Nugget, and that

---

[4] In its response to Nugget's and USF&G's Motion for Summary Judgment on North Star's State Law Claims, North Star attempts to lend a helping hand to the other claimants by stating that much of its Opposition also applies to them. North Star's Opposition (Docket No. 535) at p. 4. However, as with cross motions for summary judgment, each parties' Opposition must stand on its own in terms of its evaluation under Fed. R. Civ. P. 56. *Alioto v. United States*, 593 F. Supp. 1402, 1413 (N.D. Cal. 1984). Thus, Metco and Shoreside must survive or fail on their own merits.

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Reply in Support of Nugget Construction, Inc.'s Motion for Summary
Judgment Against Metco and Shoreside-- Page 10 of 23

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

they only looked to Nugget because there was a bond in place that they erroneously believed covered them.  Under these facts, there exist no state law causes of action.

### 1.  Breach of Contract

Metco and Shoreside make no effort to establish a contractual relationship between themselves and Nugget, other than through counsel's argument.  Instead, plaintiffs attempt to turn contract law on its head by arguing that Nugget was contractually bound because "Nugget did not exhibit any conduct to manifest an intent not to be bound under the circumstance."  Opposition at p. 25.  Under plaintiffs' approach, contracts exist between parties unless or until one of the parties overtly denounces the contract.  Surely such an approach only exists when one travels *Through the Looking Glass*. Unfortunately, to establish the existence of a contract under Alaska state law, Metco and Shoreside must show (1) an offer that encompasses the agreement's essential terms, (2) unequivocal acceptance, (3) consideration, and (4) a mutual intent to be bound.  *See Midgett v. Cook Inlet Pre-Trial Facility*, 53 P.3d 1105 (Alaska 2002).

Metco and Shoreside also argue that contracts were formed when they supplied copies of their invoices to Nugget without Nugget renouncing them.  Not only do they cite no authority indicating that a contract is formed when one party asks to see the invoices previously presented to a third-party, but they also neglect to tell the Court that the invoices were provided <u>after</u> both had ceased performing work for Spencer Rock.  Nugget Motion Against Metco, Krider Aff., Ex. 1, p.

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Reply in Support of Nugget Construction, Inc.'s Motion for Summary
Judgment Against Metco and Shoreside-- Page 11 of 23

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

21, ln. 4-17, and p. 30, ln. 12 through p. 31, ln. 4; Nugget Motion

Against Shoreside, Krider Aff., Ex. 1, p. 25, ln. 7-18 ("Q  But when

you had these discussions with Randy Randolph, did Randy Randolph ever

indicate to you that Nugget would pay for [the goods supplied by

Shoreside to Spencer Rock]?  A  The one conversation I had when I

asked him, he said that they wouldn't pay for them.").

There is no evidence that a contract – oral, written, express or

implied – was ever entered into between Nugget and Shoreside or

between Nugget and Metco for the goods and services they provided to

Spencer Rock for this project.  Without an "agreement" or "meeting of

the minds" between Nugget and plaintiffs, there is no basis for

finding a contract.  Neither Metco nor Shoreside present any facts

supporting the assertion of an "agreement" or "meeting of the minds"

between them and Nugget– i.e., a mutual intent to be bound.

Accordingly, Metco's and Shoreside's state law contract claims should

be dismissed.

2.    Quasi-Contract

Metco and Shoreside do not dispute the Alaska law holding that

one cannot recover under a theory of "quasi-contract" when there is an

express contract covering the transaction.  Plaintiffs acknowledge

that they are not entitled to such a recovery if an express contract

is found between them and Nugget.  However, plaintiffs ignore the

established fact that there was an express contract between each of

them and Spencer Rock.  As such, there is no legal or factual basis

for this claim against Nugget.

