Michael W. Sewright
BURR, PEASE & KURTZ
810 N Street
Anchorage, AK  99501-3293
Telephone:   (907) 276-6100
Fax No.:       (907) 258-2530
Attorneys for North Star

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a Northern Stevedoring & Handling, and NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a Northern Stevedoring & Handling, on its own behalf,<br><br>              Plaintiffs,<br>     and<br><br>UNITED STATES OF AMERICA for the use of SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Services, and SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Services, on its own behalf,<br><br>              Intervening Plaintiffs,<br>     and<br><br>METCO, INC.,<br><br>              Intervening Plaintiff,<br>     vs.<br><br>NUGGET CONSTRUCTION, INC.; SPENCER ROCK PRODUCTS, INC.; UNITED STATES FIDELITY AND GUARANTY COMPANY; and ROBERT A. LAPORE,<br><br>              Defendants. | Case No. 3:98-cv-009-HRH<br><br>**NORTH STAR'S MEMORANDUM IN REPLY TO OPPOSITION TO NORTH STAR'S MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT AGAINST USF&G UPON ITS AFFIRMATIVE DEFENSES** |

North Star's Memorandum in Reply to Opposition
to North Star's Motion and Memorandum for Summary
Judgment Against USF&G Upon its Affirmative Defenses
*North Star Terminal & Stevedore Co., et al v. Nugget Construction et al*
Case No. A98-009 CV
Page 1 of 16

45-40 / #83758

## I. INTRODUCTION

Once again, defendant USF&G, like its co-defendant Nugget, seeks to sidestep and avoid a motion filed against it by mischaracterizing that motion rather than addressing it directly.[1] In its present Opposition (Clerk's Docket No. 522), USF&G incorrectly asserts that North Star "seeks to strike USF&G's Affirmative Defenses" through it Motion and Memorandum for Summary Judgment Against USF&G Upon Its Affirmative Defenses filed May 1, 2006 (Clerk's Docket No. 494).  That is not true.  Rather, North Star seeks to have USF&G's Affirmative Defenses dismissed as a matter of summary judgment pursuant to Federal Rule of Civil Procedure 56.  It requests that relief because USF&G fails to state a factual basis for those defenses, or to produce or to identify admissible evidence to support them, despite discovery requests and a motion that it do so.  Under the circumstances, North Star has every right to move for summary judgment upon those affirmative defenses, as to which USF&G has the burden of proof but has only made allegations and stubbornly refused to provide fact.  Under those circumstances summary judgment is proper.  Under those circumstances, North Star could move for summary judgment upon the issue.  Contrary to another of USF&G's incorrect assertions, North Star need not first file a motion to compel discovery of what USF&G refuses to give.

USF&G is equally mistaken in its "presumption" (Clerk's Docket No. 522 at p. 2) that North Star moved for summary judgment under Rule 56 rather than to compel discovery under Rule 37 in order to "avoid" the "meet and confer" provision of Rule 37 or to avoid first obtaining

---

[1]  This has become a continuing pattern both in Nugget and USF&G's filings over the past month and in prior years, a pattern it is believed Judge Holland was familiar with.

North Star's Memorandum in Reply to Opposition
to North Star's Motion and Memorandum for Summary
Judgment Against USF&G Upon its Affirmative Defenses
*North Star Terminal & Stevedore Co., et al v. Nugget Construction et al*
Case No. A98-009 CV
Page 2 of 16

45-40 / #83758

an order compelling "supplementation" of USF&G's discovery responses.  Provisions of Rule 37 governing motions to compel discovery do not govern or become incorporated into the procedure governing Rule 56 motions for summary judgment.  It was only at the end of North Star's Motion and Memorandum for Summary Judgment Against USF&G that North Star asserted, in the alternative, that:

> . . . should the Court permit USF&G *in opposition to this motion to present some factual basis for its defenses supported by admissible evidence which the Court determines sufficient to defeat summary judgment, then at that time* the Court should also compel USF&G to provide *all* factual bases and responsive documents through complete answers to North Star's Interrogatory 10 and Request for Production 11 propounded to it, together with costs, fees, and sanctions in the Court's discretion, pursuant to Federal Rule of Civil Procedure 37.

