Michael W. Sewright
BURR, PEASE & KURTZ
810 N Street
Anchorage, AK  99501-3293
Telephone:    (907) 276-6100
Fax No.:        (907) 258-2530
Attorneys for North Star

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a Northern Stevedoring & Handling, and NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a Northern Stevedoring & Handling, on its own behalf, | |
| Plaintiffs, | |
| and | Case No. A98-009 CIV (TMB) |
| UNITED STATES OF AMERICA for the use of SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Services, and SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Services, on its own behalf, | **OPPOSITION TO USF&G'S MOTION TO STRIKE CROSS-MOTION TO BAR TESTIMONY OF JOHN L. GEORGE** |
| Intervening Plaintiffs, | |
| and | |
| METCO, INC., | |
| Intervening Plaintiff, | |
| vs. | |
| NUGGET CONSTRUCTION, INC.; SPENCER ROCK PRODUCTS, INC.; UNITED STATES FIDELITY AND GUARANTY COMPANY; and ROBERT A. LAPORE, | |
| Defendants. | |

On May 19, 2006, Shoreside and Metco moved to bar defendant United States Fidelity &

Guaranty Company's ("USF&G's") proffered expert, John L. George, from testifying on the

Opposition to USF&G's Motion to Strike Cross-Motion to Bar Testimony of John L. George
North Star Terminal & Stevedore Co., et al. v. Nugget Construction, et al., Case No. A98-009 Civ (TMB)
Page 1 of 5                                                                                                                              45-40/ # 83859

subject of the plaintiffs and use plaintiffs' bad faith handling claim against USF&G. Clerk's Docket No. 546. That motion was in the nature of a cross-motion stemming from USF&G's previous motion, memorandum, and related filings to bar introduction of the opinion, testimony, and report of plaintiffs and use plaintiffs' expert on the same subject, William Grant Callow. *See* Clerk's Docket Nos. 505, 506 & 516. Shoreside and Metco's motion was based upon their memorandum and opposition to USF&G's motion addressing the same subject matter; namely, the standards applicable to the admissibility or preclusion of an expert witness' testimony regarding that claim. Clerk's Docket No. 545. Applying those standards to that issue which USF&G chose to raise, Shoreside and Metco cross-moved to preclude Mr. George from testifying, as addressed in that memorandum. *Id.* Notably, only two pages of that 38-page memorandum addresses Mr. George specifically. *Id.* at 35-37.

   North Star also filed a memorandum in opposition to USF&G's motion. Clerk's Docket No. 547. That memorandum opposed USF&G's position regarding Mr. Callow and also addressed Mr. George in the same context. *Id.* at 33-35. Among other things, there North Star stated that it "adopts the response and the cross-motion to bar the testimony of USF&G's professed expert, Mr. George, being filed by Shoreside and Metco." *Id.* at 33. North Star referred again to that cross-motion, noted some of its own reasons for precluding Mr. George from testifying, and concluded: "For the foregoing reasons, including those incorporated and adopted herein, USF&G's motion on this subject to bar Mr. Callow should be denied and the claimants' cross-motions [including North Star's] to preclude the opinions, 'report' and any testimony of Mr. George should be granted." *Id.* at 33-35. North Star also filed a specific "Joinder" in Shoreside and Metco's cross-motion after those claimants' had filed it. Clerk's Docket No. 563 (Joinder).

Opposition to USF&G's Motion to Strike Cross-Motion to Bar Testimony of John L. George
North Star Terminal & Stevedore Co., et al. v. Nugget Construction, et al., Case No. A98-009 Civ (TMB)
Page 2 of 5                                            45-40/ # 83859

USF&G has recently moved to strike Shoreside and Metco's motion and filed a brief affidavit of counsel in support. Clerk's Docket Nos. 565 & 566. North Star opposes, since that motion to strike might be taken as affecting North Star's cross-motion and joinder. First of all, whereas USF&G claims in its accompanying affidavit that "The deadline for filing Motions for Summary Judgment was May 1, 2006," both USF&G's motion and the claimants' cross-motions at issue involve precluding testimony, not summary judgment. They are not "dispositive" motions.

