Michael W. Sewright
BURR, PEASE & KURTZ
810 N Street
Anchorage, AK 99501-3293
Telephone: (907) 276-6100
Fax No.: (907) 258-2530
Attorneys for North Star

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a Northern Stevedoring & Handling, and NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a Northern Stevedoring & Handling, on its own behalf,<br><br>            Plaintiffs,<br>  and<br><br>UNITED STATES OF AMERICA for the use of SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Services, and SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Services, on its own behalf,<br><br>            Intervening Plaintiffs,<br>  and<br><br>METCO, INC.,<br><br>            Intervening Plaintiff,<br>  vs.<br><br>NUGGET CONSTRUCTION, INC.; SPENCER ROCK PRODUCTS, INC.; UNITED STATES FIDELITY AND GUARANTY COMPANY; and ROBERT A. LAPORE,<br><br>            Defendants. | Case No. 3:98-cv-009-TMB<br><br>**NORTH STAR'S OPPOSITION TO MOTION TO STRIKE NORTH STAR'S JOINDER IN SHORESIDE AND METCO'S MOTION FOR SUMMARY JUDGMENT AND DETERMINATION OF LAW REGARDING USF&G** |

North Star's Opposition to Motion to Strike North Star's
Joinder in Shoreside and Metco's Motion for Summary
Judgment and Determination of Law Regarding USF&G
*North Star Terminal & Stevedore Co., et al v. Nugget Construction et al*
Case No. A98-009 CV
Page 1 of 4

45-40 / #83874

Plaintiff and Use Plaintiff North Star Terminal & Stevedore Company ("North Star") joined in Shoreside and Metco's Motion for Summary Judgment and Determination of Law Regarding USF&G filed at Clerk's Docket Nos. 509 & 510. *See* North Star Joinder at Clerk's Docket No. 519. Defendant United States Fidelity & Guaranty Company ("USF&G") has moved to strike that Joinder. Clerk's Docket Nos. 523 & 524. USF&G's motion is poorly taken. It should be denied.

First, USF&G argues that North Star's Joinder is more than "one page, one sentence". However, there is no rule limiting a joinder to one page or one sentence. Joinders over a sentence or a page have been filed and considered before in this case. North Star's Joinder at issue begins with one paragraph, as follows:

> Plaintiff and Use Plaintiff North Star Terminal & Stevedoring Company ("North Star") hereby joins in Shoreside's and Metco's Motion for Summary Judgment and Determination of Law Regarding USF&G filed at Clerk's Docket No. 510 [also No. 509]. The grounds for that motion also apply to North Star.

Clerk's Docket No. 519 at p. 2.[1] Following that paragraph applicable law on the subject matter of the Joinder and evidence in the record supporting the Joinder are stated. That is apparently what USF&G objects to. However, what is wrong with correctly stating the applicable law and facts? Presumably, the Court would want to know.

In any event, that same statement of law and facts has since been repeated and set out in North Star's Opposition and Cross-Motion in Response to USF&G's Motions Regarding Statute of Limitations, Bad Faith, Expert Witness and Punitive Damages filed May 19, 2006, at Clerk's

---

[1] The first page of the Joinder consists entirely of the court caption and title of the document.

North Star's Opposition to Motion to Strike North Star's
Joinder in Shoreside and Metco's Motion for Summary
Judgment and Determination of Law Regarding USF&G
*North Star Terminal & Stevedore Co., et al v. Nugget Construction et al*
Case No. A98-009 CV                                        45-40 / #83874
Page 2 of 4

Docket No. 547 (hereinafter "Opposition"). In North Star's Opposition memorandum responding to USF&G's filings, the applicable law on USF&G's duty of good faith dealing toward the claimants and evidence in this case supporting the claim of bad faith against USF&G are stated just as they were stated in the Joinder. *See* Clerk's Docket No. 547, *especially* pp. 16-17 and 25-30 thereof.[2]

Therefore, any discussion after the first paragraph of that Joinder has already been made a part of the record in response to USF&G's motions. That moots USF&G's objection to the Joinder. USF&G still has an opportunity to respond to everything North Star has had to say on those subjects, through its reply to that Opposition. Indeed, North Star recently non-opposed USF&G's request for additional time to reply. *See* Clerk's Docket Nos. 556 & 559. The Joinder is proper.

Second, USF&G argues the Joinder seeks relief. However, there is nothing wrong in North Star requesting that it be granted relief on the basis of its Joinder. The whole purpose of a joinder is to request the same relief for the party joining.

Third, USF&G complains that the Joinder was filed after the May 1 due date for dispositive motions. However, North Star's Joinder could not be filed until after Shoreside and Metco filed their motion on May 1, 2006, especially under the new electronic filing system. The filing system will not accept a joinder that is not linked to an earlier filing. In any event, as already noted, anything USF&G considered "extra" in that Joinder filed three weeks ago has since been restated in North Star's May 19, 2006 Opposition memorandum to which USF&G has

---

[2]   Pages 18-25 of that Opposition address additional points responding to USF&G's motions on those subjects.

North Star's Opposition to Motion to Strike North Star's
Joinder in Shoreside and Metco's Motion for Summary
Judgment and Determination of Law Regarding USF&G
*North Star Terminal & Stevedore Co., et al v. Nugget Construction et al*
Case No. A98-009 CV                                                          45-40 / #83874
Page 3 of 4

plenty of time to respond.

Accordingly, USF&G's instant motion to strike should be denied. Form should not be elevated over substance. The issues should be fully considered and decided on their merits instead.

Respectfully submitted at Anchorage, Alaska, on May 30, 2006.

> s/ Michael W. Sewright
> Burr, Pease & Kurtz
> 810 N Street
> Anchorage, Alaska 99501
> Phone: (907) 276-6100
> Fax: (907) 258-2530
> E-mail: bpk@bpk.com
> Alaska Bar No. 7510090

CERTIFICATE OF SERVICE

I certify that on the 30th day of May, 2006, a copy of the foregoing NORTH STAR'S OPPOSITION TO MOTION TO STRIKE NORTH STAR'S JOINDER IN SHORESIDE AND METCO'S MOTION FOR SUMMARY JUDGMENT AND DETERMINATION OF LAW REGARDING USF&G was served electronically to:

   Steven S. Shamburek, Esq.
   Traeger Machetanz, Esq.
   Paul D. Stockler
   Herbert A. Viergutz
   C. Patrick Stoll, Esq.

   s/ Michael W. Sewright

---

North Star's Opposition to Motion to Strike North Star's
Joinder in Shoreside and Metco's Motion for Summary
Judgment and Determination of Law Regarding USF&G
*North Star Terminal & Stevedore Co., et al v. Nugget Construction et al*
Case No. A98-009 CV
Page 4 of 4

45-40 / #83874