Herbert A. Viergutz, Esq.
Barokas Martin & Tomlinson
1029 West Third, Suite 280
Anchorage, AK 99501
Phone: (907) 276-8010
Facsimile: (907) 276-5334

Attorneys for United States Fidelity and Guaranty Company

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a NORTHERN STEVEDORING & HANDLING, and NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a NORTHERN STEVEDORING & HANDLING, on its own behalf, | |
| Plaintiffs, | |
| and | |
| UNITED STATES OF AMERICA for the use of SHORESIDE PETROLEUM, INC., d/b/a MARATHON FUEL SERVICE, and SHORESIDE PETROLEUM, INC., d/b/a MARATHON FUEL SERVICE, on its own behalf, | |
| Intervening Plaintiffs, | No. 3:98-cv-9 (TMB) |
| and | |
| METCO, INC., | |
| Intervening Plaintiff, | |
| vs. | |
| NUGGET CONSTRUCTION, INC.; SPENCER ROCK PRODUCTS, INC.; UNITED STATES FIDELITY AND GUARANTY COMPANY; and ROBERT A. LAPORE, | |
| Defendants. | |

**REPLY TO OPPOSITION TO MOTION TO STRIKE CROSS-MOTION TO BAR TESTIMONY OF JOHN L. GEORGE**

USF&G's Motion to Strike was specific to the Motion, and did not differentiate between Shoreside, Metco, or North Star. The Motion deadline was set by the Court for April 30, 2006, and either that deadline has teeth, or it does not. The Order did not allow for the filing of Cross-Motions, and the same should and must be stricken. If not stricken, what prevents counsel from filing Motions whenever they choose, despite Court deadlines?

Secondly, the undesigned has absolutely no idea how opposing counsel can assert that it has been "the past practice of this court in this case to permit and decide subsequently filed cross-motions in response to a motion filed by the motion deadline". The undersigned attorned operates pursuant to Court Orders, and expects opposing counsel to do likewise. In the event a Court Order cannot be met, then the appropriate remedy is to file a motion for an extension of time.

The undersigned is departing the State of Alaska on June 2, 2006, and the remainder of June is taken up with other matters. The undesigned relies upon Court Orders in scheduling, and expects the Court likewise relies upon its Orders for its briefing obligations. The undersigned did not file cross-motions in response to any other Motions filed by opposing counsel, which Motions were due for filing April 30, 2006. As a result, the undersigned and his client would be prejudiced by the Court granting the instant Motion. Opposing counsel's filing was no less than a 19 day tardy kneejerk reaction to the undersigned's timely filing of its Motion re: Plaintiff's Expert, Mr. Callow. To allow Plaintiffs to tardily take the offensive is prejudicial to Defendant, USF&G. Let us simply not abide by Court Orders in the future. Is that the desired result? What other result can there be in the event the Court allows this untimely Motion to be filed?

Finally, North Star's assertion that the shoe is on USF&G's foot is nonsense. North Star has not sought leave of court to tardily file a Motion. However, USF&G timely

filed it's Motion to Strike. No Opposition to an untimely Motion will be filed by USF&G, as it intends to respect the Court Order which North Star, Shoreside, and Metco so fraglantly violate.

Dated this 1st day of June, 2006.

/s Herbert A. Viergutz
_____
Barokas Martin & Tomlinson
1029 West Third, Suite 280
Anchorage, AK 99501
Phone: (907) 276-8010
Facsimile: (907) 276-5334
barmar@gci.net
Alaska Bar No. 8506088

CERTIFICATE OF SERVICE
I HEREBY CERTIFY that a copy of this document
was served by electronic notification on this 1st
day of June, 2006, to:

Michael W. Sewright, Esq.
Burr, Pease & Kurtz
810 N Street
Anchorage, AK 99501

Paul Stockler, Esq.
1309 West 16th Avenue
Anchorage, AK 99501

Traeger Machetanz, Esq/Tom Krider, Esq.
Oles Morrison Rinker & Baker, LLP
745 4th Avenue, Suite 502
Anchorage, AK 99501-2136

Steven J. Shamburek, Esq.
Law Office of Steven J. Shamburek
425 G Street, Suite 630
Anchorage, AK 99501-5872

/s Herbert A. Viergutz