Herbert A. Viergutz, Esq.
Barokas Martin & Tomlinson
1029 West Third, Suite 280
Anchorage, AK 99501
Phone: (907) 276-8010
Facsimile: (907) 276-5334

Attorneys for United States Fidelity and Guaranty Company

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a NORTHERN STEVEDORING & HANDLING, and NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a NORTHERN STEVEDORING & HANDLING, on its own behalf,<br><br>Plaintiffs,<br><br>and<br><br>UNITED STATES OF AMERICA for the use of SHORESIDE PETROLEUM, INC., d/b/a MARATHON FUEL SERVICE, and SHORESIDE PETROLEUM, INC., d/b/a MARATHON FUEL SERVICE, on its own behalf,<br><br>Intervening Plaintiffs,<br><br>and<br><br>METCO, INC.,<br><br>Intervening Plaintiff,<br><br>vs.<br><br>NUGGET CONSTRUCTION, INC.; SPENCER ROCK PRODUCTS, INC.; UNITED STATES FIDELITY AND GUARANTY COMPANY; and ROBERT A. LAPORE,<br><br>Defendants. | No. 3:98-cv-9 (TMB) |

### REPLY TO PLAINTIFF'S OPPOSITIONS TO USF&G MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES

1

Plaintiff's Opposition fails to meet the "Matsushita Standard", which is a label that may be applied to the following collection of authorities: Once the moving party has established that there is no genuine issue of material fact (Fed. R. Civ. P. 56(c)) it becomes the opposing party's burden to "do more than simply show that there is some metaphysical doubt as to the material facts . . . (W)here the record taken as a whole could not lead a rational trier-of-fact to find for the non-moving party, there is no 'genuine issue for trial'". <u>Matsushita Elec. Indust. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-87 (1986) (citations omitted). Thus the opposing evidence must be sufficiently probative to permit a reasonable trier-of-fact to find in favor of the opposing party. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249-50 (1986). This includes presenting affirmative evidence on matters on which it has the burden of proof at trial. Id.

Moreover, evidentiary facts are required. Conclusory statements are not sufficient. Falls River Way Realty, Inc. v. Niagara Falls, 754 F.2d 49, 57 (2nd Cir. 1985). When but a single inference can be drawn from undisputed facts, there can be no "genuine" dispute. Inferences cannot be drawn from conclusory statements or general averments. <u>Lujan v. National Wildlife Federation</u>, 497 U.S. 871, 888 (1990). A party cannot create"manufacture a "genuine issue of material fact" simply by making assertions in its legal memoranda. <u>S.A. Empresa De Viacao Aerea Rio Grandense v. Walter Kidde & Co.</u>, 690 F.2d 1235, 1238 (9th Cir. 1980).

Thus, the <u>Matsushita</u> standard requires that the non-moving party offer (i) admissible evidence, which is (ii) probative, and, (iii) which is affirmative on issues as to which plaintiff has the burden of proof at trial. The requirement is not satisfied by conclusory statements or by assertions made in the opposition papers. Plaintiff's Opposition fails in each and in all of these particulars.

As a matter of law, the conduct of USF&G does not rise to the level of outrageousness that warrants even consideration of an award of punitive damages. Plaintiffs have offered absolutely no evidence that the conduct of USF&G is outrageous.[1] Hence, Summary Judgment is appropriate.

It is obvious from a review of Plaintiff's Oppositions, that their focus is on providing the jury with the net worth of USF&G in order to taint the process, rather than addressing the burden of proof issue and any evidence which may support a punitive damage instruction. For example, Shoreside and Metco's Opposition,[2] states as follows:

> The Court should find in the current record that the claimants' individual request for one million in punitive damages against a corporation with assets that far exceed one billion is more than justified and appropriate.

North Star donates approximately one page of its combined Opposition pleading to the punitive damage Motion of USF&G. The basis upon which North Star asserts that punitive damages are appropriate are two-fold, and found at page 36 of its brief, which states as follows:

> (1) USF&G's belief and insistence for the past 8 or 9 years that it does not even owe the claimants a duty of good faith dealing.

There is no evidence offered in support of this proposition and, further, USF&G has never advocated the same. <u>North Star cannot prove otherwise as it chose not to take the deposition of any USF&G employees in order to prove its case</u>.

> (2) Its complete lack of independent investigation

---

[1] In fact, Plaintiffs have failed to establish that the conduct of USF&G warrants the bad faith claim going to the jury, the substance of which is addressed in USF&G's separate Reply pleading.

