Herbert A. Viergutz, Esq.
Barokas Martin & Tomlinson
1029 West Third, Suite 280
Anchorage, AK 99501
Phone: (907) 276-8010
Facsimile: (907) 276-5334

Attorneys for United States Fidelity and Guaranty Company

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a NORTHERN STEVEDORING & HANDLING, and NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a NORTHERN STEVEDORING & HANDLING, on its own behalf,<br><br>Plaintiffs,<br><br>and<br><br>UNITED STATES OF AMERICA for the use of SHORESIDE PETROLEUM, INC., d/b/a MARATHON FUEL SERVICE, and SHORESIDE PETROLEUM, INC., d/b/a MARATHON FUEL SERVICE, on its own behalf,<br><br>Intervening Plaintiffs,<br><br>and<br><br>METCO, INC.,<br><br>Intervening Plaintiff,<br><br>vs.<br><br>NUGGET CONSTRUCTION, INC.; SPENCER ROCK PRODUCTS, INC.; UNITED STATES FIDELITY AND GUARANTY COMPANY; and ROBERT A. LAPORE,<br><br>Defendants. | No. 3:98-cv-9 (TMB) |

**REPLY TO PLAINTIFF'S OPPOSITIONS TO MOTION TO BAR THE INTRODUCTION OF MR. CALLOW'S OPINIONS TESTIMONY, AND REPORT**

1

North Star donates less than two pages of its combined Opposition pleading to USF&G's instant Motion, simply filing a Joinder with Shoreside and Metco's Opposition. Shoreside and Metco chose to donate 25 of their 37 page Opposition to directly quoting the transcript of Mr. Callow, while attaching that transcript as an Exhibit. Why the repetition and duplication? The answer is simple, Plaintiffs have no basis upon which to defeat USF&G's Motion.

The trier of fact will not be aided by hearing legal opinions of Mr. Callow. The same invade the province of the Court. Also, Mr. Callow does not possess the appropriate qualifications on the subject matter upon which he desires to express an opinion. As stated in USF&G's instant Motion, Mr. Callow has never before testified as an expert. Mr. Callow has never before represented a surety. Mr. Callow even acknowledges that he has no recent involvement in insurance litigation, a topic which he fails to acknowledge is separate and distinct from suretyship law. What Mr. Callow's "expert testimony" does is simply perpetuate Plaintiff's own confusion between insurance law and suretyship law. Mr. Callow is simply following the lead of Plaintiff's counsel by making conclusory, self-serving and subjective rerpesentations based upon lack of facts, since Plaintiffs chose not to conduct Discovery through depositions of the USF&G employees directly involved in the handling of Plaintiff's claims.

Plaintiffs suggest that the proffered expert testimony of Mr. Callow is reliable based upon his education, training and experience. However, Mr. Callow admits he had no education in surety law, nor any training, nor for that matter any experience whatsoever. Mr. Callow is simply unqualified to render the unsupported opinions he suggests in his Report, and expressed at his deposition. Simply put, Mr. Callow is not qualified to render an opinion pursuant to Evidence Rule 702, based upon his lack of knowledge and experience. Kumho Tire Co. Ltd, Et., v. Charmichael, 119 S. Ct. 1167

(1999). Further, the gravamen of Plaintiff's claim against USF&G is an alleged failure to conduct an investigation of a claim against the suety bond, which is not a subject area that an individual untrained in surety practice can address.

Finally, the testimony of Mr. Callow is based upon speculation and heresay, is totaling lacking in foundation, and the probative value of the testimony is far outweighed by the prejudice of its admission. Beech Aircraft v. U.S., 51 F. 3d 834 (9th Cir. 1995). His testimony should be excluded, as it is based on the unfounded assumptions and legal conclusions articulated by counsel in Plaintiff's Discovery Responses. Target Market Publishing, Inc., v. Advo, Inc., 136 F. 3d 1139 (7th Cir. 1998).

Dated this 2nd day of June, 2006.

/s Herbert A. Viergutz
_____
Barokas Martin & Tomlinson
1029 West Third, Suite 280
Anchorage, AK 99501
Phone: (907) 276-8010  Facsimile: (907) 276-5334
barmar@gci.net
Alaska Bar No. 8506088

CERTIFICATE OF SERVICE
I HEREBY CERTIFY that a copy of this document
was served by electronic notification on this 2nd
day of June, 2006, to:

Michael W. Sewright, Esq.
Burr, Pease & Kurtz
810 N Street
Anchorage, AK  99501

Paul Stockler, Esq.
1309 West 16th Avenue
Anchorage, AK  99501

Traeger Machetanz, Esq/Tom Krider, Esq.
Oles Morrison Rinker & Baker, LLP
745 4th Avenue, Suite 502
Anchorage, AK 99501-2136

Steven J. Shamburek, Esq.
Law Office of Steven J. Shamburek
425 G Street, Suite 630
Anchorage, AK  99501-5872

/s Herbert A. Viergutz