Herbert A. Viergutz, Esq.
Barokas Martin & Tomlinson
1029 West Third, Suite 280
Anchorage, AK 99501
Phone: (907) 276-8010
Facsimile: (907) 276-5334

Attorneys for United States Fidelity Guaranty Company

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a NORTHERN STEVEDORING & HANDLING, and NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a NORTHERN STEVEDORING & HANDLING, on its own behalf,<br><br>Plaintiffs,<br><br>and<br><br>UNITED STATES OF AMERICA for the use of SHORESIDE PETROLEUM, INC., d/b/a MARATHON FUEL SERVICE, and SHORESIDE PETROLEUM, INC., d/b/a MARATHON FUEL SERVICE, on its own behalf,<br><br>Intervening Plaintiffs,<br><br>and<br><br>METCO, INC.,<br><br>Intervening Plaintiff,<br><br>vs.<br><br>NUGGET CONSTRUCTION, INC.; SPENCER ROCK PRODUCTS, INC.; UNITED STATES FIDELITY AND GUARANTY COMPANY; and ROBERT A. LAPORE,<br><br>Defendants. | No. 3:98-cv-9 (TMB) |

### REPLY TO PLAINTIFF'S OPPOSITIONS TO USF&G MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S BAD FAITH CLAIM

Plaintiff's Opposition fails to meet the "Matsushita Standard", which is a label that may be applied to the following collection of authorities: Once the moving party has established that there is no genuine issue of material fact (Fed. R. Civ. P. 56(c)) it becomes the opposing party's burden to "do more than simply show that there is some metaphysical doubt as to the material facts . . . (W)here the record taken as a whole could not lead a rational trier-of-fact to find for the non-moving party, there is no 'genuine issue for trial'". Matsushita Elec. Indust. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted). Thus the opposing evidence must be sufficiently probative to permit a reasonable trier-of-fact to find in favor of the opposing party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). This includes presenting affirmative evidence on matters on which it has the burden of proof at trial. Id.
Moreover, evidentiary facts are required. Conclusory statements are not sufficient. Falls River Way Realty, Inc. v. Niagara Falls, 754 F.2d 49, 57 (2nd Cir. 1985). When but a single inference can be drawn from undisputed facts, there can be no "genuine" dispute. Inferences cannot be drawn from conclusory statements or general averments. Lujan v. National Wildlife Federation, 497 U.S. 871, 888 (1990). A party cannot create "manufacture" a "genuine issue of material fact" simply by making assertions in its legal memoranda. S.A. Empresa De Viacao Aerea Rio Grandense v. Walter Kidde & Co., 690 F.2d 1235, 1238 (9th Cir. 1980).

Thus, the Matsushita standard requires that the non-moving party offer (i) admissible evidence, which is (ii) probative, and, (iii) which is affirmative on issues as to which plaintiff has the burden of proof at trial. The requirement is not satisfied by conclusory statements or by assertions made in the opposition papers. Plaintiff's Opposition fails in each and in all of these particulars.

Plaintiff's would have this Court believe that there exist no differences between an insurer-insured relationship, and that of the principal/surety/obligee relationship. In fact, the surety relationship involves nothing more than a credit obligation. As such, Plaintiff's clearly "miss the boat" in their analysis of a surety's obligation, as described on pages 4-9 of USF&G's Motion. USF&G is not in a fiduciary relationship with Plaintiffs. Plaintiffs are totally confused, to their prejudice, by failing to appreciate the difference between first party insurance coverage and suretyship law. That relationship that the surety has to the obligee could in no way be construed as a fiduciary relationship, as articulated at pages 4-7 of USF&G's Motion, which arguments go totally unaddressed by Plaintiffs.

As articulated in Hillman v. Nationwide Mutual Fire Ins. Co., Inc., 55 P. 2d 1321, at 1324 (Alaska 1993):

> To show a claim for bad faith, plaintiff must show the absence of a reasonable basis for denying benefits of the policy and the defendant's knowledge or reckless disregard or the lack of reasonable basis for denying the claim (emphasis added).

In the first instance, how can Plaintiff's allege a cause of action for "non-payment, non-settlement, and/or refusal to settle", when this matter has twice been successfully appealed to the Ninth Circuit Court of Appeals by the principal, with the principal not having been advised, through Court Order, that any payment whatsoever is due and owing claimants? Since this matter is now proceeding on remand to the District Court from the Ninth Circuit Court of Appeals, USF&G has a reasonable basis for not paying claimants, with USF&G's non-payment therefore not constituting knowledge or reckless disregard of a lack of a reasonable basis for denying the claim under both Hillman, surpa, and Royal Order of Moose, Lodge 1392 v. International Fidelity Insurance Co., 797 P. 2d 622 (Alaska 1990). The Plaintiff's have not presented one iota of evidence to

establish that USF&G failed to act reasonably in discharging its obligations under the Bonds.

Further, there is no claim made by Plaintiffs in their Amended Complaints for failure to investigate, as being a basis for bad faith by USF&G. Even assuming such unplead cause of action exists, it is Plaintiff's burden of proof to establish that USF&G failed to reasonably investigate the claims, a burden which Plaintiffs have not and cannot meet. Plaintiffs failed to investigate their bad faith cause of action prior to its being filed, as acknowledged by Plaintiffs in their Oppositions, at page 12 of North Star's Memorandum.

