Herbert A. Viergutz, Esq.
Barokas Martin & Tomlinson
1029 West Third, Suite 280
Anchorage, AK 99501
Phone: (907) 276-8010
Facsimile: (907) 276-5334

Attorneys for United States Fidelity and Guaranty Company

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a NORTHERN STEVEDORING & HANDLING, and NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a NORTHERN STEVEDORING & HANDLING, on its own behalf, <br><br>Plaintiffs, <br><br>and <br><br>UNITED STATES OF AMERICA for the use of SHORESIDE PETROLEUM, INC., d/b/a MARATHON FUEL SERVICE, and SHORESIDE PETROLEUM, INC., d/b/a MARATHON FUEL SERVICE, on its own behalf, <br><br>Intervening Plaintiffs, <br><br>and <br><br>METCO, INC., <br><br>Intervening Plaintiff, <br><br>vs. <br><br>NUGGET CONSTRUCTION, INC.; SPENCER ROCK PRODUCTS, INC.; UNITED STATES FIDELITY AND GUARANTY COMPANY; and ROBERT A. LAPORE, <br><br>Defendants. | No. 3:98-cv-9 (TMB) |

**REPLY TO PLAINTIFF'S OPPOSITIONS TO USF&G MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S STATE LAW CLAIMS RE: STATUTE OF LIMITATIONS**

1

Shoreside and Metco, in their Opposition to the instant Motion, at page 13 of their Memorandum, donate five sentences to this Motion. Plaintiffs contend:

> The statute of limitations does not begin to run until all elements of the offense are complete. USF&G hid its inaction.

The first sentence is a patently inaccurate statement of the law. The second sentence is an unsupported, enigmatic non sequiter. How does one hide inaction - by acting? Put differently, if USF&G actionable conduct was inaction, Plaintiffs obviously has known about the fact of inaction for the entire eight years USF&G has declined to pay Plaintiff's claim. Perhaps more to the point for Summary Judgment purposes, Plaintiffs have not provided one scintilla of evidence to support its anomalous contention that USF&G hid its inaction. Conclusory, self-serving, and subjective representations are insufficient to defeat summary judgment. Far Out Productions, Inc. v. Oskar, 247 F. 3d 986, 992, 996-97 (9th Cir. 2001).

On the otherhand, Plaintiff, North Star, correctly states the law, which was originally articulated by USF&G, at page 5 of its instant Motion, i.e:

> The statute of limitations does not begin to run until the claimant discovers or reasonably should have discovered the existence of the elements essential to the cause of action.[1]

Russell v. Municipality of Anchorage, 243 P. 2d 372 (Alaska 1987); and Greater Area, Inc., v. Bookman, 657 P. 2d 828, 829-30 (Alaska 1982). This concept is more commonly referred to as the "discovery rule". The discovery rule is limited by the parties obligation to exercise due diligence by attempting to discover the facts. Alaska Tae

---

[1] USF&G refuses to discuss the outlandish and unprofessional allegations leveled against the Oles Morrison law firm. While the undersigned is in direct competition with that firm, he does not recall not having a pending case against them for over a 20 year period and has never questioned the ethics of any member of that firm, including those defamed by Plaintiffs herein.

Woong Venture, Inc., v. Westwood Seafoods, 963 P. 2d 1055 (Alaska 1998). The instant case was filed in 1998, and the Amended Complaint asserting the laundry list of state law claims was not filed until August, 2005, some seven and one-half years after the fact. By no stretch of the imagination can Plaintiffs argue that they exercised "due diligence". Bookman, supra, at 829-30.

    North Star then asserts, at page 6 of its Memorandum:

> . . .USF&G acknowledges in its memorandum, the statute of limitation is tolled when an action is commenced.

USF&G made no such acknowledgment, and contends unequivocally that the contrary is true. This proposition must be interpreted in accordance with Federal Rule of Civil Procedure 15(c), as relates to "new claims". These tardily submitted new claims of Plaintiffs, through amendment, do not relate back to the date of the original pleading, pursuant to Federal Rule of Civil Procedure 15(c)(2). The pertinent inquiry is if the original complaint gave the defendant fair notice of the newly alleged claims. Wilson v. Fairchild Republic Co., 143 F. 3d 733, 738 (2nd Cir. 1998). Only then is the standard "same transaction or occurrence" satisfied. Stevelman v. Alias Research, Inc., 174 F. 3d 79 (2nd Cir. 1999). For example, in Massachusetts Bay Transportation Authority v. United States, 254 F. 3d 1367, 1380 (F. Ed. Cir. 2001) an original complaint for damage to property did not include allegation of damage to a terezo floor and, therefore, the claim for damage to the terezo floor did not arise from the same transaction required by Rule 15(c)(2). Recently, the Supreme Court also held that the more restrictive construction of the "same transaction or occurrence" standard previously applied by a majority of the Circuit Courts is now the applicable law. Mayle v. Felix, 125 S. Ct. 2562 (2005).

    Attached hereto is a copy of Plaintiff's original Complaint (Exhibit A hereto) which discloses unquestionably, at paragraph 6, that the action was filed pursuant to the Miller Act:

> This action arises, and the court having jurisdiction under the Miller Act, 40 U.S.C. §§270a-270d, and under 29 U.S.C. §§1331, including pendent jurisdiction. . .

Should any claim whatsoever survive the statute of limitations following these summary judgment motions, it can only be the breach of contract claim against Nugget, as no such claim was plead against USF&G. The laundry list of new and additional separate and distinct claims forwarded by Plaintiffs in their Amended Complaint, filed in excess of seven and one-half years after the filing of the original Complaint, did not include any causes of action other than under the Miller Act, or, by its most liberal reading, included only a cause of action for breach of contract against Nugget. Hence, said amendments can in no way be construed, consistent with the case law cited above, to relate back to the date of the filing of the original Complaint pursuant to Federal Rule of Civil Procedure 15(c)(2). Plaintiffs have provided no significant probative evidence which is relevant to dispute any factual issue which is truly material to this Motion for Summary Judgment. As a result, the Court should grant summary judgment and dismiss Plaintiff's state law claims based upon the applicable statute of limitations. O.S.C. Corp., v. Apple Computer, Inc., 601 F. Supp. 1274 Aff. 793 F. 2d 1464 (D.C. Cal. 1985); and Richards v. Nielson Freight Lines, 602 F. Supp. 1224 (D.C. Cal. 1985).

Dated this 2nd day of June, 2006.

/s Herbert A. Viergutz
_____
Barokas Martin & Tomlinson
1029 West Third, Suite 280
Anchorage, AK 99501
Phone: (907) 276-8010  Facsimile: (907) 276-5334
barmar@gci.net
Alaska Bar No. 8506088

CERTIFICATE OF SERVICE
I HEREBY CERTIFY that a copy of this document
was served by electronic notification on this 2nd
day of June, 2006, to:

Michael W. Sewright, Esq.
Burr, Pease & Kurtz
810 N Street
Anchorage, AK 99501

Paul Stockler, Esq.
1309 West 16th Avenue
Anchorage, AK 99501

Traeger Machetanz, Esq/Tom Krider, Esq.
Oles Morrison Rinker & Baker, LLP
745 4th Avenue, Suite 502
Anchorage, AK 99501-2136

Steven J. Shamburek, Esq.
Law Office of Steven J. Shamburek
425 G Street, Suite 630
Anchorage, AK 99501-5872

/s Herbert A. Viergutz