Michael W. Sewright
BURR, PEASE & KURTZ
810 N Street
Anchorage, AK 99501-3293
Telephone: (907) 276-6100
Fax No.: (907) 258-2530

Attorneys for Plaintiffs

FILED
U.S. DISTRICT COURT
DISTRICT OF ALASKA
1998 JAN 16 AM 11: 24

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA
AT ANCHORAGE

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a NORTHERN STEVEDORING & HANDLING; and NORTH STAR TERMINAL & STEVEDORE COMPANY d/b/a NORTHERN STEVEDORING & HANDLING on its own behalf,<br><br>Plaintiffs,<br><br>v.<br><br>NUGGET CONSTRUCTION, INC.; SPENCER ROCK PRODUCTS, INC.; UNITED STATES FIDELITY AND GUARANTY COMPANY; and ROBERT A. LAPORE,<br><br>Defendants. | <br><br><br><br><br><br><br><br><br><br><br><br><br><br>A98 009 CIV.<br><br>Case No. _____ CI |

**COMPLAINT**

BURR, PEASE & KURTZ
A PROFESSIONAL CORPORATION
810 N STREET
ANCHORAGE, AK 99501
(1) 276-6100

Exhibit A
Page 1 of 7

)                                             )

For their complaint against the defendants in this action, the United States of America and plaintiff and use plaintiff North Star Terminal & Stevedore Company, d/b/a Northern Stevedoring & Handling, allege as follows:

1. North Star Terminal & Stevedore Company doing business as Northern Stevedoring & Handling (hereinafter "North Star"), Plaintiff and use Plaintiff herein, is a corporation organized and existing under the laws of the State of Alaska, with its principal office and place of business located at 790 Ocean Dock Road, Anchorage, Alaska 99501. North Star has been in business in Alaska since 1950 and does business in the Kenai Peninsula, Alaska area as and through Northern Stevedoring and Handling ("Northern Stevedoring"), which is also organized and doing business under the laws of the State of Alaska. Northern Stevedoring has its principal place of business in Seward, Alaska. North Star, including Northern Stevedoring, is in the business of furnishing stevedoring and handling services, labor, materials and equipment. It provides such services for the prosecution of construction projects throughout Alaska, including the project in this case.

2. Defendant Nugget Construction, Inc. ("Nugget") is an Alaska corporation. At all times herein pertinent, it did substantial business in Alaska as the principal contractor on the federal project Contract No. DACW 85-96-C-0020, Homer Spit Repair and Extension, through its offices at 8726 Corbin Drive, Anchorage, Alaska 99507.

BURR, PEASE
& KURTZ
A PROFESSIONAL CORPORATION
810 N STREET
ANCHORAGE, AK 99501
(1) 276-6100

COMPLAINT                                    Exhibit A
45-40/10657                                  Page 2 of 27

)

3. Defendant Spencer Rock Products, Inc. ("Spencer") is an Alaska corporation. At all times herein pertinent, it did substantial business in Alaska on the above-stated federal project through its offices in Anchorage, Alaska, including its corporate registered office at the residence of its chief owner and officer, defendant Robert A. LaPore ("LaPore"), 7232 Foxridge Circle #H, Anchorage, Alaska 99518.

4. Defendant United States Fidelity and Guaranty Company ("USF&G") is a corporation or other duly organized business or association duly authorized to engage in the business of executing surety bonds in the State of Alaska. It did execute a payment bond, No. 99-0120-50298-96-5, to the United States of America securing payment to providers of labor and material like North Star for the afore-referenced construction project, Contract No. DACW85-96-C-0020. A copy of that payment bond is attached hereto as Exhibit A. Upon information and belief, USF&G's corporate headquarters are in Baltimore, Maryland and its address is P.O. Box 1138, Baltimore, Maryland 21203-1138.

5. Based on information and belief and defendant LaPore's own representations to North Star, LaPore is the president and 95 percent owner of defendant Spencer. LaPore is a resident of the State of Alaska. On January 28, 1997, defendant LaPore bound himself individually, by written guaranty, to personally and punctually pay and perform all of Spencer's debts and obligations to North Star, present and future -- including the sums still owed North Star as set forth

BURR, PEASE
& KURTZ
A PROFESSIONAL CORPORATION
810 N STREET
ANCHORAGE, AK 99501
(907) 276-6100

COMPLAINT
45-40/10657

Exhibit A
Page 3 of 3

in this Complaint. Evidence of that Individual Personal Guaranty is attached hereto as Exhibit B.

6. This action arises, and the court has jurisdiction, under the Miller Act, 40 U.S.C. §§ 270a-270d, and under 28 U.S.C. § 1331, including pendant jurisdiction.

7. Nugget, Spencer and Lapore each contracted with North Star to secure North Star and Northern Stevedoring's services loading five barges of quarry rock for the afore-mentioned Homer Spit project in which Nugget and Spencer were engaged jointly, and/or served as contractor and subcontractor respectively. The loading was done upon Nugget's barge under the direction of Nugget's Project Manager on the afore-stated Homer Spit project, Randy Randolph, P.E. See, e. g., Exhibit C attached hereto.

