LEXSEE

NORTH STAR TERMINAL & STEVEDORE CO. EX REL, Plaintiff - Appellee, v. NUGGET CONSTRUCTION INC.; UNITED STATES FIDELITY AND GUARANTY COMPANY, Defendants - Appellants, and, SPENCER ROCK PRODUCTS INC., Defendant, v. SHORESIDE PETROLEUM INC. EX REL; METCO, INC., Plaintiff-Intervenors - Appellees. NORTH STAR TERMINAL & STEVEDORE CO. EX REL, Plaintiff - Appellant, v. NUGGET CONSTRUCTION INC.; SPENCER ROCK PRODUCTS INC.; UNITED STATES FIDELITY AND GUARANTY COMPANY; ROBERT A. LAPORE, Defendants - Appellees, v. SHORESIDE PETROLEUM INC. EX REL; METCO, INC., Plaintiff-intervenors. NORTH STAR TERMINAL & STEVEDORE CO. EX REL, Plaintiff, v. UNITED STATES FIDELITY AND GUARANTY COMPANY; CITY OF PORTLAND; SPENCER ROCK PRODUCTS INC.; NUGGET CONSTRUCTION INC., Defendants - Appellees, v. METCO, INC., Plaintiff-intervenor, and, SHORESIDE PETROLEUM INC. EX REL, Plaintiff-intervenor - Appellant. NORTH STAR TERMINAL & STEVEDORE CO. EX REL, Plaintiff, v. NUGGET CONSTRUCTION INC.; SPENCER ROCK PRODUCTS INC.; UNITED STATES FIDELITY AND GUARANTY COMPANY, Defendants - Appellees, v. SHORESIDE PETROLEUM INC. EX REL, Plaintiff-intervenor, and, METCO, INC., Plaintiff-intervenor - Appellant.

No. 02-35887, No. 03-35168, No. 03-35174, No. 03-35175

UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

126 Fed. Appx. 348; 2005 U.S. App. LEXIS 3589

February 10, 2004, Argued and Submitted, Seattle, Washington
March 3, 2005, Filed

**NOTICE:** [**1] RULES OF THE NINTH CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**PRIOR HISTORY:** Appeal from the United States District Court for the District of Alaska. D.C. No. CV-98-00009-A-HRH. H. Russel Holland, Chief Judge, Presiding.

**DISPOSITION:** Affirmed in part; reversed in part and remanded.

**COUNSEL:** For NORTH STAR TERMINAL & STEVEDORE CO. EX REL, Plaintiff - Appellee: Michael W. Sewright, Esq., BURR, PEASE & KURTZ, Anchorage, AK.

For NUGGET CONSTRUCTION INC., UNITED STATES FIDELITY AND GUARANTY COMPANY, Defendant - Appellant: Traeger Machetanz, Esq., OLES MORRISON RINKER & BAKER, LLP, Anchorage, AK.

For SHORESIDE PETROLEUM INC. EX REL, Plaintiff-intervenor - Appellee: Steven J. Shamburek, Esq., LAW OFFICE OF STEVEN J. SHAMBUREK, Anchorage, AK.

For METCO, INC.. Plaintiff-intervenor - Appellee: George Kapolchok, Esq., Anchorage, AK; Steven J. Shamburek, Esq., LAW OFFICE OF STEVEN J. SHAMBUREK, Anchorage, AK.

**JUDGES:** BEFORE: D.W. NELSON, KLEINFELD and FISHER, Circuit Judges.

**OPINION:**

[*350] MEMORANDUM*

EXHIBIT 1
Page 1 of 3 Pages

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

[\*\*2]

Nugget Construction ("Nugget") appeals the district court's grant of summary judgment to North Star, Metco and Shoreside ("appellees"). The appellees cross-appeal the district court's denial of attorney's fees and application of a 4.25% simple interest rate. Because material issues of fact remain, we reverse the grant of summary judgment and remand for further proceedings.

