Michael W. Sewright
BURR, PEASE & KURTZ
810 N Street
Anchorage, AK  99501-3293
Telephone:    (907) 276-6100
Fax No.:       (907) 258-2530
Attorneys for North Star

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a Northern Stevedoring & Handling, and NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a Northern Stevedoring & Handling, on its own behalf,<br><br>    Plaintiffs,<br> and<br><br>UNITED STATES OF AMERICA for the use of SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Services, and SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Services, on its own behalf,<br><br>    Intervening Plaintiffs,<br> and<br><br>METCO, INC.,<br><br>    Intervening Plaintiff,<br> vs.<br><br>NUGGET CONSTRUCTION, INC.; SPENCER ROCK PRODUCTS, INC.; UNITED STATES FIDELITY AND GUARANTY COMPANY; and ROBERT A. LAPORE,<br><br>    Defendants. | Case No. 3:98-cv-009-TMB<br><br>**JOINT STATUS REPORT** |

Joint Status Report
*North Star Terminal & Stevedore Co., et al v. Nugget Construction et al*
Case No. A98-009 CV
Page 1 of 7

45-40 / #84045

Pursuant to this Court's May 25, 2006 Order (Clerk's Docket No. 568), the parties submit this joint status report.

Following the second remand of this case to this Court on April 5, 2005 (Clerk's Docket No. 383) and an unsuccessful effort to settle it (Clerk's Docket No. 388), the Court granted leave to file amended complaints (Clerk's Docket No. 401). As part of that latter Order dated August 11, 2005, the Court ordered counsel to "meet and confer regarding discovery and propose a calendar for this purpose to the court on or before October 11, 2005." Clerk's Docket No. 401 at 5. There the Court also ordered:

> Any necessary motions shall be served and filed thirty days after the completion of discovery. If no motions are filed, the parties shall certify this case ready for trial as soon as the motion deadline has passed. *If motions are filed, the parties shall certify this case ready for trial as soon as all motions are decided.*

*Id.* (Emphasis added).

Based on that Order, counsel for the parties met and conferred and reported to the Court as ordered. Clerk's Docket No. 414. In their report they proposed a pretrial schedule which the Court accepted and approved in its Pretrial Order dated October 12, 2005. Clerk's Docket No. 415. In accordance with that Order and the Court's previous Order, this case proceeded pretrial as follows: (1) close of discovery by March 31, 2006; (2) filing of motions by April 30, 2006 [actually May 1, since April 30 fell on the weekend]; (3) determination by this Court of pending motions; and (4) certification of this case as being ready for trial and scheduling of trial after all motions are decided. *See* Clerk's Docket Nos. 401, 414 & 415.

Commencing April 24, 2005, several motions have been filed by the parties. All should be ripe for determination by the Court by the time of the status conference scheduled by the

Court for June 16, 2005.  *See* Clerk's Docket No. 568 at 2.

Based chiefly upon the foregoing pretrial status of this case, the parties address the specific items of information requested by the Court in its Order at Clerk's Docket No. 568 as follows, in the order requested:

**A.     Nature of the Case**

1. The lead attorneys in the case are:  (a) Michael Sewright of Burr Pease & Kurtz for the Plaintiff and Use Plaintiff North Star Terminal & Stevedore Company ("North Star"); (b) Steven Shamburek representing the Plaintiffs and Use Plaintiffs Shoreside Petroleum, Inc. ("Shoreside") and Metco, Inc. ("Metco"); (c) Thomas Krider of Oles, Morrison, Rinker & Baker representing Defendants Nugget Construction, Inc. ("Nugget") and United States Fidelity & Guaranty Co. ("USF&G") (except on the bad faith claim asserted against USF&G), (d) Herbert Viergutz of Barokas, Martin & Tomlinson representing USF&G on the bad faith claim (*see* Withdrawal and Substitution Order dated November 29, 2005 at Clerk's Docket No. 418); and (e) C. Patrick Stoll of Herrig, Vogt & Stoll (Sacramento, California office) representing Defendants Spencer Rock Products, Inc. ("Spencer Rock") and Robert A. LaPore ("LaPore") (associated Alaska counsel is Paul Stockler).  Their addresses and phone numbers are listed on this Court's matrix for the Civil Docket for this case.

2. The bases for federal jurisdiction are set forth in the Amended Complaints (Clerk's Docket Nos. 406, 407 & 409) as the Miller Act, 40 U.S.C. §§ 270a-270d (subsequently recodified at 40 U.S.C. §§ 3131-3134 (2002)), as to all claims herein stated coming within that Act, and also under 28 U.S.C. § 1331 and 28 U.S.C. § 1367,

including "pendant" or supplemental jurisdiction, as to all claims herein stated arising under state law.

