Michael W. Sewright
BURR, PEASE & KURTZ
810 N Street
Anchorage, AK  99501-3293
Telephone:     (907) 276-6100
Fax No.:        (907) 258-2530
Attorneys for North Star

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a Northern Stevedoring & Handling, and NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a Northern Stevedoring & Handling, on its own behalf,<br><br>　　　　　　　　Plaintiffs,<br>　　and<br><br>UNITED STATES OF AMERICA for the use of SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Services, and SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Services, on its own behalf,<br><br>　　　　　　　　Intervening Plaintiffs,<br>　　and<br><br>METCO, INC.,<br><br>　　　　　　　　Intervening Plaintiff,<br>　　vs.<br><br>NUGGET CONSTRUCTION, INC.; SPENCER ROCK PRODUCTS, INC.; UNITED STATES FIDELITY AND GUARANTY COMPANY; and ROBERT A. LAPORE,<br><br>　　　　　　　　Defendants. | Case No. A98-009 CIV (TMB)<br><br><br>**MOTION TO STRIKE PORTION OF USF&G'S JUNE 2, 2006 REPLY TO PLAINTIFFS' OPPOSITIONS TO USF&G'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' BAD FAITH CLAIMS** |

North Star's Motion to Strike
*United States ex rel. North Star, et al.  v. Nugget
Construction, et al.,* A98-009 CIV (HRH)
Page 1 of 4                                                                 45-40/#84054

Plaintiff and Use Plaintiff North Star Terminal & Stevedore Company ("North Star")

moves to strike that part of the above-referenced Reply of defendant United States Fidelity &

Guaranty Company ("USF&G") wherein USF&G counsel attributes a quotation to Mr. Callow

which was not a statement by Mr. Callow at all.   *See* USF&G Reply, Clerk's Docket No. 597 at

pp. 6-7.  *See also* Fed. R. of Civ. P. 12(f) (providing for striking any "immaterial, impertinent"

matter).  As demonstrated both in USF&G's prior "bad faith" filing (Clerk's Docket No. 502 at

11) and in North Star's Opposition thereto (Clerk's Docket No. 547 at pp. 31-32), the deposition

testimony which USF&G quotes and attributes to expert William Grant Callow in its Reply was

instead given at a separate, previous deposition of layman Jeff Bentz.  Furthermore, that

testimony was only given, over objection, when Mr. Viergutz pressed Mr. Bentz  for his

"personal understanding as a ***layman***" of "bad faith nonpayment."  Clerk's Docket No. 547 at

pp. 31-32 (emphasis added).  North Star has never characterized Mr. Bentz as an "expert" on the

subject.  *Id.*  Instead, only USF&G has sought to do so, in error, which only confuses matters.

*See* USF&G Motion, Clerk's Docket No. 502 at pp. 10-12.

In addition to getting the witness wrong, USF&G takes the quoted passage out of context

and misconstrues it.  In its Reply USF&G deliberately cuts Mr. Bentz's complete answer short to

delete important content.  His complete answer was "I believe that USF&G was probably fairly

aware that there was a problem with their customer at the time that they were bonding Nugget

because of the various correspondence that was going on, and they absolutely did nothing and I

believe that was negligent."  *See* J. Bentz Depo. tr. p. 211, attached as Exhibit F to USF&G's

Memo. at Clerk's Docket No. 502.  From the full context of the questioning and answer which

USF&G deletes it is evident that Mr. Bentz was ***not*** "speaking to the wisdom of USF&G

North Star's Motion to Strike
*United States ex rel. North Star, et al.  v. Nugget*
*Construction, et al.,* A98-009 CIV (HRH)
Page 2 of 4                                                                                              45-40/#84054

providing bonding to Nugget in the first place", as USF&G misstates, but to the period "of the various correspondence" starting in July and August of 1997, meaning the claim letters and the correspondence between the U. S. Army Corps of Engineers, Nugget, USF&G and the various claimants, while USF&G was bonding Nugget.  USF&G deliberately gives "bonding" a different meaning than did Mr. Bentz.

The limited basis of this motion to strike should not be construed as agreeing with any other portion of USF&G's aforementioned Reply.  Among other things, USF&G continues to quote a "double standard" passage from *Hillman v. Nationwide Mutual Fire Insurance Company, Inc.,* 855 P.2d 1321 (Alaska 1993), identified but ***not adopted*** by the Alaska Supreme Court in that decision.  The troubling aspect is that USF&G persists in making that error ***even after*** it was shown to be in error in North Star's Opposition and Cross-Motion at Clerk's Docket No. 547 pp. 23-25 & No. 548.

USF&G also misstates the emphasized portion of the quotation it lifts from page 12 of that North Star Opposition.  In addition, whereas USF&G represents in its Reply that its "fiduciary relationship" arguments in its initial memorandum "go totally unaddressed by Plaintiffs" (Clerk's Docket No. 597 at 3), in fact North Star directly addressed them in its Opposition Memorandum, for example at pages 20-22.  North Star also strongly disagrees with USF&G's assertion that the plaintiffs have presented no admissible evidence to support their bad faith claims against USF&G, but that disagreement is addressed and supported in the record.

North Star's Motion to Strike
*United States ex rel. North Star, et al.  v. Nugget Construction, et al.,* A98-009 CIV (HRH)
Page 3 of 4                                                                                        45-40/#84054

For the foregoing reasons, North Star requests that the above-referenced portion of

USF&G's filing at Clerk's Docket No. 597 be stricken.  Alternatively, the Court is requested to

disregard it as clearly erroneous.

Respectfully submitted June 9, 2006.

s/ Michael W. Sewright
Burr, Pease & Kurtz
810 N Street
Anchorage, AK  99501
Telephone:  (907) 276-6100
Fax:  (907) 258-2530
E-mail:  mws@bpk.com
Alaska Bar # 7510090

CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2006, a copy of
the foregoing was served electronically on:

Traeger Machetanz
Steven J. Shamburek
Paul Stockler
Herbert A. Viergutz, and C.
Patrick Stoll.

/s Michael W. Sewright

North Star's Motion to Strike
*United States ex rel. North Star, et al.  v. Nugget
Construction, et al.,* A98-009 CIV (HRH)
Page 4 of 4                                                   45-40/#84054