Michael W. Sewright
BURR, PEASE & KURTZ
810 N Street
Anchorage, AK  99501-3293
Telephone:     (907) 276-6100
Fax No.:         (907) 258-2530
Attorneys for North Star

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a Northern Stevedoring & Handling, and NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a Northern Stevedoring & Handling, on its own behalf, <br><br>         Plaintiffs, <br>    and <br><br> UNITED STATES OF AMERICA for the use of SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Services, and SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Services, on its own behalf, <br><br>         Intervening Plaintiffs, <br>    and <br><br> METCO, INC., <br><br>         Intervening Plaintiff, <br>    vs. <br><br> NUGGET CONSTRUCTION, INC.; SPENCER ROCK PRODUCTS, INC.; UNITED STATES FIDELITY AND GUARANTY COMPANY; and ROBERT A. LAPORE, <br><br>         Defendants. | Case No. A98-009 CIV (TMB) <br><br> **NOTICE OF PERTINENT OR CONTROLLING SUPPLEMENTAL LEGAL AUTHORITIES [Alaska USDC Local Rule 7.1(h)(1)[B]]** |

Plaintiff and Use Plaintiff North Star Terminal & Stevedore Company ("North Star") hereby gives notice of the following supplemental legal authorities supporting its and the other claimants' contention that defendant United States Fidelity & Guaranty Company's ("USF&G's") duties of good faith dealing owed them, including the duty to promptly pay claims brought against the payment bond, are of a continuing nature on which no statute of limitations has run, as set forth in their oppositions to USF&G's motion (*see* Clerk's Docket No. 547 at pp. 2-15 & No. 549 at p. 13).

1. *Brannon v. Continental Casualty Company,* Alaska Supreme Court Slip Opinion No. 6016 decided June 9, 2006, at pp. 9-13 (deciding that insurance company's duty to defend is of a continuing nature and statute of limitations as applied to claim for its breach is equitably tolled under Alaska law until the underlying litigation is terminated by final judgment, which was eleven years in that case). *Accord,* Clerk's Docket No. 547 at p. 11 & No. 549 at p. 13 (USF&G's bad faith breaches are of a continuing nature).

2. *Fred Meyer of Alaska, Inc. v. Bailey,* 100 P.3d 881, 886 (Alaska 2004), and *Dayhoff v. Temsco Helicopters, Inc.,* 772 P.2d 1085, 1087 (Alaska 1999) (cited in *Brannon* at p. 11 for the proposition that the doctrine of equitable tolling of statutes of limitations is well-rooted in Alaska law).

3. *Fred Meyer of Alaska, Inc. v. Bailey*, 100 P.3d 881, 886 (Alaska 2004), and *Fred Meyer v. Adams*, 963 P.2d 1025, 1027 n. 6 (Alaska 1998) (in which the Alaska Supreme Court observed that it "look[s] upon the defense of the statute of limitations with disfavor and will strain neither the law nor the facts in its aid"). *Accord,* Clerk's Docket No. 547 at p. 5 (referring to "the established line of Alaska Supreme Court cases disfavoring a strict application of statutes of limitations").

4. *Shaw v. State*, *Dep't of Admin., Pub. Defender Agency*, 816 P.2d 1358, 1361 (Alaska 1991) (cited in *Brannon*, at pp. 12-13, for the proposition that the statute of limitations for legal malpractice claims should also be tolled during the pendency of an underlying legal action). *Accord,* Clerk's Docket No. 547 at pp. 11-12 (referencing the protracted litigation in this case including two long appeals in which proceedings in this case were stayed) & Clerk's Docket No. 401 at pp. 2-4 (Court Order noting Nugget and USF&G's "strategic decisions" regarding same and acknowledging that North Star was dissuaded from amending its pleadings in January 2002 shortly after the first appellate remand).

5. *Loyal Order of Moose, Lodge 1392 v. International Fidelity Insurance Co.,* 797 P.2d 622, 626-28 (Alaska 1990) (recognizing right to bring a claim for bad faith dealing against the surety on construction payment bond and analogizing that relationship to that of "an insurer to its insured").

Respectfully submitted June 14, 2006.

    s/ Michael W. Sewright
    Burr, Pease & Kurtz
    810 N Street
    Anchorage, AK  99501
    Telephone:  (907) 276-6100
    Fax:  (907) 258-2530
    E-mail:  mws@bpk.com
    Alaska Bar # 7510090

CERTIFICATE OF SERVICE
I hereby certify that on June 14, 2006, a copy of the foregoing NOTICE OF PERTINENT OR CONTROLLING SUPPLEMENTAL LEGAL AUTHORITIES was served electronically on Traeger Machetanz, Steven J. Shamburek, Paul Stockler, Herbert A. Viergutz, and C. Patrick Stoll.

/s Michael W. Sewright