IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a NORTHERN STEVEDORING & HANDLING, and NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a NORTHERN STEVEDORING & HANDLING, on its own behalf,<br><br>    Plaintiffs,<br>and<br><br>UNITED STATES OF AMERICA for the use of SHORESIDE PETROLEUM, INC., d/b/a MARATHON FUEL SERVICE, and SHORESIDE PETROLEUM, INC., d/b/a MARATHON FUEL SERVICE, on its own behalf,<br><br>    Intervening Plaintiffs,<br>and<br><br>METCO, INC.<br><br>    Intervening Plaintiff,<br><br> vs.<br><br>NUGGET CONSTRUCTION, INC., SPENCER ROCK PRODUCTS, INC., UNITED STATES FIDELITY AND GUARANTY COMPANY, and ROBERT A. LAPORE,<br><br>    Defendants. | Case No. 3:98-cv-9 TMB<br><br><br><br><br><br><br><br>ORDER PRECLUDING PLAINTIFFS' AND USF&G'S SURETY EXPERT REPORTS AND LIMITING EXPERT TESTIMONY |

**Motions Presented**

United States Fidelity and Guaranty Company ("USF&G") has moved to bar the introduction of the testimony and report of Plaintiffs' surety expert, William Grant Callow (the "Callow Report") (Docket No. 505). Plaintiffs' have opposed USF&G's motion (Docket Nos.

545 and 547).  USF&G has replied (Docket No. 595).

Plaintiffs' have cross-moved to bar the introduction of the testimony and report of USF&G's surety expert, John L. George (the "George Report") (Docket Nos. 546 and 547). USF&G has filed no opposition pleadings to Plaintiffs' motion.  Instead, USF&G has moved to strike Plaintiffs' cross-motion on the basis that it was untimely filed (Docket No. 565). Plaintiffs' have opposed USF&G's motion to strike (Docket No. 576 and 585).  USF&G has replied (Docket No. 584).

## USF&G's Motion to Strike

As an initial matter, Plaintiffs' cross-motion is evidentiary and thus was timely filed. USF&G's motion to strike Plaintiffs' cross-motion is **DENIED**.  The Court considers both USF&G's and Plaintiffs' motions to bar the introduction of each others' expert testimony below.

## Applicable Standard

Federal Rule of Evidence ("FRE") 702 provides:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702 (emphasis supplied).

To be admissible under FRE 702 , expert testimony must be both relevant and reliable. Daubert v. Merrell Dow Phars., Inc., 509 U.S. 579, 589, 113 S.Ct. 2786, 125 L.Ed.2d 469

(1993). "Encompassed in the determination of whether expert testimony is relevant is whether it is helpful to the jury, which is the central concern of Rule 702." Elsayed Mukhtar v. Cal. State University, Hayward, 299 F.3d 1053, 1063 n. 7 (9th Cir. 2002) (citation and quotation omitted). The Ninth Circuit "has outlined four criteria to determine the helpfulness of expert testimony: 1) qualified expert; 2) proper subject; 3) conformity to a generally accepted explanatory theory; and 4) probative value compared to prejudicial effect." Beech Aircraft Corp. v. U.S., 51 F.3d 834, 842 (9th Cir. 1995)(quotation and citation omitted). As to the proper subject of expert testimony, "[i]t is well-established that expert testimony concerning an ultimate issue is not per se improper ... That said, an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law. Similarly, instructing the jury as to the applicable law is the distinct and exclusive province of the court." Hangarter v. Provident Life and Acc. Ins. Co., 373 F.3d 998, 1016 (9th Cir. 2004) (citations and quotations omitted) (emphasis in original).

