IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a NORTHERN STEVEDORING & HANDLING, and NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a NORTHERN STEVEDORING & HANDLING, on its own behalf,<br><br>    Plaintiffs,<br>and<br><br>UNITED STATES OF AMERICA for the use of SHORESIDE PETROLEUM, INC., d/b/a MARATHON FUEL SERVICE, and SHORESIDE PETROLEUM, INC., d/b/a MARATHON FUEL SERVICE, on its own behalf,<br><br>    Intervening Plaintiffs,<br>and<br><br>METCO, INC.<br><br>    Intervening Plaintiff,<br><br> vs.<br><br>NUGGET CONSTRUCTION, INC., SPENCER ROCK PRODUCTS, INC., UNITED STATES FIDELITY AND GUARANTY COMPANY, and ROBERT A. LAPORE,<br><br>    Defendants. | Case No. 3:98-cv-9  TMB<br><br><br><br><br><br><br><br>ORDER DISPOSING OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON USF&G'S AFFIRMATIVE DEFENSES |

Motions Presented

Plaintiff North Star Terminal and Stevedore Company ("North Star") has moved for

summary judgment against United States Fidelity & Guaranty Company ("USF&G") upon

USF&G's affirmative defenses.[1] Plaintiffs Shoreside Petroleum, Inc. and Metco, Inc. have joined North Star's motion.[2] Defendant USF&G has opposed.[3] Plaintiffs have replied.[4]

## Discussion

Plaintiffs argue that USF&G has failed to present evidence in support of its affirmative defenses, despite a number of discovery requests. Plaintiffs refer extensively to their second set of discovery requests and USF&G's responses thereto. They make little or no reference to the extensive record beyond this discovery request.

USF&G argues in its defense (i) that USF&G has adopted the factual support and responses of its co-defendant and surety bond principal, Nugget Construction, Inc. ("Nugget") with respect to the affirmative defenses that require factual support, (ii) that it is not required to provide factual support for those affirmative defenses based solely on legal propositions (affirmative defense 12 and 13), and (iii) that Plaintiffs' motion is procedurally incorrect, in that the issues raised in the motion are in essence discovery disputes that should be addressed in a discovery motion pursuant to Federal Rule of Civil Procedure 37. USF&G also focuses its briefing on the second set discovery requests and responses thereto and largely ignores the rest of the voluminous record.

The parties disagree, among many things, as to the nature of the relief sought by this motion. Since Plaintiffs have styled this motion a motion for summary judgment, the Court here treats it as such, although it is largely duplicative of the parties' many other summary judgment

---

[1] Docket No. 494.

[2] Docket No. 555.

[3] Docket No. 522.

[4] Docket No. 567.

motions. The summary judgment standard is set forth in the Court's prior opinions herein.[5]

Both parties seem to agree that the dispute at issue in this motion concerns the following affirmative defenses interposed by USF&G:

- [1] Plaintiffs have no contract with Nugget.
- [2] Plaintiffs were suppliers of Nugget's materialman and are not covered under the Miller Act.
- If Plaintiffs are covered under the Miller Act:
  - [3] Plaintiffs' claims are nonetheless barred by their failure to comply with conditions precedent.
  - [4] Plaintiffs' claims are not recoverable under the Miller Act.
- If Plaintiffs are in privity with Nugget:
  - [5] Plaintiffs fail to state a claim upon which relief can be granted.
  - [6] Plaintiffs' claims are barred by the doctrine of unclean hands and laches.
  - [7] Plaintiffs' claims are barred by the doctrine of unjust enrichment.
  - [8] Plaintiffs' claims are barred by the their failure to mitigate damages.
  - [9] Plaintiffs' claims fail because their damages were caused by their own wrongful conduct or the conduct of others.
  - [10] Plaintiffs' claims are barred because they failed to comply with all the conditions precedent under their services contracts.
  - [11] Plaintiffs' claims are barred because they failed to timely provide notice of the alleged breaches of contract.
  - [12] The surety has no liability above the penal sum of the bond.
  - [13] The surety asserts all defenses that could be asserted by the principal, Nugget, whether those defenses have been asserted or not.
  - [14] Nugget is not liable for punitive damages or liquidated damages that are punitive in nature.
  - [15] Plaintiffs' damages should be reduced by their contributory fault pursuant to Alaska Statute 09.17.060.
  - [16] Plaintiffs' damages are proximately caused by parties other than Nugget and should be apportioned according to the percentage of fault of each party.

These affirmative defenses depend upon (i) whether Nugget and Plaintiffs are in privity (affirmative defenses 1, 5-16) and (ii) whether Plaintiffs are covered by the Miller Act (affirmative defenses 2-4). As discussed in this Court's opinions addressing the parties' other

---

[5] Docket Nos. 635 and 636.

summary judgment motions, these are precisely the material issues of fact that remain in dispute.[6] Because the material issues of fact underlying USF&G's defenses are in dispute, they must be decided by the finder of fact at trial. On the briefing before it on this motion, the Court is not persuaded that summary judgment in favor of Plaintiffs under Federal Rule of Civil Procedure 56 is appropriate on USF&G's affirmative defenses.

## Conclusion

Plaintiffs' motion (Docket Nos. 494 and 555) is **DENIED**.

Dated at Anchorage, Alaska, this 1st day of August, 2006.

/s/ Timothy Burgess
Timothy M. Burgess
United States District Judge

---

[6] Docket Nos. 635 and 636. See also, North Star Terminal & Stevedore, Co. et al. v. Nugget Construction, Inc. et al., Slip Op. No. 02-35887 at 4 (9th Cir., March 3, 2005).