Traeger Machetanz, Esq.
Thomas R. Krider, Esq.
OLES MORRISON RINKER & BAKER, LLP
745 Fourth Avenue, Suite 502
Anchorage, AK  99501-2136
Telephone:  (907) 258-0106
Telecopier:  (907) 258-5519

Attorneys for Nugget Construction Co., Inc.,
and USF&G, Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a NORTHERN STEVEDORING & HANDLING, and NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a Northern Stevedoring & Handling, on its own behalf, <br><br>       Plaintiffs, <br>  and <br><br>UNITED STATES OF AMERICA for the use of SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Service, and SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Service, on its own behalf, <br><br>      Intervening Plaintiffs, <br>  and <br><br>METCO, INC., <br><br>      Intervening Plaintiff, <br><br>  vs. <br><br>NUGGET CONSTRUCTION, INC.; SPENCER ROCK PRODUCTS, INC.; UNITED STATES FIDELITY AND GUARANTY COMPANY; and ROBERT A. LAPORE, <br><br>       Defendants. | No. A98-009 CIV (TMB) <br><br><u>NUGGET CONSTRUCTION, INC.'S AND UNITED STATES FIDELITY & GUARANTY CO., INC.'S MOTION FOR RECONSIDERATION OF THE COURT'S JULY 28, 2006 ORDER AND MEMORANDUM IN SUPPORT THEREOF</u> |

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

Pursuant to Rule 59.1 of the Local Rules of the United States District Court for the District of Alaska and pursuant to the Court's inherent powers, Defendant Nugget Construction, Inc. ("Nugget") and United States Fidelity and Guaranty Company ("USF&G") move for partial reconsideration of the Court's July 28, 2006 Order ("Order"). Specifically, Nugget and USF&G respectfully move the Court to reconsider the part of its Order denying Nugget's and USF&G's motion for summary judgment on North Star Terminal and Stevedore Company's ("North Star") and Shoreside Petroleum, Inc.'s ("Shoreside") (collectively, "plaintiffs") claims based on the existence of an express contract between Nugget and plaintiffs. For the reasons discussed below, the undisputed facts establish that there could not be an express contract, by agency or otherwise, between Nugget and either North Star or Shoreside.

## Discussion

Reconsideration of a court's findings on summary judgment is appropriate if, *inter alia*, a "court overlooks material facts that were presented to it before it made its decision."[1] Here, the Court has overlooked the material fact that neither North Star nor Shoreside has ever alleged the facts or evidence necessary to sustain their

---

[1] Wescott v. Department of the Interior, National Park Service, 2005 WL 2704985 (Slip Copy, Oct. 11, 2005) at *1; see also Certain Underwriters at Lloyds, London v. Inlet Fisheries, Inc., 2006 WL 463877 (Slip Copy, Feb. 24, 2006) at *1 and n. 5 ("[r]econsideration [of grant of summary judgment is appropriate if the district court . . . committed clear error or the initial decision was manifestly unjust").

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Memorandum in Support of Nugget Construction,
Inc.'s Motion for Reconsideration -- Page 1 of 7

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

claims based on express contract, by agency or otherwise.[2] This constitutes clear error. Further, manifest injustice will result if Nugget is forced incur the needless but considerable time and expense of proving this fact at trial.

In its July 28, 2006 Order, the Court reasoned that "the viability of Plaintiffs express contract claim against Nugget depends upon Nugget's relationship with Spencer," and thus concludes: "Here, material facts necessary to determine the existence of an agency relationship, namely the extent to which Nugget assumed control over Spencer, are in dispute." Order at 6, 7-8. Respectfully, there could not be an express contract by agency between Nugget and either North Star or Shoreside because these plaintiffs entered into their express contracts with Spencer Rock Products, Inc. ("Spencer") long before any agency relationship between Nugget and Spencer allegedly arose and, notably, before the execution of the Support Agreement between Nugget and Spencer, on which both North Star and Shoreside so significantly rely in support of their claims that an express contract by agency existed between Nugget and plaintiffs.

Significantly, it is undisputed that Spencer approached Shoreside regarding work on the Homer Spit project in the winter of 1996-97 and then purchased services from Shoreside pursuant to an express written

---

[2] As the Court observed in its July 28, 2006 Order, the Ninth Circuit previously held that Nugget never entered into express contracts with either North Star or Shoreside. See Order at 6.

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Memorandum in Support of Nugget Construction,
Inc.'s Motion for Reconsideration -- Page 2 of 7

credit agreement between Spencer and Shoreside that was executed on April 25, 1995.[3]  It is similarly undisputed that North Star's services in connection with the Homer Spit Project were provided pursuant to an express written credit agreement that was executed on or about January 28, 1997.[4]  Finally, neither North Star nor Shoreside dispute that the Support Agreement was executed on April 23, 1997.[5]  As is argued throughout North Star's and Shoreside's briefing papers, the Support Agreement is the factual and legal foundation for its claim that Spencer was coerced into becoming an agent of Nugget.

As the Court instructed, "in order for an agency relationship to exist, an agent must have a power to alter the legal relations between the principal and third parties.  The principal, in turn, must have the right to control the conduct of the agent with respect to the matters entrusted to him."  Manes v. Coats, 941 P.2d 120, 123 (Alaska 1997).  Further, "[u]nder Alaska law, an agency relation exists only if there has been a manifestation of the principal to the agent that the agent may act on his account and consent by the agent to so act."  Harris v. Keys, 948 P.2d 460, 464 (Alaska 1997).

