Michael W. Sewright
BURR, PEASE & KURTZ
810 N Street
Anchorage, AK  99501-3293
Telephone:    (907) 276-6100
Fax No.:    (907) 258-2530
Attorneys for North Star

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a Northern Stevedoring & Handling, and NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a Northern Stevedoring & Handling, on its own behalf, <br><br>                 Plaintiffs, <br> and <br><br> UNITED STATES OF AMERICA for the use of SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Services, and SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Services, on its own behalf, <br><br>                 Intervening Plaintiffs, <br> and <br><br> METCO, INC., <br><br>                 Intervening Plaintiff, <br> vs. <br><br> NUGGET CONSTRUCTION, INC.; SPENCER ROCK PRODUCTS, INC.; UNITED STATES FIDELITY AND GUARANTY COMPANY; and ROBERT A. LAPORE, <br><br>                 Defendants. | Case No. 3:98-cv-009-TMB <br><br><br><br><br> **NORTH STAR'S MOTION FOR RECONSIDERATION OF ORDER DISPOSING OF PARTIES' STATE LAW SUMMARY JUDGMENT MOTIONS (DOCKET NO. 636)** <br> **[D. Ak. L.R. 59.1]** |

Plaintiff/Use Plaintiff North Star Terminal & Stevedore Company ("North Star") respectfully request reconsideration of two aspects of its Order Disposing of Parties' State Law Summary Judgment Motions dated July 28 and entered and served by the Clerk on July 31 (Docket No. 636). Specifically, the Court is requested to reconsider and withdraw its grants of summary judgment to the defendant moving parties, Nugget Construction, Inc. ("Nugget") and United States Fidelity & Guaranty Company ("USF&G") upon North Star's (1) misrepresentation and non-disclosure claims including fraud and (2) negligence, as contained in that Order.

## Summary Judgment Should be Denied the Defendants Upon North Star's Misrepresentation and Non-Disclosure Claims Including Fraud.

In its Order Disposing of Parties' State Law Summary Judgment Motions (Docket No. 636), the Court concludes that "As discussed above in connection with Plaintiffs' promissory estoppel and detrimental reliance/equitable estoppel claims, Plaintiffs have failed to present any evidence that Defendants made affirmative false representations of fact." It further concludes that Nugget (including its agent Spencer Rock) had no duty to disclose Nugget's controlling relationship with Spencer Rock rendering Spencer its strawman, which (as the Court acknowledges) Nugget also directed/coerced Spencer into not disclosing. Docket No. 636 at 4, 14-15.

The Court is respectfully requested to reconsider those conclusions and its grant of summary judgment to Nugget and USF&G based on those conclusions.

Elsewhere in its Order the Court concluded that with respect to plaintiffs' promissory estoppel and detrimental reliance claims "very clear" and "precise" actual promise is required. *Id*. at 9-12. However, an actionable claim for misrepresentation does not require a clear or precise actual promise. It may also arise out of a party's actions or conduct, including omitted information, which tends to mislead.[1] The misrepresentations can be quite imprecise in nature.

---

[1] *See* Clerk's Docket No. 535 at 11-30, incl. citations to and quotations from *Adams v. Adams*, 89 P.3d 743, 750 (Alaska 2004), *Carter v. Hoblit*, 755 P.2d 1084, 1086-89 (Alaska 1988), *Turnbull v. LaRose*, 702 P.2d 1331, 1334-35 (Alaska 1985), *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 189-90 (9th Cir. 1987), Docket No. 310 herein, and in *North Star, et al. v. Nugget, et al.*, Slip Op. No. 02-35887 at 3-5 (9th Cir., March 3, 2005) [referenced at Docket No. 636 at 4-6].

North Star's Mtn for Reconsideration of Order Disposing of
Parties' State Law Summary Judgment Motions (Docket No. 636)
North Star v. Nugget, et al., Case No. 3:98-cv-009-TMB
Page 1 of 5                                           45-40 / # 84980

*Id.* That is the often murky nature of misleading someone, engaging in subterfuge, and creating a strawman through deliberate concealment and secret conversion—all of which Judge Holland found and the Ninth Circuit Court agreed has evidentiary support.[2] As North Star has pointed out before, the Alaska court has cautioned against granting summary judgment upon this type of state law claim. *Turnbull*, 702 P.2d at 1335; Docket No. 535 at 26.  Considering the entire record presented, there is at least sufficient evidence from which a reasonable juror could infer that Nugget, through its words, acts, conduct, and deliberate omissions including silence, misrepresented the real situation, in turn affecting North Star's "acting or refraining from acting in a business transaction", and that North Star was thereby induced to continue loading the rock upon Nugget's barge ultimately benefitting Nugget.[3]

Further, it is respectfully submitted that under those and the additional circumstances which North Star has presented, Nugget, on its own and through its agent Spencer, had a duty to disclose the true circumstances, rather than permit North Star, with whom Nugget was working side by side for days, to be misled to Nugget's intended benefit and North Star's obvious detriment.  It is submitted that a reasonable juror could conclude, giving North Star and the other claimants the benefit of all reasonable inferences, that North Star and Nugget/Spencer were not

---

[2]   As this Court has previously concluded:

> Not only did Nugget [attempt to] insulate itself from liability for payment to Spencer's labor and material suppliers under the terms of the support agreement, it also required Spencer to keep the terms of the support agreement secret *so as to prevent the parties demanding payment directly from Nugget*.

