Steven J. Shamburek
Alaska Bar No. 8606063
LAW OFFICE OF STEVEN J. SHAMBUREK
425 G Street, Suite 630
Anchorage, Alaska 99501
(907) 522-5339 Direct
(907) 522-5393 Fax

Attorney for Plaintiffs
Shoreside Petroleum, Inc.,
d/b/a Marathon Fuel Service
and Metco, Inc.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a Northern Stevedoring & Handling, and NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a Northern Stevedoring & Handling, on its own behalf,<br><br>      Plaintiffs,<br><br>  and<br><br>UNITED STATES OF AMERICA for the use of SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Service, and SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Service, on its own behalf,<br><br>      Intervening Plaintiffs,<br><br>  and<br><br>METCO, INC.,<br><br>      Intervening Plaintiff,<br><br>  vs.<br><br>NUGGET CONSTRUCTION, INC.; SPENCER ROCK PRODUCTS, INC.; UNITED STATES FIDELITY AND GUARANTY COMPANY; and ROBERT A. LAPORE,<br><br>      Defendants. | **SHORESIDE'S AND METCO'S MOTION AND MEMORANDUM FOR RECONSIDERATION REGARDING STATE LAW SUMMARY JUDGMENT MOTIONS**<br><br><br><br>3:98-cv-0009-TMB |

1

COMES NOW Shoreside Petroleum, Inc., d/b/a Marathon Fuel Service ("Shoreside") and Metco, Inc. ("Metco"), by and through counsel, and file this Motion For Reconsideration Regarding State Law Summary Judgment Motions.

## Shoreside Express Contract

One issue that has gotten lost in the myriad pleadings and arguments is that Shoreside has always noted that it had a written contract with Nugget Construction executed by Nugget Construction. Shoreside raised the issue years ago, but other parties and Judge Holland focused on the interaction and relationship of Spencer Rock/Nugget in the first round of summary judgment pleadings. On appeal, the Ninth Circuit reversed the grants of summary judgment without considering Shoreside's separate argument.

Shoreside has noted that it had executed the same written Credit Application contract with Nugget Construction that it had executed with Spencer Rock. Motion at D. E. No. 508, pp. 7 – 9; Opposition at D. E. No. 525, pp. 9 – 10. Mr. Lechner, the Vice President of Marketing and the Civil Rule 30(b)(6) designee for Shoreside, was deposed for the first time in this case on December 2, 2005. At his deposition, he responded to questions regarding the Shoreside Credit Application contracts executed by Nugget and Spencer. He notes:

> Q   Did Nugget play any role in the application, consideration, or agreement to this credit application?
> A   To my knowledge, they didn't. But Nugget had a separate credit application.

Lechner Deposition, p. 10, ll. 19 – 22 at D. E. No. 482. He states further in response to questions:

> Q   And was it fair to say that, when you learned that this was -- at the time you understood this was a federal project, did that have any significance on your decision to extend credit at that time or is that something that's simply become more important to you once Spencer ceased to

```
    pay your bills?
    A    Both companies, Nugget and Spencer, both had credit
    at the time before this project, so that wasn't a
    decision.  That didn't play any part, you know, in the
    decision.
    Q    The bonded nature of the project?
    A    I should say that wouldn't be a decision because they
    already had established credit, so that wouldn't be
    necessary at that time.  Although, you know, we certainly
    view those projects in a different light.
```

Id. at p. 18, ll. 6 – 20.[1] Nugget and USF&G never dispute this claim but rather simply continue to disregard it.

Shoreside may have created some confusion when it discussed this issue in the motion related to USF&G as part of its contention that USF&G would have recognized the strength of the claims if it had investigated them. That pleading states in pertinent part:

> In Shoreside's Third Supplemental Discovery Responses dated December 9, 2005, Shoreside developed the factual allegations in greater detail as follows:
>
> Shoreside joins in and incorporates by reference Metco's Supplemental Discovery response dated November 28, 2005.
>
> Shoreside adds the following discussion at the outset of the response:
>
> Nugget completed and submitted a Credit Application to Shoreside that is the same or similar to the Credit Application completed and submitted by Trecon and also by Spencer Rock Products to Shoreside. Thus, Shoreside had a direct contractual relationship with Nugget. As asserted in prior pleadings, Shoreside is looking directly to Nugget for payment and for attorney's fees, interest and costs in bringing and maintaining this action. Shoreside has asserted this argument as part of its claims without any decision from the District Court to date.

Motion, D. E. No. 510, p. 23 and Exhibit 2.[2]

Shoreside entered into a written Credit Agreement contract with Spencer Rock to provide fuel and lube for any project or legal purpose.[3] Shoreside entered into the same written Credit Agreement

---

[1]   The references are to the page numbers in the deposition itself.
[2]   The verification is at D. E. 554.
[3]   The agreement is dated April 25, 1995 which is more than a year

3

contract with Nugget Construction to provide fuel and lube for any project or legal purpose. There is undisputed testimony that Shoreside provided fuel for the benefit of Nugget before it provided fuel that was used in the prosecution of the work for the Homer Project and also later for Nugget for the use and benefit of the Homer Project and for other purposes.

