Steven J. Shamburek
Alaska Bar No. 8606063
LAW OFFICE OF STEVEN J. SHAMBUREK
425 G Street, Suite 630
Anchorage, Alaska 99501
(907) 522-5339 Direct
(907) 522-5393 Fax

Attorney for Plaintiffs
Shoreside Petroleum, Inc.,
d/b/a Marathon Fuel Service
and Metco, Inc.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a Northern Stevedoring & Handling, and NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a Northern Stevedoring & Handling, on its own behalf,<br><br>      Plaintiffs,<br><br>and<br><br>UNITED STATES OF AMERICA for the use of SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Service, and SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Service, on its own behalf,<br><br>      Intervening Plaintiffs,<br><br>and<br><br>METCO, INC.,<br><br>      Intervening Plaintiff,<br><br>vs.<br><br>NUGGET CONSTRUCTION, INC.; SPENCER ROCK PRODUCTS, INC.; UNITED STATES FIDELITY AND GUARANTY COMPANY; and ROBERT A. LAPORE,<br><br>      Defendants. | **SHORESIDE'S AND METCO'S NOTICE OF FILING PROPOSED ORDERS UPON MOTIONS FOR RECONSIDERATION AND OPPOSITION TO MOTION FOR RECONSIDERATION**<br><br><br><br><br><br>3:98-cv-0009-TMB |

COMES NOW Shoreside Petroleum, Inc., d/b/a Marathon Fuel Service ("Shoreside") and Metco, Inc. ("Metco"), by and through counsel, and file this NOTICE OF FILING PROPOSED ORDERS UPON MOTIONS FOR RECONSIDERATION AND OPPOSITION TO MOTION FOR RECONSIDERATION.  Three draft orders are attached.

DATED this 10th day of August, 2006 at Anchorage, Alaska.

THE LAW OFFICE OF STEVEN J. SHAMBUREK
Attorney for Plaintiffs
Shoreside Petroleum, Inc., d/b/a Marathon Fuel Service and Metco, Inc.

By: s/ Steven J. Shamburek
_____
Steven J. Shamburek
Alaska Bar No. 8606063
LAW OFFICE OF STEVEN J. SHAMBUREK
425 G Street, Suite 630
Anchorage, Alaska 99501
(907) 522-5339 Direct
(907) 522-5393 Fax
shamburek@gci.net
shamburekbank@gci.net

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the 10th day of August, 2006, a copy of the foregoing was served by the Electric Case Filing system.

s/ Steven J. Shamburek
_____

Steven J. Shamburek

Steven J. Shamburek
Alaska Bar No. 8606063
LAW OFFICE OF STEVEN J. SHAMBUREK
425 G Street, Suite 630
Anchorage, Alaska 99501
(907) 522-5339 Direct
(907) 522-5393 Fax

Attorney for Plaintiffs
Shoreside Petroleum, Inc.,
d/b/a Marathon Fuel Service
and Metco, Inc.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a Northern Stevedoring & Handling, and NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a Northern Stevedoring & Handling, on its own behalf,<br><br>      Plaintiffs,<br><br>  and<br><br>UNITED STATES OF AMERICA for the use of SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Service, and SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Service, on its own behalf,<br><br>      Intervening Plaintiffs,<br><br>  and<br><br>METCO, INC.,<br><br>      Intervening Plaintiff,<br><br>  vs.<br><br>NUGGET CONSTRUCTION, INC.; SPENCER ROCK PRODUCTS, INC.; UNITED STATES FIDELITY AND GUARANTY COMPANY; and ROBERT A. LAPORE,<br><br>      Defendants. | **[PROPOSED]**<br>**ORDER UPON MOTION FOR**<br>**RECONSIDERATION FILED**<br>**BY PLAINTIFFS**<br>**REGARDING STATE LAW CLAIMS**<br><br><br><br><br>3:98-cv-0009-TMB |

The Court previously entered an Order Disposing of Parties' State Law Summary Judgment Motions (Docket No. 636). The Court considered (i) North Star's Motion for Reconsideration (Docket No. 646), (ii) Shoreside's and Metco's Motion for Reconsideration (Docket No. 649), and (iii) Nugget's and USF&G's Opposition (Docket No. 6__) and the entire record in this case.

Shoreside provides evidence that it had entered into a written contract with Nugget. Nugget has not addressed the claim or evidence to date.

Judge Holland's discussion of the subterfuge and other activities in this case (Docket No. 310, <u>passim</u>) and the Ninth Circuit's discussion (Docket No. 383, p. 6) alone raise genuine issues of material fact regarding whether there was misrepresentation and non-disclosure including fraud actionable under the state law causes of action. Plaintiffs provide additional prima facie evidence of misrepresentation and non-disclosure including fraud.

