IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a NORTHERN STEVEDORING & HANDLING, and NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a NORTHERN STEVEDORING & HANDLING, on its own behalf,<br><br>Plaintiffs,<br>and<br><br>UNITED STATES OF AMERICA for the use of SHORESIDE PETROLEUM, INC., d/b/a MARATHON FUEL SERVICE, and SHORESIDE PETROLEUM, INC., d/b/a MARATHON FUEL SERVICE, on its own behalf,<br><br>Intervening Plaintiffs,<br>and<br><br>METCO, INC.<br><br>Intervening Plaintiff,<br><br>vs.<br><br>NUGGET CONSTRUCTION, INC., SPENCER ROCK PRODUCTS, INC., UNITED STATES FIDELITY AND GUARANTY COMPANY, and ROBERT A. LAPORE,<br><br>Defendants. | Case No. 3:98-cv-9  TMB<br><br><br><br><br><br><br>ORDER DISPOSING OF DEFENDANTS' SUMMARY JUDGMENT MOTION AGAINST SHORESIDE PETROLEUM, INC. |

Motions Presented

Defendants Nugget Construction, Inc. ("Nugget") and United States Fidelity & Guaranty Company ("USF&G") have moved for partial summary judgment on Shoreside Petroleum, Inc.'s ("Shoreside") Miller Act and state law claims for damages associated with deliveries made by

Shoreside to Spencer Rock Products, Inc. ("Spencer") prior to April 23, 1997, the date on which Nugget and Spencer entered into the support agreement.[1] Shoreside has opposed the motion.[2] Defendants have replied.[3]

## Discussion

The standard for summary judgment is set forth in this Court's previous summary judgment opinions.[4] Defendants argue that they should be granted summary judgment because Shoreside has failed to allege facts or introduce evidence showing that Nugget took over or made Spencer its agent or strawman prior to the execution of the support agreement. Defendants argue that they thus cannot be liable for damages incurred by Shoreside for deliveries to Spencer prior to that date. Defendants rely heavily on language in this Court's decision at Docket No. 310, stating: "It is undisputed that at the time Spencer negotiated with each of ... [the Plaintiffs], Spencer acted completely on its own behalf. There are no facts in the record supporting the inference that Spencer acted as an agent of Nugget at the time Spencer hired [Plaintiffs]." Docket No. 310 at 5. Shoreside argues in opposition to Defendants' motion that it has presented evidence that shows Nugget's take-over of Spencer occurred prior to the execution of the support agreement, and that this creates a disputed issue of material fact that precludes summary judgment.

Shoreside is correct. The nature of Nugget and Spencer's relationship depends upon hotly disputed issues of material fact that must be resolved at trial. When (if ever) the

---

[1] Docket No. 499.

[2] Docket No. 550.

[3] Docket No. 578.

[4] Docket Nos. 635 and 636.

relationship between Nugget and Spencer ripened into an agency, strawman or take-over relationship depends largely upon the nature of that relationship; the when and the what are inextricably intertwined. The support agreement upon which Defendants rely in their instant motion is just one piece of evidence of Nugget and Spencer's interactions. The record also contains evidence that Nugget and Spencer interacted closely prior to the support agreement. For example, Nugget's project manager appears to have worked for Spencer at the same time as he was employed by Nugget and appears to have been involved in calculating Spencer's pricing for the Homer Spit project. In addition, depending on the nature of the relationship between Nugget and Spencer, Nugget may have assumed Spencer's existing obligations (and debts) to third parties such as Shoreside. Resolution of these issues of fact must be left to the finder of fact at trial. Summary judgment is precluded.

## Conclusion

For the reasons discussed above, Defendants' summary judgment motion (Docket No. 499) is **DENIED**.

Dated at Anchorage, Alaska, this 16th day of August, 2006.

/s/ Timothy Burgess
Timothy M. Burgess
United States District Judge