1   PAUL D. STOCKLER, ESQ.
    705 Christensen Drive
2   Anchorage, AK 99501
    (907) 277-8564
3   (907) 272-4877 (FAX)

4

    C. PATRICK STOLL, State Bar No. 166917
5   **HERRIG, VOGT & STOLL, LLP**
    4210 Douglas Boulevard, Suite 100
6   Granite Bay, CA 95746-5902
    (916) 960-1000/(916) 960-1005 FAX

7

8   Attorneys for SPENCER ROCK PRODUCTS, INC. and
    ROBERT A. LAPORE

9

10              **IN THE UNITED STATES DISTRICT COURT**
                  **FOR THE DISTRICT OF ALASKA**

11

12  UNITED STATES OF AMERICA for the        )    **CASE NO.:** A98-009 CIV (HRH)
    use of NORTH STAR TERMINAL &            )
13  STEVEDORE COMPANY, d/b/a Northern       )    **MOTION TO WITHDRAW AS**
    Stevedoring & Handling, and NORTH       )    **COUNSEL OF RECORD**
    STAR TERMINAL & STEVEDORE               )
14  COMPANY, d/b/a Northern Stevedoring &   )
    Handling, on its own behalf,            )
15                                          )
                Plaintiffs,                 )
16                                          )
                                            )
17              and                         )
                                            )
18  UNITED STATES OF AMERICA for the        )
    use of SHORESIDE PETROLEUM, INC.,       )
19  d/b/a Marathon Fuel Services, and       )
    SHORESIDE PETROLEUM, INC., d/b/a        )
20  Marathon Fuel Services, on its own behalf, )
                                            )
21              Intervening Plaintiffs,     )
                                            )
22              and                         )
                                            )
23  METCO, INC.                             )
                                            )
24              Intervening Plaintiff,      )
                                            )
25              vs.                         )
                                            )
26  NUGGET CONSTRUCTION, INC.;              )
    SPENCER ROCK PRODUCTS, INC.;            )
27  UNITED STATES FIDELITY AND              )
    GUARANTY COMPANY; and ROBERT            )
28  A. LAPORE,                              )
                                            )
                Defendants.                 )
    _____ )

                              -1-
             **MOTION TO WITHDRAW AS COUNSEL OF RECORD**

1    Attorney of record Herrig, Vogt & Stoll, LLP, brings this motion for leave of the court to

2    withdraw as counsel of record, and for withdrawal of local counsel Paul Stockler, for defendants

3    Robert A. Lapore, as an individual, and Spencer Rock Products, Inc., pursuant to Local Rule 11.1(c).

4    Mr. Lapore has terminated the employment of Herrig, Vogt & Stoll, LLP, as his counsel and that of

5    Spencer Rock Products, Inc., and consents in writing to the withdrawal.    (Local Rule

6    11.1(c)(1)[A](i); (Lapore Declaration).

7    Herrig, Vogt & Stoll, LLP, seeks leave for withdrawal because it is not likely to get paid for

8    further work on this case, which would cause financial hardship to the firm.  Withdrawal is not likely

9    to delay resolution of the case, because no trial date has been set, and the Court is apparently

10   considering setting trial no earlier than May, 2007, seven months away.  Withdrawal is not likely to

11   prejudice the litigants, because discovery is closed, the deadline for substantive motions has passed,

12   Mr. Lapore and Spencer Rock Products, Inc., have been, and will likely remain, relatively passive

13   litigants in this case, and trial is still a long way off.  Furthermore, the relevant testimony of Mr.

14   Lapore is recorded in declarations and deposition transcripts.  Consequently, withdrawal will not be

15   harmful to the administration of justice, nor will it impede effective court administration.  *See*, *e.g.,*

16   *McAllister v. Massan Shipping,* 1997 U.S. Dist. LEXIS 4781, 1-3 (D. Pa. 1997).

17   It is not improper that the Court permit withdrawal of Herrig, Vogt & Stoll, LLP, as counsel

18   for the corporation Spencer Rock Products, Inc., without replacement counsel.  The general rule that

19   a corporation can appear only through an attorney is not absolute.   Some courts have recognized an

20   exception to the general rule for certain close corporations with insufficient funds to retain counsel.

21   *See, e.g., In re Holliday's Tax Servs.*, 417 F. Supp. 182, 183 (E.D.N.Y. 1976), *aff'd mem.*, 614 F.2d

22   1287 (2d Cir. 1979) (allowing sole shareholder to represent the corporation's interests in a

23   bankruptcy proceeding where to do otherwise would "effectively exclude [the corporation] from the

24   courts").  Spencer Rock, a defunct corporation with no assets, risks nothing by proceeding without

25   counsel, and to require its sole shareholder Mr. Lapore to pay an attorney, to his detriment, imposes

26   an unnecessary hardship upon him.

27   ///

28   ///

1    For these reasons, Herrig, Vogt & Stoll, LLP, supported by Mr. Lapore, request that the court

2    grant leave for it to withdraw.  Moving party also requests that the court set a hearing date at least

3    30 days from the date of the filing of this motion, so that 20 days notice may be given pursuant to

4    Local Rule 11.1(c)(3)(B).  Finally, Herrig, Vogt & Stoll, LLP, requests leave to appear at the hearing

5    by telephone.

6    Dated: _____          **HERRIG, VOGT & STOLL, LLP**

7

8                                                          BY_____
                                                              C. PATRICK STOLL

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    Z:\Active\SPENCER ROCK LAPORE 6121006\Federal Case\Pld\Motion to Withdraw\Motion.wpd

**MOTION TO WITHDRAW AS COUNSEL OF RECORD**