David W. Pease
BURR, PEASE & KURTZ
810 N Street
Anchorage, AK  99501-3293
Telephone:    (907) 276-6100
Fax No.:        (907) 258-2530
Attorneys for North Star

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a Northern Stevedoring & Handling, and NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a Northern Stevedoring & Handling, on its own behalf,<br><br>          Plaintiffs,<br>     and<br><br>UNITED STATES OF AMERICA for the use of SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Services, and SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Services, on its own behalf,<br><br>          Intervening Plaintiffs,<br>     and<br><br>METCO, INC.,<br><br>          Intervening Plaintiff,<br>     vs.<br><br>NUGGET CONSTRUCTION, INC.; SPENCER ROCK PRODUCTS, INC.; UNITED STATES FIDELITY AND GUARANTY COMPANY; and ROBERT A. LAPORE,<br><br>          Defendants. | Case No. A98-009 CIV (TMB)<br><br>**OPPOSITION TO MOTION TO WITHDRAW AS COUNSEL OF RECORD** |

The attorneys of record for Robert A. Lapore, as an individual, and Spencer Rock

Oppo to Mtn to Withdraw as Counsel of Record
North Star, et al. v. Nugget Constr., et al., Case No. A98-009 CIV (TMB)
Page 1 of 5                                                                                                              45-40/ # 86829

Products, Inc. have filed a motion to withdraw without providing substitute counsel for the corporate defendant. Based upon the local district court rules and two hundred years of case law, the court must deny the motion. Spencer Rock Products, Inc. cannot represent itself and counsel appearing on behalf of Spencer Rock cannot withdraw until there is counsel to substitute in for the corporation.

The United States Supreme Court stated: "It has been the law for the better part of two centuries … that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993); *see also In re Highley*, 459 F.2d 554, 555 (9th Cir. 1972) ("A corporation can appear in a court proceeding only through an attorney at law.").

In moving to withdraw, counsel fails to cite 28 U.S.C. § 1654, which states, "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." This statute has been specifically interpreted to prohibit a corporation from appearing except through a licensed attorney. *See United States v. High Country Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (citing 28 U.S.C. § 1654 in denying sole shareholder and president of corporation opportunity to represent corporation in proceedings); *National Independent Theatre Exhibitors, Inc. v. Buena Vista Distribution Co.*, 748 F.2d 602, 609 (11th Cir. 1984) (court refused to allow individual to represent a corporation or to dissolve the corporation and substitute himself in as the party plaintiff).

United States District Court for the District of Alaska Local Rule 11.1(a)(2) states, "Partnerships, corporations, and associations must be represented by an attorney." Local Rule 11.1(c)(1)[A](ii) provides that motion for leave to withdraw must be accompanied by a

Oppo to Mtn to Withdraw as Counsel of Record
North Star, et al. v. Nugget Constr., et al., Case No. A98-009 CIV (TMB)
Page 2 of 5                                                                                           45-40/ # 86829

substitution of counsel. Mr. Lapore can represent himself as proposed in his affidavit, but he cannot consent to withdrawal of counsel for the corporation. The corporation has to be represented by counsel, and absent an attorney to substitute in, withdrawal must be denied.

Courts have routinely denied motions to withdraw if the withdrawing attorney has not identified substitute counsel for the corporate party. *See*, *e.g.*, *In re Las Colinas Development Corp.*, 585 F.2d 7, 9-10 (1st Cir. 1978) (affirming bankruptcy court's order to deny withdrawal absent substitution of attorney who represented corporation in proceedings); *Barta v. Canarx Svcs., Inc.*, No. 8:05CV35, 2006 U.S. Dist. LEXIS 67236 *2 (D. Neb. September 18, 2006) (citing prohibition of corporations in appearing pro se and holding that withdrawal cannot occur without substitution); *Buschmeier v. G&G Investments, Inc.*, No. 02:03-mc-00506, 2005 U.S. Dist. LEXIS 22754 *7-8 (W.D. Penn. October 7, 2005) (citing previous denial of motion to withdraw without substitution because of requirement that corporation be represented by attorney). The First Circuit has noted that the well-established rule that a non-lawyer could not represent a corporation "is based not just on a tradition that goes back to the common law, but also on the practical consideration that 'since a corporation can appear only through its agents, they must be acceptable to the court; attorneys at law, who have been admitted to practice, are officers of the court and subject to its control.'" *In re Victor Publishers, Inc.*, 545 F.2d 285, 286 (1st Cir. 1976) (citations omitted).

