1  PAUL D. STOCKLER, ESQ.
   705 Christensen Drive
2  Anchorage, AK 99501
   (907) 277-8564
3  (907) 272-4877 (FAX)

4

   C. PATRICK STOLL, State Bar No. 166917
5  **HERRIG, VOGT & STOLL, LLP**
   4210 Douglas Boulevard, Suite 100
6  Granite Bay, CA 95746-5902
   (916) 960-1000/(916) 960-1005 FAX

7

8  Attorneys for SPENCER ROCK PRODUCTS, INC. and
   ROBERT A. LAPORE

9

10 **IN THE UNITED STATES DISTRICT COURT**
   **FOR THE DISTRICT OF ALASKA**

11

| | |
|---|---|
| 12  UNITED STATES OF AMERICA for the use of NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a Northern Stevedoring & Handling, and NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a Northern Stevedoring & Handling, on its own behalf, | **CASE NO.: A98-009 CIV (HRH)** |
| 13 | **REPLY TO NORTH STAR'S OPPOSITION TO WITHDRAW AS COUNSEL** |
| 14 | |
| 15 | |
| 16       Plaintiffs, | |
| 17       and | |
| 18  UNITED STATES OF AMERICA for the use of SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Services, and SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Services, on its own behalf, | |
| 19 | |
| 20 | |
| 21       Intervening Plaintiffs | |
| 22       and | |
| 23  METCO, INC. | |
| 24       Intervening Plaintiff, | |
| 25       vs. | |
| 26  NUGGET CONSTRUCTION, INC.; SPENCER ROCK PRODUCTS, INC.; UNITED STATES FIDELITY AND GUARANTY COMPANY; and ROBERT A. LAPORE, | |
| 27 | |
| 28 | |
|       Defendants. | |

-1-
**REPLY TO NORTH STAR'S OPPOSITION TO MOTION TO WITHDRAW AS COUNSEL**

1   Herrig, Vogt & Stoll does not dispute that there is a virtually unbroken line of state and federal cases approving the rule that a corporation can appear in court only by an attorney. The *Holiday Tax* case does, however, provide authority for an exception in a situation where a small, closely held corporation has no assets. *In re Holiday Tax Services, Inc.*, 417 F. Supp. 182 (E.D.N.Y. 1976). The interests of justice, the interests of judicial economy, and the interests of Spencer Rock Products, Inc. will not be served by forcing Herrig, Vogt & Stoll and Paul Stockler to serve as counsel, having been terminated by the corporation, without authority from Spencer Rock to act in its behalf, and without pay. The solution is to allow withdrawal, then deal with Spencer Rock as a defendant corporation unrepresented by counsel.

Contrary to North Star's opposition, withdrawal would not prohibit Spencer Rock from appearing in this case in any capacity. Co-defendant Robert Lapore, the corporation's president, is still a party to the case as an individual, and would represent the corporation.

Furthermore, whether Spencer Rock is represented by counsel has nothing to do with "the extent to which Nugget interacted directly with the Plaintiffs and the extent to which Nugget took over operations of the Spencer quarry," factual inquiries about which North Star is particularly concerned. At trial, percipient witness testimony and documentary evidence will establish the facts. For Spencer Rock, that testimony and documentary evidence will come from Robert Lapore, who is still in the case. Whether Herrig, Vogt & Stoll and Paul Stockler represent the corporation will have no effect on what the documents tell, or what Mr. Lapore will say.

The court should allow Herrig Vogt & Stoll, LLP and Paul Stockler to withdraw. Spencer Rock Products, Inc., would then have the status of any corporation that has not appeared with counsel, subject to appropriate court orders. *Holiday Tax* is authority for one alternative being to allow Mr. Lapore to represent the corporation.

Dated: _____

**HERRIG, VOGT & STOLL, LLP**

BY_____
C. PATRICK STOLL
s/ C. Patrick Stoll
Herrig, Vogt & Stoll
4210 Douglas Blvd., #100
Granite Bay, CA 95746
Telephone: (916) 960-1000
Facsimile: (916) 960-1005
E-Mail: cps@hvslaw.com
California Bar #166917

CERTIFICATE OF SERVICE
I hereby certify that on November 2, 2006, a copy of the foregoing Notice of Availability of Counsel was served electronically on Thomas Krider, Traeger Machetanz, David W. Pease, Michael W. Sewright, Steven J. Shamburek, Paul Stockler, and Herbert A. Viergutz