IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a NORTHERN STEVEDORING & HANDLING, and NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a NORTHERN STEVEDORING & HANDLING, on its own behalf,<br><br>Plaintiffs,<br>and<br><br>UNITED STATES OF AMERICA for the use of SHORESIDE PETROLEUM, INC., d/b/a MARATHON FUEL SERVICE, and SHORESIDE PETROLEUM, INC., d/b/a MARATHON FUEL SERVICE, on its own behalf,<br><br>Intervening Plaintiffs,<br>and<br><br>METCO, INC.<br><br>Intervening Plaintiff,<br><br>vs.<br><br>NUGGET CONSTRUCTION, INC., SPENCER ROCK PRODUCTS, INC., UNITED STATES FIDELITY AND GUARANTY COMPANY, and ROBERT A. LAPORE,<br><br>Defendants. | Case No. 3:98-cv-9  TMB<br><br><br><br><br><br><br><br><br><br>ORDER ON MOTION TO WITHDRAW AS COUNSEL OF RECORD |

     Attorney of record Herrig, Vogt & Stoll, LLP brings this motion for leave of the Court to withdraw as counsel of record without replacement counsel, and for withdrawal of local counsel Paul Stockler, for Defendants Robert A. Lapore, as an individual, and Spencer Rock Products, Inc. (Docket No. 682).  It is proposed that Mr. Lapore will represent himself and Spencer Rock

Products, Inc. will proceed unrepresented or represented by Mr. Lapore, the corporation's president.

Plaintiffs do not oppose the motion to the extent that it seeks leave to withdraw as counsel of record for Mr. Lapore as an individual. The motion at Docket No. 682 is therefore GRANTED in part, as it relates to Mr. Lapore.

North Star does oppose the motion to the extent that it seeks leave to withdraw as counsel of record for Spencer Rock Products, Inc., a corporation. As the Supreme Court has noted, "[i]t has been the law for the better part of two centuries...that a corporation may appear in the federal courts only through licensed counsel."[1] The movant acknowledges that "there is a virtually unbroken line of state and federal cases approving the rule that a corporation can appear in court only by an attorney," (Docket No. 692, p.2) but urges this Court to make an exception and allow Mr. Lapore to represent the corporation. The sole authority it cites in support of such an exception is *In re Holliday's Tax Services, Inc.*[2] In *Holliday's Tax*, the district court determined that the traditional rule was unnecessarily harsh when applied in bankruptcy to small, closely-held corporations, and permitted the corporation to proceed represented by its sole shareholder. But the Supreme Court has described *Holliday's Tax* as "aberrant," and explained that it neither follows federal precedent, nor has it been followed.[3] The Court is therefore unpersuaded to break from this long line of authority, and hereby DENIES the motion at Docket No. 682 to the extent that it purports to substitute Mr. Lapore as a representative of Spencer Rock in this litigation.

However, the Court requests further briefing from the parties on the issue of withdrawal in regard to Spencer Rock absent substitute counsel. Specifically, the parties should address the following:

    1. Whether counsel can be required to continue representing Spencer Rock when that

---

[1] *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-202 (1993).

[2] 417 F.Supp. 182 (E.D.N.Y. 1976).

[3] *Rowland*, 506 U.S. at 202 n.5.

corporation has terminated the relationship?

2.  Whether counsel can be permitted to withdraw from representing Spencer Rock absent substitute counsel?

3  The circumstances in which it is appropriate to permit counsel to withdraw if it would result in the default of Spencer Rock?

4.  The consequences of default for the other parties in this litigation and for the course of trial should Spencer Rock fail to retain substitute counsel?

Since the resolution of this motion has potential consequences for all parties to this litigation, any party may submit briefing in accordance with the terms of this Order.  Each party will be permitted to submit one brief no longer than 10 pages in length by close of business on January 17, 2007.  The hearing on the motion for leave of the Court to withdraw is continued to January 24, 2007 at 9:00 a.m.  Immediately after the hearing on what remains of the motion for leave to withdraw, a hearing will be held on the motion to vacate and continue the trial date at Docket No. 696.  It is requested that all parties participate in the discussion of the motion at Docket No. 696.

Dated at Anchorage, Alaska, this 5th day of January, 2007.

/s/ Timothy Burgess
Timothy M. Burgess
United States District Judge