1  PAUL D. STOCKLER, ESQ.
   705 Christensen Drive
2  Anchorage, AK 99501
   (907) 277-8564
3  (907) 272-4877 (FAX)

4

   C. PATRICK STOLL, State Bar No. 166917
5  **HERRIG, VOGT & STOLL, LLP**
   4210 Douglas Boulevard, Suite 100
6  Granite Bay, CA 95746-5902
   (916) 960-1000/(916) 960-1005 FAX

7

8  Attorneys for SPENCER ROCK PRODUCTS, INC.

9
                        IN THE UNITED STATES DISTRICT COURT
10                          FOR THE DISTRICT OF ALASKA

11 | UNITED STATES OF AMERICA for the        ) | **CASE NO.: A98-009 CIV (HRH)**
   | use of NORTH STAR TERMINAL &            ) |
12 | STEVEDORE COMPANY, d/b/a Northern       ) | **FURTHER BRIEFING ON THE ISSUE**
   | Stevedoring & Handling, and NORTH       ) | **OF MOTION TO WITHDRAW AS**
13 | STAR TERMINAL & STEVEDORE               ) | **COUNSEL OF RECORD**
   | COMPANY, d/b/a Northern Stevedoring &   )
14 | Handling, on its own behalf,            )
                                             )
15         Plaintiffs,                       )
                                             )
16                                           )
       and                                   )
17                                           )
   UNITED STATES OF AMERICA for the          )
18 use of SHORESIDE PETROLEUM, INC.,         )
   d/b/a Marathon Fuel Services, and         )
19 SHORESIDE PETROLEUM, INC., d/b/a          )
   Marathon Fuel Services, on its own behalf,)
20                                           )
           Intervening Plaintiffs            )
21                                           )
       and                                   )
22                                           )
   METCO, INC.                               )
23                                           )
           Intervening Plaintiff,            )
24                                           )
       vs.                                   )
25                                           )
   NUGGET CONSTRUCTION, INC.;                )
26 SPENCER ROCK PRODUCTS, INC.;              )
   UNITED STATES FIDELITY AND                )
27 GUARANTY COMPANY; and ROBERT              )
   A. LAPORE,                                )
28                                           )
           Defendants.                       )
   _____   )

-1-
**FURTHER BRIEFING ON THE ISSUE OF MOTION TO WITHDRAW AS COUNSEL OF RECORD**

Pursuant to court order, Herrig, Vogt & Stoll, LLP ("HVS") on its own behalf and for Paul Stockler, local counsel, submits supplemental briefing as follows on issues presented by the court:

**A.   Whether counsel can be required to continue representing Spencer Rock when that corporation has terminated the relationship?**

No. Professional ethics drives the decision. Though the court has broad discretion in ruling on an attorney's motion to withdraw, it is an abuse of discretion to deny withdrawal if the attorney has been discharged by his or her client.

"The grant or denial of an attorney's motion to withdraw in a civil case is a matter addressed to the discretion of the trial court and will be reversed on appeal only when the trial court has abused its discretion." *Lieberman v. Polytop Corp.*, 2 Fed. Appx. 37, 39 (1st Cir. 2001). In *Lieberman*, the United States Court of Appeals for the First Circuit, ruling on an interlocutory appeal of the lower court's decision denying trial counsel's motion to withdraw from representing his corporate client, held that the trial court had abused its discretion by failing to allow the withdrawal, and reversed.

The court concluded that the rules of professional conduct adopted by the district court compelled its decision. The court noted that those rules permitted withdrawal if the client failed substantially to fulfill an obligation to the lawyer regarding the lawyer's services and had been given reasonable warning that the lawyer would withdraw unless the obligation were fulfilled, or if the representation would result in an unreasonable financial burden on the lawyer or had been rendered unreasonably difficult by the client. The court reasoned that the client's failure to pay his lawyer, and the sure prospect of upcoming considerable trial preparation expenses, met these criteria, commenting that:

> "It simply expects too much of counsel to expend the additional energy necessary to go to trial, and to front the necessary expenses, without any real assurance that he will be paid for any of it, especially where he already is owed a substantial sum and the client has violated the written fee agreement. Further, if counsel does not expend the necessary effort and does not front the trial expenses, he very well could expose himself to civil liability to his client. We refuse to place counsel in such a position. Under these circumstances, the lower court abused its discretion in refusing to let Lieberman withdraw." *Lieberman* at 39-40.

