David W. Pease
BURR, PEASE & KURTZ
810 N Street
Anchorage, AK  99501-3293
Telephone:    (907) 276-6100
Fax No.:       (907) 258-2530
Attorneys for North Star

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a Northern Stevedoring & Handling, and NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a Northern Stevedoring & Handling, on its own behalf,<br><br>      Plaintiffs,<br> and<br><br>UNITED STATES OF AMERICA for the use of SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Services, and SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Services, on its own behalf,<br><br>      Intervening Plaintiffs,<br> and<br><br>METCO, INC.,<br><br>      Intervening Plaintiff,<br> vs.<br><br>NUGGET CONSTRUCTION, INC.; SPENCER ROCK PRODUCTS, INC.; UNITED STATES FIDELITY AND GUARANTY COMPANY; and ROBERT A. LAPORE,<br><br>      Defendants. | Case No. A98-009 CIV (TMB)<br><br>**SUPPLEMENTAL BRIEFING ON ISSUE OF WITHDRAWAL OF COUNSEL** |

   On January 5, 2007, the court issued an order denying the request of Spencer Rock 's

counsel to withdraw to the extent that it purported to substitute Mr. Lapore as representative of

Suppl Briefing on Issue of Withdrawal of Counsel
North Star, et al. v. Nugget, et al., Case No. A98-009 CI (TMB)
Page 1 of 9                                  45-40/ # 87847

Spencer Rock in this litigation. In that order, the court requested the parties to submit supplemental briefing on four points. This brief is being filed in response to that request.

Simply put, the motion to withdraw provides only two options to the court and the parties: (1) compel present counsel to remain until substitute counsel is provided, or (2) deny the parties a determination on the merits by entering default against Spencer Rock when no substitution counsel is obtained. But this is a classic example of a false choice. Given the timing in this litigation, the complexity of the case, and the prejudice to the parties, the only viable option is to require counsel to remain. Spencer Rock may have the option to obtain substitute counsel, if new counsel can adequately prepare for trial. But it cannot simply abandon the case when the corporation is an essential and integral part of the case at issue.

As to the particular points of briefing requested by the court, North Star responds as follows:

> 1. *Can counsel be required to continue representing Spencer Rock when that corporation has terminated the relationship?*

As long as this case is ongoing, Spencer Rock must retain present counsel until there is a substitution. It is generally recognized that a party may represent itself in civil cases, but only when that party is an individual. *See In re Las Colinas Dev. Corp.*, 585 F.2d 7, 12 (1st Cir. 1978), *cert. denied*, 440 U.S. 931 (1979). As the court recognizes, federal precedent prohibits a corporation from representing itself through its officers. *See* Docket No. 699 at 2. "One of the time-hallowed restrictions on corporations has been that, in court proceedings, they must be represented by a licensed attorney. There is nothing unfair, illegal or unconstitutional in this requirement." *In re Las Colinas Dev. Corp.*, 585 F.2d at 13.

Spencer Rock is a corporation. It can only appear in court through counsel. As is set out in earlier briefing, counsel cannot withdraw from representation of a corporation <u>unless</u> the

Suppl Briefing on Issue of Withdrawal of Counsel
North Star, et al. v. Nugget, et al., Case No. A98-009 CI (TMB)
Page 2 of 9                                                                                                              45-40/ # 87847

corporation is prepared to substitute in another attorney. Counsel and the corporation may have agreed to sever their relationship, but court approval is required for counsel to withdraw from the case. It is not a situation where ethical consideration or professional rules of conduct control. The 200 years of precedence cited by the court in its order (Docket No. 699) holds that counsel for a corporation cannot withdraw until substitute counsel is prepared to enter an appearance.

Herrig Vogt & Stoll cites the Alaska Rules of Professional Responsibility and Alaska Rules of Professional Conduct as creating an obligation requiring counsel to withdraw if it has been discharged by a client. But, it is the 200 years of precedence and the rules requiring that a corporation be represented by counsel that control withdrawal of counsel when discharged by a corporation. In *Goldstein v. Albert*, 277 B.R. 38 (2002), the court looked at the New York Code of Professional Responsibility which stated that withdrawal of an attorney should only be allowed in compelling circumstances and where such circumstances exist, a decision by the attorney to withdraw is proper. But, this decision was trumped by the rules of the court:

> However, when a matter is pending before a tribunal from which the attorney intends to withdraw representation, the attorney must "comply with the rules of the tribunal regarding withdrawal," and receive the tribunal's permission before withdrawing. EC 2-32, DR 2-110(a)(1) of New York Code of Professional Responsibility."

