Traeger Machetanz, Esq.
Thomas R. Krider, Esq.
OLES MORRISON RINKER & BAKER, LLP
745 Fourth Avenue, Suite 502
Anchorage, AK  99501-2136
Telephone:  (907) 258-0106
Telecopier:  (907) 258-5519

Attorneys for Nugget Construction Co.,Inc.,
and USF&G, Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a NORTHERN STEVEDORING & HANDLING, and NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a Northern Stevedoring & Handling, on its own behalf,<br><br>            Plaintiffs,<br>    and<br><br>UNITED STATES OF AMERICA for the use of SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Service, and SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Service, on its own behalf,<br><br>            Intervening Plaintiffs,<br>    and<br><br>METCO, INC.,<br><br>            Intervening Plaintiff,<br><br>    vs.<br><br>NUGGET CONSTRUCTION, INC.; SPENCER ROCK PRODUCTS, INC.; UNITED STATES FIDELITY AND GUARANTY COMPANY; and ROBERT A. LAPORE,<br><br>            Defendants. | No. A98-009 CIV (TMB)<br><br><br><br><br><br><br><br><br><br><br><br><br><br><u>NUGGET'S RESPONSE TO THE COURT'S JANUARY 5, 2007 ORDER ON COUNSEL'S MOTION TO WITHDRAW</u> |

Pursuant to the Court's January 5, 2007 Order on Motion to Withdraw as Counsel of Record, Nugget provides herein additional briefing relating to the questions posed by the Court in its Order.

As an initial matter, Nugget does not take a position with regard to whether the Herrig, Vogt & Stoll, LLP firm can be required to continue representing Spencer Rock Products ("SRP") after having been discharged by its client, nor does Nugget take a position on whether the Herrig, Vogt & Stoll, LLP firm can withdraw absent appointment of substitute counsel. Because the legal and ethical considerations involved with these questions do not affect Nugget, Nugget believes it is best to allow those parties with a stake in the answers to advise the Court on these issues. Nugget will, however, address the two questions concerning the possible default of SRP.

### I. ARGUMENT

**A. If SRP Is No Longer A Viable Entity, It Should Cease Its Participation In This Proceeding.**

There has never been any question that the Plaintiffs are entitled to payment from SRP of the contract sums due and owing. The work they performed was under an express contract each of them had with SRP. It is also undisputed that SRP failed to pay Plaintiffs for any of the work for which it contracted. The only reason Nugget and USF&G are involved in this litigation, and the only reason Plaintiffs have spent ten years pursuing them, is because Plaintiffs apparently do not believe SRP has the ability to make good on its debts.

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (TMB)
Response to Court's Order on
Motion to Withdraw -- Page 1 of 5

Otherwise, Plaintiffs could have readily obtained summary judgment against SRP and begun collection proceedings.

With regard to the withdrawal of the Herrig, Vogt & Stoll LLP firm, the Court is correct that SRP has only two choices: (1) it must appoint substitute counsel such that it continues to be represented by a licensed attorney in this matter, or (2) it must give up its defenses and allow a default to be taken against it. Based on Mr. LaPore's affidavit in support of the Motion to Withdraw, it does not appear that SRP has the resources to continue its defense, and therefore, it should either strike its Answer and allow a default to be taken, or allow the Court to impose default as a sanction for failure to appoint counsel.

If SRP is truly no longer a viable company, then there is no harm to it or Mr. LaPore from a default being entered. Upon entry of the default, the Plaintiffs would be allowed to pursue collection against any remaining SRP assets. Assuming that there are no remaining assets, nothing changes for Mr. LaPore. However, if there are assets, then Plaintiffs' claims in this matter would be reduced by whatever is collected. Plaintiffs, Nugget and USF&G have every right to know whether there are funds to satisfy some or all of SRP's debts.

