IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a NORTHERN STEVEDORING & HANDLING, and NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a NORTHERN STEVEDORING & HANDLING, on its own behalf,<br><br>    Plaintiffs,<br>and<br><br>UNITED STATES OF AMERICA for the use of SHORESIDE PETROLEUM, INC., d/b/a MARATHON FUEL SERVICE, and SHORESIDE PETROLEUM, INC., d/b/a MARATHON FUEL SERVICE, on its own behalf,<br><br>    Intervening Plaintiffs,<br>and<br><br>METCO, INC.<br><br>    Intervening Plaintiff,<br><br> vs.<br><br>NUGGET CONSTRUCTION, INC., SPENCER ROCK PRODUCTS, INC., UNITED STATES FIDELITY AND GUARANTY COMPANY, and ROBERT A. LAPORE,<br><br>    Defendants. | Case No. 3:98-cv-9 TMB<br><br><br><br><br><br><br><br>ORDER ON MOTION TO WITHDRAW AS COUNSEL OF RECORD |

  Herrig, Vogt & Stoll, LLP brought a motion for leave of the Court to withdraw as counsel of record without replacement counsel, and for withdrawal of local counsel Paul Stockler, for Defendants Robert A. Lapore as an individual and Spencer Rock Products, Inc., a corporation. (Docket No. 682). Plaintiff North Star opposed the motion. (Docket No. 689.) By order dated January 5, 2007, this Court granted counsel's motion for leave to withdraw with respect to Mr. Lapore as an individual, but requested further briefing from the parties as to

withdrawal from representation of Spencer Rock as a corporation. After considering the supplemental briefing of the parties and hearing oral argument, the Court hereby GRANTS counsel's motion to withdraw as counsel for Spencer Rock. (Docket No. 682).

According to the affidavit of Mr. Lapore, former president of Spencer Rock, Spencer Rock is no longer in operation and has been a defunct corporation with no assets for years. Mr. Lapore also stated that he cannot afford to continue paying legal fees to defend the claims against the corporation. He therefore terminated both the firm of Herrig, Vogt & Stoll, LLP and Paul Stockler as counsel for Spencer Rock and consented to their withdrawal from this case.

Under Local Rule 83.1(i)(1), members of the bar appearing before this court must comply with the Alaska Rules of Professional Conduct. Pursuant to Alaska Rule of Professional Conduct 1.16(a)(3), "a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if...the lawyer is discharged." Additionally, under Rule 1.16(b)(5) "a lawyer may withdraw from representing a client if...the representation will result in an unreasonable financial burden on the lawyer." Counsel are therefore permitted to withdraw because they have been terminated and because Mr. Lapore's affidavit establishes that he does not have any funds to pay for any further representation in this matter.

The Court is unpersuaded by North Star's arguments that counsel is required to continue representing Spencer Rock. North Star cites Local Rule 11.1(c) for the proposition that counsel should be precluded from withdrawing absent substitute counsel. But the plain language of Local Rule 11.1(c) does not support its argument. Under Local Rule 11.1(c)(1)[A], a motion for leave to withdraw must be accompanied by: "(i) written consent of the client; (ii) substitution of counsel and formal appearance of substituting counsel; or (iii) a showing of good cause. (emphasis added). Here the client has consented to the withdrawal and counsel has shown good cause for withdrawal. Substitution of counsel is therefore not mandatory under Local Rule 11.1.

The Court is also unpersuaded that the case upon which North Star primarily relies, *Goldstein v. Albert*,[1] supports denial of the motion. While North Star is correct that the bankruptcy court in *Goldstein* did not permit counsel to withdraw, Goldstein is distinguishable from this case in significant respects.[2] Most notably, in *Goldstein*, the motion to withdraw was opposed by the client.[3] Here, counsel was terminated and consent to withdraw has been given. Additionally, in *Goldstein* a majority of the attorney's fees had been paid and a promise of future payment was made by the client.[4] Here, Mr. Lapore has filed an affidavit with this Court that he is unable to continue to pay for the defense of the now defunct corporation. These distinctions leave the Court unconvinced that it is appropriate to follow in the path of the *Goldstein* court.

But the Court is persuaded by the very cases North Star cites in opposition that it is appropriate in this case to allow counsel to withdraw, even if it ultimately results in default for

---

[1] 277 B.R. 38 (Bankr. S.D.N.Y. 2002).

[2] *Id.*

[3] *Id.* at 41.

[4] *Id.* at 43-50.

Spencer Rock.  For example, in *Woods v. KC Masterpiece*,[5] cited by North Star, the Court found that the corporate client had not paid attorney's fees, in violation of its agreement with counsel, and that it was appropriate to allow withdrawal even though the corporate client had not obtained substitute counsel.  The Court noted that:

> It simply expects too much of counsel to expend the additional energy necessary to go to trial, and to front the necessary expenses, without any real assurance that he will be paid for any of it, especially where he already is owed a substantial sum and the client has violated the written fee agreement.[6]

The Court finds that the same logic applies in this case, especially since counsel has been terminated and Mr. Lapore has informed the Court that he is unable to pay any future legal expenses incurred by corporation.  The other defendants in the litigation were given an opportunity to inform the Court about any adverse consequences that might stem from allowing counsel to withdraw, and they identified no such adverse consequences. The motion to withdraw at Docket No. 682 is therefore GRANTED.

As the Supreme Court has noted, "[i]t has been the law for the better part of two centuries...that a corporation may appear in the federal courts only through licensed counsel."[7] Since this Court has already determined that no exceptions to this longstanding rule apply to enable Spencer Rock to proceed pro se, Spencer Rock will be given 30 days from the date of this Order to obtain substitute counsel.  If Spencer Rock fails to do so, it may be subject to default.

Dated at Anchorage, Alaska, this 25th day of January, 2007.

/s/ Timothy Burgess
Timothy M. Burgess
United States District Judge

---

[5] No. 4:04-CV-936 CAS, 2006 U.S. Distr. LEXIS 18121 (E.D. Mo. Apr. 6, 2006).

[6] *Id.* at *4.  (citation omitted).

[7] *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-202 (1993).