**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| **UNITED STATES OF AMERICA for the use of NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a NORTHERN STEVEDORING & HANDLING, and NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a NORTHERN STEVEDORING & HANDLING, on its own behalf,** | **Case No. 3:98-cv-009  TMB** |
| **Plaintiffs,** | **AMENDED**<br>**PRE-TRIAL ORDER** |
| **vs.** | |
| **UNITED STATES OF AMERICA for the use of SHORESIDE PETROLEUM, INC., d/b/a MARATHON FUEL SERVICE, and SHORESIDE PETROLEUM, INC., d/b/a MARATHON FUEL SERVICE, on its own behalf,** | |
| **Intervening Plaintiffs,** | |
| **and** | |
| **METCO, INC.** | |
| **Intervening Plaintiff,** | |
| **vs.** | |
| **NUGGET CONSTRUCTION, INC., SPENCER ROCK PRODUCTS, INC., UNITED STATES FIDELITY AND GUARANTY COMPANY, and ROBERT A. LAPORE,** | |
| **Defendants.** | |

In preparation for a final pre-trial conference,  counsel will discuss among themselves, by

telephone or in person, as soon as possible after receipt of this order and from time to time

thereafter as counsel deem appropriate, the following subjects for the purpose of completing the

development of this case by the dates hereinafter specified.[1]

  (1) <u>Draft Pre-Trial Order</u>.  The parties will prepare and file a <u>single</u>, <u>joint</u> proposed

final pre-trial order, signed and vetted by all counsel, on or before **July 2, 2007**.  The proposed

order shall include:

    A. a brief description of the substance of each claim, affirmative defense, or

      cross- or counterclaim that remains to be decided, including the legal

      elements which a party is required to prove in order to establish each;

    B. a statement of all relief sought;

    C. a statement of uncontested facts;[2]

    D. a list of all factual issues which remain to be tried, stating the issues with

      the same generality/specificity as any contested elements in the relevant

      jury instructions, organized by counts;

    E. an exhibit list in numerical order in the format provided at Exhibit 1

      hereto, including a brief description of the exhibit and Bates number, a

      column for when it is offered in evidence, a column for when it is received

---

[1] The parties should not assume that they are at liberty to stipulate to a change of the dates set herein.  If the parties do so stipulate, the court reserves the right to vacate the trial date if the changes in compliance dates deprive the court of adequate time to complete its trial preparation.

[2] The emphasis in the statement of uncontested facts should be upon the inclusion of all possible non-controversial background material which will serve to put into proper context the issues to be litigated.  It is the intent of the court that this statement includes <u>all</u> facts upon which a party intends to rely and which the opposing party does not intend to controvert.  In the preparation of the statement of uncontested facts, and unless the parties all concur in a different, effective procedure, the parties will each prepare a statement of facts which they intend to prove at trial, from which each side can identify those facts that are not to be controverted.  Those uncontroverted facts will be incorporated into the joint statement of uncontested facts.  The court would emphasize that it is intended that the statement of uncontested facts be read or stipulated directly into the record.  Therefore, it will be entirely factual.  The statement will not contain matters of law, claims or argument.

in evidence, and a column for any limitations on its use; and

F.     each party's separate witness list for its case-in-chief witnesses (including those appearing by deposition) providing, for all such witnesses other than an individual plaintiff and an individual defendant, a short, specific statement of the substance of his/her testimony sufficient to give opposing counsel an adequate basis for developing cross examination.

Items (E) and (F) should be appendices to the proposed order. The proposed order should also state which issues, if any, are for the court to decide, rather than the jury. ***The objective is to convert the proposed order to a final order with the benefit of any discussion at the final pre-trial conference.***[3]

(2)     <u>Witnesses</u>. The final witness list submitted at (1)(F) above may include only persons who have been previously disclosed as potential witnesses in a timely filed prior witness list. This final witness list will disclose those witnesses whom the party will in fact call at trial. Only those witnesses so listed will be permitted to testify at trial. Witnesses will be listed in the order in which it is expected they will be called.

