Traeger Machetanz, Esq.
Thomas R. Krider, Esq.
OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501
Phone:  907-258-0106
Fax:  907-258-5519

Attorneys for Nugget Construction Co.
Inc. and USF&G, Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a NORTHERN STEVEDORING & HANDLING, and NORTH STAR TERMINAL & STEVEDORING COMPANY, d/b/a Northern Stevedoring & Handling, on its own behalf,<br><br>　　　　Plaintiff,<br><br>　　and<br><br>UNITED STATE OF AMERICA for the use of SHORESIDE PETROLEUM INC., d/b/a Marathon Fuel Service, and SHORESIDE PETROLEUM INC., d/b/a Marathon Fuel Service, on its own behalf,<br><br>　　　　Intervening Plaintiffs,<br><br>　　and<br><br>METCO, INC.,<br><br>　　　　Intervening Plaintiff,<br><br>　　vs.<br><br>NUGGET CONSTRUCTION INC.; SPENCER ROCK PRODUCTS INC.; UNITED STATES FIDELITY AND GUARANTY COMPANY; and ROBERT A. LAPORE,<br><br>　　　　Defendants. | No. 3:98-cv-00009-TMB<br><br>NUGGET'S MOTION IN LIMINE RESPECTING CLAIMS BY AND/OR SETTLEMENT WITH SECOND TIER VENDORS |

## I. **INTRODUCTION**

Nugget Construction Company ("Nugget") moves the court for an order *in limine* excluding at trial all statements, argument, testimony, documentary or other evidence pertaining to claims asserted by, or settlement reached with, second-tier project vendors other than North Star against Nugget and its surety.

## II. **BACKGROUND**

This litigation arises from a construction project in Homer, Alaska for which Nugget was the general contractor. North Star Terminal and Stevedoring Company ("North Star") was a vendor of Nugget's rock supplier, Spencer Rock Products, Inc. ("Spencer"). At this time, North Star is the only second-tier vendor remaining with claims against Nugget, the other second-tier vendors, Shoreside Petroleum, Inc. ("Shoreside") and Metco, Inc. ("Metco") having settled their claims against Nugget and its surety.[1] Prior to those settlements North Star listed employees of Shoreside, Metco and Chugach Rock Products as potential witnesses, presumably to adduce testimony from them concerning their work for Spencer and their respective efforts to obtain payment from Nugget and/or Spencer for amounts Spencer owed them. For the reasons set forth below, such testimony should be barred from trial, as should any other evidence or commentary about those claims and/or their resolution.

## III. **ARGUMENT**

### A. **The Evidence Lacks Relevance**

Only relevant evidence is admissible. "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the

---

[1] Metco has recently been paid in full pursuant to the terms of its settlement agreement. Metco's counsel has been out of state, so the stipulation for dismissal will be filed upon his return.

*U.S. ex rel. North Star et al. v. Nugget Construction et al.*
Case No. 3:98-cv-00009-TMB
UNugget's Motion in Limine Respecting Claims by and/or Settlement with Second Tier Vendors U
-- Page 2 of 7

**OLES MORRISON RINKER & BAKER LLP**
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

determination of the action more probable or less probable that it would be without the evidence." Fed. R. Evid. 401.

Although in many cases courts have held, either expressly or impliedly, that evidence of other claims brought against a litigant arising out of the same, or related, transactions or occurrences is relevant (though not necessarily admissible), *see Bradbury v. Phillips Petroleum Co.*, 815 F.2d 1356, 1364-65 (10th Cir. 1987), the relevance of such evidence is not to be taken for granted simply because it relates to claims against the same litigant arising out of the same or a closely related set of circumstances. The evidence must be "persuasive or indicative that a fact in controversy did or did not exist because the conclusion in question may be logically inferred from that evidence." *United States v. Allison*, 474 F.2d 286 (5th Cir. 1973). For example, in *Manko v. United States*, Not Reported in F. Supp., 1998 WL 391129 (S.D.N.Y. 1998), the court held that evidence of a criminal defendant's civil settlement with the I.R.S. was not relevant to, or probative of, the defendant's guilt or innocence in the criminal trial arising from the same transactions. Similarly, in *Koch v. Koch Industries, Inc.*, 2 F. Supp. 2d 1385, 1393 (D. Kan. 1998), the court held that there was "minimal relevance" in the details of a litigant's failure to comply with the terms of the settlement of claims closely related to those before the court, and sustained the motion in limine to exclude this evidence.

Evidence of the claims that were brought by Shoreside and Metco and threatened by Chugach Rock Products have no relevance to North Star's claims against Nugget. The factual determinations critical to North Star's claims and Nugget's defenses to those claims are focused on the dealings between and among Nugget, Spencer and North Star. The facts and circumstances underlying other entities' claims do nothing to prove or disprove the existence of any fact determinative of North Star's

*U.S. ex rel. North Star et al. v. Nugget Construction et al.*
Case No. 3:98-cv-00009-TMB
UNugget's Motion in Limine Respecting Claims by and/or Settlement with Second Tier Vendors U
-- Page 3 of 7

**OLES MORRISON RINKER & BAKER LLP**
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

claims and/or Nugget's defenses to North Star's claims.  Consequently, such evidence lacks relevance and is inadmissible pursuant to Fed. R. Evid. 401, 402.

B. **The Evidence Is Unfairly Prejudicial**

Even if such evidence were marginally relevant, the court should still exclude it due to its prejudicial effect.  Relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed. R. Evid. 403.

