Traeger Machetanz, Esq.
Thomas R. Krider, Esq.
OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501
Phone:  907-258-0106
Fax:  907-258-5519

Attorneys for Nugget Construction Co. Inc. and USF&G, Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a NORTHERN STEVEDORING & HANDLING, and NORTH STAR TERMINAL & STEVEDORING COMPANY, d/b/a Northern Stevedoring & Handling, on its own behalf,<br><br>        Plaintiff,<br><br>    and<br><br>UNITED STATE OF AMERICA for the use of SHORESIDE PETROLEUM INC., d/b/a Marathon Fuel Service, and SHORESIDE PETROLEUM INC., d/b/a Marathon Fuel Service, on its own behalf,<br><br>        Intervening Plaintiffs,<br><br>    and<br><br>METCO, INC.,<br><br>        Intervening Plaintiff,<br><br>    vs.<br><br>NUGGET CONSTRUCTION INC.; SPENCER ROCK PRODUCTS INC.; UNITED STATES FIDELITY AND GUARANTY COMPANY; and ROBERT A. LAPORE,<br><br>        Defendants. | No. 3:98-cv-00009-TMB<br><br><u>NUGGET'S MOTION IN LIMINE RESPECTING LETTER FROM CORPS OF ENGINEERS ADMINISTRATIVE CONTRACTING OFFICER THOMAS A. JOHNSON, P.E. AND RELATED TESTIMONY</u> |

I. **INTRODUCTION**

Nugget Construction Company ("Nugget") moves the court for an order *in limine* excluding from evidence at trial the letter from Thomas A. Johnson, P.E., Administrative Contracting Officer with the U.S. Army Corps of Engineers, to Nugget titled "SUBJECT: Spencer Quarry, Contract DACW85-96-C-0020, Homer Spit Repair & Extension, Homer, Alaska" (Exhibit A, attached hereto) and any statements, argument, testimony or other evidence related to the opinions expressed in the letter.

II. **BACKGROUND**

This litigation arises from a project in Homer, Alaska, on which Nugget was the general contractor. North Star Terminal and Stevedoring Company ("North Star") was a vendor of Nugget's rock supplier, Spencer Rock Products, Inc. ("Spencer"). At this time, North Star is the only second-tier vendor remaining with claims against Nugget, the other second-tier vendors, Shoreside Petroleum, Inc. ("Shoreside") and Metco, Inc. ("Metco") having settled their claims against Nugget and its surety. Nugget seeks a ruling that North Star may not introduce into evidence Administrative Contracting Officer Johnson's letter in which he states that "[w]e do not necessarily agree that Spencer Rock Products is only a "vendor" for Miller Act purposes," and that "it appears that Nugget Construction has assumed full responsibility for operations at Spencer Quarry for the subject project. Therefore, as primary operator at Spencer Quarry, we believe Nugget Construction is responsible for prompt payment to suppliers and subcontractors who contracted with Spencer Rock Products on this project." Nugget also seeks an order excluding from trial any statements, argument, testimony or other evidence regarding the opinion expressed in Mr. Johnson's letter.

*U.S. ex rel. North Star et al. v. Nugget Construction et al.*
Case No. 3:98-cv-00009-TMB
UNugget's Motion in Limine Respecting Letter from Corps of
Engineers Administrative Contracting Officer Thomas A. Johnson, P.E.
and Related TestimonyU -- Page 2 of 8

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

III. **ARGUMENT**

A. **The Content of the Johnson Letter Constitutes Improper Lay Opinion Testimony**

The statements in Johnson's letter constitute his opinions concerning the relationship between Nugget and Spencer. Most certainly, North Star will seek to introduce the letter and the opinions contained therein in an attempt to prove the truth of the matters asserted. Nugget understands that Mr. Johnson is now deceased, and therefore, not available to personally testify regarding these matters. As such, the statements are inadmissible hearsay.

More importantly, however, Johnson was not qualified to, and cannot, testify as an expert witness in this case; consequently, any opinions expressed in the letter must conform to the requirements of Fed. R. Evid. 701 regarding Opinion Testimony by Lay Witnesses. For lay witnesses, "the witness' testimony in the form of opinions or inferences is limited to those . . . which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701.

