Traeger Machetanz, Esq.
Thomas R. Krider, Esq.
OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501
Phone: 907-258-0106
Fax: 907-258-5519

Attorneys for Nugget Construction Co.
Inc. and USF&G, Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a NORTHERN STEVEDORING & HANDLING, and NORTH STAR TERMINAL & STEVEDORING COMPANY, d/b/a Northern Stevedoring & Handling, on its own behalf,<br><br>    Plaintiff,<br><br>    and<br><br>UNITED STATE OF AMERICA for the use of SHORESIDE PETROLEUM INC., d/b/a Marathon Fuel Service, and SHORESIDE PETROLEUM INC., d/b/a Marathon Fuel Service, on its own behalf,<br><br>    Intervening Plaintiffs,<br><br>    and<br><br>METCO, INC.,<br><br>    Intervening Plaintiff,<br><br>    vs.<br><br>NUGGET CONSTRUCTION INC.; SPENCER ROCK PRODUCTS INC.; UNITED STATES FIDELITY AND GUARANTY COMPANY; and ROBERT A. LAPORE,<br><br>    Defendants. | No. 3:98-cv-00009-TMB<br><br><br>NUGGET'S MOTION IN LIMINE RE: FUNDS WITHHELD FROM SPENCER |

I.  **INTRODUCTION**

Nugget Construction Company ("Nugget") moves the court for an order *in limine* excluding at trial all statements, argument, testimony, documentary or other evidence intended to prove that Nugget "wrongfully intercepted" funds to which Spencer Rock Products, Inc. ("Spencer") was allegedly entitled.

II.  **BACKGROUND**

This litigation arises from a project in Homer, Alaska, on which Nugget was the general contractor. North Star Terminal and Stevedoring Company ("North Star") was a vendor of Spencer, Nugget's rock supplier. At this time, North Star is the only second-tier vendor remaining with claims against Nugget, the other second-tier vendors, Shoreside Petroleum, Inc. ("Shoreside") and Metco, Inc. ("Metco") having settled their claims against Nugget and its surety.

During the course of the project, Nugget and Spencer entered into a "Support Agreement" by which Nugget agreed to provide Spencer with labor and equipment to assist Spencer with the performance of its Material Contract obligations.[1] Pursuant to the Support Agreement, Nugget was entitled to deduct from Spencer's progress payments all costs incurred by Nugget in supporting Spencer's performance. In addition to the support costs incurred, Nugget also sustained additional damages as a result of Spencer's failure to provide rock that was in compliance with the contract specifications. Nugget was not only entitled by contract to deduct its support costs, as the authorities discussed herein make clear, Nugget was legally entitled to withhold funds that would have been paid to Spencer as a credit against the costs Nugget

---

[1] See Exhibit A attached hereto.

*U.S. ex rel. North Star et al. v. Nugget Construction et al.*
Case No. 3:98-cv-00009-TMB
UNugget's Motion in Limine re: Funds
Withheld from SpencerU -- Page 2 of 7

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

incurred to complete the requirements of the Material Contract due to Spencer's nonperformance.

### III. **ARGUMENT**

When a subcontractor or supplier on a federal government project fails to perform, requiring the prime contractor to complete the work, federal law supports the prime contractor's right to retain funds that would have gone to the subcontractor or supplier had it performed the work as an element of the prime contractor's recovery.

If a subcontractor fails to perform its contractual obligations without legal justification, it (and its surety, where applicable) is liable to the prime contractor for the resulting damages. *Southern Roofing & Petroleum Co. v. Aetna Ins. Co.*, 293 F. Supp. 725, 728-29 (D.C. Tenn. 1968). In fact, the prime contractor is under an obligation to obtain substitute performance, as the contractor remains responsible any delay to the prime contract caused by the subcontractor or supplier's nonperformance. *Signal Contracting, Inc.*, DOTCAB 1279, 83-1 B.C.A. ¶16,425.

In a case arising from the construction of residential units on an army base, the prime contractor completed the work of its electrical subcontractor following the subcontractor's default, and claimed damages consisting of completion costs, attorney fees and interest. *National Union Fire Ins. Co. of Pittsburgh, Pennsylvania v. D & L Construction Co.*, 353 F.2d 169, 171 (8th Cir. 1965). The prime contractor had paid the subcontractor for work performed, but withheld the unpaid balance of the subcontract when the subcontractor defaulted. The court deemed the withholding appropriate as long as those funds were credited against the prime contractor's claim (to prevent a windfall), stating that no authority had been cited "supporting the view that the unpaid balance due on the subcontract should not be credited against the cost of completion."

*U.S. ex rel. North Star et al. v. Nugget Construction et al.*
Case No. 3:98-cv-00009-TMB
UNugget's Motion in Limine re: Funds
Withheld from SpencerU -- Page 3 of 7

353 F.2d at 175. In a case cited by the *National Union Fire Ins. Co.* court involving the construction of a building on a Marine Corps base, the prime contractor had demanded completion of the applicable work from its subcontractor and the subcontractor's surety following the subcontractor's default. Both refused to complete the work, and so the prime contractor did so at its own expense. Dale *Benz, Inc. Contractors v. American Cas. Co.,*, 303 F.2d 80, 82 (9th Cir. 1962). The court held that the prime contractor was entitled to the unpaid balance of the subcontract, as well as the remainder of its actual completion costs, plus 10%. *Id.* at 85.

