Traeger Machetanz, Esq.
Thomas R. Krider, Esq.
OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501
Phone: 907-258-0106
Fax: 907-258-5519

Attorneys for Nugget Construction Co. Inc.
and USF&G, Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a NORTHERN STEVEDORING & HANDLING, and NORTH STAR TERMINAL & STEVEDORING COMPANY, d/b/a Northern Stevedoring & Handling, on its own behalf,<br><br>    Plaintiff,<br><br>and<br><br>UNITED STATE OF AMERICA for the use of SHORESIDE PETROLEUM INC., d/b/a Marathon Fuel Service, and SHORESIDE PETROLEUM INC., d/b/a marathon Fuel service, on its own behalf,<br><br>    Intervening Plaintiffs,<br><br>and<br><br>METCO, INC.,<br><br>    Intervening Plaintiff,<br><br>vs.<br><br>NUGGET CONSTRUCTION INC.; SPENCER ROCK PRODUCTS INC.; UNITED STATES FIDELITY AND GUARANTY COMPANY; and ROBERT A. LAPORE,<br><br>    Defendants. | No. A98-009 CIV (TMB)<br><br><br>NUGGET'S MOTION IN LIMINE RESPECTING PUNITIVE DAMAGES CLAIMS |

## I. **INTRODUCTION**

Nugget Construction Company ("Nugget") hereby moves the court for an order *in limine* excluding at trial all statements, argument, testimony, documentary or other evidence pertaining to Nugget's financial condition unless and until the trier of fact determines that North Star is entitled to recover punitive damages from Nugget.

## II. **BACKGROUND**

This litigation arises from a project in Homer, Alaska, on which Nugget was the general contractor. North Star Terminal and Stevedoring Company ("North Star") was a vendor of Nugget's rock supplier, Spencer Rock Products, Inc. ("Spencer"). At this time, North Star is the only second-tier vendor remaining with claims against Nugget, the other second-tier vendors, Shoreside Petroleum, Inc. ("Shoreside") and Metco, Inc. ("Metco") having settled their claims against Nugget and its surety.

One of the remaining claims North Star has against Nugget is for tortuous interference with its business relationship. Accompanying that claim is a demand for punitive damages from Nugget.

## III. **ARGUMENT**

Nugget asks the court to enter an order excluding evidence of Nugget's financial condition until such time as North Star has established that it is entitled to recover punitive damages from Nugget. The United States Supreme Court has held that evidence of a party's financial condition has no bearing on liability for punitive damages; rather, such evidence is admissible only as a measure of the *amount* of punitive damages a court should award. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981).

In this case, North Star's claim for punitive damages is a state law claim over which this court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367. When

*U.S. ex rel. North Star et al. v. Nugget Construction et al.*
Case No. A98-009 CIV (TMB)
UNugget's Motion in Limine Respecting
Punitive Damages claimsU -- Page 2 of 5

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

ruling on the admissibility of evidence of a party's financial worth as relevant to a punitive damages claim based on state law, the district court must "make sure the award is within the confines of state law." *Morgan v. Woessner*, 997 F.2d 1244, 1258 (9th Cir. 1993).

Under Alaska law in effect at the time North Star's punitive damages claim arose, punitive damages may be awarded if a defendant's conduct is "outrageous, such as acts done with malice or bad motives or a reckless indifference to the interests of another." *Sturm, Roger & Co., Inc. v. Day*, 594 P.2d 38, 46 (Alaska 1979), overruled on other grounds by *Dura Corp. v. Harned*, 703 P.2d 396, 405 n. 5 (Alaska 1985). Liability for punitive damages depends on a defendant's **conduct**, not its financial status. Consequently, financial status has no relevance to the determination of whether a punitive damages award is appropriate.

In fact, it is not even necessary to introduce evidence of a defendant's wealth to support an award of punitive damages. *Pluid v. B.K.*, 948 P.2d 981, 986 (Alaska 1997). Alaska courts have routinely held a defendant's wealth to be relevant to the propriety of the size of a punitive damages award, s*ee Cameron v. Beard*, 864 P.2d 538, 551 (Alaska 1993); *Clary Ins. Agency v. Doyle*, 620 P.2d 194, 205 (Alaska 1980); *Ben Lomond, Inc. v. Campbell*, 691 P.2d 1042, 1048 (Alaska 1984); however, no court in Alaska has ever held that a defendant's wealth has any relevance to the issue of liability for punitive damages. Since only relevant evidence is admissible, Fed. R. Evid. 402, evidence of Nugget's financial status should not be admitted on the issue of punitive damages liability.

For the foregoing reasons, the court should exclude any evidence of Nugget's financial condition until North Star has established that it is entitled to an award of punitive damages.

*U.S. ex rel. North Star et al. v. Nugget Construction et al.*
Case No. A98-009 CIV (TMB)
UNugget's Motion in Limine Respecting
Punitive Damages claimsU -- Page 3 of 5

Dated: July 2, 2007     OLES MORRISON RINKER & BAKER LLP
  Attorneys for Nugget Construction Inc. and
  United States Fidelity and Guaranty Co

By: /s/ Thomas R. Krider
  Traeger Machetanz
  machetanz@oles.com
  Alaska Bar No. 8411127
  Thomas R. Krider
  krider@oles.com
  Washington Bar No. 29490
  745 West 4th Ave., Suite 502
  Anchorage, AK 99501
  Phone: (907) 258-0106
  Fax: (907) 258-5519

P-BJW MOT in limine-punitive damages 061407 993100002.doc

*U.S. ex rel. North Star et al. v. Nugget Construction et al.*
Case No. A98-009 CIV (TMB)
UNugget's Motion in Limine Respecting
Punitive Damages claimsU -- Page 4 of 5

CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of July, 2007, a true and correct copy of the foregoing was served electronically on:

David W. Pease
dwp@bpk.com
Burr, Pease & Kurtz
810 N Street
Anchorage, AK  99501

Steven J. Shamburek, Esq.
shamburek@gci.net
Law Office of Steven J. Shamburek
425 G Street, Suite 630
Anchorage, AK  99501-5872

Herbert A. Viergutz, Esq.
barmar@gci.net
Barokas Martin & Tomlinson
1029 West Third, Suite 280
Anchorage, AK 99501

**Served by mail on:**

Robert LaPore
P.O. Box 640030
Beverly Hills FL 34464


OLES MORRISON RINKER & BAKER LLP


By: /s/ Thomas R. Krider

*U.S. ex rel. North Star et al. v. Nugget Construction et al.*
Case No. A98-009 CIV (TMB)
UNugget's Motion in Limine Respecting
Punitive Damages claimsU -- Page 5 of 5

**OLES MORRISON RINKER & BAKER LLP**
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519