David W. Pease
BURR, PEASE & KURTZ
810 N Street, Suite 300
Anchorage, AK  99501-3293
Telephone:    (907) 276-6100
Fax No.:       (907) 258-2530
Attorneys for North Star

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a Northern Stevedoring & Handling, and NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a Northern Stevedoring & Handling, on its own behalf,<br><br>                Plaintiffs,<br>    and<br><br>UNITED STATES OF AMERICA for the use of SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Services, and SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Services, on its own behalf,<br><br>                Intervening Plaintiffs,<br>    and<br><br>METCO, INC.,<br><br>                Intervening Plaintiff,<br>    vs.<br><br>NUGGET CONSTRUCTION, INC.; SPENCER ROCK PRODUCTS, INC.; UNITED STATES FIDELITY AND GUARANTY COMPANY; and ROBERT A. LAPORE,<br><br>                Defendants. | Case No. 3:98-cv-009-TMB<br><br><br><br><br><br>**OPPOSITION TO MOTION IN LIMINE  RESPECTING LETTER FROM CORPS OF ENGINEERS ADMINISTRATIVE CONTRACTING OFFICER THOMAS A. JOHNSON, P.E. AND RELATED TESTIMONY** |

I.    INTRODUCTION

On June 14, 2007, defendant Nugget Construction, Inc. filed a motion in limine seeking to exclude a letter from the Army Corps of Engineers and any testimony related to that letter. Nugget has waived any objection to this letter by allowing its previous admission with respect to a summary judgment motion. In addition, the substantive bases for the defendant's motion are not well-founded. The motion should therefore be denied.

II.   BACKGROUND

During performance on the Miller Act contract at question in this case, Nugget Construction, Inc. ("Nugget") admittedly withheld monies due and owing to its subcontractor or materialman, Spencer Rock Products ("Spencer"), under Nugget's interpretation of a Support Agreement prepared by Nugget's counsel and signed under protest by Spencer. Spencer Rock disagreed with this interpretation, and continued to submit invoices to Nugget throughout Spencer's performance under the original contract. (Ex. A) Spencer even complained in writing to the Army Corps of Engineers regarding nonpayment from Nugget and requested that the Corps no longer release progress payments to Nugget. (Ex. B & C) Spencer also informed its suppliers regarding Nugget's nonpayment. (Ex. D) Spencer's suppliers and subcontractors ultimately complained in writing directly to the Corps regarding the situation with Nugget.

On August 26, 1997, still well before Spencer served its Miller Act Notice, Thomas A. Johnson, P.E., the Administrative Contracting Officer with the Army Corps of Engineers for the project, sent a letter to Nugget regarding Nugget's responsibilities under the contract. (Ex. E) The letter notes, based on information provided by Nugget to the Corps, "it appears that Nugget Construction has assumed full responsibility for operations at Spencer Quarry for the subject project. Therefore, as primary operator at Spencer Quarry, we believe Nugget Construction is

_____
Oppo to Mtn in Limine re Johnson
*North Star Terminal, et al v. Nugget,et al,* Case No. A98-009 CV
Page 2 of 13                                                                              45-40 / #90640

responsible for prompt payment to suppliers and subcontractors who contracted with Spencer Rock Products on this project." (Ex. E) Following issuing that letter, the Army Corps of Engineers refused to release progress payments to Nugget for a period of time.

### III.   ARGUMENT

#### A.   Nugget has Waived any Objection to the Admissibility of the Johnson Letter

Nugget had the opportunity, even an obligation, to object to the admissibility of this letter when Judge Holland examined it for summary judgment in 2002 and on appeal from that order. During that motion practice, Shoreside Petroleum, Nugget and United States Fidelity & Guaranty Company filed motions and cross-motions for summary judgment on Shoreside's claims. In the court's August 30, 2002 order, Judge Holland cited the letter from Thomas A. Johnson, dated August 26, 1997.[1] Counsel for plaintiff cannot discern any instance during the briefing process on summary judgment or on appeal where Nugget objected to the court's consideration of that letter.

When considering a motion for summary judgment, the court "may consider any material that would be admissible at trial,"[2] including properly authenticated and admissible documents and exhibits. *See Martz v. Union Labor Life Ins. Co*.[3] Particularly, hearsay evidence may not be

---

[1] Order at 12, Clerk's Docket No. 310. The court noted that the letter had previously been attached as Exhibit 15 to Northern Stevedoring's Motion for Summary Judgment, Clerk's Docket No. 69.

