David W. Pease
BURR, PEASE & KURTZ
810 N Street
Anchorage, AK 99501-3293
Telephone:  (907) 276-6100
Fax No.:    (907) 258-2530
Attorneys for North Star

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a Northern Stevedoring & Handling, and NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a Northern Stevedoring & Handling, on its own behalf,<br><br>Plaintiffs,<br>and<br><br>UNITED STATES OF AMERICA for the use of SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Services, and SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Services, on its own behalf,<br><br>Intervening Plaintiffs,<br>and<br><br>METCO, INC.,<br><br>Intervening Plaintiff,<br>vs.<br><br>NUGGET CONSTRUCTION, INC.; SPENCER ROCK PRODUCTS, INC.; UNITED STATES FIDELITY AND GUARANTY COMPANY; and ROBERT A. LAPORE,<br><br>Defendants. | Case No. A98-009 CIV (TMB)<br><br>**PRETRIAL BRIEF** |

## A. SUMMARY OF CLAIMS BY NORTH STAR

**Miller Act.** North Star is asserting a claim under the Miller Act, 40 U.S.C. § 3131-3134

BURR, PEASE
& KURTZ
A PROFESSIONAL CORPORATION
810 N STREET, SUITE 300
ANCHORAGE, AK 99501
(907) 276-6100

Pretrial Brief
North Star Terminal v. Nugget Construction, Case No. 3:98-cv-9 TMB
Page 1 of 9

45-40/ # 90451

against the payment bond provided by USF&G to Nugget Construction, the general contractor on the Homer Spit repair, performed under Federal Project Contract No. DACW85-96-C-0020. To prevail on this claim, North Star will establish that there was a direct contractual relationship between Nugget and North Star because of the extent and manner in which Nugget secretly took control of Spencer Rock Products, directed the operations of Spencer Rock and withheld funds from Spencer Rock for its own benefit and to the known detriment of North Star and others working on the Homer Project.

**State law claims—express contract.** The actions of Nugget in taking over and operating Spencer Rock and purposely concealing that takeover from North Star and others. North Star will establish that Nugget had sufficient control over Spencer as its agent to step into the shoes of Spencer and for Nugget and USF&G to be liable as an undisclosed principal under the Restatement (Second) of Agency.

**State law claim—implied in fact contract.** North Star asserts that there was an implied in fact contract between itself and Nugget arising out of the takeover of Spencer Rock by Nugget and the direct interaction between Nugget and North Star concerning North Star's operations that benefited the Homer Project. North Star will show that Nugget assented to the contract through its control of Spencer and as part of its direct instructions and directions given to North Star. These actions establish the mutual assent between Nugget and North Star necessary to prevail on the implied in fact contract claim.

**State law claims—unjust enrichment, quasi contract, and quantum meruit.** North Star asserts claims under these similar theories for relief based upon Nugget's control of Spencer, its refusal to disclose its control of Spencer Rock to North Star and others, its benefit from North Star moving rock for Nugget's Homer Project and the inequity of Nugget receiving

BURR, PEASE
& KURTZ
A PROFESSIONAL CORPORATION
810 N STREET, SUITE 300
ANCHORAGE, AK 99501
(907) 276-6100

Pretrial Brief
North Star Terminal v. Nugget Construction, Case No. 3:98-cv-9 TMB
Page 2 of 9

45-40/ # 90451

this benefit without payment to North Star. These are the elements that make up these claims. North Star will show that fraud, unfairness, or breach of the rules of fair play by Nugget constituted inequitable conduct by Nugget and created an obligation by Nugget to pay North Star for the work performed by North Star on the Homer Project.

**State law claims—constructive trust and equitable subordination.** Under its constructive trust claim, North Star needs to show that Nugget has received unjust enrichment through the unpaid for services provided by North Star for the Homer Project. The constructive trust claim requires that North Star establish that Nugget and USF&G wrongfully withheld funds from North Star through unjust, unconscionable, or unlawful means. Nugget is holding those funds in a constructive trust. Under equitable subrogation, North Star will have to show that Nugget improperly paid itself from funds due Spencer first, to the detriment of North Star.

**State law claim—agency.** North Star asserts that Nugget was an undisclosed principal and asserted control over Spencer Rock Products and Robert LaPore. North Star asserts that Nugget is accordingly liable to North Star as intentionally undisclosed principal of Spencer Rock under Restatement (Second) of Agency, §§ 186 and 322.

**State law claims—tortious interference and intentional interference with prospective economic advantage.** North Star claims that Nugget tortiously interfered with the contract between Spencer and North Star in a manner and to the extent that it took over control of Spencer, directed its operations, and withheld payment, among other things. The remaining elements of the tortious interference claim to be established are the extent to which Nugget's conduct and its takeover of Spencer caused Spencer to breach its contract with North Star and whether Nugget had any privilege or justification for its actions. These two elements are also a part of the interference with prospective economic advantage claim. North Star will show that

BURR, PEASE
& KURTZ
A PROFESSIONAL CORPORATION
810 N STREET, SUITE 300
ANCHORAGE, AK 99501
(907) 276-6100

Nugget's interference in the Spencer Rock/North Star contract was unjustified, not privileged, and motivated by improper objective, spite, or malice.

