David W. Pease
BURR, PEASE & KURTZ
810 N Street, Suite 300
Anchorage, AK 99501-3293
Telephone:  (907) 276-6100
Fax No.:    (907) 258-2530
Attorneys for North Star

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a Northern Stevedoring & Handling, and NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a Northern Stevedoring & Handling, on its own behalf,<br><br>　　　　　Plaintiffs,<br>　　and<br><br>UNITED STATES OF AMERICA for the use of SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Services, and SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Services, on its own behalf,<br><br>　　　　　Intervening Plaintiffs,<br>　　and<br><br>METCO, INC.,<br><br>　　　　　Intervening Plaintiff,<br>　　vs.<br><br>NUGGET CONSTRUCTION, INC.; SPENCER ROCK PRODUCTS, INC.; UNITED STATES FIDELITY AND GUARANTY COMPANY; and ROBERT A. LAPORE,<br><br>　　　　　Defendants. | Case No. A98-009 CIV (TMB)<br><br>**PLAINTIFF'S OBJECTIONS TO DEFENDANT NUGGET CONSTRUCTION, INC.'S PROPOSED TRIAL EXHIBITS** |

BURR, PEASE & KURTZ
A PROFESSIONAL CORPORATION
810 N STREET, SUITE 300
ANCHORAGE, AK 99501
(907) 276-6100

Plaintiff's Objections to Defendant Nugget Construction, Inc.'s Proposed Trial Exhibits
North Star Terminal v. Nugget Construction, Case No. 3:98-cv-9 TMB
Page 1 of 8

45-40/ # 90834

Pursuant to the court's Amended Pre-Trial Order, Docket No. 718, plaintiff North Star Terminal & Stevedore Company ("North Star") submits its objections to certain trial exhibits proposed by defendant Nugget Construction, Inc. ("Nugget").

**Objection to Exhibit F**

Plaintiff objects to this exhibit on the grounds of relevance. *See* Fed. R. Evid. 402. The extent to which North Rim Bank was extending credit to Spencer Rock Products ("SRP") may possibly be relevant, but the document contains far more information that is not relevant. Additionally, the vast majority of the document contains a written narrative by a North Rim loan officer and is therefore replete with inadmissible hearsay. *See* Fed. R. Evid. 801, 802.

**Objection to Exhibit G**

Plaintiff objects to this exhibit on the grounds of relevance. *See* Fed. R. Evid. 402. The memo is not relevant to any disputed facts regarding any claims or defenses and only tangentially mentions the Homer Spit project in the final paragraph. Additionally, the document is inadmissible hearsay. *See* Fed. R. Evid. 801(c), 802.

**Objection to Exhibit H**

Plaintiff objects to this exhibit on the grounds that it lacks foundation. If origin and authorship are unknown, then North Star also objects to on the grounds that it lacks authentication and is not self-authenticating. *See* Fed. R. Evid. 901, 902.

BURR, PEASE
& KURTZ
A PROFESSIONAL CORPORATION
810 N STREET, SUITE 300
ANCHORAGE, AK 99501
(907) 276-6100

Plaintiff's Objections to Defendant Nugget Construction, Inc.'s Proposed Trial Exhibits
North Star Terminal v. Nugget Construction, Case No. 3:98-cv-9 TMB
Page 2 of 8

45-40/ # 90834

**Objection to Exhibit J**

Plaintiff objects to page 5 of this exhibit on the grounds that it is not part of the contract. Extrinsic evidence is not part of the contract and is generally not considered unless there are ambiguities as to the intent of the parties.[1] The Lapore letter modifying the contract, and the marked up contract accompanying it, should be admitted as a separate exhibit, if at all. Plaintiff has proposed the complete document as its Exhibit 8.

**Objections to Exhibit AO**

Plaintiff objects to this exhibit on the grounds that it lacks foundation and authentication. *See* Fed. R. Evid. 901, 902. North Star also objects on the grounds that it contains hearsay within hearsay. *See* Fed. R. Evid. 801(c), 802, 805. Finally, the litigation strategy of the parties is not relevant to any claims or defenses to be decided by the jury at trial. *See* Fed. R. Evid. 401, 402.

**Objection to Exhibit AP**

Plaintiff objects to this exhibit on the grounds that it is incomplete (it is lacking an affidavit) and could be impermissibly used to convince the jury as to the liability of a party of the weakness of any claims or defenses. *See* Fed. R. Evid. 408. It also may be used by Nugget to attempt to show some kind of cooperation or agreement between SRP and Nugget. If Nugget's intent is to show that SRP could not pay its bills, that can be

---

[1] *See United States v. Triple A Mach. Shop, Inc.*, 857 F.2d 579, 585 (9th Cir. 1988) (parol evidence cannot contradict contract that is fully integrated and unambiguous); *Sourdough Dev. Servs. v. Riley*, 85 P.3d 463, 468 (Alaska 2004) (trial court looks to extrinsic evidence of the contract only to discern the parties' intent under the contract); *National Bank of Alaska v. J.B.L.&K. of Alaska, Inc.*, 546 P.2d 579, 582-83 (Alaska 1976) (where a term is clear and unambiguous, the intent of the parties is to be ascertained solely from the written instrument).

