1  Traeger Machetanz, Esq.
   Thomas R. Krider, Esq.
2  OLES MORRISON RINKER & BAKER LLP
   745 West Fourth Avenue, Suite 502
3  Anchorage, Alaska 99501
   Phone:  907-258-0106
4  Fax:  907-258-5519

5  Attorneys for Nugget Construction Co.
   Inc. and USF&G, Defendants

6
                     IN THE UNITED STATES DISTRICT COURT
7
                 FOR THE DISTRICT OF ALASKA AT ANCHORAGE
8
   UNITED STATES OF AMERICA for the use of      )
9  NORTH STAR TERMINAL & STEVEDORE              )
   COMPANY, d/b/a NORTHERN STEVEDORING          )
10 & HANDLING, and NORTH STAR TERMINAL &        )
   STEVEDORING COMPANY, d/b/a Northern          )   No. 3:98-cv-00009-TMB
11 Stevedoring & Handling, on its own behalf,   )
                                                )
12           Plaintiff,                          )   REPLY TO NUGGET'S
                                                )   MOTION IN LIMINE
13        and                                    )   RESPECTING LETTER FROM
                                                )   CORPS OF ENGINEERS
14 UNITED STATE OF AMERICA for the use of       )   ADMINISTRATIVE
   SHORESIDE PETROLEUM INC., d/b/a Marathon     )   CONTRACTING OFFICER
15 Fuel Service, and SHORESIDE PETROLEUM        )   THOMAS A. JOHNSON, P.E.
   INC., d/b/a Marathon Fuel Service, on its own)   AND RELATED TESTIMONY
16 behalf,                                       )
                                                )
17           Intervening Plaintiffs,             )
                                                )
18        and                                    )
                                                )
19 METCO, INC.,                                  )
                                                )
20           Intervening Plaintiff,              )
                                                )
21        vs.                                    )
                                                )
22 NUGGET CONSTRUCTION INC.; SPENCER           )
   ROCK PRODUCTS INC.; UNITED STATES           )
23 FIDELITY AND GUARANTY COMPANY; and          )
   ROBERT A. LAPORE,                            )
24                                              )
             Defendants.                         )
25 _____

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106    Fax: (907) 258-5519

1

2

## I.    INTRODUCTION

Nugget's Motion in Limine seeks to preclude Plaintiff from introducing into

3

evidence the opinions of the Army Corps of Engineers' Contracting Officer, as set forth

4

in his August 26, 1997 letter to Nugget,[1] relating to the relationship between Nugget and

5

Spencer Rock Products.  Because the Contracting Officer's opinions are not based on

6

personal knowledge, are derived from only partial information, and are conclusory

7

regarding the ultimate fact of this case, they should be precluded from evidence in this

8

matter.

9

## II.    ARGUMENT

10

To the best of Nugget's knowledge, the Contracting Officer, Mr. Thomas

11

Johnson, never visited the Spencer Rock Quarry or Seward during the Homer Spit

12

project.  As such, he never observed the operation of the quarry and the interaction

13

between Nugget and Spencer Rock Products at Seward where Nugget's barge was

14

loaded.  As far as can be determined, Mr. Johnson was not privy to Spencer Rock's

15

financial dealings with its bank and Spencer Rock Products' lines of credit and cash flow

16

situation.  Mr. Johnson was not aware of who Spencer Rock Products hired and/or fired

17

at its discretion.  Neither the Corps of Engineers nor Mr. Johnson had knowledge of Mr.

18

LaPore's personal involvement at the quarry and in Seward relating to Spencer Rock

19

Products' performance of its Material Contract.  Finally, Mr. Johnson had no first hand

20

knowledge of Nugget's support of Spencer Rock Products at Mr. LaPore's request.

21

Thus, because Mr. Johnson lacks the requisite personal knowledge to support his

22

23

24

25

---

[1] The letter at issue in this motion has been designated by North Star as Plaintiff's Exhibit No. 38.

