Traeger Machetanz, Esq.
Thomas R. Krider, Esq.
OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501
Phone: 907-258-0106
Fax: 907-258-5519

Attorneys for Nugget Construction Co.
Inc. and USF&G, Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a NORTHERN STEVEDORING & HANDLING, and NORTH STAR TERMINAL & STEVEDORING COMPANY, d/b/a Northern Stevedoring & Handling, on its own behalf,<br><br>    Plaintiff,<br><br>and<br><br>UNITED STATE OF AMERICA for the use of SHORESIDE PETROLEUM INC., d/b/a Marathon Fuel Service, and SHORESIDE PETROLEUM INC., d/b/a Marathon Fuel Service, on its own behalf,<br><br>    Intervening Plaintiffs,<br><br>and<br><br>METCO, INC.,<br><br>    Intervening Plaintiff,<br><br>vs.<br><br>NUGGET CONSTRUCTION INC.; SPENCER ROCK PRODUCTS INC.; UNITED STATES FIDELITY AND GUARANTY COMPANY; and ROBERT A. LAPORE,<br><br>    Defendants. | No. 3:98-cv-00009-TMB<br><br><u>REPLY TO NUGGET'S MOTION IN LIMINE RE: FUNDS WITHHELD FROM SPENCER</u> |

## I. INTRODUCTION

Nugget seeks an order from the court precluding North Star from characterizing the withholding of funds from Spencer Rock Products during the course of the project from being referred to during trial as "improper," "wrongful," or to in any way imply that such a withholding was somehow nefarious. Nugget does not dispute that it withheld funds from Spencer Rock Products as a result of the costs Nugget incurred in supporting Spencer Rock Products' performance of its Material Contract (and in overcoming deficiencies in the rock supplied by Spencer Rock Products). Nugget also does not dispute that the fact that Spencer Rock Products was not entitled to additional payment under its Material Contract may be relevant in explaining why Spencer Rock Products breached its contract with North Star. However, as established in its Motion, Nugget was legally entitled, by contract and by law, to withhold funds from Spencer Rock Products. Because Nugget was entitled to withhold funds from Spencer Rock Product, it would improperly bias the jury for North Star to be unabashedly allowed to incorrectly state that Nugget was wrong in withholding those funds. That Nugget legitimately withheld these funds is borne out by one simple fact: when Nugget and Spencer Rock Products settled their State Court lawsuit arising from the project, Spencer Rock Products paid Nugget (in cash and in goods) sums in addition to the amounts previously withheld by Nugget. Thus, even Spencer Rock Products will have to admit that the funds Nugget withheld were appropriate, and therefore, Nugget's motion should be granted.

*U.S. ex rel. North Star et al. v. Nugget Construction et al.*
Case No. 3:98-cv-00009-TMB
UREPLY TO Nugget's Motion in Limine re: Funds Withheld from SpencerU -- Page 2 of 7

## II. ARGUMENT

### A. The Corps Of Engineers' Determination Of Spencer Rock Products' Status Is Irrelevant To The Issues Left To Be Tried In This Case.

In its Opposition to Nugget's Motion, North Star takes the inexplicable position of attempting to reopen the question of whether Spencer Rock Products was a subcontractor or a supplier to Nugget. Although in footnote 7 of the Opposition North Star acknowledges that the Ninth Circuit has already made this determination, it goes on to suggest that the issue was improperly argued to the appellate court by stating that the court did not take into account all of the relevant factors; as if this failing either (1) alters the court's ultimate conclusion and the law of this case, or (2) is not North Star's responsibility alone.

Moreover, given that the Ninth Circuit has definitively determined that Spencer Rock Products was a supplier, it is of no relevance whether the Corps of Engineers thought otherwise during the project. The Corps of Engineers' purported belief that Spencer Rock Products was a subcontractor has no bearing on the question of whether Nugget is responsible to North Star on its federal implied contract or state law theories, as those claims turn on the nature and extent of Nugget's control over Spencer Rock Product as its <u>supplier</u>, which was the central issue before the court.

### B. North Star's Interpretation Of The Prompt Payment Act Is Incorrect.

North Star's sole premise for the position that Nugget was wrongful in withholding funds from Spencer Rock Products is based on its belief that the Corps of Engineers would not, and could not, have continued to pay Nugget when Nugget was withholding funds from Spencer Rock Products if Spencer Rock Products was a supplier, instead of a subcontractor. At the outset, this is not North Star's argument to make; it was

*U.S. ex rel. North Star et al. v. Nugget Construction et al.*
Case No. 3:98-cv-00009-TMB
UREPLY TO Nugget's Motion in Limine re: Funds Withheld from SpencerU -- Page 3 of 7

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

Spencer Rock Products' argument that it released when it settled with Nugget. More importantly, North Star's argument is based on an erroneous reading of the Prompt Payment Act, 31 U.S.C. §3901, *et seq.*, and the contract documents. Specifically, North Star relies on §3905 (d) to argue that a prime contractor can only withhold funds from a subcontractor. Because North Star's reading of the statute is incorrect, it is left with no other basis for asserting that Nugget's actions in withholding funds were wrongful.

