Traeger Machetanz, Esq.
Thomas R. Krider, Esq.
OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501
Phone: 907-258-0106
Fax: 907-258-5519

Attorneys for Nugget Construction Co.
Inc. and USF&G, Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a NORTHERN STEVEDORING & HANDLING, and NORTH STAR TERMINAL & STEVEDORING COMPANY, d/b/a Northern Stevedoring & Handling, on its own behalf, <br><br> Plaintiff, <br><br> and <br><br> UNITED STATE OF AMERICA for the use of SHORESIDE PETROLEUM INC., d/b/a Marathon Fuel Service, and SHORESIDE PETROLEUM INC., d/b/a Marathon Fuel Service, on its own behalf, <br><br> Intervening Plaintiffs, <br><br> and <br><br> METCO, INC., <br><br> Intervening Plaintiff, <br><br> vs. <br><br> NUGGET CONSTRUCTION INC.; SPENCER ROCK PRODUCTS INC.; UNITED STATES FIDELITY AND GUARANTY COMPANY; and ROBERT A. LAPORE, <br><br> Defendants. | No. 3:98-cv-00009-TMB <br><br><br> <u>REPLY TO NUGGET'S MOTION IN LIMINE RESPECTING CLAIMS BY AND/OR SETTLEMENT WITH SECOND-TIER VENDORS</u> |

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

## I. **INTRODUCTION**

Plaintiff North Star seeks the introduction of other project claims (by Metco, Shoreside, and Chugach Rock), as well as the settlements with Metco and Shoreside, in its action against Nugget for amounts unpaid under North Star's contract with Spencer Rock Products, Inc. North Star relies upon tort and criminal cases to justify the introduction of these unrelated claims. Moreover, North Star asserts these unrelated claims are relevant to this action despite the fact that North Star itself has characterized the disputed issues for resolution at trial as follows:

> The issues of fact to be determined are the manner and extent to which Nugget took control of Spencer Rock Products and all of the facts relating to Nugget's actions and inactions. It must also be determined whether Nugget's actions were in some way sufficiently privileged or justified to preclude the imposition of liability against Nugget under federal and state law claims as outlined above. The fact finder will also have to determine if North Star took actions to mitigate its own damages. Issues of applicable attorney's fees and possibly interest will remain for the court to determine in post-trial briefing.[1]

In reality, the evidence relating to third party claims and/or the settlements thereof do nothing to make any of the issues stated above more or less likely true, and North Star simply wants such evidence introduced to suggest to the jury that "they got paid, we should too." That does not make the evidence relevant, nor is it a valid reason for introduction of the unrelated claims. Consequently, Nugget's motion in limine should be granted.

---

[1] Draft Pre-Trial Order (Docket No. 736), erroneously titled "Pretrial brief", at p. 8.

*U.S. ex rel. North Star et al. v. Nugget Construction et al.*
Case No. 3:98-cv-00009-TMB
Reply To Nugget's Motion In Limine
Respecting Claims By And/Or Settlement
With Second-Tier Vendors -- Page 2 of 7

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

## II. **ARGUMENT**

North Star asserts that the claims by other vendors are relevant and that this ends the inquiry into whether the claims are admissible. Nugget's cited authority establishes that courts have been reluctant to find other claims relevant and allow such claims to be admitted at trial.[2] In this case, the claims by other project vendors are not relevant.

It is important to put North Star's desire to introduce the other claims and settlements into context with the claims that remain to be tried in this case. The primary cause of action involves North Star's Miller Act – i.e. Strawman or Telescoping – claim. To prevail on this claim, North Star must prove facts establishing that there was subterfuge or collusion between Nugget and Spencer Rock Products, or that Spencer Rock Products was put into place to insulate Nugget from Miller Act liability. *Fidelity & Deposit Co. of Md. V. Harris*, 360 F.2d 402, 410 (9th Cir. 1966). The other claims and settlement do not make this cause of action more or less likely to be true, and therefore, are irrelevant.

North Star also has a claim for an express contract between it and Nugget. However, in the Court's Order Disposing of Parties' State Law Summary Judgment Motions ("Order") (Docket No. 636), the Court held that this issue was tied to plaintiff's agency claim and stated that "the viability of Plaintiffs express contract claim against Nugget depends on Nugget's relationship with Spencer." Order p. 6-7. With regard to North Star's implied-in-fact contract claims, here again, the Court held that the pertinent issue was the relationship between Nugget and Spencer Rock Products and Nugget's

*U.S. ex rel. North Star et al. v. Nugget Construction et al.*
Case No. 3:98-cv-00009-TMB
Reply To Nugget's Motion In Limine
Respecting Claims By And/Or Settlement
With Second-Tier Vendors -- Page 3 of 7

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

interaction with the individual plaintiff (certainly an implied-in-fact contract between Nugget and North Star cannot be dependent on Nugget's interaction with other claimants). *Id.* at 8-9.

With regard to North Star's unjust enrichment, quasi contract and quantum meruit claims, the Court found that these claims "depend on the relationship between Nugget and Spencer. The nature of that relationship, in turn, depends upon the extent of the alleged subterfuge and collusion between Nugget and Spencer." *Id.* at 19. Similarly, the Court held that North Star's claims for equitable subordination and constructive trust turned on the alleged subterfuge and collusion between Nugget and Spencer. *Id.* at 20.

Finally, North Star's last claim alleges that Nugget tortiously interfered with North's Star's contractual relationship with Spencer Rock Products. There is no way that the existence of other claimants against Spencer Rock Products can be relevant to this cause of action.

