David W. Pease
BURR, PEASE & KURTZ
810 N Street, Suite 300
Anchorage, AK  99501-3293
Telephone:     (907) 276-6100
Fax No.:        (907) 258-2530
Attorneys for North Star

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a Northern Stevedoring & Handling, and NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a Northern Stevedoring & Handling, on its own behalf, <br><br> Plaintiffs, <br> and <br><br> UNITED STATES OF AMERICA for the use of SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Services, and SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Services, on its own behalf, <br><br> Intervening Plaintiffs, <br> and <br><br> METCO, INC., <br><br> Intervening Plaintiff, <br> vs. <br><br> NUGGET CONSTRUCTION, INC.; SPENCER ROCK PRODUCTS, INC.; UNITED STATES FIDELITY AND GUARANTY COMPANY; and ROBERT A. LAPORE, <br><br> Defendants. | Case No. A98-009 CIV (TMB) <br><br> **NORTH STAR'S LIMITED OPPOSITION TO NUGGET'S MOTION IN LIMINE RESPECTING PUNITIVE DAMAGES CLAIMS** |

### I.    INTRODUCTION

Plaintiff North Star Terminal & Stevedore Company ("North Star"), by and through

North Star's Limited Oppo to Nugget's Mtn in Limine re Punitive Damages
North Star v. Nugget Construction, et al., Case No. A98-009 CV
Page 1 of 5                                                          45-40/ # 91077

counsel, hereby files its limited opposition to Nugget's Motion in Limine Respecting Punitive

Damages Claims.  While evidence of Nugget's financial status may be irrelevant as to sole issue

of liability for punitive damages, it can be admitted if relevant for another purpose.  The motion

should therefore be granted as to evidence of Nugget's financial condition to determine liability

for punitive damages, but denied to the extent that Nugget seeks to preclude any evidence

regarding its financial condition for any relevant reason.

     II.    ARGUMENT

Nugget correctly states the standard for punitive damages liability, citing *Sturm, Roger &*

*Co., Inc. v. Day*, 594 P.2d 38, 46 (Alaska 1979).  However, Nugget's motion seems to be

premised upon the assertion that its financial condition can only be relevant to prove liability for

punitive damages.  This is a narrow and limited reading of the relevance of evidence regarding a

defendant's financial status or condition.

While it may be accurate that the evidence of Nugget's financial condition may not be

relevant to determine liability for punitive damages, that does not mean the evidence should be

excluded.  Alaska law in effect at the time when conduct giving rise to punitive damages

occurred did not provide for a bifurcated trial.  Alaska Civil Pattern Jury Instruction 20.20, which

governs tort claims arising after June 11, 1986 but before August 7, 1997, the relevant period for

this case, specifically provides for instructing the jury as to the financial status of the defendant:

> The law provides no fixed measure as to the amount of such damages, but leaves
> it to you to decide an amount that will fairly accomplish the purposes of
> punishment and deterrence.  In assessing such damages you may consider the
> magnitude and flagrancy of the defendant's offense, the importance of the policy
> violated, the wealth of the defendant, and the amount of compensatory damages.

Thus, if pattern instructions are deemed to be an accurate statement of the law in effect for the

jurisdiction, then the jury *may* hear evidence regarding Nugget's financial condition.  This is in

North Star's Limited Oppo to Nugget's Mtn in Limine re Punitive Damages
North Star v. Nugget Construction, et al., Case No. A98-009 CV
Page 2 of 5          45-40/ # 91077

direct contrast with the post-Tort Reform instruction, which explicitly prohibits an instruction on determining the amount of punitive damages in the same phase as when a jury determines liability. *See* Alaska Civ. Pattern Jury Instr. No. 20.20A.[1]

