Traeger Machetanz, Esq.
Thomas R. Krider, Esq.
OLES MORRISON RINKER & BAKER, LLP
745 Fourth Avenue, Suite 502
Anchorage, AK  99501-2136
Telephone:  (907) 258-0106
Telecopier:  (907) 258-5519

Attorneys for Nugget Construction Co.,
Inc., and USF&G, Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a NORTHERN STEVEDORING & HANDLING, and NORTH STAR TERMINAL & STEVEDORE COMPANY, d/b/a Northern Stevedoring & Handling, on its own behalf, <br><br>   Plaintiffs, <br> and <br><br>UNITED STATES OF AMERICA for the use of SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Service, and SHORESIDE PETROLEUM, INC., d/b/a Marathon Fuel Service, on its own behalf, <br><br>   Intervening Plaintiffs, <br> and <br><br>METCO, INC., <br><br>   Intervening Plaintiff, <br><br> vs. <br><br>NUGGET CONSTRUCTION, INC.; SPENCER ROCK PRODUCTS, INC.; UNITED STATES FIDELITY AND GUARANTY COMPANY; and ROBERT A. LAPORE, <br><br>   Defendants. | No. A98-009 CIV (TMB) <br><br><u>NUGGET'S REPLY IN SUPPORT OF MOTION IN LIMINE RESPECTING PUNITIVE DAMAGES CLAIMS</u> |

## I. INTRODUCTION

In support of its Motion in Limine Respecting Punitive Damages Claims, Nugget Construction Company ("Nugget") hereby replies to North Star's Limited Opposition to Nugget's Motion in Limine Respecting Punitive Damages Claims. North Star concurs that evidence of Nugget's financial condition is not relevant to determining liability for punitive damages, but contends that it may be admitted for other relevant purposes. However, North Star does not answer the question: to what other purposes such evidence may be relevant as to the question of liability? Absent some other legitimate purpose, North Star should not be allowed to present evidence of Nugget's financial position during the liability phase of this trial, as it would be highly prejudicial to Nugget to allow the jury to have that information during its liability deliberations. If North Star believes such evidence is critical to establish the amount of punitive damages to be awarded, that question should be bifurcated and determined only if the jury finds in favor of North Star on this issue. Otherwise, the court should grant the motion and enter an order excluding evidence of Nugget's financial condition from the trial.

## II. ARGUMENT

North Star acknowledges that it is "accurate that the evidence of Nugget's financial condition may not be relevant to determine liability for punitive damages." North Star's Opposition at 2. North Star goes on to argue that "[e]vidence of financial interest or condition can be admitted if relevant for purposes other than punitive damages liability." *Id.* at 3, relying on *Sever v. Alaska Pulp Corporation*, 931 P.2d 354 (Alaska 1996).

While it is true that in *Sever* the court held that such evidence "[would] be admitted, if relevant," *Id.* at 361, it gave no examples of a purpose for which it would be

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (TMB)
Nugget's Reply in Support of Motion in Limine
Respecting Punitive Damages Claims -- Page 2 of 6

**OLES MORRISON RINKER & BAKER LLP**
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

relevant, other than determining the amount of a punitive damages award. Moreover, North Star fails to articulate any basis under which Nugget's financial status is relevant. Therefore, the only purpose for introducing it prior to a determination of liability for punitive damages would be to improperly influence the jury's determination of liability.

More importantly, *Sever* demonstrates that the trial court, under the punitive damages standard applicable to this case, has the authority to bifurcate the trial if, in its discretion, doing so is appropriate. It is generally within the discretion of the trial court to decide whether to bifurcate a trial, and the decision is subject to review only for abuse of discretion. *A.M. v. State*, 891 P.2d 815, 828 (Alaska 1995). Therefore, North Star's assertion that "Alaska law in effect at the time when conduct giving rise to punitive damages occurred did not provide for a bifurcated trial" is erroneous. Admittedly, Alaska Civil Pattern Jury Instruction 20.20 does not expressly provide for bifurcating a trial to determine liability and amount of punitive damages separately (as does current Alaska Civ. Pattern Jury Instruction 20.20A). However, there is nothing to prohibit the court from bifurcating the trial to allow the jury to determine liability for punitive damages separately from the amount of the punitive award.