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Reply in Support of Nugget Construction, Inc.'s Motion for Summary
Judgment Against Metco and Shoreside-- Page 12 of 23

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106    Fax: (907) 258-5519

### 3.    Promissory Estoppel

After citing Nugget's authority controlling promissory estoppel claims, Metco and Shoreside fail to articulate: (1) what action by Nugget induced them to substantially change their positions, (2) what positions were in fact changed, or (3) what actual promise was made by Nugget to either of them.  Plaintiffs' statement to the effect that the first three elements of this claim are "present in this case" are merely conclusory and do not substantiate this claim.  Equally fallacious is plaintiffs' argument that "enforcement is necessary in the interest of justice."  In the absence of any facts to refute Nugget's argument, it is no surprising that plaintiffs must resort to vague and unsubstantiated equitable notions involving the "interest of justice."  As is true of its other meritless claims, this cause of action should be dismissed.  *Celotex, supra.*

### 4.    Detrimental Reliance

As with promissory estoppel, plaintiffs make no showing as to how the elements of their detrimental reliance claim are supported by the facts in the record.  The only "reasonable reliance" plaintiffs have ever articulated relates to their unfounded belief that they were covered by the Miller Act payment bond.  However, this legally erroneous belief cannot possibly be deemed "reasonable" for purposes of establishing a cause of action between plaintiffs and Nugget in view of the Miller Act's express language and historical interpretation, which shields the general contractor from such distant and tenuous claims.

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Reply in Support of Nugget Construction, Inc.'s Motion for Summary
Judgment Against Metco and Shoreside-- Page 13 of 23

5.    <u>Negligent Misrepresentation</u>

Once again, Metco and Shoreside have made no attempt to set forth any facts to establish the necessary elements of their negligent misrepresentation claim.  In fact, plaintiffs have never alleged an affirmative misrepresentation on the part of Nugget in this case; they have only relied on the non-disclosure of the Support Agreement as the basis for an "omission" claim.  Metco's and Shoreside's claims for negligent misrepresentation are unsupported and should be dismissed.

6.    <u>Fraudulent Misrepresentation and Non-Disclosure</u>

Without any factual support or legal authority, Metco and Shoreside argue that the Support Agreement between Nugget and Spencer Rock "was illegal and void as a matter of law to the extent it is interposed by Nugget to justify non-payment to the three claimants." This argument is nothing more than a re-iteration of plaintiffs' "strawman" theory under their Miller Act claims, and is not pertinent to the discussion of the state law cause of action for non-disclosure. In order for Nugget to be liable for the non-disclosure of the Support Agreement, plaintiffs must establish that there was a special relationship between them and Nugget, such that a duty exists that requires disclosure.  *Hagans, Brown & Gibbs v. First Nat. Bank of Anchorage*, 810 P.2d 1015, 1019 (Alaska 1991).  Plaintiffs have made no showing demonstrating the existence of a special relationship and have cited no authority creating a duty of disclosure by Nugget.  Thus, this claim should also be dismissed.

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106    Fax: (907) 258-5519

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Reply in Support of Nugget Construction, Inc.'s Motion for Summary
Judgment Against Metco and Shoreside-- Page 14 of 23

7.    Negligence

Even though Metco and Shoreside spend a large part of their Opposition discussing the issue of negligence, they fail to cite any authority supporting the existence of a duty between Nugget and the plaintiffs.  In fact, Metco and Shoreside simply rely on the exact same authority cited in Nugget's Motions.  Because plaintiffs are unable to provide any authority for the imposition of a duty in this case, Metco and Shoreside ask the court to create one out of whole cloth – "This court can identify a class of cases to which its ruling would apply namely the claimants who provide goods and perform services for the use and benefit of a federal project."  Opposition at 28.

Ostensibly, plaintiffs are asking this court to create a duty between a general contactor and a sub-tier materialman to ensure payment to the latter.  Of course, the federal Miller Act pre-empts any such duty when it comes to defining the relationships and obligations between contractors and materialmen on a federally funded project.  In this case, the Ninth Circuit, in interpreting the Miller Act, held that there was no obligation for Nugget and/or USF&G to pay the claimants on behalf of Spencer Rock, because of Spencer Rock's status as a materialman.