*See* Clerk's Docket No. 494 at p. 7 n.4 (emphasis added).

It was only in that alternative context that it was represented that plaintiffs' counsel had sought to confer with defense counsel for complete answers to those discovery requests.  That is no suggestion that a "meet and confer" provision applies to a motion for summary judgment, because it does not.  It would be a mistake to allow USF&G to turn that alternative procedure into a shield and sword against North Star, especially where in fact USF&G, in its opposition to this motion, has not presented "some factual basis for its defenses supported by admissible evidence" which the Court can determine sufficient to defeat summary judgment.  Where USF&G has failed to present sufficient basis to defeat the motion for summary judgment, the alternative no longer applies.

It will be shown that, at the same time USF&G improperly seeks to hide behind the smoke and mirrors of "procedural deficiency", it utterly fails to timely provide the factual bases and admissible evidence for its affirmative defenses that is necessary to avoid summary

---

North Star's Memorandum in Reply to Opposition
to North Star's Motion and Memorandum for Summary
Judgment Against USF&G Upon its Affirmative Defenses
*North Star Terminal & Stevedore Co., et al v. Nugget Construction et al*
Case No. A98-009 CV
Page 3 of 16

45-40 / #83758

judgment. In fact, USF&G does not even attempt to timely supplement its inadequate discovery responses regarding its affirmative defenses. Accordingly, the "contingency" addressed at page 7, note 4, of North Star's Motion and Memorandum has never arisen. USF&G has presented no factual basis for its affirmative defenses, particularly those which were properly pled. Accordingly, North Star is entitled to summary judgment upon its motion.

## II. DISCUSSION

USF&G, which is represented by the law firm of Oles Morrison Rinker & Baker in its instant Opposition, admits that on February 14, 2006, "North Star propounded similar sets of interrogatories [plus production requests] on Nugget and USF&G respectively." Clerk's Docket No. 522 at p. 3. Those complete discovery requests were attached as Exhibits 1 and 2 to the Affidavit filing exhibits in conjunction with North Star's Motion and Memorandum. *See* Clerk's Docket No. 495.

USF&G also admits that in response to those discovery requests "Oles Morrison provided . . . Nugget's answers" and the law firm of "Barokas Martin [& Tomlinson] separately provided USF&G's answers." Clerk's Docket No. 522 at p. 3. Although in its Opposition USF&G refers only to the interrogatory that sought the factual bases for each of the affirmative defenses asserted by Nugget and USF&G, in fact, as was set out in North Star's Motion and Memorandum, there was also a related request for production. Both that interrogatory, which sought the factual bases for USF&G's affirmative defenses, and that request for production, which sought identification of documents supporting those defenses, are involved.

The fact remains that even at this juncture, in its response to a motion for summary judgment against those affirmative defenses, USF&G has not provided the factual bases for those

North Star's Memorandum in Reply to Opposition
to North Star's Motion and Memorandum for Summary
Judgment Against USF&G Upon its Affirmative Defenses
*North Star Terminal & Stevedore Co., et al v. Nugget Construction et al*
Case No. A98-009 CV
Page 4 of 16

45-40 / #83758

defenses, whether timely and properly pled or improperly pled.[2]  Neither has it identified any admissible evidence to support them in order to defeat the motion for summary judgment.  The time for doing so has passed.  USF&G has chosen to gamble instead, through its several "avoidance" arguments.

USF&G argues that in its Motion and Memorandum North Star "ignores" the response Nugget provided to the interrogatory requesting the factual bases for Nugget's affirmative defenses.  Clerk's Docket No. 522 at p. 3.  However, North Star did not ignore that response.  It specifically referred to that response in its Memorandum at Clerk's Docket No. 494, p. 5.  It also attached that response together with Nugget's other responses in their entirety as Exhibit 4 to the accompanying Affidavit in support (Clerk's Docket No. 495).  North Star also noted that those responses, made through the law firm of Oles Morrison Rinker & Baker, were "expressly made only on behalf of Nugget Construction, Inc. and not at all on behalf of USF&G," *id*.—just as USF&G presently admits.