Second, it has been the past practice of this Court in this case to permit and decide subsequently filed cross-motions in response to a motion filed by the motion deadline. For example, North Star's motion upon which this Court granted North Star summary judgment in its Order of August 30, 2002 (Clerk's Docket No. 310) was a cross-motion filed in response to Nugget and USF&G's motion for summary judgment brought against North Star in accordance with the motion deadline then in effect. *See* Clerk's Docket No. 310 at 1-2. Indeed, USF&G and Nugget were also allowed to cross-move then, against a motion for summary judgment brought against them by Shoreside. *Id.*

In short, there is precedent for the instant cross-motions. The Court's practice in this case has been to address the merits of the cross-motion, particularly where they concern the same subject matter. The same subject matter in this instance is application of the rules of admissibility and disclosure to proffered expert reports and testimony on the same claim and issues.

On the one hand, USF&G has taken the offensive against the proffered report and testimony of Mr. Callow. USF&G has also chosen to introduce the report of Mr. George as part of its own recent motion practice in this case. *See* two-page Expert "rebuttal" opinion of John L.

Opposition to USF&G's Motion to Strike Cross-Motion to Bar Testimony of John L. George
North Star Terminal & Stevedore Co., et al. v. Nugget Construction, et al., Case No. A98-009 Civ (TMB)
Page 3 of 5                                                                                                           45-40/ # 83859

George attached as Exhibit D to USF&G's Opposition to Plaintiffs' Shoreside and Metco Motion for Summary Judgment and Determination of Law Regarding USF&G *filed herein on May 15, 2006* (Clerk's Docket No. 527).[1]

On the other hand, USF&G tries to prevent the claimants from taking the offensive on the same subject matter, after USF&G has chosen to make it an issue. Such a "me only" position does not facilitate a resolution of the issues in this case on their merits. Obviously, USF&G has already sought to introduce the report and opinions of Mr. George. North Star and the other claimants have every right to object to that use, now and at trial, including on the basis of insufficient disclosure of a retained expert. *Cf.* Fed. Rs. Civ. P. 26(a)(2)(B) & 37(b)(2) & (c). There is good reason to address the cross-motion now, if USF&G's motion to preclude is to be considered.

In Mr. Viergutz's accompanying affidavit, USF&G announces that it will not address the cross-motions to bar Mr. George from testifying, without requesting leave of the Court to refuse to do so. Clerk's Docket No. 566 at 2. There USF&G proclaims that the Court must first order it to respond. *Id.* USF&G has it backwards. Its responsibility is to ask the Court for relief, not take relief into its own hands. By North Star's calculation, USF&G's opposition to the cross-motions is due June 6, 2006. Responding on the merits should not be difficult for USF&G. As noted earlier, all of the claimants' arguments added together on that subject cover maybe four pages, and USF&G will be replying anyway on the same subject matter in relation to its own motion against Mr. Callow. Indeed, North Star, Shoreside and Metco non-opposed USF&G's

---

[1]   Notably, USF&G submitted Mr. George's report in the following context:

"USF&G has filed a separate Motion to exclude Mr. Callow's report, testimony, and opinions. That Motion should also be granted. ***Not knowing what else to say with regard to this section, USF&G therefore attaches the Report of its expert, John George,***

Opposition to USF&G's Motion to Strike Cross-Motion to Bar Testimony of John L. George
North Star Terminal & Stevedore Co., et al. v. Nugget Construction, et al., Case No. A98-009 Civ (TMB)
Page 4 of 5                                                                                                    45-40/ # 83859

recent motion for extra time, until June 2, 2006, to do so. Absent a timely, convincing opposition, the claimants' cross-motions regarding Mr. George should be granted. Alaska U.S.D.C. Local Rule 7.1(d)(1).

USF&G's motion to strike should be denied.

Respectfully submitted this _____ day of May 26, 2006.

s/ Michael W. Sewright
Burr, Pease & Kurtz
810 N Street
Anchorage, AK  99501
Telephone:  (907) 276-6100
Fax:  (907) 258-2530
E-mail:  mws@bpk.com
Alaska Bar # 7510090

CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2006, a copy of the foregoing Opposition to USF&G's Motion to Strike Cross-Motion to Bar Testimony of John L. George was served electronically on Traeger Machetanz, Steven J. Shamburek, Paul Stockler, Herbert A. Viergutz, and C. Patrick Stoll.

/s Michael W. Sewright

---

*hereto as Exhibit D.*" Clerk's Docket No. 527 at p. 13 (emphasis added).

North Star Terminal & Stevedore Co., et al. v. Nugget Construction, et al., Case No. A98-009 Civ (TMB)
Page 5 of 5                                                                                                              45-40/ # 83859