[2] Which fails to address in total USF&G's Motion for Summary Judgment on Punitive Damages, other than the above quoted sentence.

As an initial matter, Plaintiffs have not forwarded such an allegation in their Amended Complaints.  Secondly, Plaintiff's allegation is absent merit, as the documents attached to USF&G's Motion to Bar the Introduction of Mr. Callow's Opinion, Testimony, and Report amply demonstrate that USF&G was actively involved in responding to claims and participating in the litigation process through counsel of their choosing. Plaintiffs offer no evidence to the contrary since they chose not to take the deposition of any USF&G representative in order to attempt to prove their baseless allegation. Instead, Plaintiffs rely upon their own Discovery Responses, which are not evidence sufficient to avoid Summary Judgment, being nothing more than conclusory, self-serving, subjective representations of counsel.

> (3) Its turning the entire claims issue over to Nugget is the "fox in the henhouse", constitutes sufficient evidence of outrageous behavior and reckless indifference toward the claimants' justifiable interests under the payment bond and other applicable law to constitute at least sufficient evidence to defeat a motion for summary judgment upon this claim.

That does not constitute evidence for purposes of summary judgment.  Far Out Productions, Inc. v. Oskar, 247 F. 3d 986, 992, 996-97 (9th cir. 2001).

What evidence have Plaintiff's proffered to defeat USF&G's Motion for Summary Judgment?  The answer is simple, none.  Simply saying "fox in the henhouse", [sic, the parable, we believe is "fox guarding the hen house", and here it is Plaintiffs that have been deterred by the Ninth Circuit Decisions from stealing the chickens] does not make it so.  Sureties, in the regular course of business, tender defense to their principal pursuant to the General Agreement of Indemnity between the parties.  There is nothing unusual about this arrangement.  There is nothing unusual about the way USF&G and Nugget chose to defend this action.  There is no case law in existence that suggests such an arrangement, which is the norm for bond claim cases, is inappropriate; and it surely is

4

neither evidence supportive for a punitive damage instruction, nor does it meet the Matsushita Test for Summary Judgment.

A.S. 09.17.020 requires Plaintiffs to establish, "by clear and convincing evidence", their entitlement to punitive damages. For purposes of Summary Judgment, the Court can foresee from the moving papers that this burden will not and can not be met because Plaintiff's Summary Judgment Opposition has offered absolutely no evidence, let alone clear and convincing evidence, that USF&G's conduct was outrageous, such as acts done with malice, bad motive, or reckless indifference to the interests of another. Sturm, Roger & Co., Inc., v. Day, 594 P. 2d 38, 46 (Alaska 1979); and Chizmar v. Mackie, 896 P. 2d 196, 209 (Alaska 1995). This case should proceed, if at all, on the basis of what it really is, a breach of contract action, and nothing more.

> While the determination of such conduct is a question of fact, where there is no evidence that gives rise to an inference of actual malice or conduct sufficiently outrageous to be deemed equivalent to actual malice, the trial court need not submit the punitive damages issue to the jury (emphasis added).

Alaska Northern Devel, Inc., v. Alyeska Pipeline Selv. Co., 666 P. 2d 33 (Alaska 1983).

As a matter of law, the conduct alleged by the Plaintiffs does not rise to the level that warrants punitive damages. As a matter of fact, Plaintiff's Opposition has offered none that address Defendant's Motion. The Court is respectfully requested to dismiss this claim by summary judgment.

Dated this 2nd day of June, 2006.

/s Herbert A. Viergutz
───────────────────────────
Barokas Martin & Tomlinson
1029 West Third, Suite 280
Anchorage, AK 99501
Phone: (907) 276-8010
Facsimile: (907) 276-5334
barmar@gci.net
Alaska Bar No. 8506088

CERTIFICATE OF SERVICE
I HEREBY CERTIFY that a copy of this document was served by electronic notification on this 2nd day of June, 2006, to:

Michael W. Sewright, Esq.
Burr, Pease & Kurtz
810 N Street
Anchorage, AK  99501

Paul Stockler, Esq.
1309 West 16th Avenue
Anchorage, AK  99501

Traeger Machetanz, Esq/Tom Krider, Esq.
Oles Morrison Rinker & Baker, LLP
745 4th Avenue, Suite 502
Anchorage, AK 99501-2136

Steven J. Shamburek, Esq.
Law Office of Steven J. Shamburek
425 G Street, Suite 630
Anchorage, AK  99501-5872

/s Herbert A. Viergutz