> After the second appeal in 2002, from judgment amounts which should have been very palatable to the defendants, and the second remand placing jurisdiction back in this Court in March of last year, the question arose as to why the defendants would be paying at least twice as much in attorney's fees and costs litigating this case as they could have originally settled for. It became a pressing and increasingly troublesome issue to the claimants, who had spent over seven years and much expense by then litigating this matter. The situation didn't make sense. <u>It was then that the claimants amended their complaint to state the bad faith claim, however cautiously, since they had their suspicions in doing so, it was necessary in order to seek the discovery which must support the claim</u> (emphasis added).

Rather than attempting to prove their allegations of bad faith against USF&G, Plaintiffs chose to conduct no reasonable investigation whatsoever, <u>as not even one deposition of any USF&G employee was Noticed or taken by Plaintiffs</u>.[1] Plaintiffs have no evidence whatsoever to support their bad faith claim against USF&G, forwarding only the familiar conclusory, self-serving, and subjective representations, not even in Affidavit form, with the same being insufficient as a matter of law. Far Out Productions, Inc. v.

---

[1] Plaintiff's complaints that USF&G employees and counsel were not available should be disregarded, as subpoenas could have been sought and issued at any point in time.

Oskar, 247 F. 3d 986, 992, 996-97 (9th Cir. 2001). For example, at page 6 of Shoreside's Opposition, counsel states as follows:

> In recent discovery, the claimants determined that USF&G's records indicate that USF&G agreed with the claimant and Judge Holland that the matter was governed by these two Supreme Court Decisions rather than a 9th Circuit Decision. . .

Set aside that unsupported statement is incorrect, the point here is that it is not evidence for purposes of this Court's ruling on these Motions for Summary Judgment. The representation is absolutely false. Thereafter, Shoreside and Metco go on to conclude that despite the Ninth Circuit Decisions, USF&G should have settled the case rather than provide bonding to Nugget for the Appeal. Why? Nugget and USF&G had just prevailed at the Ninth Circuit. Shoreside and Metco state, in that regard:

> The claimants admit that the District Court Decision was reversed by the 9th Circuit on the basis of the 9th Circuit Decision in Aetna Casualty. Nonetheless, USF&G further breached its duties to the claimants by not at least discussing resolution with them after the District Court Decision rather than requiring them to expand more resources litigating the case.

Such an assertion is absolute nonsense. Why would USF&G have a duty to discuss settlement when the matter was being appealed, with the Ninth Circuit thereafter reversing? Why would USF&G discuss settlement at this point in time? Why would it not be Plaintiffs who should have come to the table offering a substantial decreased and reasonable settlement offer for USF&G to consider? Plaintiff's argument makes an assumption that a duty is owed, and argues further that there was a breach. But Plaintiffs ignores its burden of presenting <u>facts</u> from which raise a triable issue.

Finally, North Star's Memorandum, at page 15, suggests that USF&G's argument for summary judgment on the bad faith claim "appears to be two-fold". North Star improperly concludes that USF&G does not believe it has a duty of good faith and fair

dealing with the obligee. However, such an assertion is nowhere to be found in USF&G's instant Motion. It is absent merit. North Star is correct in its second point, i.e., "there is no evidence whatsoever in this case supporting the claim of bad faith against USF&G". It is at this point that North Star launches into its incorrect legal analysis heretofore discussed, i.e., the insured/insurer relationship is not synonymous with that of a surety/principal/obligee bond relationship. North Star is simply incorrect in its legal analysis, and USF&G relies upon its briefing in the instant Motion beginning at page 4. Simply stated, USF&G owes the claimants a duty of good faith and fair dealing, but it is not a fiduciary duty.

North Star concludes its insurance law treatise with quotation from its "expert", Mr. Callow, allegedly supportive of its position that a bad faith cause of action exists against USF&G.

> Q: What is your understanding of bad faith nonpayment.
> A: Depends on the circumstances.
> Q: In this circumstance.
> A: What's meant by this?
> Q: Yes.
> A: From a layman's terms, from me?
> Q: Yeah.
> A: I believe that USF&G <u>was probably fairly aware</u> that there was a problem with their customer at the time they were bonding Nugget. . .

It is clear that Mr. Callow is not even responding to the point Plaintiffs's Opposition attempts to make, because he is speaking to the wisdom of USF&G providing bonding to Nugget in the first place, not whether, having posted the bonds, USF&G acted in bad

faith. Being "probably fairly aware" does not constitute evidence sufficient to defeat USF&G's Motion for Summary Judgment. As a result, that Motion should be granted.

Dated this 2nd day of June, 2006.

/s Herbert A. Viergutz

Barokas Martin & Tomlinson
1029 West Third, Suite 280
Anchorage, AK 99501
Phone: (907) 276-8010
Facsimile: (907) 276-5334
barmar@gci.net
Alaska Bar No. 8506088

CERTIFICATE OF SERVICE
I HEREBY CERTIFY that a copy of this document
was served by electronic notification on this 2nd
day of June, 2006, to:

Michael W. Sewright, Esq.
Burr, Pease & Kurtz
810 N Street
Anchorage, AK 99501

Paul Stockler, Esq.
1309 West 16th Avenue
Anchorage, AK 99501

Traeger Machetanz, Esq/Tom Krider, Esq.
Oles Morrison Rinker & Baker, LLP
745 4th Avenue, Suite 502
Anchorage, AK 99501-2136

Steven J. Shamburek, Esq.
Law Office of Steven J. Shamburek
425 G Street, Suite 630
Anchorage, AK 99501-5872

/s Herbert A. Viergutz