8. By such agreement, express and/or implied, with defendants Nugget, Spencer and LaPore, and by direct, legally binding relationship and course of doing business with Nugget, Spencer and LaPore, on which North Star was induced to detrimentally rely and did reasonably rely to its detriment, North Star furnished valuable labor, materials, equipment and services in the prosecution of the work provided for in the above-referenced contract between Nugget and the United States of America and bonded by USF&G. North Star did so in the amount of $124,724.98, plus interest, as further delineated in Exhibit D attached hereto and evidenced by the applicable invoices and other evidence including the

BURR, PEASE
& KURTZ
A PROFESSIONAL CORPORATION
810 N STREET
ANCHORAGE, AK 99501
(7) 276-6100

COMPLAINT
45-40/10657

Exhibit A
Page 4 of 7

correspondence, communications and actions of Nugget, Spencer and LaPore, by and through their respective representatives and agents. In addition to the direct, legally binding relationship which existed between North Star and Nugget, LaPore and Spencer served as agents and representatives for Nugget in their dealings with North Star and Northern Stevedoring. Spencer was also a subcontractor of Nugget on the afore-referenced construction project at all material times.

9. The above-stated North Star claims and bills have been presented to Nugget, Spencer, LaPore and USF&G but remain unpaid. See, e. g., Exhibit D. No part of those claims or bills has been paid by any of the defendants, yet Nugget has been paid for such work by progress payments to it by the United States Government. Nugget, Spencer and Lapore have been unjustly enriched thereby, and in addition to contract damages, North Star is entitled to restitution under quantum meruit principles in equity. Work on the Homer Spit Repair and Extension project remains unfinished by Nugget.

10. Nugget entered into the above-referenced contract No. DACA85-96-C-0020 in writing with the United States of America to furnish the materials and to perform the labor for the purposes and in accordance with the specifications contained in that contract.

11. Pursuant to the terms of that contract, Nugget, as principal, and USF&G, as surety, executed and delivered to the United States the above-referenced bond, conditioned as required by the Miller Act for the protection of all

BURR, PEASE
& KURTZ
PROFESSIONAL CORPORATION
810 N STREET
ANCHORAGE, AK 99501
(7) 276-6100

Exhibit A

COMPLAINT
45-40/10657

Page 5 of 7
- 5 -

persons and companies supplying labor and/or materials in the prosecution of the work provided for in that contract.

12. Thereafter, use plaintiff North Star provided the labor, services, materials and equipment to Nugget and Spencer as heretofore alleged, in the prosecution of that work provided under the aforementioned contract between Nugget and the United States of America.

13. Notwithstanding North Star's demands for payment, payment has not been made and there is now justly due and owing to the plaintiff and use plaintiff, North Star, the sum of at least $124,724.98 attributable to that project, plus interest, costs and attorney fees (including Alaska Civil Rule 82 fees), the same (or such greater amount as may be proven) being the reasonable value of the labor performed and materials, including equipment use, furnished by North Star. Nugget, Spencer and LaPore are in breach of contract and/or owe North Star restitution, as set out previously herein. Defendant USF&G is obligated to pay North Star under the obligations of its payment bond. USF&G is legally responsible for the duties, acts and omissions of its principal, Nugget, insofar as they related to the aforestated contract and bond, including payment for the labor, services, equipment and materials furnished by North Star.

14. The date on which the last labor, services, materials and/or equipment use was supplied by North Star for the prosecution of the afore-referenced project was June 26, 1997. Exhibit D. A period of more than 90 days

BURR, PEASE
& KURTZ
A PROFESSIONAL CORPORATION
810 N STREET
ANCHORAGE, AK 99501
(7) 276-6100

COMPLAINT
45-40/10657

~~Exhibit A~~
Page 6 of ~~7~~ 6

has elapsed since such date, and North Star has not been paid in full for the labor and services performed and the materials and equipment furnished.

15. All conditions precedent for the bringing and maintenance of this action have been performed or have occurred.

WHEREFORE, North Star and the United States of America, on behalf and to the use of North Star Terminal & Stevedore Company d/b/a Northern Stevedoring & Handling, request judgment against each of the above-named defendants for the sum of at least $124,724.98, together with such interest, reasonable attorney's fees and costs of this action as shall be allowed by this court, including an award of attorney fees pursuant to Alaska Civil Rule 82 (upon North Star's breach of contract and restitution claims), and such other fees, costs and equitable relief as the court shall allow in the exercise of its equitable powers based on the circumstances herein presented.

North Star also demands jury trial on all of its claims triable by jury.

DATED: January 16, 1998.

> BURR, PEASE & KURTZ
> Attorneys for use Plaintiff
> North Star Terminal & Stevedore Company
>
> By _____
> Michael W. Sewright
> Alaska Bar # 7510090

BURR, PEASE & KURTZ
PROFESSIONAL CORPORATION
810 N STREET
ANCHORAGE, AK 99501
(907) 276-6100

COMPLAINT
45-40/10657

Exhibit A
Page 7 of 7
- 7 -