A. Liability under the Miller Act

"Recovery under the Miller Act is limited to those who have a direct contractual relationship, express or implied, with the prime contractor or . . . a subcontractor of the prime contractor." *Fid. & Deposit Co. of Maryland v. Harris*, 360 F.2d 402, 408 (9th Cir. 1966); *see also* 40 U.S.C. § 270b(a) (2001); *J. W. Bateson Co. v. United States ex rel. Bd. of Trustees of Nat'l Automatic Sprinkler Indus. Pension Fund*, 434 U.S. 586, 589, 55 L. Ed. 2d 50, 98 S. Ct. 873 (1978). The appellees never entered into express contracts with Nugget, and we have already held that Spencer Rock acted not as a subcontractor but as a materialman on this project. *See United States v. Nugget Constr., Inc.*, 19 Fed. Appx. 705 (9th Cir. 2001) (unpublished memorandum [\*\*3] decision). The appellees contend that they may nonetheless recover because they had implied contracts with Nugget. We apply federal law to determine whether such implied contracts existed. *See F.D. Rich Co. v. United States ex rel. Indus. Lumber Co.*, 417 U.S. 116, 127, 40 L. Ed. 2d 703, 94 S. Ct. 2157 (1974) ("The Miller Act provides a federal cause of action, and the scope of the remedy as well as the substance of the rights created thereby is a matter of federal not state law."); *Harris*, 360 F.2d at 409 (applying federal law to determine whether an implied-in-fact contract existed).

Under the Miller Act, we will look through Spencer Rock, the materialman, and find an implied-in-fact, direct contractual relationship between the appellees and Nugget, the primary contractor, if the appellees demonstrate "subterfuge, collusion between [Nugget and Spencer Rock] or circumstances indicating the interposition of [Spencer Rock as a] strawman, presumably for the purpose of insulating [Nugget and its surety company] from extensive Miller Act liability." *Harris*, 360 F.2d at 410-11 (acknowledging that such a showing will justify constructively "telescoping" subcontracts, [\*\*4] thereby eliminating a party in a chain of subcontracts). n1

n1 *J. W. Bateson* cited *Harris* with approval, but did not address *Harris'* discussion of the "telescoping" rule. *See* 434 U.S. at 588 n.2, 593 n.6.

On the record before us, the appellees have presented sufficient evidence to create [\*351] a material issue of fact as to subterfuge or collusion. The evidence, although not conclusive, tends to show that Nugget secretly converted Spencer Rock into a strawman in its ongoing dealings with the appellees. The support agreement with Spencer Rock on its face purports to insulate Nugget from Miller Act liability, yet Nugget directed Spencer Rock to conceal the terms of this agreement and keep secret Nugget's arrangements with Spencer Rock relating to the project. Nugget also began performing some of Spencer Rock's functions at the quarry and interacted directly with some of the appellees -- the extent to which remains in dispute. We therefore reverse the district court's grant of summary judgment [\*\*5] and remand for further proceedings to determine whether Nugget (and Spencer Rock) engaged in conduct sufficient to create a direct contractual relationship between Nugget and the appellees. *See Harris*, 360 F.2d at 410-11.

B. Attorney's Fees and Interest

The appellees cross-appeal the district court's denial of attorney's fees and application of a 4.25% simple interest rate. We agree with the district court that even if the appellees are allowed recovery under the Miller Act, they still will not be entitled to attorney's fees. Attorney's fees are not available under the Miller Act unless expressly provided for by the terms of the direct contracts between the parties or in the Miller Act bond itself. *See United States ex rel. Reed v. Callahan*, 884 F.2d 1180, 1185 (9th Cir. 1989); *Cont'l Cas. Co. v. United States ex rel. Conroe Creosoting Co.*, 308 F.2d 846, 849 (5th Cir. 1962). Here, even if the factfinder determines that the appellees have implied-in-fact contracts based on "telescoping," that would not suffice to create terms providing for attorney's fees. Nor does the Miller Act bond obtained by Nugget provide for attorney's fees. [\*\*6]

The district court applied the proper prejudgment interest rate. Alaska Statute § 09.30.070, as amended, mandates a simple interest rate of 4.25%. *See* Alaska Stat. § 09.30.070 (1998). The amended statute applies to claims that accrued after August 7, 1997. Because Miller Act claims do not accrue until 90 days after the last supply date, and all of the appellees provided labor or materials after May 9, 1997, the amended statute applies to all of the appellees' claims.

The judgment of the district court is **AFFIRMED** in part, **REVERSED** in part and the case is **REMANDED**

EXHIBIT 1
Page 2 of 3 Pages

to the district court. The parties shall bear their own costs.

EXHIBIT 1
Page 3 of 3 Pages