   3. The nature of the claims asserted in the Amended Complaints are best set out in those complaints, which are about 25 pages each. North Star, Shoreside, and Metco's Amended Complaints are similarly stated, with some differences. Using North Star's Amended Complaint (Clerk's Docket No. 409) as an example, the remaining bases for recovery under the Miller Act include:

  (1) the "telescoping" or "strawman" cause of action which this Court and the Ninth Circuit Court most recently referenced in this case;

  (2) the agent/principal cause of action on which North Star also relied during the second district court proceedings in this case; and

  (3) other causes of action based on fraud, contract, implied contract, quasi-contract, restitution and/or equitable subordination.

*See* Clerk's Docket No. 409 at p. 9. Again using North Star's Amended Complaint as an example, claims based on state law are breach of express or implied contract, promissory estoppel, quasi-contract, agency, detrimental reliance, unjust enrichment and restitution, quantum meruit, misrepresentation and nondisclosure including intentional and negligent misrepresentation, negligence, tortious interference of business relations, equitable subordination, constructive trust, bad faith dealing, and punitive damages. *Id.* at pp. 13-24. There are no counterclaims.

   4. All defendants were served and appeared in the case over eight years ago, during the first few months of 1998.

   5&6. The principal legal and factual issues in this case, and the parties' disagreements regarding them (including their characterization) are already set out in the

Joint Status Report
*North Star Terminal & Stevedore Co., et al v. Nugget Construction et al*
Case No. A98-009 CV    45-40 / #84045
Page 4 of 7

several undecided pending motions and responses of the parties filed in this case starting April 24, 2006 to present and up through the date of the court-ordered status conference. As noted above, those motions should be ripe for court determination by the point of the status conference. They and this Court's determinations regarding them should define the principal legal and factual issues in this case, as was contemplated by Judge Holland and the parties in the previous pretrial orders and report of counsel located at Clerk's Docket Nos. 401, 414 & 415.

### B.     Discovery

1. Discovery is closed. North Star advises there may be need for follow-up requests for copies of documents previously produced to complete trial exhibits etc.

2. Brief descriptions of all currently pending undecided motions, joinders, cross-motions, and related filings are given in the Clerk's Civil Docket Report entries for this case, starting with Nugget and USF&G's motion for summary judgment against Metco listed at Clerk's Docket No. 476. For the Court's convenience, a copy of the Clerk's Civil Docket Report listing and describing those currently pending motions and responses is attached hereto as Exhibit 1. As shown by Exhibit 1, there have been about 100 such filings since April 24, 2006, covering 18 pages of the Clerk's Civil Docket Report for this case.

3. Previously entered rulings on substantive issues are already described by the parties, in different ways, in the pending undecided motions and responses listed and summarized in the Clerk's Civil Docket Report attached hereto as Exhibit 1. This Court has previously entered summary judgments in the case on two occasions, in 2000

and September 2002 – March 2003, which were reversed and remanded by the Ninth Circuit Court in 2001 and 2005, as further discussed in the pending undecided motions and listed in the earlier, fuller Clerk's Civil Docket Report entries for this case not attached hereto.

       4.   There have been many status reports previously filed in this case, few of which are presently pertinent. The presently pertinent status reports, including pretrial orders, have been described above. Previous, less pertinent status reports are listed and summarized in the Clerk's Civil Docket Report entries for the time period preceding Exhibit 1. It is respectfully submitted that the Court can best familiarize itself with those prior proceedings by reviewing those docket entries, where they are generally well summarized.

    **C.**   **Trial**

       1.   North Star counsel has estimated a trial taking two weeks. Other parties have estimated three weeks. This is an issue which can also be addressed, and perhaps better estimated, at a pretrial conference scheduling trial following the Court's determination of the pending motions. A jury by trial has been requested and ordered by the Court. *See, e.g.,* Clerk's Docket Nos. 3, 390, 392, 394 & 396.

    **D.**   **Settlement**

       1.   Settlement was discussed last summer at the settlement conference held before Judge Singleton. *See* Clerk's Docket Nos. 385 - 388. As noted above, that settlement conference was unsuccessful. Clerk's Docket No. 388. The parties do not request a settlement conference at this time. However, the matter can be discussed at the

Joint Status Report
*North Star Terminal & Stevedore Co., et al v. Nugget Construction et al*
Case No. A98-009 CV            45-40 / #84045
Page 6 of 7

status conference scheduled for June 16.

Respectfully submitted this 9th day of June, 2006.

        s/ Michael W. Sewright
        Burr, Pease & Kurtz
        810 N Street
        Anchorage, AK  99501
        Telephone:  (907) 276-6100
        Fax:  (907) 258-2530
        E-mail:  mws@bpk.com
        Alaska Bar # 7510090

CERTIFICATE OF SERVICE

I certify that on the 9th day of June, 2006, a copy of the foregoing JOINT STATUS REPORT was served electronically to:

   Steven S. Shamburek, Esq.
   Traeger Machetanz, Esq.
   Paul D. Stockler
   Herbert A. Viergutz
   C. Patrick Stoll, Esq.

   s/ Michael W. Sewright

Joint Status Report
*North Star Terminal & Stevedore Co., et al v. Nugget Construction et al*
Case No. A98-009 CV         45-40 / #84045
Page 7 of 7