**Discussion**

Expert Reports

The Callow report consists of a summary of the facts as they were presented to him by Plaintiffs and a two page section entitled "Conclusion," in which Mr. Callow renders his opinion that (i) USF&G was aware of Plaintiffs' claims, and of its and Nugget's substantial exposure, in September 1997; (ii) USF&G knew or should have known that the Support Agreement between Nugget and Spencer changed the parties' legal relationships; (iii) USF&G knew or should have know that Nugget was not being honest with the Corps of Engineers; (iv) USF&G owed a duty to the Plaintiffs to investigate their claims with due care; (v) USF&G breached that duty; (vi)

"figuratively speaking, USF&G allowed the fox into the hen house and then abandoned the three hens it had a duty reasonably to protect"; (vii) USF&G acted in bad faith by failing to investigate the claims with reasonably care, by failing to engage seriously in settlement efforts, and by failing to monitor and actively assert the rights it had to participate in this case; and (viii) USF&G tried to economically overwhelm Plaintiffs through frivolous and excessive litigation. Mr. Callow then concludes that this constitutes bad faith.

The George Report addresses the "propriety of USF&G's handling of these claims against the Miller Act payment bond" by summarizing the rights and obligations of parties to a Miller Act surety bond, summarizing the facts as they have been presented by USF&G and concluding that USF&G has not acted in bad faith.

Both the Callow Report and the George Report are inadmissible because they fail to meet the FRE 702 requirement that expert testimony assist the trier of fact. The reports simply review the evidence presented by the parties to their respective experts, and, on the basis of that review, reach a legal conclusion as to USF&G's ultimate bad faith liability. The reports here do not provide a trier of fact with tools to better understand the facts – rather, they both merely attempt to direct the fact finder to a particular conclusion. As such, neither report addresses a subject proper for an expert report.[1]

Expert testimony as to industry custom and practice is admissible and might aid a finder of fact. See Hangarter, 373 F. 3d at1016 (affirming trial court's admission of expert testimony where expert testified that defendants deviated from insurance industry standards in

---

[1] FRE 704(a) provides that opinion evidence that is "otherwise admissible" is not objectionable because it "embraces an ultimate issue". An expert opinion that does not assist the trier of fact fails to meet the FRE 702 standard, however, is not "otherwise admissible". FRE 704(a) thus does not apply.

discontinuing certain insurance benefits). In Hangarter, the expert "never testified that he had reached a legal conclusion that Defendants actually acted in bad faith (i.e. an ultimate issue of law)." Id. Unlike the testimony at issue in Hangarter, however, the reports here do provide opinions as to the ultimate legal issue of USF&G's bad faith. Indeed, the reports simply marshal a version of the facts at issue in this case, apply the experts' versions of the law to those facts and advocate for a conclusion. Any opinion or description of industry custom and practice in the reports is incidental to, or inextricably intertwined with, the conclusions of law and fact made by the opining experts. "'When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.'" Elsayed Mukhtar, 299 F.3d at 1066 n.10 (9th Cir. 2002) (quoting United States v. Duncan, 42 F.3d 97, 101 (2d Cir.1994)); see also Gallatin Fuels, Inc. v. Westchester Fire Ins. Co., 410 F. Supp. 2d 417, 422 (W.D.Pa. 2006) (excluding expert's testimony that an insurer acted in bad faith in violation of applicable law).

It is the provenance of the Court to supply the finder of fact with the law. It is the provenance of the finder of fact to apply the law to the facts and reach a conclusion. Hearing the opinion of an expert as to his application of the law to the facts will not assist the finder of fact. The reports proffered here do nothing more than that. The Callow Report and the George Report are both precluded.

Testimony of Experts

The expert reports touch on custom and practice in the surety industry. Such testimony may aid the finder of fact here. If it is demonstrated at trial that the expert testimony meets the Beech Aircraft factors and is reliable, Plaintiffs' and USF&G's experts may be allowed to testify as to custom and practice in the surety industry.

### Conclusion

For the foregoing reasons (i) USF&G's Motion to Strike (Docket No. 565) is **DENIED**; (ii) USF&G's Motion to Bar Plaintiffs' Expert Report and Testimony (Docket No. 505) is **GRANTED IN PART** and **DENIED IN PART**; and (iii) Plaintiffs' Cross-Motion to Bar USF&G's Expert Report and Testimony (Docket Nos. 546 and 547) is **GRANTED IN PART** and **DENIED IN PART**.

Dated at Anchorage, Alaska, this 21st day of June, 2006.

/s/ Timothy Burgess
Timothy M. Burgess
United States District Judge