Neither North Star nor Shoreside has ever alleged that there existed an agency relationship between Nugget and Spencer prior to the

---

[3] See Memorandum In Support of Nugget Construction, Inc.'s and United States Fidelity and Guaranty Co., Inc.'s Motion for Summary Judgment Against Shoreside Petroleum, Inc., Docket No. 481, at 10, ¶ 9, 11, ¶ 12.
[4] See Memorandum In Support of Nugget Construction, Inc.'s and United States Fidelity and Guaranty Co., Inc.'s Motion for Summary Judgment Against North Star Terminal & Stevedore Co., Docket No. 489, at 10, ¶ 10.

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Memorandum in Support of Nugget Construction,
Inc.'s Motion for Reconsideration -- Page 3 of 7

execution of the Support Agreement.  Indeed, there is neither allegation, nor evidence, nor fact (much less material fact) in the record that there was, or could have been, an agency relationship between Nugget and Spencer at the time plaintiffs were engaged by Spencer to work on the Homer Spit project or the time that plaintiffs executed their credit agreements, i.e., their express contracts, with Spencer.  In the case of North Star, North Star's engagement by Spencer to provide services to the Homer Spit project was coincident with the express credit agreement between North Star and Spencer executed on or about January 28, 1997, approximately three months before the execution of the April 27, 1997 Support Agreement.  Even if North Star were correct that the Support Agreement constitutes evidence of an agency relationship between Nugget and North Star, which it does not, this undisputed chronology of events cannot substantiate a finding that the Support Agreement constitutes "a manifestation of the principal [Nugget] to the agent [Spencer] that the agent may act on his account and consent by the agent to so act."  Harris, 948 P.2d at 464.  Such a finding is necessary to North Star's express contract by agency claim and, without such finding, North Star's express contract claim must fail.

Similarly, Shoreside was engaged by oral agreement with Spencer to work on the Homer Spit project in the winter of 1996-97.  This engagement was governed by an express contract between Spencer and

---

[5] See, e.g., id. at 8, ¶ 4.

U.S. ex rel. North Star, et al. v. Nugget Construction, et al.
Case No. A98-009 CIV (HRH)
Memorandum in Support of Nugget Construction,
Inc.'s Motion for Reconsideration -- Page 4 of 7

Shoreside that was executed on April 25, 1995, or approximately two years before the execution of the Support Agreement, and long before Nugget was awarded the contract for the Homer Spit Project, which occurred on or about September 28, 1996.[6] There is not a single fact in the record to support the conclusion that Spencer was acting on Nugget's account when Spencer and Shoreside executed their express contract. See id.

## Conclusion

Because both North Star and Shoreside entered into their express contracts with Spencer before Spencer allegedly became an agent of Nugget, there could not have been, and cannot now be, as a matter of fact or law, an express contract between Nugget and North Star or Nugget and Shoreside. Accordingly, Nugget and USF&G respectfully request that the Court reconsider and reverse its July 28, 2006 finding and grant Nugget's and USF&G's motion for summary judgment seeking dismissal North Star's and Shoreside's express contract and express contract by agency claims.[7]

---

[6] See Memorandum In Support of Nugget Construction, Inc.'s and United States Fidelity and Guaranty Co., Inc.'s Motion for Summary Judgment Against Shoreside Petroleum, Inc., Docket No. 481, at 7, ¶ 1.

[7] Dismissal of plaintiffs' express contract claims will not affect plaintiffs' ability to pursue remedies based on implied-in-fact contract as permitted by federal or Alaska state law. Notably, the federal common law "strawman" remedy under the Miller Act is based upon notions of implied-in-fact contract theory. This is quite different from the factually incongruous express contract by agency theory that plaintiffs now attempt to impose upon the Court.

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Memorandum in Support of Nugget Construction,
Inc.'s Motion for Reconsideration -- Page 5 of 7

| | |
|---|---|
| Dated: August 2, 2006 | OLES MORRISON RINKER & BAKER LLP<br>Attorneys for Nugget Construction, Inc., and United States Fidelity and Guaranty Co.<br><br>By: s/Thomas R. Krider<br>Thomas R. Krider<br>krider@oles.com<br>Washington Bar No. 29490<br>745 West 4th Avenue, Suite 502<br>Anchorage, AK 99501<br>Phone: (907) 258-0106<br>Fax:   (907) 258-5519 |

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Memorandum in Support of Nugget Construction,
Inc.'s Motion for Reconsideration -- Page 6 of 7

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of August, 2006, a true and correct copy of the foregoing was served electronically, via ECF on:

Michael W. Sewright, Esq.
mws@bpk.com
Burr, Pease & Kurtz
810 N Street
Anchorage, AK  99501

Steven J. Shamburek, Esq.
shamburek@gci.net
Law Office of Steven J. Shamburek
425 G Street, Suite 630
Anchorage, AK  99501-5872

Paul Stockler, Esq.
paulstockler@aol.com
1309 West 16th Avenue
Anchorage, AK  99501

Herbert A. Viergutz, Esq.
barmar@gci.net
Barokas Martin & Tomlinson
1029 West Third, Suite 280
Anchorage, AK 99501

C. Patrick Stoll, Esq.
cps@hvslaw.com
Herrig Vogt & Stoll LLP
4210 Douglas Bay Blvd., Suite 100
Granite Bay, CA 95746-5902


OLES MORRISON RINKER & BAKER LLP


By:  s/Thomas R. Krider


P JAD Memo in Support of mtn for reconsideration 080206 99310.0002

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (HRH)
Memorandum in Support of Nugget Construction,
Inc.'s Motion for Reconsideration -- Page 7 of 7

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519