Docket No. 310 at 22 (emphasis added).

[3]   North Star's misrepresentation and non-disclosure claims, which are much like those of the other claimants, are addressed in some detail in North Star's recent filings for and against summary judgment upon those claims. *See, esp.* Docket No. 535 at 14-29.  That presentation included previous filings and evidence expressly incorporated therein by docket reference and discussion. *Id.*  The Court is urged to reexamine the full facts, law, and analyses contained in North Star's filings on the subject.  Among other things, it has been evidenced that Nugget directed North Star to send its invoices for payment to Spencer Rock for that work while Nugget controlled that work, prevented any payment to Spencer Rock from which Spencer could make payments, and also instructed and coerced Spencer Rock into withholding the truth of that arrangement from North Star and others by way of pure subterfuge. *See, e.g.*, Docket No. 535 at 9-29.

North Star's Mtn for Reconsideration of Order Disposing of
Parties' State Law Summary Judgment Motions (Docket No. 636)
North Star v. Nugget, et al., Case No. 3:98-cv-009-TMB
Page 2 of 5                                                                                                   45-40 / # 84980

dealing "at arms length," at least by the point Nugget chose to step into Spencer's shoes and act for Spencer for Nugget's benefit and direct North Star without telling North Star the truth of what was going on.[4] In any event, although voicing that "a duty to disclose is rarely imposed where the parties deal at arms length" (Docket No. 15), the Alaska Supreme Court has not hesitated to impose that duty in precisely such circumstances less compelling than this case. *See, e.g.*, discussion at Docket No. 535 at 25-30 & *Adams v. Adams, supra* (constructive fraud found in one party's change to draft documents during arms length negotiations in business transaction by parties represented by own attorneys).

As the Court recognizes, this is a state law claim to be gauged according to Alaska state law and precedent. It is respectfully submitted that under the circumstances of this case the Alaska Supreme Court would hold that a triable issue exists as to whether the defendants engaged in misrepresentation by act, conduct, word, or omission while under a duty to North Star "to exercise reasonable care to disclose" the true situation in question. Docket No. 535 at 25-30.[5]

## Summary Judgment Should be Denied the Defendants Upon North Star's Negligence Claims.

For much the same reasons and evidence, the Court is also requested to reconsider its grant of summary judgment against North Star and the other claimants upon their negligence

---

[4]  Also, by its terms, the Court's analysis appears to focus entirely upon the "parties' prior" course of dealing and whether that created a duty to disclose (Docket No. 636 at 15), whereas most of North Star's evidence addressed Nugget's <u>present</u> dealings during the time of the project, overtaking Spencer and directing North Star while misleading North Star. Contrary to the Court's further conclusion, North Star also believes that it has articulated how the nature of the circumstances and withheld truths, which go beyond the Court's characterization of them, created a duty to disclose in themselves, and that North Star has also cited authority indicating that Alaska would impose a duty to disclose under such circumstances. *See, e.g.*, Docket No. 535 factual and legal discussions.

[5]  It stands to reason that if subterfuge, collusion, deliberate concealment and the related conduct of which there is evidence in this case is so blameworthy that the federal courts have created a federal cause of action in an attempt to address it under federal statute (*see North Star, et al. v. Nugget, et al.,* Slip Op. No. 02-35887 at 3-4 (9th Cir. March 3, 2005)), then the Alaska Supreme Court, given its longstanding views on public policy in such situations, would recognize at least a duty in the blameworthy party to disclose the truth, rather than to engage in such subterfuge and concealment to the detriment of those who would be directly damaged by such conduct.