In an earlier Order, Judge Holland found that the Credit Application contract entered into between Shoreside and Spencer Rock was a written contract and also a personal guarantee. D. E. No. 37.[4] For these reasons, Shoreside continues to press for recognition of the express contract with Nugget. Mr. Lechner should be allowed to testify at trial and be subject to cross examination.

### Negligence

Shoreside and Metco have argued that Nugget structured the documents and its actions to insulate itself from liability while taking the benefit of the goods and services. At a minimum, Nugget was negligent in its treatment of the claimants. Nugget had a contractual duty pursuant to its contract with the Corps and statutory duties under the CFRs to pay all suppliers and subcontractors in a timely manner. The jury should be allowed to listen to the evidence and determine whether Nugget was negligent even if the business relationship was at arms length. In addition, Shoreside and Metco adopt the arguments developed by North Star.

### Fraud, Misrepresentation and Non-Disclosure

Among the many cases cited by the parties, two pivotal Alaska

---

before contract between the Corps of Engineers and Nugget was executed for the Homer Project.

[4] In footnote 1 of his Order, Judge Holland notes that a copy of the Credit Application contract with Spencer Rock is filed at D. E. No. 9, Exh. 2. Shoreside has not been able to locate a copy of the Nugget Credit Application contract.

4

decisions discussed in the briefing are not reviewed. In the Motion at D. E. No. 508, p. 14, Shoreside and Metco note:

> In <u>Carter v. Hoblit</u>, 755 P.2d 1084, 1086 - 87 (Alaska 1988), the Alaska Supreme Court states:
>
>> Fraud can also be committed in the absence of fiduciary duty where the defendant's statements are half truths, or true remarks which omit material information. The Restatement (Second) of Torts Section 529 (1977) provides that a literally true statement may be fraudulent if it omits additional qualifying information likely to affect the listener's conduct. "A representation stating the truth so far as it goes but which the maker knows or believes to be materially misleading because of his failure to state additional or qualifying matter is a fraudulent representation." <u>Id.</u>; <u>see also</u> <u>Prosser on Torts</u> section 106, at 738 ("[I]f the defendant does speak, he must disclose enough to prevent his words from being misleading. . . .")

In the Reply at D. E. No. 583, p. 12, Shoreside and Metco also note:

> Proving fraud is often challenging because an individual testifies that he or she did not intend <u>at the time</u> to defraud another person or entity. Fraud can be shown from circumstantial evidence since the affirming party cannot be expected to admit that he committed fraud. <u>Adams v. Adams</u>, 131 P.3d 464 (Alaska 2006) ("<u>Adams II</u>").

The factual findings in Judge Holland's Order at D. E. No. 310 that support the claims for subterfuge and the interposition of a straw man under the Miller Act theory also support these claims under state law. The claimants' fundamental contention is that Nugget and its counsel carefully orchestrated a fraud. The causes of action for misrepresentation and non-disclosure based on fraud should be presented to the trier of fact. After the close of evidence, if the court does not believe that there is enough evidence, the jury instructions can be drafted appropriately.

### Punitive Damages

For the reasons stated above, the claims for fraud, misrepresentation and non-disclosure support a claim for punitive damages and should be presented to the jury. This court could find at trial that there is enough evidence of fraud and misrepresentation to

5

justify an award of punitive damages.

## Conclusion

Trial seems inevitable. Presenting all the matters in one trial and avoiding as many appeal issues as possible promotes the just, speedy and inexpensive determination of this matter. The jury should hear the evidence and address these causes of action. The claimants seem unable to convince the court that an injustice has now gone unredressed for almost ten years. Shoreside, Metco and North Star have waited a long time for justice and should get their day in court to make all of their claims.

DATED this 7th day of August, 2006 at Anchorage, Alaska.

> THE LAW OFFICE OF STEVEN J. SHAMBUREK
> Attorney for Plaintiffs
> Shoreside Petroleum, Inc., d/b/a Marathon Fuel Service and Metco, Inc.
>
> s/ Steven J. Shamburek
> By:_____
> Steven J. Shamburek
> Alaska Bar No. 8606063
> LAW OFFICE OF STEVEN J. SHAMBUREK
> 425 G Street, Suite 630
> Anchorage, Alaska 99501
> (907) 522-5339 Direct
> (907) 522-5393 Fax
> shamburek@gci.net
> shamburekbank@gci.net

### CERTIFICATE OF SERVICE

The undersigned certifies that on the 7th day of August, 2006, a copy of the foregoing was served by the Electric Case Filing system.

s/ Steven J. Shamburek
_____

Steven J. Shamburek