Nugget was the general contractor and paymaster for the Homer Project and knew of the existence and support provided by each of the Plaintiffs. Under these circumstances, Nugget owed a duty of care to the Plaintiffs to act reasonably which it may have breached.

Whether these actions and this inaction warrant an award of punitive damages cannot be determined until all the evidence is heard by the trier of fact.

There are other genuine issues of material fact that

preclude entry of summary judgment on these causes of action.

The Court's previous Order is hereby vacated insofar as it granted summary judgment against (i) Shoreside's claim pursuant to an express written contract, (ii) the Plaintiffs' misrepresentation and non-disclosure claims including fraud, (iii) their negligence claims, and (iv) their claims for punitive damages.  These matters may be raised again by any party at the conclusion of the presentation of evidence and revisited by the court at that time.

Dated at Anchorage, Alaska, this _____ day of _____, 2006

_____
TIMOTHY M. BURGESS
U.S. District Court Judge

Steven J. Shamburek
Alaska Bar No. 8606063
LAW OFFICE OF STEVEN J. SHAMBUREK
425 G Street, Suite 630
Anchorage, Alaska 99501
(907) 522-5339 Direct
(907) 522-5393 Fax

Attorney for Plaintiffs
Shoreside Petroleum, Inc.,
d/b/a Marathon Fuel Service
and Metco, Inc.

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a Northern Stevedoring & Handling, and NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a Northern Stevedoring & Handling, on its own behalf,<br><br>      Plaintiffs,<br><br>  and<br><br>UNITED STATES OF AMERICA for the use of SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Service, and SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Service, on its own behalf,<br><br>      Intervening Plaintiffs,<br><br>  and<br><br>METCO, INC.,<br><br>      Intervening Plaintiff,<br><br>  vs.<br><br>NUGGET CONSTRUCTION, INC.; SPENCER ROCK PRODUCTS, INC.; UNITED STATES FIDELITY AND GUARANTY COMPANY; and ROBERT A. LAPORE,<br><br>      Defendants. | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**[PROPOSED]**<br>**ORDER UPON MOTION FOR**<br>**RECONSIDERATION**<br>**REGARDING BAD FAITH**<br><br><br><br><br><br><br><br>3:98-cv-0009-TMB<br> |

The Court previously entered an Order Disposing Of Parties' Bad Faith Summary Judgment Motions (Docket No. 635). The Court considered (i) North Star's Motion for Reconsideration of Order Disposing of Parties' Bad Faith Summary Judgment Motions (Docket No. 647), (ii) Shoreside's and Metco's Motion for Reconsideration (Docket No. 648), and (iii) USF&G's Opposition To Reconsideration (Docket No. 6__) and the entire record in this case.

In K-W Industries v. National Surety Corp., 855 F.2d 640 (9th Cir. 1988), the Ninth Circuit states:

> . . . Appellant K-W Industries ("K-W") alleges that after the general contractor refused to pay for materials K-W delivered for use on the Fort Peck project, K-W made a claim against National on the bond for payment. When National allegedly refused to pay the claim, K-W sued National in the United States District Court for the District of Montana.
>
> After K-W and National settled the federal court action, K-W instituted the present action against National in Montana state court. K-W alleges that National acted in bad faith in refusing to pay K-W's claim and in forcing it to bring the federal court action, and seeks compensatory and punitive damages under Montana's unfair insurance claims practices law."

Id. at 641. The Ninth Circuit recognizes that a state law bad faith cause of action is not pre-empted by the Miller Act. U.S., Walton Technology v. Westar Engineering, 290 F.3d 1199, 1206 (9th Cir. 2002), also discusses some of the duties of a surety.

Alaska state law discussed in Loyal Order of Moose, Lodge 1392 v. International Fidelity Ins. Co., 797 P.2d 622 (Alaska 1990), O'Connor v. Star Ins. Co., 83 P.3d 1, 5 (Alaska 2003) and other authority requires the surety to investigate and handle claims in a timely and meaningful manner and resolve any

conflicts in favor of the obligee.

In <u>Alvarez v. Insurance Co. of North America</u>, 667 F.Supp. 689, 696 (N.D. Cal. 1987), the district court discusses the bad faith cause of action in a Miller Act case. The court notes: "In this case, Nueva Castilla has brought a <u>separate</u> action for unfair insurance practices under <u>state</u> statute. In other words, rather than asking this court to expand the federal remedy, plaintiff brings an additional but separate state claim." <u>Id.</u> at 694 (Emphasis in original). The decision notes the applicability of 31 C.F.R. Section 223.18, among other provisions. <u>Id.</u> at 696. 31 C.F.R. Section 223.18 states in pertinent part: "Every company shall promptly honor its bonds naming the United States or one of its agencies or instrumentalities as obligee." This and other regulations establish some of the duties of a surety toward the beneficiaries.