The case relied upon by counsel for Lapore and Spencer Rock Products cannot overcome the weight of authority opposing his withdrawal. In that case, *In re Holiday Tax Svcs., Inc.*, 417 F.Supp. 182 (E.D.N.Y. 1976), the court noted it would contradict a party's constitutional right to appear in court to deny low and middle-income corporate entities from appearing without counsel. However, in that same year, the Seventh Circuit specifically held that the right to

Oppo to Mtn to Withdraw as Counsel of Record
North Star, et al. v. Nugget Constr., et al., Case No. A98-009 CIV (TMB)
Page 3 of 5                                                              45-40/ # 86829

conduct one's own case under 28 U.S.C. § 1654 cannot be expanded to permit an individual, who is not an attorney, to represent a corporate party. *See Strong Delivery Ministry Ass'n v. Board of Appeals*, 543 F.2d 32, 34 (11th Cir. 1976), where the court wrote:

> The uniform interpretation of 28 U.S.C. § 1654 and the reference to "the parties" therein is consonant only with the parties in interest – the real beneficial owners of the claims asserted in the suit. [A president's] interest is not that of the real beneficial owner where the corporation is a legal entity with an existence unto its own, separable from the interest of its president and founder.

*Id.* (citing *In re Highley*, *supra*, for additional support on this point).

Counsel seeking to withdraw states that "withdrawal is not likely to delay resolution of the case" and "not likely to prejudice the litigants." Docket No. 682 at 2. Assuming the trial date is moved to at least May 2007 as the court has indicated, <u>substitution</u> of counsel should not delay the trial. But, withdrawal alone would prohibit Spencer Rock Products from appearing in this case in any capacity. The corporation is an integral and necessary part of this case. This court has already recognized the importance of Spencer Rock Products as a party to this litigation by stating that there are disputed facts "concerning the extent to which Nugget interacted directly with the Plaintiffs and the extent to which Nugget took over operations of the Spencer quarry." Docket No. 636 at 5. In *Lemonier, Inc. v. Sojuzplodoimport*, No. 90 Civ. 0548 (JFK), 1990 U.S. Dist. LEXIS 10046*4 (S.D.N.Y. August 3, 1990), the court specifically denied counsel's motion to withdraw absent substitution of counsel because of the potential to delay the case and prejudice all the parties.

Thus, under the great weight of authority, federal statutes and this court's own local rules, as well as prejudice to the plaintiffs, the court must deny the motion to withdraw until such time as substitute counsel is prepared to enter this case on behalf of Spencer Rock Products, Inc.

Oppo to Mtn to Withdraw as Counsel of Record
North Star, et al. v. Nugget Constr., et al., Case No. A98-009 CIV (TMB)
Page 4 of 5                                                                                           45-40/ # 86829

Dated:  November 14, 2006.

s/ David W. Pease
Burr, Pease & Kurtz
810 N Street
Anchorage, AK  99501
Telephone:  (907) 276-6100
Fax:  (907) 258-2530
E-mail:  mws@bpk.com
Alaska Bar # 8706041

CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2006, a copy of the foregoing was served electronically on Traeger Machetanz, Steven J. Shamburek, Paul Stockler, Herbert A. Viergutz, and C. Patrick Stoll.

/s David W. Pease

Oppo to Mtn to Withdraw as Counsel of Record
North Star, et al. v. Nugget Constr., et al., Case No. A98-009 CIV (TMB)
Page 5 of 5                                                                                                                45-40/ # 86829