///

1 The court also noted that

> "An order requiring an attorney to continue representing a client in a civil action without compensation may subject the attorney to irreparable harm and amounts to an order of specific performance," citing *Whiting v. Lacara*, 187 F.3d 317 (2d Cir. 1999). *Lieberman* at 38-39.

In *Whiting*, a Second Circuit case, the Court of Appeal reviewed a district court's denial of trial counsel's motion to withdraw, also based on "permissive withdrawal," under the Model Code of Professional Responsibility. Concluding that the client insisted upon presenting one or more claims that were not warranted under existing law and that could not be supported by good faith argument for an extension, modification, or reversal of existing law, one of the factors permitting withdrawal under the Model Code, the court held that withdrawal was appropriate, and reversed. The court noted that unless counsel was permitted to withdraw, he would "have to choose between exposure to a malpractice action or to potential Rule 11 or other sanctions. To be sure, such a malpractice action would have no merit. However, we have no doubt it would be actively pursued, and even frivolous malpractice claims can have substantial collateral consequences." *Whiting* at 323.

The facts of this case compel approval of the withdrawal even more strongly than those based on *permissive* withdrawal in the *Lieberman* and *Whiting* cases because, since Spencer Rock Products, Inc., has discharged HVS and Mr. Stockler, withdrawal is *mandatory* under the rules of professional conduct adopted by this court.

The rules of professional responsibility for this court require that: "Every member of the bar of this court and any attorney admitted to practice or appear in this court must be familiar with and comply with the Standards of Professional Conduct required of the members of the State Bar of Alaska and contained in the Alaska Rules of Professional Conduct and decisions of any court applicable thereto, except insofar as those rules and decisions are otherwise inconsistent with federal law." Local Rule 83.1(i)(1). Alaska Rule of Professional Responsibility Rule 1.16(a)(3) dictates that "a lawyer *shall not* represent a client or, where representation has commenced, *shall withdraw* from the representation of a client if . . . the lawyer is discharged." [Emphasis added].

///

In his declaration accompanying HVS' motion to withdraw, Mr. Lapore confirmed that he has discharged HVS and Mr. Stockler. Furthermore, as Mr. Lapore has testified, Spencer Rock Products, Inc., is a defunct corporation with no assets, and has been for many years. There is no possibility that Spencer Rock will have the resources to pay its counsel for services rendered if HVS and Mr. Stockler are compelled to keep representing Spencer Rock. These circumstances warrant *permissive* withdrawal under ARPR Rule 1.16(b)(4) and (5), analogous to the ethical rules that were convincing to the *Lieberman* and *Whiting* courts.

A lawyer must, of course, when ordered to do so by a tribunal, continue representation notwithstanding good cause for terminating the representation. ARPR Rule 1.16(c). HVS maintains, however, that it would be inappropriate for the court to require HVS and Mr. Stockler to violate a mandatory ethical duty, and unfair to require them to work without the prospect of payment.

Consequently, though the court has broad discretion to deny or grant withdrawal, because withdrawal is mandatory under the applicable rules of professional responsibility, and because continued representation would create an ethical and financial dilemma for HVS and Mr. Stockler, the court must grant the motion to withdraw.

**B.    Whether counsel can be permitted to withdraw from representing Spencer Rock absent substitute counsel?**

Yes, counsel can be permitted to withdraw. The obligation to obtain counsel belongs solely to Spencer Rock. HVS has found no authority that makes it the responsibility of HVS to either make sure Spencer Rock hires new counsel, or shoulder the burden of providing legal representation to Spencer Rock if the corporation does not retain new counsel after discharging HVS. Withdrawal of HVS is an issue independent of Spencer Rock's obtaining substitute counsel.