*Id.* at 47.

In addition, there is a significant difference between counsel withdrawing from representation of an individual and withdrawal from representation of a corporation. The *Liberman and Whiting* cases cited by Herrig Vogt & Stoll involve representation of individuals. Spencer Rock is a corporation. In *Goldstein v. Albert*, the issue was non-payment of fees, and the court refused to allow withdrawal as counsel for the individual <u>and</u> a corporation, noting that corporations cannot litigate *pro se*. *Id.* at 49. Counsel and the corporation may have terminated

Suppl Briefing on Issue of Withdrawal of Counsel
North Star, et al. v. Nugget, et al., Case No. A98-009 CI (TMB)
Page 3 of 9                                                                                          45-40/ # 87847

their relationship in this case, but Local Rule 11.1(c) and 28 U.S.C. § 1654, along with 200 years of case law, preclude counsel from withdrawing unless the corporation has substitute counsel ready to enter an appearance.

>   2.   *Can counsel be permitted to withdraw from representing Spencer Rock absent substitute counsel?*

The only answer to this question is "no." Local Rule 11.1(c)(1)[A](ii) provides that motion for leave to withdraw must be accompanied by a substitution of counsel. Courts have routinely denied motions to withdraw if the withdrawing attorney has not identified substitute counsel for the corporate party. *See*, *e.g.*, *In re Las Colinas Development Corp.*, 585 F.2d at 9-10 (affirming bankruptcy court's order to deny withdrawal absent substitution of attorney who represented corporation in proceedings); *Nieto v. Kapoor*, 210 F.R.D. 244, 248 (D. N.M. 2002) (noting that withdrawal permitted, despite local rule precluding withdrawal without substitution, because corporate defendant had retained two separate firms to represent it); *Barta v. Canarx Svcs., Inc.*, No. 8:05CV35, 2006 U.S. Dist. LEXIS 67236 *2 (D. Neb. September 18, 2006) (citing prohibition of corporations in appearing pro se and holding that withdrawal cannot occur without substitution); *Buschmeier v. G&G Investments, Inc.*, No. 02:03-mc-00506, 2005 U.S. Dist. LEXIS 22754 *7-8 (W.D. Penn. October 7, 2005) (citing previous denial of motion to withdraw without substitution because of requirement that corporation be represented by attorney and noting that counsel must continue representing party until substitution is provided); *Grade A Constr., Inc. v. Markel Ins. Co.*, 2001 U.S. Dist. LEXIS 13184, No. 1:00CV258-T *3 (W.D.N.C. May 23, 2001) ("The only proper method to withdraw from representation of a corporation is through substitution of counsel").

This issue raises yet again the reason why corporations must appear only through their attorneys. The rule ensures that the individual representing the corporation is "acceptable to the

Suppl Briefing on Issue of Withdrawal of Counsel
North Star, et al. v. Nugget, et al., Case No. A98-009 CI (TMB)
Page 4 of 9                                                                 45-40/ # 87847

court … attorneys at law, who have been admitted to practice, are officers of the court and subject to its control.'" *In re Victor Publishers, Inc.*, 545 F.2d 285, 286 (1st Cir. 1976) (citations omitted).  Mr. Lapore is simply not properly versed in the rules of procedure or how to perform in a trial proceeding.  His lack of knowledge about procedure would be counterproductive and provide ineffective representation for the corporation.  That is a simple, basic policy underpinning the requirement that a corporation always appear in court through counsel.