**B.   A Default Against SRP Does Not Affect The Remainder Of The Litigation.**

Presumably because of Plaintiffs' collective beliefs that SRP is without assets, there has been only minimal participation of SRP in

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (TMB)
Response to Court's Order on
Motion to Withdraw -- Page 2 of 5

**OLES MORRISON RINKER & BAKER LLP**
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106    Fax: (907) 258-5519

these proceedings.[1]  This is also the case with regard to Mr. LaPore himself – there has been very little activity regarding Plaintiffs' claims against him.  In truth, absent Mr. LaPore's personal guarantee on the credit extended to him by North Star as part of SRP's contract with North Star, it is highly unlikely that either Mr. LaPore or SRP would have been named in this suit.  It probably also explains why SRP provided any defense in the first place.  Because of Mr. LaPore's personal guarantee, it is expected that he will participate in the trial *pro se* as the Court has already ordered to help deflect responsibility from himself.  Thus, the absence of SRP at trial does not diminish Plaintiffs ability to present evidence involving SRP, as Mr. LaPore, for all intents and purposes, is SRP.  In truth, North Star's zealous demands that SRP's counsel remain in this case appear to really be aimed at forcing the participation of a witness at trial – Mr. LaPore.

In addition, North Star's objection to the withdrawal of SRP's counsel and the likely default of SRP appears to be based on the notion that North Star can force SRP to defend itself, whether it wants to or not.  There is nothing in the law that requires SRP, a defunct entity, to raise a defense to Plaintiffs claims if it chooses not to incur the expense of doing so.  The difference in this case from nearly all of those cited in the parties' briefings is that SRP actually no longer appears to want to defend itself.  Even if the Court were to deny the present Motion to Withdraw, there is nothing to prevent SRP from seeking leave to strike its Answer.  More

---

[1] It should also be noted that no cross-complaint currently exists between Nugget and SRP in this matter because SRP settled Nugget's claims against it in a suit brought in State Court.

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (TMB)
Response to Court's Order on
Motion to Withdraw -- Page 3 of 5

importantly, why is it Mr. Stoll's burden to fund the defense of his former client just to assist Plaintiffs in proving their cases against the other defendants? The notion that Plaintiffs do not wish to obtain a judgment against one of the defendants is simply absurd. It just demonstrates how perverse this case has become.

As stated above, SRP has essentially no contractual defenses against Plaintiffs' claims, so a judgment being entered against it now, as opposed to after trial, would only save time and money with regard to having to establish SRP's liability to Plaintiffs.[2]

For the reasons set forth above, Nugget does not believe that entry of a default against SRP has any negative affect on the case, and in fact, eliminating SRP may streamline the proceedings.

Dated: January 16, 2007    OLES MORRISON RINKER & BAKER LLP
                           Attorneys for Nugget Construction, Inc.,


                           By: s/Thomas R. Krider
                               Thomas R. Krider
                               krider@oles.com
                               Washington Bar No. 29490
                               745 West 4th Avenue, Suite 502
                               Anchorage, AK 99501
                               Phone: (907) 258-0106
                               Fax:   (907) 258-5519

---

[2] Entry of a default judgment against SRP also has no *res judicata* or *collateral estoppel* affect against either Nugget or USF&G, as Plaintiffs' claims against SRP will not have been decided on their merits. *Briggs v. State, Dept. of Public Safety, Div. of Motor Vehicles*, 732 P.2d 1078, 1081-82 (1987).

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (TMB)
Response to Court's Order on
Motion to Withdraw -- Page 4 of 5

CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of January, 2007, a true and correct copy of the foregoing was served

electronically, via ECF on:

Michael W. Sewright, Esq.
mws@bpk.com
David W. Pease, Esq.
dwp@bpk.com
Burr, Pease & Kurtz
810 N Street
Anchorage, AK  99501

Steven J. Shamburek, Esq.
shamburek@gci.net
Law Office of Steven J. Shamburek
425 G Street, Suite 630
Anchorage, AK  99501-5872

Paul Stockler, Esq.
paulstockler@aol.com
1309 West 16th Avenue
Anchorage, AK  99501

Herbert A. Viergutz, Esq.
barmar@gci.net
Barokas Martin & Tomlinson
1029 West Third, Suite 280
Anchorage, AK 99501

C. Patrick Stoll, Esq.
cps@hvslaw.com
Herrig Vogt & Stoll LLP
4210 Douglas Bay Blvd., Suite 100
Granite Bay, CA 95746-5902

OLES MORRISON RINKER & BAKER LLP


By:   s/Thomas R. Krider


P-TRK Response to Motion to Withraw 993100002.doc

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (TMB)
Response to Court's Order on
Motion to Withdraw -- Page 5 of 5

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106    Fax: (907) 258-5519