As to each witness so listed (even though the witness may have been deposed), counsel will disclose the testimony expected to be elicited from that witness at trial. The disclosure will be specific and not general, the purpose being to avoid surprise and delay at trial and to give opposing counsel an adequate basis for developing cross-examination.

Expert witnesses will be identified as such and as to their area(s) of expertise, and a statement of each expert's qualifications will be appended to the witness list. The statement of

---

[3]     In accordance with ECF, the proposed pre-trial order shall be emailed to the chambers email address in WordPerfect (preferred) or Word format.

qualifications of experts will be sufficiently detailed to permit opposing counsel to serve and file objections on or before the date specified hereinafter for the filing of objections to proposed exhibits. Any dispute as to qualifications will be resolved at the final pre-trial conference.

Witnesses whose depositions will be offered in lieu of live testimony will be identified. In lieu of a statement of testimony which counsel expects to elicit from such witnesses, the party will specify the inclusive pages from the deposition which are proposed to be offered. Objections to such testimony, as well as any desired counterdesignation of deposition testimony, will be served and filed on or before the date specified hereinafter for the filing of objections to proposed exhibits. Any objections to proposed deposition testimony (including objections to counterdesignations) will be resolved at the final pre-trial conference.

Depositions which are to be used for any purpose at trial will be lodged with the Clerk of Court at the time and in the manner hereinafter specified for the filing of exhibits, and the same will be ordered published as a matter of course when and if such depositions are offered.

(3)     Exhibits. On or before **July 2, 2007**, the parties will mark, inspect, and review with the Clerk of Court all trial exhibits in accordance with D.Ak.LR 39.3. An extra copy of all exhibits will be provided for the use of the court in accordance with Section (6)[B] of said rule and shall be organized in three-ring binders.

On or before **July 9, 2007**, the parties will serve and file all objections to exhibits, and in particular will identify any exhibit as to which authentication will be required. Absent such notice, formal authentication will be deemed waived. Objections will be concise, and appropriate authorities will be cited. The offering party's arguments and authorities in favor of admission of each such exhibit will be served and filed by **July 16, 2007**. Objections to exhibits

will ordinarily be resolved at or before the final pre-trial conference.

(4)    <u>Motions</u>.  The time for the filing of dispositive pre-trial motions has passed; however, motions as to known, difficult evidentiary matters will be served and filed not later than **July 2, 2007**.  Each motion should be presented in a separate memo and numbered as in, for example, "Plaintiff's Motion in Limine No. 1 to Exclude ... ."  Please limit motions <u>in limine</u> to circumstances that really need a ruling in advance.  Usually five or fewer motions per side is sufficient.  Each motion should address a single topic, be separate, and contain no more than seven pages of briefing per side.  Advance permission will be needed for more or longer motions.        (5)    <u>Jury Instructions</u>.  The parties will prepare and file <u>joint</u> set of proposed instructions on substantive issues of law arranged in a logical sequence on or before **July 30, 2007**.  Where possible, jury instructions should be submitted in electronic format on diskette or compact disk, preferably in WordPerfect format.

When the <u>Manual of Model Jury Instructions for the Ninth Circuit</u> (current edition) provides an applicable jury instruction, the parties should submit the most recent version, modified and supplemented to fit the circumstances of this case.  Any modifications to a form instruction must be plainly identified.  Where language appears in brackets, the appropriate language should be selected.  All blanks should be completed.  Where Alaska law applies, counsel should use the <u>Alaska Pattern Civil Jury Instructions</u> (current edition).  If neither is applicable, counsel should consult O'Malley, et al., <u>Federal Jury Practice and Instructions</u> (current edition).

If undisputed, an instruction shall be identified as "Stipulated Instruction No. ____ Re _____," with the blanks filled in as appropriate.  Even if stipulated, the instruction shall be supported by citation.  If disputed, each version of the instruction shall be inserted together, back

to back, in their logical place in the overall sequence.  Each such disputed instruction shall be

identified as, for example, "Disputed Instruction No. ___ Re _____ Offered by

_____," with the blanks filled in as appropriate.  All disputed versions of the same basic

topic shall bear the same number.  Citations are required.  If a party does not have a counter

version and simply contends no such instruction in any version should be given, then that party

should so state (and explain why) on a separate page inserted in lieu of an alternate version.  The

parties shall file a separate memorandum of law in support of each of their disputed instructions,

organized by instruction number.