Federal courts have excluded evidence of other controversies in which a party was involved due to the danger of unfair prejudice.  For example, in a products liability action against an herbicide manufacturer, the court excluded evidence of previous lawsuits and complaints brought against the manufacturer, finding that such evidence had "faint probative value" and a "high potential for unfair prejudice."  *Yellow Bayou Plantation, Inc. v. Shell Chemical, Inc.*, 491 F.2d 1239 (5th Cir. 1974).  Similarly, the introduction of evidence of other second tier vendors' claims against Nugget, and particularly Nugget's decision to settle those claims before trial, would be unfairly prejudicial to Nugget's defense against North Star's claims and should be excluded pursuant to the court's discretion under Fed. R. Evid. 403.

C. Evidence of Settled Claims Is Inadmissible Pursuant to Fed. R. Evid. 408(a)(1)

Federal Rule of Evidence 408(a)(1) provides another basis for excluding evidence of Shoreside's and Metco's settled claims.  Pursuant to this rule, evidence of "furnishing or offering or promising to furnish--or accepting or offering or promising to accept--a valuable consideration in compromising or attempting to compromise the claim" is not admissible.  Fed. R. Evid. 408(a)(1).

*U.S. ex rel. North Star et al. v. Nugget Construction et al.*
Case No. 3:98-cv-00009-TMB
UNugget's Motion in Limine Respecting Claims by and/or Settlement with Second Tier Vendors U
-- Page 4 of 7

Evidence of completed compromises is also not admissible against the compromising party. *Playboy Enterprises, Inc. v. Chuckleberry Pub.*, 486 F. Supp. 414 (S.D.N.Y. 1980). Evidence of settlement negotiations between a party to litigation and a third party are similarly inadmissible. *United States v. Contra Costa County Water Dist.*, 678 F.2d 90 (9th Cir. 1982). An important reason for this rule is the fact that while evidence of prior settlements with other parties may be relevant, its relevance is substantially outweighed by the danger that the party against whom the evidence of settlement is offered will be unfairly prejudiced, in that the judge or jury may use that evidence to evaluate the claim before the court. *Alpex Computer Corp. v. Nintendo Co., Ltd.*, 770 F. Supp 161 (S.D.N.Y. 1991).

The use of such evidence to evaluate North Star's claims against Nugget becomes even more prejudicial when one considers, as the Alaska Supreme Court commented in a recent case, that "in practice settlement amounts reflect complicated and opaque considerations, such as settling parties' respective risk propensities, the value of peace from further litigation, and a settling party's immediate financial situation. The value of settlement is not perfectly related to a plaintiff's actual damages--indeed, the relationship may be only a rough approximation." *Petrolane, Inc. d/b/a Petrolane Gas v. Robles*, 154 P.3d 1014, 1021-22 (Alaska 2007).

In light of the strong public policy encouraging settlement of lawsuits that would be frustrated if litigants were not assured that their settlements of claims would later be used against them, and in light of the authorities cited above, the court should exclude any evidence of project claims against Nugget and its surety other than the North Star claim, and the settlements with Shoreside and Metco.

*U.S. ex rel. North Star et al. v. Nugget Construction et al.*
Case No. 3:98-cv-00009-TMB
UNugget's Motion in Limine Respecting Claims by and/or Settlement with Second Tier Vendors U
-- Page 5 of 7

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

| | | |
|---|---|---|
| 1 | Dated:  June 14, 2007 | OLES MORRISON RINKER & BAKER LLP |
| 2 | | Attorneys for Nugget Construction Inc. and United States Fidelity and Guaranty Co |
| 3 | | |
| 4 | | By: s/  Thomas R. Krider |
| 5 | | Traeger Machetanz<br>machetanz@oles.com |
| 6 | | Alaska Bar No. 8411127<br>Thomas R. Krider |
| 7 | | Washington Bar No. 29490<br>745 West 4th Ave., Suite 502 |
| 8 | | Anchorage, AK 99501<br>Phone: (907) 258-0106 |
| 9 | | Fax:  (907) 258-5519 |

*U.S. ex rel. North Star et al. v. Nugget Construction et al.*
Case No. 3:98-cv-00009-TMB
UNugget's Motion in Limine Respecting Claims by and/or Settlement with Second Tier Vendors U
-- Page 6 of 7

CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of June, 2007, a true and correct copy of the foregoing was served electronically on:

David W. Pease
dwp@bpk.com
Burr, Pease & Kurtz
810 N Street
Anchorage, AK  99501

Steven J. Shamburek, Esq.
shamburek@gci.net
Law Office of Steven J. Shamburek
425 G Street, Suite 630
Anchorage, AK  99501-5872

Herbert A. Viergutz, Esq.
barmar@gci.net
Barokas Martin & Tomlinson
1029 West Third, Suite 280
Anchorage, AK 99501

**Served by mail on:**

Robert LaPore
P.O. Box 640030
Beverly Hills FL 34464

OLES MORRISON RINKER & BAKER LLP


By: /s/ Thomas R. Krider

P-BJW 102 MOT in limine re settlement-combined 061407 993100002.doc

**OLES MORRISON RINKER & BAKER LLP**
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

*U.S. ex rel. North Star et al. v. Nugget Construction et al.*
Case No. 3:98-cv-00009-TMB
UNugget's Motion in Limine Respecting Claims by and/or Settlement with Second Tier Vendors U
-- Page 7 of 7