When applying the requirements of Fed. R. Evid. 701 to proffered evidence, the court must determine, as a threshold matter, whether the opinion is rationally based on the witness' own perceptions. A lay witness must establish that his/her opinion is based on personal knowledge. If the witness fails to identify an objective basis for the opinion, the proffered testimony does not meet the requirements of Rule 701, "because there is no way for the court to assess whether it is rationally based on the witness's perceptions." *United States v. Awadallah,* 401 F. Supp.2d 308, 314 (S.D.N.Y. 2005), *citing United States v. Garcia*, 291 F.3d 127, 140 (2nd Cir. 2002).

U.S. ex rel. North Star et al. v. Nugget Construction et al.
Case No. 3:98-cv-00009-TMB
UNugget's Motion in Limine Respecting Letter from Corps of
Engineers Administrative Contracting Officer Thomas A. Johnson, P.E.
and Related TestimonyU -- Page 3 of 8

Opinions that are not based on the witness' first-hand, personal knowledge are inadmissible. *DIJO, Inc. v. Hilton Hotels Corp.*, 351 F.3d 679, 685 (5th Cir. 2003). In *DIJO*, the court held that the admission of testimony concerning a developer's lost profits was improper where the witness had no firsthand, personal knowledge of the developer's operations and his opinion was based on his "generic industry experience." *Id.* at 686. Similarly, lay opinion testimony cannot be based on the perceptions of others that the witness has read in reports. *TLT-Babcock, Inc. v. Emerson Elec. Co.*, 33 F.3d 397, 400 (4th Cir. 1994). In *TLT-Babcock*, a case arising from the construction of a highway tunnel, the court held that the general contractor could not elicit opinion testimony from the city's project manager on the issue of the cause of a fan shaft failure, because the project manager's opinions were admittedly based on information he received in reports from his staff, rather than his own first-hand impressions. *Id.*

The Sixth Circuit followed the *DIJO* decision in *JGR, Inc. v. Thomasville Furniture Industries, Inc.*, 370 F.3d 519 (6th Cir. 2004). *JGR* involved a breach of contract suit between a furniture retailer and manufacturer. The trial court had allowed a lay witness to give opinion testimony regarding the retailer's lost profits and loss of business value as a consequence of the manufacturer's breach, despite the fact that the witness had no first-hand knowledge of the retailer's operations and had not independently verified any information he had received from the retailer. *Id.* at 526. In holding that the district court had abused its discretion in admitting the unverified, lay opinion testimony, the court observed that "[t]he further removed a layman is from a company's day-to-day operations, the less likely it is that his opinion testimony will be admissible under Rule 701." *Id.* at 525-26.

*U.S. ex rel. North Star et al. v. Nugget Construction et al.*
Case No. 3:98-cv-00009-TMB
UNugget's Motion in Limine Respecting Letter from Corps of
Engineers Administrative Contracting Officer Thomas A. Johnson, P.E.
and Related TestimonyU -- Page 4 of 8

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

In a case between a metropolitan housing authority and the federal government, the Court of Federal Claims granted a motion to strike a witness declaration as improper lay opinion testimony where the witness had admittedly based his conclusions on preliminary determinations made by members of his staff about whether certain properties were "comparable". *Cuyahoga Metropolitan Housing Authority v. United States*, 60 Fed.Cl. 481, 482-83 (2004). Citing *DIJO*, 351 F.3d 679, the court held that the declaration was inadmissible because the witness "allowed others on his staff to perform calculations that he later relied upon in his declaration. Thus, it appears he did not have the requisite, first-hand knowledge required by Rule 701." *Id*. at 482.

Similarly, in *American Marine Rail NJ, LLC v. City of Bayonne*, 289 F.Supp.2d 569 (D.N.J. 2003), the court held inadmissible a witness's opinion testimony regarding whether a solid waste transporter was entitled to lost profits for its failure to receive a waste removal contract, due to unconstitutional conduct of the county and city. The court held that the witness did "not base his opinion on personal knowledge . . . [h]e can only offer speculation as to the ultimate conclusions that he presents . . . [b]ecause his opinions are based on conjecture, they lack a rational basis and personal knowledge of the procurement process. Even under the more relaxed standards of Rule 701, the Court finds [the witness'] ultimate conclusions inadmissible." *Id*. at 590.

Similarly, Johnson's opinions regarding whether Spencer is correctly classified as a subcontractor or vendor and whether Nugget had "assumed full responsibility for the operation of Spencer Quarry" are inadmissible because Johnson had no first-hand knowledge of the nature of the relationship between Nugget and Spencer on this project. Johnson admitted in his letter that his opinion was "[b]ased on the supporting costs … in Serial Letter 611-21" rather than on any first-hand knowledge. In light of the

*U.S. ex rel. North Star et al. v. Nugget Construction et al.*
Case No. 3:98-cv-00009-TMB
UNugget's Motion in Limine Respecting Letter from Corps of
Engineers Administrative Contracting Officer Thomas A. Johnson, P.E.
and Related TestimonyU -- Page 5 of 8

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

applicable case law, Johnson's admitted reliance on information communicated to him in correspondence does not constitute an adequate foundation for lay opinion testimony under Fed. R. Evid. 701.