Other federal cases also cite the Government's right to withhold payment from its prime contractors (and by extension the prime contractor's right to withhold payment from a subcontractor) for unperformed or unsatisfactory work. *See AVCO Corp. v. United States,* 10 Cl.Ct. 665 (1986) (withholding appropriate where work covered by an invoice has not been properly accomplished).

Additionally, Alaska law supports the proposition that a party to a construction contract is entitled to withhold payment based on another party's inability to perform its obligations under the contract. *T. Ferguson Construction, Inc. v. Sealaska Corporation*, 820 P.2d 1058, 1061 (Alaska 1991), *citing Arctic Contractors, Inc. v. State*, 564 P.2d 30, 43 (Alaska 1977). In *Ferguson*, the court held that the project owner was entitled to withhold payment from the contractor where the circumstances clearly showed that the contractor would be unable to complete the project. The court determined that paying the contractor under those circumstances would, in effect, be throwing good money after bad, since "[t]he law does not require a useless act, particularly where, as here, it would only enhance the actor's loss." *Ferguson*, 820 P.2d at 1061, *citing United States v. Buffalo Coal Mining Co.*, 343 F.2d 561, 565 (9th Cir. 1965).

*U.S. ex rel. North Star et al. v. Nugget Construction et al.*
Case No. 3:98-cv-00009-TMB
UNugget's Motion in Limine re: Funds
Withheld from SpencerU -- Page 4 of 7

Also cited by the *Ferguson* court were cases from two other jurisdictions holding that under appropriate circumstances (i.e., where a contractor has become clearly unable to perform as promised) an owner may "assume control of the work, cause it to be completed, and hold the contractor for his reasonable expenditures if in excess of the unpaid balance of the contract price," *Mayer v. Alexander & Baldwin, Inc.*, 532 P.2d 1007, 1009 (Hawaii 1975), and that "[w]here a subcontractor is failing to perform on a contract, the main contractor may step in and complete what has to be done, and the defaulting party is entitled to receive payment for only that part of the work actually performed," *Prince v. R.C. Tolman Constr. Co.*, 610 P.2d 1267, 1268 (Utah 1980).

In the present case, Spencer acknowledged that it was unable to perform as required by its Material Contract. Spencer's inability to meet these requirements placed the project in jeopardy, potentially creating significant liability for Nugget. As a consequence, Nugget and Spencer entered into a Support Agreement whereby Nugget would supply equipment and labor to the project to enable the project to proceed. The Support Agreement explicitly provided that Nugget was entitled to deduct from partial pay estimates earned by Spencer sufficient funds to keep the account of Spencer current.

In light of the authorities discussed herein, it is apparent that Nugget did nothing inappropriate in withholding payment from Spencer as a consequence of Spencer's nonperformance of its obligations under the Material Contract. Thus, any statements, testimony or evidence indicating to the contrary, would be unfounded and highly prejudicial to the jury. Thus, North Star should be precluded from introducing any evidence at trial intended to show that Nugget improperly "intercepted" or otherwise retained monies to which Spencer was entitled.

*U.S. ex rel. North Star et al. v. Nugget Construction et al.*
Case No. 3:98-cv-00009-TMB
UNugget's Motion in Limine re: Funds
Withheld from SpencerU -- Page 5 of 7

| | |
|---|---|
| Dated: June 14, 2007 | OLES MORRISON RINKER & BAKER LLP<br>Attorneys for Nugget Construction Inc. and<br>United States Fidelity and Guaranty Company |
| | By: s/ Thomas R. Krider<br>    Traeger Machetanz<br>    machetanz@oles.com<br>    Alaska Bar No. 8411127<br>    Thomas R. Krider<br>    Washington Bar No. 29490<br>    745 West 4th Ave., Suite 502<br>    Anchorage, AK 99501<br>    Phone: (907) 258-0106<br>    Fax: (907) 258-5519 |

**OLES MORRISON RINKER & BAKER LLP**
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

*U.S. ex rel. North Star et al. v. Nugget Construction et al.*
Case No. 3:98-cv-00009-TMB
UNugget's Motion in Limine re: Funds
Withheld from SpencerU -- Page 6 of 7

CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of June, 2007, a true and correct copy of the foregoing was served electronically on:

David W. Pease
dwp@bpk.com
Burr, Pease & Kurtz
810 N Street
Anchorage, AK  99501

Steven J. Shamburek, Esq.
shamburek@gci.net
Law Office of Steven J. Shamburek
425 G Street, Suite 630
Anchorage, AK  99501-5872

Herbert A. Viergutz, Esq.
barmar@gci.net
Barokas Martin & Tomlinson
1029 West Third, Suite 280
Anchorage, AK 99501

**Served by mail on:**

Robert LaPore
P.O. Box 640030
Beverly Hills FL 34464

OLES MORRISON RINKER & BAKER LLP


By: /s/ Thomas R. Krider


P-BJW 104 MOT in limine re Spencer funds withheld 060607 993100002

*U.S. ex rel. North Star et al. v. Nugget Construction et al.*
Case No. 3:98-cv-00009-TMB
UNugget's Motion in Limine re: Funds
Withheld from SpencerU -- Page 7 of 7

**OLES MORRISON RINKER & BAKER LLP**
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519