[2] *Aguilera v. Cook County Police & Corrs. Merit. Bd.*, 760 F.2d 844, 849 (7th Cir. 1985); *see also Woods v. City of Chicago*, 234 F.3d 979, 988 (7th Cir. 2000) (noting that evidence submitted at the summary judgment stage must be admissible at trial); *Rec. Devs. of Phoenix v. City of Phoenix*, 220 F. Supp. 2d 1054, 1064 (D. Ariz. 2002) (noting that "in order to withstand summary judgment, [a party] must establish the existence of a genuine issue of material fact based on evidence admissible at trial.").

[3] 757 F.2d 135, 138 (7th Cir. 1985).

Oppo to Mtn in Limine re Johnson
*North Star Terminal, et al v. Nugget, et al,* Case No. A98-009 CV
Page 3 of 13                                                                 45-40 / #90640

considered on summary judgment. *See Wiley v. United States*.[4] Unless foundational or other evidentiary objections are timely made, however, even inadmissible evidence may be considered by the court and will support a judgment. *Faulkner v. Federation of Preschool and Community Educ. Centers, Inc*.[5] If a party fails to object to the admissibility of evidence, any subsequent argument about its inadmissibility is waived.[6] "It is a fundamental rule of evidence that an objection not timely made is waived."[7]

Essentially, if evidence is good enough for summary judgment, it is good enough for trial. Five years ago, Judge Holland examined the Johnson letter when considering the motions and cross motions for summary judgment. Neither at that time nor in the subsequent appeal did Nugget object to the admissibility of that letter and the court's consideration of it as evidence of Nugget's control over the quarry site. Under the federal rules and interpreting decisions, only evidence that is admissible at trial may be considered on motions for summary judgment. When Nugget failed to object to the court's consideration of that letter on summary judgment, Nugget waived any argument that it is inadmissible at trial.

B. The Johnson Letter does not Express Impermissible Lay Opinion

Nugget argues that the Johnson letter is inadmissible for two reasons under Fed. R. Evid. 701. First, Nugget claims the letter is inadmissible because it is not based on Johnson's firsthand

---

[4] 20 F.3d 222, 226 (6th Cir. 1994).

[5] 564 F.2d 327, 328 (9th Cir. 1977).

[6] FRE 103(a)(1); *United States v. Jones*, 44 F.3d 860, 875 (10th Cir. 1995) ("Generally, the failure to object to the admissibility of evidence constitutes a waiver of the issue."); *Ignacio v. People of the Territory of Guam*, 413 F.2d 513, 517 (9th Cir. 1969), *cert. denied*, 397 U.S. 943 (1970) (stating that the "failure to object [to the admissibility of evidence] acts as a waiver").

[7] *United States v. Jamerson*, 549 F.2d 1263, 1266-67 (9th Cir. 1977)

Oppo to Mtn in Limine re Johnson
*North Star Terminal, et al v. Nugget,et al,* Case No. A98-009 CV
Page 4 of 13                                                                                                          45-40 / #90640

knowledge. Second, Nugget claims that the letter is inadmissible because it reaches legal conclusions. As neither of these contentions warrants exclusion of the letter, the court should deny the motion.

Federal Evidence Rule 701 allows a lay witness to testify as to his opinion when that opinion is based on his actual perception.[8] The rule contemplates admission of lay opinion that is "rationally based on personal knowledge so as to be helpful to the trier of fact," and "was primarily designed to allow lay individuals to express opinions that are in reality only a shorthand statement of the facts." *American Marine Rail NJ, LLC v. The City of Bayonne*.[9] The rule also permits a lay witness to express opinions that are not shorthand statements of the facts, "so long as the personal knowledge, rational basis and helpfulness standards of Rule 701 are met."[10] Lay witnesses may testify as to perceptions acquired by them through review of records, so long as those records are prepared in the ordinary course of business. *See Allies Sys., Ltd. v. Teamsters Local 604*.[11]

The cases cited by Nugget in support of its motion on this point are inapplicable, as each

---

[8] *See* Fed. R. Evid. 701, which provides:

If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

[9] 289 F.Supp.2d 569, 590 (D. N.J. 2003) (quoting *Asplundh Mfg. Div. v. Benton Harbor Engineering*, 57 F.3d 1190, 1193 (3d Cir. 1995)).

[10] *Id.*

[11] 304 F.3d 785, 792 (8th Cir. 2002).