**State law claim—punitive damages.** In conjunction with its state law tort claims, North Star has asserted a claim for punitive damages. To prevail on this claim, North Star will establish by clear and convincing evidence that Nugget's actions in taking over the operations of Spencer Rock and directing the activities of Spencer Rock and Robert LaPore were either made by malice, outrageous conduct, or reckless disregard for the rights of North Star.

**USF&G Defenses.**

1. The surety asserts on its own behalf and for its benefit all defenses that could be asserted by its principal, whether or not such defenses are actually asserted by its principal.

2. The surety is not liable for punitive damages or liquidated damages that are punitive in nature.

3. The surety has no liability in excess of the penal sum of its bond.

4. The surety's liability, if any, is governed by the Miller Act.

5. The surety's liability, if any, is governed by the terms of its bond.

**Nugget's Defenses.**

1. Failure to Mitigate: North Star failed to properly extend credit to Spencer Rock Products and Robert LaPore in that the amounts extended were far in excess of SRP's or Mr. LaPore's credit worthiness. In addition, had North Star informed Nugget immediately upon SRP's invoices becoming overdue, Nugget would have informed North Star that Nugget would not be responsible for SRP's outstanding balance (which Nugget did tell North Star when it eventually became aware of SRP's non-payment) and

BURR, PEASE
& KURTZ
A PROFESSIONAL CORPORATION
810 N STREET, SUITE 300
ANCHORAGE, AK 99501
(907) 276-6100

Pretrial Brief
North Star Terminal v. Nugget Construction, Case No. 3:98-cv-9 TMB
Page 4 of 9

45-40/ # 90451

North Star could have ceased further performance and limited its damages.

2. Justification: Although Nugget did not tortiously interfere with North Star's contract with SRP, even if it did so interfere, it was legally justified in the actions it took, because it was attempting to mitigate the damages it was incurring as a result of SRP's breach.

In addition to the foregoing, Nugget also generally denies it has liability, either factually or legally, for any of the claims asserted by North Star in this matter.

## B. RELIEF SOUGHT

North Star seeks from Nugget and USF&G the principal amount of $124,724.98 owing for work performed by North Star for and at the direction of Nugget on the Homer Project and subject to the provisions of the payment bond issued by USF&G to cover work performed and services rendered by those such as North Star working on federal projects. In addition, North Star seeks from Nugget and USF&G interest at the applicable statutory state law rate per annum and, in the alternative, interest and late charges at 18% per annum as provided for in its contract. North Star also seeks actual costs and attorney's fees pursuant to the terms and conditions of its contract, and in the alternative seeks enhanced Rule 82 attorney's fees. For its tort claims against Nugget, North Star seeks the principal amount due of $124,724.98, plus interest, costs, and attorney's fees. For its interference with prospective economic advantage, North Star seeks $52,000 in lost profit damages for Nugget's interference with and termination of the Spencer/North Star contract plus interest, costs, and attorney's fees. In addition, North Star seeks punitive damages in an amount to be determined by the jury on North Star's tort claims against Nugget.

BURR, PEASE & KURTZ
A PROFESSIONAL CORPORATION
810 N STREET, SUITE 300
ANCHORAGE, AK 99501
(907) 276-6100

## C. UNDISPUTED FACTS

1. North Star Terminal & Stevedore Company has been in business in Alaska providing longshoring, stevedoring, and support services for over 50 years. It does business in Seward as Northern Stevedoring. It invoices for its services on a weekly basis.

2. Nugget Construction is an Alaskan corporation headquartered in Anchorage that performs civil construction work throughout the state.

3. Defendant United States Fidelity and Guaranty Company ("USF&G") is the payment bond surety on the project that is the subject of this dispute.

4. Spencer Rock Products is a defunct Alaska business which produced and shipped rock from a quarry at the Spencer Glacier near Portage. Spencer Rock Products ceased its operations in 1997.

5. This dispute involves the Homer Spit Upgrade, federal project no. DACW85-96-B-0017 (hereinafter "project"), contract no. DACW85-96-C-0020, a project that required construction of 3,700 feet of revetment along the western side of the Homer Spit road.

6. This project was originally issued for bid on July 19, 1996, by the United States Army Corps of Engineers.

7. The project required the successful bidder to provide approximately 68,000 tons of rock consisting of armor stone, filter stone, and toe stone-each type having its own specific size, shape and weight criteria.