BURR, PEASE
& KURTZ
A PROFESSIONAL CORPORATION
810 N STREET, SUITE 300
ANCHORAGE, AK 99501
(907) 276-6100

Plaintiff's Objections to Defendant Nugget Construction, Inc.'s Proposed Trial Exhibits
North Star Terminal v. Nugget Construction, Case No. 3:98-cv-9 TMB
Page 3 of 8

45-40/ # 90834

proven through less objectionable or prejudicial means. *See* Fed. R. Evid. 403. Additionally, the exhibit is contrary to the defendant's motion in limine seeking to exclude evidence of settlements. The fact that a lawsuit was settled may be admissible. However, the specifics of the agreement settling another lawsuit are not relevant to any issue in this case.

### Objection to Exhibit AS

Plaintiff objects to this exhibit on the grounds that it lacks foundation and lacks authentication. *See* Fed. R. Evid. 901, 902. Additionally, North Star objects to this exhibit on the grounds that it is inadmissible hearsay. *See* Fed. R. Evid. 801(c), 802.

### Objection to Exhibit BB

North Star objects to the exhibit on the grounds that it is inadmissible hearsay. *See* Fed. R. Evid. 801(c), 802. Moreover, it is not relevant to prove any disputed fact or any claim or defense. *See* Fed. R. Evid. 401, 402. The fact that North Star has asserted claims against Nugget will be presented to the jury through other evidence as well as through the court's instructions. Thus, the evidence is unnecessarily redundant. *See* Fed. R. Evid. 403.

### Objection to Exhibit BC

Plaintiff objects to this exhibit on the grounds that it lacks foundation and lacks authentication. *See* Fed. R. Evid. 901, 902. In addition, North Star objects to the exhibit on the grounds that it is not relevant to prove any disputed fact or any claim or defense.

BURR, PEASE
& KURTZ
A PROFESSIONAL CORPORATION
810 N STREET, SUITE 300
ANCHORAGE, AK 99501
(907) 276-6100

Plaintiff's Objections to Defendant Nugget Construction, Inc.'s Proposed Trial Exhibits
North Star Terminal v. Nugget Construction, Case No. 3:98-cv-9 TMB
Page 4 of 8

45-40/ # 90834

*See* Fed. R. Evid. 401, 402. The exhibit is also not applicable to any time period relevant to the claims and defenses in this case.

### Objection to Exhibit BE

Plaintiff objects to this exhibit on the grounds that it is incomplete and therefore not an accurate representation of the complete contract.

### Objection to Exhibit BP

Plaintiff objects to this exhibit on the grounds that it lacks foundation and lacks authentication. *See* Fed. R. Evid. 901, 902. Plaintiff objects to this exhibit on the grounds that it is not relevant to prove any disputed fact or any claim or defense. *See* Fed. R. Evid. 401, 402. Finally, North Star objects to this exhibit on the grounds that it contains hearsay within hearsay. *See* Fed. R. Evid. 801(c), 802, 805.

### Objection to Exhibit BQ

Plaintiff objects to this exhibit on the grounds that it lacks foundation and lacks authentication. *See* Fed. R. Evid. 901, 902. Plaintiff objects to this exhibit on the grounds that it is not relevant to prove any disputed fact or any claim or defense. *See* Fed. R. Evid. 401, 402. Finally, North Star objects to this exhibit on the grounds that it contains hearsay. *See* Fed. R. Evid. 801(c), 802.

### Objection to Exhibit CH

Plaintiff objects to this exhibit on the grounds that it lacks foundation and lacks authentication. *See* Fed. R. Evid. 901, 902. North Star also objects to this exhibit on the grounds that it contains hearsay within hearsay. *See* Fed. R. Evid. 801(c), 802, 805.

BURR, PEASE
& KURTZ
A PROFESSIONAL CORPORATION
810 N STREET, SUITE 300
ANCHORAGE, AK 99501
(907) 276-6100

Plaintiff's Objections to Defendant Nugget Construction, Inc.'s Proposed Trial Exhibits
North Star Terminal v. Nugget Construction, Case No. 3:98-cv-9 TMB
Page 5 of 8

45-40/ # 90834

Moreover, the exhibit contains purely self-serving statements of the defendant's agent, and should be excluded for that reason.[2] The exhibit may purportedly be a business record, but the self-serving nature of the statements contained within the document remove it from the realm of trustworthiness.[3]

**Objection to Exhibit CO**

Plaintiff objects to this exhibit on the grounds that it lacks foundation and lacks authentication. *See* Fed. R. Evid. 901, 902. Plaintiff objects to this exhibit on the grounds that it is not relevant to prove any disputed fact or any claim or defense. *See* Fed. R. Evid. 401, 402. Finally, North Star objects to the exhibit on the grounds that it contains hearsay and lacks contemporaneousness or trustworthiness to be admissible under any exception. *See* Fed. R. Evid. 801, 802, 803.