*U.S. ex rel. North Star et al. v. Nugget Construction et al.*
Case No. 3:98-cv-00009-TMB
REPLY TO Nugget's Motion in Limine Respecting Letter From
Corps of Engineers Administrative Contracting Officer
Thomas A. Johnson,  P.E. and Related Testimony -- Page 2 of 8

**OLES MORRISON RINKER & BAKER** LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska  99501-2136
Tel: (907) 258-0106    Fax: (907) 258-5519

1    opinion that Nugget had taken over operation of the Spencer Quarry he should not be

2    allowed to testify with regard to this matter at trial.

3    **A.    North Star's Cases Do Not Support Its Argument On Waiver**

4           In its Opposition, North Star argues that Nugget waived its right to object to the

5    subject letter, based on Nugget having not objected to the exhibit when it was proffered

6    in support of a summary judgment motion filed several years ago.  However, all of the

7    cases cited by North Star involve the preservation of an objection on appeal, and not

8    whether the objection is waived for purposes of a trial subsequent to a denied motion for

9    summary judgment.  This rule regarding the preservation of an objection to evidence is

10   reasonable at the appellate level, as it insures that the trial court has had an opportunity

11   to correct a possible error during the course of a trial, rather than allowing parties to

12   sandbag issues to be heard the first time on appeal.  These justifications are not

13   present in the current circumstance, as the summary judgment was overturned on

14   appeal and the trial has not yet occurred.  There is no concern over judicial economy or

15   possible sandbagging in this case.

16   **B.    Mr. Johnson Lacks The Requisite Foundation To Offer The Opinions
          Set Forth In His Letter**

17

18          The primary issue in this case involves the relationship between Nugget and

19   Spencer Rock Products regarding Nugget's support of Spencer Rock Products' supply

20   of rock.  Mr. Johnson has no personal knowledge relating to anything encompassing

21   that relationship.  Instead, Mr. Johnson was provided a few documents upon which he

22   based the opinions stated in his August 26, 1997 letter.  Those documents alone,

23   absent additional first-hand information, do not establish the necessary foundation for

24   Mr. Johnson's opinions.

25

*U.S. ex rel. North Star et al. v. Nugget Construction et al.*
Case No. 3:98-cv-00009-TMB
REPLY TO Nugget's Motion in Limine Respecting Letter From
Corps of Engineers Administrative Contracting Officer
Thomas A. Johnson,  P.E. and Related Testimony -- Page 3 of 8

**OLES MORRISON RINKER & BAKER LLP**
745 West Fourth Avenue, Suite 502
Anchorage, Alaska  99501-2136
Tel: (907) 258-0106    Fax: (907) 258-5519

1    The first test for lay opinion testimony under FRE 701 is whether the opinion is

2  "rationally based on the perception of the witness."  This requirement is "'no more than a

3  restatement of the traditional requirement that most witness testimony be based on first-

4  hand knowledge or observation.'"  *Cuyahoga Metropolitan Housing Authority v. United*

5  *States*, 60 Fed.Cl. 481, 482 (2004)(citing WEINSTEIN'S FEDERAL EVIDENCE §701.03[1]).

6    North Star's attempts to distinguish *DIJO, Inc. v. Hilton Hotels Corp.,* 351 F.3d

7  679 (5th Cir. 2003) are unpersuasive.  Although Mr. Johnson may have some first-hand

8  contemporaneous knowledge of the parties during the course of the project, he

9  nonetheless has no personal knowledge of the events and interactions surrounding the

10  quarrying or delivery of rock for this project.  This is precisely the failing of the expert in

11  the *DIJO* case – he "simply did not have the requisite first-hand, personal knowledge

12  about DIJO and the Project necessary to qualify as a Rule 701 opinion witness."  *Id.* at

13  686.