North Star cites no legal authority for the proposition that a prime contractor cannot withhold funds from a supplier for which the prime contractor has incurred costs associated with the supplier's breach. Nugget has also found no such authority for this proposition, but such a narrow reading belies common sense, and is not compatible with other provisions of the Act. Moreover, it is inconsistent with the Corps of Engineers own interpretation of the statute, as reflected by the Corps of Engineers' decision to continue releasing payments to Nugget following notice from Spencer Rock Products of Nugget's withholding.

In §3905 (b), the Act requires the prime contactor to include certain clauses in its contracts "entered into by the prime contactor and a subcontractor <u>(including a material supplier)</u> for the purposes of performing such construction contract – " (emphasis added). The operative section cited by North Star (§3905 (d)), states that "[t]he clauses required by subsection (b) and (c) of this section shall not be construed to impair the right of the prime contractor or subcontractor at any tier to negotiate, and to include in their subcontract," provisions that allow for the withholding of funds for non-performance. Under North Star's reading of the provision, the court must ignore the parenthetical in paragraph (b), broadening the definition of subcontractor to include material supplier, when reading paragraph (d). This is not a reasonable or logical

*U.S. ex rel. North Star et al. v. Nugget Construction et al.*
Case No. 3:98-cv-00009-TMB
UREPLY TO Nugget's Motion in Limine re: Funds Withheld from SpencerU -- Page 4 of 7

reading of the statute, as it renders the parenthetical meaningless in the overall context of the Act. Such an interpretation would create a situation where the prime contractor would have a remedy against a subcontractor in breach, but not a supplier. Nothing in the Act supports this result.

Importantly, that the definition of "subcontractor" includes "material suppliers" is confirmed by the interpretation adopted in the Federal Acquisition Regulations ("FAR") relating to subcontracting policies and procedures used by the Corps of Engineers. Specifically, the FAR defines "subcontractor" as including "any supplier, distributor, vendor, or firm that furnishes supplies … to or for a prime contractor." 48 CFR Part 44.101. The FAR also includes the implementing clauses for the Prompt Payment Act for incorporation into federal contracts. 48 CFR Parts 32.908, 52.231-27. Thus, the contract clause cited by North Star in its Opposition is based on the FAR, which defines "subcontract" as inclusive of suppliers. This means Nugget's withholding of funds from Spencer Rock Products was done in accordance with the Prompt Payment Act, as implemented by the FAR, and was not wrongful.

The Support Agreement between Nugget and Spencer Rock Products comports with the requirements of paragraph (d), and as such, is completely proper within the strictures of the Prompt Payment Act. Moreover, it is consistent with ordinary breach of contract principles reflected in Nugget's cited cases decided prior to the Prompt Payment Act.

### III.   CONCLUSION

North Star's ill-conceived attempt to reopen the subcontractor vs. material supplier issue merely demonstrates how desperate North Star is to mischaracterize Nugget's actions in dealing with Spencer Rock Products. There can be little doubt that

*U.S. ex rel. North Star et al. v. Nugget Construction et al.*
Case No. 3:98-cv-00009-TMB
UREPLY TO Nugget's Motion in Limine re: Funds Withheld from SpencerU -- Page 5 of 7

North Star intends to create mischief with its attempts to improperly characterize Nugget's actions as nefarious. This is precisely the type of mischief that FRE 403 is intended to preclude, as North Star's only purpose is to inflame the jury into deciding this case on a basis other than what the facts will demonstrate, or what the law forbids. As such, Nugget's Motion should be granted.

Dated:  July 12, 2007

OLES MORRISON RINKER & BAKER LLP
Attorneys for Nugget Construction Inc. and
United States Fidelity and Guaranty Company

By: /s/ Thomas R. Krider
Traeger Machetanz
machetanz@oles.com
Alaska Bar No. 8411127
Thomas R. Krider
Washington Bar No. 29490
745 West 4th Ave., Suite 502
Anchorage, AK 99501
Phone: (907) 258-0106
Fax:  (907) 258-5519

*U.S. ex rel. North Star et al. v. Nugget Construction et al.*
Case No. 3:98-cv-00009-TMB
UREPLY TO Nugget's Motion in Limine re: Funds Withheld from SpencerU -- Page 6 of 7

CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of July, 2007, a true and correct copy of the foregoing was served electronically on:

David W. Pease
dwp@bpk.com
Burr, Pease & Kurtz
810 N Street
Anchorage, AK 99501

Steven J. Shamburek, Esq.
shamburek@gci.net
Law Office of Steven J. Shamburek
425 G Street, Suite 630
Anchorage, AK 99501-5872

Herbert A. Viergutz, Esq.
barmar@gci.net
Barokas Martin & Tomlinson
1029 West Third, Suite 280
Anchorage, AK 99501

**Served by mail on:**

Robert LaPore
P.O. Box 640030
Beverly Hills FL 34464

OLES MORRISON RINKER & BAKER LLP


By: /s/ Thomas R. Krider

P-BJW 104 MOT in limine re Spencer funds withheld 060607 993100002

*U.S. ex rel. North Star et al. v. Nugget Construction et al.*
Case No. 3:98-cv-00009-TMB
UREPLY TO Nugget's Motion in Limine re: Funds Withheld from SpencerU -- Page 7 of 7

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519