North Star does not articulate how the fact that Spencer Rock Products did not pay its other vendors, or that Nugget settled with two of those vendors, is relevant to the issues left to be tried. A close reading of the Court's Order indicates that North Star cannot make such a showing, because in each instance, it is the nature of the relationship between Nugget and Spencer Rock Products that matters, not their interactions with anyone other than North Star. Instead, North Star essentially asserts the other vendor claims are relevant because such claims show a "pattern of conduct." However, this is not relevant to the issue of whether Nugget assumed control over Spencer Rock Products. The fact that Spencer did not pay certain vendors, resulting in

---

[2] See Nugget motion p. 3 and cases cited therein.

claims by those vendors against Spencer Rock Products and Nugget is completely irrelevant to the relationship between Nugget and Spencer Rock Products.[3] Given the causes of action left to be tried and the factual inquiry required to sustain those causes of action, North Star cannot establish that the existence of other claims or the settlement of other claims are relevant in this case.

Furthermore, even if North Star could, establishing relevance is only the first stage of the inquiry into admissibility. FRE 403 provides in part "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. . ."

North Star relies on *United States v. Skillman*, 922 F.2d 1370 (9th Cir. 1990), a criminal case, to support its position that introduction of other vendor claims are not highly prejudicial to Nugget in this case. In *Skillman*, the evidence at issue, *i.e.*, that defendant associated with racists, was clearly relevant to (a) establish Skillman's racial animus when a hate crime was the charge against Skillman and (b) rebut Skillman's defense that he was merely an innocent bystander. In contrast, the elements involved in North Star's current claims are wholly unrelated to Nugget's state of mind *vis a vis* the second tier vendors.[4]

---

[3] North Star cites *Julander v Ford Motor Co.*, 701 F.2d 1189 (7th Cir., 1983) in support of its position but Julander is easily distinguishable. *Julander* was a tort action and the court found relevancy of other accidents because "evidence of 'other accidents' is sometimes admissible to prove primary negligence . . . " *Id.* at 846-47. In contrast, this is not a tort case and other vendor claims do nothing to prove the elements of any of North Star's remaining claims.

[4] Compare the relevance with the other claims evidence in *Yellow Bayou Plantation, Inc. v. Shell Chemical, Inc.* 491 F.2d 1239 (5th Cir. 1974). Even though the other claims may have been relevant to the issue of defendant's knowledge of the ineffectiveness of its product in connection with plaintiff's misrepresentation claim, the court excluded the evidence of other claims as unduly prejudicial. *Id.* at 1242-43. In this case, there is even stronger reason to exclude the other claims since such claims are relevant to absolutely nothing.

*U.S. ex rel. North Star et al. v. Nugget Construction et al.*
Case No. 3:98-cv-00009-TMB
Reply To Nugget's Motion In Limine
Respecting Claims By And/Or Settlement
With Second-Tier Vendors -- Page 5 of 7

Finally, North Star admits that evidence of settlements may be precluded if there is no purpose for introducing them other than to prove liability and insinuates that there is some other purpose for which it should be allowed to use the evidence. However, North Star then fails to provide any example of another valid purpose for introducing the evidence, and provides no exception to this general rule that would allow admission of the second tier vendors' settlements with Nugget and its surety. Indeed, there can be no other purpose than to prove liability. Because the settling of certain claims does not make any of North Star's causes of action more or less likely, North Star's only purpose for introducing such evidence would be to inflame the jury or to persuade the jury to decide the issue based on bias and not on the law and facts presented, and precisely for this reason, the settlements should be precluded.

### III.   CONCLUSION

For the reasons set forth above and as set forth in Nugget's original moving papers, Nugget's motion in limine should be granted in its entirety.

Dated: July 12, 2007

OLES MORRISON RINKER & BAKER LLP
Attorneys for Nugget Construction Inc. and
United States Fidelity and Guaranty Co


By: /s/ Thomas R. Krider
    Traeger Machetanz
    machetanz@oles.com
    Alaska Bar No. 8411127
    Thomas R. Krider
    krider@oles.com
    Washington Bar No. 29490
    745 West 4th Ave., Suite 502
    Anchorage, AK 99501
    Phone: (907) 258-0106
    Fax:  (907) 258-5519

*U.S. ex rel. North Star et al. v. Nugget Construction et al.*
Case No. 3:98-cv-00009-TMB
Reply To Nugget's Motion In Limine
Respecting Claims By And/Or Settlement
With Second-Tier Vendors -- Page 6 of 7

CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of July, 2007, a true and correct copy of the foregoing was served electronically on:

David W. Pease
dwp@bpk.com
Burr, Pease & Kurtz
810 N Street
Anchorage, AK  99501

Steven J. Shamburek, Esq.
shamburek@gci.net
Law Office of Steven J. Shamburek
425 G Street, Suite 630
Anchorage, AK  99501-5872

Herbert A. Viergutz, Esq.
barmar@gci.net
Barokas Martin & Tomlinson
1029 West Third, Suite 280
Anchorage, AK 99501

**Served by mail on:**

Robert LaPore
P.O. Box 640030
Beverly Hills FL 34464


OLES MORRISON RINKER & BAKER LLP


By: /s/ Thomas R. Krider


P-TM Nugget Reply re 2nd-tier Claims 071107 993100002

*U.S. ex rel. North Star et al. v. Nugget Construction et al.*
Case No. 3:98-cv-00009-TMB
Reply To Nugget's Motion In Limine
Respecting Claims By And/Or Settlement
With Second-Tier Vendors  -- Page 7 of 7

**OLES MORRISON RINKER & BAKER LLP**
745 West Fourth Avenue, Suite 502
Anchorage, Alaska  99501-2136
Tel: (907) 258-0106    Fax: (907) 258-5519