Evidence of financial interest or condition can be admitted if relevant for purposes other than punitive damages liability. By way of analogy, both Fed. R. Evid. 411 and Alaska R. Evid. 411 prohibit evidence of a liability insurance policy if introduced for the purpose of showing liability, but permit such evidence if introduced to show "proof of agency, ownership, or control, or bias or prejudice of a witness." In *Sever v. Alaska Pulp Corp.*,[2] the court bifurcated the trial to determine liability for punitive damages and the amount of the award. At dispute in the case was a mill employee's testimony before Congress regarding timber harvesting in the Tongass National Forest. His testimony was seen as detrimental to the mill where he was employed and, after working for a time for another employer, he was denied reinstatement to his position at the mill. In bifurcating, however, the superior court explicitly allowed that in the first stage of the trial, "information about the separate financial interests of the defendants in the Tongass [would] be admitted, if relevant."[3]

Based on the pattern instruction, the other relevant purpose in this case would be to

---

[1] The final paragraph of that instruction provides:

At this time, you must only decide whether the plaintiff has proved by clear and convincing evidence that punitive damages should be awarded. You should not discuss the amount of a punitive damage award at this time, or make any decision about the amount of a punitive damage award. Before you make a decision about the amount of any punitive damage award, I will instruct you on how to determine the amount of the punitive damages award.

[2] 931 P.2d 354 (Alaska 1996).

[3] *Id.* at 361.

North Star's Limited Oppo to Nugget's Mtn in Limine re Punitive Damages
North Star v. Nugget Construction, et al., Case No. A98-009 CV
Page 3 of 5                                                                                           45-40/ # 91077

determine the amount of the punitive damages award. Nugget cites to *Pluid v. B.K.*[4] for the proposition that it is not necessary to introduce evidence of a defendant's wealth in order to determine the amount of a punitive damages award. This misreads the *Pluid* case. In *Pluid*, the Alaska Supreme Court held that it was proper to determine the amount of a punitive damages award despite the fact that no evidence of a defendant's wealth was admitted.[5] This was especially true where the party complaining of the lack of evidence of wealth happened to be the party in control of that evidence – the defendant.[6] *Pluid* does not say that evidence of wealth is irrelevant to determine punitive damages, but rather that punitive damages may be awarded without such evidence. Other cases clearly establish that evidence of a defendant's wealth is a relevant factor in determining the amount of a punitive damages award. *See Alaskan Village, Inc. v. Smalley*.[7]

### III.    CONCLUSION

North Star agrees with Nugget that evidence of Nugget's financial condition should not be considered to determine if it is liable for punitive damages. However, that does not mean the evidence should be excluded. The jury should consider such evidence in determining the amount of such a punitive damages award, which under the applicable law is a part of the punitive damage instruction. The evidence is therefore admissible.

---

[4] 948 P.2d 981 (Alaska 1997).

[5] *See id.* at 986.

[6] *See id.*

[7] 720 P.2d 945, 949 (Alaska 1986); *see also Norcon, Inc. v. Kotowski*, 971 P.2d 158, 175 (Alaska 1999); Alaska Civil Pattern Jury Instruction No. 20.20.

North Star's Limited Oppo to Nugget's Mtn in Limine re Punitive Damages
North Star v. Nugget Construction, et al., Case No. A98-009 CV
Page 4 of 5                                                                    45-40/ # 91077

Dated:  July 20, 2007.

s/ David W. Pease
Burr, Pease & Kurtz
810 N Street, Suite 300
Anchorage, AK  99501
Telephone:  (907) 276-6100
Fax:  (907) 258-2530
E-mail:  dwp@bpk.com
Alaska Bar # 8706041

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 20, 2007, a copy of
the foregoing Limited Opposition to Nugget's
Motion in Limine Re Punitive Damages Claim
was served electronically on Tom Krider, Steven
S. Shamburek, and Herbert A. Viergutz.

/s David W. Pease

North Star's Limited Oppo to Nugget's Mtn in Limine re Punitive Damages
North Star v. Nugget Construction, et al., Case No. A98-009 CV
Page 5 of 5                                                          45-40/ # 91077