North Star also contends that Nugget "misreads" *Pluid v. B.K.*, 948 P.2d 981 (Alaska 1997) as supporting the proposition that a jury may appropriately assess punitive damages without having heard evidence of a defendant's financial condition. North Star's Opposition at 4. Interesting, in the next sentence, North Star contradicts itself by admitting that the court "held that it was proper to determine the amount of a punitive damages award despite the fact that no evidence of a defendant's wealth was admitted." *Id*. The point to be taken from *Pluid* is that for purposes of assessing punitive damages, evidence of a party's financial condition, though relevant, is not

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (TMB)
Nugget's Reply in Support of Motion in Limine
Respecting Punitive Damages Claims -- Page 3 of 6

indispensable. It is of no prejudice to the party seeking punitive damages for the jury to remain uninformed of the defendant's financial status while determining if that defendant's conduct warrants a punitive award. Thus, if North Star insists that the issue regarding the amount of punitive damages not be bifurcated, there is no prohibition to simply disregarding the evidence entirely. Such action would be entirely appropriate in this case, where it is of potentially great prejudice for the jury to hear evidence that may cause it to perceive the defendant as a "deep pocket" before determining whether its conduct met the standard for liability.

### III.    CONCLUSION

North Star agrees that evidence of Nugget's financial condition cannot be considered to determine liability for punitive damages, while contending that such evidence should be admitted not only to determine the amount of a punitive award, but also for other purposes to which it may be relevant. In this case, the only issue to which evidence of Nugget's financial condition may be relevant is the amount of punitive damages, but only if Nugget is found to be liable for them. Until the jury has so determined, the evidence is irrelevant and inadmissible. The court in this situation has two logical alternatives: either (1) bifurcate the trial so that the jury would decide all liability issues, including liability for punitive damages, and non-punitive damages in the first phase and assess the amount of punitive damages in the second phase (during which evidence of Nugget's finances could be introduced) if Nugget has been found liable for punitive damages in the first phase or (2) exclude the evidence from a non-bifurcated trial. Excluding the evidence from a non-bifurcated trial is the only way to ensure that the jury decides the issue of punitive damages liability without improperly considering Nugget's finances. Allowing the jury to hear the evidence in the second

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (TMB)
Nugget's Reply in Support of Motion in Limine
Respecting Punitive Damages Claims -- Page 4 of 6

phase of a bifurcated trial would ensure that it would be used only to decide the issue to which it is relevant and would not taint the jury's decision making process with regard to issues to which it is not relevant.

Dated:  July 30, 2007

OLES MORRISON RINKER & BAKER LLP
Attorneys for Nugget Construction, Inc., and
United States Fidelity and Guaranty Co.

By:    /s/ Thomas R. Krider
Traeger Machetanz
Machetanz@oles.com
Alaska Bar No. 8411127
Thomas R. Krider
Washington Bar No. 29490
745 West 4th Ave., Suite 502
Anchorage, AK 99501
Phone: (907) 258-0106
Fax: (907) 258-5519

P-BJW Reply MOT in limine re Respecting Pun Dam (final) 073007 993100002.doc

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (TMB)
Nugget's Reply in Support of Motion in Limine
Respecting Punitive Damages Claims -- Page 5 of 6

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of July, 2007, a true and correct copy of the foregoing was served electronically on:

David W. Pease
dwp@bpk.com
Burr, Pease & Kurtz
810 N Street
Anchorage, AK  99501

Steven J. Shamburek, Esq.
shamburek@gci.net
Law Office of Steven J. Shamburek
425 G Street, Suite 630
Anchorage, AK  99501-5872

Herbert A. Viergutz, Esq.
barmar@gci.net
Barokas Martin & Tomlinson
1029 West Third, Suite 280
Anchorage, AK 99501

**Served by mail on:**

Robert LaPore
P.O. Box 640030
Beverly Hills FL 34464

OLES MORRISON RINKER & BAKER LLP


By: /s/ Thomas R. Krider

*U.S. ex rel. North Star, et al. v. Nugget Construction, et al.*
Case No. A98-009 CIV (TMB)
Nugget's Reply in Support of Motion in Limine
Respecting Punitive Damages Claims -- Page 6 of 6

**OLES MORRISON RINKER & BAKER LLP**
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106    Fax: (907) 258-5519