The imposition of a common law, tort duty on the part of Nugget to ensure payment to sub-tier materialmen providing goods and services to a first-tier materialman would be unprecedented and would completely undermine the traditional notions of contractual privity.

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Reply in Support of Nugget Construction, Inc.'s Motion for Summary
Judgment Against Metco and Shoreside-- Page 15 of 23

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

The "duty" plaintiffs seek to impose is really nothing more than what is already handled under the Miller Act through the "strawman" line of cases. However, under the Miller Act, the analysis remains in contract and not tort, as the "strawman" theory is predicated on federal implied-in-fact contract law. The imposition of a tort duty on the general contractor to a sub-tier materialman would also undermine the express language and purpose of the Miller Act, which does not permit punitive damages. Plaintiffs have not set forth any factual or legal basis for establishing a new cause of action sounding in tort, and the Court should not accept plaintiffs' invitation to do so.

The problem of attempting to mix Miller Act and tort claims was previously discussed in the case of *Allied Building Products Corp. v. Federal Insurance Company*, 729 F.Supp 477 (D.Md. 1990). In that case, the District Court denied plaintiff's motion to amend its complaint to allege new tort claims. In denying the request, the court stated:

> Finally, the Court notes that the Miller Act was intended as a simple remedy for unpaid subcontractors on federal building projects. The essence of the Miller Act is a breached contractual obligation. To allow such a case to turn into a tort case would frustrate the purpose of the Miller Act by complicating the litigations immensely. Therefore, the Court would not, in the exercise of its discretion, entertain the sort of pendent claims sought here to be asserted, even if they had merit *prima facie*.

*Id.* at 479. In addition, the court also dismissed plaintiff's punitive damages claims, as no tort claims existed to which the punitive damages could attach.

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Reply in Support of Nugget Construction, Inc.'s Motion for Summary
Judgment Against Metco and Shoreside-- Page 16 of 23

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

The District Court's view of the inappropriate mixing of Miller Act and tort claims was cited favorably by the Eleventh Circuit in the case of *Krupp Steel Products, Inc. v. Aetna Insurance Company*, 923 F.2d 1521 (11th Cir. 1991).

In advancing their argument for the imposition of a duty, plaintiffs state that motor vehicle claims prove that there need not be privity for recovery of "pure economic loss." However, "economic loss," as discussed in Nugget's Motions, deals only with instances where there is no personal injury or property damage; e.g., lost profits, re-procurement costs, etc. The "economic loss rule" dictates that losses of a purely financial nature, like the ones sought by plaintiffs in this case, are not recoverable in tort. *See Berschauer Phillips Construction Co. v. Seattle School District No. 1*, 881 P.2d 986 (Wash. 1994). Under plaintiffs' argument, in addition to creating a duty in federal contracting, they also seek to impose a duty on every contracting party to insure that any lower tier entity in the chain of privity is paid. It perhaps goes without saying that there is absolutely no authority for this proposition, and this Court should decline to adopt plaintiffs' proposed unlimited scope of duty.

Without the existence of a duty, the remaining analysis of whether a party committed negligence is unnecessary. Plaintiffs, however, in conclusory fashion, march through the seven factor test and insist that they apply to this case. There is again no factual citation or legal authority supporting their position. The one factor worth commenting on relates to the notion that insurance is available

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Reply in Support of Nugget Construction, Inc.'s Motion for Summary
Judgment Against Metco and Shoreside-- Page 17 of 23

for these claims.  First, there is no affidavit or deposition

transcript supporting any of the statements attributable to Mr.

Ferguson or Mr. Smithson.  Even without this deficiency, there is

nothing indicating that there is insurance coverage, only that

plaintiffs have undertaken substantial efforts hoping to find

coverage.  To date, no carrier has accepted coverage for plaintiffs'

claims.