USF&G, as now represented in its Opposition by the Oles Morrison firm, also argues (Clerk's Docket No. 522 at p. 3) that USF&G, while represented by the Barokas Martin firm really intended to "adopt" the Nugget responses when USF&G served its own discovery responses dated March 14, 2006 (*see* Clerk's Docket No. 495 at Exh. 3 p. 6).

That very inventive argument falls on its face.

---

[2]   As was also set out in North Star's Motion and Memorandum, Barokas Martin & Tomlinson purported to lodge an untimely and improper Notice of Forwarding Additional Affirmative Defense, without seeking or obtaining leave of court and contrary to the court rules and the Court's Order governing pleadings and pleading deadlines in this case.  Clerk's Docket No. 494 at p. 3.  One of those untimely and improperly pled "defenses" is a "statute of limitations" argument upon which USF&G has sought and North Star has opposed summary judgment.  *See* Clerk's Docket No. 547 (North Star's Opposition).

North Star's Memorandum in Reply to Opposition
to North Star's Motion and Memorandum for Summary
Judgment Against USF&G Upon its Affirmative Defenses
*North Star Terminal & Stevedore Co., et al v. Nugget Construction et al*
Case No. A98-009 CV
Page 5 of 16

45-40 / #83758

First of all, as just noted, USF&G's discovery responses prepared and served through Barokas Martin & Tomlinson, were signed and sworn to, under oath, by Janice S. Smith, USF&G's bond claim counsel, on *March 14, 2006*. Clerk's Docket No. 495 at Exh. 3, p. 7. That was *fully six days before* Nugget responded, through the Oles Morrison Rinker & Baker firm. *Id*. at p. 16. As earlier noted, Nugget's answers were expressly submitted solely on behalf of Nugget. *Id*. at Exh. 4. They were in response to the discovery requests to Nugget. They were entitled "Nugget's Responses", were sworn to and signed only by a Nugget representative, and referred specifically to only "Defendant Nugget" throughout, including in Nugget's answer to Interrogatory No. 14 and response to Request for Production No. 11. *Id*. How could USF&G adopt, under oath, another party's discovery responses which were not yet in existence? Can Ms. Smith affirmatively demonstrate to the Court's satisfaction that Nugget's March 20, 2006 responses to that discovery request were prepared, in existence, and read and "adopted" by her on March 14, 2006? That has not been demonstrated yet.

In addition, USF&G bases it argument now, through a different law firm, that it "adopted" Nugget's discovery responses as its own only by pointing to the following language found in its March 14, 2006 response:

> See Response of Defendant, Nugget Construction, Inc., to a similar Discovery Request as Answering Defendant was also being represented by Oles Morrison Rinker & Baker on the date the Affirmative Defenses were forwarded on behalf of both Defendants.

Clerk's Docket No. 522 at p. 5. Nowhere are the words "adopted" or "incorporated" used there.

Moreover, even giving USF&G the benefit of the doubt as to that language, there remains the problem that Nugget, in its "Response," had only the following to say with regard to Affirmative Defense Nos. 3, 5, 7, and 10: "With regard to Nugget and not USF&G, this

---

North Star's Memorandum in Reply to Opposition
to North Star's Motion and Memorandum for Summary
Judgment Against USF&G Upon its Affirmative Defenses
*North Star Terminal & Stevedore Co., et al v. Nugget Construction et al*
Case No. A98-009 CV                                                                                    45-40 / #83758
Page 6 of 16

Affirmative Defense is withdrawn." *See* Clerk's Docket No. 495 at Exh. 4 pp. 11-12. Concerning Affirmative Defense No. 6, Nugget similarly answered: "With regard to Nugget and not USF&G, the Affirmative Defense relating to 'unclean hands' is withdrawn." *Id*.