North Star's Mtn for Reconsideration of Order Disposing of
Parties' State Law Summary Judgment Motions (Docket No. 636)
North Star v. Nugget, et al., Case No. 3:98-cv-009-TMB
Page 3 of 5                                                                                                 45-40 / # 84980

claims. That ruling is solely based upon the Court's conclusion that the defendants, including Nugget, owed the plaintiffs no duty of reasonable care as a matter of law. Docket No. 636 at 15-17. Contrary to the Court's conclusion (*id* at 16), North Star believes it did cite Alaska law for the proposition that violation of any statute or regulation, whether enacted pursuant to federal or Alaska state law, will give rise to an Alaska state law cause of action and duty arising in negligence, where that statute or regulation is intended, at least in part, to protect persons situated like these claimants, including the Miller Act and the federal Prompt Pay Act. *See, e.g.*, Docket No. 535 at 31-35 *incl.* n.28. In any event, that is the law. *Id. See also Matomco Oil Co., Inc. v. Arctic Mechanical, Inc.,* 796 P.2d 1336, 1339-40 (Alaska 1990) (applying negligence per se to federal regulation intended to protect the class of persons of which plaintiff was a member); *Metcalf v. Wilbur, Inc.,* 645 P.2d 163, 168-69 (Alaska 1982) (holding it was erroneous not to apply negligence per se instruction to federal regulation intended to protect class of persons of which plaintiff was a member).

Furthermore, the Court's decision lists the seven factors applying to the alternative, multi-factored approach in Alaska to determining whether an actionable duty of care exists (*see Kooly v. State*, 958, P2d 1106, 1108 (Alaska 1998)). However, it does not apply them to the evidence presented (Docket No. 636 at 16), whereas North Star did and demonstrated their applicability to this situation (Docket No. 535 at 36). The Court is also requested to reexamine the case law cited by North Star at Docket No. 535 at p. 37, including *Mattingly v. Sheldon Jackson College*, 743 P.2d 356, 360-61 (Alaska 1987), as being persuasive on the subject. True, North Star was unable to cite an Alaska case decided on all fours with this case because none exists to its knowledge.

In its decision, the Court also states it is "unconvinced" that the Alaska courts would impose a duty of care in this situation because the alleged relationships between the parties involve contracts and, according to the Court, are "governed by contract." Docket No. 636 at 17. However, the Alaska Supreme Court has made it clear that, regardless of the existence of contracts involving the parties, a cause of action in tort may arise where the alleged conduct, if true, would also constitute an independent tort. *See* citations, note 1 *supra*. The evidence presented of Nugget's subterfuge, concealment, and related actions establishes questions of fact which support North Star's negligence claims, even though it is also relevant, in the Court's words, to the issue of "whether Spencer did, in fact, become an agent or strawman." Docket No.

North Star's Mtn for Reconsideration of Order Disposing of
Parties' State Law Summary Judgment Motions (Docket No. 636)
North Star v. Nugget, et al., Case No. 3:98-cv-009-TMB
Page 4 of 5                                                                                        45-40 / # 84980

636 at 17. That evidence is not limited to showing that issue, nor is it relevant only to that federal cause of action. Neither is it limited to "[P]romises set forth" in "Spencer's contracts with Plaintiffs." *Id.* The Alaska Supreme Court has held that causes of action in tort, including negligence, can arise independent of such contracts, and also from such contractual relationships. North Star believes that is the case in this instance.

Based upon the foregoing discussion and North Star's separate motion for reconsideration of the Court's Order Disposing of Parties' Bad Faith Summary Judgment Motions being filed this same date, the Court is also requested to reconsider and deny summary judgment to USF&G upon plaintiffs' negligence claims (Docket No. 636 at 17).

### Conclusion

This case involves conduct and claims of a type the Alaska Supreme Court has warned should very rarely be subject to summary judgment, and only with great caution. Prior summary judgments in this case have twice been reversed. As this Court noted at the recent status conference, grants of summary judgment do not have a good record in this case. It is respectfully submitted that if this Court has any doubt as to any of its recent summary judgment grants, it should, upon reconsideration, deny those grants and allow those issues to be heard by the jury at trial, where the evidence can be more fully and completely gauged, including the witnesses' demeanor and a fuller presentation of the evidence.

Respectfully submitted at Anchorage, Alaska, on August 7, 2006.

s/ Michael W. Sewright
Burr, Pease & Kurtz
810 N Street, Anchorage, Alaska 99501
Phone: (907) 276-6100
Fax: (907) 258-2530
E-mail: bpk@bpk.com
Alaska Bar No. 7510090

North Star's Mtn for Reconsideration of Order Disposing of
Parties' State Law Summary Judgment Motions (Docket No. 636)
North Star v. Nugget, et al., Case No. 3:98-cv-009-TMB
Page 5 of 5                                                45-40 / # 84980

CERTIFICATE OF SERVICE

I certify that on the August 7, 2006, a copy of the foregoing NORTH STAR'S MOTION FOR RECONSIDERATION was served electronically to Steven S. Shamburek, Esq., Traeger Machetanz, Esq., Paul D. Stockler, Herbert A. Viergutz, and C. Patrick Stoll, Esq.

s/ Michael W. Sewright

North Star's Mtn for Reconsideration of Order Disposing of
Parties' State Law Summary Judgment Motions (Docket No. 636)
North Star v. Nugget, et al., Case No. 3:98-cv-009-TMB

45-40 / # 84980