The Prompt Pay Act amends and supplements the Miller Act. <u>United States ex rel. Cal's A/C & Electric v. Famous Const. Corp. & Capitol Indemnity Corp.</u>, 34 F.Supp.2d 1042, 1043-44 (W.D. La. 1999). The duty to pay promptly is referenced generally by the Corps in the letters to Nugget that were or should have been available to USF&G.

The United States government through the U.S. Army Corps of Engineers is the owner of the Homer Project and charged with the administration of the contract. The Corps wrote to Nugget and reminded it to pay all suppliers and subcontractors and expressly noted the unpaid claims of the three claimants and others. In a long line of settled cases, the United States Supreme Court holds

that the interpretation of a provision by the agency charged with its administration is entitled to deference by the courts. Udall v. Tallman, 380 U.S. 1 (1965); Chevron v. Natural Resources Defense Council, 467 U.S. 837 (1984). The interpretation of the Corps/Nugget Contract by the Corps of Engineers is entitled to deference by this court. USF&G was aware of the Corps' interpretation of the contract and should have given it more deference.

There are genuine issues of material fact that preclude the grant of summary judgment for any party. Whether the Plaintiffs provided sufficient information in support of their claims and pursued the claims with USF&G are questions of fact. Whether USF&G timely considered the claims and meaningfully reviewed them are questions of fact. Whether USF&G meaningfully considered resolution of the claims at various times in the course of this litigation are questions of fact. Whether USF&G abandoned its duties to the Plaintiffs despite numerous facts and developments that should have compelled it to revisit its review of the claims are questions of fact. Whether US&F&G timely paid the claims in light of the information available to it under the circumstances are questions of fact. There are other facts that preclude entry of summary judgment.

The previous Order (Docket No. 635) is vacated as follows: (i) USF&G's motion for summary judgment upon the plaintiffs' bad faith claims (Docket No. 500) is DENIED; (ii) USF&G's motion for summary judgment on the statute of limitations (Docket No. 497) is DENIED; (iii) USF&G's motion for summary judgment on the

Plaintiffs' punitive damage claim (Docket No. 496) is DENIED; (iv) Plaintiff Shoreside's and Metco's motion for summary judgment or for determination of law and North Star's Joinder upon the plaintiffs' bad faith claims (Docket Nos. 509 and 519) against USF&G are DENIED. These matters may be raised again by any party at the conclusion of the presentation of evidence and revisited by the court at that time.

Dated at Anchorage, Alaska, this \_\_\_\_\_ day of _____, 2006

                                              _____
                                              TIMOTHY M. BURGESS
                                              U.S. District Court Judge

Steven J. Shamburek
Alaska Bar No. 8606063
LAW OFFICE OF STEVEN J. SHAMBUREK
425 G Street, Suite 630
Anchorage, Alaska 99501
(907) 522-5339 Direct
(907) 522-5393 Fax

Attorney for Plaintiffs
Shoreside Petroleum, Inc.,
d/b/a Marathon Fuel Service
and Metco, Inc.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a Northern Stevedoring & Handling, and NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a Northern Stevedoring & Handling, on its own behalf,<br><br>      Plaintiffs,<br><br>and<br><br>UNITED STATES OF AMERICA for the use of SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Service, and SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Service, on its own behalf,<br><br>      Intervening Plaintiffs,<br><br>and<br><br>METCO, INC.,<br><br>      Intervening Plaintiff,<br><br>vs.<br><br>NUGGET CONSTRUCTION, INC.; SPENCER ROCK PRODUCTS, INC.; UNITED STATES FIDELITY AND GUARANTY COMPANY; and ROBERT A. LAPORE,<br><br>      Defendants. | **[PROPOSED] ORDER UPON MOTION FOR RECONSIDERATION FILED BY NUGGET AND USF&G REGARDING CONTRACT AND EXPRESS CONTRACT BY AGENCY**<br><br><br><br><br><br>3:98-cv-0009-TMB |

The Court previously entered an Order Disposing of Parties' State Law Summary Judgment Motions (Docket No. 636). The Court considered (i) Nugget's and USF&G's Motion for Reconsideration of Order Disposing of Parties' Bad Faith Summary Judgment Motions (Docket No. 641), (ii) Shoreside's and Metco's Opposition To Motion For Reconsideration (Docket No. 655), and (iii) North Star's Opposition To Motion for Reconsideration (Docket No. 656) and the entire record in this case.

The Court reviewed Nugget's and USF&G's objections to the claims for express contract and express contract by agency. North Star, Shoreside and Metco discuss the applicable cases and note that there are genuine issues of material fact. The court reaffirms the prior disposition of these claims.

Nugget's and USF&G's motion for reconsideration on the issues of express contract and express contract by agency is DENIED. These matters may be raised again by any party at the conclusion of the presentation of evidence and revisited by the court at that time.

Dated at Anchorage, Alaska, this _____ day of _____, 2006

_____
TIMOTHY M. BURGESS
U.S. District Court Judge