In *McGuire-Pike v. Ameri-CK, Inc.,* 2005 U.S. Dist. LEXIS 39147, the District Court granted a defendant corporation's counsel's motion to withdraw. Counsel had been instructed by the corporation to withdraw and incur no further expense on behalf of the corporation. *McGuire-Pike* at 5. The court concluded that the corporation's reason for firing its attorneys – that it was bankrupt and could no longer afford them – was a reasonable basis for withdrawal. *Id.* at 9. In allowing the withdrawal, the court gave the defendant ten days to obtain new counsel, noting that it would not

allow the corporation to proceed without counsel. Local rules dictated that "absent entry of appearance by a new attorney, any filings made by the party may be stricken and default judgment or other sanctions imposed." *Id.* at 7.

In *Versace, Inc. v. Foldom*, 2000 U.S. Dist. LEXIS 8908, the District Court for the Southern District of New York also considered an individual and defendant corporation's counsel's motion to withdraw. The client had terminated its relationship with counsel, and ceased communicating with members of the firm. Recognizing that the corporation could not proceed without counsel, the court immediately relieved counsel from representing the individual, but granted withdrawal from representation of the corporation on the condition that the corporation obtain substitute counsel within thirty days. The court added that if the corporation did not obtain new counsel, "appropriate proceedings will ensue, with possible sanctions including entry of default or a finding of contempt of Court." *Versace* at 8.

In both these cases, the court granted the motion to withdraw, and put the responsibility for obtaining new counsel on the corporation. In neither case did the court require the withdrawing counsel to remain if the corporation did not obtain new counsel.

**C.    The circumstances in which it is appropriate to permit counsel to withdraw if it would result in the default of Spencer Rock?**

Permitting counsel to withdraw is appropriate under any circumstances under which withdrawal is justified whether or not the client subsequently defaults. Whether withdrawal of counsel would result in default of the client is not one of the criteria that courts have considered in their analysis of whether to grant withdrawal. Instead, recognizing that withdrawal might leave a corporation without counsel, the courts have ordered the client to obtain new counsel, or suffer the consequences, including the prospect of default. *See McGuire-Pike* and *Versace, supra.*

In *Fingerhut v. Ackra* (1995) 86 F. 3d 852, an Eighth Circuit case, the Court of Appeals considered an appeal of the trial court's granting a default judgment. After the magistrate judge had granted the defendant corporation's counsel's motion to withdraw on the basis that a conflict had developed between client and counsel and the client had refused to pay legal expenses, the client did not obtain substitute counsel and stopped participating in the litigation. The district court entered

1  default judgment against the defendants, who subsequently appealed.

2  The Court of Appeals affirmed the default judgment, concluding that the defendant's failure to obtain new counsel as ordered by the court, as well as other dilatory conduct, constituted grounds for a default judgment.

This case illustrates that it is not the withdrawal of counsel that results in the default, but the failure of the corporation subsequently to obtain substitute counsel. HVS and Mr. Stockler have no control over the corporation's actions subsequent to their discharge.

**D.   The consequences of default for the other parties in this litigation and for the course of trial should Spencer Rock fail to retain substitute counsel?**

HVS will refrain from speaking for the other parties, except to say that there is plenty of time before trial so that a default of Spencer Rock for failure to obtain new counsel in the event of withdrawal by HVS and Mr. Stockler will not delay proceedings. The absence of Spencer Rock from the trial through default, bankruptcy, or other reasons has always been a possibility from the beginning, and withdrawal by HVS and Mr. Stockler does not increase whatever risk has been imposed upon other parties by that possibility.

Dated: January 15, 2007                **HERRIG, VOGT & STOLL, LLP**

BY _____/S/_____
C. PATRICK STOLL
s/ C. Patrick Stoll
Herrig, Vogt & Stoll
4210 Douglas Blvd., #100
Granite Bay, CA 95746
Telephone: (916) 960-1000
Facsimile: (916) 960-1005
E-Mail: cps@hvslaw.com
California Bar #166917

CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2007, a copy of the foregoing Notice of Availability of Counsel was served electronically on Thomas Krider, Traeger Machetanz, David W. Pease, Michael W. Sewright, Steven J. Shamburek, Paul Stockler, and Herbert A. Viergutz

Z:\Active\SPENCER ROCK LAPORE 6121006\Federal Case\Pld\Motion to Withdraw\Further Briefing on the Issue of Withdrawal.wpd

-6-

**FURTHER BRIEFING ON THE ISSUE OF MOTION TO WITHDRAW AS COUNSEL OF RECORD**