The only other option is to allow counsel to withdraw and order Spencer Rock to obtain substitute counsel within a set period of time.  If substitute counsel is not obtained within a reasonable time, then withdrawal of the corporation's present counsel should not be allowed.  The case law consistently reflects that more often than not this results in a failure of the party to obtain substitute counsel and default is entered against it.  *See*, *e.g.*, *Woods v. Masterpiece*, 2006 U.S. Dist. LEXIS 18121, No. 4:04-CV-936 CAS at *5 (E.D. Mo. April 6, 2006); *PalWeb Corp. v. Vimonta AG*, 2003 U.S. Dist. LEXIS 14484, No. 3:00-CV-1388-P at *2 (N.D.Tex. Aug. 19, 2003); *Top Sales, Inc. v. Designer Vans, Inc.*, 1997 U.S. Dist. LEXIS 20347, No. CIV.A. 3:96-CV-0721 at *2 (N.D. Tex. Dec. 11, 1997); *R. Maganlal & Co. v. M.G. Chem. Co., Inc.*, 1996 U.S. Dist. LEXIS 18515, No. 88 CIV. 4896 MJL THK at *2 (S.D.N.Y. Dec. 12, 1996).  In each of these cases, the defendant against whom default was entered was the sole defendant in the case.  Hence, there were no other parties to potentially share the liability claimed by the plaintiffs and no other party needed the defaulting party to be present in order for it to obtain a resolution on the merits.  As noted below, allowing default to be entered against Spencer Rock in this case is not akin to defaulting a corporation not represented by counsel when it is the sole defendant.

> 3. *Under what circumstances is it appropriate to permit counsel to withdraw if it would result in the default of Spencer Rock?*

There are no circumstances where it would be appropriate to permit Spencer Rock's

Suppl Briefing on Issue of Withdrawal of Counsel
North Star, et al. v. Nugget, et al., Case No. A98-009 CI (TMB)
Page 5 of 9                                                                                          45-40/ # 87847

counsel to withdraw if the end result is the entry of default against Spencer Rock. As noted further below, Spencer Rock must remain a party to this litigation in order for there to be a determination on the merits.

> 4.      What would be the consequences of default for the other parties in this litigation and for the course of trial should Spencer Rock fail to retain substitute counsel?

As the court correctly notes, Spencer Rock will not longer be able to participate in this case absent representation by counsel. *See*, *e.g.*, *Terry v. Sparrow*, 328 B.R. 442, 446 (M.D.N.C. 2005) (denying motions and dismissing appeal because pleadings were signed by corporate officer, not an attorney); *In re Doctor's Hosp.*, 183 B.R. 312, 315 (M.D. Fla. 1995) (noting that "a non-individual entity may appear and be heard … only through an attorney duly authorized to practice" before the court).   Thus, failure to secure counsel will subject Spencer Rock to entry of default as of the date of withdrawal. *See* Fed. R. Civ. P. 55(a); *Ackra Direct Mktg. Corp. v. Fingerhut Corp.,* 86 F.3d 852, 857 (8th Cir. 1996); *Dow Chem. Pacific Ltd. v. Rascator Maritime, S.A.*, 782 F.2d 329, 336 (2d Cir. 1986).

The entry of default is a last resort. *See Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981). Default judgments are not favored and in a close case, doubts should be resolved in favor of reaching the merits. *See DeBueno v. Castro,* 822 F.2d 416, 420 (3d Cir. 1987). Entry of default is not a determination on the merits. *See*, *e.g.*, *Switzer v. Much, Shelist, Freed, Denenberg, Ament, Bell & Ruben*, 214 F.R.D. 682, 687 (W.D. Okla. 2003) (noting that entry of default is a sanction that precludes a determination on the merits).

Courts have also routinely denied withdrawal absent substitution because of the potential prejudice to other parties that would result in the ensuing default. In *Lemonier, Inc. v. Sojuzplodoimport*, No. 90 Civ. 0548 (JFK), 1990 U.S. Dist. LEXIS 10046 at *4 (S.D.N.Y. August 3, 1990), the court specifically denied counsel's motion to withdraw absent substitution

Suppl Briefing on Issue of Withdrawal of Counsel
North Star, et al. v. Nugget, et al., Case No. A98-009 CI (TMB)
Page 6 of 9                                                                                               45-40/ # 87847

of counsel because of the prejudice to all the parties. In *Goldstein v. Albert*, 277 B.R. 38 (S.D.N.Y. 2002), the court acknowledged that allowing withdrawal without substitution would result in default. The court noted that while it was "not able at this time to measure the consequences of default judgments against [other parties], it is not ready to engender that result." *Id.* at 49. The court also found that there would be adverse effects, and even noticed how the threat of withdrawal had negatively impacted settlement negotiations. *See id.* at 49-50.