No later than the final Pre-trial conference, the parties shall jointly submit a simplified

statement of the case to be read to the jury during voir dire as part of the proposed jury

instructions.

(6)    <u>Special Verdict Form</u>.  The parties will prepare and file <u>joint</u> special verdict form

with the questions arranged in a logical sequence on or before **July 30, 2007**.

(7)    <u>Voire Dire</u>. The parties will prepare and file a <u>joint</u> set of voire dire questions on

or before **July 30, 2007**, supplemented as necessary by separate requests.

(8)    <u>Trial Briefs</u>.  Each party will serve and file a trial brief on or before **July 30,

2007**.  Such brief will contain a short, plain, and candid statement of the party's position and

authorities as to each contested issue of law.  It will disclose and brief those theories of the case

which a party will urge at trial.  Except as will be incidentally necessary, the briefs will not

contain a statement of, nor will they argue, the facts of the case.  Such briefs will be no longer

than fifteen pages.

(9)    <u>Settlement</u>.  A settlement conference may be conducted before another judge

prior to trial upon request of the parties.  The request should be directed to the court's case

management clerk (at 907-677-6144).

The court must be advised of a "last-minute" settlement no later than 3:00 p.m. of the last business day before the commencement of trial; otherwise, jury costs are incurred by the court and may be taxed to the parties.

(10)    <u>Other Matters</u>.  Such other matters as counsel may desire to take up at the pre-trial conference should be discussed by them in advance, and the court will be pleased to consider any other matters that will in any fashion facilitate and/or expedite the development and trial of the case.

(11)    <u>Final Pre-Trial Conference</u>.  The final pre-trial conference is scheduled for the general purpose of reviewing compliance with this order and, in particular:  limiting and defining the issues; settling and, if possible, expanding the agreed statement of facts; resolving objections and other matters relative to witnesses and exhibits; and disposition of any final motions.

(12)    <u>Trial</u>.  Subject to the requirements of the court's criminal calendar, trial by **jury** in this case is scheduled to commence on  **August 27, 2007** at **Anchorage**, **Alaska.**  Unless otherwise ordered, trial will commence at 9:00 a.m. each day and will adjourn for the day at 4:30 p.m., except in unusual circumstances.


**IT IS ORDERED**

(1)    A final pre-trial conference in this case will be held on **August 3, 2007**, at **10:00 a.m.**, at **Anchorage**, Alaska.

(2)    The parties will prepare, serve or exchange, and file or lodge with the court on or before the dates above specified all of the documents above specified.  These dates <u>will</u> <u>not</u> be subject to change by stipulation of the parties, and may be changed only by order of the court for

good cause shown.  Both the final pre-trial conference date and the trial date set for this case are contingent upon timely compliance with this order by the parties.  Any party should expect to pay costs to the opposing party or to the court if it is found that he or she has willfully and without good cause failed to comply with this order.  *See* Rule 16(f), Federal Rules of Civil Procedure.

(3)     To the extent that stipulation of the parties and/or earlier orders of the court require additional or more detailed filings or additional procedures, those earlier stipulations and/or orders will remain in effect.  However, to the extent any such prior stipulation or order conflicts herewith, this order will control.

DATED at Anchorage, Alaska, this **4th** day of **April, 2007**.


/s/ Timothy M. Burgess

TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE

Exhibit 1: Form Exhibit List

## UNITED STATES DISTRICT COURT,
### District of Alaska
### Exhibit List

### [Plaintiff] v. [Defendant]

**Case Number:**

| Presiding Judge | | | | | Plaintiff's Attorney | Defendant's Attorney |
|---|---|---|---|---|---|---|
| Trial Date(s) | | | | | Court Reporter | Courtroom Deputy |
| Plf. Ex. | Def. Ex. | Bates No. | Offered | Admitted | Description of Exhibit[1] | Limitations on use |
| | | | | | | |

---

[1]    Include a notation as to the location of any exhibit not held with the case file or not available because of size.