Testimony on this issue is also inadmissible because it states a legal conclusion as to the status of Spencer's relationship with Nugget for Miller Act purposes.  Where lay witness testimony necessarily encompasses a legal conclusion, the trial court may properly exclude the testimony as unhelpful to the trier of fact.  *United States v. Ness*, 665 F.2d 248, 250 (8th Cir. 1981).  Similarly, a lay witness may not testify as to the legal implications of a person's conduct.  *United States v. Espino*, 32 F.3d 253, 257 (7th Cir. 1994); *United States v. Baskes*, 649 F.2d 471, 478 (5th Cir. 1977), *cert. denied*, 434 U.S. 841, 98 S.Ct. 138, 54 L.Ed.2d 105 (1977).

Johnson's statement that he disagrees that Spencer is a "vendor" to Nugget for Miller Act purposes states a legal conclusion that is an inappropriate subject for lay opinion testimony, especially given that the Ninth Circuit Court has ruled to the contrary. Similarly, his opinion that Nugget had become "primary operator at Spencer Quarry" and therefore "responsible for prompt payment to suppliers and subcontractors who contracted with Spencer Rock Products on this project," is inadmissible because it is a conclusory statement regarding the legal consequences of Nugget's actions.  This issue is one that the Ninth Circuit has already determined requires a determination by a jury after hearing all of the conflicting evidence.  Mr. Johnson's lay opinions regarding this matter are inappropriate, as he did not possess personal knowledge of the facts required to support those opinions.  As such, Mr. Johnson's letter, and any references thereto, should be excluded from the trial.

*U.S. ex rel. North Star et al. v. Nugget Construction et al.*
Case No. 3:98-cv-00009-TMB
UNugget's Motion in Limine Respecting Letter from Corps of
Engineers Administrative Contracting Officer Thomas A. Johnson, P.E.
and Related TestimonyU -- Page 6 of 8

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

| | |
|---|---|
| Dated: June 14, 2007 | OLES MORRISON RINKER & BAKER LLP<br>Attorneys for Nugget Construction Inc. and<br>United States Fidelity and Guaranty Co<br><br>By: s/ Thomas R. Krider<br>    Traeger Machetanz<br>    machetanz@oles.com<br>    Alaska Bar No. 8411127<br>    Thomas R. Krider<br>    krider@oles.com<br>    Washington Bar No. 29490<br>    745 West 4th Ave., Suite 502<br>    Anchorage, AK 99501<br>    Phone: (907) 258-0106<br>    Fax: (907) 258-5519 |

*U.S. ex rel. North Star et al. v. Nugget Construction et al.*
Case No. 3:98-cv-00009-TMB
UNugget's Motion in Limine Respecting Letter from Corps of
Engineers Administrative Contracting Officer Thomas A. Johnson, P.E.
and Related TestimonyU -- Page 7 of 8

**OLES MORRISON RINKER & BAKER LLP**
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of June, 2007, a true and correct copy of the foregoing was served electronically on:

David W. Pease
dwp@bpk.com
Burr, Pease & Kurtz
810 N Street
Anchorage, AK  99501

Steven J. Shamburek, Esq.
shamburek@gci.net
Law Office of Steven J. Shamburek
425 G Street, Suite 630
Anchorage, AK  99501-5872

Herbert A. Viergutz, Esq.
barmar@gci.net
Barokas Martin & Tomlinson
1029 West Third, Suite 280
Anchorage, AK 99501

**Served by mail on:**

Robert LaPore
P.O. Box 640030
Beverly Hills FL 34464

OLES MORRISON RINKER & BAKER LLP


By: /s/ Thomas R. Krider

P-BJW 103 MOT in limine re Johnson COE 061407 993100002.doc

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska  99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

*U.S. ex rel. North Star et al. v. Nugget Construction et al.*
Case No. 3:98-cv-00009-TMB
UNugget's Motion in Limine Respecting Letter from Corps of
Engineers Administrative Contracting Officer Thomas A. Johnson, P.E.
and Related TestimonyU -- Page 8 of 8