Oppo to Mtn in Limine re Johnson
*North Star Terminal, et al v. Nugget, et al,* Case No. A98-009 CV
Page 5 of 13                                                                                           45-40 / #90640

instance involves a witness who was not directly involved with the issues on which he offered an opinion. In *DIJO, Inc. v. Hilton Hotels Corp.*,[12] the lay person providing the objectionable testimony was an employee of the commercial lender financing the construction of a hotel. He had "little significant actual knowledge about DIJO and its operations."[13] In *JGR, Inc. v. Thomasville Furniture Industries, Inc.*,[14] the supposed "lay" witness was in fact a classic Rule 702 witness – retained by trial counsel for the purpose of providing an accountant's estimate of what future profits would have been.[15] The trial court simply misconstrued the accountant's relationship with the plaintiff, incorrectly identifying the accountant as the plaintiff's bookkeeper.[16] In *Cuyahoga Metropolitan Hous. Auth. v. United States*,[17] the lay witness was a supervisor at HUD, overseeing the disputed project, who developed an opinion based essentially on a survey of fellow HUD colleagues. He and his colleagues then extrapolated an estimate of operating expenses for a project.[18] Finally, in *American Marine Rail NJ, LLC*,[19] the "lay" witness in question was actually offered to the trial court as a Rule 702 witness. On appeal, the court held his opinion failed to meet the Rule 702 standards and considered, as an alternative, if

---

[12] 351 F.3d 679 (5th Cir. 2003).

[13] *Id.* at 685.

[14] 370 F.3d 519 (6th Cir. 2004).

[15] *See id.* at 524 n3.

[16] *See id.*

[17] 60 Fed.Cl. 481 (Ct. Cl. 2004).

[18] *See id.* at 482.

[19] 289 F.Supp.2d 569 (D. N.J. 2003).

Oppo to Mtn in Limine re Johnson
*North Star Terminal, et al v. Nugget,et al,* Case No. A98-009 CV
Page 6 of 13                                                                                       45-40 / #90640

the witness' testimony could be considered under Rule 701.[20] The court held that Rule 701 could not save the witness' testimony because he could "only offer speculation as to the ultimate conclusions that he presents" and that he had never witnessed or participated in any of the decisions at issue in the case.[21]

The limits on lay opinion testimony under Fed. R. Evid. 701 are designed to "eliminate the risk that a party will circumvent the reliability requirements set forth in Federal Rule of Evidence 702 by adducing expert testimony in lay witnesses' clothing."[22] The cases cited by Nugget perfectly illustrate this point. Some of them were classic Rule 702 witnesses, retained solely for the purpose of providing opinion testimony at trial. Others were simply ancillary players who were not directly involved with any decisions or processes, or in any way participated in the events in question. Additionally, the opinions offered were not based on anything perceived by the witness. In contrast, Thomas A. Johnson, P.E. was the Administrative Contracting Officer for the Homer Spit Project. He had vast authority to manage the contract[23] and corresponded regularly with all of the parties. Mr. Johnson regularly reviewed documents like those supplied by Nugget as part of his administration of the contract. The beliefs expressed in the letter were based on business records provided to the Corps by Nugget, which is a

---

[20] *See id.* at 589-90.

[21] *Id.*

[22] *DIJO, Inc.*, 351 F.3d at 685 (citing Fed. R. Evid. 701 advisory committee's note to 2000 amendments).

[23] *See* Ex. F.

Oppo to Mtn in Limine re Johnson
*North Star Terminal, et al v. Nugget,et al,* Case No. A98-009 CV
Page 7 of 13                                                                                           45-40 / #90640

permissible basis for a lay opinion under Evidence Rule 701.[24]

As an officer with specific authority in the Corps, Mr. Johnson would also be qualified, even under Rule 701, to provide an opinion based on his position in the Corps. The 2000 amendments to Fed. R. Evid. 701 were "not intended to affect the 'prototypical example[s] of the type of evidence contemplated by the adoption of Rule 701 relat[ing] to the appearance of persons or things, identity, the manner of conduct, competency of a person, degrees of light or darkness, sound, size, weight, distance, and an endless number of items that cannot be described factually in words apart from inferences.'"[25] An owner or an officer of a business is still entitled to provide valuation testimony regarding the business, "not because of experience, training or specialized knowledge within the realm of an expert, but because of the particularized knowledge that the witness has by virtue of his or her position in the business."[26] A layperson can testify that a substance is a narcotic, so long as they possess the requisite foundational knowledge.[27] Once again, this is not based on specialized knowledge under Rule 702, but personal experience. Thus, through his communications with Nugget and his understanding of the activities and developments at the Spencer Quarry, based on business records provided by Nugget, Mr. Johnson could easily form an opinion based on his own personal experience that

---

[24] *Allied Sys., Ltd.*, 304 F.3d at 792 ("Personal knowledge or perception acquired through review of records prepared in the ordinary course of business, or perceptions based on industry experience is a sufficient foundation for lay opinion testimony.") (quoting *Burlington N. R.R. Co. v. Nebraska*, 802 F.2d 994, 1004-05 (8th Cir. 1986)).