8. The project was required to be completed within 730 calendar days following notice to proceed.

9. Spencer Rock Products was one of three entities that provided Nugget a bid to supply the project rock. Spencer Rock Products had never previously submitted a bid to Nugget

BURR, PEASE
& KURTZ
A PROFESSIONAL CORPORATION
810 N STREET, SUITE 300
ANCHORAGE, AK 99501
(907) 276-6100

Pretrial Brief
North Star Terminal v. Nugget Construction, Case No. 3:98-cv-9 TMB
Page 6 of 9

45-40/ # 90451

for supplying rock.

10. Spencer Rock Products' quote to Nugget was to supply the rock FOB Nugget barge in Seward, Alaska, at $22.50 per ton. In order to fulfill those terms, Spencer anticipated quarrying the rock at its Spencer Pit, transporting the rock by Spencer Rock Products trucks to the Alaska Railroad Corporation ("ARRC") spur track at Spencer Pit, have the ARRC transport the rock to Seward where it would be unloaded, and then have the rock transported from the ARRC Seward storage area to the ARRC dock via Spencer Rock Products trucks, where it would be loaded on the barge by North Star stevedores. Spencer's contract required that it deliver rock onto the deck of Nugget's barge.

11. Nugget was the successful low bidder and the Corps of Engineers awarded the project contract in the amount of $3,378,491.60 on September 28, 1996.

12. On September 28, 1996, USF&G executed and delivered to the United States Corps of Engineers a Miller Act payment bond for the Homer Spit Project.

13. Following contract award, a disappointed bidder, Herndon & Thompson, protested the award to Nugget and project performance was suspended until December 17, 1996, at which point Nugget was given notice to proceed by the Corps of Engineers.

14. On January 15, 1997, Nugget and Spencer Rock Products entered into a contract for Spencer to provide rock for the Homer Spit Project.

15. In early 1997, Spencer contracted with North Star to perform stevedoring services to load rock onto Nugget's barge at the railroad dock in Seward.

16. Spencer's rock delivery plan was to load the Nugget barge at the Alaska Railroad dock in Seward, using North Star equipment and personnel to deliver the rock from the dock to the barge deck.

BURR, PEASE & KURTZ
A PROFESSIONAL CORPORATION
810 N STREET, SUITE 300
ANCHORAGE, AK 99501
(907) 276-6100

17. Spencer Rock received one payment from Nugget under its contract of about $147,000 in April 1997.

18. North Star commenced loading rock onto the Nugget barge in early May 1997. North Star's services totaled $124,724.98 for equipment and personnel to load rock onto the Nugget barge in May and June of 1997.

19. Nugget's total contract to perform the Homer Spit Extension work was $3.3 million. Spencer Rock's contract to provide rock to Nugget for the Homer Spit job was $1.4 million. Nugget assessed Spencer Rock support and back charges in excess of $1.7 million.

## D. JOINT STATEMENT OF DISPUTED FACTS

The issues of fact to be determined are the manner and extent to which Nugget took control of Spencer Rock Products and all of the facts relating to Nugget's actions and inactions. It must also be determined whether Nugget's actions were in some way sufficiently privileged or justified to preclude the imposition of liability against Nugget under the federal and state law claims as outlined above. The fact finder will also have to determine if North Star took actions to mitigate its own damages. Issues of applicable attorney's fees and possibly interest will remain for the court to determine in post-trial briefing.

The surety incorporates by reference as though set forth verbatim the principal's objections.

BURR, PEASE
& KURTZ
A PROFESSIONAL CORPORATION
810 N STREET, SUITE 300
ANCHORAGE, AK 99501
(907) 276-6100

Dated: July 2, 2007.

        s/ David W. Pease
        Burr, Pease & Kurtz
        810 N Street, Suite 300
        Anchorage, AK  99501
        Telephone: (907) 276-6100
        Fax: (907) 258-2530
        E-mail: dwp@bpk.com
        Alaska Bar # 8706041

        s/ Traeger Machetanz
        E-mail: Machetanz@oles.com
        Alaska Bar # 8411127
        Thomas R. Krider
        E-mail: Krider@oles.com
        Washington Bar # 29490
        Oles Morrison Rinker & Baker LLP
        745 West 4th Ave., Suite 502
        Anchorage, AK  99501
        Telephone: (907) 258-0106
        Fax: (907) 258-5519

        s/ Herbert A. Viergutz
        Barokas Martin & Tomlinson
        1029 West Third, Suite 280
        Anchorage, AK  99501
        Telephone: (907) 276-8010
        Fax: (907) 276=5334
        E-mail: barmar@gci.net
        Alaska Bar # 8506088

BURR, PEASE
& KURTZ
A PROFESSIONAL CORPORATION
810 N STREET, SUITE 300
ANCHORAGE, AK 99501
(907) 276-6100

Pretrial Brief
North Star Terminal v. Nugget Construction, Case No. 3:98-cv-9 TMB
Page 9 of 9

45-40/ # 90451