**Objection to Exhibit CY**

Plaintiff objects to this exhibit on the grounds that it lacks foundation and lacks authentication. *See* Fed. R. Evid. 901, 902. Plaintiff objects to this exhibit on the grounds that it is not relevant to prove any disputed fact or any claim or defense. *See*

---

[2] *See Bracey v. Herringa*, 466 F.2d 702, 705 (7th Cir. 1972) (documents held inadmissible were "prison records which included the self-serving statements of the defendants themselves as well as statements of other prison guards who were subject to possible Civil Rights Act liability.").

[3] In *Wheeler v. Sims*, 951 F.2d 796 (7th Cir. 1992), the court applied a five-part test for admissibility under the business records exception. A document is admissible in evidence if (1) the acts recorded therein were reported by a person with knowledge; (2) it was the regular practice of the prison as a regularly conducted business activity to record such acts; (3) the acts were recorded at or near the time of their occurrence; (4) the documents are properly authenticated; and (5) "unless the source of information or the method or circumstances or preparation indicate lack of trustworthiness." *Id.* at 802 (quoting Fed. R. Evid. 803(6)).

BURR, PEASE
& KURTZ
A PROFESSIONAL CORPORATION
810 N STREET, SUITE 300
ANCHORAGE, AK 99501
(907) 276-6100

Plaintiff's Objections to Defendant Nugget Construction, Inc.'s Proposed Trial Exhibits
North Star Terminal v. Nugget Construction, Case No. 3:98-cv-9 TMB
Page 6 of 8
45-40/ # 90834

Fed. R. Evid. 401, 402. North Star also objects to this exhibit on the grounds that it contains hearsay. *See* Fed. R. Evid. 801(c), 802. Finally, plaintiff objects to this exhibit on the grounds that it would confuse the issues and be a waste of time for the jury. *See* Fed. R. Evid. 403.

### Objection to Exhibit DE

Plaintiff objects to this exhibit on the grounds that it lacks foundation and lacks authentication. *See* Fed. R. Evid. 901, 902. North Star also objects to this exhibit on the grounds that it contains inadmissible hearsay. *See* Fed. R. Evid. 801(c), 802. It is surprising that defendant would seek to admit this exhibit, as it contains information that Nugget sought to exclude with its motion in limine regarding the withholding of funds from SRP. Moreover, it will only be admissible under Fed. R. Evid. 1006 if the original data on which it is based is admitted and available for the jury to examine.

### Objection to Exhibit DP

Plaintiff objects to this exhibit on the grounds that it lacks foundation and lacks authentication. *See* Fed. R. Evid. 901, 902. North Star also objects to this exhibit on the grounds that it contains inadmissible hearsay, and even hearsay within hearsay. *See* Fed. R. Evid. 801(c), 802, 805. Several portions of the exhibit would not be admissible because it contains statements of memory or belief. *See* Fed. R. Evid. 803(3). Plaintiff also objects to the exhibit because it has been heavily redacted and is therefore incomplete. Finally, North Star objects to the exhibit on relevance grounds, as a

BURR, PEASE
& KURTZ
A PROFESSIONAL CORPORATION
810 N STREET, SUITE 300
ANCHORAGE, AK 99501
(907) 276-6100

Plaintiff's Objections to Defendant Nugget Construction, Inc.'s Proposed Trial Exhibits
North Star Terminal v. Nugget Construction, Case No. 3:98-cv-9 TMB
Page 7 of 8

45-40/ # 90834

considerable amount of the information contained in the exhibit is not relevant to disputed facts and claims or defenses. *See* Fed. R. Evid. 401, 402.

**Objection to Exhibit DZ**

Plaintiff objects to this exhibit on the grounds that it lacks foundation and lacks authentication. *See* Fed. R. Evid. 901, 902. The exhibit is completely vague as to time and appears incomplete. Again, it is surprising that Nugget would seek to admit this exhibit as it contradicts Nugget's motion to exclude evidence regarding funds withheld from SRP.

DATED: July 2, 2007

s/ David W. Pease
Burr, Pease & Kurtz
810 N Street, Suite 300
Anchorage, AK 99501
Telephone: (907) 276-6100
Fax: (907) 258-2530
E-mail: dwp@bpk.com
Alaska Bar # 8706041

CERTIFICATE OF SERVICE

I certify that on the 9th day of July, 2007,
a copy of the foregoing PLAINTIFF'S
OBJECTIONS TO DEFENDANT NUGGET
CONSTRUCTION, INC.'S PROPOSED
TRIAL EXHIBITS was served
electronically to:

Steven S. Shamburek, Esq.
Traeger Machetanz, Esq.
Paul D. Stockler
Herbert A. Viergutz
C. Patrick Stoll, Esq.

s/ David W. Pease

BURR, PEASE
& KURTZ
A PROFESSIONAL CORPORATION
810 N STREET, SUITE 300
ANCHORAGE, AK 99501
(907) 276-6100

Plaintiff's Objections to Defendant Nugget Construction, Inc.'s Proposed Trial Exhibits
North Star Terminal v. Nugget Construction, Case No. 3:98-cv-9 TMB
Page 8 of 8

45-40/ # 90834