14    North Star's argument that Mr. Johnson's experience as a Contracting Officer

15  qualifies him to render opinions in this matter is equally unpersuasive.  As a preliminary

16  matter, North Star never designated Mr. Johnson as an expert, so he cannot offer

17  opinions based on other than his personal knowledge.   Further, the fundamental

18  question for the jury is Nugget's involvement in the quarrying and delivery operations of

19  Spencer Rock Products.  This is an issue involving the interactions of the parties, i.e.

20  Nugget and Spencer Rock Products, relating to the supply of rock.  Mr. Johnson does

21  not profess to have particular experience in the quarrying or delivery of rock.  In fact,

22  North Star makes no attempt to establish Mr. Johnson's credentials regarding his

23  experience with rock quarrying or delivery, nor does North Star attempt to establish that

24

25

*U.S. ex rel. North Star et al. v. Nugget Construction et al.*
Case No. 3:98-cv-00009-TMB
REPLY TO Nugget's Motion in Limine Respecting Letter From
Corps of Engineers Administrative Contracting Officer
Thomas A. Johnson,  P.E. and Related Testimony -- Page 4 of 8

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska  99501-2136
Tel:  (907) 258-0106    Fax:  (907) 258-5519

Mr. Johnson has any experience in the relationships between a general contractor and its material suppliers to be able to opine as to when the control of one has been taken over by the other.  Mr. Johnson may have extensive experience in the realm of federal government contracting; however, the questions at issue in this case do not involve Nugget's contract with the Corps of Engineers.  In fact the one opinion rendered by Mr. Johnson on that score – that Spencer Rock Products was not a vendor – was subsequently refuted by the Ninth Circuit.  Bottom line, Mr. Johnson's experience as a Contracting Officer does not make him sufficiently expert at rock quarrying to render an opinion as to whether Nugget's support of Spencer Rock Products constitutes a "taking over" of Spencer Rock Products' operations.

**C.    Mr. Johnson's Letter Can Only Be Offered To Prove The Truth Of The Matters Asserted Therein, And Therefore, Is Hearsay**

Mr. Johnson's August 26, 1997 letter asserts that Nugget has assumed full responsibility for the operation of Spencer Rock Products.  As this issue is the only one relevant in the upcoming trial, there can be no other purpose for admitting the letter than to attempt to prove the matter asserted therein.  North Star argues that the letter could be used for some other purpose, such as establishing the Contracting Officer's state of mind relating to the Corps of Engineers' interactions with Nugget.  However, North Star fails to explain how the Corps of Engineers' treatment of Nugget is in any way relevant to the present case.  The Corps of Engineers view on the relationship between Nugget and Spencer Rock Product does not make any fact relating to the actual relationship any more or less true. The Corps of Engineers' investigation of the relationship between Nugget and Spencer Rock Products does not make any fact relating to the actual relationship any more or less true.  The interaction between Nugget and Spencer Rock

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106    Fax: (907) 258-5519

*U.S. ex rel. North Star et al. v. Nugget Construction et al.*
Case No. 3:98-cv-00009-TMB
REPLY TO Nugget's Motion in Limine Respecting Letter From
Corps of Engineers Administrative Contracting Officer
Thomas A. Johnson,  P.E. and Related Testimony -- Page 5 of 8

Product can only be adduced by how they dealt with each other and/or by how they portrayed their relationship to third-parties.  What those third-parties represented to Nugget and/or Spencer Rock Products does not alter or affect the proof of the Nugget – Spencer Rock Product relationship.

Therefore, a Corps of Engineers out of court statement expressing its opinions regarding the relationship between Nugget and Spencer Rock Products is irrelevant at best, and certainly is hearsay, as its only relevant purpose would be to prove the truth of the matters asserted therein.