      8.   Unjust Enrichment, Restitution, Quantum Meruit

After agreeing with Nugget's assessment of the law on these

subjects, Metco and Shoreside make no effort to contradict the

evidence provided by Nugget that it lost in excess of $1.5 million in

its dealings with Spencer Rock.  Nor do plaintiffs contradict Nugget's

payment to Spencer Rock of more than $197,000.  The fact that

plaintiffs performed their services and supplied their goods to

Spencer Rock is undisputed.  As such, it is Spencer Rock was most

certainly unjustly enriched by plaintiffs, not Nugget.  In reality,

Spencer Rock's incompetence caused all of the parties dealing with it

to lose money on this project, and the foremost among them was Nugget.

Plaintiffs also complain about the assertion of Nugget's losses

being provided in a perfectly valid affidavit, which is ironic given

the utter lack of proper evidence in the Opposition.  However,

although plaintiffs have had access to Nugget's financial information

for this project and have taken several depositions during which the

project's financial performance was discussed, they have provided not

one fact to dispute Nugget's losses.  As such, there is no evidence

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106    Fax: (907) 258-5519

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Reply in Support of Nugget Construction, Inc.'s Motion for Summary
Judgment Against Metco and Shoreside-- Page 18 of 23

supporting the contention that Nugget was unjustly enriched by plaintiffs' actions.

### 9. Equitable Subordination

Metco and Shoreside have failed to identify any facts or legal authority to establish their claims for equitable subordination, and based on the analysis provided in the Motions, this claim should be denied.

### 10. Constructive Trust

Metco and Shoreside have failed to identify any facts or legal authority to establish their claims for constructive trust, and based on the analysis provided in the Motions, this claim should be denied.

### 11. Agency

In Opposition to Nugget's Motions, Metco and Shoreside appear to simply adopt North Star's Motion for Summary Judgment on Agency as their defense. To the extent plaintiffs seek to rely on a federal law of agency relating to their Miller Act claims, that claim is no different than their "strawman" claims. Plaintiffs have already once before asserted against Nugget claims relative to the alleged existence of an agency relationship under the Miller Act between Nugget and Spencer Rock, and the Ninth Circuit held that plaintiffs failed to adduce evidence sufficient to prevail on summary judgment. Nugget has addressed North Star's Motion in its recently filed Opposition. However, those arguments are separate and distinct from any claims plaintiffs are making pursuant to Alaska law.

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Reply in Support of Nugget Construction, Inc.'s Motion for Summary Judgment Against Metco and Shoreside-- Page 19 of 23

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106    Fax: (907) 258-5519

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106    Fax: (907) 258-5519

It is not clear from their Opposition whether Metco and Shoreside are continuing to make state law agency claims. To the extent they are, they have made no effort to establish the factual and legal predicates for such a claim. In addition, they have made no attempt to distinguish the authority cited by the Court in its August 30, 2002 Order (Docket 310); i.e., that under Alaska law, an undisclosed principal is not liable for the actions of the agent. Further, the court found no evidence of an agency relationship between Nugget and Spencer Rock, but stated that if an agency relationship existed, Nugget could not be responsible, as it was undisclosed.

As set forth in Nugget's Motions, plaintiffs' state law agency claims should be dismissed.

12. Punitive Damages

In their Opposition, Metco and Shoreside mistakenly argue that the burden is on Nugget to establish that plaintiffs are <u>not</u> entitled to punitive damages. However, under *Celotex*, the burden of establishing the existence of conduct that was so outrageous as to warrant punitive damages is on the plaintiffs. Plaintiffs fail to provide any evidence of malicious behavior on Nugget's part.

"[W]here there is no evidence that gives rise to an inference of actual malice or conduct sufficiently outrageous to be deemed equivalent to actual malice, the trial court need not submit the punitive damages issue to the jury. Indeed, submitting the issue to the jury in such a situation may constitute reversible error." *Alyeska Pipeline Serv. Co.*, 645 P.2d 767, 774 (Alaska 1982).