USF&G, while represented by Barokas Martin & Tomlinson in its responses six days earlier before Nugget's responses, gave no separate or additional answer or any factual basis whatsoever regarding those affirmative defenses. Simply stating that the defense is withdrawn as to Nugget, but not as to USF&G, does not give a factual basis for the defense as to USF&G, which gave no factual basis either. There being no factual basis given then, and there being none given in relation to USF&G's recent Opposition, it must be concluded that USF&G has given no factual basis, and certainly no admissible evidence, to support those affirmative defenses, and that North Star is entitled to summary judgment upon them.[3]

---

[3] As was set out in North Star's initial Motion and Memorandum, those affirmative defenses were part of 16 pled on September 21, 2005, when that pleading was due according to specific Order of this Court. They were pled by defendant Nugget Construction, Inc. and USF&G while solely represented by Oles Morrison Rinker & Baker. *See* Clerk's Docket No. 494 at p. 2. *See also* Clerk's Docket No. 401 (Court Order setting pleading deadlines), No. 409 (North Star's Amended Complaint), & No. 412 (USF&G and Nugget Construction, Inc.'s Answer and Affirmative Defenses to North Star's Amended Complaint). Affirmative Defense No. 3, which has been withdrawn by Nugget Construction and is not at all addressed by USF&G, pled "all or a portion of North Star's claim is barred by North Star's failure to provide notice in a timely fashion and/or failure to comply with conditions precedent as required by the Miller Act." Clerk's Docket No. 412 at p. 17. Affirmative Defense No. 5, which has been treated the same way by Nugget and USF&G, alleged that "North Star's claims are barred for failure to state a claim upon which relief can be granted." *Id*. Affirmative Defense No. 6 alleged that "North Star's claims are "barred by the doctrines of unclean hands and laches." *Id*. at p. 17. Affirmative Defense No. 7, which should also be dismissed as withdrawn by Nugget and unaddressed by USFG&G, alleged that North Star's claims are "barred by the doctrine of unjust enrichment." *Id.* at p. 18. Affirmative Defense No. 10, which should be treated the same way, alleged that "North Star has failed to comply with all conditions precedent under its goods and services contract, and therefore, is not entitled to recovery." *Id*.

North Star's Memorandum in Reply to Opposition
to North Star's Motion and Memorandum for Summary
Judgment Against USF&G Upon its Affirmative Defenses
*North Star Terminal & Stevedore Co., et al v. Nugget Construction et al*
Case No. A98-009 CV                                                           45-40 / #83758
Page 7 of 16

Likewise, as Nugget admits, it answered North Star's interrogatory seeking the factual bases of Nugget's twelve and thirteenth Affirmative Defenses, as follows:

> Affirmative Defense No. 12: **This Affirmative Defense is on behalf of USF&G, and therefore, this Interrogatory must be addressed to it.**
>
> Affirmative Defense No. 13: **See response to Affirmative Defense No. 12.**

Clerk's Docket No. 522 at p. 4 (emphasis in original).

Therefore, as to both of those affirmative defenses, Nugget again *avoided* giving an answer for USF&G and, to the contrary, affirmatively stated "this Interrogatory must be addressed to [USF&G]." *Id*. In fact, North Star did address that interrogatory to USF&G, and USF&G's only response was, according to USF&G now, "See Response of Defendant Nugget Construction, Inc." In those responses, neither USF&G nor Nugget gives any factual basis for those affirmative defenses. Therefore, they too should be dismissed by summary judgment.

USF&G tries to explain away its non-answer to Affirmative Defense No. 12 by representing, for the first time, that the Affirmative Defense is not intended to apply to the separate bad faith claim the plaintiffs have brought against USF&G. As to that bad faith claim, USF&G now says it "adopts" the following answer given through its attorneys for that claim, Barokas Martin & Tomlinson:

> There exists absolutely no evidence of any bad faith of Answering Defendant. Answering Defendant has no obligation to settle the litigation independent from its principal and chose not to do so. This is not bad faith.