A key consequence of allowing counsel for a corporation to withdraw is to deprive that party of the ability to litigate. *See Lemonier, Inc.*, 1990 U.S. Dist. LEXIS 10046 at *3. In order for this case to proceed appropriately and reach a conclusion, there must be a determination on the merits with Spencer Rock participating as a party. As noted in prior pleadings, the court has recognized the importance of Spencer Rock Products as a party to this litigation by stating that there are disputed facts "concerning the extent to which Nugget interacted directly with the Plaintiffs and the extent to which Nugget took over operations of the Spencer quarry." Docket No. 636 at 5. If the court enters default against Spencer Rock, it will be all too easy for Nugget to point to the empty chair and place the blame upon Spencer Rock. Spencer Rock would not be able to present any defense or cross-examine witnesses as to evidence against it. Spencer Rock is an integral part of this litigation, and as the court has noted, the corporation interacted extensively with Nugget. Spencer Rock's role in the Homer project and how that role changed are key components of plaintiffs' claims. No one can answer for Spencer Rock except the corporation, which must be represented by counsel. Failure of Spencer Rock to appear and participate at trial would paint an incomplete picture for the fact finder and most likely lead to an erroneous result. It would deprive the other parties of a decision on the merits.

In allowing counsel for a corporation to withdraw, the court must consider not just the

Suppl Briefing on Issue of Withdrawal of Counsel
North Star, et al. v. Nugget, et al., Case No. A98-009 CI (TMB)
Page 7 of 9                                                                                    45-40/ # 87847

effect on the corporation or its attorney, but the overall impact on all the parties to the litigation. As is set out above, and as the court has previously recognized, in this case Spencer Rock is a party essential to determination of the issues before the court on the merits.  The *Goldstein* court addressed this precise issue:

> In reaching a conclusion to deny Goodman's request to withdraw, this court has attempted to consider the interests of all those affected, including the Goldstein entities, all the plaintiffs, their counsel, the defendants in this court.

*Id.* at 48.

The *Goldstein* court concluded that withdrawal would adversely impact the litigation. While not insensitive to the fact that counsel had not been paid recently, the court did not find this to be an inequitable result.

> Furthermore, this court finds that withdrawal cannot be accomplished without material adverse effect on the interests of the plaintiffs. … Nonpayment of legal fees, without more, is not usually a sufficient basis to permit an attorney to withdraw from representation. (citation omitted)  Thus Goodman knew or should have known of the risk that, once he was counsel of record for plaintiffs, he could be required to continue in that representation whether or not his fees were being paid.  *Id.*  That he took that risk and has temporarily gone without pay is unfortunate, but not inequitable.

*Id.* at 49-50.

The court must therefore require present counsel to continue representing Spencer Rock until such time as substitute counsel is obtained.  Spencer Rock must participate as a corporate entity at trial.  Its interactions as a corporation with other parties in this case are at the core of the disputes before the court.  Allowing a default for Spencer Rock would significantly prejudice the other parties and deprive all litigants of a determination on the merits.  Allowing default to be entered against Spencer Rock would also prejudice the other parties by having an empty chair defendant, rather than a participating party.  District courts consistently deny requests to withdraw from representation of corporate defendants absent substitute counsel.  North Star

Suppl Briefing on Issue of Withdrawal of Counsel
North Star, et al. v. Nugget, et al., Case No. A98-009 CI (TMB)
Page 8 of 9                                                                                                        45-40/ # 87847

requests that this court follow the same practice.

      Dated: January 17, 2007.

                                                   s/ David W. Pease
Burr, Pease & Kurtz
810 N Street, Suite 300
Anchorage, AK  99501
Telephone:  (907) 276-6100
Fax:  (907) 258-2530
E-mail:  dwp@bpk.com
Alaska Bar # 8706041

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 17, 2007, a copy of the foregoing was served electronically on Traeger Machetanz, Steven J. Shamburek, Paul Stockler, Herbert A. Viergutz, and C. Patrick Stoll.

/s David W. Pease

Suppl Briefing on Issue of Withdrawal of Counsel
North Star, et al. v. Nugget, et al., Case No. A98-009 CI (TMB)
Page 9 of 9    45-40/ # 87847