[25] Fed. R. Evid. 2000, Advisory Committee's Notes (quoting *Asplundh Mfg. Div. v. Benton Harbor Eng'g,* 57 F.3d 1190, 1196 (3d Cir. 1995)).

[26] *Id.*

[27] *See id.*

Oppo to Mtn in Limine re Johnson
*North Star Terminal, et al v. Nugget,et al,* Case No. A98-009 CV
Page 8 of 13                                                                                                45-40 / #90640

Nugget was "in charge" at the quarry.

Finally, Nugget's objection to the letter because it purports to express an opinion as to a question of law or ultimate issue is not well founded. Federal Evidence Rule 704 states that "testimony in the form of an opinion … otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." Whether Nugget had in fact assumed control and consequently assumed liability is a question of fact for the fact finder, as the Ninth Circuit has reversed and remanded summary judgment on that very issue because genuine issues of material fact remain.[28] If it were purely a legal issue, it would have been resolved by the Ninth Circuit. In addition, the letter merely expresses a belief held by the Army Corps of Engineers at the time. Parties may form beliefs based on their own perceptions and express those beliefs, even if they may have legal implications; they are merely expressions of the parties' state of mind.[29] Contrary to Nugget's suggestion, the letter does not purport to express a legal opinion about Nugget's Miller Act liability. It merely expresses a common sense belief that, since Nugget had taken over the quarry directly, Nugget should therefore directly compensate those companies that provided support services to the quarry operations. There will undoubtedly be several witnesses who will express similar opinions based on what they observed.

---

[28] *See North Star Terminal & Stevedore Co. v. Nugget Constr., Inc.*, 126 Fed.Appx. 348, 351 2005 U.S. App. LEXIS 3589, at *4-5 (9th Cir. 2005).

[29] *See* Fed. R. Evid. 701, 704.

Oppo to Mtn in Limine re Johnson
*North Star Terminal, et al v. Nugget,et al,* Case No. A98-009 CV
Page 9 of 13                                                                 45-40 / #90640

C. The Johnson Letter is Not Inadmissible Hearsay[30]

As a preliminary matter, counsel for plaintiff North Star has been able to confirm that Mr. Johnson is not deceased. Counsel spoke telephonically with Mr. Johnson on June 26, 2007. Mr. Johnson has been in retirement for five years and is residing in Vancouver, Washington. He has indicated that he would be available to provide testimony at trial.

A statement is hearsay only if it is offered for the truth of the matter asserted.[31] However, when statements are offered for some other purpose, such as to explain the subsequent conduct of a party,[32] the speakers' state of mind,[33] and notices or knowledge of a party,[34] they are not hearsay and are admissible. Statements are also not inadmissible hearsay if offered for purposes of showing the information relied upon or considered in making a decision. *See Fenje v. Feld*.[35]

In this case, it is premature for Nugget to assume the purpose for which the letter would be admitted. There are a variety of permissible bases for its admission that do not touch on whether Nugget in fact had assumed the operations at the quarry and was directly responsible for

---

[30] The defendant barely offered any argument other than a single, conclusory statement that the letter is inadmissible hearsay. This objection should be considered waived as being inadequately briefed. However, to assist the court, the plaintiff will provide analysis as to why the letter is not inadmissible hearsay.

[31] *See* Fed. R. Evid. 801(c).

[32] *See United States v. Bowser*, 941 F.2d 1019, 1021 (10th Cir. 1991) (testimony by officer that informant said that defendant carried a gun was admissible not to prove that defendant carried a gun but "to explain the officer's aggressive conduct toward the defendant").

[33] *EEOC v. University of Chicago Hospitals*, 276 F.3d 326, 333 (7th Cir. 2002).

[34] *Cook v. Navistar Int'l Trans. Corp.*, 940 F.2d 207, 213 (7th Cir. 1991).