Finally, North Star argues that the letter, even if deemed to contain hearsay, can be admitted under the business or public records exceptions.  There are several reasons why these exceptions are inapplicable.  It would seem highly unlikely that the Corps of Engineers makes it a regular part of its business to send ill-founded opinions regarding its contracting partner's relationship with one of its suppliers; rather, this letter arises under the specter of looming litigation.  *Timberlake Construction v. U.S. Fidelity and Guaranty Co.,* 71 F.3d 335, 342 (10th Cir. 1995) (documents produced with possible litigation motives not susceptible to business records exception).  Moreover, there is little to commend the letter's indicia of reliability, given Mr. Johnson utter lack of personal knowledge regarding the events described in the letter.  Thus, the letter does not fall within the business or public records exceptions of FRE 803 (6) or (8), and, even if it did, the opinions contained therein remain precluded by FRE 701.

## III.    CONCLUSION

Based on the foregoing, the court should grant Nugget's Motion in Limine and preclude North Star from introducing into evidence the Corps of Engineers letter dated

*U.S. ex rel. North Star et al. v. Nugget Construction et al.*
Case No. 3:98-cv-00009-TMB
REPLY TO Nugget's Motion in Limine Respecting Letter From
Corps of Engineers Administrative Contracting Officer
Thomas A. Johnson,  P.E. and Related Testimony -- Page 6 of 8

**OLES MORRISON RINKER & BAKER** LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska  99501-2136
Tel: (907) 258-0106    Fax: (907) 258-5519

1    August 26, 1997 and/or any of the statements or opinions offered therein or similar

2    thereto.

3        Dated:  July 11, 2007            OLES MORRISON RINKER & BAKER LLP
                                          Attorneys for Nugget Construction Inc. and
4                                         United States Fidelity and Guaranty Co

5                                         By: /s/ Thomas R. Krider

6                                             Traeger Machetanz
                                              machetanz@oles.com
7                                             Alaska Bar No. 8411127
                                              Thomas R. Krider
8                                             krider@oles.com
                                              Washington Bar No. 29490
9                                             745 West 4th Ave., Suite 502
                                              Anchorage, AK 99501
10                                            Phone: (907) 258-0106
                                              Fax:  (907) 258-5519
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

*U.S. ex rel. North Star et al. v. Nugget Construction et al.*
Case No. 3:98-cv-00009-TMB
REPLY TO Nugget's Motion in Limine Respecting Letter From
Corps of Engineers Administrative Contracting Officer
Thomas A. Johnson,  P.E. and Related Testimony -- Page 7 of 8

**OLES MORRISON RINKER & BAKER LLP**
745 West Fourth Avenue, Suite 502
Anchorage, Alaska  99501-2136
Tel:  (907) 258-0106    Fax:  (907) 258-5519

1

## CERTIFICATE OF SERVICE

2   I hereby certify that on this 11th day of July, 2007, a
    true and correct copy of the foregoing was served
3   electronically on:

4

5   David W. Pease
    dwp@bpk.com
6   Burr, Pease & Kurtz
    810 N Street
7   Anchorage, AK  99501

    Steven J. Shamburek, Esq.
8   shamburek@gci.net
    Law Office of Steven J. Shamburek
9   425 G Street, Suite 630
    Anchorage, AK  99501-5872
10
    Herbert A. Viergutz, Esq.
11  barmar@gci.net
    Barokas Martin & Tomlinson
12  1029 West Third, Suite 280
    Anchorage, AK 99501
13

14  **Served by mail on:**

15  Robert LaPore
    P.O. Box 640030
16  Beverly Hills FL 34464

17  OLES MORRISON RINKER & BAKER LLP

18  By: /s/ Thomas R. Krider

19  P-TRK Reply MOT in limine re Johnson COE 071307 993100002.doc

20

21

22

23

24

25

*U.S. ex rel. North Star et al. v. Nugget Construction et al.*
Case No. 3:98-cv-00009-TMB
REPLY TO Nugget's Motion in Limine Respecting Letter From
Corps of Engineers Administrative Contracting Officer
Thomas A. Johnson,  P.E. and Related Testimony -- Page 8 of 8

**OLES MORRISON RINKER & BAKER LLP**
745 West Fourth Avenue, Suite 502
Anchorage, Alaska  99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519