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Reply in Support of Nugget Construction, Inc.'s Motion for Summary
Judgment Against Metco and Shoreside-- Page 20 of 23

In this case, Nugget entered into a material supply contract with Spencer Rock. When Spencer Rock asked Nugget for support to help it meet its contractual obligations to Nugget, Nugget and Spencer Rock entered into a support agreement to allow Nugget to deduct from Spencer Rock's progress payments the cost of Nugget's efforts in helping Spencer Rock. *See* Motions and accompanying affidavits. There is no evidence to suggest that Nugget entered into the Support Agreement with the intention of it costing Nugget well in excess of Spencer Rock's contract value, such that it would lose $1.5 million and that the claimants would not be paid by Spencer Rock. Under these circumstances, plaintiffs' punitive damages claims are legally insufficient to be allowed to be presented to the jury and should be dismissed.

### III. CONCLUSION

Given Metco's and Shoreside's fundamental failure to properly respond to Nugget's Motions by satisfying their burden of demonstrating the factual support for their state law claims, the court should have little difficulty in dismissing those claims. However, it is important to note that, even if plaintiffs had made the effort to respond to Nugget's Motions, the result would be the same. Metco's and Shoreside's state law claims are simply unfounded in this case. That even plaintiffs know this to be true is evident by the virtual absence of state law claims prior to the Ninth Circuit's decision finding Spencer Rock to be a materialman and not a subcontractor. In addition, the tort claims that were added last

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Reply in Support of Nugget Construction, Inc.'s Motion for Summary
Judgment Against Metco and Shoreside-- Page 21 of 23

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

1   year, including the punitive damages claim, are nothing more than a

2   thinly veiled attempt to recover sums this court and the Ninth Circuit

3   have held are not recoverable under plaintiffs' Miller Act claims.

4       The time has come to rid this case of the superfluous claims

5   brought by plaintiffs and try the only issue that is relevant to the

6   true dispute in this case; i.e., whether Spencer Rock was a "strawman"

7   on this project.  The answer to that question at trial will ultimately

8   be no.  However, there is no reason to burden the parties or the Court

9   with the time and expense of litigating a dozen separate state law

10  claims that lack factual support.  For the reasons set forth above,

11  Nugget and USF&G ask the court to dismiss all of Metco's and

12  Shoreside's state law claims.

13  Dated:  May 22, 2006            OLES MORRISON RINKER & BAKER LLP

14                                 Attorneys for Nugget Construction,
                                   Inc., and United States
15                                 Fidelity and Guaranty Co.

16

17                                 By: s/Thomas R. Krider
                                      Thomas R. Krider
18                                    krider@oles.com
                                      Washington Bar No. 29490
19                                    745 West 4th Avenue, Suite 502
                                      Anchorage, AK 99501
20                                    Phone: (907) 258-0106
                                      Fax:   (907) 258-5519
21

22

23

24

25

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106    Fax: (907) 258-5519

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Reply in Support of Nugget Construction, Inc.'s Motion for Summary
Judgment Against Metco and Shoreside-- Page 22 of 23

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106    Fax: (907) 258-5519

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 22nd
day of May, 2006, a true and correct
copy of the foregoing was served

 electronically, via ECF on:

Michael W. Sewright, Esq.
mws@bpk.com
Burr, Pease & Kurtz
810 N Street
Anchorage, AK  99501

Steven J. Shamburek, Esq.
shamburek@gci.net
Law Office of Steven J. Shamburek
425 G Street, Suite 630
Anchorage, AK  99501-5872

Paul Stockler, Esq.
paulstockler@aol.com
1309 West 16th Avenue
Anchorage, AK  99501

Herbert A. Viergutz, Esq.
barmar@gci.net
Barokas Martin & Tomlinson
1029 West Third, Suite 280
Anchorage, AK 99501

C. Patrick Stoll, Esq.
cps@hvslaw.com
Herrig Vogt & Stoll LLP
4210 Douglas Bay Blvd., Suite 100
Granite Bay, CA 95746-5902

OLES MORRISON RINKER & BAKER LLP


By:   s/Thomas R. Krider


P-TRK Reply in Support of MSJ Metco and Shoreside State Law 99310.0002.doc


*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Reply in Support of Nugget Construction, Inc.'s Motion for Summary
Judgment Against Metco and Shoreside-- Page 23 of 23