Clerk's Docket No. 522 at p. 6. *See also* Clerk's Docket No. 495 at Exh. 3 p. 5. However, there are major problems with that answer as well, including that it is highly conclusory in nature, neither sets out or references any admissible evidence, and is incorrect as a matter of law as was set out in detail in North Star's recent Opposition in Response to USF&G's Motions Regarding

---

North Star's Memorandum in Reply to Opposition
to North Star's Motion and Memorandum for Summary
Judgment Against USF&G Upon its Affirmative Defenses
*North Star Terminal & Stevedore Co., et al v. Nugget Construction et al*
Case No. A98-009 CV
Page 8 of 16

45-40 / #83758

Statutes of Limitations, Bad Faith, Expert Witness, and Punitive Damages, is incorrect as a matter of law.  *See* Clerk's Docket No. 547 at pp. 15-33.

In addition to providing no admissible evidence in opposition to North Star's motion for summary judgment as regards those affirmative defenses, USF&G provides no admissible evidence which might defeat North Star's motion for summary judgment as to USF&G's Affirmative Defense Nos. 1, 2, 4, 6 (as to "laches"), 8, 9, 11, 14, 15, or 16.  All that USF&G proffers as to those affirmative defenses are allegations.

That is not enough.  As was recently set out in North Star's Opposition in Response to USF&G's Motions Regarding Statutes of Limitations, Bad Faith, Expert Witness, and Punitive Damages, the only cognizable affirmative defenses are those set forth in Nugget and USF&G's Answer and Affirmative Defenses dated September 21, 2005 (Clerk's Docket No. 412).  *See* Clerk's Docket No. 547 at pp. 3-4.  Those are the only timely, properly pled affirmative defenses USF&G has in this case.  They (like USF&G's improperly raised "defenses") are in the nature of "avoidances" on which the defendant pleading the affirmative defense bears the burden of proof. See Fed. R. Civ. P. 8(c) & discussion at Clerk's Docket No. 547 at pp. 4-5.

The summary judgment standards that apply to those affirmative defenses have been previously acknowledged by the Court in its August 30, 2002 Order — Motions for Summary Judgments, Clerk's Docket No. 310 at p. 15, and in North Star's pending Motion and Memorandum (Clerk's Docket No. 494 at pp. 5-6).  Among those court decisions previously relied upon and quoted from by this Court for those applicable standards is *Celotex Corporation v. Catrett*, 477 U.S. 317 (1986).  *See* Clerk's Docket No. 310 at pp. 15-16.  Regarding the *Celotex* decision, it has been authoritatively stated:

---
North Star's Memorandum in Reply to Opposition
to North Star's Motion and Memorandum for Summary
Judgment Against USF&G Upon its Affirmative Defenses
*North Star Terminal & Stevedore Co., et al v. Nugget Construction et al*
Case No. A98-009 CV
Page 9 of 16

45-40 / #83758

> Finally, as established in Celotex, it is ***not necessary for the movant to introduce any evidence*** in order to prevail on summary judgment. Rather, ***at least in cases in which the nonmoving party will bear the burden of proof at trial***, the movant can seek summary judgment by establishing that the opposing party has insufficient evidence to prevail as a matter of law, thereby forcing the opposing party to come forward with some evidence or risk having judgment entered against him.

10A Wright Miller & Kane, Federal Practice & Procedure, §2727 at p. 474 (1994 ed.) (emphasis added) (citations omitted). As is explained elsewhere in that discussion at 10A Wright Miller & Kane:

> [In *Celotex*] Defendant moved for summary judgment on the ground that during discovery plaintiff had failed to produce any evidence to support the allegation that the decedent had been exposed to defendant's products — an issue on which plaintiff would bear the burden of proof at trial.

*Id*. at 469-70. The United States Supreme Court agreed that in such an instance summary judgment should be granted, *id*. at 470-71, thus establishing the *Celotex* standard previously applied to this case by this Court.