[35] 301 F. Supp. 2d 781, 811 (N.D. Ill. 2003).

Oppo to Mtn in Limine re Johnson
*North Star Terminal, et al v. Nugget, et al,* Case No. A98-009 CV
Page 10 of 13                                                                                    45-40 / #90640

making payments to vendors and subcontractors.[36] Rather, the letter could be introduced to explain the "state of mind" of the Army Corps of Engineers at the time in its perception of the relationship between the parties. It could be offered to explain the subsequent conduct of the Corps, for example, withholding progress payments to Nugget.

A document may also be admitted as a business record under FRE 803(6)[37] if it has sufficient indicia of trustworthiness to be considered reliable. *See Saks Int'l, Inc. v. M/V "Export Champion"*.[38] Normally to demonstrate such trustworthiness and reliability, the party seeking to offer the business record must attach an affidavit sworn to by a person who would be qualified to introduce the record as evidence at trial, for example, a custodian or anyone qualified to speak from personal knowledge that the documents were admissible business records. *See Federal*

---

[36] However, as noted previously, the letter does not contain an assertion of fact. Rather, the letter states the belief of the Army Corps of Engineers as to Nugget's status. The Corps does not affirmatively state that Nugget has taken control, but asserts that "it *appears*" that Nugget is in control of the quarry. It also states that the Corps "believe[s] Nugget Construction is responsible for prompt payment to suppliers and subcontractors" who provided services to Spencer Rock Products.

[37] Fed. R. Evid. 803(6) provides:

> **Records of regularly conducted activity.** A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

[38] 817 F.2d 1011, 1013 (2d Cir. 1987).

Oppo to Mtn in Limine re Johnson
*North Star Terminal, et al v. Nugget,et al,* Case No. A98-009 CV
Page 11 of 13                                                                 45-40 / #90640

*Deposit Ins. Corp. v. Patel*.[39]

The Johnson letter qualifies as a business record under Fed. R. Evid. 803(6). It is a memorandum containing a statement of belief and conditions and was made at the time by a person with knowledge. Since the letter was sent by Johnson in his capacity as the Administrating Contracting Officer for the Army Corps of Engineers, it was certainly prepared in the course of the "business" of the Corps. At trial, the court could inquire of the witness, or the plaintiff could submit an affidavit in advance of trial, that would establish that the Corps would send a memorandum such as this in the course of its "business." North Star does not seek to admit the letter at this time for summary judgment, so it need not submit an affidavit at this time. At trial, North Star would be capable of providing witnesses, including the signatory, who can speak from personal knowledge and satisfy the requirements of the letter as a business record.

Finally, the letter could be admissible under Fed. R. Evid. 803(8).[40] The letter is a statement by a public agency setting forth matters observed pursuant to Mr. Johnson's duties as the Administrative Contracting Officer.

---

[39] 46 F.3d 482, 484 (5th Cir. 1995).

[40] That rule provides:

> **Public records and reports**. Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, or (C) in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

Oppo to Mtn in Limine re Johnson
*North Star Terminal, et al v. Nugget, et al,* Case No. A98-009 CV
Page 12 of 13                                                                 45-40 / #90640

CONCLUSION

For the foregoing reasons, the motion in limine should be denied not only as to the Johnson letter but any similar or related testimony offered by persons similarly qualified to provide lay testimony under Fed. R. Evid. 701.

s/ David W. Pease<br>
Burr, Pease & Kurtz<br>
810 N Street, Suite 300<br>
Anchorage, AK  99501<br>
Telephone:  (907) 276-6100<br>
Fax:  (907) 258-2530<br>
E-mail:  dwp@bpk.com<br>
Alaska Bar # 8706041

CERTIFICATE OF SERVICE

I certify that on the 2nd day of July, 2007,
a copy of the foregoing OPPOSITION TO
MOTION IN LIMINE  RESPECTING LETTER
FROM CORPS OF ENGINEERS ADMINISTRATIVE
CONTRACTING OFFICER THOMAS A. JOHNSON,
P.E. AND RELATED TESTIMONY was served
electronically to:

   Steven S. Shamburek, Esq.
   Traeger Machetanz, Esq.
   Paul D. Stockler
   Herbert A. Viergutz
   C. Patrick Stoll, Esq.

   s/ David W. Pease

_____

Oppo to Mtn in Limine re Johnson
*North Star Terminal, et al v. Nugget,et al,* Case No. A98-009 CV
Page 13 of 13                                                                 45-40 / #90640