In this instance too, USF&G has failed to produce any evidence sufficient to discharge its burden as to its affirmative defenses, although specifically called upon to do so in accordance with the discovery rules. Federal Rule 56(c) specifically provides that "answers to interrogatories" can be used to demonstrate the absence of evidence to support the allegation on which the non-moving party bears the burden of proof (and of producing evidence). That is the case as to USF&G's affirmative defenses. In that instance,

> . . . summary judgment is mandated unless the non-moving party sets forth specific facts which sufficiently rebut the moving party's contentions and disclose the existence of a genuine issue of material fact.

Clerk's Docket No. 310 at p. 16, citing *Celotex*.

---

North Star's Memorandum in Reply to Opposition
to North Star's Motion and Memorandum for Summary
Judgment Against USF&G Upon its Affirmative Defenses
*North Star Terminal & Stevedore Co., et al v. Nugget Construction et al*
Case No. A98-009 CV
Page 10 of 16

45-40 / #83758

Similarly, in *Far Out Productions, Inc. v. Oskar*, 247 F.3d 986 (9th Cir. 2001), the court held that where the non-moving party had the burden of proof upon the issue of fraud:

> . . . the non-moving party must go beyond the pleadings and by its own evidence "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (noting that the non-moving party must "identify with reasonable particularity the evidence that precludes summary judgment"). If the non-moving party fails to make this showing, the moving party is entitled to judgment as a matter of law. *See Celotex*, 477 U.S. at 323, 106 S.Ct. 2548.

247 F.3d at 997. As that court further observed, even affidavits, where "conclusory" in nature, are insufficient, stating, "[t]he declarations do not present any specific facts to support the appellants' claims . . . ." *Id*.

Even in its opposition to North Star's present motion for summary judgment, USF&G offers no specific facts supported by admissible evidence to try to defeat the motion. Rather, USF&G seeks to sidestep the motion by mischaracterizing it as "nothing more than an attempt to strike USF&G's Affirmative Defenses as a sanction for what [North Star] believes to be inadequate responses to an interrogatory it propounded." *See* Clerk's Docket No. 522 at p. 8.

However, that is not at all the case. Rather, North Star referred to those inadequate discovery responses to show that USF&G has sought to "support" its affirmative defenses through mere conclusory allegations and its own failure to respond adequately to discovery requests seeking the facts and evidence which are necessary support those allegations—precisely as North Star is allowed to do under summary judgment procedure.

At that point, it became USF&G's responsibility, at the very least, to produce something specific and admissible in response or "risk having judgment entered against" it. It has failed to do so. Instead, it has sought to avoid its substantive responsibilities through mischaracterizing

---

North Star's Memorandum in Reply to Opposition
to North Star's Motion and Memorandum for Summary
Judgment Against USF&G Upon its Affirmative Defenses
*North Star Terminal & Stevedore Co., et al v. Nugget Construction et al*
Case No. A98-009 CV
Page 11 of 16

45-40 / #83758

North Star's motion. Those mischaracterizations include North Star's specific request that "***should*** the Court permit USF&G in opposition to this motion to present some factual basis for its defenses supported by admissible evidence which the Court determines sufficient to defeat summary judgment, ***then at that time the Court should also compel USF&G to provide all factual bases and responsive documents through complete answers to North Star's Interrogatory 10 and Request for Production 11 propounded to it.***," *See* Clerk's Docket No. 494 at p. 7. However, that conditional request does not somehow transform the motion for summary judgment into a motion to compel discovery, ***especially where USF&G has still failed to present some factual basis for its defenses supported by admissible evidence*** in opposition to the motion for summary judgment. USF&G's argument to the contrary puts the proverbial cart before the horse, in a situation where it is USF&G's responsibility to draw the carriage.

North Star's motion is for summary judgment. It is not to be transformed into a "motion to strike." Neither is it to be transformed into a motion to compel discovery, where USF&G has failed to timely present some factual basis for its defenses supported by admissible evidence. Id. Summary judgment is appropriate under the circumstances.

This observation also addresses USF&G's attempt now to use the "meet and confer" provision of Rule 37 as a shield and sword to seek to defeat North Star's motion for summary judgment after mischaracterizing it as a motion to compel discovery. There is no "meet and confer" provision applicable to motions for summary judgment. North Star counsel's certification that it and Mr. Shamburek had sought to confer with defense counsel regarding USF&G's failure to give non-evasive and complete answers to those discovery requests directed to it [*cf*. Fed. R. Civ. P. 37(2)(B) and (3)] was intended only in the context addressed above. The

---

North Star's Memorandum in Reply to Opposition
to North Star's Motion and Memorandum for Summary
Judgment Against USF&G Upon its Affirmative Defenses
*North Star Terminal & Stevedore Co., et al v. Nugget Construction et al*
Case No. A98-009 CV                                              45-40 / #83758
Page 12 of 16

comment was intended to apply only in the event USF&G presented some factual basis for its defenses supported by admissible evidence in opposition to the motion for summary judgment sufficient to defeat summary judgment in the Court's opinion.  Only *then* was North Star requesting that at that same time the Court compel USF&G to provide ***all factual bases and responsive documents*** through complete answers to the applicable discovery requests.  *See* Clerk's Docket No. 494 at p. 7 n.4.  Only in the event USF&G *had* presented such factual bases for its defenses supported by admissible evidence, ***which it has not***, would that certification apply.  *Id*.

Even in that event, which has not arisen, USF&G would be incorrect in its analysis.  It argues that its "right hand", law firm of Oles Morrison Rinker & Baker instant addressed North Star's motion, addressed North Star's April 27, 2006 follow-up inquiry for the missing factual bases from USF&G (Clerk's Docket No. 495 at Exh. 7) by responding the next morning, four days before motions were due, "As to the USF&G Responses, I will discuss the issue with Herb [USF&G's "left hand"] and one of us will [get] back to you."  Clerk's Docket No. 522 at p. 6.  However, by May 1, the last date motions could be filed in this matter according to the standing Order of this Court (Clerk's Docket Nos. 414 & 415), neither Mr. Krider nor Mr. Viergutz had "gotten back".  Not only that, they have failed to "get back" regarding that matter to this day, except through USF&G's present Opposition offering no compromise and no supplementation of the inadequate responses previously given, nor only "factual bases" or admissible evidence in response to the motion for summary judgment.

USF&G also mischaracterizes Mr. Shamburek's letter on the subject dated April 4, 2006.  That letter, which was sent with North Star counsel's knowledge when North Star counsel left on

---

North Star's Memorandum in Reply to Opposition
to North Star's Motion and Memorandum for Summary
Judgment Against USF&G Upon its Affirmative Defenses
*North Star Terminal & Stevedore Co., et al v. Nugget Construction et al*
Case No. A98-009 CV
Page 13 of 16

45-40 / #83758

a three-week trip, did not only object to the lack of information USF&G provided in its answers regarding bad faith and statute of limitation, as USF&G now suggests. *See* Clerk's Docket No. 522 at pp. 8-9. To the contrary, Mr. Shamburek's correspondence, which is attached as Exhibit 5 to Clerk's Docket No. 495 and quoted from at pages 6-7, footnote 3 of North Star's Motion and Memorandum (Clerk's Docket No. 494), specifically stated: "USF&G does not state any factual basis to support *any* of its affirmative defenses.  *  *  *  Therefore, the claimants and court can conclude that USF&G by its own responses **admits** that there is no factual basis underpinning its defenses." Exhibit 5 (emphasis added). As shown by Exhibit 6 also attached to Clerk's Docket No. 495, Mr. Viergutz responded to that letter on April 10, 2006 as follows: "Your letter is unworthy of a response but will be addressed under the Court Order *through the filing of appropriate Motion practice*." That exchange of correspondence, together with North Star counsel's written follow-up attempt on April 27 (Clerk's Docket No. 494 at Exh. 7) and Mr. Krider's response "we'll get back to you" and subsequent failure to do so whatsoever, demonstrates sufficient enough attempt to "meet and confer".[4]

---

[4]  In similar circumstances where a motion to compel discovery was actually made in the first instance, the courts have found such attempts to meet and confer satisfy the court rule, especially where confronted with a motion deadline (and in this instance, USF&G counsel's insistence that the matter be addressed by "Motion practice"). *See Freiria Trading Co. v. Maizoro S. A. de C.V.,* 187 F.R.D. 47 (D.C.P.R. 1999) (explaining that the "meet and confer" rule cannot be used as a defense to the merits of the motion where any such conference would likely have been useless); *Oleson v. K-Mart Corp.,* 175 F.R.D. 570 (D.C. Kan. 1997) (where it appeared unlikely that the issue would have been resolved by additional efforts to confer, the failure of plaintiff's counsel to confer prior to filing a motion to compel did not require denial of the motion); *Reidy v. Runyon*, 169 F.R.D. 486 (D.C.N.Y. 1997) (where further conferring would have been a waste of time, failure to confer was not an obstacle to motion; contrary to defendant's contention, the pre-motion conference requirement does not always constitute a condition precedent to consideration of the merits of a discovery motion); *Pulsecard, Inc. v. Discover Card Services, Inc.*, 168 F.R.D. 295 (D.C.Kan. 1996) (the court would consider plaintiff's motion to compel despite failure to satisfy the duty to confer where deadline for filing the motion had passed and defendant opposed the motion (as in this case) on its merits and offered no possibility of compromise).

North Star's Memorandum in Reply to Opposition
to North Star's Motion and Memorandum for Summary
Judgment Against USF&G Upon its Affirmative Defenses
*North Star Terminal & Stevedore Co., et al v. Nugget Construction et al*
Case No. A98-009 CV                                                                     45-40 / #83758
Page 14 of 16

### III.  CONCLUSION

USF&G's arguments and opposition to North Star's pending Motion for Summary Judgment Against USF&G Upon Its Affirmative Defenses are pretextual.  They seek to avoid the substance of North Star's motion by mischaracterizing it and "concocting" procedural excuses for doing so.  North Star's motion is a motion for summary judgment.  It is not a motion to strike.  It is not a motion to compel discovery, especially where USF&G has failed to present some factual basis for its defenses supported by admissible evidence.  In the event summary judgment is granted, there is no need to compel discovery.  Accordingly, the "meet and confer" standard applicable to motions to compel discovery does not apply.  Further, were it to apply North Star and its fellow claimants met it, where one USF&G attorney indicated a motion would be necessary and another said simply "we'll get back to you" and never did.

For the foregoing reasons and any other reasons the Court finds pertinent, North Star's Motion for Summary Judgment Against USF&G Upon Its Affirmative Defenses should be granted.

Respectfully submitted at Anchorage, Alaska, on May 23, 2006.

> s/ Michael W. Sewright
> Burr, Pease & Kurtz
> 810 N Street
> Anchorage, Alaska 99501
> Phone: (907) 276-6100
> Fax: (907) 258-2530
> E-mail: bpk@bpk.com
> Alaska Bar No. 7510090

/ /

/ /

/ /

_____
North Star's Memorandum in Reply to Opposition
to North Star's Motion and Memorandum for Summary
Judgment Against USF&G Upon its Affirmative Defenses
*North Star Terminal & Stevedore Co., et al v. Nugget Construction et al*
Case No. A98-009 CV                                                                                           45-40 / #83758
Page 15 of 16

CERTIFICATE OF SERVICE

I certify that on the 23rd day of May, 2006, a copy of the foregoing NORTH STAR'S MEMORANDUM IN REPLY TO OPPOSITION TO NORTH STAR'S MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT AND AGAINST USF&G UPON ITS AFFIRMATIVE DEFENSES was served electronically to:

    Steven S. Shamburek, Esq.
    Traeger Machetanz, Esq.
    Paul D. Stockler
    Herbert A. Viergutz
    C. Patrick Stoll, Esq.

    s/ Michael W. Sewright

_____
North Star's Memorandum in Reply to Opposition
to North Star's Motion and Memorandum for Summary
Judgment Against USF&G Upon its Affirmative Defenses
*North Star Terminal & Stevedore Co., et al v. Nugget Construction et al*
Case No. A98-009 CV
Page 16 of 16

45-40 / #83758